IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al., | No. C 99-02506 SI |
| Plaintiffs, | **ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL FURTHER TESTIMONY** |
| v. | |
| CHEVRONTEXACO CORP., et al., | |
| Defendants. | |

By letter briefs, the parties bring before the Court a discovery dispute in this matter.[1] Plaintiffs seek to compel further testimony from defendants under Federal Rule of Civil Procedure 30(b)(6). For the following reasons, the Court GRANTS IN PART plaintiffs' motion.

**DISCUSSION**

Federal Rule of Civil Procedure 30(b)(6) allows a party to take the deposition of a corporation. Under the rule, the propounding party must "describe with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). The corporation must then designate one or more individuals to testify on its behalf. *Id.* The corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition. *See In re Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172 (D.D.C. 2003). A 30(b)(6) witness, however, is not required to answer questions outside the scope of the matters described in the notice. *See King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995).

---

[1] Plaintiffs filed their opening brief on January 19, 2006 (Docket No. 889). Defendants responded by letter brief dated January 25, 2005 (Docket No. 898). These briefs were filed as replacements to the original briefing on this dispute, which was submitted in early December 2005 (Docket Nos. 782, 791).

Plaintiffs in this case noticed 30(b)(6) depositions of Chevron Corporation ("Chevron") and Chevron Nigeria Limited ("CNL") in which they described a number of general topics to be covered. In response, Chevron and CNL produced as witnesses Jim Simpson and Godfrey Etikerentse, respectively. Plaintiffs now move to compel further testimony from Chevron and CNL, arguing that neither witness could sufficiently answer questions on the topics described in the 30(b)(6) notice.

**1.      Godfrey Etikerentse**

Etikerentse was formerly a general counsel to CNL. CNL produced Etikerentse to testify about a number of topics concerning CNL and its operations in Nigeria. Plaintiffs assert that Etikerentse was unprepared to testify about the following topics.

**A.      Topic 5(b)**

Topic 5(b) sought "[a] big picture understanding of why CNL entered into Cooperation Agreements with other Chevron entities and the resulting benefits for agreements in effect during 1996-1999." Richardson Decl., Exh. N., at 2. Plaintiffs contend that Etikerentse was unprepared to fully discuss a cooperation agreement between CNL, Chevron International Trading Company ("CIT"), and Chevron Oil Company Nigeria Limited ("COCNL") that was in effect during 1996-1999. Plaintiffs also contend that Etikerentse was unaware of whether similar cooperation agreements existed between CNL and other Chevron entities. Defendants argue that plaintiffs' questions were too specific to fall within the "big picture" scope of the 30(b)(6) notice.

Although many of plaintiffs' questions at Etikerentse's deposition were more detailed than necessary for a "big picture understanding" of the benefits CNL derived from the cooperation agreement, the Court finds that Etikerentse was not fully prepared to testify regarding two matters. First, the Court finds that Etikerentse could not adequately identify other cooperation agreements to which CNL was a party during the relevant time frame. Second, the Court finds that Etikerentse could not adequately answer questions regarding Chevron Transport Company's role in the CNL-CIT-COCNL cooperation agreement.

2

Accordingly, the Court GRANTS plaintiffs' motion with respect to Topic 5(b). Plaintiffs may reopen the Etikerentse deposition for the limited purpose of questioning him regarding the subjects identified above.

### B. Topic 5(c)

Topic 5(c) sought "[a] big picture understanding of why CNL entered into Counsel and Service Agreements with other Chevron entities and the resulting benefits for agreements in effect during 1996-1999." Richardson Decl., Exh. N, at 2. Plaintiffs once again argue that Etikerentse's testimony was deficient. Defendants have provided no argument to the contrary.

From the Court's review of the transcript, it appears that Etikerentse was not adequately prepared to answer questions concerning the existence of other counsel and service agreements that CNL was a party to. Further, the Court finds that Etikerentse could not adequately testify regarding the benefits that CNL derived from a counsel and service agreement it had in place with Chevron Overseas Petroleum, Inc. Etikerentse's description of the benefit to CNL was limited to "the grant to it of non-technical ability that's . . . unavailable in Nigeria." Richardson Decl., Exh. U, at 106.

