United States District Court
For the Northern District of California

1
2
3
4
5                     IN THE UNITED STATES DISTRICT COURT
6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   LARRY BOWOTO, et al.,                          No. C 99-02506 SI
9              Plaintiffs,                          **ORDER GRANTING DEFENDANTS'**
                                                   **MOTION FOR JUDGMENT ON THE**
10       v.                                         **PLEADINGS**
11  CHEVRON CORP., et al.,
12             Defendants.
                                          /
13

14        On March 24, 2006, the Court heard argument on defendants' motion for judgment on the

15  pleadings as to plaintiffs' claims under the Torture Victim Protection Act, 28 U.S.C. § 1350, note

16  ("TVPA"). Having considered the arguments of counsel and the papers submitted, and for good cause

17  appearing, the Court hereby GRANTS defendants' motion.

18

19                               **BACKGROUND**

20        Plaintiffs filed this lawsuit in 1999, seeking to hold defendants accountable for a series of brutal

21  attacks that were allegedly committed in Nigeria by the Nigerian military. In 2004, plaintiffs moved

22  to file a sixth amended complaint to make explicit their claims for torture and extrajudicial killing under

23  the TVPA. In a July 14, 2004, order, this court granted plaintiffs' motion, rejecting defendants'

24  argument that such an amendment would be futile because the TVPA does not allow suits against

25  corporations. Based on the Supreme Court's recent decision in *Sosa v. Alvarez-Machain*, 542 U.S.

26  692, 124 S. Ct. 2739 (2004), defendants have renewed their challenge to plaintiffs' TVPA claims. They

27  now seek judgment on the pleadings based on their earlier argument that the TVPA does not allow suits

28  against corporations.

**United States District Court**
For the Northern District of California

1

**LEGAL STANDARD**

2      Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings

3    "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c).

4    "A judgment on the pleadings is properly granted where, taking all the allegations in the pleadings as

5    true, the moving party is entitled to judgment as a matter of law." *Milne v. Stephen Slesinger, Inc.*, 430

6    F.3d 1036, 1042 (9th Cir. 2005) (internal quotation marks omitted).

7

8

**DISCUSSION**

9    Section 2 of the TVPA provides:

10    (a) Liability.--An individual who, under actual or apparent authority, or color of law, of
any foreign nation--

11

12           (1) subjects an individual to torture shall, in a civil action, be liable for damages
to that individual; or

13           (2) subjects an individual to extrajudicial killing shall, in a civil action, be liable
for damages to the individual's legal representative, or to any person who may

14           be a claimant in an action for wrongful death.

15    28 U.S.C. § 1350, note § 2(a). Defendants argue that "individual" is a term of art that Congress uses

16    to signify "human being," and that the TVPA therefore does not authorize plaintiffs' lawsuit against a

17    corporate defendant. The Court agrees.

18      The Court recognizes that it previously rejected defendants' argument. In its July 14, 2004,

19    order, the Court found that while the term "individual" ordinarily refers only to human beings, it has

20    also been construed to encompass corporations. *See, e.g.*, *United States v. Middleton*, 231 F.3d 1207,

21    1210 (9th Cir. 2000) ("[Individual] does not necessarily exclude corporations."). The Court then

22    concluded, based upon the purpose of the statute and supporting case law, that Congress intended the

23    term to include corporations.

24      The Court now believes that its logic was incorrect. While there is no evidence that Congress

25    intended to exclude corporations from the reach of the TVPA, there is certainly no evidence that

26    Congress intended that the statute reach corporations. Indeed, plaintiffs' counsel conceded as much at

27    oral argument. The legislative history makes clear that Congress's overarching concern was the conduct

28    of foreign officials, and suggests that Congress did not even consider whether the TVPA would apply

1   to corporations.  *See, e.g.*, S. Rep. 102-249, at *3 ("*Official* torture and summary execution violate

2   standards accepted by virtually every nation."); *id.* at *8-9 ("This legislation is limited to lawsuits

3   against persons who ordered, abetted, or assisted in the torture."); *id.* at *9 ("Finally, low-level officials

4   cannot escape liability by claiming that they were acting under orders of officials.").  Moreover,

5   Congress's use of the word "individuals" strongly suggests that Congress contemplated that only natural

6   persons would be liable; Congress generally uses the term "individual" in a manner that excludes

7   corporations.  *See, e.g.*, the Dictionary Act, 1 U.S.C. § 1 ("In determining the meaning of any Act of

8   Congress, unless the context indicates otherwise . . . the word[] 'person' . . . include[s] corporations, .

9   . . as well as individuals . . . .")

10          At oral argument plaintiffs' counsel encouraged the Court to focus, expansively, on Congress's

11  desire to fight torture, rather than Congress' specific contemplation of who the statute would reach.

12  However, the Supreme Court's decision in *Sosa* is rife with cautions to district courts about expanding

13  the reach of American statutes that are based on international law.  *See, e.g.*, 542 U.S. 692, 725-28, 124

14  S. Ct. 2739, 2762-65 (2004) (listing five reasons for "great caution in adapting the law of nations to

15  private rights").  While *Sosa* did not involve the TVPA, it involved the Alien Tort Statute, 28 U.S.C.

16  § 1350 ("ATS"), and the TVPA is born directly from the international norms that the ATS invokes.  *See*

17  S. Rep. 102-249 at *4-5.  Further, there can be little doubt that the TVPA raises the same foreign policy

18  concerns as the ATS.  All this leads the Court to conclude that it is better to adhere to what Congress

19  specifically intended, rather than imposing liability based upon an extrapolation from Congress's

20  general goal.

21          The Court concludes that Congress intended only that the TVPA reach natural persons, not

22  corporations.  Accordingly, defendants' motion for judgment on the pleadings is GRANTED.

23

24  ///

25  ///

26  ///

27  ///

28  ///

1

## CONCLUSION

2         For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants'

3    motion for judgment on the pleadings (Docket No. 923).

4

5         **IT IS SO ORDERED.**

6

7    Dated: August 21, 2006

8                                                          _____
                                                          SUSAN ILLSTON
9                                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California