United States District Court

For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    LARRY BOWOTO, et al.,                          No. C 99-02506 SI

9              Plaintiffs,                          **ORDER GRANTING DEFENDANTS'
                                                    MOTION TO COMPEL**
10        v.

11   CHEVRON CORP., et al.,

12             Defendants.
     _____/
13

14        Now before the Court is defendants' motion to compel further deposition testimony from Dr.

15   James Ipser.  Having carefully considered the papers submitted, and for good cause appearing, the Court

16   hereby GRANTS defendants' motion.

17

18                              **DISCUSSION**

19        One of the key disputes in this case concerns the events that occurred on an oil drilling platform

20   in the Niger River Delta and an attached construction barge.  To assist the jury in understanding their

21   version of the events that transpired, defendants retained an expert witness to construct a three-

22   dimensional model of the barge.  In response, plaintiffs retained Dr. Ipser as a rebuttal witness.  They

23   intend to use Ipser to testify that "the method used to assess the accuracy of the plan drawings from

24   which the model was constructed was scientifically flawed," meaning that "the generated model cannot

25   be used with any confidence in many situations."  Teukolsky Decl., Exh. 1.  The day before his

26   deposition, Ipser prepared four pages of mathematical calculations, which he produced at his deposition.

27   Defendants claim that they did not have an adequate opportunity to depose Ipser regarding those

28   calculations, and seek to compel further deposition testimony from him on that subject.

1      The Court agrees with defendants that Ipser's mathematical calculations are beyond the ken of

2  most lawyers, and that their late production effectively prevented defendants from having any

3  meaningful ability to question Ipser about them.  Thus, the Court believes that defendants should have

4  the opportunity to reopen Ipser's deposition.  Given that Ipser has already sat for a full-day deposition,

5  however, defendants' opportunity shall be limited to one-hour of questioning.

6      In addition, the Court agrees with plaintiffs that the limited amount of additional testimony

7  defendants seek from Ipser is not worth the expense associated with flying him to San Francisco from

8  Florida.  Accordingly, Ipser's deposition shall be conducted by telephone.

9

10                                    **CONCLUSION**

11      For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants'

12  motion to compel (Docket Nos. 1140, 1149, 1155).  Defendants may reopen the deposition of Dr. Ipser

13  for one hour to question him about the four pages of mathematical calculations he produced as his first

14  deposition.  The reopened deposition shall take place by telephone.

15      **IT IS SO ORDERED.**

16

17  Dated: August 22, 2006                    _____

18                                          SUSAN ILLSTON
                                            United States District Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

2