United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al., | No. C 99-02506 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| CHEVRON CORP., et al., | |
| Defendants. | |

Now before the Court is a discovery dispute in this matter. Defendants seek to compel two of plaintiffs' expert witnesses to produce additional documents in response to their subpoenas. Having considered the papers submitted, and for good cause appearing, the Court hereby DENIES defendants' motion.

**DISCUSSION**

Defendants' motion to compel seeks additional documents from two of plaintiffs' experts: Dr. Margot Kushel, one of the treating physicians for plaintiff Larry Bowoto; and Dr. Michael Watts, a professor of Geography and Director of the Center of African Studies at the University of California, Berkeley. Plaintiffs argue that the motion is untimely. The Court agrees.

Pursuant to Civil Local Rule 26-2, motions to compel expert discovery must be brought within seven days of the expert discovery cut-off. The expert discovery cutoff for plaintiffs' witnesses was November 30, 2005. Defendants did not bring this motion until February 7, 2006, more than two months after the deadline.

Defendants argue that their motion should be deemed timely because the parties meet and confer

sessions lasted well past the discovery deadline. Because parties should be encouraged to meet and confer to informally resolve discovery disputes, the Court ordinarily would find this sufficient to make an otherwise late motion timely. Here, however, plaintiffs definitively informed defendants that they would not be producing either the Kushel documents or the Watts documents on December 22, 2005, and January 5, 2006, respectively.[1] *See* Ritchey Decl., Exhs. G, M. Yet defendants did not file their motion to compel until February 7, 2006, more than a month later. Defendants were aware of the Court's desire to conclude discovery; indeed, defendants opposed plaintiffs' attempts to extend the expert discovery cut-off on two occasions. Defendants have provided the Court with no good reason for the month-long delay in bringing their motion to compel. Accordingly, the motion to compel is DENIED.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to compel.

Dated: August 29, 2006

SUSAN ILLSTON
United States District Judge

---

[1] Defendants' letter brief states that "[a]s late as February 2, 2006, . . . the parties were attempting to resolve informally the issues presented by the [Watts] subpoenas," but defendants have produced no evidence of this effort. Further, the meet and confer emails indicate that plaintiffs' had earlier definitively refused to produce the Watts documents. *See, e.g.*, Ritchey Decl., Exh. M ("Professor Watts will not be producing his emails with Mr. Albin. . . . If you want the documents, you will be required, per Rule 45, to move to compel them.").