IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al., | No. C 99-02506 SI |
| Plaintiff, | **ORDER RE: MOTION SCHEDULE** |
| v. | |
| CHEVRON CORPORATION, et al., | |
| Defendant. | |

Via letter briefs, the parties seek the Court's intervention in a dispute over what motions defendants may file, and when. On October 23, 2006, the Court issued an Order setting the schedule for a series of dispositive motions to be filed by defendants. The fourth of five Rule 56 motions, regarding "State/Nigerian law claims," was ordered filed on November 10, 2006. On November 13, 2006, defendants filed two overlapping motions for summary judgment regarding the State and Nigerian law claims. The motions total 42 pages. Via letter brief filed November 17, 2006, plaintiffs objected to the two motions, as violating the scheduling order and placing an unforseen burden on plaintiffs and the Court. Defendants responded via letter brief on November 20, 2006, suggesting that it has always been understood that they would file two motions on this subject.

While it may always have been defendants' intention to file two overlapping motions on the State and Nigerian law claims, this intention was not made clear to the Court, nor to plaintiffs. The Court therefore DISMISSES defendants' motions for summary judgment on the State/Nigerian law claims without prejudice (Docket Nos. 1311 and 1321), and ORDERS them re-filed as one motion, on or before November 22, 2006. The consolidated motion shall not exceed 35 pages. Plaintiffs shall file their opposition brief, which is not to exceed 35 pages, by December 29, 2006. Defendants' reply and the

hearing will remain as scheduled, on January 26, 2007, and February 9, 2007, respectively.

Plaintiffs also object to defendants' filing of two other motions not included in the scheduling order.  Defendants have filed a motion *in limine* to exclude testimony of Dr. Williams O. Ajewole, and a motion to exclude evidence and testimony regarding the alleged shooting of Bassey Jeje, for spoilation of evidence under Federal Rule of Civil Procedure 37.  Defendants noticed hearings for both motions on January 12, 2007.  Plaintiffs object that these motions were not contemplated by the Court's scheduling order, and as such, represent an unreasonable burden on plaintiffs and the Court.  Furthermore, plaintiffs argue that to the extent plaintiffs rely on this evidence in opposing defendants' motions for summary judgment, the admissibility or competence of the evidence can be dealt with in the traditional fashion, through evidentiary objections.  The Court agrees, and accordingly STAYS briefing and hearing of both motions until all of the scheduled motions have been heard.

Finally, defendants seek an enlargement of the page limits for the final scheduled Rule 56 motion to 40 pages, with a similar enlargement for the opposition, and 20 pages for reply; the Court hereby GRANTS defendants' requested enlargement.

**IT IS SO ORDERED.**

Dated: November 21, 2006

SUSAN ILLSTON
United States District Judge

2