**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   LARRY BOWOTO, et al.,                                    No. C 99-02506 SI

9              Plaintiffs,                                   **ORDER RE:  SCHEDULING**

10  v.

11  CHEVRON CORPORATION, et al.,

12             Defendants.
                                                    /

13

14      The parties have filed a series of letter briefs regarding the propriety of evidence submitted by

15  defendants in connection with their reply in support of their motion for summary judgment on plaintiffs'

16  claim for crimes against humanity.  Plaintiffs request that the Court strike the reply evidence, or allow

17  them the opportunity to respond to it.  Plaintiffs also request that the hearing on the motion, currently

18  scheduled for February 2, 2007, be continued to allow for complete resolution of this issue.

19      Defendants filed their reply on January 19, 2007.  In connection with their reply, defendants

20  submitted a banker's box full of evidence.  Plaintiffs contend that defendants' introduction of this new

21  evidence at the reply stage is improper.  Defendants respond that they submitted the evidence merely to

22  rebut facts and issues raised in plaintiffs' opposition, and that they have not raised any new issues or

23  otherwise improperly "sandbagged" plaintiffs.

24      The Ninth Circuit has explicitly held that "where new evidence is presented in a reply to a motion

25  for summary judgment, the district court should not consider the new evidence without giving the

26  non-movant an opportunity to respond."  *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)

27  (quoting case).  Defendants suggest that the evidence they have presented is not "new" evidence, but

28  rather is merely "rebuttal" evidence.  However defendants characterize the evidence, it was not filed

**United States District Court**

For the Northern District of California

1  along with their initial motion.  It therefore appears to fit the most straightforward interpretation of what

2  the Ninth Circuit referred to as "new" evidence.  Neither the Ninth Circuit, nor any district court that

3  followed *Provenz*, has made any distinction between "new" evidence and "rebuttal" evidence.  *See id.*;

4  *see, e.g., Green v. Baca*, 306 F. Supp. 2d 903 (C.D. Cal. 2004); *Nautilus Group, Inc. v. Icon Health &*

5  *Fitness, Inc.*, 308 F. Supp. 2d 1208 (W.D. Wash. 2003); *ACLU v. City of Las Vegas*, 13 F. Supp. 2d

6  1064 (D. Nev. 1998).  The Court does not disagree with defendants that the purpose of a reply is to allow

7  the moving party to rebut the arguments and evidence presented in the opposition, and that reply briefs,

8  and affidavits and declarations in support thereof, are explicitly permitted by the Local Rules.  *See* Civ.

9  L.R. 7-3(c).  Nonetheless, the Ninth Circuit has made clear that if a moving party chooses to present new

10 evidence in support of a reply brief, it does so at the risk of giving the non-moving party a chance to

11 respond.  The Court will therefore allow the plaintiffs an opportunity to respond to the evidence

12 submitted in connection with defendants' reply.

13      On January 19, 2007, defendants also filed a 223 page, single-spaced list of objections to

14 plaintiffs' evidence.  Because resolution of this summary judgment motion may turn on the admissibility

15 of the parties' evidence, and in light of the massive amounts of evidence submitted by the parties on this

16 motion, the Court must also allow plaintiffs the opportunity to respond to defendants' evidentiary

17 objections.  A meaningful hearing on this motion cannot be held until the parties have had time to

18 address, and the Court has had adequate time to consider, the admissibility and relative importance of

19 all of the evidence.

20      For the foregoing reasons, the Court continues the hearing currently scheduled for February 2,

21 2007, to March 9, 2007.  Plaintiffs must submit their response to defendants' reply evidence and

22 evidentiary objections, by February 9, 2007.  Plaintiffs' response should not include any legal argument

23 on the merits of the crimes against humanity claim.

24

25      **IT IS SO ORDERED.**

26

27 Dated: 2/1/07

                                                    _____
28                                                  SUSAN ILLSTON
                                                    United States District Judge

2