IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHEVRON CORPORATION, et al.,<br><br>    Defendants.<br>_____ / | No. C 99-02506 SI<br><br>**ORDER RE: DISCOVERY** |

    Via letter brief, plaintiffs have moved to compel production of documents related to defendants' insurance coverage for the incidents and injuries at issue in this case. For the following reasons, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion.

    In 2002, plaintiffs served a request for production of documents related to any insurance carried by defendants that would cover defendants' liabilities since January 1, 1997. *See* Pl.'s Ex. 1. Defendants replied with objections, but also stated that they "will produce any insurance policies that may potentially cover plaintiffs' claims in this action." Pl.'s Ex. 2. Despite this response, defendants never produced any documents evidencing relevant insurance policies.

    The discovery period ended, and the discovery motion cutoff date – January 27, 2006 – passed. The parties filed multiple discovery disputes, but none related to insurance policies. According to plaintiffs, defense counsel represented that no such policies existed. Plaintiffs continued under such belief until discovery in a parallel state court case suggested that defendants did in fact have relevant insurance coverage. In light of this revelation, plaintiffs now move to reopen discovery to seek policy documents and related communications between defendants and their insurance carriers.

    Having considered the papers submitted, the Court GRANTS plaintiffs' motion to compel

1 production of the relevant insurance policies. Defendants do not now deny that such policies exist, and 2 they promised to produce them. The Court holds defendants to their promise. Moreover, under Federal 3 Rule of Civil Procedure 26(e), defendants have an ongoing duty to supplement and correct incomplete 4 or inaccurate discovery responses.

Plaintiffs also seek insurance-related documents besides the actual policies, such as communications between defendants and their insurance carriers. The Court DENIES this broader request. Fact discovery ended more than one-and-a-half years ago. Furthermore, it appears that plaintiffs became aware of the insurance policies via discovery in the state court proceedings almost two years ago. *See* Pl.'s Exs. 4, 8 (defendants' December 2005 interrogatory responses, cited by plaintiffs as an "implicit acknowledge[ment] that there were, in fact, insurance policies that might cover the incidents at issue" (Mot. at 3)). The Court therefore DENIES plaintiffs' request to reopen discovery to compel production of insurance-related documents outside of the actual policy documents. [Docket No. 1644]

**IT IS SO ORDERED.**

Dated: September 14, 2007

SUSAN ILLSTON
United States District Judge