IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHEVRON CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 99-02506 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND GRANTING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |

Defendants' motion for leave to file a motion for reconsideration and plaintiffs' motion for leave to file an amended complaint are scheduled for hearing on November 30, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the arguments of the parties and the papers submitted, the Court hereby DENIES defendants' motion for leave to file a motion for reconsideration and GRANTS in part and DENIES in part plaintiffs' motion for leave to file an amended complaint.

**BACKGROUND**

On August 13, 2007, this Court issued an order reinstating claims brought by plaintiffs under the Alien Tort Statute ("ATS") against defendants (hereinafter "Order 1636"). Order 1636 reconsidered the Court's earlier decision, issued August 22, 2006 (hereinafter "Order 1203"), holding that plaintiffs could not bring ATS claims requiring state action against private actors. Order 1636, by contrast, held that aiders and abettors may be vicariously liable for acts they could not have committed as a principal. Because the Court previously had held that aiding and abetting liability is available under the ATS, *see* Order 1203, the Court held that plaintiffs could bring ATS claims requiring state action against private

actors, such as defendants, even if they could not be liable as principals for the same ATS claims. The Court relied on, inter alia, various criminal cases discussing aiding and abetting liability, the Restatement (Second) of Torts, policy considerations, cases discussing aiding and abetting in the context of the Torture Victims Protection Act ("TVPA") and 42 U.S.C. § 1983, and the Ninth Circuit's recent decision in *Sarei v. Rio Tinto, PLC*, 487 F.3d 1193 (9th Cir. 2007). Defendants have now brought a motion for leave to file a motion for reconsideration of Order 1636, which, as previously indicated, was itself a reconsideration of a prior order.

Plaintiffs' motion for leave to file a Ninth Amended Complaint is also before the Court. In their Eighth Amended Complaint, plaintiffs alleged, for the first time, that all of the Irowarinun children are minors. In a separate order issued August 13, 2007 (hereinafter "Order 1639"), the Court ruled that plaintiffs must seek leave to amend their complaint to change the ages of any of the children of decedents. The Court in Order 1639 also ruled that certain plaintiffs who had previously been listed as bringing suit as administrators of various estates – Ola Oyinbo, Henry Pabulogba, Smart Iteimor, Anthony Lawuru, and Benson Edekou – could not bring their own personal common law tort claims against defendants because they were not named in their individual capacities early on in the lawsuit and thus could not rely on the relation back doctrine to save their personal tort claims from being dismissed on statute of limitations grounds. The Court's order was not clear, however, whether these plaintiffs could bring personal ATS claims against defendants, due to the longer statute of limitations for ATS claims. Plaintiffs now seek leave to amend their complaint to address these two issues, among others.

**LEGAL STANDARD**

**1.  Leave to file a motion for reconsideration**

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Civil Local Rule 7-9(b) provides, in pertinent part:

> The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought. The party must also show that in the

2

exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b).

**2.  Leave to file an amended complaint**

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). Leave to amend should be granted "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), so long as factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment" are not present, *id.* at 1052 (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotation marks omitted).

**DISCUSSION**

**1.  Leave to file a motion for reconsideration**

Defendants put forth a number of reasons why Order 1636 should be reconsidered; most of these reasons simply argue that the order was wrongly decided, and thus are not sufficient under Civil Local Rule 7-9(b) to grant leave to file a motion for reconsideration. Only two of defendants' grounds attempt to meet the requirements of Civil Local Rule 7-9(b). First, defendants argue that a change of law has occurred since the Court's order because the Ninth Circuit has decided to rehear en banc *Sarei v. Rio Tinto, PLC*, 487 F.3d 1193 (9th Cir. 2007), and has ordered that the panel opinion shall not be cited as precedent, *see* 499 F.3d 923 (9th Cir. Aug. 20, 2007). The Court does not agree that the Ninth Circuit's

**United States District Court**
For the Northern District of California

decision to go en banc in *Rio Tinto* is a material change in the law sufficient to permit defendants to file a motion for reconsideration. As an initial matter, the Court issued its order citing *Rio Tinto* prior to the date the Ninth Circuit issued its order taking the case en banc; for this reason, it was proper for the Court to cite to *Rio Tinto* at that time. In addition, Order 1636 made clear that *Rio Tinto*, rather than supplying the basis for the Court's holding, was one of multiple sources of law on which the Court relied to come to its decision that ATS claims requiring state action may be brought against private actors under a theory of aiding and abetting. Order 1636 at 11; *see also id.* at 8 (stating that *Rio Tinto* "also supports reconsideration"). For this reason, the Ninth Circuit's decision to reconsider *Rio Tinto* en banc is not a material change of law, Civil L.R. 7-9(b)(2), particularly because the Ninth Circuit has not, at this time, stated that the panel's discussion of vicarious liability under the ATS was incorrect. If the en banc court does issue an opinion making clear that Order 1636 was wrongly decided, the parties may bring the decision to the Court's attention at that time.

