IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY BOWOTO, et al.,

        Plaintiffs,

v.

CHEVRON CORPORATION, et al.,

        Defendants.

No. C 99-02506 SI

**ORDER RE: DISCOVERY**

Via letter brief, defendants have moved to set a schedule for certain discovery matters and to require plaintiffs to respond to additional written discovery requests. The Court asked plaintiffs to respond to defendants' letter brief, and plaintiffs have objected to many of defendants' requests. For the following reasons, the Court GRANTS IN PART and DENIES IN PART defendants' motion.

Defendants ask the Court to require the 26 new plaintiffs to respond to written discovery requests. This request was not specifically discussed at the last case management conference when other pending discovery matters were discussed, and the Court agrees with plaintiffs that written discovery of these new plaintiffs is not necessary. The Court has already decided that defendants may depose any of these 26 new plaintiffs who are designated as trial witnesses, in addition to an equal number of plaintiffs who are not designated as trial witnesses. Moreover, these new plaintiffs were merely substituted for other plaintiffs as the correct parties to file claims on behalf of the deceased. The Court finds that the upcoming depositions, supplemented by the extensive discovery already taken, are sufficient, and agrees with plaintiffs that written discovery of these 26 plaintiffs would be unduly burdensome and would be unlikely to lead to the discovery of new information. The Court therefore DENIES defendants' motion to take written discovery of the 26 recently-added plaintiffs.

Defendants also ask the Court to require all plaintiffs to submit initial disclosures in the form of a computation of damages. In its November 28, 2007 Order, the Court required plaintiffs John Ikenyan, Henry Pabulogba, Smart Iteimor, Anthony Lawuru, and Benson Edekou to submit damages computations because these plaintiffs were asserting personal claims for the first time and defendants objected that they had not previously submitted damages computations. *See* Fed. R. Civ. P. 26(a)(1)(C). Despite this ruling, the Court does not believe that it is necessary, at this late date, to require all of the other plaintiffs to submit these initial disclosures. Defendants have never objected to this lack of initial disclosure, despite numerous opportunities to do so, and the Court agrees with plaintiffs that they have already responded to defendants' discovery related to damages, such that a computation of damages would, at this point, be merely pro forma. The Court DENIES defendants' motion to require all plaintiffs to submit damages computations.

In their response to defendants' letter brief, plaintiffs ask the Court to prohibit defendants from serving written discovery in response to the computation of damages submitted by the five plaintiffs mentioned above. The Court has already ruled, however, that defendants "may submit written discovery requests in response, limited to the computation of damages," but that defendants may not take further depositions related to the computation of damages. *See* November 28, 2007 Order at 6, Docket No. 1668.

As to the proposed schedules submitted by both parties, the Court rules as follows:

(1) Plaintiffs should have served damages computations for John Ikenyan, Henry Pabulogba, Smart Iteimor, Anthony Lawuru, and Benson Edekou by January 4, 2008.

(2) Defendants shall serve any written discovery related to the computation of damages on or before January 11, 2008. <u>Defendants shall serve this written discovery by email attachment to plaintiffs' counsel</u>.

(3) On or before February 11, 2008, the five plaintiffs mentioned above shall serve substantive responses to the follow-up written discovery related to the computation of damages.

(4) On or before February 22, 2008, plaintiffs shall designate which of the 26 new plaintiffs will

be added to the trial witness list and specify whether they will testify live or via deposition.

(5) On or before February 29, 2008, defendants shall counter-designate an equal number of deponents from the 26 new plaintiffs or persons who submitted attorney-in-fact designations/power of attorney.

(6) If necessary, a case management conference will be held March 7, 2008, to address any discovery or other disputes.

(7) Depositions shall occur in Nigeria in late March or early April of 2008.

## CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART defendants' discovery motion [Docket No. 1674].

**IT IS SO ORDERED.**

Dated: January 8, 2008

SUSAN ILLSTON
United States District Judge