IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CHEVRON CORPORATION, et al.,<br><br>　　　　Defendants. | No. C 99-02506 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO QUASH DEFENDANTS' REQUESTS FOR DISCOVERY** |

Currently before the Court is plaintiffs' motion to quash discovery requests propounded by defendants in response to damages computations submitted by five plaintiffs, John Ikenyan, Henry Pabulogba, Smart Iteimor, Anthony Lawuru, and Benson Edekou. Plaintiffs object that the 290 written discovery requests propounded by defendants are overly burdensome in light of the extensive discovery defendants have already taken of these plaintiffs regarding their damages. Defendants argue in response that these requests are necessary to clarify and validate the damages sought by these plaintiffs. Plaintiffs have asked the Court to rule immediately because certain of plaintiffs' counsel are currently in Nigeria for meetings with plaintiffs.

The Court notes that in permitting defendants to take additional written discovery in response to the computation of damages, the Court intended only to give defendants an opportunity to follow-up on damages calculations that were being revealed for the first time. Defendants have had prior opportunity to seek discovery regarding many of the damages stated in plaintiffs' recent damages computations, *see*, *e.g.*, Plaintiffs' Motion for Leave to File Ninth Amended Complaint, Docket No. 1651, at 7-8, and the Court did not intend to permit defendants to conduct another round of discovery on areas of inquiry that have already been pursued. Accordingly, the Court GRANTS plaintiffs' motion

to quash as to (1) all discovery requests pertaining to information that has previously been disclosed by plaintiffs, and (2) all discovery requests pertaining to damages about which defendants have already inquired.

In addition, the Court agrees with plaintiffs that their damages computation need not include a computation of attorneys' fees and costs. Attorneys' fees will be addressed after trial, and the case cited by defendants, *Dougal v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 1720547 (N.D. Okla. June 20, 2006), is not to the contrary. The Court also agrees that it is not necessary for plaintiffs to specify their qualifications to value property in the computation of damages, and that requests for information regarding such information need not be answered. Finally, the Court orders defendants to avoid requesting duplicative admissions about information already disclosed by plaintiffs or already asked about in an interrogatory. In all other respects, defendants' discovery requests may proceed, but the Court notes that it expects defendants, consistent with this order, to put forth significantly fewer discovery requests, as defendants have already inquired into many of the damages stated in plaintiffs' damages computations. The Court also asks that, should any differences arise following this order, the parties meet and confer in a genuine attempt to resolve such further discovery disputes before bringing them to the attention of the Court.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART plaintiffs' motion to quash defendants' discovery requests [Docket No. 1691].

**IT IS SO ORDERED.**

Dated: January 18, 2008

SUSAN ILLSTON
United States District Judge