IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al., | No. C 99-02506 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF BASSEY JEJE** |
| v. | |
| CHEVRON TEXACO CORPORATION, et al., | |
| Defendants. | |

Before the Court is defendants' motion for sanctions against plaintiff Bassey Jeje pursuant to Rule 37 of the Federal Rules of Civil Procedure. The matter is scheduled for a hearing on March 21, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby DENIES defendants' motion.

**BACKGROUND**

The original complaint, filed on May 27, 1999, alleged that some Parabe plaintiffs were killed or injured by gunshots and that others were detained and tortured. Plaintiff Bassey Jeje was one of the original plaintiffs. Contrary to defendants' contention, plaintiff was not only listed as being detained and tortured, but also as being shot. *See* Plaintiffs' Original Complaint at ¶ 77.

In January 2005, more than six years after the alleged May 28, 1998 attacks giving rise to this suit, plaintiff at deposition volunteered that he actually had the bullet that a doctor removed from his body. Plaintiff stated that he kept it at his house and agreed to give it to his lawyers. The day after, defendants served a request to inspect the bullet. Plaintiff alleges that after his deposition, he left on an

offshore job away from home for an approximate six-month rotation and was thus unable to produce the bullet.

As a result, the Court ordered plaintiff to produce the bullet by June 30, 2005. On that date, plaintiff's counsel informed defendants that plaintiff no longer had the bullet. At the September 2005 Case Management Conference, the Court required plaintiff to provide additional information about the loss of the bullet. In November 2005, plaintiff informed defendants that he could not locate the bullet. He did not know how or when it disappeared. Several weeks later, in December 2005, plaintiff stated that he kept the bullet in a container in his house, but his wife packed the container in a bag, which was subsequently misplaced.

Defendants argue that plaintiff's claim about the bullet is a fabrication. In the alternative, defendants argue that if plaintiff was indeed shot and the bullet existed, his failure to produce the bullet was intentional. Defendants request an order dismissing plaintiff's claims entirely or, at a minimum, precluding plaintiff from making any claim, or presenting any evidence, that he was shot. Alternatively, defendants request an order permitting a jury instruction that the jury may infer from plaintiff's failure to produce the bullet that his testimony is false or that a forensic examination of the bullet would have been unfavorable to plaintiff's claims.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 37(b)(2) reads in part: "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] . . . an order . . . dismissing the action or proceeding or any part thereof." However, terminating sanctions are usually imposed only as a last resort, after willful and repeated disobedience of discovery orders. "Dismissal . . . is authorized only in extreme circumstances and only where the violation is due to willfulness, bad faith, or fault of the party." *Allen v. Exxon Corp. (In re Exxon Valdez)*, 102 F.3d 429, 432 (9th Cir. 1996) (internal citations omitted).

**DISCUSSION**

Defendants argue that plaintiff's failure to produce the bullet is indicative of a fabricated claim.

Setting aside the truthfulness of plaintiff's claim, defendants argue that terminating sanctions should be imposed upon plaintiff for failure to comply with his discovery obligations. Defendants' arguments are based on a presumption that plaintiff's testimony is perjured. Defendants ask the Court to exercise its power to make factual findings and credibility determinations when deciding motions for sanctions under its inherent powers and Rule 37.

Plaintiff insists that factual and credibility determinations should be deferred to the jury. This Court agrees with plaintiff's contention that our judicial system entrusts juries to "sort the evidence and decide the facts" so that cases are decided on their merits. *See* Plaintiff's Opp. at 1. Defendants argue that a jury can only do so if the parties produce the evidence. Defendants' argument that forensic ballistics evidence could have been presented to the jury is valid. However, such examination could have produced evidence potentially useful for either party. Thus, while the bullet itself is an important piece of evidence, it is not dispositive of plaintiff's claims. There are other pieces of evidence available to defendants.

However, in fairness to defendants because they had no opportunity to examine the bullet, plaintiff is precluded from raising on his own any argument or evidence regarding the bullet. Plaintiff's claims about being shot at the Parabe platform may still proceed, but he cannot rely on the bullet as evidence unless defendants raise the issue first. If defendants wish to discuss the bullet and the circumstances around its production, including the events leading to this motion, they are free to do so, but plaintiff will be allowed to respond. Thus, defendants' request to preclude plaintiff from making any claim or presenting evidence that he was shot is DENIED.

In addition, the Court DENIES defendants' request to entirely dismiss plaintiff's claim for an intentional failure to comply with discovery obligations. While it is true that plaintiff's response to requests and court orders regarding the bullet was slow, plaintiff ultimately complied and provided an explanation of the loss of the bullet. Furthermore, a terminating sanction is a last resort and requires a showing of bad faith, willfulness or intentional disobedience. Fed. R. Civ. P. 37(b)(2). Given the facts and circumstances around the complicated production of the bullet allegedly located in plaintiff's house of Igbokada, Nigeria, the Court is unable to determine that plaintiff acted in bad faith.

Defendants also argue that plaintiff's claims should be dismissed because his conduct relating

to the production of the bullet suggests he fabricated the claim. However, plaintiff's claim of being shot was raised in the original complaint. The fact that he raised the existence of the bullet more than six years after the filing of the original complaint, as well as the subsequent loss of the bullet, is only circumstantial evidence and can be presented to the jury.

Similarly, defendants' request for an adverse jury instruction is DENIED. Such request, again, is based on a presumption that plaintiff's testimony is perjured. This is something that the Court will not decide and defers to the jury. Defendants are granted the exclusive right to raise the issue of the bullet and make any claims associated with it, including an indication that a forensic examination of the bullet would have been unfavorable to plaintiff's claims. This is an adequate sanction imposed upon plaintiff for depriving defendants of the opportunity to examine the bullet.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for sanctions [Docket No. 1681].

**IT IS SO ORDERED.**

Dated: February 27, 2008

SUSAN ILLSTON
United States District Judge