IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al., | No. C 99-02506 SI |
| Plaintiffs, | **ORDER GRANTING IN PART DEFENDANTS' DISCOVERY REQUEST** |
| v. | |
| CHEVRON CORPORATION, et al., | |
| Defendants. / | |

Defendants have filed a motion to reopen discovery in order to access "facts recently gathered" by plaintiffs. The motion is scheduled for hearing on May 16, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART defendants' motion to reopen discovery.

**DISCUSSION**

In February and March of this year, plaintiffs' attorneys traveled to Nigeria to gather information related to the claims of the Opia/Ikenyan plaintiffs. Shortly after their return, the Opia/Ikenyan plaintiffs voluntarily dismissed their claims, leaving only the claims of the Parabe plaintiffs at issue in this litigation. Defendants now ask that discovery be reopened so that defendants can have access to facts regarding the Opia/Ikenyan plaintiffs discovered on the recent trip to Nigeria. Although the claims of these plaintiffs will not be raised at trial, plaintiffs have stated that they may put forth evidence regarding the attacks at Opia and Ikenyan as part of the case of the Parabe plaintiffs.

As plaintiffs point out, discovery in this case closed in 2005. The Court may, however, modify the schedule where good cause is shown. Fed. R. Civ. P. 16(b)(4). Here, defendants have shown good cause to reopen discovery into the events at Opia and Ikenyan. *See generally U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997). Defendants have been diligent in seeking this discovery because plaintiffs have only recently discovered this information themselves. If plaintiffs decide to put on evidence regarding the village attacks, evidence in plaintiffs' possession regarding those attacks is relevant, and defendants are entitled to discovery of it. The Court does not see how plaintiffs would be prejudiced by defendants' request, and plaintiffs have not put forth any evidence of prejudice. Therefore, the Court will reopen discovery to permit defendants to seek recent information learned by plaintiffs regarding the Opia and Ikenyan attacks. The Court also finds that plaintiffs must supplement their prior discovery responses if they determine that those responses are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). However, the Court will neither reopen discovery nor require privilege logs related to earlier communications regarding the Opia and Ikenyan claims ("communications from Nigeria that led to the filing of these claims") because the newly-gathered information will be sufficient and defendants have not shown that good cause exists with regard to those communications.

Plaintiffs contend that the information they learned on their 2008 trip to Nigeria is not discoverable because they learned of the information through attorney-client communications. The Court does not reach any question of privilege at this juncture. Instead, plaintiffs shall disclose any facts or documents they have in their possession from the 2008 trip; if plaintiffs believe any such information is protected by privilege, they may submit a privilege log to defendants. Plaintiffs also contend that the Court should not decide whether defendants are entitled to reopen discovery until after the Court rules on defendants' motion in limine regarding evidence of the attacks on the Opia and Ikenyan villages. The Court disagrees, because any evidence defendants discover now may inform their motion in limine, which has not yet been filed. In addition, plaintiffs argue that the motion is premature because plaintiffs have not yet decided whether to present evidence of the Opia and Ikenyan incidents. However, until plaintiffs announce that they do not plan to put forth that evidence, it remains relevant and discoverable.

2

## CONCLUSION

For all of the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to reopen discovery [Docket No. 1773].

**IT IS SO ORDERED.**

Dated: May 15, 2008

SUSAN ILLSTON
United States District Judge