IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al., | No. C 99-02506 SI |
| Plaintiffs, | **ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR A PHASED TRIAL** |
| v. | |
| CHEVRON CORPORATION, et al., | |
| Defendants. | |

Defendants have filed a motion for a phased trial. The motion is scheduled for hearing on May 16, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES the motion for a phased trial, but GRANTS defendants' motion to bifurcate the punitive damages portion of the trial.

**DISCUSSION**

Defendants seek, in essence, a trifurcated trial, in which the first phase would address whether the Nigerian military engaged in unlawful conduct and whether Chevron Nigeria Limited ("CNL") should be held vicariously liable for this conduct. If the jury were to find CNL liable, the second phase would address whether any of the U.S.-based defendants – Chevron Corporation, Chevron Investments, Inc., and Chevron U.S.A. Inc. – should be held be held vicariously liable. The third phase would determine the amount of punitive damages. Bifurcation of trial issues falls under Federal Rule of Civil Procedure 42(b), which provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). In deciding a motion for bifurcation pursuant to Rule 42(b), consideration of factors such as convenience, prejudice, judicial economy and whether the issues are clearly separable is warranted. *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial 16:160.4 (1999); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). The party seeking bifurcation "has the burden of proving that bifurcation is justified given the facts in [the] case." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 102 (N.D. Cal. 1992).

Defendants argue that a three-phased trial is necessary because it may shorten the time of trial, will make it easier for the jury to focus on the relevant issues, and will avoid any prejudice to defendants that may result if they were to defend the conduct of CNL while also arguing that they themselves are not liable for CNL's wrongdoing. Plaintiffs oppose the motion, though plaintiffs do not dispute that the amount of punitive damages should be tried separately.

The Court holds that defendants have not met their burden of proving that this case should be tried in three phases. The Court understands that if defendants prevailed in the first phase of trial with a finding that CNL was not liable for the actions of the Nigerian military, the second and third phases would be unnecessary. However, the Court has concerns about the jury making its determinations in the first phase of trial in isolation and out of context, because the jury in effect would be trying a case against parties who are not actually defendants. The Court also agrees with plaintiffs that there is a fair amount of overlap of witnesses and evidence between the proposed first phase of trial and the proposed second phase of trial. Moreover, the Court does not believe the factual and legal issues presented by this case will be so complicated as to prevent the jury from diligently deciding the issues. Finally, defendants have not demonstrated that any potential prejudice they might suffer from having one trial will outweigh the potential prejudice that plaintiffs might suffer were the case tried in three phases. It is likely that any prejudice that might result when defendants defend the actions of CNL while also distancing themselves from CNL could arise under either a phased trial or a single trial. For these reasons, the Court DENIES defendants' motion to trifurcate the trial. However, the Court agrees with

the parties that the amount of punitive damages, if any, should be tried separately.

## CONCLUSION

For all of the foregoing reasons, the Court hereby DENIES defendants' motion for a trifurcated trial and GRANTS defendants' motion to bifurcate the punitive damages phase of trial [Docket No. 1775].

**IT IS SO ORDERED.**

Dated: May 15, 2008

SUSAN ILLSTON
United States District Judge