IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, et al., | No. C 99-02506 SI |
|     Plaintiffs, | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR STRIKE** |
|   v. | |
| CHEVRON CORPORATION, et al., | |
|     Defendants. | |

Defendants have filed a motion to dismiss or strike portions of plaintiff's Tenth Amended Complaint. The motion is scheduled for hearing on July 25, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART defendants' motion.

Defendants ask the Court to strike or dismiss plaintiffs' first claim for relief, which asserts a Nigerian law claim for wrongful death under the Death on the High Seas Act ("DOHSA"). This recently-amended claim is alleged against defendants Chevron Corporation, Chevron Investments Inc., and Chevron U.S.A. Inc. Because Chevron Investments and Chevron U.S.A. were not named as defendants until June 2002 – more than three years after the incidents at the Parabe platform – defendants argue, for the first time, that plaintiffs are barred by DOHSA's three-year statute of limitations from asserting this claim against these defendants. If true, this would leave plaintiffs with a wrongful death claim against Chevron Corporation, the same claim already asserted in plaintiffs' tenth claim for relief. Plaintiffs argue that defendants have waived their right to assert this statute of

limitations defense and that, in any case, the ten-year statute of limitations of the Alien Tort Statute ("ATS") should apply. The Court holds that because the DOHSA issue only recently came to the fore, defendants have not waived this defense. The Court also holds that the statute of limitations of the ATS does not apply to plaintiffs' DOHSA claim because the special circumstances of *Rux v. Republic of Sudan*, 495 F. Supp. 2d 541 (E.D. Va. 2007), are not present here. Accordingly, the Court must GRANT defendants' motion to dismiss plaintiffs' first claim for relief as time-barred against Chevron Investments and Chevron U.S.A. The Court must also GRANT the motion to dismiss this claim for relief against Chevron Corporation because it is duplicative of the tenth claim for relief.

Defendants next argue that the Court should dismiss the survival actions for torture and cruel, inhuman, or degrading treatment asserted by the Irowarinun widows and children. The Court previously ruled that claims regarding Irowarinun's death at the Parabe platform had to be asserted under DOHSA rather than the ATS. Although the cases cited by the parties indicate there may be a circuit split on the question whether DOHSA preempts all survival actions related to death on the high seas, the cases relied on by plaintiffs were decided prior to many important Supreme Court rulings on DOHSA, and the Court agrees with the Fifth Circuit that "the reasoning of the Supreme Court in a number of decisions forecloses" plaintiffs' argument that DOHSA may be supplemented by non-maritime survival actions. *Jacobs v. Northern King Shipping Co., Ltd.*, 180 F.3d 713, 717 (5th Cir. 1999); *see also Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 124 (1998) (holding that the plaintiffs could not assert survival claims under general maritime law and noting that "it cannot be contended that DOHSA has no bearing on survival actions; rather, Congress has simply chosen to adopt a more limited survival provision"). Accordingly, the Court GRANTS defendants' motion to dismiss the fourth and sixth claims for relief as asserted by the Irowarinuns.

Defendants move to dismiss Ola Oyinbo's California tort claims against Chevron Investments and Chevron U.S.A. Plaintiffs appear to concede that these claims are barred by the state statute of limitations, and instead discuss Oyinbo's Nigerian tort claims, which are subject to a longer statute of limitations. The Court GRANTS defendants' motion to dismiss Oyinbo's tort claims asserted under California law, but notes that her tort claims asserted under Nigerian law remain.

Finally, the Court DENIES defendants' request to order plaintiffs to clarify on the face of their

complaint the source of law for each remaining claim.

**IT IS SO ORDERED.**

Dated: July 23, 2008

SUSAN ILLSTON
United States District Judge