Accordingly, the Court GRANTS plaintiffs' motion with respect to Topic 5(c).

### C. Topic 6

Topic 6 was defined as: "A high level overview of the impact of shipping quotas on production, costs, profits, decisions about whether to shut-in production and the amount of oil produced and exported for 1996-1999." Richardson Decl., Exh. N, at 2. Etikerentse testified that he did not know if any shut-ins had occurred during the relevant time period. Defendants argue that plaintiffs' questions were beyond the scope of the deposition because they concerned "shut-ins without regard to the cause." The Court disagrees. Knowledge of whether shut-ins occurred at all is necessary to provide any meaningful overview of the impact of shipping quotas on shut-ins. Accordingly, the Court GRANTS plaintiffs' motion with respect to Topic 6.

## 2. Jim Simpson

3

Chevron produced Jim Simpson to testify concerning Chevron's method of accounting for contributions from CNL. Simpson was formerly an employee of Chevron Business Development, Inc., a division of Chevron USA. Plaintiffs argue that Simpson's testimony was inadequate in four areas.

**A.    Topic 7(a)**

Topic 7(a) concerned "[h]ow income, if any, from CNL was reflected on Chevron Corporation's books during the period 1996-1999." Richardson Decl., Exh. O, at 2. Plaintiffs argue that the witness was unprepared to fully answer questions on this topic. Plaintiffs, however, have provided no evidence to the Court in support of their accusation. Accordingly, their motion to compel is DENIED with respect to Topic 7(a).

**B.    Topic 7(b)**

Topic 7(b) requested "a general description of the process for doing the types of realigning of the Intercompany Account Balances reflected on C17094-95, a general explanation of what the matters reflected on those documents mean, and an example of how the process works during the time period 1996-1999." Richardson Decl., Exh. O, at 2.

Plaintiffs have established that Simpson could not adequately answer questions related to this topic. Although defendants argue that they have cured any deficiency by providing a witness named Mike Kuba for deposition on December 13, 2005, defendants have not provided the Court with any excerpts from Kuba's deposition, nor have plaintiffs' withdrawn their motion. Accordingly, the Court GRANTS plaintiffs' motion with regard to Topic 7(b).

**C.    Topic 7(c)**

Topic 7(c) requested information concerning "[c]ontribution during 1996-1999 of CNL to Chevron Investments and Chevron Corporation based on annual figures, with focus on larger foreign subsidiaries. How the overall numbers compare between such subsidiaries, and how its overall profitability based on contributions to Chevron Investments and Chevron Corporation, compares relative to other foreign subsidiaries." Richardson Decl., Exh. O, at 2. Plaintiffs argue that Simpson could only answer questions about the Nigerian SBU, and could not answer specific questions about CNL.

4

Defendants counter that "Chevron does not maintain records of the relative annual contributions of its subsidiaries." In his deposition, however, Simpson clearly testified that such records could be constructed. Thus, the Court GRANTS plaintiffs' motion with respect to Topic 7(c).

**D.     Topic 7(d)**

Finally, Topic 7(d) concerned "[c]ontribution of CNL to Chevron Investments and Chevron Corporation during times of 'low crude prices' in the period 1996-1999, based on annual figures." Richardson Decl., Exh. O, at 2. Plaintiffs complain that the witness Chevron produced failed to ascertain what periods during 1996 to 1999 constituted "times of low crude prices." Plaintiffs also complain that the witness could not explain "why income from the Nigerian SBU was significantly higher than other SBU's in 1998 and 1999."

The Court agrees with defendants' argument that the latter question is clearly outside the scope of the deposition notice. It requires the witness to possess a familiarity with the contribution of Chevron subsidiaries other than CNL. As to the former question, the deposition transcript reveals defendants clearly had an idea of what was meant by "times of low crude prices," and that the witness answered questions about such times. *See* Richardson Decl., Exh. V, at 416-19. Thus, the Court DENIES plaintiffs' motion with respect to Topic 7(d).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART plaintiffs' motion to compel (Docket No. 889). Plaintiffs may reopen the depositions of Chevron witnesses Etikerentse and Simpson in accordance with the above discussion.

**IT IS SO ORDERED.**

Dated: February 6, 2006

SUSAN ILLSTON

5

United States District Judge