The second ground on which defendants rely in support of their motion for leave is that the Court manifestly failed to consider dispositive legal arguments that were before the Court at the time it issued its order. *See* Civil L.R. 7-9(b)(3). That is, defendants argue the Court did not consider their argument that under § 1983 and the TVPA, aiding and abetting liability may not be asserted against a party who lacks the capacity to commit the underlying offense. The Court did consider this argument, and found that under both the TVPA and § 1983, private parties can be liable for aiding state actors. Order 1636 at 4 n.3. Accordingly, defendants cannot show a "*manifest* failure by the Court to consider . . . dispositive legal arguments." Civil L.R. 7-9(b)(3) (emphasis added). For these reasons, defendants' motion for leave to file a motion for reconsideration is DENIED.

Defendants also ask the Court to certify for interlocutory appeal legal questions surrounding the aiding and abetting liability of private actors under the ATS. A district court may certify for interlocutory appeal an order that is not otherwise appealable when the court finds that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court does not believe that interlocutory appeal of the aiding and abetting issue is appropriate at this time because it would not materially advance the termination of the

4

1 litigation. This litigation has been going on for years, and the Court believes it is time to move forward
2 to trial.

**2.      Leave to file an amended complaint**

Plaintiffs ask the Court for leave to file a Ninth Amended Complaint. The Court will address the proposed amendments in turn.

First, plaintiffs seek leave to amend the complaint to clarify that the Irowarinun children and Silas Oloko are all under the age of 18, and thus may need to proceed in this lawsuit through a guardian ad litem. Plaintiffs assert that this amendment is necessary to protect the interests of the Irowarinun children and their ability to sue, and base the need for amendment on new information that came to light during discovery indicating that the child believed to be the eldest, Eniesoro Irowarinun, is still in secondary school and therefore likely to be under age 18. Defendants object that plaintiffs have represented in prior versions of the complaint that the Ironwarinun children have specific birth years and that many of them are now adults. Defendants also object that this change in their ages will increase the amount of damages to which the children may be entitled under Nigerian law. While it is not at all clear to the Court that all of the Irowarinun children are minors, the Court does not see a problem with permitting plaintiffs to make this amendment at this time. By permitting the Irowarinun children and Oloko to proceed both on their own and through a guardian ad litem, this amendment will ensure that their claims are not thrown out on a technicality. If, in the future, it appears that plaintiffs' ages are material to the calculation of damages or to another substantive issue, plaintiffs will be required to prove their ages at that time, and the Court may, in its discretion, permit limited discovery into plaintiffs' ages. The Court GRANTS plaintiffs' motion for leave to amend with regard to plaintiffs' ages.

Next, plaintiffs seek leave to amend to include in the complaint the personal ATS claims of John Ikenyan, Henry Pabulogba, Smart Iteimor, Anthony Lawuru, and Benson Edekou. Defendants do not object, and the Court notes that it has not otherwise ruled on the personal ATS claims of these plaintiffs. Defendants request, however, that as a condition for including these ATS claims, plaintiffs submit initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(C) and respond to discovery based on those disclosures. Defendants have already asked these plaintiffs about their damages and plaintiffs have informed the Court that they do not possess any new information regarding these damages that has not

5

already been disclosed. As far as the Court is aware, however, these plaintiffs have not actually submitted a computation of damages, and have stated that certain of these plaintiffs cannot estimate the value of property lost. Because a computation of damages is mandatory under Rule 26(a)(1)(C), plaintiffs must submit these disclosures. The Court will also permit defendants to submit written discovery requests in response, limited to the computation of damages. In the interests of proceeding to trial, no further depositions on this issue will be permitted. With that condition, the Court GRANTS plaintiffs' motion for leave to amend to include these personal ATS claims.

Finally, defendants object to plaintiffs' addition or reassertion of survival claims sounding in battery, intentional infliction of emotional distress, and negligence on behalf of decedents Shadrack Oloko, Kekedu Lawuru, and Agbagbaedi Ikenyan. Defendants argue that one of the August 13, 2007 orders (hereinafter "Order 1640") effectively precluded plaintiffs from bringing any survival claims except assault claims on behalf of these decedents. However, the same reasoning that permitted assertion of survival claims for assault likewise allows survival claims for intentional infliction of emotional distress and negligence. Order 1640 at 38. The Court agrees with defendants that plaintiffs may not assert a battery claim on behalf of these decedents, given the lack of evidence that they did not die immediately. *See* Cal. Code Civ. Proc. § 377.34. The Court therefore GRANTS in part and DENIES in part plaintiffs' motion for leave to amend with respect to these survival claims.

Plaintiffs also seek leave to amend to clarify certain claims, make minor corrections, and delete some claims. Defendants do not object to these housekeeping amendments, and plaintiffs' motion for leave to amend with respect to these amendments is GRANTED.

## CONCLUSION

For all of the foregoing reasons, the Court DENIES defendants' motion for leave to file a motion for reconsideration [Docket No. 1649]. The Court GRANTS in part and DENIES in part plaintiffs' motion for leave to file a Ninth Amended Complaint [Docket No. 1651].

**IT IS SO ORDERED.**

Dated: November 28, 2007

_____
SUSAN ILLSTON
United States District Judge

6