1  BARBARA ENLOE HADSELL., ESQ. [S.B. #086021]
2  bhadsell@hadsellstormer.com
   DAN STORMER, ESQ. [S.B. #101967]
3  dstormer@hadsellstomer.com
   LAUREN TEUKOLSKY, ESQ. [S.B. #211381]
4  lauren@hadsellstormer.com
   HADSELL, STORMER, KEENY,
5      RICHARDSON & RENICK LLP
6  128 North Fair Oaks Avenue, Suite 204
   Pasadena, California  91103-3664
7  Telephone:  (626) 585-9600
   Facsimile:  (626) 577-7079
8
9  [Counsel For Plaintiffs Continued On Next Page]

10 Attorneys for All Plaintiffs

11

12                 **UNITED STATES DISTRICT COURT**

13               **NORTHERN DISTRICT OF CALIFORNIA**

14

15

16 LARRY BOWOTO, et. al.,                    )   Case No: C 99-02506 SI
                                             )
17                          Plaintiffs,      )   **PLAINTIFFS' FINAL EXHIBIT LIST**
                                             )
18          v.                               )
                                             )   Courtroom: 10, 19th floor
19 CHEVRON CORPORATION, et al.               )   Judge: Honorable Susan Illston
                                             )
20                          Defendants.      )
                                             )
21                                           )
                                             )
22                                           )
                                             )
23                                           )

24

25

26

27

28

1

2    Counsel for Plaintiffs (cont.)

3    THERESA TRABER, ESQ. [S.B.#116305]
     tmt@tvlegal.com

4    BERT VOORHEES, ESQ. [S.B. #137623]
     bv@tvlegal.com

5    TRABER & VOORHEES
     128 North Fair Oaks Avenue, Suite 204

6    Pasadena, California 91103
     Telephone:  (626) 585-9611

7    Facsimile:  (626) 577-7079

8
     CINDY A. COHN, ESQ. [S.B.#145997]

9    cindy@eff.org
     ELECTRONIC FRONTIER FOUNDATION

10   454 Shotwell St.
     San Francisco, California 94110

11   Telephone:  (415) 436-9333, Ext. 108
     Facsimile:  (415) 436-9993

12

13   RICHARD HERZ, ESQ.
     rick@earthrights.org

14   MARCO SIMONS, ESQ. [S.B. #237314]
     marco@earthrights.org

15   EARTHRIGHTS INTERNATIONAL
     1612 K Street N.W., Suite 401

16   Washington, DC 20006
     Telephone:  (202) 466-5188

17   Facsimile:  (202) 466-5189

18

19   MICHAEL S. SORGEN, ESQ. [S.B. #43107]
     msorgen@sorgen.net

20   LAW OFFICES OF MICHAEL S. SORGEN
     240 Stockton Street, 9th Floor

21   San Francisco, California 94108
     Telephone:  (415) 956-1360

22   Facsimile:  (415) 956-6342

23

24   JOSE LUIS FUENTES, ESQ. [S.B.#192236]
     jlf@wplc.net

25   SIEGEL & YEE
     499 14th Street, Suite 220

26   Oakland, Ca 94612
     Telephone: (510) 839-1200

27   Facsimile: (510) 444-6698

28

JUDITH BROWN CHOMSKY, ESQ.
jchomsky@igc.org
LAW OFFICES OF JUDITH BROWN
CHOMSKY
Post Office Box 29726
Elkins Park, PA 19027
Telephone:  (215) 782-8367
Facsimile:  (215) 782-8368

JENNIFER M. GREEN, ESQ.
jgreen@ccr-ny.org
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY  10012
Telephone:  (212) 614-6431
Facsimile:  (212) 614-6499

PAUL HOFFMAN, ESQ. [S.B.# 71244]
hoffpaul@ix.netcom.com
SCHONBRUN, DESIMONE, SEPLOW,
HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, California 90210
Telephone:  (310) 396-0731
Facsimile:  (310) 399-7040

ROBERT D. NEWMAN, ESQ.
[S.B. #086534]
rnewman@wclp.org
LAW OFFICE OF ROBERT D. NEWMAN
3701 Wilshire Blvd., Suite 208
Los Angeles, California 90010
Telephone:  (213) 487-4727
Facsimile:  (213) 487-0242

ANTHONY DICAPRIO, ESQ.
ad@humanrightslawyers.com
RATNER, DICAPRIO & CHOMSKY, LLP
110 E. 59th Street
New York, NY 10022
Telephone:  (212) 604 9466
Facsimile:  (212) 604 9467

RICHARD R. WIEBE [S.B.#121156]
wiebe@pacbell.net
LAW OFFICE OF RICHARD R WIEBE
425 California Street, #2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

1

2
## PLAINTIFFS' FINAL EXHIBIT LIST

3
Attached hereto is Plaintiffs' Final Exhibit List.

4
Dated:  October 27, 2008                          Respectfully submitted,

5
                                                  HADSELL, STORMER, KEENY,
6
                                                  RICHARDSON & RENICK LLP

7
                                                  By_____/s/_____
8
                                                         Lauren Teukolsky
                                                  Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1 | C0049 | C0049 | Fax to Fabio Saturni, Stephen Chalvsky from T. Schull, June 1, 1998, Re:  Parabe Platform Incident - Situation Update | Cotta | FRE 802 | | |
| 1 | | | Articles reviewed by David Prescott in advance of his deposition related to health effects of the Sea Empress Oil Spill | Prescott | Articles related to oil spill off the coast of Wales is irrelevant, waste of time.  FRE 401-403. | | |
| 1 | C117684 | C2813 | Declaration of Frank G. Soler in Support of Defendants' Opposition in Plaintiffs' Motion for Leave to File Eighth Amended Complaint and Motion in Limine for Application of Judicial and/or Equitable Estoppel, dated 1/31/06 | Howard | Hearsay.  FRE 802. | | |
| 1 | | | Organization chart of Chevron Subsidiaries and Affiliates, dated 1/31/06 | Freeman | | | |
| 1 | | | Expert Report of James Ian Ebert | Ebert | | | |
| 1 | | | Subpoena to Freed, dated 1/10/06 | Freed | Waste of time.  FRE 403. | | |
| 2 | C0032 | C0041 | May 29, 1998 Handwritten Statement, September 3, 1998 Typed Statement | Cotta | FRE 802, 901 as to handwritten statement; FRE 802 as to typed statement | | |
| 2 | C0061 | C0066 | Letter from CNL to Manby, dated June 29, 1998, re: The Parabe Incident - The Facts | Prescott | | | |
| 2 | | | Document entitled "Listing of Subject Matter Contacts" | Howard | Hearsay.  FRE 802. | | |
| 2 | | | Photographs, Exhibit C- Rendered Images of the Computer Model | Freed | | | |
| 2 | | | Plan Sheets | Ebert | | | |
| 2 | | | Index of Binders from Chevron Expert | Freeman | Irrelevant; waste of time.  FRE 401-403. | | |
| 3 | C0035 | C0038 | Series of statements, first of which is dated June 1, 1998 | Cotta | | | |
| 3 | | | Handwritten notes of Mr. Howard, date range 5/23/1998-3/20/2000 | Howard | | | |
| 3 | | | Expert Declaration of Ehud I. Ronn, dated 3/9/06 Bio & CV of plaintiffs' expert Ehud Ronn (report removed) | Ronn | Hearsay.  FRE 802 | | |
| 3 | JE0045 | ER073 | Handwritten notes | Ebert | Hearsay.  FRE 802 | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 3 | NF0251 | NF0269 | Report excerpts of Kevin Henry | Freeman | Hearsay.  FRE 802 | | |
| 3A | GF0001 | GF0051 | Various photos of the barge, platform, and different parts of each | Freed | | | |
| 3B | GF0008 | GF0090 | Various computer rendered images of barge, platform, boats, and parts of each | Freed | | | |
| 3C | GF0040 | GF0107 | Barge non linearity measure, with several other attached documents produced by Freed | Freed | No objection to GF 40, 43, 44, 46-50, 52-57, 67-68.  Object to GF 58-66, 69-71, 91-107--FRE 401, 403, 802 | | |
| 4 | C0369 | C0371 | Parabe Incident, May 25-28, 1998, REDACTED | Cotta | Object to the extent it contains Opia/Ikenyan materials that are contrary to plaintiffs' representation to the Court FRE 401-403.  (We did not receive a copy of the redacted version represented on the exhibit list). | | |
| 4 | | | Expert Report of Neill W. Freeman, dated 1/9/06 | Freeman | | | |
| 4 | | | Earnings Data sheet, "After-Tax Net Income Profit/(Loss) in Millions," date range 1996-1999 | Howard | Profit summary is irrelevant and unduly prejudicial; hearsay.  FRE 401-403, 802. | | |
| 4 | | | Expert Report of Gary L. Freed, dated 1/7/06 | Freed | | | |
| 4 | MB001 | B12084 | Daily Logs | Ebert | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 5 | C17239 | C17239 | Organizational chart of Intercompany Account Balances- After Realignment, dated September 30, 1999 | Howard | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5 | C049406 | C049409 | Memo from Kirkland to Matzke etc., dated 5/8/98, re: Memorandum of Understanding Negotiation Update | Freeman | Letter regarding negotiations of reserves and operating expenses is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 5 | C0188 | C0197 | Letter from Ribadu to Idowu etc., dated July 15, 1998, re: Opia and Ikenyan Meetings, with handwritten notes | Cotta | Letter and handwritten notes relating to Opia/Ikenyan are irrelevant, waste of time and prejudicial.  FRE 401-403.  Dupe of 1374 (Ribadu) | | |
| 5 | GF0108 | GF0340 | Chevron Int'l Exploration & Production, Africa Travel Team (CATTeam)- Itinerary, dated 11/30/05 | Freed | Waste of time.  FRE 403. | | |
| 5 | | | Measurements of the Seaway Orion | Ebert | | | |
| 6 | | | Document from Bryn Mawr Website, date viewed 11/28/05, re: David Prescott Associate Professor of Biology | Prescott | Hearsay.  FRE 802. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 6 | C1882 | C1906 | Chevron Nigeria Limited Report and Financial Statements, dated December 31, 1999 | Howard | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158 . | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 6 | C042077 | C042083 | Intercompany Receivable/Payable Settlements | Freeman | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 6 | GF342 | GF350 | Invoice for Z-Axis Corporation, dated 10/31/05, re: Job Name, Larry Bowoto V Chevron Corp | Freed | | | |
| 6 | | | 11-by-17 Plan Sheets | Ebert | | | |
| 7 | C17318 | C17323 | Fax cover sheet, Dec. 23, 1998 to Joe Lorenz, Billy Watkins, Sola Omole, from Irwin, Re:  Kaiama Declaration (attached) | Cotta | Fax dated 12/23/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 64 (Taylor), 80 (Kirkland), 435 (Uwaka) & 1374 (Ribadu) | | |
| 7 | C1858 | C1881 | Chevron Nigeria Limited Report and Financial Statements dated 12/31/1998, re: profit and loss account for 1998, statement of accounting policies, report of directors | Howard | Irrelevant. FRE 401-402. | | |
| 7 | C23463 | C23463 | Fixed Duration Assignment Offer from Schull to Davis, date signed 12/3/98 | Freeman | 1998 job assignment is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |

| | | | | | PLAINTIFFS' DEPOSITION EXHIBITS | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 7 | C1786 | B11837 | CIT/CNL/COCNL Cooperation Agreement from Kirkland to Geagea, dated 11/8/96 | Ronn | 1996 crude sales agreement is irrelevant, confusing, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 7 | | | Photographs | Ebert | | | |
| 8 | C0433 | C0435 | Fax from Perez to Lavington etc., dated 11/19/98, re: Front  Page article from S.F. Chronicle | Cotta | With the exception of the quotes attributed to Tom Schull ("a very, very difficult situation," and "in the Niger Delta . . . government," and "machetes, clubs and knives.") the article is hearsay.  FRE 802.  Cumulative of other evidence.  FRE 401-403 | | |
| 8 | C1834 | C1857 | Chevron Nigeria Limited Report and Financial Statements, dated December 31, 1997 | Howard | Irrelevant; too remote in time.  FRE 401-402. | | |
| 8 | B11254 | B11452 | Worksheet, Chevron Products Company International Logistics and Trading FOB Cargo Purchase from CNL, dated 10/21/98, w/ hundreds of worksheets attached | Ronn | October 1998 crude purchases are irrelevant, remote in time and would mislead the jury.  Hundreds of pages of irrelevant documents would cause undue delay.  FRE 401-403. | | |
| 8 | | | Photographs | Ebert | | | |
| 8 | | | Pages from Teukolsky Declaration and Summary of Key Figures in Support of Opposition to Motion for Summary Judgment | Freeman | Incomplete; hearsay; not based on personal knowledge; unduly prejudicial.  FRE 106, 401-403, 602, 802. | | |
| 9 | C0883 | C0888 | Chevron Nigeria Limited Request For Check, payment of funeral expenses in respect of the Parabe incident of May 28, 1998 (additional pages removed) | Cotta | FRE 401, 403, 408, 409 | | |
| 9 | | | Expert Report of Professor Louis T. Wells, Jr., dated 10/31/05 | Freeman | Hearsay.  FRE 802. | | |
| 9 | C1810 | C1833 | Chevron Nigeria Limited Report and Financial Statements, dated December 31, 1996 | Howard | Irrelevant; too remote in time.  FRE 401-402. | | |
| 9 | B11858 | B11874 | Memo from Derr to Matzke etc., dated 2/5/98, re: Executive Committee meeting report | Ronn | Memo to Executive Committee re: futures trading is irrelevant and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 9 | | | Photographs | Ebert | | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 10 | | | Expert Report of Professor Louis T. Wells, Jr., dated 10/31/05 | Freeman | Hearsay.  FRE 802. | | |
| 10 | C17517 | C17518 | Email from Haastrup to Simmons etc., dated 1/15/96, re: CNL rig incident- Jan 8 | Cavalli | | | |
| 11 | C0039 | C0041 | Log of Parabe Situation, dated 5/25/98-5/28/98 | Cavalli | | | |
| 11 | NF0002 | NF0006 | Larry Bowoto, et al. v. Chevron Corp, et al., Document List | Freeman | | | |
| 12 | C0938 | C0939 | Email from Hana to Fidler dated 5/29/98, 3:50 a.m., re: FW Parabe Statement and Wire Stories | Cavalli | Partial Dupe of 12, cumulative.  FRE 401-403.  Contains hearsay, information not based on personal knowledge.  FRE 602, 802. | | |
| 12 | | | Declaration of Walker C. Taylor in Support of Defendants Motion for Summary Judgment (Phase One), dated 5/23/03 | Freeman | Hearsay.  FRE 802. | | |
| 13 | C0910 | C0909 | E-mails from Hana to Taylor etc., dated 5/29/98 7:16 am, re: RE: Parabe Field | Cavalli | Partial Dupe of 60 & 131, improper compilation of documents, will be confusing.  FRE 401-403.  Incomplete FRE 106.  No objection to second page. | | |
| 13 | | | Chart, Summary of Corporation Name Changes | Freeman | Chart improperly reflects relevant time period includes 1999.  FRE 401-403. | | |
| 14 | | | Chart, Summary of Corporation Name Changes, w/ handwritten notes | Freeman | Chart improperly reflects relevant time period includes 1999.  FRE 401-403. | | |
| 15 | C0411 | C0411 | Email from Schull to Bates etc., dated 5/29/98 11:32 am, re: CNL Parabe Production Platform Situation Update-Friday May 29th | Cavalli | | | |

7

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 15 | C0742 | C0742 | Chevron Corporation Board of Directors Chart, dated 1998 | Matzke | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 15 | | | Declaration of Richard H. Matzke in Support of Defendants Opposition to Plaintiffs Motion for Leave to file Eighth Amended Complaint and Motion in Limine for Application of Judicial and/or Equitable Estoppel, dated 1/30/06 | Freeman | Hearsay.  FRE 802. | | |
| 16 | B00001 | B00012 | Chevron Corporation Stockholders, Board of Directors Charts | Matzke | 2000 organization charts prepared for informational purposes only for Chevron Corporation are irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time.  FRE 401-403. | | |
| 16 | C0917 | C0917 | Email from Schull to Kirkland, dated 5/30/98, re: FW: Missing Items, Parabe Incident | Cavalli | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 16 | C0840 | C0840 | Excerpt from 1996 Annual Report, "Glossary of Energy and Financial Terms" | Freeman | Exhibit is irrelevant, unduly prejudicial and confusing.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 17 | C0406 | C0407 | Letter from Matzke to Derr, dated May 29, 1998, re: Parabe Platform Update, with handwritten notes | Matzke | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 17 | C0771 | C0771 | Excerpt from 1997 Annual Report, "Glossary of Energy and Financial Terms" | Freeman | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 18 | C0456 | C0457 | Same as Exhibit 17, but without Handwritten Notes | Matzke | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 18 | C0701 | C0701 | Excerpt from 1998 Annual Report, "Glossary of Energy and Financial Terms" | Freeman | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same. *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995). *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 19 | C0455 | C0454 | Email from Loo to Wilcox etc., dated 5/29/98 3:29pm, re: FW: Parabe RHM Memo, and attached email chain | Matzke | Incomplete. FRE 106. Improper compilation of documents. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 19 | C0635 | C0635 | Excerpt from 1999 Annual Report, "Glossary of Energy and Financial Terms" | Freeman | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 19 | B11790 | B11821 | Excerpt of Deposition of Thomas J. Schull, dated 2/7/02 | Ronn | Irrelevant, waste of time.  FRE 401-403. | | |
| 20 | C0046 | C0048 | Letter from Uwaka to Mukakperuo etc., dated 6/4/98, re: Report of Unlawful Trespass, Threat to Lives, Economic Sabotage, Armed Robbery, and Kidnap | Matzke | Dupe of 373 (Neku), 433 (Uwaka), 59 (Taylor), 190 (Lorenz).   FRE 802 | | |
| 20 | C23460 | C23461 | MDC Personnel Proposal proposed by Matzke, dated 1/7/99 | Freeman | 1999 Management Development Committee proposal is irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 20 | B11838 | B11841 | FOB Oil Sales Agreement Escravos Crude Oil, dated 1/17/01 | Ronn | 2001 crude sales agreement is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 21 | C0050 | C0053 | Report from Neku to Uwaka, dated June 2, 1998, re: Invasion of CBL 101/Parabe Platform | Matzke | | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 21 | C049125 | C049128 | FOB Oil Sales Agreement Escravos Crude Oil, dated 1/17/01 | Freeman | 2001 crude sales agreement is irrelevant, unduly prejudicial and would mislead the jury. FRE 401-403. | | |
| 21 | B11842 | B11857 | Excerpt of Deposition of Russell Kinoshita, dated 12/6/05 | Ronn | Irrelevant, waste of time. FRE 401-403. | | |
| 22 | C0431 | C0432 | E-mail from Lavington to Matzke etc., dated May 28, 1998 10:00am, re: FW: WSJ - Nigerians Suit alleges Chevron Backed Attacks That Violated Human Rights | Matzke | Article is hearsay. FRE 802. Cumulative of other evidence. Prejudice outweighs any probative value. FRE 401-403 | | |
| 22 | C1787 | C1801 | Memo from CNL-London etc. to Kirkland etc., dated 9/30/96, re: CIT/CNL/COCNL Cooperation Agreement, w/ multiple sales agreements attached | Freeman | Memo re: 1996 crude sales agreement is irrelevant, unduly prejudicial and would mislead the jury. FRE 401-403. | | |
| 23 | C17094 | C17095 | Chart showing Intercompany Balances before and after Realignment, dated 7/31/1999 | Matzke | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same. *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995). *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 23 | C1168 | C1173 | Letter from Matzke to Derr etc., dated 1/26/98, re: Chevron Nigeria Futures Market Trading: Request for Corporate Approval | Freeman | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 24 | C0909 | C0909 | E-mails from Taylor to Fidler etc., dated June 1, 1998, re: FW: Parabe Platform Incident-Situation Update | Matzke | Lacks personal knowledge.  FRE 602.  Cumulative of other evidence.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 25 | C0372 | C0383 | Letter from Matzke to Derr etc., re: Response Letter On Concerns About Chevron Activities in Nigeria, with proposed response to Ambassador Young, REDACTED | Matzke | Defendants object to any discussion of the Opia/Ikenyan events as improper given plaintiffs representation to the Court that they did not intend to rely on such events. Additionally, they are not relevant to Parabe and are prejudicial given the discovery defendants were foreclosed from taking when plaintiffs discovery "new" facts. FRE 401-403.  Letter from Andrew Young and from person asserting to have heard account of Parabe and Opia/Ikenyan from unnamed source are not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statements not based on personal knowledge, but hearsay accounts FRE 602, 802.  Given the inadmissibility of the underlying letters, admitting any part of this exhibit would be confusing and misleading.  FRE 401-403. | | |
| 26 | C17408 | C17409 | Email from Haastrup to Lorenz etc., dated 10/26/98, re: RE: Nigeria/Parabe Response | Matzke | To the extent this relates to post-Parabe events it is irrelevant.  It is also cumulative. FRE 401-403.  It contains hearsay and information not based on personal knowledge.  FRE 401-403. | | |
| 27 | C0387 | C0387A | E-mail from Mackie to Derr etc., dated November 10, 1998, re: Nigeria/Parabe draft 7 | Matzke | Draft letter is irrelevant and cumulative of other evidence.  FRE 401-403. | | |
| 28 | C3225 | C3225 | Chevron Policy, "On Temporary International Assignment," dated 1/9/01 | Schull | 2001 policy is irrelevant, too remote in time and not evidence of specific agency.  FRE 401-403. | | |
| 29 | | | Declaration of Thomas J. Schull in Support of Defendant's Motion to Dismiss | Schull | FRE 802 | | |
| 30 | C17520 | C17522 | Fax dated 1/9/96 to Schull from "Bob S." with two-page attachment re: "Youth Group Rig Siege" | Schull | | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 31 | C17524 | C17524 | Fax, dated May 27, 1998, to Bates, Lorenz and Low from T.J. Schull Re: Parabe Production Platform | Schull | No objection, except FRE 401, 403, 802, 901 as to handwriting on first page | | |
| 32 | C17526 | C17526 | Fax, dated May 27, 1998 to Chalvsky from T.J. Schull, Re: Parabe Production Platform, Situation Report | Schull | | | |
| 33 | C17525 | C17525 | Fax, dated May 27, 1998, to Bates Lorenz and Low, from T.J. Schull, Re: Parabe Production Platform, stamped "Received Int'l Relations" | Schull | | | |
| 34 | C0466 | C0468 | E-mail from Schull to Koelmel, etc. dated 5/28/98 re: FW: Parabe Field, with attachment entitled, "Statement by Chevron Nigeria Limited on the Invasion of NNPC/Chevron Offshore Parabe Production Platform" | Schull | | | |
| 35 | C0460 | C0461 | Email from Bates to Schull, etc., dated 5/28/98 re: Parabe Field | Schull | Not relevant because it is draft, no evidence it was used, cumulative, waste of time.  FRE 401-403, hearsay, lack of personal knowledge FRE 602, 802 | | |
| 36 | | | Amended Notice of Deposition of Defendant ChevronTexaco Corporation (Part I) Pursuant to F.R.C.P.. 30(b)(6) dated 12/31/01 | Cesnik | Deposition notice is irrelevant and would confuse the jury.  FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 37 | C1582 | C1585 | Chevron Policy Manual, Policy 2, Management, Compliance Procedures and Guidelines | Cesnik | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 38 | C1664 | C1665 | Chevron Policy Manual Policy 322, External Relations Political Contributions | Cesnik | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 39 | C1666 | C1667 | Policy 324, External Relations, Payments to Government Officials | Cesnik | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

**PLAINTIFFS' DEPOSITION EXHIBITS**

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 40 | C17594 | C17630 | Manual of Compliance Procedures and Guidelines | Cesnik | 2001 Compliance manual is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  Bowoto, 312 F. Supp. 2d at 1240 (quoting Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 41 | C17749 | C17762 | Guidelines for Compliance with the Foreign Corrupt Practices Act dated 4/20/99, from COPI in San Ramon, CA | Cesnik | Exhibit is irrelevant, unduly prejudicial and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including FCPA compliance. *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly). *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 42 | | | Chevron Corporation's Response to Plaintiffs' Special Set of Interrogatories, Pursuant to Court Order of March 16, 2001 | Cesnik | Exhibit is improperly designated. Proper procedure was to designate it as part of discovery designations. Irrelevant; confusing to the jury. FRE 401-403. | | |
| 43 | | | ChevronTexaco Corporation's Supplemental Response to Plaintiffs' Special Set of Interrogatories Pursuant to Court Order of 3/16/01 | Cesnik | Exhibit is improperly designated. Proper procedure was to designate it as part of discovery. Irrelevant; confusing to the jury. FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 44 | C1778 | C1779 | E-mail from Walonen to Brown dated 3/10/97 re: FW: Mail Failure | Cesnik | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 45 | C1776 | C1777 | E-mail dated 4/29/97 from Walonen to Brown re: FCPA | Cesnik | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
|  | **PLAINTIFFS' DEPOSITION EXHIBITS** |
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 46 | C1682 | C1684 | Chevron Policy Manual, Policy 570, "Operating - Security: Security of Personnel and Assets" | Taylor | | | |
| 47 | C17517 | C17518 | E-mail form Haastrup to Kim Simmons dated 1/15/96 re: CNL Rig Incident - Jan. 8 | Taylor | | | |
| 48 | C13253 | C13254 | E-mail from Corr to Anderson, etc. dated 2/12/96 re: Facilitating Payment | Taylor | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 49 | C13256 | C13257 | E-mail from Corr to Walonen, etc. dated 6/17/96 re: Facilitating Payment | Taylor | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 50 | C1778 | C1779 | E-mail from Walonen to Brown dated 3/10/97 re: FW: Mail Failure | Taylor | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 51 | C1776 | C1777 | E-mail dated 4/29/97 from Walonen to Brown re: FCPA | Taylor | Exhibit is irrelevant, unduly prejudicial and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including FCPA compliance. *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly). *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |
| 52 |  |  | Declaration of Scott Davis in Support of Defendant's Motion to Dismiss | Taylor | Rule 802 |  |  |
| 53 | C0462 | C0462 | E-mail from Schull to Lorenz, etc. dated 5/28/98, 10:50 a.m., re: Parabe Situation Press Release | Taylor |  |  |  |
| 54 | C0458 | C0459 | E-mail from Lorenz to Schull, etc. dated 5/29/98, 8:50 a.m., re: Parabe Wires | Taylor | Newspaper articles are inadmissible hearsay not based on personal knowledge. FRE 602, 802. |  |  |
| 56 | C0912 | C0912 | E-mail from Hana to Taylor, etc. dated 5/29/98 re: Texaco | Taylor | Email dated 5/29/98 and relating to Texaco platforms is irrelevant, waste of time. FRE 401-403. |  |  |
| 57 | C0030 | C0031 | Letter from Ilaje Eight United Oil Producing Communities Association to CNL General Manager dated 5/24/98 re: Emergency Message to Tighten or Beef Up Security | Taylor |  |  |  |
| 58 | C0297 | C0298 | May 28, 1998 letter to Commissioner of Police, Ondo State Command | Taylor | FRE 802, 901 |  |  |

| PLAINTIFFS' DEPOSITION EXHIBITS |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 59 | C0046 | C0048 | Letter from Uwaka to Mukakperuo etc., dated 6/4/98, re: Report of Unlawful Trespass, Threat to Lives, Economic Sabotage, Armed Robbery, and Kidnap | Taylor | Dupe of 373 (Neku), 433 (Uwaka), 190 (Lorenz), 20 (Matzke).  FRE 802 | | |
| 60 | C0910 | C0910 | E-mail from Joe Hana, May 29, 1998, to Scott Taylor, MacLeod, Re:  Parabe Field | Taylor | Partial Dupe of 131 & 13; incomplete FRE 106. | | |
| 61 | C0466 | C0468 | E-mail from Schull to Koelmel, etc. dated 5/28/98 re: FW: Parabe Field, with attachment entitled, "Statement by Chevron Nigeria Limited on the Invasion of NNPC/Chevron Offshore Parabe Production Platform" | Taylor | | | |
| 62 | C0938 | C0941 | Email from Hana to Fidler dated 5/29/98, 3:50 a.m., re: FW Parabe Statement and Wire Stories | Taylor | Partial Dupe of 12, cumulative.  FRE 401-403.  Contains hearsay, information not based on personal knowledge.  FRE 602, 802. | | |
| 63 | C17527 | C17527 | E-mail from Schull to Loo, etc. dated 6/1/98 re: Parabe Platform Incident Situation Update | Taylor | | | |
| 64 | C17318 | C17323 | Fax cover sheet, Dec. 23, 1998 to Joe Lorenz, Billy Watkins, Sola Omole, from Irwin, Re:  Kaiama Declaration (attached) | Taylor | Fax dated 12/23/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 7(Cotta), 80 (Kirkland), 435 (Uwaka) | | |
| 65 | C0913 | C0915 | Email from Omole to Connor, etc. dated 12/18/98 re: Ijaw Declaration | Taylor | Email strong dated 12/18/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 145 (Schull), 116 (Haastrup) | | |
| 66 | C17324 | C17325 | Niger Delta Situation and Chevron Update, REDACTED | Taylor | Information regarding late 1998 Ijaw unrest is irrelevant and misleading.  Reference to Opia/Ikenyan is prejudicial and irrelevant.  Plaintiffs' may not mention Opia/Ikenyan absent responding to discovery into why those plaintiffs dismissed their claims.  FRE 401-403.  Cumulative of other evidence including 319.  FRE 401-403.  Handwritten notes are hearsay.  FRE 802 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 67 | C17338 | C17341 | Email from Macleod to Irwin etc. dated 1/21/99 re: Africa Communications Strategy | Taylor | This document post-dates Parabe and does not relate to Parabe and is irrelevant, a waste of time and has the potential to confuse the jury.  FRE 401-403. It also contains hearsay that is not based on personal knowledge.  FRE 602, 802 | | |
| 68 | C13362 | C13392 | Security Review Team Report dated 2/11/99, entitled "Security Review of CNL Field Locations." | Taylor | Security review dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability.  FRE 401-403, 407. Dupe of 1012 (Pell) | | |
| 69 | C2921 | C2927 | Contractor Service Agreement, CNL and McDermott-ETPM West and Globestar Engineering Co., Inc, dated 11/3/95 | Kirkland | 1995 document is too remote.  FRE 401-403. | | |
| 70 | C2928 | C2936 | Amendment to Contractor Service Agreement | Kirkland | 1985 document is too remote.  FRE 401-403. | | |
| 71 | C3026 | C3027 | Amendment No. 6 to Contractor Service Agreement | Kirkland | 1999 amendment to contract is irrelevant, too remote in time, and would confuse the jury. FRE 401-403. | | |

|  | PLAINTIFFS' DEPOSITION EXHIBITS |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 72 | C1058 | C1069 | Resolutions of the Executive Committee of Chevron Corporations, June 24, 1997 | Kirkland | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 73 | C1056 | C1057 | Letter from Derr to Matzke and others, dated 6/24/1997, re: Executive Committee meeting, proposed CNL US Dollar borrowing authority of up to $100 million, increase in CNL's Naira borrowing authority, proposal to initiate discussions with the Nigerian government on alternative ways to finance the Gbokoda/Dibi Development project. | Kirkland | Exhibit is duplicative of 5202.  FRE 403.  1997 letter re: financing is irrelevant, too remote and is not evidence of specific agency.  Would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 74 | C0184 | C0185 | Letter from Opia Community dated 6/6/1998 seeking compensation for pollution | Kirkland | Letter relating to Opia is irrelevant, waste of time, prejudicial; hearsay.  FRE 401-403, 802; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 75 | C0179 | C0179 | Note from Haastrup to Omole, dated June 15, 1998 | Kirkland | Handwritten notes dated 6/15/98 related to Opia is irrelevant, waste of time and prejudicial.  FRE 401-403; see also Emiko Dep., pp. 316-317.  Dupe of 1074 (Emiko) | | |
| 76 | C0188 | C0188 | Memo from Ribadu to Idowu etc., dated July 15, 1998, re: Opia and Ikenyan meetings | Kirkland | Opia/Ikenyan evidence that has no relevance to Parabe and that contains hearsay statement.  FRE 401-403, 602, 802. | | |
| 77 | C0194 | C0197 | CNL fax to Bola Phillips, re: Confirmation Reports on agreements with Opia and Ikenyan | Kirkland | Opia/Ikenyan evidence that has no relevance to Parabe and would be a waste of time and prejudicial.  FRE 401-403. | | |
| 78 | C0181 | C0183 | Handwritten note from Omole to Haastrup etc., dated 10/6/98 | Kirkland | Notes dated 6/98 unrelated to Parabe is irrelevant, waste of time and prejudicial attempt to backdoor Opia/Ikenyan evidence.  FRE 401-403. | | |
| 80 | C17318 | C17323 | Fax cover sheet, Dec. 23, 1998 to Joe Lorenz, Billy Watkins, Sola Omole, from Irwin, Re: Kaiama Declaration (attached) | Kirkland | Fax dated 12/23/98 unrelated to Parabe is irrelevant, waste of time.  Dupe of 64 (Taylor), 7 (Cotta), 435 (Uwaka) & 1374 (Ribadu) | | |
| 83 | C0442 | C0444 | Fax from Matzke to Derr, dated 1/20/99, re: Niger Delta Situation & Chevron Update, REDACTED | Kirkland | Opia/Ikenyan evidence that has no relevance to Parabe and would be a waste of time and prejudicial.  FRE 401-403. | | |
| 84 | C17324 | C17325 | Niger Delta Situation and Chevron Update, REDACTED | Kirkland | Information regarding late 1998 Ijaw unrest is irrelevant and misleading.  Reference to Opia/Ikenyan is prejudicial and irrelevant.  Plaintiffs' may not mention Opia/Ikenyan absent responding to discovery into why those plaintiffs dismissed their claims.  FRE 401-403.  Cumulative of other evidence including 319.  FRE 401-403.  Handwritten notes are hearsay.  FRE 802 | | |
| 85 | C0011 | C0011 | Letter from Akinkuotu to Kirkland, dated 4/29/98, re: Protest by the Ilaje Citizens of Ondo State | Kirkland | Hearsay.  FRE 802. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 86 | C0012 | C0015 | Letter from Concerned Ilaje Citizens to CNL Managing Director, dated 4/9/98, re: You Have Grossly Cheated Us | Kirkland | | | |
| 87 | C0008 | C1684 | Chairman/MD's Office Routing List | Kirkland | Hearsay.  FRE 802. | | |
| 88 | C0451 | C1777 | Email from Haastrup to Anyigbo etc., dated 9/30/98, re: FW: Nigeria: Parabe Inquiry from Reuters | Kirkland | Hearsay, lack of personal knowledge, more prejudicial than probative.  FRE 401-403, 602, 802. | | |
| 89 | C17765 | C17765 | Personnel Announcement from Matzke to Officers and Department Heads- Corporation Heads of Operating Companies, dated 12/16/96, re: Scott Davis will assume the position of Manager- Reservoir Management in CNL, Lagos | Kirkland | 1996 announcement of job assignment is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 90 | C17763 | C17763 | Document Entitled "Fixed Duration Assignment Offer," dated 12/3/98, re: Manager- Operations | Kirkland | 1998  job assignment is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 91 | C17763 | C17775 | Document Entitled "Fixed Duration Assignment Offer," dated 12/3/98, re: Manager - Operations | Davis | 1998  job assignment is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 92 | C1591 | C1592 | Chevron Policy Manual, Policy 50, Crisis Management, effective date December 2, 1999 | Davis | December 1999 policy is irrelevant, remote in time and would mislead the jury. FRE 401-403, 407. | | |
| 98 | C13324 | C13327 | Document entitled "Jan 1 - Jan 13, 1999, Diary, S. E. Davis," REDACTED | Davis | Diary dated Jan. 1999 unrelated to Parabe is irrelevant, waste of time and prejudicial attempt to backdoor Opia/Ikenyan evidence.  FRE 401-403. | | |
| 99 | C0030 | C0031 | Handwritten letter from Ilaje Eight to The General Manager, Public Affairs Dept., dated 5/24/98, re: Emergency Message: To Tighten of Beef Up Security" | Davis | | | |
| 100 | | | Declaration of Scott Davis in Support of Defendant's Motion to Dismiss | Davis | FRE 802 | | |
| 101 | C13320 | C13323 | Diary of S.E. Davis, dated 5/20/98-6/3/98 | Davis | Dupe of 538 (Browne, Ray)  FRE 401, 403 as to 5/21-5/23 and 6/1 to 6/3.  No objection to remainder | | |
| 102 | C13431 | C13436 | Minutes of Status Review Meeting, dated 12/8/99, re: Security Review Team Action Plan | Davis | Irrelevant, waste of time and subsequent remedial measures cannot be used to show liability. FRE 401-403, 407. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 103 | C17776 | C17777 | Letter to Haastrup from Assangha dated 10/11/99, re: Temporary Foreign Assignment, A.O. Haastrup – 40682 | Haastrup | 1999  job assignment is irrelevant, too remote in time, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 104 | C17766 | C17766 | Letter from Edman to Deji Haastrup, dated December 15, 1995, re: Promotion | Haastrup | 1995 letter re:  job promotion is irrelevant, too remote in time, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 105 | C0012 | C0014 | Letter from Concerned Ilaje Citizens to The Managing Director CNL, dated 4/9/1998, re: You Have Grossly Cheated Us | Haastrup | | | |
| 106 | C0011 | C0011 | Letter from Akinkuotu to CNL Managing Director, dated 4/29/98, re: Protest by Ilaje Citizens of Ondo State | Haastrup | Partial dupe of 1431 (Omosaye)  FRE 802 | | |
| 107 | C0001 | C0003 | Letter from Concerned Ilaje Citizens to the Military Administrator, dated 4/30/98, re: We are posed for action | Haastrup | Double hearsay.  FRE 802.  Dupe of 121 (Schull), 291 (Omole) | | |
| 108 | C0004 | C0007 | Letter from Ilaje Eight to CNL Managing Director, dated 5/2/98, re: Position Paper of the Oil Producing Communities in Ilaje Land on the Illegal Activities and Nuisance of the So Called "Concerned Ilaje Citizens" | Haastrup | | | |
| 109 | C0009 | C0010 | Letter from Onyearugbulem to CNL-Managing Director, dated May 7, 1998, re: A Call for Action | Haastrup | Double hearsay.  FRE 802.  Dupe of 294 (Omole), 473 (Adebawo) | | |
| 110 | C0016 | C0017 | Letter from Omole to Akinkuoto, dated 5/8/98, re: Protest by Ilaje Citizens of Ondo State | Haastrup | | | |
| 111 | C0018 | C0019 | Letter from Ilaje Eight United Communities to The General Manager Public Affairs Department Chevron Nigeria Limited re: Position Paper of the Recognized Groups/Communities in Chevron Operation Area of Ilaje land - Ondo State dated May 11, `998 | Haastrup | | | |
| 112 | C0020 | C0023 | Minutes of Meeting Held with the Ilaje Concessional Group at OBE – Sedara Community Held on May 14, 1998 | Haastrup | | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 113 | C0024 | C0025 | Letter from Concerned Ilaje Citizens to CNL Managing Director, dated 5/18/98, re: Your Disregard for Peace Moves | Haastrup | Dupe of 122 (Schull), 503 (Bowoto) | | |
| 114 | C0026 | C0029 | Letter from Ilaje Eight to Onyearugbulem, dated May 22, 1998, re: Position Paper on the Illegality and Nuisance of the Concerned Ilaje Citizens Oil Politics | Haastrup | | | |
| 115 | C0030 | C0031 | Handwritten letter from Ilaje Eight to The General Manager, Public Affairs Dept., dated 5/24/98, re: Emergency Message: To Tighten of Beef Up Security" | Haastrup | | | |
| 116 | C0913 | C0915 | Email from Omole to Connor etc., dated 12/18/98, re: RE: Ijaw Declaration | Haastrup | Email dated 5/29/98 and relating to Texaco platforms is irrelevant, waste of time.  FRE 401-403.  Dupe of 56 (Taylor), 145 (Schull) | | |
| 118 | C0884 | C0885 | Letter from Omole to Kirkland etc., dated 6/12/98, re: Negotiations with Ilaje RE-Parabe Incident | Haastrup | FRE 401, 403, 408, 802 | | |
| 119 | C17685 | C17686 | Log of Itsekiri takeover of Parabe from March 22-24, 1998 | Schull | | | |
| 120 | C0008 | C0010 | Routing slip, with two-page document dated 5/7/98 entitled Office of the Military Administrator, Ondo State of Nigeria, "A Call for Action" | Schull | FRE 802 | | |
| 121 | C0001 | C0003 | Letter from Concerned Ilaje Citizens to the Military Administrator, dated 4/30/98, re: We are posed for action | Schull | Double hearsay.  FRE 802.  Dupe of 107 (Haastrup), 291 (Omole) | | |
| 122 | C0024 | C0025 | Letter from the Concerned Ilaje Citizens, stamped received by CNL 5/25/98, General Manager, Public Affairs, CNL, entitled, "Your Disregard for Peace Moves" | Schull | | | |
| 123 | | | The Marginalisation of the Ilajes of Ondo State by Companies Prospecting for and Exploiting Crude Oil in the Area:  A Case Study of Chevron (Nigeria) Limited | Schull | FRE 401, 403, 802 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
| 124 | C0462 | C0462 | E-mail from Thomas Schull, sent May 28, 1998, Re: Parabe Situation Press Release | Schull | | | |
| 125 | C0463 | C0465 | Email from Lorenz to Bates etc., dated 5/28/98, re: Parabe Statement and Wire Stories | Schull | Articles are hearsay.  FRE 802.  Irrelevant to the extent statement was not distributed. Cumulative of other evidence.  FRE 401-403 | | |
| 126 | C2888 | C2888 | Parabe Platform Update- San Ramon, CA, May 29, 1998, two-page letter to Derr from Matzke | Schull | The newspaper article is inadmissible hearsay not based on personal knowledge. FRE 602, 802. | | |
| 127 | C0406 | C0407 | Letter from Matzke to Derr dated 5/29/98 re: Parabe Platform Update | Schull | Cumulative.  FRE 401-403.  Hearsay, lacks personal knowledge.  FRE 602, 802. | | |
| 130 | C0411 | C0411 | Email from Bates to Bates etc., dated 5/29/98, re: CNL Parabe Production Platform Situation Update- Friday May 29th | Schull | | | |
| 131 | C0910 | C0911 | E-mail from Joe Hana, May 29, 1998, to Scott Taylor, MacLeod, Re:  Parabe Field | Schull | Partial Dupe of 60 & 13, incomplete FRE 106. | | |
| 132 | C0454 | C0454 | E-mail from Lorenz to Libbey etc., dated 5/29/98, re: CNL Parabe Production Platform Situation Update- May 29th | Schull | | | |
| 133 | C0455 | C0457 | Email from Loo to Wilcox etc., dated 5/29/98, re: FW: Parabe RHM Memo | Schull | Irrelevant because exhibit is internal document and cumulative of other evidence including 4041.  FRE 401-403 | | |
| 134 | C0077 | C0078 | E-mail from Deji Haastrup June 1, 1998, to Kirkland, Schull, Omole, Davis, etc., Re:  Today's Ugbo Negotiation | Schull | Dupe of 187 (Lorenz)  FRE 401, 403, 408, 409, 802 | | |
| 135 | C0909 | C0909 | E-mail from Scott Taylor, June 1, 1998, to Arnold Fidler, Re:  Parabe Platform Incident-Situation Update, forwarding email from Schull | Schull | Lacks personal knowledge.  FRE 602. Cumulative of other evidence.  FRE 401-403 | | |
| 136 | C0049 | C0049 | Fax to Fabio Saturni, Stephen Chalvsky from T. Schull, June 1, 1998, Re:  Parabe Platform Incident - Situation Update | Schull | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 137 | C0428 | C0430 | E-mail from Cedric Lavington to Ray Wilcox etc., dated October 12, 1998, re: Reuters - Parabe article | Schull | The newspaper article is inadmissible hearsay not based on personal knowledge. FRE 602, 802.  The threat of the lawsuit is a waste of time because the jury already knows there is a lawsuit and it is not probative of any issue in the litigation.  FRE 401-403. | | |
| 138 | C2903.2 | C2910 | Letter from Williams to Bullock, dated 8/19/98, re: response letter summarizing events w/ attached "Parabe Chronology" | Schull | Letter from person asserting to have heard account  of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statements not based on personal knowledge, but hearsay accounts FRE 602, 802.  Improper compilation, the overall document is not probative of plaintiffs' claims and would be a waste of time and more prejudicial than probative.  It also contains hearsay not based on personal knowledge.  FRE 401-403, 602, 802. | | |
| 139 | C17375 | C17377 | KPFA Radio Transcript of September 30, 1998 Broadcast - Verna Avery Brown, anchor | Schull | Transcript is hearsay.  Libby lacks personal knowledge.  FRE 602, 802.  Incomplete document.  Prejudice outweighs possible probative value, if any.  Cumulative of other evidence.  FRE 401-403 | | |
| 140 | C0442 | C0445 | Fax from Matzke to Derr, dated 1/20/99, re: Niger Delta Situation & Chevron Update, REDACTED | Schull | Information regarding late 1998 Ijaw unrest is irrelevant and misleading.  Reference to Opia/Ikenyan is prejudicial and irrelevant. Plaintiffs may not mention Opia/Ikenyan absent responding to discovery into why those plaintiffs dismissed their claims.  FRE 401-403.  Cumulative of other evidence including 319.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 141 | C0436 | C0437 | E-mail from Lavington to Wilcox etc, dated November 18, 1998, re: FW: "latest on Parabe protest and media activity" | Schull | Comments on Chronicle and Guardian are hearsay. FRE 802. Prejudice that protest occurred and information regarding protest outweighs any potential probative value. Cumulative of other evidence. FRE 401-403 | | |
| 142 | C17342 | C17342 | E-mail from Lavington to Soper etc., dated November 18, 1998, re: Parabe/Nigeria | Schull | | | |
| 143 | C17346 | C17348 | E-mail from Fred Gorell, December 8, 1998, to Joe Lorenz, Re: Chevron Ecofile - Nigeria Interview Request | Schull | Cumulative of other evidence. Irrelevant because no evidence that interview occurred. Misleading. FRE 401-403. Summary of interview format is hearsay. FRE 802 | | |
| 144 | C0586 | C0586 | Chevron's Statement Regarding Seizure of Nigerian Parabe Offshore Platform, on printout from Chevron's web site dated 9/26/00 | Schull | | | |
| 145 | C0913 | C0915 | E-mail from Omole to Connor etc., dated December 18, 1998, re: RE: Ijaw Declaration | Schull | Email dated 5/29/98 and relating to Texaco platforms is irrelevant, waste of time. FRE 401-403. Dupe of 56 (Taylor), 116 (Haastrup) | | |
| 147 | C0426 | C0427 | E-mail from Cedric Lavington to Sarah Loo, November 23, 1998, Re: Nigeria Articles, NYT & DJ | Schull | The newspaper article is inadmissible hearsay not based on personal knowledge. FRE 602, 802. | | |
| 148 | C19451 | C19451 | E-mail from Joe Lorenz to Omole etc., dated 5/26/98 4:42 pm, re: Parabe Production Shut-In | Lorenz | Hearsay, lacks personal knowledge. FRE 602, 802. | | |
| 149 | C19450 | C19450 | E-mail from Lorenz to Schull etc., dated May 28, 1998, 11:55 a.m., re: Wire Story | Lorenz | | | |
| 150 | C19449 | C19449 | E-mail from Joe Lorenz to Libbey etc., dated May 28, 1998 11:59 am, re: FW: Parabe Situation Press Release | Lorenz | | | |
| 151 | C19349 | C19350 | E-mail from Lorenz to Bates, dated 5/28/98 1:27 pm, re: FW: Chevron Nigeria | Lorenz | The newspaper article is inadmissible hearsay not based on personal knowledge. FRE 602, 802. | | |
| 152 | C19351 | C19354 | Email from Lorenz to Taylor, dated 5/28/98 5:06 pm, re: FW: Parabe Statement and Wire Stories | Lorenz | The newspaper article is inadmissible hearsay not based on personal knowledge. FRE 602, 802. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 153 | C19355 | C19358 | Email from Lorenz to Pryor etc., dated 5/29/98 8:28 am, re: FW: Parabe Statement and Wire Stories | Lorenz | The newspaper article is inadmissible hearsay not based on personal knowledge. FRE 602, 802. | | |
| 154 | C19368 | C19369 | E-mail from <unknown> to Pryor etc., dated 5/29/98 8:28 am, re: FW: Parabe Media Statement and Wire Stories | Lorenz | The newspaper article is inadmissible hearsay not based on personal knowledge. FRE 602, 802. | | |
| 155 | C0912 | C0912 | Email from Hana to Taylor etc., dated 5/29/98 9:14 am, re: Texaco | Lorenz | Irrelevant, waste of time.  FRE 401-403. | | |
| 156 | C19364 | C19366 | Email from Lorenz to Wilcox, dated 5/29/98 10:46 am, re: Parabe RHM Memo Update | Lorenz | | | |
| 157 | C19361 | C19363 | E-mail from Lorenz to Bates, dated 5/29/98 10:47 am, re: FW: Parabe RHM Memo | Lorenz | | | |
| 158 | C0453 | C0453 | E-mail from Tom Schull to Sarah Loo, etc., dated 6/1/98 4:47 am, re: Parabe Platform Incident-Situation Update | Lorenz | | | |
| 159 | C0410 | C0410 | E-mail from Schull to Loo etc., dated 6/1/98, re: Parabe Platform Incident-Situation Update, REDACTED | Lorenz | Correspondence by CNL employee is hearsay.  FRE 802.  Cumulative of other evidence including 4942  FRE 401-403 | | |
| 160 | C19359 | C19359 | Email from Lorenz to Williams etc., dated 6/1/98, re: FW: Parabe Platform Incident-Situation Update | Lorenz | Lorenz email is hearsay.  FRE 802. Cumulative of other evidence. FRE 401-403 | | |
| 161 | C19360 | C19360 | Email from Lorenz to Libbey etc., dated 6/1/98, re: FW: Parabe Platform Incident-Situation Update | Lorenz | Cumulative of other evidence.  FRE 401-403 | | |
| 162 | C0057 | C0058 | Parabe Crisis - The Facts, events dated May 25-28 1998 | Lorenz | Hearsay, lack of personal knowledge.  FRE 602, 802. | | |
| 163 | C0901 | C0902 | The Parabe Crisis-The Facts- summary, dated 6/5/98 | Lorenz | Cumulative of other evidence.  FRE 401-403 | | |
| 165 | C17687 | C17688 | Itinerary for the Visit of Messrs Warner Williams John Flynn, Joe Lorenz, Luddy Hayden and Ray Tucker- Sunday, June 28-Wednesday, July 1, 1998 (Scenario Planning Meeting) | Lorenz | Irrelevant and waste of time.  FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 166 | C19378 | C19378 | Email from Lorenz to Omole, dated 8/11/98, re: Shell's ERA Response | Lorenz | Except for third paragraph, this email is irrelevant. FRE 401-403. The attachment, which relates to Shell, is irrelevant and a waste of time, hearsay, and not based on personal knowledge.  FRE 401-403, 602, 802. | | |
| 168 | C17952 | C17969 | North Offshore Morning Report, dated May 20, 1998 - June 6, 1998 | Harrison | Dupe of 5379, 266 (Mitchell) & 1091 (Hervey).  FRE 401, 403 as to 5/20 to 5/24, 6/2 to 6/6; no objection to remainder | | |
| 169 | C17779 | C17835 | Drilling Activity Report, dated  5/25/1998 - 1/12/1999 | Harrison | Partial Dupe of 5374.  FRE 401, 403 as to all dates outside of 5/25/98 to 6/1/98 | | |
| 170 | | | Drawing made by the witness | Harrison | Drawing of drill casing is irrelevant, waste of time and prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 171 | C17836 | C17874 | COPI Weekly Drilling Report - Distribution List, Week of 5/26/98 - 6/1/98 | Harrison | Dupe of 5372.  FRE 401, 403 | | |
| 172 | C17875 | C17891 | ChevronTexaco Daily Drilling Report, dated 10/8/2002 re: Operator status of operations | Harrison | 2002 drilling report is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 173 | C17892 | C17918 | ChevronTexaco Operations Summary Report dated 4/15/1998 - 5/2/2000, re: cumulative costs and 24hr summaries | Harrison | Dupe of 5375.  FRE 401, 403 | | |
| 174 | C17919 | C17951 | COPI Weekly Drilling Report - Distribution List, Week of 12/28/98 - 1/3/99 re: weekly updates and summaries of each drilling location | Harrison | Late 1998-January 1999 drilling report is irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence.  FRE 401-403.  Duplicative of 517 (Weakley). | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 175 | C1607 | C1610 | Chevron Policy Manual Policy 130, Financial Controls, Internal Controls | Guzdar | 1995 policy on financial controls is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); see also *Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 176 | C1611 | C1613 | Chevron Policy Manual, Policy 132, Financial Controls, Approval of Expenditures and Payment of Funds | Guzdar | 1995 policy on financial controls is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); see also *Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |||||||
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 177 | C1614 | C1618 | Chevron Policy Manual, Policy 134, Financial Controls, Auditing | Guzdar | 1995 policy on financial controls is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); see also *Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 178 | C17970 | C17977 | Guidelines for Compliance with the Foreign Corrupt Practices Act, re: Policies relating to Travel, gifts and entertainment expenses of Foreign Officials, Agreements and dealings with government officials, conflict of interest., dated 11/15/1996 | Guzdar | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |
| 180 | C19458 | C19461 | E-mail from Lorenz to Sheldon etc., dated 12/15/98, re: FW: News Highlights (Monday, Dec 14,1998), REDACTED | Davis | Articles are hearsay.  FRE 802. Information regarding late 1998 Ijaw crisis and Kaiama Declaration is irrelevant and misleading and also relates to Opia/Ikenyan. FRE 401-403.  Cumulative of other evidence including 260 & 301. FRE 401-403 | | |
| 182 | C19053 | C19057 | E-mail from Lorenz to Taylor etc., dated 10/21/98, re: RE: Security Posture- CNL | Davis | | | |
| 183 | C17350 | C17351 | Letter to the Editor, San Francisco Bay Guardian, dated December 3, 1998, signed by Kirkland | Davis | Cumulative of other evidence.  FRE 401-403 | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 184 | C0088 | C0089 | E-mail from Haastrup to Omole etc., dated July 24, 1998, re: Ilaje | Davis | Double hearsay. FRE 802. Offers to compromise or payment of expenses are barred when offered to show liability. FRE 408-409. Unduly prejudicial. FRE 403. Dupe of 475 (Adebawo) | | |
| 185 | C19359 | C19359 | E-mail from Joe Lorenz to Warner Williams etc., dated 6/1/98, re: FW: Parabe Platform Incident-Situation Update, REDACTED | Lorenz | Lorenz email is hearsay. FRE 802. Cumulative of other evidence. FRE 401-403 | | |
| 186 | C19360 | C19360 | E-mail from Lorenz to Libbey etc., dated 6/1/98, re: FW: Parabe Platform Incident-Situation Update, REDACTED | Lorenz | Cumulative of other evidence. FRE 401-403 | | |
| 187 | C0077 | C0078 | E-mail from Deji Haastrup to Kirkland, Schull, Omole, Davis, June 1, 1998, Re: Today's Ugbo negotiation | Lorenz | Dupe of 134 (Schull). FRE 401, 403, 408, 409, 802 | | |
| 188 | C0050 | C0053 | Report from Neku to Uwaka, dated June 2, 1998, re: Invasion of CBL 101/Parabe Platform | Lorenz | | | |
| 189 | C0901 | C0902 | Document entitled, "Parabe Crisis - The Facts" | Lorenz | Cumulative of other evidence. FRE 401-403 | | |
| 190 | C0046 | C0048 | Letter from Uwaka to Mukakperuo etc., dated 6/4/98, re: Report of Unlawful Trespass, Threat to Lives, Economic Sabotage, Armed Robbery, and Kidnap | Lorenz | Dupe of 373 (Neku), 433 (Uwaka), 59 (Taylor), 20 (Matzke). FRE 802 | | |
| 191 | C0893 | C0894 | E-mail from Haastrup to Omole, June 11, 1998, Re:  Ilaje Negotiations | Lorenz | FRE 401, 403, 408, 409, 802 | | |
| 192 | C19435 | C19442 | E-mail string, from Joe Lorenz to James Bates, July 15, 1998, re: FW: Nigeria | Lorenz | The attached environmental testimony is hearsay and unauthenticated. FRE 802, 602, 901.  The rest of the document would be a waste of time and is more prejudicial than probative.  FRE 401-403. | | |
| 193 | C0196 | C0196 | Send Confirmation Report Public Affairs Dept., 7-16-98 | Lorenz | Waste of time. FRE 401-403. | | |
| 194 | C19413 | C19416 | E-mail from Lorenz to Omole etc., dated July 20, 1998, re: FW: Greenwash this, if you would | Lorenz | Note to ChevWeb is hearsay.  FRE 802. Attachment is cumulative of other evidence including 1833. FRE 401-403.  ail exchange concerning note on ChevWeb is irrelevant and prejudicial.  FRE 401-403 | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 195 | C0061 | C0067 | Letter from Kirkland to Manby, dated 6/29/98, re: The Parabe Incident - The Facts | Lorenz | | | |
| 196 | C19031 | C19034 | E-mail from Lorenz to Omole etc., dated July 20, 1998, re: Chevrons Victims Seek Compensation/Compassion, including article from Punch entitled, "Chevron, Oil Communities Fail to Agree on Compensation Efforts" | Lorenz | FRE 401, 403, 802 (email and attachment) | | |
| 197 | C19417 | C19419 | Email from Lorenz to Omole etc., dated 7/20/98, re: RE: Greenwash this, if you would | Lorenz | Email from person asserting to have heard account of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statements not based on personal knowledge, but hearsay accounts FRE 602, 802 | | |
| 198 | C19420 | C19422 | Email from Lorenz to Omole, dated 7/20/98, re: RE: Greenwash this, if you would | Lorenz | Email from person asserting to have heard account of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statements not based on personal knowledge, but hearsay accounts FRE 602, 802 | | |
| 199 | C0076 | C0076 | Letter from Matthews to Williams, dated 7/20/98, re: request for response | Lorenz | Improper compilation of documents.  C0075 is from person asserting to have heard account of Parabe from unnamed source and is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statement is not based on personal knowledge, but hearsay accounts FRE 602, 802.  The attachments relating to the Kaiama declaration (C17318-323) are unrelated to Parabe, would be a waste of time and are more prejudicial than probative.  FRE 401-403.  They also contain hearsay and information not based on personal knowledge.  FRE 602, 801. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 200 | C19423 | C19426 | E-mail from Lorenz to Williams etc, dated July 21, 1998, re: Re: Greenwash this, if you would | Lorenz | Partial dupe of Ex. 201, those objections are incorporated here by reference.  The balance of the document has little probative value and is more prejudicial than probative and a waste of time.  FRE 401-403. | | |
| 201 | C19427 | C19428 | E-mail from Lorenz to Mary Schaefer etc., dated July 21, 1998, re: RE: Greenwash this, if you would | Lorenz | Email from person asserting to have heard account  of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statements not based on personal knowledge, but hearsay accounts FRE 602, 802. | | |
| 202 | C19370 | C19371 | E-mail from Lorenz to Alison Jones etc., dated July 23, 1998, re: RE: Nigeria | Lorenz | Email from person asserting to have heard account  of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statements not based on personal knowledge, but hearsay accounts FRE 602, 802. | | |
| 203 | C19372 | C19373 | E-mail from Lorenz to Omole etc., dated July 23, 1998, re: FW: Nigeria | Lorenz | Email from person asserting to have heard account  of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statements not based on personal knowledge, but hearsay accounts FRE 602, 802. | | |
| 204 | C0068 | C0073 | Letter to Kirkland from Bronwen Manby, dated July 28, 1998, re: attached report from Environmental Rights Acton | Lorenz | C0069-73 is inadmissible hearsay that is more prejudicial than probative and is unauthenticated.  FRE 401-403, 802, 901.  C0068 is irrelevant because it occurred after the facts.  FRE 401-403 and contains hearsay.  FRE 802. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 205 | C19429 | C19434 | E-mail from Lorenz to Warner Williams etc., July 30, 1998, re: Re: Parabe | Lorenz | Email from person asserting to have heard account of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403. The statements made by unnamed person are not based on personal knowledge, but hearsay accounts FRE 602, 802. Attachment is cumulative of other evidence including 1833. FRE 401-403. Email exchange concerning note on ChevWeb is irrelevant and prejudicial. FRE 401-403 | | |
| 206 | C19374 | C19377 | E-mail from Lorenz to Omole etc., dated July 31, 1998, re: Ilaje Village - Part 2 | Lorenz | Hearsay. FRE 802. Not relevant to claims or defenses. FRE 401-403. Declarant lacks personal knowledge FRE 602. | | |
| 207 | C19452 | C19453 | Email from Lorenz to Omole etc., dated 8/4/98, re: Platt's story on Chevron's Ewan Field | Lorenz | Article is hearsay. FRE 802. Information about environmental impact assessment of Ewan is outside the time and geographic limits set by the Court in the in limine order regarding the environment. Prejudice far outweighs probative value, if any. Incorrect assertion about 5 deaths at Parabe is irrelevant and misleading. FRE 401-403 | | |
| 208 | C19454 | C19457 | E-mail from Lorenz to Omole etc, dated August 4, 1998, re: FW: Nigeria 2 | Lorenz | Unrelated to Parabe or the Ilaje and therefore irrelevant and would be more prejudicial than probative and a waste of time. FRE 401-403. The email from "Neil g" is unauthenticated, irrelevant hearsay. FRE 602, 802, 901. | | |
| 209 | C19378 | C19385 | E-mail from Lorenz to Omole, dated August 11, 1998, re: Shell's ERA Response | Lorenz | Except for third paragraph, this email is irrelevant. FRE 401-403. The attachment, which relates to Shell, is irrelevant and a waste of time, hearsay, and not based on personal knowledge. FRE 401-403, 602, 802. | | |
| 210 | C19073 | C19074 | E-mail from Lorenz to Lavington, dated September 2, 1998, re: FW: Pacifica Radio - Warning | Lorenz | Waste of time and more prejudicial than probative. FRE 401-403. Hearsay and speculation. FRE 602, 802. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 211 | C19571 | C19574 | E-mail from Lorenz to Omole etc., dated Sept. 3, 1998, re: RE: Pacifica Radio | Lorenz | All attachments to the top email are hearsay and lack personal knowledge and are not relevant and would be a waste of time.  FRE 602, 802, 401-403.  Top email contains heasay and would be a waste of time.  FRE 802, 401-403. | | |
| 212 | C0039 | C0041 | Log of Parabe Situation, dated 5/25/98-5/28/98 | Lorenz | | | |
| 213 | C19071 | C19072 | E-mail from Lorenz to Williams, dated Sept. 4, 1998, re: RE: Pacifica Radio - Warning | Lorenz | Waste of time and more prejudicial than probative.  FRE 401-403.  Hearsay and speculation.  FRE 602, 802. | | |
| 214 | C19069 | C19070 | E-mail from Lorenz to Lavington, dated Sept. 8, 1998, re: FW: Pacifica Radio Interview | Lorenz | With respect to the 9/8/98 email from Sola Omole:  Hearsay (sometime double or more), lacks personal knowledge (as to hearsay statements by Pacifica radio personnel) and more prejudicial than probative..  FRE 401-403, 602, 802. | | |
| 215 | C19067 | C19068 | E-mail from Lorenz to Lavington, dated Sept. 9, 1998, re: Pacifica Radio Interview | Lorenz | With respect to the 9/8/98 email from Sola Omole:  Hearsay (sometime double or more), lacks personal knowledge (as to hearsay statements by Pacifica radio personnel) and more prejudicial than probative..  FRE 401-403, 602, 802. | | |
| 216 | C19575 | C19578 | E-mail from Lorenz to Libbey etc, dated Sept. 9, 1998, re: FW: Ilaje Village - Part 2 | Lorenz | Hearsay. FRE 802.  Not relevant to claims or defenses.  FRE 401-403.  Declarant lacks personal knowledge FRE 602. | | |
| 217 | C0451 | C0452 | E-mail from Haastrup to Anyigbo etc., dated Sept. 30, 1998, re: FW: Nigeria Parabe Inquiry from Reuters | Lorenz | Hearsay, lack of personal knowledge, more prejudicial than probative.  FRE 401-403, 602, 802. | | |
| 218 | C19064 | C19066 | E-mail from Lorenz to Williams, dated 9/30/98, re: RE: Pacifica Radio Interview | Lorenz | Statements regarding percentage of COPI's earnings is not based on personal knowledge.  FRE 602.  Summaries of Pacifica radio interview and Sola's email are hearsay.  FRE 802.  Cumulative of other evidence including 1727.  FRE 401-403 | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 219 | C19062 | C19063 | E-mail from Lorenz to Libbey etc., dated Oct. 1, 1998, re: RE: Nigerian e-mails | Lorenz | Email from person asserting to be consumer based on reactions to Pacifica radio broadcast are not authenticated FRE 901; it is not relevant and more prejudicial than probative FRE 401-403; the statements also are not based on personal knowledge, but hearsay accounts of the Pacifica broadcast FRE 602, 802. | | |
| 220 | C19060 | C19061 | Email from Lorenz to Schaefer, dated 10/1/98, re: RE: Nigerian e-mails | Lorenz | Email from Mr. Barnett is hearsay as is the summary of that email.  FRE 802. Irrelevant, misleading and a waste of time. Document is cumulative of other evidence including 1506.  FRE 401-403 | | |
| 221 | C19002 | C19002 | E-mail from Lorenz to Irwin etc., dated Oct. 5, 1998, re: RE: Weekly Update | Lorenz | Cumulative and waste of time FRE 401-403. | | |
| 222 | C19037 | C19052 | E-mail from Lorenz to Omole etc., dated Oct. 7, 1998, re: FW: Democracy Now Transcript | Lorenz | Entire interview is hearsay.  FRE 802. Statements by Sola are irrelevant to plaintiffs' ratification theory because Sola is a CNL employee, not an employee of defendants. FRE 401-403.  Cumulative of 1828 & 1020 & 5392.  FRE 401-403 | | |
| 223 | C19568 | C19570 | E-mail from Lorenz to Libbey etc., dated Oct. 8, 1998, re: FW: Nigeria/Reuters Inquiry | Lorenz | Summaries of statements by Reuters reporter are hearsay.  FRE 802. Information about Ijaw unrest is irrelevant and misleading.  Information about environment is irrelevant and prejudicial and goes beyond the limits set by the Court's in limine order.  To the extent the document contains information about Parabe it is cumulative of other evidence including 1019 & 1510 & 1744.  FRE 401-403 | | |
| 224 | C19565 | C19567 | E-mail from Lorenz to Libbey etc., dated Oct. 15, 1998, re: RE: Production Stoppage in Nigeria | Lorenz | Information about late 1998 Ijaw unrest and Abiteye incident is irrelevant, misleading and waste of time.  Cumulative of other evidence.  FRE 401-403 | | |

49

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 225 | C0388 | C0389 | E-mail from Lorenz to Yeager etc., dated Oct. 15, 1998, re: Parabe Web site statement | Lorenz | Cumulative of other evidence.  FRE 401-403 | | |
| 226 | C19003 | C19004 | E-mail from Lorenz to  Perez etc., dated Oct. 19, 1998, re: Parabe Response Letter, with attached Proposed response letter to concerned individuals who have contact Chevron | Lorenz | Cumulative of other evidence.  Reference to protest letters is prejudicial.  Draft letter is misleading.  FRE 401-403 | | |
| 227 | C19012 | C19013 | E-mail from Lorenz to Ortwein, dated October 19, 1998, re: FW: CNL Parabe - 1st Draft | Lorenz | On C190013 entries for 9/3/98-10/12/98 are hearsay FRE 802; more prejudicial than probative, waste of time.  FRE 401-403. | | |
| 228 | C0446 | C0450 | E-mail from Ortwein to Bates, dated Oct. 19, 1998, re: Parabe Incident | Lorenz | On C 0447 entries for 9/3/98-10/12/98 are hearsay FRE 802; more prejudicial than probative, waste of time.  FRE 401-403.  On C0449 The Q&A relating to the environment is not relevant and is likely to confuse the jury and waste time.  FRE 401-403.  C0450 is not related to Parabe and relates to a later time period and a different tribe (the Ijaws).  It is not relevant and would be a waste of time and confusing to the jury because it would result in a mini-trial of how that incident was the same and different from the Parabe incident.  FRE 401-403. | | |
| 229 | C19005 | C19006 | E-mail from Lorenz to Ortwein, dated Oct. 20, 1998, re: Parabe Incident | Lorenz | Incomplete document.  FRE 106.  Information regarding tribal unrest is irrelevant and misleading.  Cumulative of other evidence.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 230 | C19007 | C19011 | E-mail from Lorenz to Omole, dated Oct. 20, 1998, re: FW: Parabe Chronology and Q and A's | Lorenz | On C19009 The Q&A relating to the environment is not relevant and is likely to confuse the jury and waste time.  FRE 401-403.  C19010 is not related to Parabe and relates to a later time period and a different tribe (the Ijaws).  It is not relevant and would be a waste of time and confusing to the jury because it would result in a mini-trial of how that incident was the same and different from the Parabe incident.  FRE 401-403.  On C19011 entries for 9/3/98-10/12/98 are hearsay FRE 802; more prejudicial than probative, waste of time.  FRE 401-403. | | |
| 231 | C19562 | C19564 | E-mail from Lorenz to Omole etc., dated Oct. 20, 1998, re: FW: Nigeria Q/A | Lorenz | Incomplete document.  FRE 106.  Cumulative of other evidence including 1749.  Misleading and irrelevant references to pipeline explosion and environment.  FRE 401-403 | | |
| 232 | C19053 | C19057 | E-mail from Lorenz to Taylor etc., dated 10/21/98, re: RE: Security Posture- CNL | Lorenz | Attachment is hearsay (C19056-57) and remarks about Joe Jakpa's role is hearsay.  FRE 802.  Irrelevant and/or information about the environment, Ijaw claims to Warri, crisis in Jones Creek and community relations.  FRE 401-403.  Cumulative of other evidence including 333.  FRE 401-403 | | |
| 233 | C19559 | C19561 | E-mail from Lorenz to Mackie etc., dated Oct. 22, 1998, re: RE: Revised Nigeria letter | Lorenz | Reference to Saro Wiwa is irrelevant and misleading.  Draft letter is irrelevant and cumulative of other evidence.  FRE 401-403 | | |
| 234 | C19035 | C19036 | E-mail from Lorenz to Omole etc., dated Oct. 23, 1998, re: RE: Update- Community Situation | Lorenz | Relates to a crisis with the Ijaw in October 1998 and is not relevant to any claims or defenses and would be a waste of time.  FRE 401-403 | | |
| 235 | C19557 | C19558 | E-mail from Lorenz to Haastrup etc., dated Oct. 26, 1998, re: FW: Nigeria Parabe, Response II | Lorenz | To the extent this relates to post-Parabe events it is irrelevant.  It is also cumulative.  FRE 401-403. It contains hearsay and information not based on personal knowledge.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 236 | C19492 | C19495 | E-mail from Lorenz to Mackie, dated Nov. 10, 1998, re: RE: Nigeria/Parabe, draft 6 | Lorenz | Statements attributed to Deji Haastrup are hearsay.  FRE 802.  Incomplete document.  FRE 106.  Prejudicial and cumulative of other evidence including 1746 & 1547.  FRE 401-403 | | |
| 237 | C0387 | C0387A | E-mail from Mackie to Derr etc., dated Nov. 10, 1998, re: Nigeria/Parabe, draft 7 | Lorenz | Draft letter is irrelevant and cumulative of other evidence.  FRE 401-403 | | |
| 238 | C19496 | C19504 | E-mail from Lorenz to Amador etc., dated Nov. 11, 1998, re: FW: Nigerian Oil Policy | Lorenz | Emails from persons asserting to be consumers based on their reactions to Pacifica radio broadcast are not authenticated FRE 901; they are not relevant and are more prejudicial than probative FRE 401-403; the statements also are not based on personal knowledge, but hearsay accounts of the Pacifica broadcast FRE 602, 802. | | |
| 239 | C19514 | C19516 | E-mail from Lorenz to Houghton, dated Nov. 11, 1998, re: FW: Nigeria/Parabe, draft 7 | Lorenz | Email draft of proposed letter is hearsay FRE 802, 602.  It is not relevant to establishing plaintiffs' claims because it post-dates Parabe and does not prove ratification because plaintiffs have not established that the letter was actually circulated as written hear.  It is a waste of time and not probative.  FRE 401-403. | | |
| 240 | C19517 | C19520 | E-mail from Lorenz to Lavington, dated November 11, 1998, re: FW: a new wrinkle | Lorenz | Article is hearsay.  FRE 802. Cumulative of other evidence and prejudicial.  FRE 401-403 | | |
| 241 | C19527 | C19539 | E-mail from Lorenz to Omole etc., dated November 11, 1998, re: FW: Corporate Watch Web site  re: Chevron and Nigeria | Lorenz | The newspaper articles are inadmissible hearsay not based on personal knowledge.  FRE 602, 802.  The threat of the lawsuit is a waste of time because the jury already knows there is a lawsuit and it is not probative of any issue in the litigation (C19530).  FRE 401-403  FRE 802.  Prejudicial and misleading; to the extent there is information about Parabe it is cumulative of other evidence.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 242 | C19659 | C19660 | E-mail from Lavington to Omole etc., dated Nov. 16, 1998, re: FW: SF Nigeria Protest next week | Lorenz | What Dave Sander heard about a protest is hearsay. FRE 802.  Information regarding a possible protest is Irrelevant and prejudicial.  FRE 401-403.  Cumulative of other evidence including 1550 & 1521. FRE 401-403 | | |
| 243 | C0401 | C0403 | Letter to Mr. John Diaz from Kirkland, dated 11/20//98, re: Proposed rebuttal letter to SF Chronicle | Lorenz | Not relevant because no evidence it was published in this form and if it were it would be cumulative to actual publication.  FRE 401-403.  Hearsay, lack of personal knowledge FRE 602, 802. | | |
| 244 | C0433 | C0435 | Fax from Perez to Lavington etc., dated 11/9/98, re: Front  Page article from S.F. Chronicle | Lorenz | With the exception of the quotes attributed to Tom Schull ("a very, very difficult situation," and "in the Niger Delta . . . government," and "machetes, clubs and knives.") the article is hearsay.  FRE 802. Cumulative of other evidence.  FRE 401-403 | | |
| 245 | C19396 | C19396 | E-mail from Lorenz to Omole etc., dated November 20, 1998, re: FW: 11/20E Demonstration Scheduled for Noon Today in San Francisco | Lorenz | Irrelevant and more prejudicial than probative.  FRE 401-403. | | |
| 246 | C19646 | C19651 | E-mail memo from Soper to VanCamp etc., dated 11/20/98, re: FW: Nigeria finals | Lorenz | Cover email contains inadmissible hearsay. FRE 802.  Post-Parabe events are irrelevant.  FRE 401-403. Information relating to the environment is irrelevant and a waste of time FRE 401-403. | | |
| 247 | C0445 | C0445 | Chevron Statement Regarding Seizure of Nigerian Parabe Platform- Final Draft, dated 11/20/98 | Lorenz | Cumulative, waste of time.  FRE 401-403. | | |
| 248 | C19642 | C19645 | E-mail from Lavington to Fraser etc., dated Nov. 23, 1998, re: FW: Urgent SF Chron letter - Version 2 | Lorenz | Cumulative, contains information that is hearsay and not based on personal knowledge.  FRE 401-403, 602, 802. | | |
| 249 | C19640 | C19641 | E-mail from Gorell to Derr etc., dated Nov. 23, 1998, re: FW: Nigeria letter | Lorenz | Cumulative, contains information that is hearsay and not based on personal knowledge.  FRE 401-403, 602, 802. | | |
| 250 | C19086 | C19087 | E-mail from Lorenz to Lavington etc., dated Nov. 23, 1998, re:  SF Chron letter - Version 2 | Lorenz | This is a partial duplicate of Exh. 548 and those objections are incorporated here by reference. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 251 | C19678 | C19680 | E-mail from Soper to Lorenz etc., dated Nov. 25, 1998, re: Guardian Letter | Lorenz | Cumulative, contains information that is hearsay and not based on personal knowledge.  FRE 401-403, 602, 802. | | |
| 252 | C19106 | C19108 | E-mail from Lorenz to Guillory etc., dated Nov. 30, 1998, re: FW: Questions and Comments Form Submissions | Lorenz | Emails from person asserting to have heard account  of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403; the statements not based on personal knowledge, but hearsay accounts FRE 602, 802. | | |
| 253 | C19104 | C19105 | E-mail from Lorenz to Lavington, dated Nov. 30, 1998, re: RE: Guardian Letter - Parabe | Lorenz | Contains hearsay and information not based on personal knowledge.  FRE 602, 802. | | |
| 254 | C19688 | C19690 | E-mail from Soper to Lavington etc., dated December 2, 1998, re: Guardian letter | Lorenz | Cumulative of 1534 & 1558.  FRE 401-403. Soper email is hearsay.  FRE 802 | | |
| 255 | C19101 | C19103 | E-mail from Lorenz to Gorell etc., dated Dec. 7, 1998, re: RE: Chevron Ecofile - Nigeria Interview Request | Lorenz | Cumulative of other evidence.  Irrelevant because no evidence that interview occurred.  Misleading.  FRE 401-403. Summary of interview format is hearsay. FRE 802 | | |
| 256 | C19304 | C19307 | Email from Lorenz to Haastrup and others, dated 2/26/1999, re: HUMAN RIGHTS WATCH AFRICA REPORT | Lorenz | Cumulative of 1575.  Reference to HRW report is prejudicial because report responded to Opia/Ikenyan.  To the extent information relates to Parabe it is cumulative of other evidence.  FRE 401-403.  Correspondence by CNL employees is hearsay.  FRE 802 | | |
| 257 | C19309 | C19311 | E-mail from Lorenz to Haastrup etc., dated Mar. 4, 1999, re: RE: Nigeria: encounter with German Journalist, REDACTED | Lorenz | Incomplete document.  FRE 106. Prejudicial, misleading and irrelevant because reporter was researching Opia/Ikenyan and there are direct references to Opia/Ikenyan.  Cumulative of other evidence including 1537.  FRE 401-403 | | |
| 258 | C19313 | C19313 | E-mail from Lorenz to Gorell, dated Mar. 18, 1999, re: Nigeria Parabe Update | Lorenz | Contain hearsay that is not based on personal knowledge.  FRE 802, 602. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 259 | C19462 | C19462 | E-mail from Lorenz to Taylor etc., dated Dec. 14, 1998, re: Ijaw Grumblings | Lorenz | This document post-dates Parabe and does not relate to Parabe and is irrelevant, a waste of time and has the potential to confuse the jury.  FRE 401-403.  It also contains hearsay that is not based on personal knowledge.  FRE 602, 802. | | |
| 260 | C19458 | C19461 | E-mail from Lorenz to Sheldon etc., dated December 15, 1998, re: FW: News Highlights (Monday, Dec 14, 1998), REDACTED | Lorenz | Articles are hearsay.  FRE 802.  Information regarding late 1998 Ijaw crisis and Kaiama Declaration is irrelevant and misleading and also relates to Opia/Ikenyan.  FRE 401-403.  Cumulative of other evidence including 301 & 180.  FRE 401-403 | | |
| 261 | C19131 | C19131 | E-mail from Lorenz to Libbey etc., dated Dec. 15, 1998, re: FW: Call from the Saturday Star of Joburg | Lorenz | This document post-dates Parabe and does not relate to Parabe and is irrelevant, a waste of time and has the potential to confuse the jury.  FRE 401-403.  It also contains hearsay that is not based on personal knowledge.  FRE 602, 802 | | |
| 262 | C19130 | C19130 | E-mail from Lorenz to Sheldon etc., dated Dec. 17, 1998, re: FW: Ijaw unrest | Lorenz | Quote from newspaper report is hearsay.  FRE 802.  Information regarding late 1998 Ijaw unrest is irrelevant and misleading.  FRE 401-403 | | |
| 263 | C19128 | C19129 | E-mail from Lorenz to Sheldon etc., dated Dec. 17, 1998, re: FW: Nigeria Issues | Lorenz | Email from Sola is hearsay.  Mamadou's summary of what Texaco said is hearsay.  FRE 802.  Information regarding late 1998 Ijaw crisis is irrelevant and misleading.  Potential probative value, if any, of email exchange is outweighed by its prejudice.  FRE 401-403. Cumulative of other evidence including 302.  FRE 401-403. | | |
| 264 | C19126 | C19127 | E-mail from Lorenz to Low etc., dated Dec. 18, 1998, re: Turnover | Lorenz | Information regarding Ijaw unrest is irrelevant and misleading.  To the extent there is information about Parabe it is either cumulative of other evidence or a waste of time.  FRE 401-403 | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |||||||
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 266 | C17952 | C17969 | North Offshore Morning Report, dated May 20, 1998 - June 6, 1998 | Mitchell | Dupe of 5379, 1091 (Hervey) & 168 (Harrison).  FRE 401, 403 as to 5/20 to 5/24, 6/1 to 6/6 | | |
| 267 | C1858 | C1877 | Chevron Nigeria Limited Report and Financial Statements dated 12/31/1998, re: profit and loss account for 1998, statement of accounting policies, report of directors | Mitchell | Duplicative of Exhibits 5241 and 371 (Brown, Rick).  FRE 403.  Irrelevant.  FRE 401-402. | | |
| 268 | C3120 | C3121 | Document describing Purchase of Insurance Policy, re: Cecar & Jetheau | Mitchell | 1999 insurance certificate is irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 269 | C1621 | C1655 | Chevron Policy Manual, Policy 190, Delegation of Authority, effective 3/31/99, replaces 12/30/98 | Mitchell | | | |
| 270 | C2881 | C2882 | Minutes of Special Meeting of the Executive Committee of Chevron Corp. dated 4/22/99 | Mitchell | 1999 Meeting Minutes are irrelevant and too remote in time.  FRE 401-403. | | |
| 271 | C19451 | C19451 | E-mail from Lorenz to Omole etc., dated May 26, 1998, re: Parabe Production Shut In | Williams | What Lorenz has been told is hearsay. FRE 802.  Cumulative of other evidence including 278 & 1500.  FRE 401-403 | | |
| 272 | C1183 | C1187 | Letter to Derr, dated 2-18-98, re: Gbokoda/Dibi Development Appropriation Request Supplement Approval | Bates | Duplicative of 5208.  Memo re: work request is irrelevant and is not evidence of specific agency.  It would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 272 | C17523 | C17526 | Fax from Schull to Bates etc. dated May 27, 1998, re: Parabe Productions Platform Situation, with attached Fax from Schull to Chalvsky, dated May 27, 1998, re: CNL-Parabe Productions Platform Situation Report | Williams | Not legible, hearsay, lack of personal knowledge.  FRE 106, 602, 802 | | |
| 273 | C0463 | C0465 | E-mail from Lorenz to Bates etc., dated May 28, 1998, re:  Parabe Statement and Wire Stories | Williams | Articles are hearsay.  FRE 802.  Irrelevant to the extent statement was not distributed. Cumulative of other evidence.  FRE 401-403 | | |
| 273 | C1014 | C1030 | Letter from Matzke to Derr dated 12-6-96, entitled Gbokoda/Dibi Development Appropriation Request Approval | Bates | Irrelevant time period and subject matter and waste of time FRE 401-403 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | |
| 274 | C0458 | C0459 | E-mail from Lorenz to Schull etc., 5/29/98 8:50 am, re: Parabe Wires | Williams | Articles are hearsay as are statements regarding summary of articles.  FRE 802.  Cumulative of other evidence.  FRE 401-403 | | |
| 274 | C19762 | C19765 | E-mail from Lorenz to Bates etc., dated April 16, 1998, re: FW: Washington Post article | Bates | Inadmissible newspaper article, irrelevant FRE 401-403, 602, 802 | | |
| 275 | C19759 | C19761 | E-mail from Lorenz to Omole etc., dated April 16, 1998, re: NYT story | Bates | Inadmissible newspaper article, irrelevant FRE 401-403, 602, 802 | | |
| 275 | C19777 | C19778 | Email from Lorenz to Hayden etc., dated June 3, 1998, re: looking into flights to go to Nigeria | Williams | Irrelevant, post-Parabe activity, waste of time.  FRE 401-403. | | |
| 276 | C19779 | C19780 | Email from Lorenz to Omole etc., dated 6/8/98, re: FW: Reported death of Abacha | Williams | Inadmissible newspaper article, irrelevant FRE 401-403, 602, 802 | | |
| 276 | C17857 | C17857 | Weekly Drilling Report- Distribution List - Week of 5/26/98 - 6/1/98 | Bates | Irrelevant FRE 401-403 | | |
| 277 | | | | Bates | FRE 401, 403 | | |
| 277 | C19781 | C19784 | Email from Lorenz to Omole etc., dated June 8, 1998, re: FW: Nigeria: Expected Inquiries | Williams | Irrelevant post-Parabe information about Abacha's death.  FRE 401-403.  No personal knowledge, hearsay.  FRE 602, 802. | | |
| 278 | C19429 | C19434 | Email from Lorenz to Williams etc., dated 7/30/98, re: RE: Parabe | Williams | Email from person asserting to have heard account  of Parabe from unnamed source is not authenticated FRE 901; not relevant and more prejudicial than probative FRE 401-403.  The statements made by unnamed person are not based on personal knowledge, but hearsay accounts FRE 602, 802.  Attachment is cumulative of other evidence including 1833.  FRE 401-403.  Email exchange concerning note on ChevWeb is irrelevant and prejudicial.  FRE 401-403 | | |
| 278 | C19451 | C19451 | Email from Lorenz to Omole etc., dated 5/26/98 4:42 pm, re: Parabe Production Shutdown | Bates | What Lorenz has been told is hearsay.  FRE 802.  Cumulative of other evidence including 1500 & 271.  FRE 401-403 | | |
| 279 | C17958 | C17958 | North Offshore Morning Report, May 26, 1998 | Bates | | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | |
| 279 | C19868 | C19871 | E-mail from Lorenz to Omole etc., dated July 29, 1998, re: Nigeria Press Statements | Williams | Cumulative of other evidence including 282. FRE 401-403.  Document is irrelevant, misleading and prejudicial to the extent it contains information that does not concern Parabe.  The information relating to Parabe is cumulative of other evidence.  Document is internal.  FRE 401-403 | | |
| 280 | C19448 | C19448 | E-mail from Lorenz to Wilcox, dated May 29, 1998, re: FW: CNL Parabe Production Platform Situation update- Friday May 29 | Bates | | | |
| 280 | C19875 | C19875 | E-mail from Lorenz to Williams, dated August 3, 1998, re: RE: Nigeria Press Statements | Williams | Post-Parabe document unrelated to the events, not relevant, waste of time FRE 401 403 | | |
| 281 | C19444 | C19447 | Document entitled "Draft Only, Lagos, Nigeria, October 8, 1998, Joe Lorenz, This is What We Recommend" | Williams | Not relevant because it is draft, no evidence it was used, cumulative, waste of time.  FRE 401-403, hearsay, lack of personal knowledge FRE 602, 802 | | |
| 281 | C19444 | C19447 | E-mail from Lorenz to Loo, dated May 29, 1998 11:04 am, re: FW: Parabe Field | Bates | FRE 802 hearsay | | |
| 282 | C19868 | C19871 | E-mail from Lorenz to Omole etc., dated July 29th, 1998, re: Nigeria Press Statements | Bates | Cumulative of other evidence including 279. FRE 401-403.  Document is irrelevant, misleading and prejudicial to the extent it contains information that does not concern Parabe.  The information relating to Parabe is cumulative of other evidence.  Document is internal.  FRE 401-403 | | |
| 282 | C19919 | C19920 | E-mail from Lorenz to Irwin etc., dated October 9, 1998, re: Africare Briefing Books | Williams | Cumulative of other evidence including 1512 & 1830.  FRE 401-403 | | |
| 283 | C19452 | C19453 | E-mail from Lorenz to Omole etc., dated August 4, 1998, re: Platt's Story on Ewan | Bates | This exhibit is cumulative of Exhibit  207. FRE 401-403 | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | | |
|---|---|---|---|---|---|
| **Ex. #** | **Beginning Bates** | **Ending Bates** | **Description** | **Sponsoring Witness** | **Objection** | **Admitted or Not Admitted** | **Date Admitted** |
| 284 | C20452 | C20456 | Email from Ortwein to Bates, dated 10/19/98, re: Parabe Incident | Bates | Attachment regarding Ijaw unrest is irrelevant and misleading. Document is internal to Chevron so irrelevant. Cumulative of other evidence including 1517. FRE 401-403 | | |
| 285 | C19005 | C19006 | E-mail from Lorenz to Ortwein, dated October 20, 1998, re: RE: Parabe Incident | Bates | Incomplete document. FRE 106. Information regarding tribal unrest is irrelevant and misleading. Cumulative of other evidence. FRE 401-403 | | |
| 286 | C20319 | C20320 | E-mail from Chow to Fitzmorris etc., dated 11/19/98, re: Opuekeba Simulation & Well Plan | Bates | November 1998 email re: Opuekeba plan is irrelevant, unduly prejudicial and would confuse the jury. FRE 401-403. | | |
| 287 | C19126 | C19127 | E-mail from Lorenz to Low etc., dated 12/18/98, re: Turnover | Bates | Information regarding Ijaw unrest is irrelevant and misleading. To the extent there is information about Parabe it is either cumulative of other evidence or a waste of time. FRE 401-403. | | |
| 288 | C20422 | C20423 | Security-Community Relations Committee meeting: Issues, Agreements, and Deliverables - 3/12/98 | Omole | Meeting minutes dated Dec. 3, 1998 is irrelevant, waste of time. FRE 401-403. 519 (Weakley) and 1034 (Mba) | | |
| 289 | C17685 | C17686 | Log of Itsekiri takeover of Parabe from March 22-24, 1998 | Omole | | | |
| 290 | C0924 | C0931 | Letter from Kirkland to Manby, dated 2/9/98, re: Human Rights Watch/Africa, Fifth Draft | Omole | Draft letter is irrelevant and misleading. Cumulative of other evidence. FRE 401-403. Any probative value of references to Opuama is far exceeded by prejudice. Other bad acts are inadmissible to show actions in conformity therewith. FRE 401-403, 404(b) | | |
| 291 | C0001 | C0003 | Letter from Concerned Ilaje Citizens to the Military Administrator, dated 4/30/98, re: We are posed for action | Omole | Double hearsay. FRE 802. Dupe of 107 (Haastrup), 121 (Schull) | | |
| 292 | C0004 | C0007 | Letter from Ilaje Eight to CNL Managing Director, dated 5/2/98, re: Position Paper of the Oil Producing Communities in Ilaje Land on the Illegal Activities and Nuisance of the So Called "Concerned Ilaje Citizens" | Omole | | | |
| 293 | C0015 | C0015 | Chairman/MD's Office Routing List | Omole | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 294 | C0009 | C0010 | Letter from Onyearugbulem to CNL-Managing Director, dated May 7, 1998, re: A Call for Action | Omole | Double hearsay.  FRE 802.  Dupe of 109 (Haastrup), 473 (Adebawo) | | |
| 295 | C0016 | C0017 | Letter from Omole to Akinkuotu, dated May 8, 1998, re: Protest by the Ilaje Citizens of Ondo State | Omole | | | |
| 296 | C0030 | C0031 | Handwritten letter from Ilaje Eight  to The Counsel Manager, Public Affairs Department, dated May 24, 1998, re: Emergency Message: To Tighten or Beef Up Security | Omole | | | |
| 297 | C0020 | C0023 | Minutes of Meeting Held with the Ilaje Concessional Group at OBE – Sedara Community Held on May 14, 1998 | Omole | | | |
| 298 | C0259 | C0259 | Daily News Report-"Oil companies get quit order in Niger Delta," dated 12/13/98 | Omole | Hearsay.  FRE 802.  Information regarding late 1998 Ijaw crisis and Kaiama Declaration is irrelevant and misleading and also relates to Opia/Ikenyan.  FRE 401-403 | | |
| 299 | C19462 | C19462 | Email from Lorenz to Taylor etc., dated 12/14/98, re: Ijaw Grumblings | Omole | Email dated 12/14/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 596 (MacLeod) | | |
| 300 | C20106 | C20106 | E-mail from Lorenz to Omole etc.,  dated December 15, 1998, re: RE: Call From the Saturday Star of Joburg | Omole | Email is hearsay.  FRE 802.  Media response regarding 1998 Ijaw crisis is irrelevant and misleading.  FRE 401-403.  Cumulative of 1560.  FRE 401-403 | | |
| 301 | C19458 | C19461 | E-mail from Lorenz to Sheldon etc., dated 12/15/98, re: FW: News Highlights (Monday, December 14, 1998), REDACTED | Omole | Articles are hearsay.  FRE 802.  Information regarding late 1998 Ijaw crisis and Kaiama Declaration is irrelevant and misleading and also relates to Opia/Ikenyan.  FRE 401-403.  Cumulative of other evidence including 260 & 180.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 302 | C19128 | C19129 | E-mail from Lorenz to Sheldon, dated 12/16/98, re: FW: Nigeria Issues | Omole | Email from Sola is hearsay. Mamadou's summary of what Texaco said is hearsay. FRE 802. Information regarding late 1998 Ijaw crisis is irrelevant and misleading. Potential probative value, if any, of email exchange is outweighed by its prejudice. FRE 401-403. Cumulative of other evidence including 263. FRE 401-403 | | |
| 303 | C20382 | C20382 | E-mail from Connor to Weakley etc., dated December 18, 1998, re: RE: Ijaw ultimatum, dated December 18, 1998 | Omole | Email dated 12/18/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Dupe of 437 (Uwaka), 378 (Neku), 337 (Connor) & 1035 (Mba) | | |
| 306 | C20438 | C20438 | E-mail from Kirkland to DJCO etc., dated 12/31/98, re: RHM visit | Omole | Information about the late 1998 Ijaw crisis is Irrelevant and misleading and cumulative of other evidence including 347. FRE 401-403 | | |
| 307 | C20360 | C20360 | E-mail from Omole to Loo etc., dated 12/31/98, re: FW: Two Expats Kidnapped by Ijaws | Omole | Email string dated 12/31/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. | | |
| 313 | C20499 | C20500 | E-mail from Omole to Irwin etc., dated 1/5/99 re: RE: Two Expats Kidnapped by Ijaws, REDACTED | Omole | Email string dated 1/5/99 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. | | |
| 315 | C20271 | C20274 | E-mail from Golon to Irwin etc., dated 1/5/99, re: Nigeria - Confidential | Omole | Information regarding fall 1998 ethnic crisis is irrelevant and misleading. FRE 401-403. Email from Omole and attachment are hearsay. FRE 802. Cumulative of other evidence including 1740. FRE 401-403 | | |
| 316 | C20381 | C20381 | E-mail from Connor to NIGEC Operations Manager etc., dated 1/6/99, re: Helicopter Operations, REDACTED | Omole | January 1999 email re: helicopters and weapons is irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 319 | C0442 | C0444 | Fax from Matzke to Derr, dated 1/20/99, re: Niger Delta Situation & Chevron Update, REDACTED | Omole | Information regarding late 1998 Ijaw unrest is irrelevant and misleading.  Reference to Opia/Ikenyan is prejudicial and irrelevant. Plaintiffs may not mention Opia/Ikenyan absent responding to discovery into why those plaintiffs dismissed their claims.  FRE 401-403.  Cumulative of other evidence including 140.  FRE 401-403 | | |
| 321 | C19593 | C19594 | E-mail from Lorenz to Haastrup etc., dated 1/28/99, re: Amnesty Int'l Fax, REDACTED | Omole | Any probative value of Amnesty International inquiry is far outweighed by its prejudice.  Questions solely concern Opia/Ikenyan.  Cumulative of other evidence.  FRE 401-403.  Amnesty questions are hearsay.  FRE 802 | | |
| 323 | C19345 | C19348 | E-mail from Lorenz to Irwin etc., dated 2/18/99, re: FW: Issues Document Re Meeting with Representatives | Omole | The prejudice of the HRW report far exceeds its probative value, if any.  The report relates to Opia/Ikenyan and is therefore inadmissible.  FRE 401-403.  Attachment and email from Sola are hearsay.  FRE 802.  To the extent there is any information about Parabe it is cumulative of other evidence.  FRE 401-403 | | |
| 324 | C19225 | C19225 | E-mail from Lorenz to Haastrup, dated February 23, 1999, re: Parabe Statement, REDACTED | Omole | The prejudice of the HRW report far exceeds its probative value, if any.  The report relates to Opia/Ikenyan and is therefore inadmissible.  FRE 401-403.  To the extent there is any information about Parabe it is cumulative of other evidence. FRE 401-403 | | |

**PLAINTIFFS' DEPOSITION EXHIBITS**

62

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | | | | |
| **Ex. #** | **Beginning Bates** | **Ending Bates** | **Description** | **Sponsoring Witness** | **Objection** | **Admitted or Not Admitted** | **Date Admitted** |
| 325 | C20399 | C20400 | E-mail string re: Kucinich letter, dated February 24, 1999-February 25, 1999, REDACTED | Omole | Recount of meeting with Kucinich and statements made by Kucinich are hearsay as is Omole email.  FRE 802.  Evidence concerning congressional investigation and HRW report is highly prejudicial that outweighs any possible probative value.  The investigation and report were only conducted after Opia/Ikenyan and there are many impermissible references to Opia/Ikenyan making the document misleading.  Cumulative of other evidence including 1751.  FRE 401-403 | | |
| 326 | C19029 | C19030 | E-mail from Lorenz to Irwin, dated February 26, 1999, re: RE: Parabe Incident Alignment, REDACTED | Omole | Impermissible reference to Opia/Ikenyan that is prejudicial and misleading.  Cumulative of other evidence.  FRE 401-403 | | |
| 327 | C0422 | C0425 | Fax from Irwin to Kirkland etc., dated March 5, 1999, re: Kucinich Activity, with attached letter from Kucinich to Gilman urging investigation into Parabe, REDACTED | Omole | Cumulative of other evidence.  FRE 401-403.  Evidence concerning congressional investigation and HRW report is highly prejudicial that outweighs any possible probative value.  The investigation and report were only conducted after Opia/Ikenyan and there are many impermissible references to Opia/Ikenyan making the document misleading.  Cumulative of other evidence including 325.  FRE 401-403.  Letter is hearsay. FRE 802 | | |
| 328 | C2893 | C2897 | Letter from Kirkland to Congressman Gilman, dated March 13, 1999, re: "Parabe Incident [REDACTED]" | Omole | Evidence relating to the congressional investigation is prejudicial and misleading.  The investigation was done in reaction to Opia/Ikenyan.  To the extent there is information about Parabe it is cumulative of other evidence.  FRE 401-403.  Statements about the content of Kucinich's letter and the investigation are hearsay.  FRE 802 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 329 | C0229 | C0230 | Daily News Report, Newspaper: The Punch, dated 4/3/99, re: "Niger Delta: Chevron refutes rights abuse charges," REDACTED | Omole | Article is hearsay.  FRE 802.  Impermissible references to Opia/Ikenyan that are prejudicial and misleading. The prejudice of the HRW report far exceeds its probative value, if any.  To the extent the article contains information about Parabe it is cumulative of other evidence.  FRE 401-403 | | |
| 330 | C20373 | C20373 | E-mail from Omole to Kirkland etc., dated 6/22/98, re: June 19, 1998 (response to Bronwen Manby on HRW report) | Omole | Email from Omole is hearsay.  FRE 802. Incomplete document and fact of HRW inquiry is prejudicial and misleading.  FRE 401-403 | | |
| 331 | C19037 | C19037 | E-mail from Lorenz to Omole etc., dated 10/7/98, re: FW: Democracy Now transcript | Omole | Cumulative of other evidence.  FRE 401-403.  Summary of what transcript says is hearsay. FRE 401-403.  Incomplete document.  FRE 106 | | |
| 332 | C0390 | C0394 | Letter from Matzke to Derr, dated October 19, 1998, re: "Chevron Nigeria Limited (CNL) - Parabe Incident and Current African Issues" | Omole | Summary of statements by Mike Libbey is hearsay.  FRE 802. Attachment regarding Ijaw unrest is irrelevant and misleading. Document is internal to Chevron so irrelevant.  Cumulative of other evidence including 1517.  FRE 401-403 | | |
| 333 | C19053 | C19057 | E-mail from Lorenz to Taylor etc., dated 10/21/98, re: RE: Security Posture- CNL | Omole | | | |
| 334 | C19109 | C19109 | E-mail from Lorenz to Omole etc., dated November 30, 1998,  re: FW: RE: San Francisco Chronicle, Chevron Responds | Omole | Cumulative of other evidence including 1532.  FRE 401-403 | | |
| 335 | C20321 | C20323 | E-mails from Connor to Haastrup etc., dated 10/27/98, re: Incident last night - Community Situation | Connor | Email string dated 10/27/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 515 (Mba) | | |
| 336 | C20324 | C20330 | E-mail from Haastrup to Sheldon etc, dated 11/12/98, re: RE: Update - Community Situation | Connor | Email string dated 11/12/98 unrelated to Parabe is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 337 | C20382 | C20382 | E-mail from Connor to Weakley etc., dated December 18, 1998, re: RE: Ijaw ultimatum | Connor | Email dated 12/18/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. Dupe of 437 (Uwaka), 303 (Omole), 378 (Neku) & 1035 (Mba) | | |
| 344 | C17819 | C17824 | ChevronTexaco Drilling Activity Report, dated December 29, 1998-January 2, 1999 | Connor | Drilling reports dated 12/98-1/99 unrelated to Parabe are irrelevant, waste of time and prejudicial.  FRE 401-403. | | |
| 345 | C20431 | C20431 | E-mail from Connor to Dunning, dated December 30, 1998, re: RE: Flowstations | Connor | Email string dated 12/30/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 1044 (Mba), 380 (Neku) | | |
| 347 | C20438 | C20438 | E-mail from Kirkland to DJCO etc, dated 12/31/98, re:  RHM visit | Connor | Information about the late 1998 Ijaw crisis is irrelevant and misleading and cumulative of other evidence including 306.  FRE 401-403 | | |
| 356 | C20381 | C20381 | E-mail from Connor to NIGEC Operations Manager etc., dated 1/6/99, re: Helicopter Operations, REDACTED | Connor | January 1999 email re: helicopters and weapons is irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |
| 357 | C20436 | C20437 | E-mail from Connor to Kirkland etc., dated 1/5/99, re: RE: New Operating Conditions | Connor | Email string dated 1/5/99 unrelated to Parabe incident is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability; hearsay.  FRE 401 403, 407, 802. | | |
| 359 | C20419 | C20419 | E-mail from NIGEC Logistics Supt to Connor etc., dated 1/8/99, re: FW: Security Review - Operations input | Connor | Email string dated Jan. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability; hearsay.  FRE 401-403, 407, 802. Dupe of 455 (Uwaka) | | |
| 360 | C20406 | C20407 | E-mail from Schull to Connor etc., dated 1/15/99, re: RE: Security Review and Planning - Protection of CNL People and Facilities | Connor | Email string dated Jan. 1999 unrelated to Parabe incident is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability; hearsay.  FRE 401 403, 407, 802.  Dupe of 456 (Uwaka) | | |
| 361 | C20424 | C20426 | E-mail from Connor to Uwaka etc., dated 3/8/99, re: FW: Warri Security Review | Connor | Email dated 3/8/99 unrelated to Parabe incident is irrelevant, waste of time and prejudicial; review forwarded is hearsay.  FRE 401-403, 802. | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
|  | **PLAINTIFFS' DEPOSITION EXHIBITS** |
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 362 | C0083 | C0083 | E-mail from Omole to Kirkland etc., dated 7/2/98, re: Akure-Parabe | Connor | FRE 401, 403, 408, 409, 802 | | |
| 363 | C20354 | C20355 | E-mail from Brown to Connor etc., dated 6/18/98, re: FW: FCPA Clearance | Connor | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |
| 364 | C21100 | C21099 | Military Payments for the time period March-December 1998 | Neku | Payments dated Aug. 1998 and after, unrelated to Parabe incident, are irrelevant, waste of time.  FRE 401-403. | | |
| 364 | C2994 | C3010.23 | U.S. $ Employees in Nigeria - 1996 | Brown | Payments dated Aug. 1998 and after, unrelated to Parabe incident, are irrelevant, waste of time.  FRE 401-403. | | |
| 365 | C21102 | C21102 | Request for Cash (Naira), To: Neku, In payment of: Special duty allowances paid to the Nigerian Army | Neku | | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 365 | C3322 | C3344 | Expatriate HR Manual, Emergencies- dated 11/2/92 updated 1/12/94 | Brown | 1994 manual is irrelevant, remote in time, would confuse the jury and is not evidence of specific agency.  FRE 401-403. | | |
| 366 | C20868 | C20894 | Employee Expense Report, dated approved 4/3/98, with multiple military payment receipts attached | Neku | | | |
| 366 | C1802 | C1806 | Counsel and Service Agreement between COPI & CNL for Charging C & S Fees and Purchase Fee, date 2/27/87 | Brown | | | |
| 366A | C1802 | C1806 | Counsel and Service Agreement between COPI & CNL for Charging C & S Fees and Purchase Fee, date 2/27/87 | Etikerentse | | | |
| 367 | C20955 | C20958 | Military payments, dated January 1998 | Neku | OPG payments are irrelevant, waste of time.  FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 367 | C0614 | C0677 | Chevron Corporation 1999 Annual Report, "The Energy to Grow" | Brown | Exhibit is duplicative of 367 (Rick Brown). FRE 403.  Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  Bowoto, 312 F. Supp. 2d at 1240 (quoting Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |
| 368 | C20911 | C20913 | Military payments, dated May 1998 | Neku | | | |
| 368 | C2126 | C2253 | Work Requisitions: 1996-1997 | Brown | 1996 and 1997 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 369 | C1786 | C1798 | Letter from Kirkland to Geagea dated 11/8/96 re: CIT/CNL/COCNL Cooperation Agreement | Brown | 1996 agreement is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 369A | C1786 | C1798 | Letter from Kirkland to Geagea dated 11/8/96 re: CIT/CNL/COCNL Cooperation Agreement | Etikerentse | 1996 agreement is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 369B | C1786 | C1798 | Letter from Kirkland to Geagea dated 11/8/96 re: CIT/CNL/COCNL Cooperation Agreement | Howard | 1996 agreement is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 370 | C17094 | C17095 | Chart showing Intercompany Balances before and after Realignment, dated 7/31/1999 | Brown | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same. *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995). *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 370 | | | Photographs of Parabe Platform/CBL 101 Barge, 2 color photos | Neku | | | |
| 371 | C21798 | C21808 | Daily Flight Log, dated 5/28/98, re: Company: Paan | Neku | | | |
| 371 | C1858 | C1877 | Chevron Nigeria Limited Report and Financial Statements dated 12/31/1998, re: profit and loss account for 1998, statement of accounting policies, report of directors | Brown | Duplicative of Exhibits 267 (Mitchell) and 5241. FRE 403. Irrelevant. FRE 401-402. | | |
| 372 | C2881 | C2882 | Minutes of Special Meeting of the Executive Committee of Chevron Corp. dated 4/22/99 | Brown | 1999 Meeting Minutes are irrelevant and too remote in time. FRE 401-403. | | |
| 372 | C0050 | C0053 | Report from Neku to Uwaka, dated June 2, 1998, re: Invasion of CBL 101/Parabe Platform | Neku | | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 373 | C0046 | C0048 | Letter from Uwaka to Mukakperuo etc., dated 6/4/98, re: Report of Unlawful Trespass, Threat to Lives, Economic Sabotage, Armed Robbery, and Kidnap | Neku | Dupe of 190 (Lorenz), 433 (Uwaka), 59 (Taylor), 20 (Matzke).  FRE 802 | | |
| 375 | C0039 | C0041 | Log of Parabe Situation, dated 5/25/98- 5/28/98 | Neku | | | |
| 377 | C19130 | C19130 | E-mail from Lorenz to Sheldon etc., dated Dec. 17, 1998, re: FW: Ijaw unrest | Neku | Email string dated 12/17/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 436 (Uwaka), 597 (MacLeod) | | |
| 378 | C20382 | C20382 | Email from Connor to Weakley etc., dated 12/18/98. re: RE: Ijaw ultimatum | Neku | Email dated 12/18/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 437 (Uwaka), 303 (Omole), 337 (Connor) & 1035 (Mba) | | |
| 380 | C20431 | C20431 | Email from Connor to Dunning etc., dated 12/30/98, re: RE: Flowstations | Neku | Email string dated 12/30/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 1044 (Mba), 345 (Connor) | | |
| 383 | C20381 | C20381 | E-mail from Connor to NIGEC Operations Manager etc., dated 1/6/99, re: Helicopter Operations, REDACTED | Neku | January 1999 email re: helicopters and weapons is irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. | | |
| 386 | C21034 | C21038 | Employee Expense Report GO-165, dated 11/17/98, with attached Requests for Cash and Payment Vouchers- military payments | Neku | Payments dated 10/98 unrelated to Parabe incident are  irrelevant, waste of time.  FRE 401-403. | | |
| 387 | C13362 | C13365 | Security Review Team Report dated 2/11/99, entitled "Security Review of CNL Field Locations." | Neku | Security review dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability.  FRE 401-403, 407. | | |
| 402 | C20296 | C20301 | Email from Lawal to Omotayo etc., dated 7/23/98, re: RE: AMD Managers' Meeting | Connor | July 1998 email re: Ilaje violence is irrelevant and would confuse the jury.  FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|---|---|---|---|---|---|
| **Ex. #** | **Beginning Bates** | **Ending Bates** | **Description** | **Sponsoring Witness** | **Objection** | **Admitted or Not Admitted** | **Date Admitted** |
| 403 | C25193 | C25195 | Online article, Yahoo! Finance: Rights group prepares to sue Chevron over Nigeria deaths, dated 10/12/98, by Tony McAuley | Connor | Cumulative.  FRE 401-403.  The newspaper article is inadmissible hearsay not based on personal knowledge.  FRE 602, 802.  The threat of the lawsuit is a waste of time because the jury already knows there is a lawsuit and it is not probative of any issue in the litigation.  FRE 401-403.  Statements by Libby are taken out of context and therefore misleading and prejudicial.  FRE 401-403 |  |  |
| 404 | C25174 | C25174 | Email to Bordelon from Cagle, dated 10/22/98, re: Sensitive Subject | Connor | FRE 401, 403, 802 |  |  |
| 405 | C25166 | C25172 | Organization chart, dated October, Chevron Nigeria Limited, Asset Management Department, Reports to Chairman & Managing Director | Connor | December 1998 organization charts are irrelevant and would confuse the jury.  FRE 401-403. |  |  |
| 406 | C25005 | C25006 | Email from Cagle to Bordelon dated 10/22/98, re: Sensitive Subject | Connor | FRE 401, 403, 802 |  |  |
| 407 | C25013 | C25023 | Photographs taken May 28, 1998 Escravos Heliport | Connor | FRE 401, 403 |  |  |
| 408 | C25007 | C25007 | Email from Bordelon to Cagle, dated 10/22/98, re: Sensitive Subject | Connor | FRE 401, 403, 802 |  |  |
| 409 | C25009 | C25009 | Email to Bordelon dated 10/25/98, re: RE: Bigmacone | Connor | FRE 401, 403, 802 |  |  |
| 410 | C25008 | C25008 | Email from Cagle to Bordelon, dated 10/25/98, re: Testing | Connor | FRE 401, 403, 802 |  |  |
| 411 | C25205 | C25205 | Email from Cagle to Cagle, dated 10/28/98 | Connor | FRE 401, 403, 802 |  |  |
| 412 | C25135 | C25135 | Letter from Pryor to Cagle, dated 4/22/99, re: Letter of commendation | Connor | Dupe of 2727 (Pryor)  FRE 401, 403, 802 |  |  |
| 413 | C25165 | C25165 | Email from Duck to Connor, <no date>, re: Inquiry | Connor | More prejudicial than probative of any relevant fact, confusing.  FRE 403. |  |  |
| 414 |  |  | Deposition transcript, excerpt from the 1/31/03 deposition of David J. Connor (pages 9 to 24) | Connor | Exhibit is improperly designated.  Proper procedure was to designate it as part of deposition designations  Irrelevant; confusing to the jury.  FRE 401-403. |  |  |
| 415 | C26457 | C26457 | Organization chart entitled, "Security Services Department," dated March 1997 | Uwaka |  |  |  |

| PLAINTIFFS' DEPOSITION EXHIBITS |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 416 | C22880 | C22879 | Email from Golon to Simmons etc., dated 2/22/96, re: RE: Call from Africa re: Nigeria, arms for police | Uwaka | Attachments are hearsay and Shell's policy regarding weapons is irrelevant and misleading. FRE 802, 401-403. Proposed response regarding Shell's weapons policy is irrelevant and misleading. There is no evidence to suggest that CNL purchased arms for the Nigerian military as Shell had. The proposed repose by Jan Golon is an internal draft and is not based on personal knowledge and therefore irrelevant. FRE 401-403. Summary of inquiry from Mr. Fleishman is hearsay. FRE 802 | | |
| 417 | C20851 | C20857 | Request for Cash, two dated 5/18/98 and one on 6/5/98, with attached pay log | Uwaka | | | |
| 418 | C20858 | C20864 | Military payments, dated June 1998 | Uwaka | FRE 401, 403 | | |
| 419 | C20904 | C20913 | Military payments, dated Jan, Feb, May, 1998 | Uwaka | No objection for May; FRE 401, 403 for other months | | |
| 420 | C21099 | C21102 | Military payments, dated March, April 1998 | Uwaka | | | |
| 421 | C20942 | C20950 | Military payments, dated April, May 1999 | Uwaka | Payments to OPG police, located in Lagos, are irrelevant, waste of time. FRE 401-403. | | |
| 422 | C21103 | C21112 | Military payments dated  May 31, 1998 - June 25, 1998 | Uwaka | Dupe of 1161 (Origbe) | | |
| 423 | C20932 | C20941 | Military payments, dated May, June, July 1998 | Uwaka | No objection as to May; FRE 401, 403 as to June and July | | |
| 424 | C21027 | C21033 | Military payments, dated October 1998 | Uwaka | Payments dated Sept.-Oct. 1998 unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. | | |
| 425 | C21130 | C21140 | Military payments for the time period Dec. 1998 - Jan. 1999 | Uwaka | Payments dated 12/98-01/99 unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. Partial Dupe of 508 (Momoh) | | |
| 426 | C21167 | C21173 | Military payments, dated Jan. 1998, Jan. 1999 | Uwaka | Payments dated 12/98-01/99 and unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. Partial dupe of 1055 (Nwokolo) | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 427 | C21174 | C21182 | Military payments, dated Jan. 1999 | Uwaka | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. | | |
| 428 | C22872 | C22874 | Email from Davis to Haastrup etc., dated 6/19/01, re: CBL 101 Itsekiri takeover march 1998 | Uwaka | | | |
| 429 | C1591 | C1592 | Chevron Policy Manual, Policy 50, Crisis Management, effective date December 2, 1999 | Uwaka | 1999 policy is irrelevant. FRE 401-403. | | |
| 430 | C1682 | C1684 | Chevron Policy Manual, Policy 570, "Operating - Security: Security of Personnel and Assets" | Uwaka | Dupe of 46 (Taylor) | | |
| 431 | C0030 | C0031 | Two-page handwritten memo, dated 24 May 1998 | Uwaka | | | |
| 432 | C0050 | C0053 | Report from Neku to Uwaka, dated June 2, 1998, re: Invasion of CBL 101/Parabe Platform | Uwaka | | | |
| 433 | C0046 | C0048 | Letter from Uwaka to Mukakperuo etc., dated 6/4/98, re: Report of Unlawful Trespass, Threat to Lives, Economic Sabotage, Armed Robbery, and Kidnap | Uwaka | Dupe of 373 (Neku), 190 (Lorenz), 59 (Taylor), 20 (Matzke) FRE 802 | | |
| 434 | C19932 | C19948 | Email from Lorenz to Schull, etc., dated 10/13/98 re: Shut-In at Escravos, with email chain | Uwaka | Email correspondence about late-1998 Ijaw crisis is irrelevant, prejudicial and misleading. FRE 401-403. Attached press reports (C19940, C19941-43), summaries of that report, emails from CNL employees and summaries of statements by Military Administrator are hearsay. FRE 802. Email correspondence about the Scenario planning meeting is irrelevant because testimony shows that the meeting was entirely unrelated to Parabe. FRE 401-403. Cumulative of other evidence. FRE 401-403 | | |
| 435 | C17318 | C17323 | Fax cover sheet, Dec. 23, 1998 to Joe Lorenz, Billy Watkins, Sola Omole, from Irwin, Re: Kaiama Declaration (attached) | Uwaka | Fax dated 12/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Dupe of 64 (Taylor), 80 (Kirkland), 7 (Cotta) & 1374 (Ribadu) | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | | | | |
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 436 | C19130 | C19130 | E-mail from Lorenz to Sheldon etc., dated Dec. 17, 1998, re: FW: Ijaw unrest | Uwaka | Email string dated 12/17/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Dupe of 597 (MacLeod), 377 (Neku) | | |
| 437 | C20382 | C20382 | E-mail from Connor to Weakley and others, re: Ijaw ultimatum, dated December 18, 1998 | Uwaka | Email dated 12/18/98 unrelated to Parabe is irrelevant, waste of time. Fre 401-403. Dupe of 378 (Neku), 303 (Omole), 337 (Connor) & 1035 (Mba) | | |
| 450 | C20381 | C20381 | E-mail from Connor to NIGEC Operations Manager etc., dated 1/6/99, re: Helicopter Operations, REDACTED | Uwaka | January 1999 email re: helicopters and weapons is irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. | | |
| 453 | C25034 | C25039 | Letter dated 4/2/98 from Kirkland to The Chief of Naval Staff re: details on oil spill contingency plans and other security arrangements | Uwaka | Dupe of 494 (Momoh) | | |
| 454 | C20420 | C20420 | Email dated 1/7/99 from Connor to NIGEC Logistics Supt and others re: FW: Security review-Operations input | Uwaka | Email dated Jan. 7, 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability. FRE 401-403, 407. | | |
| 455 | C20419 | C20419 | Email dated 1/15/99 from NIGEC Logistics Supt to Connor and others re: FW: Security review-Operations input | Uwaka | Email string dated Jan. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability; hearsay. FRE 401-403, 407, 802. Dupe of 359 (Connor) | | |
| 456 | C20406 | C20407 | Email dated 1/15/99 from Schull to Connor and others re: Security Review and Planning - Protection of CNL people and facilities | Uwaka | Email string dated Jan. 1999 unrelated to Parabe incident is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability; hearsay. FRE 401-403, 407, 802. Dupe of 360 (Connor) | | |
| 457 | C13362 | C13377 | Security Review Team Report dated 2/11/99, entitled "Security Review of CNL Field Locations." | Uwaka | Security review dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability. FRE 401-403, 407. Dupe of 1627 (Etikerentse) | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 458 | C26456 | C26457 | Organizational chart, Public Affairs Department - Reports to the Chairman/Managing Directing, and, Security Services Department- Reports to the Chairman & Managing Director | Adebawo | | | |
| 459 | C24032 | C24032 | Handwritten letter from The Nine Concessional Oil Mineral Producing Communities to Idowu, dated 12/26/96, re: Recommendation of Mr. Bowoto | Adebawo | | | |
| 460 | C24522 | C24527 | Minutes of meeting held among Ilaje Communities, Santa-Fe Drilling Company & CNL dated January 8 ,1998 | Adebawo | | | |
| 461 | C24073 | C24074 | Letter from Ilaje Eight to Manager of Community Relations, CNL, dated 19th Jan. 1998, re: Skill Acquisition Programme | Adebawo | Hearsay.  FRE 802. | | |
| 462 | C24024 | C24027 | Letter from Omosowone to General Manager of Public Affairs Dept, CNL, dated 2nd October, 1997, re: Executive of Ilaje Eight United Oil Producing Communities Association | Adebawo | Hearsay; not authenticated.  FRE 802, 901. | | |
| 463 | C24510 | C24510 | Letter from Prince Mafo Ola John to The General Manager Public Affairs, CNL, dated 12th Feb. 1998, re: Effective Community Leadership Workshop | Adebawo | Confusing, irrelevant, waste of time.  FRE 401-403. | | |
| 464 | C25000- | C25001 | Letter from Dublin-Green to Managing Director of CNL, dated February 16, 1998, re: Protest from the Ugborodo Community Development Organisation | Adebawo | Letter re Itsekiri allegations and dated 2/16/98, which is unrelated to Parabe, is irrelevant, waste of time and hearsay.  FRE 401-403. | | |
| 465 | C24028 | C24029 | Court order, Suite No. HOK/10M/98 Enrollment of Order, dated March 12, 1998 | Adebawo | Hearsay; not authenticated.  FRE 802, 901. | | |
| 466 | C24576 | C24576 | Letter from Oretan to the Public Relations Manager of CNL, dated 2/9/98, re: Disagreement Over the Post of Liaison Officer in 8 United | Adebawo | Hearsay.  FRE 802. | | |

| | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | | | | |
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 467 | C24532 | C24533 | Letter dated from Concerned Ilaje Citizens to the Human Resources Manger of CNL, dated 4/7/98, re: Marginalisation of the Ilajes | Adebawo | Hearsay.  FRE 802. | | |
| 468 | C24534 | C24538 | Chairman/MD's Office Routing List | Adebawo | | | |
| 469 | | | Handwritten drawing | Adebawo | FRE 901 | | |
| 470 | C24529 | C24531 | E-mail from Emiko to Mallard Bay #74 Rig etc., dated 4/16/98, re: RE: Globestar's work plans at Ewan and Meren | Adebawo | | | |
| 471 | C24540 | C24543 | Letter from Ilaje Eight to CNL Managing Director, dated 5/2/98, re: Position Paper of the Oil Producing Communities in Ilaje Land on the Illegal Activities and Nuisance of the So Called "Concerned Ilaje Citizens" | Adebawo | | | |
| 472 | C0016 | C0017 | Letter from Omole to Akinkuoto, dated 5/8/98, re: Protest by Ilaje Citizens of Ondo State | Adebawo | | | |
| 473 | C0009 | C0010 | Letter from Onyearugbulem to Kirkland, dated May 7, 1998, re: A Call for Action | Adebawo | Double hearsay.  FRE 802.  Dupe of 109 (Haastrup), 294 (Omole) | | |
| 474 | C20304 | C20306 | E-mail from Omole to Mba, dated 7/14/98, re: RE: Ilaje: Meeting at Akure | Adebawo | Hearsay and offers to compromise or pay expenses cannot be used to show liability. FRE 408-409, 802. | | |
| 475 | C0088 | C0089 | E-mail from Haastrup to Omole etc., dated July 24, 1998, re: Ilaje | Adebawo | Hearsay and offers to compromise or pay expenses cannot be used to show liability. FRE 403, 408-409, 802.  Dupe of 184 (Davis) | | |
| 476 | C26743 | C26743 | Handwritten notes, dated from 5/26/98-5/29/98 | Adebawo | Dupe of 1213 (Jakpa) & 1463 (Ogunjobi) FRE 802, 901 | | |
| 478 | C21387 | C21397 | Military payments, date range from Aug 1999-Sept1999 | Osazuwa | Payments dated Aug.-Sept. 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 479 | C21009 | C21012 | Military payments, date range from Sept 1998-Nov 1998 | Osazuwa | Payments dated Sept.-Oct. 1998 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 480 | | | Handwritten drawing | Osazuwa | Irrelevant, waste of time.  FRE 401-403. | | |
| 481 | | | Handwritten drawing | Osazuwa | Irrelevant, waste of time.  FRE 401-403. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | |
| 487 | C28862 | C28863 | Military payments dated 1/4/99 | Osazuwa | Payment dated 1/4/99 related to Opia/Ikenyan incident is irrelevant, waste of time and prejudicial.  FRE 401-403. | | |
| 491 | C20433 | C20433 | Email from NIGEC Operations Manager to Connor, re: Flowstations, dated December 30, 1998 | Momoh | Email string dated 12/30/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 1043 (Mba) | | |
| 494 | C25034 | C25039 | Letter from Kirkland to The Chief of Naval Staff dated 4/2/98 re: details on oil spill contingency plans and other security arrangements | Momoh | Dupe of 453 (Uwaka) | | |
| 495 | C20382 | C20382 | Email dated 12/18/98 from Connor to Weakley and others re: Ijaw ultimatum | Momoh | Email dated 12/18/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 498 | C25666 | C25668 | Employee Expense Report GO-165 with attachments CONFIDENTIAL | Momoh | Irrelevant, waste of time.  FRE 401-403. | | |
| 499 | C20881 | C20894 | Military payments for the time period January-March 1998 | Momoh | | | |
| 500 | C20868 | C20868 | Employee Expense Report GO-165 for time period November 1997 to March 1998 | Momoh | | | |
| 501 | C21041 | C21043 | Military payments in the time period March-April 1998 | Momoh | | | |
| 502 | C0012 | C0014 | Letter from Concerned Ilaje Citizens to The Chairman/Managing Director of Chevron Nigeria Limited re: You Have Grossly Cheated Us," including CIC list of negotiation demands dated April 14, 1998 | Bowoto | | | |
| 502 | C21066 | C21066 | Employee Expense Report GO-165 for time period April, June and July 1998 | Momoh | | | |
| 503 | C0024 | C0025 | Letter from Concerned Ilaje Citizens to the Chairman/Managing Director of Chevron Nigeria Limited re: Your disregard for peace moves dated May 18, 1998 | Bowoto | | | |
| 503 | C20850 | C20850 | Chevron Nigeria Limited Naira Imprest Fund Reimbursement, for payments in the time period May-June 1998 | Momoh | | | |
| 504 | B00055 | B00056 | Concerned Ilaje Citizens List of Demands | Bowoto | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 504 | C21054 | C21062 | Military payments for the time period July, April, May and August 1998 | Momoh | | | |
| 505 | C0004 | C0007 | Letter from Ilaje Eight to CNL Managing Director, dated 5/2/98, re: Position Paper of the Oil Producing Communities in Ilaje Land on the Illegal Activities and Nuisance of the So Called "Concerned Ilaje Citizens" | Bowoto | | | |
| 505 | C21022 | C21023 | Request for Cash for  Nigerian Army for Special duty  performances in CNL Operations for time period October 1998 | Momoh | Payment dated Oct. 1998 unrelated to Parabe incident is irrelevant, waste of time. FRE 401-403. | | |
| 506 | C0026 | C0028 | Letter from Ilaje Eight United Oil Producing Communities Association to The Military Administrator of Ondo Tate re: Position Paper on the Illegality and Nuisance of the Concerned Ilaje Citizens in Oil Politics, dated May 22, 1998 | Bowoto | | | |
| 506 | C21024 | C21026 | Request for Cash for Special duty performed in CNL Operations Area for October 18 - 31, 1998 | Momoh | Payment dated Oct. 1998 unrelated to Parabe incident is irrelevant, waste of time. FRE 401-403. | | |
| 507 | B00687 | B00688 | Letter from Concerned Ilaje Citizens to The Manager Public Affairs Chevron Nigeria Limited re: Negotiation, dated May 15, 1998 | Bowoto | | | |
| 507 | C21113 | C21123 | Military payments for the time period November to December 1998 | Momoh | Payments dated Nov.-Dec. 1998 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 508 | B00036 | B00036 | Letter from The Concerned Ilaje Citizens to The Manger Public Affairs Department Chevron Nigeria Limited re: Notice of Meeting, dated May 9, 1998 | Bowoto | | | |
| 508 | C21130 | C21142 | Military payments for the time period Dec. 1998 - Jan. 1999 | Momoh | Payments dated 12/98-01/99 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403.  Partial Dupe of 425 (Uwaka) | | |

| PLAINTIFFS' DEPOSITION EXHIBITS |||||||
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 509 | C21133 | C21139 | Military payments for the time period December 19, 1998 - January 2, 1999, | Momoh | Payments dated 12/98-01/99 unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. Dupe of 1169 (Origbe) | | |
| 509 | C0018 | C0019 | Letter from Ilaje Eight United Communities to The General Manager Public Affairs Department Chevron Nigeria Limited re: Position Paper of the Recognized Groups/Communities in Chevron Operation Area of Ilaje land - Ondo State dated May 11, `998 | Bowoto | | | |
| 510 | C21140 | C21146 | Military payments for the time period December 27, 1998 - January 9, 1999 | Momoh | Payments dated 12/98-01/99 unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. Partial dupe of 1170 (Origbe) | | |
| 510 | C0020 | C0023 | Minutes of Meeting Held With The Ilaje Concessional Group At Obe - Sedara Community Held on May 14, 1998 | Bowoto | | | |
| 511 | C0120 | C0121 | Conduct guidelines issued by CNL to GSF entitled, "Government Security Agents Escravos," March 1998 | Mba | | | |
| 511 | C0026 | C0029 | Letter from Ilaje Eight United Oil Communities Association to The Military Administrator of Ondo Tate re: Position Paper on the Illegality and nuisance of the Concerned Ilaje Citizens in Oil Politics, dated May 22, 1998 | Bowoto | | | |
| 512 | C0122 | C0122 | Force Order No. 237, When a police officer may use firearms | Mba | FRE 401, 403, 802, 901 | | |
| 512 | B00041 | B00042 | Letter from The Concerned Ilaje Citizens to The Commissioner of Police Ondo State Police Command re: Acts Capable of disturbing public peace in the oil producing communities of Ilaje Ugbo Area of Ondo State, dated June 8, 1998 | Bowoto | | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 513 | C0188 | C0188 | Letter from Haastrup to Idowu re: Opia and Ikenyan Meetings, dated July 15, 1998, re: sit at home jobs | Mba | Letter and handwritten notes relating to Opia/Ikenyan are irrelevant, waste of time and prejudicial. FRE 401-403. Partial dupe of 1312 (Iluwa), 5 (Cotta) & 1374 (Ribadu) | | |
| 514 | C20766 | C20766 | Email from Davis to Connor and others re: Situation Report as of 12 noon Oct 13, dated October 13, 1998 | Mba | Email dated 10/13/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. | | |
| 515 | C20321 | C20323 | Email from Connor to Haastrup and others re: Incident last night - Community Situation, dated October 27, 1998 | Mba | Email string dated 10/27/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Dupe of 335 (Connor) | | |
| 515 | | | Letter dated 10/26/98 from Bowoto to The Personnel Manager re: The Concessional Oil Mineral Producing Communities In Ilajeland and a letter of confirmation for job allocation | Bowoto | Hearsay. FRE 802. | | |
| 516 | B00735 | B00735 | Letter from Bowoto to The Chairman of the ACECUM Committee re: Bowoto's injury sustained and non-challant attitude of 9 concessional oil mineral producing communities, dated September 18, 2001 | Bowoto | Hearsay. FRE 802. | | |
| 517 | B00737 | B00740 | Chevron Inimical Activities in Ilaje Land (A Year after Chevron Genocide on Ilaje People) | Bowoto | Hearsay. FRE 802. | | |
| 517 | C17919 | C17946 | COPI Weekly Drilling Report - Distribution List, Week of 12/28/98 - 1/3/99 re: weekly updates and summaries of each drilling location | Weakley | Late 1998-January 1999 drilling report is irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. Duplicative of 517 (Weakley). | | |
| 518 | C20319 | C20320 | Email from Chow to Fitzmorris and others re: Opuekeba Simulation & Well Plan, dated November 19, 1998 | Weakley | November 1998 email re: Opuekeba plan is irrelevant, unduly prejudicial and would confuse the jury. FRE 401-403. | | |
| 518 | B00812 | B00813 | Letter from Omole to The Secretary to The State Government Petroleum Resources Unit re: Protest by Ilaje Citizens of Ondo State dated May 8, 1998 | Bowoto | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 519 | BO-1296 | BO-1298 | Environmental Rights Action Environmental Testimonies #20 re: Pains of Parabe Massacre Lingers On, dated March 2, 2000 | Bowoto | Hearsay.  FRE 802. | | |
| 519 | C20422 | C20423 | Security-Community Relations Committee meeting 3/12/98 | Weakley | Meeting minutes dated Dec. 3, 1998 is irrelevant, waste of time.  FRE 401-403. 288 (Omole) and 1034 (Mba) | | |
| 524 | C17836 | C17836 | Copy Weekly Drilling Report - Distribution List, Week of 5/26/98 - 6/1/98 | Weakley | | | |
| 525 | C20825 | C22831 | Minutes of Meeting Held With Tsekelewu Community, dated April 3, 1998 | Weakley | Minutes of meeting with Ijaw community is irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues.  FRE 401-403, 701, 802. | | |
| 530 | C20431 | C20431 | Email from Connor to Dunning and others re: Flowstations, dated December 30, 1998 | Weakley | FRE 401, 403, 802 | | |
| 535 | C25546 | C25551 | Steve Peace's log | Peace | | | |
| 538 | C13320 | C13323 | Diary of S.E. Davis, dated 5/20/98-6/3/98 | Browne, M. | Dupe of 101 (Davis)  FRE 401, 403 as to 5/21-5/23 and 6/1 to 6/3.  No objection to remainder | | |
| 541 | | | Defendants' Consolidated Response to Plaintiffs' Interrogatories (Phase II) | Browne, M. | Exhibit is improperly designated.  Proper procedure was to designate it as part of discovery.  Irrelevant; confusing to the jury. FRE 401-403. | | |
| 543 | C0313 | C0318 | Declaration of Michael Browne, dated 8/12/99 | Browne, M. | FRE 802 | | |
| 544 | | | Transcript of D. Schools' deposition, dated 12/9/04 | Browne, M. | | | |
| 554 | C25159 | C25161 | Letter from Candis McGowan to Hinman, dated December 8, 1998, re: Jeff Cagle/COPI | Cagle | FRE 401, 403, 802 | | |
| 555 | | | Color layout of the Production & Pipeline Facilities | Cagle | | | |
| 556 | | | Layout of the Production & Pipeline Facilities | Cagle | | | |
| 557 | | | Photo of personnel on boat | Cagle | FRE 401, 403 | | |
| 559 | | | Executed Settlement Agreement from Duck to Grimsley, dated May 4, 1999 | Cagle | FRE 401, 403, 408 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 560 | C25206 | C25207 | Email from Cagle to Cagle, dated 10/25/98 | Cagle | FRE 401, 403, 802 | | |
| 562 | C25010 | C25010 | Email from Cagle dated 10/25/98 re: ...not mentioning anything about my intentions until Im in Alabama… | Cagle | FRE 401, 403, 802 | | |
| 563 | | | Multiple photos of boat and village, taken from above (with all Exhibit 563 photos placed behind Tab 563) | Cagle | FRE 401, 403 | | |
| 564 | C25027 | C25033 | Multiple photos of boat near land, taken from above | Cagle | FRE 401, 403 | | |
| 565 | | | Photograph of boat and workers on dock area | Cagle | FRE 401, 403 | | |
| 566 | C25013 | C25023 | Photographs taken May 28, 1998 Escravos Heliport Corpse #1 and #2 | Cagle | FRE 401, 403 | | |
| 567 | | | Photograph of barrel | Cagle | FRE 401, 403 | | |
| 568 | | | Photograph | Cagle | FRE 401, 403 | | |
| 569 | | | Photograph | Cagle | FRE 401, 403 | | |
| 570 | | | Photograph of soldiers | Cagle | FRE 401, 403 | | |
| 571 | | | Photograph of soldiers on boat | Cagle | FRE 401, 403 | | |
| 572 | | | Photograph | Cagle | FRE 401, 403 | | |
| 573 | | | Photograph | Cagle | FRE 401, 403 | | |
| 574 | C25178 | C25179 | Email from NIGEC Matl. Specialist to Cagle, dated 10/15/98 re: Some more smoke | Bordelon | FRE 401, 403, 802 | | |
| 575 | C25175 | C25177 | Email from Cagle to Cagle, dated 10/26/98, re: FW: News Highlights (Friday, Oct 23) | Bordelon | FRE 401, 403, 802 | | |
| 590 | | | Business card of Malcolm MacLeod, ChevronTexaco Global Security | Macleod | | | |
| 591 | C24018 | C24019 | E-mail from Malling to Taylor, dated 6/18/98, re: RE: Rotational Location Premium Review | Macleod | June 1998 email re: location premiums is irrelevant and is not evidence of specific agency.  FRE 401-403. | | |
| 592 | C24022 | C24022 | E-mail from MacLeod to Flynn etc., dated February 12, 1998, re: Security report re Ghana/Togo/Benin/Nigeria | Macleod | Irrelevant, waste of time.  FRE 401-403. | | |
| 593 | C19115 | C19117 | E-mail from Lorenz to Macleod etc., dated 1/18/99, re: Security Review and Planning - Protection of CNL People and Facilities | Macleod | Email string dated Jan. 1999 is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability. FRE 401-403, 407. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 594 | C23315 | C23316 | E-mail from Taylor to Williams etc., dated 4/30/98, re: FW: COPI Political Risk Consultant - Retired Ambassador John Flynn | Macleod | Irrelevant and waste of time. FRE 401-403 | | |
| 596 | C19462 | C19462 | E-mail from Lorenz to Taylor etc., dated December 14, 1998, re: Ijaw Grumblings | Macleod | Email dated 12/14/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Dupe of 299 (Omole) | | |
| 597 | C19130 | C19130 | E-mail from Lorenz to Sheldon etc., dated Dec. 17, 1998, re: FW: Ijaw unrest | Macleod | Email string dated 12/17/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Dupe of 436 (Uwaka), 377 (Neku) | | |
| 601 | C20381 | C20381 | E-mail from Connor to NIGEC Operations Manager etc., dated 1/6/99, re: Helicopter Operations, REDACTED | Macleod | Email dated 1/6/99 relating to Opia/Ikenyan is irrelevant, waste of time and prejudicial. FRE 401-403. | | |
| 602 | C20419 | C20420 | E-mail from NIGEC Logistics Supt to Connor etc., dated 1/8/99, re: FW Security Review-Operations Input | Macleod | Email string dated Jan. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability; hearsay. FRE 401-403, 407, 802. Dupe of 1011 (Pell) | | |
| 603 | C20443 | C20445 | E-mail from Macleod to Connor etc., dated 3/19/99, re: Security Review Programme at Escravos | Macleod | Email string dated March 1999 unrelated to Parabe incident is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability. FRE 401-403, 407. | | |
| 712 | B00055 | B00056 | Concerned Ilaje Citizens List of Demands | Aiyenumelo | | | |
| 720A | B00015 | B00015 | Position Letter for the Four Recognized Group in Ilaje Local Government Area. Ondo-State., dated 4/7/08, re: Request to Hold a Meeting | Aiyenumelo | Rule 802 | | |
| 721 | B00666 | B00667 | Letter from the Concerned Ilaje Citizens to The Human Resource Manager, CNL, dated 7th April 1998, re: Marginalisation of the Ilajes | Aiyenumelo | Rule 802 | | |
| 722 | B00646 | B00649 | Letter from Concerned Ilaje Citizens to Kirkland, dated April 9th, 1998, re: You Have Grossly Cheated Us | Aiyenumelo | Rule 802 | | |
| 723 | B00663 | B00665 | Letter from Concerned Ilaje Citizens to the Military Administrator, dated April 30, re: We are posed for action | Aiyenumelo | Rule 802 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
| 724 | B00844 | B00845 | Letter from Omole to Akinkuoto, dated May 8th, 1998, re: Protest by Ilaje Citizens of Ondo State | Aiyenumelo | | | |
| 725 | B00686 | B00686 | Letter from Morris to The Five Associations of Oil Producing Communities of Ilaje land, dated May 11 1998, re: Notice of Meeting | Aiyenumelo | FRE 401, 403, 802, 901 | | |
| 726 | C24030 | C24031 | Letter from Concerned Ilaje Citizens to The Manager Public Affairs, dated May 13 1998, re: Negotiation | Aiyenumelo | Dupe of 1309 (Iluwa).  FRE 802 | | |
| 727 | C0030 | C0031 | Handwritten letter from the Ilaje Eight to Kirkland, dated May 24, 1998, re: Emergency Message: To Tighten or Beef Up Security | Aiyenumelo | | | |
| 728 | C24033 | C24033 | Letter from the Ilaje Eight to The General Manager of Public Affairs, CNL, dated 26/5/98, re: "we wish to bring to your knowledge…" | Aiyenumelo | | | |
| 729 | C25211 | C25211 | Photograph of Parabe Platform | Burnham | | | |
| 729-BB | C25211 | C25211 | Photograph of Parabe Platform with notes | Burnham | | | |
| 730 | C25211 | C25211 | Photograph of Parabe Platform | Browne, M. | | | |
| 730-A | C25211 | C25211 | Photograph of Parabe Platform | Daniels, J. | | | |
| 730B | C25211 | C25211 | Photograph of Parabe Platform | Peace | | | |
| 730-BB | C25211 | C25211 | Photograph of Parabe Platform with parts numbered | Burnham | | | |
| 731 | C25214 | C25214 | Photograph of Parabe Platform | Browne, M. | | | |
| 731-A | C25214 | C25214 | Photograph of Parabe Platform | Daniels, J. | | | |
| 732 | MB-016 | MB-016 | Photograph of crane | Browne, M. | | | |
| 733 | C25213 | C25213 | Photograph | Browne, M. | | | |
| 733-A | C25213 | C25213 | Photograph | Daniels, J. | | | |
| 733B | C25213 | C25213 | Photograph of Parabe Platform | Peace | | | |
| 733-BB | C25213 | C25213 | Photograph with notes | Burnham | | | |
| 734-A | C25215 | C25215 | Photograph of Helipad on platform | Daniels, J. | | | |
| 734 | C25215 | C25215 | Photograph of Helipad on platform | Browne, M. | | | |
| 735 | B00612 | B00612 | Photograph of Parabe Platform CBL 101/Barge | Browne, M. | | | |
| 736 | | | Hand drawn diagram | Browne, M. | | | |
| 737 | C0285 | C0285 | Demobilisation Report/CBL-101/ May 29, 1998 authored by Mike Browne | Browne, M. | FRE 802 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 739 | MB001 | MB015 | Daily Log, dated 1/24/98-2/20/99, with attached photo, authored by Mike Browne | Browne, M. | FRE 401, 403 as to 1/24/98 to 3/21/98, 3/26/98 to 5/24/98, 9/1/98 to 2/20/99; no objection to remainder or to photos | | |
| 741 | C0319 | C0323 | Declaration, dated 7/28/99, authored by Tim Browne | Browne, T. | FRE 802 | | |
| 742 | C0291 | C0291 | Letter from T. Browne to CNL Management, dated March 1, 1999, re: May 25 Parabe incident | Browne, T. | FRE 802 | | |
| 745 | JD-001 | JD-001 | Photograph of men carrying person on stretcher on helipad | Daniels, J. | | | |
| 750 | C0290 | C0290 | Handwritten statement of Billy Burnham, dated 3/1/99 | Burnham | FRE 802 | | |
| 751 | C0287 | C0287 | From Burnham to CNL Management, dated 3/1/99, re: typewritten statement | Burnham | FRE 802 | | |
| 752 | MB015 | MB015 | Photograph of men in office | Burnham | | | |
| 1000 | C25619 | C25619 | Statement to Osazuwa from Aiyenuberu, dated 7/6/98, "Snatching of CNL Survey Boat at Young Town by Ijaws," signed E.O. Aiyenuberu | Idowu | Letter dated 7/6/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1001 | C20751 | C20752 | Email from NIGEC Public Affairs to Connor etc., 10/31/98,  re: RE: Negotiation with youths | Idowu | Email string dated 10/31/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1002 | C23001 | C23003 | Email to from Connor to Kirkland etc., dated 11/1/98, re: FW: Urgent Request: 8 Rooms in Park View | Idowu | Email string dated 11/1/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 1030 (Mba) | | |
| 1004 | C28143 | C28144 | Letter from Bowoto Community to the General Manager, Public Affairs Department, CNL, dated 5/23/98, re: Community Complaints, with handwritten notes | Idowu | Hearsay, irrelevant, waste of time.  FRE 401-403, 802. | | |
| 1005 | C25166 | C25172 | Organization chart, CNL Asset Management Department: Reports to Chairman & Managing Director | Pell | December 1998 organization charts are irrelevant and would confuse the jury.  FRE 401-403. | | |
| 1006 | C22081 | C22082 | Civil Aviation (Air Navigation) Regulations, Part 8 - Operations | Pell | FRE 401, 403, 901 | | |
| 1007 | C25069 | C25130 | Documents re: CNL's contract with Sea Truck, date range from Oct 1998-Jan 1999 | Pell | Seatrucks contract documents from late 1998 through January 1999 are irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1008 | C22508 | C22516 | Report from Rogan to Connor etc., dated 10/7/99, re: Report of Audit Ehem 99523R Chevron Nigeria Limited Walvis Group Contractor Audit | Pell | Exhibit is irrelevant, unduly prejudicial and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including FCPA compliance. *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly). *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |
| 1009 | C35064 | C35078 | Weekly reports in late 1999 and early 2000, and "handover notes" | Pell | Reports dated 1999 and 2000 unrelated to Parabe are irrelevant, waste of time. FRE 401-403. | | |
| 1010 | C20440 | C20440 | Email from Connor to Macleod, dated 1/8/99, re: CNL hostages , REDACTED | Pell | Email dated 1/8/99 unrelated to Parabe is irrelevant, waste of time. FRE 401-403, 407. | | |
| 1011 | C20419 | C20420 | Email from NIGEC Logistics Supt to Connor etc., dated 1/8/99, re: FW: FW: Security Review- Operations input | Pell | Email string dated Jan. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability. FRE 401-403, 407. Dupe of 602 (MacLeod) | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1012 | C13362 | C13392 | Security Review Team Report dated 2/11/99, entitled "Security Review of CNL Field Locations." | Pell | Security review dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability.  FRE 401-403, 407.  Dupe of 68 (Taylor) | | |
| 1013 | | | Meier's Daily Flight Log dated 1/4/99 | Meier | Flight log dated 1/4/99 related to Opia/Ikenyan is irrelevant, waste of time and prejudicial.  FRE 401-403. | | |
| 1014 | | | Hand drawing | Meier | | | |
| 1015 | C21798 | C21808 | Daily Flight Logs | Meier | | | |
| 1016 | C25011 | C25006 | Copy, email dated 11/1/98 from Max Bordelon to D. Kitchin, subject: "checking in," REDACTED | Kitchin | FRE 401, 403, 802 | | |
| 1017 | C25012 | C25020 | Email from Jeff N. Cagle to (Max) mebo@compuserve.com, cc:  Jeff N. Cagle, dated 10/22/1998 re:  "Sensitive Subject" CONFIDENTIAL | Kitchin | Partial dupe of 1468 (Ogunjobi) FRE 401, 403, 802 | | |
| 1017 | C29916 | C29919 | Payment to community member dated April 26, 1999 re: Capsized Canoe | Jakpa | Receipt and email string dated 4/99 are irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. Dupe of 1359 (Nwogu) | | |
| 1018 | | | Declaration of Guy Brokaw | Kitchin | FRE 401, 403, 802 | | |
| 1019 | | | Declaration of Dave Kitchin | Kitchin | FRE 401, 403, 802 | | |
| 1019 | C19568 | C19570 | Email from Lorenz to Libbey and others re: Nigeria/Reuters inquiry, dated October 8, 1998 | Jakpa | Summaries of statements by Reuters reporter are hearsay.  FRE 802.  Information about Ijaw unrest is irrelevant and misleading.  Information about environment is irrelevant and prejudicial and goes beyond the limits set by the Court's in limine order.  To the extent the document contains information about Parabe it is cumulative of other evidence including 1744 & 223 & 1510.  FRE 401-403 | | |
| 1020 | C19037 | C19052 | Email from Lorenz to Omole and others re: Democracy Now transcript, dated October 7, 1998 | Jakpa | Entire interview is hearsay.  FRE 802.  Statements by Sola are irrelevant to plaintiffs' ratification theory because Sola is a CNL employee, not an employee of defendants. FRE 401-403.  Cumulative of 1828 & 222 & 5392.  FRE 401-403 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | PLAINTIFFS' DEPOSITION EXHIBITS | | |
| 1021 | C26772 | C26772 | Article from The Guardian titled "NNPC, Chevron Lose 304,000 Barrels in Ilaje Protest" dated 5/29/98 | Jakpa | Article is hearsay.  FRE 802.  Prejudice outweighs probative value.  FRE 401-403 | | |
| 1022 | C24544 | C24545 | Olero Creek's Weekly Report by PE Emiko dated 4.13.98 | Jakpa | | | |
| 1023 | C29274 | C29274 | Email from NIGEC Public Affairs Supt to Omole re: Ilaje - relief for Ilaje dated July 29, 1999 | Jakpa | Email string dated 7/29/99 unrelated to Parabe incident is irrelevant, waste of time and prejudicial; hearsay.  FRE 401-403, 802. | | |
| 1024 | C29271 | C29273 | Chevron Nigerian Limited Request for Check dated 9.7.99 | Jakpa | 1999 relief payment is irrelevant and would cause undue delay.  FRE 401-403. | | |
| 1025 | C31296 | C31296 | Request for Cash for allowance of Naval personnel on board Lamarclco Osprove for period October 2-9, 1999 | Mba | Payment dated Oct. 1999 is irrelevant, waste of time.  FRE 401-403. | | |
| 1026 | C30118 | C30118 | Request for Cash for allowance of men who performed special duty escort patrol for period of January 22-23, 1999 | Mba | Payment dated 1/23/99 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1027 | C30009 | C30010 | Request for Cash for allowance for Nigeria Police for services rendered between December 1998 and January 1999 | Mba | Payment dated 1/20/99 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1028 | C20764 | C20765 | Email from NIGEC Operations Manager to Connor re: Operation's Brief, dated October 27, 1998, REDACTED | Mba | Email dated 10/27/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. Dupe of 1154 (Origbe) | | |
| 1029 | C20760 | C20760 | Email from NIGEC Operations Manager to Haastrup and others re: Negotiation with youths, dated October 30, 1998 | Mba | Email string dated 10/30/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1030 | C23001 | C23003 | Email from Connor to Kirkland and others re: Urgent Request: 8 rooms in park view, dated November 1, 1998 | Mba | Email string dated 11/1/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1031 | C23004 | C23005 | Email from Emiko to Assangha and others re: Flight Tickets to Lagos, dated November 3, 1998 | Mba | Email string dated Nov. 1998 relating to plane tickets is irrelevant, waste of time. FRE 401-403. | | |
| 1034 | C20422 | C20423 | Security-Community Relations Committee meeting,  dated December 3, 1998 | Mba | Meeting minutes dated Dec. 3, 1998 is irrelevant, waste of time.  FRE 401-403. 519 (Weakley) and 288 (Omole) | | |
| 1035 | C20382 | C20382 | Email from Connor to Weakley and others re: Ijaw Ultimatum, dated December 18, 1998 | Mba | Email dated 12/18/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. Dupe of 437 (Uwaka), 303 (Omole), 337 (Connor) & 378 (Neku) | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1043 | C20433 | C20433 | Email from NIGEC Operations Manager to Connor re: Flowstations, dated October 30, 1998 | Mba | Email string dated 12/30/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Dupe of 491 (Momoh) | | |
| 1044 | C20431 | C20431 | Email from Connor to Dunning and others, re: Flowstations, dated December 30, 1998 | Mba | Email string dated 12/30/98 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Dupe of 380 (Neku), 345 (Connor) | | |
| 1045 | | | Chevron Nigeria Request for Cash (Naira) dated 6.25.98 | Nwokolo | | | |
| 1046 | | | Chevron Nigeria Limited naira Imprest Fund Reimbursement for the Period: June 4, 1998 | Nwokolo | | | |
| 1046 | C20310 | C20312 | Email from NIGEC Security Coordinator to Uwaka and others re: DPR/CNL Meeting at Warri, dated June 26, 1998 | Mba | Double hearsay. FRE 802. | | |
| 1047 | C31979 | C31979 | Chevron Nigeria Monetary Limits on Service Contracts and Delegation of Authority, dated May 15,1997 | Mba | Delegation limits are irrelevant, would confuse the jury and cause undue delay. FRE 401-403. | | |
| 1048 | C21423 | C30532 | Military Payments dated April 15, 1998 - October 19, 1999 | Nwokolo | Payments dated after 8/98 are irrelevant, waste of time. FRE 401-403. | | |
| 1049 | C20859 | C20861 | Military payments dated June 25, 1998 | Nwokolo | | | |
| 1050 | C20850 | C20850 | Chevron Nigeria Limited Naira Imprest Fund Reimbursement, for payments in the time period May-June 1998 | Nwokolo | | | |
| 1051 | C35484 | C35484 | Request for Check from Mendes to The General Manager Finance | Nwokolo | Check request dated 11/99 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. | | |
| 1052 | C35544 | C35544 | Military payments dated April 28, 1998 | Nwokolo | | | |
| 1053 | C30031 | C30031 | Military payments dated August 7, 1998 | Nwokolo | Payment dated 1/8/99 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. Partial dupe of 1566 (Lavington) | | |
| 1055 | C21167 | C21171 | Military payments dated January 28, 1999 - February 8, 1999 | Nwokolo | Payments dated 12/98-Jan. 99 unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. Partial dupe of 426 (Uwaka) | | |
| 1060 | C29556 | C29561 | Minutes of Meeting with Obaghoro Community dated March 5, 1996 | Emiko | Minutes of meeting are irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues. FRE 401-403, 701, 802. | | |

| | | | | | PLAINTIFFS' DEPOSITION EXHIBITS | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1061 | C29623 | C29625 | Minutes of Meeting Held With Koko Community, dated April 1, 1997 | Emiko | Minutes of meeting with Ijaw community is irrelevant, waste of time.  FRE 401-403. | | |
| 1062 | C29626 | C29630 | Minutes of Meeting Held With Tsekelewu Community, dated April 1,1997 | Emiko | Minutes of meeting with Ijaw community are irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues. FRE 401-403, 701, 802. Dupe of 1243 (Jakpa) | | |
| 1063 | C29676 | C29680 | Minutes of Meeting Held with Bateren Community, dated March 16, 1997 | Emiko | Minutes of meeting with Itsekiri community is irrelevant, waste of time, prejudicial, hearsay and improper lay testimony relating to environmental issues.  FRE 401-403, 701, 802. | | |
| 1064 | C29667 | C29670 | Minutes of Meeting Held With Deghele Community, dated May 16, 1997 | Emiko | Minutes of meeting are irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 1065 | C29694 | C29699 | Minutes of Meeting Held With the Sub-Committee on Ugborodo Community Trust, dated June 4, 1997 | Emiko | Minutes of meeting with Itsekiri community is irrelevant, waste of time and hearsay. FRE 401-403, 802. | | |
| 1066 | C29759 | C29763 | Minutes of Meeting Held With Bateren Community, dated June 29, 1997 | Emiko | Minutes of meeting with Itsekiri community is irrelevant, waste of time and hearsay. FRE 401-403, 802. | | |
| 1067 | C29792 | C29795 | Minutes of Meeting Held With Tebu Community, July 28, 1997 | Emiko | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. Dupe of 1380 (Ribadu) | | |
| 1068 | C29797 | C29801 | Minutes of Meeting Held With Obaghoro Community, dated July 28, 1997 | Emiko | Minutes of meeting with Itsekirki community is irrelevant, waste of time and hearsay. FRE 401-403, 802. Partial dupe of 1379 (Ribadu) | | |
| 1069 | C22854 | C22956 | Minutes of Quarterly Meeting Held with Kokodiagbene Community at CNL Club Warri on February 10, 1998 | Emiko | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1070 | C22836 | C29718 | Minutes of Meeting Held with Idama Community, dated March 26, 1998 | Emiko | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1071 | C22819 | C22821 | Minutes of Quarterly Meeting held with Tisun Community at Tisun, dated April 24, 1998 | Emiko | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1073 | C0180 | C0182 | Note from Haastrup to Pee, dated June 16, 1998 | Emiko | Handwritten notes dated 6/16/98 related to Opia is irrelevant, waste of time and prejudicial.  FRE 401-403. | | |
| 1073 | C0180 | C0182 | Note from Omole to AOH, dated June 10, 1998 | Emiko | Handwritten notes dated 6/16/98 related to Opia is irrelevant, waste of time and prejudicial.  FRE 401-403. | | |
| 1074 | C0179 | C0179 | Note from Haastrup to Omole, dated June 15, 1998 | Emiko | Handwritten notes dated 6/15/98 related to Opia is irrelevant, waste of time and prejudicial.  FRE 401-403; see also Emiko Dep., pp.  316-317.  Dupe of 75 (Kirkland) | | |
| 1075 | C22799 | C22801 | Minutes of Quarterly Meeting Held with Deghele Community, dated August 20, 1998 - WITHDRAWN | Emiko | Minutes of meeting are irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 1076 | C23007 | C23008 | Email from Haastrup to Shadiya and others re: meeting with Ijaws, dated November 4, 1998 | Emiko | Email string dated 11/4/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1078 | C27541 | C27543 | Report of Joint Meeting Between CNL, WDN, Opuama and Tsekelewu Communities on 20/11/98. Held at David Ejoor Barrack Warri, dated November 23, 1998 - WITHDRAWN | Emiko | Report of Meeting with Ijaw communities is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1080 | C31779 | C31780 | Email from Jakpa to Emiko and others re: Sogholo Women Association, dated February 15, 1999 | Emiko | Email string dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time, prejudicial and improper lay testimony on environmental issues.  FRE 401-403, 701. Dupe of 1325 (Iluwa), 1360 (Nwogu) | | |
| 1084 | C22782 | C22785 | Report of Quarterly Meeting Between Chevron and Omadino Community Held at Nenuwa Hall, Omadino on Friday, March 12, 1999 - WITHDRAWN | Emiko | Minutes of March 1999 meeting with non-Ilaje community is irrelevant, waste of time and hearsay.  FRE 401-403, 802.  Dupe of 1322 (Iluwa) | | |
| 1085 | C22780 | C22781 | Minutes of Quarterly Meeting held with representatives of Bateren Community on May 14, 1999 - WITHDRAWN | Emiko | Minutes of meeting are irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1087 | C22701 | C22704 | Minutes of Quarterly Meeting Held With Ureju Community At Chevron Conference Room, Warri on November 11, 2000 - WITHDRAWN | Emiko | Minutes of Nov. 2000 meeting with Itsekiri community is irrelevant, waste of time, prejudicial, hearsay and improper lay testimony on environmental issues.  FRE 401-403, 701, 802.  Dupe of 1332 (Iluwa) | | |
| 1088 | C22670 | C22672 | Minutes of Quarterly Meeting Held With Obaghoro Community At CNL Conference Room, Warri on Wednesday November 23, 2000 - WITHDRAWN | Emiko | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1089 | C24174 | C24175 | Letter from Oyetakin and others to The General Manager Public Affairs & Government Chevron Nigeria Ltd and others re: The Agony of Parabe Crisis on the Family of Late Jola Ogungbeje, dated March 10, 2003 | Emiko | FRE 401, 403, 408, 409, 802 | | |
| 1090 | C31791 | C31805 | Agenda with dates ranging from April 29, 1998 - May 26, 1998 | Hervey | FRE 401, 403 as to 4/29 to 5/23; no objection to remainder | | |
| 1090 | C25211 | C25211 | Black and white photocopy of barge and platform, with Ulori's markings | Ulori | | | |
| 1091 | C17952 | C17969 | North Offshore Morning Report, dated May 20, 1998 - June 6, 1998 | Hervey | Dupe of 5379, 266 (Mitchell) & 168 (Harrison).  FRE 401, 403 to 5/20 to 5/24, 6/1 to 6/6; no objection to remainder | | |
| 1097 | | | Black and White photo of barge with Ulori's markings | Ulori | | | |
| 1098 | | | Drawing of a circle and a rectangle made by Ulori | Ulori | | | |
| 1099 | | | Pay slips received by Ulori when he worked for Globestar | Ulori | FRE 401, 403 | | |
| 1100 | C25211 | C25211 | Black and White Photograph of barge and platform with notes | Irowaninu, T. | | | |
| 1110 | C25211 | C25211 | Black and White photo of platform | Boyo | | | |
| 1150 | C35021 | C35079 | Weekly Report dated 12/27/99 to 2/2/00 | Origbe | FRE 401, 403, 802 | | |
| 1153 | C33098 | C33098 | Letter from Uwaka to The Squadron Commander re: Thanks for service rendered by mobile police, dated September 26, 1998 | Origbe | FRE 401, 403, 802 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1154 | C20764 | C20765 | Email from NIGEC Operations Manager to Connor re: Operation's Brief, dated October 27, 1998, REDACTED | Origbe | Email dated 10/27/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403.  Dupe of 1028 (Mba) | | |
| 1155 | C25628 | C25629 | Letter from Origbe to Uwaka re: Incident report: alleged kidnap of ijaws at abiteye dated December 16, 1997 | Origbe | Report dated 12/16/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1156 | C33070 | C33072 | Letter from Nwokolo to Uwaka and others re: Payment of Allowances to Naval Men, dated November 3, 1997 and attached military payments for the October 1997 time period | Origbe | | | |
| 1160 | C20904 | C20914 | Military payments dated April 21, 1998 - June 25, 1998 | Origbe | | | |
| 1161 | C21103 | C21112 | Military payments dated  May 31, 1998 - June 25, 1998 | Origbe | | | |
| 1162 | C20990 | C20992 | Military payments dated July 22, 1998 - August 18, 1998 | Origbe | Reimbursement for lost personal effects is irrelevant, waste of time.  FRE 401-403. | | |
| 1163 | C30525 | C30525 | Military payments dated October 8, 1998 | Origbe | Payment dated 10/8/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. Partial dupe of 1474 (Okeleu) | | |
| 1164 | C30305 | C30305 | Military payments dated October 16, 1998 | Origbe | Payment dated 10/16/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1165 | C30304 | C30304 | Military payments dated October 16, 1998 | Origbe | Payment dated 10/16/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1166 | C30302 | C30302 | Military payments dated October 20, 1998 | Origbe | Payment dated 10/20/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1167 | C21142 | C21142 | Military payments dated January 9, 1999 | Origbe | Payment for duty in Dec. 98-Jan. 99 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1168 | C21141 | C22146 | Military payments dated December 9, 1998 - December 28, 1998 | Origbe | Payments for duty in Nov. 1998 unrelated to Parabe incident is irrelevant, waste of time.  FRE 401-403. | | |
| 1169 | C21133 | C21139 | Military payments for the time period December 19, 1998 - January 2, 1999, | Origbe | Payments dated Dec. 98- Jan 99 and unrelated to Parabe are irrelevant, waste of time.  FRE 401-403.  Dupe of 509 (Momoh) | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1170 | C21140 | C21140 | Military payments dated December 30, 1998 | Origbe | Payment dated 12/30/98 unrelated to Parabe incident is irrelevant, waste of time. FRE 401-403.  Partial dupe of 510 (Momoh) | | |
| 1171 | | | Military payments dated January 7, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1172 | C21268 | C21269 | Military payments dated January 14, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1173 | C30007 | C30007 | Military payments dated January 18, 1998 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1174 | C21271 | C21271 | Military payments dated January 24, 1999 - February 6, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1175 | C30130 | C30130 | Military payments dated February 11, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1176 | C32442 | C32442 | Military payments dated March 11, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1177 | C31654 | C31654 | Military payments dated March 11, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1178 | C31180 | C31180 | Military payments dated May 10, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1179 | C30916 | C30916 | Military payments dated May 18, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1180 | C21263 | C21295 | Military payments dated January 26, 1999 - June 4, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1181 | C29958 | C29958 | Military payments dated June 8, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1182 | C29961 | C29961 | Military payments dated June 11, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1183 | C29960 | C29960 | Military payments dated June 11, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1184 | C29959 | C29959 | Military payments dated June 11, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1185 | C21292 | C21292 | Military payments dated June 23, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1186 | C21329 | C21330 | Military payments dated June 15, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1187 | C30833 | C30833 | Military payments dated June 15, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1188 | C30835 | C30835 | Military payments dated June 15, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1189 | C30837 | C30837 | Military payments dated June 16, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1190 | C30540 | C30540 | Military payments dated June 30, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1191 | C30541 | C30541 | Military payments dated June 30, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1192 | C30538 | C30538 | Military payments dated June 30, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1193 | C30544 | C30544 | Military payments dated July 3, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1194 | C30542 | C30542 | Military payments dated July 3, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1195 | C30547 | C30547 | Military payments dated July 6, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |

| | PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1196 | C30549 | C30549 | Military payments dated July 6, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1197 | C30550 | C30550 | Military payments dated July 7, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1198 | C30552 | C30552 | Military payments dated July 8, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1199 | C30561 | C30561 | Military payments dated July 11, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1200 | C30562 | C30562 | Military payments dated July 11, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1201 | C30734 | C30734 | Military Payment dated July 18, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1201 | C22083 | C22087 | Aeroplane Operations Manual Pan African Airlines (Nigeria) Limited | Glasby | Partial dupe of 1466 (Ogunjobi)  FRE 401, 403 | | |
| 1202 | C30735 | C30735 | Military Payment dated July 18, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1203 | C30736 | C30736 | Military Payment  dated July 19, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1204 | C30738 | C30738 | Military Payment dated July 19, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1205 | C30739 | C30739 | Military Payment dated July 20, 1999 | Origbe | Irrelevant, waste of time.  FRE 401-403. | | |
| 1206 | C30011 | C30012 | Military Payments dated July 24, 1999 | Origbe | Payment dated 7/24/99 unrelated to Parabe incident is irrelevant, waste of time.  FRE 401-403. | | |
| 1207 | C30017 | C30017 | Military Payments dated July 29, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1208 | C30018 | C30018 | Military Payments dated July 29, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|-------|-----------------|--------------|-------------|--------------------|-----------|--------------------------|---------------|
| | | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | |
| 1209 | C30019 | C30019 | Military Payment dated July 31, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. | | |
| 1210 | C30545 | C30545 | Military Payment dated July 6, 1999 | Origbe | Payments dated 1999 unrelated to Parabe incident are irrelevant, waste of time. FRE 401-403. | | |
| 1211 | C33066 | C33066 | Military Payment dated October 31, 2000 | Origbe | Payment dated Oct. 2000 unrelated to Parabe incident is irrelevant, waste of time. FRE 401-403. | | |
| 1212 | C20365 | C20372 | Email from Haastrup to Udoma, etc., dated June 23, 1998, re: latest edition of our Parabe response | Jakpa | Irrelevant and misleading because attachment is internal draft. FRE 401-403. Letter has multiple levels of hearsay. FRE 802 | | |
| 1213 | C26743 | C26743 | Note re: Email to Olero | Jakpa | | | |
| 1214 | C24036 | C24037 | Letter from Omole to the Concerned Ilaje Citizens and others re: Act Now Or… , dated July 23, 1998 | Jakpa | FRE 401, 403, 408, 802 | | |
| 1215 | C0918 | C0919 | Email from Omole to Schull and others re: Ilaje, dated July 24, 1998 | Jakpa | FRE 401, 403, 408, 409, 802 | | |
| 1216 | C20307 | C20309 | Email from Omole to Haastrup and others re: meeting at Ugbo, dated July 1, 1998 | Jakpa | Offers to compromise or pay expenses cannot be used to show liability; hearsay, prejudicial. FRE 403, 408-409, 802. | | |
| 1217 | C20825 | C22831 | Minutes of Meeting Held With Tsekelewu Community | Jakpa | Minutes of meeting with non-Ilaje communities are irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues. FRE 401-403, 701, 802. | | |
| 1218 | C30340 | C30341 | Email from Jakpa to Emegere and others re: Adagbarassa/Ashantuagbene dated October 9, 1998 | Jakpa | October 1998 meeting expenses with unrelated communities and speculative comments are irrelevant, unduly prejudicial and would mislead the jury. FRE 401-403, 602, 802. | | |
| 1219 | C25216 | C25216 | Map of Escravos area | Jakpa | | | |
| 1226 | C29562 | C29568 | Minutes of Meeting with Benin River Communities | Jakpa | Minutes of meeting with Ijaw communities is irrelevant, waste of time and prejudicial. FRE 401-403. | | |

| over 8 |
|---|

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1227 | C35778 | C35786 | Acquisition of Dibi G Oil Location re: Payment of Compensation to Ureju Community | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1228 | C35721 | C35721 | Letter from Hagstrom to Jakpa re: Land Acquisition for Dibi flowstation and Access Canal to Gbokoda G, dated January 1, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1229 | C35720 | C35720 | Letter from Omole to The Chairman Warri North Local Government Area re: Land Acquisition for Dibi Flowstations and Access Canal to Gbokoda | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1230 | C35773 | C35777 | Payments to community dated January 17, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1231 | C35714 | C35714 | Letter from Emegere to Jakpa re: Ownership of Land Required for Benin River Flowstation and its Access Canal | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1232 | C35681 | C35683 | This Power of Attorney, dated January 22, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1233 | C35703 | C35712 | Okotie and Company Valuation Report on the Various Interests of Tisun Community, et cetera, February 3, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1234 | | | Acquisition of Land for Dibi Flow Station, Flare Site and Access Canal to Gbokoda G Location, dated February 4, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1235 | C35768 | C35772 | Letter from Udoma to Edun & Co and others re: Alleged Sinking of Drilling Pipes at Emughele Village dated April 8, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1236 | C35684 | C35702 | Letter from Okotie to Jakpa re: Acquisition of A 92.072 HA. Land for Dibi flowstation, flare site and access canal to good "g" location | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1237 | C35318 | C35320 | Letter from Jakpa to Omole re: Acquisition of Land for Dibi Flowstation, Flare Site and Access Canal to Gbokoda 'G' Location, dated January 14, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1238 | | | CNL Union Bank Check to Okotie and Company for 58,521,775 Naira | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1239 | C35715 | C35719 | Letter from Omole to Fred Enemigin & Associates re: Acquisition of Land for the Construction of Idibi Flowstation, dated February 28, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1240 | C35671 | C35673 | This Power of Attorney, dated February 28, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1241 | C35696 | C35696 | Request for Check from Schull to The General Manager Finance | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1242 | C35653 | C35655 | Chevron Nigeria Limited Compensation Receipt and Indemnity | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1243 | C29626 | C29630 | Minutes of Meeting Held with Tsekelewu Community | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1244 | C35329 | C35333 | Chevron Nigeria Limited Compensation Receipt and Indemnity, dated April 18, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1245 | C35315 | C35317 | Chevron Nigeria Limited Compensation Receipt and Indemnity, dated April 30, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1246 | C35334 | C35339 | Chevron Nigeria Limited Compensation Receipt and Indemnity, dated May 12, 1997 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1247 | C35732 | C35736 | Valuation Report on Acquisition of Flow line route from Dibi 'G' to Robins Creek at Ureju Community Warri North Local Government Area Delta State | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1248 | C35737 | C35741 | Valuation Report on Acquisition of Flow line route from Robins Creek to Dibi 'D&F' and to RMP 15 at Tisun and Ureju Communities Warri North Local Government Area Delta State | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1249 | C35751 | C35753 | Acquisition of Land for Flowline Right of Way From DIBI 6 (G) to REMP 245 (J30) Flowline | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1250 | C35631 | C35633 | Acquisition of Land For DIBI "L" Location | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1251 | C35616 | C35619 | Valuation Report on Various Interests of Tisun Community Likely to be Adversely Affected by the Acquisition of a 2.639 Ha. Parcel of Tisun land required by Chevron Nigeria Limited for the proposed DIBI Flowstation Water source Cluster Location | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1252 | C35298 | C35307 | Chevron Nigeria Limited Compensation Receipt and Indemnity | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1253 | C35620 | C35621 | Acquisition of Additional Land for Water Source Cluster and Flare Extension | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1254 | C35639 | C35642 | Chevron Nigeria Limited Request for Check dated October 7, 1998 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1255 | C35755 | C35759 | Chevron Nigeria Limited Request for Check dated October 20, 1998 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1256 | C35756 | C35756 | Chevron Nigeria Limited Union Bank Receipt | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1257 | C35308 | C35314 | Chevron Nigeria Limited Compensation Receipt and Indemnity, dated November 11, 1998 | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1258 | C29656 | C29662 | Letter from Nwogu to Mojuetan re: Compensation for temporary acquisition of additional land, contracts | Jakpa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1259 | C31078 | C31079 | Email from NIGEC Olero Creek PA to Emegere and others re: Capsized canoe, dated May 6, 1999 | Jakpa | Email string dated May 1999 unrelated to Parabe is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802.  Dupe of 1358 (Nwogu) | | |
| 1260 | C30369 | C30369 | Payments to community dated July 4, 1999 | Jakpa | Irrelevant, waste of time.  FRE 401-403. | | |
| 1261 | C30371 | C30371 | Payments to community dated July 4, 1999 | Jakpa | Community payment dated 7/6/99 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1262 | C29599 | C29600 | Letter from Ejuwa to The General Manager Public Affairs Department re: Reminder Letter, Over Non-Payment of Compensation On Ewan Oil Spillage 26/7/98 dated January 1999 | Jakpa | Letter relating to oil spill occurring after Parabe incident is irrelevant, waste of time and prejudicial; hearsay.  FRE 401-403, 802; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 1263 | C0903 | C0908 | Handwritten and typed letters regarding payment for injuries sustained by Larry Bowoto dated 6/29/21998-8/31/1998 | Ajani | FRE 401, 403, 408, 409, 802, 901 | | |
| 1264 | B00615 | B00615 | Photo of Larry Bowoto | Ajani | FRE 401, 403 | | |
| 1265 | B00616 | B00616 | Close-up Photo of Larry Bowoto | Ajani | FRE 401, 403 | | |
| 1266 | B00617 | B00617 | Side view Photo of Larry Bowoto | Ajani | FRE 401, 403 | | |
| 1267 | B00619 | B00619 | Side view close-up of Larry Bowoto | Ajani | FRE 401, 403 | | |
| 1268 | B00628 | B00628 | Side view close-up of Larry Bowoto | Ajani | FRE 401, 403 | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1272 | C25216 | C25216 | Map of portion of Nigeria | Okowi | | | |
| 1273 | | | Diagram of Escravos Compound Drawn by Charles Adeniji | Adeniji | | | |
| 1274 | | | Diagram of Awoye Community drawn by Philemon Ebiesuwa | Ebiesuwa | Drawing attributing certain environmental issues to Chevron Nigeria Ltd. is improper lay testimony, hearsay and irrelevant and prejudicial.  FRE 401-403, 701, 802; see also Order Defs.' Mot. in Limine re Environ. Dkt. 1210. | | |
| 1275 | | | Diagram of Awoye Community drawn by Philemon Ebiesuwa | Ebiesuwa | Drawing attributing certain environmental issues to Chevron Nigeria Ltd. is improper lay testimony, hearsay and irrelevant and prejudicial.  FRE 401-403, 701, 802; see also Order Defs.' Mot. in Limine re Environ. Dkt. 1210. | | |
| 1276 | B00689 | B00690 | Letter from Concerned Ilaje Citizens  to the Manager Public Affairs, Chevron (Nig) Ltd., dated May 13, 1998 re: Negotiations | Ebiesuwa | FRE 802 | | |
| 1277 | B00691 | B00692 | Letter from Concerned Ilaje Citizens  to the Chairman/Managing Director, Chevron Nigeria Limited, dated May 18, 1998 re: Your Disregard for Peace Moves | Ebiesuwa | FRE 802 | | |
| 1278 | B0818 | B0821 | Letter from Ilaje Eight to Military Administrator of Ondo State, Navy Commander Anthony Ibe Onyearugbulem, dated May 22, 1998 Re: Position Paper on the Illegality and Nuisance of the Concerned Ilaje Citizens in Oil Politics | Ebiesuwa | | | |
| 1279 | B00714 | B00715 | Letter from Concerned Ilaje Citizens to the Managing Director of Globestar Engineering Company Nig. Ltd., dated July 20, 1998 Re: Illegal Negotiations by Some Ilaje Representatives | Ebiesuwa | FRE 401, 403, 802 | | |
| 1280 | B0737 | B0740 | Document entitled "Chevron Inimical Activities in Ilaje Land (A Year after Chevron Genocide on Ilaje People)" | Ebiesuwa | FRE 401, 403, 802 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
| 1281 | C29506 | C29509 | Report of Meeting Between Chevron and Nine Concessional Oil Mineral Producing Communities of Ilaje held at Obe-Uji on November 19, 1996 | Arenewo | | | |
| 1282 | C28333 | C28339 | Report of Meeting Among Ilaje Communities Santa-Fe Drilling Company and CNL held at Warri on December 9, 1997 | Arenewo | | | |
| 1283 | C0020 | C0023 | Minutes of Meeting Held with the Ilaje Concessional Group at OBE – Sedara Community Held on May 14, 1998 | Arenewo | | | |
| 1289 | C25019 | C25019 | Photograph of Arolika Irowarinun | Irowarinun, Margaret | FRE 401, 403 | | |
| 1297 | | | Letter from Onyearugbulem to Kirkland, dated May 7, 1998, re: A Call for Action | Iluwa | FRE 802 | | |
| 1298 | | | The Marginalisation of the Ilajes of Ondo State by Companies Prospecting for and Exploiting Crude Oil in the Area: A Case Study of CNL, dated 5/5/98 | Iluwa | FRE 401, 403, 802 | | |
| 1301 | C27544 | C27553 | Email from Eldridge to Bates etc., dated 11/19/98, re: FW: Opuekeba Proposed Well Locations | Iluwa | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1302 | B00844 | B00845 | Letter from Omole to Akinkuoto, dated, 5/8/98, re: Protest by Ilaje Citizens of Ondo State | Iluwa | | | |
| 1303 | C0024 | C0025 | Letter from Concerned Ilaje Citizens to Kirkland etc., dated 5/18/98, re: Your Disregard for Peace Moves | Iluwa | FRE 802 | | |
| 1305 | C0004 | C0007 | Letter from Ilaje Eight to CNL Managing Director, dated 5/2/98, re: Position Paper of the Oil Producing Communities in Ilaje Land on the Illegal Activities and Nuisance of the So Called "Concerned Ilaje Citizens" | Iluwa | | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1306 | C28383 | C28383 | Email from NIGEC Public Affairs Supt to Omole, dated July 29, 1999, re: FW: Ilaje - Relief for Ilaje | Iluwa | Email and handwritten notes dated July-Aug. 1999 unrelated to Parabe incident is irrelevant, waste of time and prejudicial. FRE 401-403. | | |
| 1307 | C29034 | C29034 | Chevron Nigeria Limited Request for Check, payable to Haastrup originated by Iluwa, dated 11/19/99 | Iluwa | Irrelevant, waste of time, confusing.  FRE 401-403. | | |
| 1308 | C30682 | C30682 | Chevron Nigeria Limited Request for Check, payable to Alasiri originated by Iluwa, dated 4/8/99 | Iluwa | Irrelevant, waste of time, confusing.  FRE 401-403. | | |
| 1309 | C24030 | C24031 | Letter from the Concerned Ilaje Citizens to Kirkland etc., dated 5/13/98, re: Negotiation | Iluwa | Dupe of 726 (Aiyenumelo).  FRE 802 | | |
| 1310 | | | Letter from The Concerned Ilaje Citizens to the Human resources Representative etc., dated 4/22/98, re: Marginalisation of the Ilajes and Request for Appointment | Iluwa | FRE 802 | | |
| 1311 | C35787 | C35788 | Public Affairs Update, 7/13/98, with handwritten notes | Iluwa | Report related to Opia/Ikenyan is irrelevant, waste of time and prejudicial. FRE 401-403. | | |
| 1312 | C0188 | C0198 | Letter from Haastrup to Idowu re: Opia and Ikenyan Meetings, dated July 15, 1998, re: sit at home jobs | Iluwa | Letter and handwritten notes relating to Opia/Ikenyan are irrelevant, waste of time and prejudicial. FRE 401-403.  Partial dupe of 513 (Mba), 5 (Cotta) & 1374 (Ribadu) | | |
| 1313 | C30670 | C30671 | Chevron Nigeria Limited Request for Check, payable to Alasiri originated by Iluwa, dated 4/22/99 | Iluwa | FRE 401, 403 | | |
| 1314 | C29367 | C29367 | Chevron Nigeria Limited Request for Check, payable to Warri Old Peoples Home originated by Iluwa, dated 11/18/99 | Iluwa | FRE 401, 403 | | |
| 1315 | C29366 | C29366 | Chevron Nigeria Limited Request for Check, payable to St. Ann's Orphanage originated by Iluwa 11/18/99 | Iluwa | FRE 401, 403 | | |
| 1316 | C29363 | C29363 | Chevron Nigeria Limited Request for Check, payable to Iluwa originated by Iluwa, dated 11/24/99 | Iluwa | FRE 401, 403 | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1317 | C29362 | C29362 | Chevron Nigeria Limited Request for Check, payable to Iluwa originated by Iluwa, dated 11/24/99 | Iluwa | FRE 401, 403 | | |
| 1318 | C25053 | C25057 | 1998 Community Relations Work Programme | Iluwa | | | |
| 1319 | C29563 | C29568 | Minutes of Meeting Between Chevron and Benin River Communities on Wednesday, January 31, 1996 | Iluwa | Minutes of meeting with Ijaw communities is irrelevant, waste of time and prejudicial. FRE 401-403. | | |
| 1321 | C29547 | C9549 | Report of Site Walk Conducted by Chevron and Ugborodo Community on June 25 as a follow-up to the Meeting with the Community on April 19, 1996 | Iluwa | Site walk with Itsekiri community is irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 1322 | C22782 | C22785 | Report of Quarterly Meeting Between Chevron and Omadino Community Held at Nenuwa Hall, Omadino on Friday, March 12, 1999 - WITHDRAWN | Iluwa | Minutes of March 1999 meeting with non-Ilaje community is irrelevant, waste of time and hearsay. FRE 401-403, 802.  Dupe of 1084 (Emiko) | | |
| 1324 | C35360 | C35361 | Email from NIGEC Public Affairs Supt to Iluwa etc., dated 12/8/99, re: RE: Key Bermuda- November Salaries for Four Ilaje Workers | Iluwa | Email string dated 12/99 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 1325 | C31779 | C31780 | Email from Jakpa to Emiko etc., dated 2/15/99, re: RE: Sogholo Women Association | Iluwa | Email string dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time, prejudicial and improper lay testimony on environmental issues.  FRE 401-403, 701. Dupe of 1080 (Emiko), 1360 (Nwogu) | | |
| 1327 | C23364 | C23366 | Email from NIGEC Public Affairs Supt to Olukanni etc., dated 7/22/99, re: RE: Ilaje | Iluwa | Email string dated July 1999 unrelated to Parabe incident is irrelevant, waste of time and prejudicial.  FRE 401-403. | | |
| 1331 | C20716 | C20718 | Email from Assangha to Connor, dated 3/15/99, re: FW: Report of Security Meeting at P.T.I. Conference Center | Iluwa | Email string dated 3/99 unrelated to Parabe incident is irrelevant, waste of time and hearsay. FRE 401-403, 802. | | |
| 1332 | C22701 | C22704 | Minutes of Quarterly Meeting Held with Ureju Community at CNL Conference Room, Warri, on November 11, 2000 - WITHDRAWN | Iluwa | Minutes of Nov. 2000 meeting with Itsekiri community is irrelevant, waste of time, prejudicial, hearsay and improper lay testimony on environmental issues.  FRE 401-403, 701, 802. Dupe of 1087 (Emiko) | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
|  | **PLAINTIFFS' DEPOSITION EXHIBITS** |
| 1333 | C22725 | C22726 | Minutes of Quarterly Meeting with Koko Community on April 27, 2000 - WITHDRAWN | Iluwa | Minutes of April 2000 meeting with non-Ilaje community is irrelevant, waste of time. FRE 401-403. | | |
| 1334 | C22731 | C22732 | Minutes of Quarterly Meeting Held with Bateren Community at CNL Conference Room, Warri, on Thursday, April 20th, 2000 - WITHDRAWN | Iluwa | Minutes of April 2000 meeting with non-Ilaje community is irrelevant, waste of time. FRE 401-403. | | |
| 1335 | C22738 | C22739 | Minutes of Quarterly Meeting Held with Ebrohimi Community at CNL Conference Room, Warri, on Wednesday, April 19th, 2000 - WITHDRAWN | Iluwa | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1336 | C22735 | C22737 | Minutes of Quarterly Meeting with Tisun Community Held at CNL Conference Room, Warri, on April 19th, 2000 - WITHDRAWN | Iluwa | Minutes of meeting with Ijaw community is irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues.  FRE 401-403, 701, 802. | | |
| 1337 | C22733 | C22734 | Minutes of Quarterly Meeting Held with Deghele Community at CNL Conference Room, Warri, on Thursday, April 20th, 2000 - WITHDRAWN | Iluwa | Minutes of meeting are irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 1338 | C35712 | C35712 | Letter from Emegere to Jakpa, dated 1/21/97, re: Ownership of Land Required for Benin River Flowstation and its Access Canal | Nwogu | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1339 | C35683 | C35700 | Okotie and Company Valuation Report 29 on the Various Interests of Tisun Community, et cetera, dated 2/3/97 | Nwogu | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1340 | C35701 | C35710 | Okotie and Company Valuation Report 29 on the Various Interests of Kolokolo and Tisun Communities, et cetera, 2/3/97 | Nwogu | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1342 | C0913 | C0915 | Email from Omole to Connor etc., dated 12/18/98, re: RE: Ijaw Declaration | Nwogu | FRE 401, 403, 802 | | |
| 1343 | C29631 | C29632 | Minutes, Meeting with Odofado Community RE: Well 7 to Platform ROW Acquisition and Payment, dated 11/25/96 | Nwogu | Irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1344 | C35673 | C35677 | Acquisition of Land for Dibi Flowstation, Flare Site and Access Canal to Gbokoda G Location, dated 2/4/97 | Nwogu | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1345 | C22850 | C22853 | Minutes of the Quarterly Meeting Between CNL and Kokodiagbene Community Held at Kokodiagbene on March 5, 1998 | Nwogu | Minutes of meeting with Ijaw community is irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues.  FRE 401-403, 701, 802. | | |
| 1346 | C29130 | C29130 | Letter from Omole to Schull, dated 3/9/99, re: Abiteye JKT 6 Spills of March 3, 1999 | Nwogu | Letter relating to oil spill sabotage in 1999 is irrelevant, waste of time and prejudicial; hearsay.  FRE 401-403; 802; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 1347 | C35344 | C35348 | Email from Mojuetan to Emegere etc., dated 12/15/99, re: RE: Payment Sogholo Women | Nwogu | Email string dated Dec. 1999 unrelated to Parabe is irrelevant, waste of time and prejudicial.  FRE 401-403. | | |
| 1351 | C35328 | C35328 | Letter from Jakpa to Omole, dated 2/25/97, re: Acquisition of Land for Dibi Flowstation, Flare Site and Access Canal to Gbokoda G Location | Nwogu | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1352 | C035622 | C035622 | Email from Nwogu to Azere, dated 2/10/98, re: FW: Olero Creek land acquisition | Nwogu | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1353 | C035623 | C035623 | Email from Nwogu to Azere etc, dated 2/10/98, re: FW: Acquisition of additional land at Dibi 4/5 (Parcel B&C flowlines) | Nwogu | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 1354 | C35653 | C35653 | Chevron Nigeria Limited Request for Check, payable to Amegere originated by Nwogu, 5/5/97 | Nwogu | Irrelevant, waste of time, confusing.  FRE 401-403. | | |
| 1358 | C31078 | C31079 | Email from Nwogu to Emegere etc., dated 5/10/99, re: RE: Capsized Canoe | Nwogu | Email string dated May 1999 unrelated to Parabe is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802.  Dupe of 1259 (Jakpa) | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | |
| 1359 | C29916 | C29919 | Chevron Nigeria Request for Cash, dated 4/26/99 | Nwogu | Receipt and email string dated 4/99 are irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802.  Dupe of 1017 (Jakpa) | | |
| 1360 | C31779 | C31780 | Email from Jakpa to Emiko etc., dated 2/15/99, re: RE: Sogholo Women Association | Nwogu | Email string dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time, prejudicial and improper lay testimony on environmental issues.  FRE 401-403, 701.  Dupe of 1325 (Iluwa), 1080 (Emiko) | | |
| 1362 | C22667 | C22669 | Minutes of Quarterly Meeting Held with Opuama Community in the Community Town Hall on Thursday, December 7, 2000 - WITHDRAWN | Eboigbe | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1363 | C34050 | C34050 | Chevron Nigeria Ltd. General Ledger Post - Detail Restatement, 5/12/99 | Eboigbe | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1364 | C34057 | C34057 | Chevron Nigeria Ltd. General Ledger Post - Voucher Entry, 5/12/99 | Eboigbe | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1366 | C23374 | C23377 | Email from Adebawo to NIGEC Public Affairs Coordinator etc., dated 11/19/99, re: Ilaje December 8 meeting Invitation | Eboigbe | FRE 401, 403, 802 | | |
| 1367 | C22743 | C22744 | Minutes of Quarterly Meeting Held with Kokodiagbene Community on March 29, 2000, at Kokodiagbene - WITHDRAWN | Eboigbe | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1368 | C22727 | C27730 | Minutes of Quarterly Meeting Held with Tebu Community on April 25, 2000 at Tebu Community (Ifie Town Hall) Benin River - WITHDRAWN | Eboigbe | Minutes of meeting with Ijaw community are irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues.  FRE 401-403, 701, 802. | | |
| 1369 | C22719 | C22721 | Minutes of Quarterly Meeting Held with Ugboegungun Community on May 21, 2000, at Ugboegungun - WITHDRAWN | Eboigbe | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1370 | C22711 | C22713 | Minutes of Quarterly Meeting Held with Tisun Community Held in the Community Town Hall on Thursday, June 29th, 2000 - WITHDRAWN | Eboigbe | Minutes of meeting with Ijaw community are irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues.  FRE 401-403, 701, 802. | | |
| 1371 | C32590 | C32590 | Chevron Nigeria Limited Imprest Fund Reimbursement, 7/8/99-7/13/99 | Eboigbe | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1372 | C34061 | C34061 | Chevron Nigeria Limited Imprest Fund Reimbursement, 4/16/99-4/21/99 | Eboigbe | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1373 | C20812 | C29818 | Minutes of Meeting Held with Idama Community, dated 8/4/97 | Ribadu | Letter and handwritten notes relating to Opia/Ikenyan are irrelevant, waste of time and prejudicial.  FRE 401-403. | | |
| 1374 | C0188 | C0197 | Letter from Haastrup to Idowu re: Opia and Ikenyan Meetings, dated July 15, 1998, re: sit at home jobs | Ribadu | Letter and handwritten notes relating to Opia/Ikenyan are irrelevant, waste of time and prejudicial.  FRE 401-403.  Dupe of 5 (Cotta) | | |
| 1376 | C22815 | C22818 | Minutes of Meeting Held with Idama Community, dated 6/24/1998 | Ribadu | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1377 | C29711 | C29717 | Minutes of Meeting Held with Benikruku Community, March 18, 1998 | Ribadu | Minutes of meeting with Ijaw community are irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues.  FRE 401-403, 701, 802. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1378 | C29718 | C29723 | Minutes of Meeting Held with Idama Community, March 18, 1998 | Ribadu | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1379 | C29797 | C29802 | Minutes of Meeting Held with Obaghoro Community, July 3, 1997 | Ribadu | Minutes of meeting with Itsekirki community is irrelevant, waste of time and hearsay.  FRE 401-403, 802.  Partial dupe of 1068 (Emiko) | | |
| 1380 | C29792 | C29796 | Minutes of Meeting Held with Tebu Community, July 3, 1997 | Ribadu | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802.  Dupe of 1067 (Emiko) | | |
| 1381 | C29752 | C29756 | Minutes of Meeting Held with Bateren Community, March 11, 1998 | Ribadu | Minutes of meeting with non-Ilaje community is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 1382 | C29733 | C29737 | Minutes of Meeting Held with Gbokoda, Udo & Aja-Amita Communities, February 12, 1998 | Ribadu | Minutes of meeting with non-Ilaje communities are irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues.  FRE 401-403, 701, 802. | | |
| 1383 | C29724 | C29732 | Minutes of Meeting Held with Tsekelewu Community, March 25, 1998 | Ribadu | Minutes of meeting with non-Ilaje communities are irrelevant, waste of time, prejudicial, hearsay and improper lay testimony re environmental issues.  FRE 401-403, 701, 802. | | |
| 1384 | C29808 | C29811 | Minutes of Meeting Held with Amongst Bateren, Obaghoro, Ebrohimi Communities and Chevron, July 29, 1997 | Ribadu | Minutes of meeting with non-Ilaje communities is irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 1385 | C29819 | C29822 | Minutes of Meeting Held with Ureju Community, July 16, 1997 | Ribadu | Minutes of meeting with Itsekiri community is irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1386 | C32571 | C32571 | Chevron Nigeria Ltd. General Ledger Post - Voucher Entry, 8/30/99 | Ribadu | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1387 | C25470 | C25470 | Asset Management Department Organogram, re: Product Operations Division | Stapleton | Production Operations division organization chart is irrelevant, confusing and would cause undue delay.  FRE 401-403. | | |
| 1388 | C22522 | C22522 | North Offshore Morning Report, May 25, 1998 | Stapleton | | | |
| 1389 | | | North Offshore Morning Report, May 24, 1998 | Stapleton | | | |
| 1390 | C22524 | C22524 | North Offshore Morning Report, May 27, 1998 | Stapleton | | | |
| 1391 | C22525 | C22525 | North Offshore Morning Report, May 28, 1998 | Stapleton | | | |
| 1392 | C25448 | C25500 | April 1998 CNL Organization Charts Production, Logistics, Public Affairs and Security | Neves | | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1393 | C20382 | C20382 | E-mail from Connor to Weakley etc., dated 12/19/99, re: Regarding Ijaw Ultimatum | Neves | FRE 401, 403 | | |
| 1394 | C23013 | C23014 | Minutes, November 21, 1998 Community Security Work Team Meeting | Neves | Document dated 11/98 unrelated to Parabe incident is irrelevant, waste of time.  FRE 401-403. | | |
| 1395 | C0039 | C0041 | Log of Parabe Situation, dated 5/25/98-5/28/98 | Neves | | | |
| 1396 | C25069 | C25069 | Service Contract between CNL and Sea Trucks Nigeria Limited, dated October 18, 1998 | Neves | 1998 Sea Trucks documents are irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 1397 | C25088 | C25088 | Service Contact between CNL and Seat Trucks Nigeria Limited, November 29, 1998 | Neves | 1998 Sea Trucks documents are irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 1398 | C25101 | C25101 | Service Contract between CNL and Seat Trucks Nigeria Limited, November 29, 1998 | Neves | 1998 Sea Trucks documents are irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 1399 | C25091 | C25091 | Service Contract between CNL and Sea Trucks Nigeria Limited, November 29, 1998 | Neves | 1998 Sea Trucks documents are irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 1400 | C3005 | C3007 | List of U.S. Employees in Nigeria - 1999 | Neves | 1999 list of employees in Nigeria is irrelevant, would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 1428 | B01331 | B01336 | Attendance List and minutes of the Meeting held with Chevron on May 14th, 1998 at Obe-Sedara | Omosaye | Hearsay, authenticity not established. FRE 802, 901.  *See also* Decl. of Patrick Dunlevy re Original Copy of Minutes by Monday Omosaye, ¶¶ 2-5. | | |
| 1429 | B01325 | B01330 | Attendance List, dated 5/17/98 | Omosaye | Hearsay, authenticity not established. FRE 802, 901.  *See also* Decl. of Patrick Dunlevy re Original Copy of Minutes by Monday Omosaye, ¶¶ 2-5. | | |
| 1431 | C0011 | C0015 | Letter from Akinkuoto to Kirkland, dated 4/29/98, re: Protest by Ilaje Citizens of Ondo State | Omosaye | Partial dupe of 106 (Haastrup) FRE 802 | | |
| 1432 | B00037 | B00038 | Letter from Concerned Ilaje Citizens to the Manager of Public Affairs, CNL, dated May 13, 1998, re: Negotiation | Omosaye | FRE 802 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1433 | B00701 | B00703 | Letter from Concerned Ilaje Citizens to the Commissioner of Police, Ondo State Police Command, dated June 8, 1998, re: Of which some of them stays in Delta State and some in Ondo State | Omosaye | Partial Dupe 1614 (Ajidibo).  FRE 401, 403, 802 | | |
| 1460-A | C21798 | C21798 | Daily Flight Log for PAAN pilot Johnny Ogunjobi, dated 5/28/98 | Ogunjobi | | | |
| 1461-A | C21830 | C21830 | Daily Flight Log for PAAN pilot Johnny Ogunjobi, dated 5/29/98 | Ogunjobi | | | |
| 1462-A | C21773 | C21772 | Daily Flight Log for PAAN pilot Johnny Ogunjobi, dated 5/26/98 | Ogunjobi | | | |
| 1463 | C26743 | C26743 | Handwritten Notes | Ogunjobi | | | |
| 1464 | | | Drawing by Mr. Ogunjobi of hanger and flight line area | Ogunjobi | | | |
| 1465 | C25211 | C25211 | Photo of CBL 101 barge and Parabe platform | Ogunjobi | | | |
| 1466 | C22083 | C22085 | Aeroplane Operations Manual, Pan African Airlines (Nigeria) Limited, dated May 2001 | Ogunjobi | Partial dupe of 1201 (Glasby)  FRE 401, 403 | | |
| 1467 | C21793 | C21793 | Daily Flight Log of PAAN pilot Johnny Enietan Ogunjobi, 5/27/98 | Ogunjobi | | | |
| 1468 | C25012 | C5023 | E-mail from Cagle to mebo@compuserve.net, dated 10/22/98, re: Sensitive Subject | Ogunjobi | Partial dupe of 1017 (Kitchin)  FRE 401, 403, 802 | | |
| 1469 | C21799 | C21799 | Daily Flight Log of PAAN pilot Daniel Pam, 5/28/98 | Ogunjobi | | | |
| 1471 | C20381 | C20381 | E-mail from Connor to NIGEC Operations Manager etc., dated 1/6/99, re: Helicopter Operations, REDACTED | Ogunjobi | January 1999 email re: helicopters and weapons is irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |
| 1472 | C25446 | C25500 | Chevron Nigeria Limited Organization Chart April 1998 | Okelue | | | |
| 1473 | C25326 | C25386 | Chevron Nigeria Limited Organization Chart May 1999 | Okelue | Irrelevant; too remote in time.  FRE 401-402. | | |
| 1474 | C30525 | C30111 | Military payments, dated October 1998 | Okelue | Payments dated Oct. 1998-Feb. 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403.  Partial dupe of 1163 (Origbe) | | |
| 1477 | C24388 | C25444 | Chevron Nigeria Limited Organization Chart, dated October 1998 | Omeh | Irrelevant; too remote in time.  FRE 401-402. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |||||||| 
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1478 | C30040 | C30151 | Multiple military payments, date range 12/17/98-7/27/99 | Omeh | Payments dated Dec. 1998-July 1999 unrelated to Parabe incident are irrelevant, waste of time.  FRE 401-403. | | |
| 1479 | C25214 | C25214 | Photograph of CBL 101 Barge | Osupayojo | | | |
| 1480 | C25211 | C25211 | Photograph of CBL 101 Barge | Osupayojo | | | |
| 1500 | C19451 | C19451 | E-mail from Lorenz to Libbey etc., dated May 28, 1998 10:18am, re: FW: Parabe Field | Libbey | What Lorenz has been told is hearsay.  FRE 802.  Cumulative of other evidence including 278 & 271.  FRE 401-403. | | |
| 1501 | C19766 | C19767 | Email from Libbey to Low, dated 5/29/98 1:08am, re: FW: CNL Parabe Production Platform Situation update- Friday May 29 | Libbey | Cumulative of other evidence.  FRE 401-403.  Schull email is hearsay.  FRE 802 | | |
| 1502 | C20294 | C20295 | Email from Libbey to Low, dated May 29, 1998 1:08pm, re: FW: CNL Parabe Production Platform Situation Update | Libbey | Cumulative of other evidence.  FRE 401-403.  Schull email is hearsay.  FRE 802 | | |
| 1503 | C20457 | C20459 | Email from Loo to Lavington, dated September 30, 1998, re: RE: Radio report on Chevron Nigeria | Libbey | Various summaries of Pacifica radio interview are hearsay.  FRE 802.  Cumulative of 1732.  FRE 401-403 | | |
| 1504 | C20449 | C20451 | Email from Haastrup to Anyigbo etc., dated September 30, 1998, re: FW: Nigeria: Parabe Inquiry from Reuters | Libbey | Summaries of statements by reporters are hearsay.  FRE 802.  Cumulative of other evidence including 1829.  FRE 401-403.  Deji's email re: Sola's comments during Pacifica interview is hearsay.  FRE 802 | | |
| 1505 | C036009 | C036011 | E-mail from Lavington to Simmons, dated September 30, 1998, re: FW: Nigeria: Parabe Inquiry from Reuters | Libbey | Cumulative of other evidence.  FRE 401-403.  Deji Haastrup's emails are hearsay.  Summaries of comments by reporters and statements by others such as Oronto Douglas are hearsay and not based on personal knowledge.  FRE 802 | | |
| 1506 | C19060 | C19061 | Email from Lorenz to Schaefer, dated 10/1/98, re: RE: Nigerian e-mails | Libbey | Email from Mr. Barnett is hearsay as is the summary of that email.  FRE 802.  Irrelevant, misleading and a waste of time.  Document is cumulative of other evidence including 220.  FRE 401-403 | | |
| 1507 | C17364 | C17365 | Article entitled "Rights-Nigeria: Oil Giant Had Role in Killings" by Danielle Knight, dated 10/2/98 | Libbey | Article is hearsay as are summaries of and statements by Libbey and Omole.  FRE 802.  Prejudice exceeds probative valie.  Cumulative of other evidence.  FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1508 | C19910 | C19914 | Email from Lorenz to Ilevbare etc., dated 10/7/98, re: RE: Nigeria Clashes | Libbey | NY Times story (C19914) and emails by Tunde and Deji are hearsay. Exchange about media statements concerning late 1998 Ijaw unrest are irrelevant and misleading./ FRE 401-403 | | |
| 1509 | C19916 | C19918 | Email from Lorenz to Kirkland etc., dated October 7, 1998, re: FW: Nigeria/Reuters Inquiry | Libbey | Summaries of statements by Reuters reporter are hearsay. FRE 802. Information about Ijaw unrest is irrelevant and misleading. Information about environment is irrelevant and prejudicial and goes beyond the limits set by the Court's in limine order. To the extent the document contains information about Parabe it is cumulative of other evidence. FRE 401-403 | | |
| 1510 | C19568 | C19570 | Email from Lorenz to Libbey and others re: Nigeria/Reuters inquiry, dated October 8, 1998 | Libbey | Summaries of statements by Reuters reporter are hearsay. FRE 802. Information about Ijaw unrest is irrelevant and misleading. Information about environment is irrelevant and prejudicial and goes beyond the limits set by the Court's in limine order. To the extent the document contains information about Parabe it is cumulative of other evidence including 1019 & 223 & 1744. FRE 401-403 | | |
| 1511 | C036007 | C036008 | Email from Libbey to Lavington and others re: Nigeria/Reuters inquiry, dated October 8, 1998 | Libbey | Irrelevant, misleading and prejudicial. Ms. Perez does not recall the content of the interview but recalls the CNN interview was longer than what is transcribed in the document. The quoted statements may be taken out of context. FRE 401-403. All statements are hearsay, including those attributed to Ms. Perez because she does not specifically recall making those statements. FRE 802 | | |
| 1512 | C19919 | C19920 | Email from Lorenz to Irwin re: Africare Briefing Books, dated October 9, 1998 | Libbey | Cumulative of other evidence including 1830 & 282. FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1513 | C19925 | C19927 | Email from Lorenz to Loo and others re: Africare Release, dated October 12, 1998 | Libbey | Africare press release is waste of time and irrelevant. FRE 401-403 | | |
| 1514 | C19565 | C19567 | Email from Lorenz to Libbey and others re: Production Stoppage in Nigeria, dated October 15, 1998 | Libbey | Information about late 1998 Ijaw unrest and Abiteye incident is irrelevant, misleading and waste of time. Cumulative of other evidence. FRE 401-403 | | |
| 1515 | C19971 | C19975 | Email from Lorenz to Libbey and others re: Nigeria Conference Call, dated October 20, 1998 | Libbey | Attached article is hearsay. FRE 802. Email exchange concerns media response to Ijaw situation so is irrelevant, misleading and prejudicial. FRE 401-403. Cumulative of other evidence including 1745. FRE 401-403 | | |
| 1516 | C19961 | C19965 | Email from Lorenz to Perez re: Nigeria Conference Call, dated October 19, 1998 | Libbey | Attached article is hearsay. FRE 802. Email exchange concerns media response to Ijaw situation so is irrelevant, misleading and prejudicial. FRE 401-403. Cumulative of other evidence including 1745. FRE 401-403 | | |
| 1517 | C0390 | C0394 | Letter from Matzke to Derr, dated October 19, 1998, re: "Chevron Nigeria Limited (CNL) - Parabe Incident and Current African Issues" | Libbey | Summary of statements by Mike Libbey is hearsay. FRE 802. Attachment regarding Ijaw unrest is irrelevant and misleading. Document is internal to Chevron so irrelevant. Cumulative of other evidence including 332. FRE 401-403 | | |
| 1518 | C20027 | C20028 | Email from Lorenz to Lavington re: Nigeria briefing/Pacifica, dated November 6, 1998 | Libbey | Summaries of conversations with Mary Ellen, Scahill and person from Concerned Citizens for Human Rights are hearsay. FRE 802. That people wanted to question Kirkland is irrelevant, waste of time and possibly prejudicial. FRE 401-403 | | |
| 1519 | C19397 | C19398 | Email from Lorenz to Mackie re: Rumor 2670 Nigeria, dated November 10, 1998 | Libbey | Rumor buster note is hearsay. FRE 802. Waste of time and cumulative of other evidence. FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1520 | C19521 | C19526 | Email from Lorenz to Omole and others re: Chevron/Nigerian Military human rights violations, dated November 11, 1998 | Libbey | Articles are hearsay.  FRE 802.  Prejudicial and misleading and cumulative of other evidence. FRE 401-403 | | |
| 1521 | C19659 | C19660 | Email from Lavington to Omole and others re: SF Nigeria Protest next week, dated November 16, 1998 | Libbey | What Dave Sander heard about a protest is hearsay. FRE 802.  Information regarding a possible protest is Irrelevant and prejudicial.  FRE 401-403.  Cumulative of other evidence including 242 & 1550.  FRE 401-403 | | |
| 1522 | C19656 | C19657 | Email from Lavington to Kirkland and others re: Chron Rebuttal, dated November 20, 1998 | Libbey | Draft letter is irrelevant and misleading. FRE 401-403 | | |
| 1523 | C25148 | C25149 | Chevron news "Nigeria Update" | Libbey | Cumulative of other evidence. FRE 401-403 | | |
| 1524 | C19111 | C19112 | Email from Lorenz to Soper and others re: Berkeley Resolution Letter, dated January 13, 1999 | Libbey | That the Berkeley Council wrote a resolution letter is irrelevant and prejudicial. To the extent there is information about Parabe it is cumulative of other evidence. Drat is irrelevant and misleading.  FRE 401-403.  Summaries of resolution contained in draft letter and email exchange are hearsay.  FRE 802 | | |
| 1525 | C19707 | C19710 | Email from Soper to Beebe and others re: Neuberger Berman Letter on Nigeria, dated January 15, 1999 | Libbey | That the Neurberger Berman wrote a letter regarding Chevron's Nigeria operations is irrelevant and prejudicial.  To the extent there is information about Parabe it is cumulative of other evidence.  Drat is irrelevant and misleading.  FRE 401-403.  Summaries of letter contained in draft letter and email exchange are hearsay.  FRE 802 | | |
| 1527 | C19082 | C19082 | Email from Lorenz to Lavington, dated 1/26/1999, re: Nigeria | Libbey | Cumulative of 1567.  FRE 401-403.  Email exchange concerns Opia/Ikenyan media response and is misleading, irrelevant and prejudicial.  Email exchange about a demonstration is prejudicial.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1528 | C19136 | C19144 | Email from Lorenz to Lavington re: Nigeria: Interview w/Reuters, dated February 23, REDACTED | Libbey | Reference to HRW report and Kucinich investigation is prejudicial because report responded to Opia/Ikenyan.  To the extent information relates to Parabe it is cumulative of other evidence.  Multiple references to Opia/Ikenyan that are irrelevant, prejudicial and misleading.  Internal draft is misleading.  FRE 401-403.  Summary of interview with Atiya Hussain is hearsay as are summaries/references to HRW report and congressional investigation.  FRE 802 | | |
| 1529 | C19232 | C19233 | Email from Lorenz to Lavington, dated 2/25/1999, re: Barges, Boats & Helicopters | Libbey | Misleading and prejudicial because response concerns boats, which relates to Opia/Ikenyan only.  Irrelevant and cumulative.  FRE 401-403 | | |
| 1530 | C19157 | C19210 | Email from Lorenz to Omole re: Nigeria/Pacifica Radio Transcript, dated February 25, 1999, REDACTED | Libbey | With the exception of the statements from Libbey, the transcript is hearsay.  FRE 802.  C19159-179 is irrelevant and has no relation to any of plaintiffs' claims.  FRE 401-403.  Discussion concerning Opia/Ikenyan and CNL (C19179-C19209) is prejudicial and misleading, including all statements by Libbey, which are in response to questions/discussions concerning Opia/Ikenyan.  FRE 401-403 | | |
| 1531 | C20061 | C20063 | Email from Lorenz to Omole and others re: Nigeria articles -NYT & DJ, dated November 23, 1999 | Libbey | Articles are hearsay as are summaries of a Chevron statement.  FRE 802.  Reference to protest and shareholder resolution is prejudicial.  Information regarding Ijaw unrest is irrelevant and misleading.  To the extent the document contains information about Parabe it is cumulative of other evidence.  FRE 401-403 | | |
| 1532 | C19109 | C19109 | Email from Lorenz to Omole and others re: San Francisco Chronicle, Chevron Responds, dated November 30, 1998 | Libbey | Cumulative of other evidence including 334.  FRE 401-403 | | |

## PLAINTIFFS' DEPOSITION EXHIBITS

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|-------|-----------------|--------------|-------------|--------------------|-----------|--------------------------|---------------|
| 1533 | C19546 | C19552 | Email from Lorenz to Omole and others re: Chevron's Killing Fields in Nigeria, dated December 1, 1998 | Libbey | References to late 1998 Ijaw crisis is irrelevant and misleading.  Cumulative of other evidence.  FRE 401-403.  Letters/emails from citizens and articles are hearsay.  FRE 802 | | |
| 1534 | C19688 | C19690 | Email from Soper to Lavington and others re: Guardian Letter, dated December 2, 1998 | Libbey | Cumulative of 1558 & 254.  FRE 401-403.  Soper email is hearsay.  FRE 802 | | |
| 1535 | C20078 | C20078 | Email from Lorenz to Soper and others re: Guardian Letter, dated December 2, 1998 | Libbey | Incomplete document.  FRE 106, 401-403 | | |
| 1536 | C20253 | C20256 | Email from Libbey to Golon and others re: Nigeria: U.S. Version of Statement (revision), dated March 1, 1999, REDACTED | Libbey | Impermissible references to Opia/Ikenyan that are prejudicial and misleading. The prejudice of the HRW report far exceeds its probative value, if any.  The HRW report was made in response to Opia/Ikenyan.  To the extent the attachment contains information about Parabe it is cumulative of other evidence.  FRE 401-403 | | |
| 1537 | C19309 | C19311 | Email from Lorenz to Haastrup and others re: Nigeria: Encounter with German Journalist, dated March 4, 1999, REDACTED | Libbey | Incomplete document.  FRE 106.  Prejudicial, misleading and irrelevant because reporter was researching Opia/Ikenyan and there are direct references to Opia/Ikenyan.  Cumulative of other evidence including 257.  FRE 401-403 | | |
| 1538 | C20243 | C20244 | Email from Libbey to Perez and others re: Thoughts on today's meetings, dated March 3, 1999 | Libbey | Irrelevant and a waste of time.  That there was a meeting with coalition members is prejudicial and irrelevant.  To the extent there is mention of Parabe it is irrelevant.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1539 | C036007 | C036008 | Email from Libbey to Lavington and others, dated 10/8/1998, re: Nigeria/Reuters inquiry | Lavington | Irrelevant, misleading and prejudicial.  Ms. Perez does not recall the content of the interview but recalls the CNN interview was longer than what is transcribed in the document.  The quoted statements may be taken out of context.  FRE 401-403.  All statements are hearsay, including those attributed to Ms. Perez because she does not specifically recall making those statements.  FRE 802 | | |
| 1540 | C19933 | C19933 | Email from Lorenz to Taylor and others, dated 10/13/1998, re: Continuing Shut-in at Escravos Swamp Fields | Lavington | Information about late-1998 Ijaw unrest is irrelevant and misleading.  FRE 401-403.  Schull email is hearsay.  FRE 802 | | |
| 1541 | C0388 | C0389 | Email from Lorenz to Yeager and others, dated 10/15/1998, re: Parabe Web site statement | Lavington | Cumulative of other evidence.  FRE 401-403 | | |
| 1542 | C19944 | C19945 | Email from Lorenz to Henley and others, dated 10/19/1998, re: Nov 4 Security Analyst Meeting | Lavington | Email correspondence about the Scenario planning meeting is irrelevant because testimony shows that the meeting was entirely unrelated to Parabe.  FRE 401-403.  Cumulative of other evidence.  FRE 401-403 | | |
| 1543 | C19971 | C19975 | Email from Lorenz to Libbey and others, dated 10/20/1998, re: Nigeria conference call | Lavington | Attached article is hearsay.  FRE 802.  Email exchange concerns media response to Ijaw situation so is irrelevant, misleading and prejudicial.  FRE 401-403.  Cumulative of other evidence including 1745.  FRE 401-403 | | |
| 1544 | C19986 | C19996 | Email from Lorenz to Rhodes and others, dated 10/22/1998 re: Example of CNL's "Good Works" | Lavington | | | |
| 1545 | C19559 | C19561 | Email from Lorenz to Mackie and others, dated 10/22/1998, re: Revised Nigeria Letter | Lavington | Reference to Saro Wiwa is irrelevant and misleading.  Draft letter is irrelevant and cumulative of other evidence.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1546 | C19557 | C19558 | Email from Lorenz to Haastrup and others, dated 10/26/1998, re: Nigeria/Parabe response III | Lavington | To the extent this relates to post-Parabe events it is irrelevant.  It is also cumulative.  FRE 401-403.  It contains hearsay and information not based on personal knowledge.  FRE 401-403 | | |
| 1547 | C19493 | C19495 | Email to Caccamo and others, dated 11/5/1998, re: Nigeria/Parabe, draft 6 | Lavington | Statements attributed to Deji Haastrup are hearsay.  FRE 802.  Incomplete document.  FRE 106.  Prejudicial and cumulative of other evidence including 236 & 1746.  FRE 401-403 | | |
| 1548 | C19517 | C19520 | Email from Lorenz to Lavington, dated 11/11/1998 re: FW | Lavington | Article is hearsay.  FRE 802.  Cumulative of other evidence and prejudicial.  FRE 401-403 | | |
| 1549 | C19527 | C19539 | Email from Lorenz to Omole and others, dated 11/11/1998, re: Corporate Watch web site re: Chevron and Nigeria | Lavington | The newspaper articles are inadmissible hearsay not based on personal knowledge.  FRE 602, 802.  The threat of the lawsuit is a waste of time because the jury already knows there is a lawsuit and it is not probative of any issue in the litigation (C19530).  FRE 401-403  FRE 802.  Prejudicial and misleading; to the extent there is information about Parabe it is cumulative of other evidence.  FRE 401-403 | | |
| 1550 | C19659 | C19660 | Email from Lavington to Omole and others, dated 11/16/1998, re: SF Nigeria Protest next week | Lavington | What Dave Sander heard about a protest is hearsay. FRE 802.  Information regarding a possible protest is Irrelevant and prejudicial. FRE 401-403.  Cumulative of other evidence including 242 & 1521.  FRE 401-403 | | |
| 1551 | C0436 | C0437 | E-mail from Lavington to Wilcox etc, dated November 18, 1998, re: FW: "latest on Parabe protest and media activity" | Lavington | Comments on Chronicle and Guardian are hearsay.  FRE 802.  Prejudice that protest occurred and information regarding protest outweighs any potential probative value.  Cumulative of other evidence.  FRE 401-403 | | |
| 1552 | C20042 | C20043 | Email from Lorenz to Soper and others, dated 11/19/1998, re: Final Parabe Statement - Review | Lavington | Cumulative of other evidence and irrelevant because it is an internal draft.  FRE 401-403 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
| 1553 | C19652 | C19653 | Email from Lavington to Kirkland and others, dated 11/20/1998, re: SF Chron letter - version 2 | Lavington | Cumulative.  FRE 401-403 | | |
| 1554 | C0395 | C0400 | Letter from Lavington to Matzke, dated 11/20/1998, re: Fact Sheets relating to the Parabe incident and Chevron's involvement in Nigeria | Lavington | | | |
| 1555 | C19640 | C19641 | Email from Gorell to Lorenz and others, dated 11/23/1998., re: Nigeria Letter | Lavington | Cumulative of 5401.  FRE 401-403 | | |
| 1556 | C19637 | C19637 | Email from Lavington to Schull and others, dated 11/24/1984, re: KQED | Lavington | | | |
| 1557 | C23793 | C23793 | Email from Lavington to Loo and others, dated 11/23/1998, re: Nigeria/Board of Directors | Lavington | | | |
| 1558 | C19688 | C19690 | Email from Soper to Lavington and others, dated 12/2/1998, re: Guardian Letter | Lavington | Cumulative of 1534 & 254.  FRE 401-403.  Soper email is hearsay.  FRE 802. | | |
| 1559 | | | Meet and confer with defendants on description for this exhibit. | Lavington | Cumulative.  FRE 401-403.  Irrelevant because there is no evidence that the interview actually occurred and Lavington could not recall.  FRE 401-403.  Emails from CNL employees hearsay.  FRE 802 | | |
| 1560 | C20106 | C20106 | E-mail from Lorenz to Omole etc.,  dated December 15, 1998, re: RE: Call From the Saturday Star of Joburg | Lavington | Email is hearsay.  FRE 802.  Media response regarding 1998 Ijaw crisis is irrelevant and misleading.  FRE 401-403.  Cumulative of 300.  FRE 401-403 | | |
| 1566 | C30031 | C30085 | Military Payments dated 1/3/1999 - 1/8/1999 (C30085 removed) | Lavington | Payments dated Jan. 1999 are irrelevant, waste of time and prejudicial.  FRE 401-403.  Partial dupe of 1053 (Nwokolo). | | |
| 1567 | C19082 | C19082 | Email from Lorenz to Lavington, dated 1/26/1999, re: Nigeria | Lavington | Cumulative of 1527.  FRE 401-403.  Email exchange concerns Opia/Ikenyan media response and is misleading, irrelevant and prejudicial.  Email exchange about a demonstration is prejudicial.  FRE 401-403 | | |
| 1568 | C19340 | C19342 | Email from Lorenz to Irwin and others, dated 2/4/1999, re: Media Response to Hart Europe (re: Nigeria) | Lavington | This exhibit is cumulative of Exhibit 1837.  FRE 401-403.  Email exchange is misleading and prejudicial because it concerns media inquiries about Opia/Ikenyan.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1569 | C23017 | C23023 | Email from Lorenz to Johnson and others, dated 2/11/1999, re: Nigeria Award of Environmental Excellence | Lavington | Irrelevant and prejudicial. Information about the environment is limited to plaintiffs' motive for taking over the Parabe platform and to a limited time period (1996-May 1998) and geographic area (Ilajeland). This award was given after the takeover. FRE 401-403. Email exchange with CNL employees is hearsay. FRE 802 | | |
| 1571 | C19343 | C19344 | Email from Lorenz to Lavington, dated 2/8/1999, re: AY Story, REDACTED | Lavington | Impermissible reference to Opia/Ikenyan; misleading and prejudicial. FRE 401-403. Irrelevant because this is an internal document and not released to the public. FRE 401-403 | | |
| 1572 | C19145 | C19147 | Email from Lorenz to Lavington, dated 2/24/1999, re: Nigeria: Interview w/Reuters, REDACTED | Lavington | Reference to congressional investigation is prejudicial. Impermissible reference to Opia/Ikenyan that is misleading and prejudicial. FRE 401-403. Golon summary of statements by Reuters reporter is hearsay. FRE 802 | | |
| 1573 | C22895 | C22900 | Email from Irwin to Kirkland and others, dated 3/10/1999, re: LETTER TO CONGRESS, REDACTED | Lavington | Reference to congressional investigation is prejudicial. Impermissible reference to Opia/Ikenyan that is misleading and prejudicial. FRE 401-403. Cumulative of other documents and testimony relating to Parabe. FRE 401-403 | | |
| 1574 | C19232 | C19233 | Email from Lorenz to Lavington, dated 2/25/1999, re: Barges, Boats & Helicopters | Lavington | Misleading and prejudicial because response concerns boats, which relates to Opia/Ikenyan only. Irrelevant and cumulative. FRE 401-403 | | |
| 1575 | C19304 | C19305 | Email from Lorenz to Haastrup and others, dated 2/26/1999, re: HUMAN RIGHTS WATCH AFRICA REPORT | Lavington | Cumulative of 256. Reference to HRW report is prejudicial because report responded to Opia/Ikenyan. To the extent information relates to Parabe it is cumulative of other evidence. FRE 401-403. Correspondence by CNL employees is hearsay. FRE 802 | | |

| PLAINTIFFS' DEPOSITION EXHIBITS |
|---|---|---|---|---|---|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1577 | C20228 | C20231 | Email from Perez to Libbey and others, dated 3/17/1999, re: Nigeria Memo, REDACTED | Lavington | Cumulative.  FRE 401-403.  Reference to HRW report, congressional investigation and Opia/Ikenyan is prejudicial and misleading.  To the extent information relates to Parabe it is cumulative of other evidence.  FRE 401-403.  Subsequent remedial measure.  FRE 407 | | |
| 1578 | C23741 | C23741 | Email from Lorenz to Lavington, dated 3/18/1999, re: Nigeria Parabe update | Lavington | Document is irrelevant and misleading. Lavington testified that he could not recall whether the change was actually made or if there was any information in particular that was received at that time to cause the change.  FRE 401-403.  Hearsay.  FRE 802 | | |
| 1579 | C23813 | C23819 | Email from Gorell to Beebe, etc., dated 4/22/99 re: FW: KTD-Nigeria, with messages for Derr at Annual Meeting, REDACTED (page C23817 removed) | Lavington | Cumulative.  FRE 401-403.  Irrelevant and misleading.  Document is from April 1999 and to the extent the document contains information about Parabe it is cumulative of other evidence.  Impermissible reference to Opia/Ikenyan.  Prejudice of congressional investigation and stockholder resolution outweighs possible probative value.  FRE 401-403 | | |
| 1580 | C23538 | C23550 | Email from Omole to Lavington, dated 5/17/1999. re: Chevron Nigeria Limited | Lavington | Document is from CNL and hearsay.  FRE 802.  Irrelevant, misleading and prejudicial. Impermissible reference to Opia/Ikenyan. FRE 401-403 | | |
| 1581 | C26778 | C26780 | Distribution List for COPI and Corporate Emergency Contact Information, dated 12/11/1998 | Lavington | FRE 407.  Post-Parabe document not relevant to Parabe incident.  FRE 401-403. | | |
| 1582 | C24015 | C24015 | Email from Reddell to Shadiya and others, dated 12/9/1998, re: Rotational Location Premiums | Lavington | December 1998 letter re: location premiums is irrelevant, remote in time, and is not evidence of specific agency.  FRE 401-403. | | |
| 1583 | C21806 | C21807 | Daily Flight Log dated May 28, 1998 | Madl | | | |
| 1584 | C21759 | C21760 | Daily Flight Log dated May 25, 1998 | Madl | | | |
| 1585 | C21778 | C21779 | Daily Flight Log dated May 26, 1998 | Madl | | | |
| 1586 | C21795 | C21797 | Daily Flight Log dated May 27, 1998 | Madl | | | |
| 1592 | | | Pages from logbook dated March 1998-November 1998 | Croot | No objection for 5/25 to 5/28; FRE 401, 403 for remainder | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|-------|-----------------|--------------|-------------|--------------------|-----------|--------------------------|---------------|
| | | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | |
| 1601 | C24015 | C24017 | E-mail from Tammy Reddell to Shadiya Supo, et al. dated December 9, 1998 re: Rotational Location Premiums | Malling | December 1998 letter re: location premiums is irrelevant, remote in time, and is not evidence of specific agency.  FRE 401-403. | | |
| 1602 | C038240 | C038376 | Participant Report: Rotational International Assignments Survey, July 1998, Exxon Company, International | Malling | July 1998 Survey is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 1603 | C17763 | C17775 | Fixed Duration Assignment Offer | Malling | 1998  job assignment is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 1604 | C038379 | C038385 | PowerPoint presentation dated 1/15/97 re: Expatriate Policy Study | Malling | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 1605 | C039001 | C039026 | Letter from R. Matzke to K.T. Derr and J.N. Sullivan re: Expatriate HR Policy Study. Dated August 27, 1997 | Malling | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 1606 | C038386 | C038440 | Policies for Chevron's International Workforce | Malling | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 1607 | | | Stipulation regarding the 30(B)(6) Deposition beginning September 18, 2005 | Etikerentse | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 1608 | | | Notice of Deposition of Defendant ChevronTexaco Overseas Petroleum and Request to Produce Documents Pursuant to FRCP 30(b)(6)  (Phase II) | Etikerentse | Deposition notice is irrelevant and would confuse the jury.  FRE 401-403. | | |
| 1609 | C044389 | C044400 | Log of tankers and their destinations from January 1998 - December 1998 | Etikerentse | Destination of tankers and related logs are irrelevant, unduly prejudicial and would confuse the jury.  FRE 401-403. | | |
| 1610 | | | Notice of the Deposition of Chevron Nigeria Limited Pursuant to 30(b)(6), dated September 19-23, 26, 2005 | Etikerentse | Deposition notice is irrelevant and would confuse the jury.  FRE 401-403. | | |
| 1611A | C044401 | C044412 | Spreadsheets dated January 1999 to November 1999 showing destination of various oil tankers | Howard | 1999 Crude shipments are irrelevant, unduly prejudicial and would confuse the jury.  FRE 401-403. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1611 | C044401 | C044412 | Log of tankers and their destinations from January 1999 - December 1999 | Etikerentse | 1999 Crude shipments are irrelevant, unduly prejudicial and would confuse the jury. FRE 401-403. | | |
| 1612 | C3382 | C3462 | Joint Operating Agreement between Nigerian National Petroleum Corporation and Gulf Oil Company (Nigeria) Limited - July 1991, dated July 25, 1991 | Etikerentse | | | |
| 1612 | B00708 | B00709 | Letter from Concerned Ilaje Citizens to The Secretary CAHR, dated June 16, 1998 | Ajidibo | FRE 401, 403, 802 | | |
| 1613 | C13405 | C044479 | Counsel and Service Agreement Between COPI & CNL for charging C & S Fees and Purchase Fee dated  February 27, 1987 | Etikerentse | | | |
| 1614 | B00701 | B00702 | Letter from Concerned Ilaje Citizens to the Commissioner of Police, Ondo State Police Command, dated June 8, 1998, re: Of which some of them stays in Delta State and some in Ondo State | Ajidibo | Partial Dupe 1433 (Omosaye).  FRE 401, 403, 802 | | |
| 1614 | B1546 | B1548 | Declaration of Custodian of Records and Letter from Ajewole to Oriabure re: Aridukeja Omoseibe, dated September 5, 2005 | Laibi | FRE 403, 702, 802 | | |
| 1614 | C041993 | C041996 | NNPC/CNL Joint Venture Production and Lifting Summary (BBLS) 1996-1999 | Etikerentse | Crude lifting summary is irrelevant, unduly prejudicial and would confuse the jury. FRE 401-403.  Summary of 1996-1997 and 1999 are too remote in time.  FRE 401-403. | | |
| 1614A | C13405 | C13420 | Counsel and Service Agreements dated February 27, 1987 | Howard | | | |
| 1615 | B1549 | B1551 | Re-Application for the Autopsy Report of Arolika Irowarinun, dated October 6, 2005, including autopsy report of Jolly Adehin and Arodelika Omoseibe | Laibi | Dupe of 2706 (Ajewole).  FRE 403, 702, 802 | | |
| 1615 | B00880 | B00880 | Chevron Nigeria Limited List of Contractors and Contract Awards 1999 | Etikerentse | 1999 Contractor awards are irrelevant, too remote in time and would confuse the jury. FRE 401-403. | | |

128

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | |
| 1616 | B1547 | B1547 | Declaration of Custodian of Records by Adesina Kayode, dated August 31, 2005 | Adesina | FRE 802, 901 | | |
| 1616 | | | Country Reports on Human Rights Practices for 1995 Nigeria, dated March 1996 | Etikerentse | Report is too remote, relates to law enforcement activity in different states, especially the Ogoni people and the Delta state police and is highly prejudicial. FRE 401-403. Portions of the report recite secondhand hearsay assertions. FRE 602, 802, 805; United States v. Mackey, 117 F.3d 24, 28-29 (1st Cir. 1997); *Budden v. United States*, 748 F. Supp. 1374 (D. Neb. 1990), *vacated on other grounds*, 963 F.2d 188 (8th Cir. 1992); *In re Air Crash Disaster*, 720 F. Supp. 1493, 1497 (D. Colo. 1989); *Fraley v. Rockwell Int'l Corp.*, 470 F. Supp. 1264, 1267 (S.D. Ohio 1979). Extensive reliance on double hearsay may render portions or all of a public report unreliable. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167 (1988); *Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 821 (10th Cir. 1981). Most of the report is hearsay, unsupported assertions and excerpts from advocacy pieces or unidentified sources. Portions are irrelevant (e.g., freedom of religion, disappearance, and discrimination) and are not admissible to show Navy rescue violated any law. FRE | | |
| 1617 | B000001464 | B0000015 41 | Bowoto's Medical Records 1998 | Adesina | Partial dupe of 2016 (Kushel). FRE 802 | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1617 | | | U.S. Department of State Nigeria Country Report on Human Rights Practices for 1997, dated January 30, 1998 | Etikerentse | Report is too remote, relates to law enforcement activity in different states, especially the Ogoni people and the Delta state police and is highly prejudicial.  FRE 401-403.  Portions of the report recite secondhand hearsay assertions.  FRE 602, 802, 805; United States v. Mackey, 117 F.3d 24, 28-29 (1st Cir. 1997); *Budden v. United States*, 748 F. Supp. 1374 (D. Neb. 1990), *vacated on other grounds*, 963 F.2d 188 (8th Cir. 1992); *In re Air Crash Disaster*, 720 F. Supp. 1493, 1497 (D. Colo. 1989); *Fraley v. Rockwell Int'l Corp.*, 470 F. Supp. 1264, 1267 (S.D. Ohio 1979). Extensive reliance on double hearsay may render portions or all of a public report unreliable.  *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 167 (1988); *Denny v. Hutchinson Sales Corp.*, 649 F.2d 816, 821 (10th Cir. 1981). Most of the report is hearsay, unsupported assertions and excerpts from advocacy pieces or unidentified sources. Portions are irrelevant (e.g., freedom of religion, disappearance, and discrimination) and are not admissible to show Navy rescue violated any law.  FRE | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1618 | B00165 | B00273 | Human Rights Watch The Price of Oil, Corporate Responsibility and Human Rights Violations in Nigeria's Oil Producing Communities, copyrighted January 1999 | Etikerentse | Human Rights Watch report was published after the Parabe incident, so is irrelevant as to notice.  FRE 401-403. It is hearsay and therefore inadmissible.  FRE 802; *See Garvin v. City of Philadelphia*, CIV.A. 02-2214, 2003 WL 402247, at *3 (E.D. Pa. Feb. 24, 2003) (describing document drafted by Human Rights Watch as a "hearsay document" and refusing to rely on the report to deny summary judgment). Statements in a media or press publication asserted for the truth of the matter are hearsay.  *See Larez v. City of Los Angeles*, 946 F.2d 630, 642-44 (9th Cir. 1991); *Doe v. Texaco, Inc.*, No. C06-02820 WHA, 2006 WL 2850035, at *3 (N.D. Cal. Oct. 5, 2006); *Churchill Village, L.L.C. v. General Elec. Co.*, 169 F. Supp. 2d 1119, 1131 (N.D. Cal. 2000); *accord Chicago Firefighters Local 2 v. City of Chicago*, 249 F.3d 649, 654 (7th Cir. 2001); *Horta v. Sullivan*, 4 F.3d 2, 8-9 (1st Cir. 1993).  It is not authenticated. FRE 901.  It contains non-Parabe information including information relating to Opia/Ikenyan which is irrelevant and prejudicial.  FRE 401-403. | | |
| 1618 | B00418 | B00418 | Letter from Ajaka to Whom it may concern re: Mr. Larry Bowoto (Hospital Np. 084A), dated July 1, 2000 | Ajaka | FRE 802 | | |
| 1619 | B00420 | B00425 | Larry Bowoto's  medical bills from July 7, 1998 to September 30, 1999 | Ajaka | FRE 401, 403, 802 | | |
| 1619 | B00274 | B00312 | Nigeria Crackdown in the Niger Delta, by Human Rights Watch, dated May 1999 | Etikerentse | Irrelevant and prejudicial because press release relates to Opia/Ikenyan and is after Parabe; is double hearsay.  FRE 401-403, 802 | | |
| 1620 | B00114 | B00122 | Letter from  Kirkland to Manby re: January 23, 1998 letter, dated March 11, 1998 | Etikerentse | All references to Opuama should be excluded because the prejudice far outweighs the probative value. FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1620 | B00427 | B00427 | Letter from Ajaka to Whom it may concern re: Mr. Larry Bowoto (Hospital Np. 084A), dated March 5, 2001 | Ajaka | FRE 802 | | |
| 1621 | B00428 | B00428 | Benin Radiological Services Report of Bowoto's Left Lower Arm/Elbow | Ajaka | FRE 802 | | |
| 1621 | | | Nigeria campaign for human rights reform on Amnesty.com, dated July 1996 | Etikerentse | Articles downloaded from Amnesty.com are hearsay.  FRE 802. | | |
| 1622 | C19345 | C19348 | Email from Lorenz to Irwin and others re: Issues document re meeting with representatives, dated February 18, 1999 | Etikerentse | The prejudice of the HRW report far exceeds its probative value, if any.  The report relates to Opia/Ikenyan and is therefore inadmissible.  FRE 401-403.  Attachment and email from Sola are hearsay.  FRE 802 .  To the extent there is any information about Parabe it is cumulative of other evidence.  FRE 401-403 | | |
| 1623 | | | The Voluntary Principles on Security and Human Rights | Etikerentse | The Voluntary Principles, which did not exist at the time of Parabe, are irrelevant, waste of time and subsequent remedial measures cannot be used to show liability.  FRE 401-403, 407. | | |
| 1624 | C0120 | C0122 | Conduct guidelines issued by CNL to GSF entitled, "Government Security Agents Escravos," March 1998 | Etikerentse | Partial Dupe of 511 (MBA).  No objection to C0120-0121; FRE 401, 403, 901 to C0122 | | |
| 1625 | | | The Voluntary Principles on Security and Human Rights | Etikerentse | The Voluntary Principles, which did not exist at the time of Parabe, are irrelevant, waste of time and subsequent remedial measures cannot be used to show liability.  FRE 401-403, 407. | | |
| 1625 | | | Map showing Warri and Escravos Areas, dated 9/8/04 | Sagay | | | |
| 1626 | C35007 | C35010 | Security Advisors Report Week 6 Escravos Nigeria by Webb, dated June 6, 1999 | Etikerentse | Security report dated June 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability; hearsay.  FRE 401-403, 407, 802. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1627 | C13362 | C13377 | Security Review Team Report dated 2/11/99, entitled "Security Review of CNL Field Locations." | Etikerentse | Security review dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability.  FRE 401-403, 407.  Dupe of 457 (Uwaka) | | |
| 1627 | | | Report titled, "The Extraction Industry in the Niger Delta and the Environment," by Professor I.E. Sagay, SAN | Sagay | Document is hearsay.  FRE 802.  The opinions within the document are inadmissible pursuant to the Court's in Limine Order on Sagay (1208).  The document is irrelevant and prejudicial.  FRE 401-403, 702 | | |
| 1628 | C036006 | C036006 | Letter from Manby to Kirkland re: Parabe Platform Incident, dated October 15, 1998 | Etikerentse | Letter has multiple levels of hearsay.  FRE 802.  That HRW was sending CNL inquiries regarding Parabe is prejudicial.  FRE 401-403. | | |
| 1628 | | | Article, "Crime Against Izon People," by Ofoni Williams, dated October 4, 2005 | Sagay | Irrelevant environmental article, unrelated to Parabe or Chevron entity.  More prejudicial than probative.  FRE 401-403.  Hearsay, not based on personal knowledge.  FRE 602, 802. | | |
| 1629 | C29492 | C29496 | Minutes re: Meeting With Ilaje communities held on June 3. at the Ilaje local government council, (No Suggestions) | Etikerentse | Waste of time, hearsay.  FRE 403, 802. | | |
| 1629 | | | Collection of articles from Vanguard and Warri Mirror, dated 2/28/05 and 2/7/05 | Sagay | Multiple layers of hearsay.  FRE 802 articles are irrelevant, misleading and prejudicial.  They involve a time period and incident (2005 takeover of Escravos) not applicable to this case.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1630 | C23180 | C23181 | Email from Walonen to Brown re: Facilitating Payment, dated June 17, 1996 | Etikerentse | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1631 | C043292 | C043670 | Balance Sheet | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1632 | C21137 | C21139 | Military Payments dated 12/30/1998 | Etikerentse | FRE 401, 403 | | |

| | | | | | PLAINTIFFS' DEPOSITION EXHIBITS | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1633 | C042415 | C042415 | Account Statement | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same. *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995). *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | |
|---|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | | Admitted or Not Admitted | Date Admitted |
| 1634 | C043599 | C043599 | Account Statement | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1635 | C043612 | C043612 | Account Statement | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1636 | C044087 | C044092 | Departmental Cost Center Codes | Etikerentse | Cost center codes are irrelevant; waste of time.  FRE 401-403. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1637 | C042027 | C042070 | Updated Account Statement, updated June 2, 2005 | Etikerentse | 2005 Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1638 | C32562 | C32590 | Chevron Nigeria Limited Posting Edit Reports, dated August 30, 1999 | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | |
| 1639 | | | Chevron Nigeria Limited  A/P Voucher Report, dated February 3, 1999 | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also  Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1640 | C042380 | C042380 | Log with numbers | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1641 | C1882 | C1905 | Chevron Nigeria Limited Report and Financial Statements, dated December 31, 1999 | Etikerentse | Exhibit is too remote; irrelevant.  FRE 401-403. | | |
| 1642 | | | Handwritten note | Etikerentse | Exhibit is confusing, irrelevant and would mislead the jury.  FRE 401-403. | | |
| 1643 | C19053 | C19057 | E-mail from Lorenz to Taylor etc., dated 10/21/98, re: RE: Security Posture- CNL | Etikerentse | | | |
| 1644 | C35013 | C35020 | Security Action Plan Review CNL, Escravos, dated September 23, 1999 | Etikerentse | Security Action Plan Review dated Sept. 1999 is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability; hearsay.  FRE 401-403, 407, 802. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1645 | C32581 | C32581 | Chevron Nigeria Ltd, General Ledger Post Voucher Entry, 7/23/99 | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

143

| | | | | | PLAINTIFFS' DEPOSITION EXHIBITS | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1646 | C20853 | C20853 | Chevron Nigeria Ltd., A/P Voucher Journal Report, dated 6/18/98 | Etikerentse | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1647 | C35513 | C35513 | Military payments dated December 22, 1999 | Etikerentse | 1999 Check request for SPY salaries is irrelevant, waste of time.  FRE 401-403. | | |
| 1648 | | | Notice of Deposition of Chevron Corporation pursuant to FRCP 30(b)(6) | Soler | Deposition notice is irrelevant and would confuse the jury.  FRE 401-403. | | |
| 1649 | C17037 | C17037 | Document entitled Assignment and Assumption Agreement and Acknowledgement | Soler | 1999 assignment document is irrelevant and too remote in time.  FRE 401-403. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1650 | C42084 | C42119 | Document entitled Intercompany Guidelines & Policies | Soler | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1651 | C13572 | C13624 | Intercompany Realignment Entries Monthly Realignment (Based on Receivable Balances) Over $50,000 as of 12/31/97 | Soler | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1652 | C31340 | C31355 | 1997-1999 COPI Business Plan Vol. 2 | Soler | COPI 1996 Business Plan regarding Opolo Field development is irrelevant, too remote in time, would confuse the jury and cause undue delay.  FRE 401-403.  Duplicative of 5095. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1653 | C42077 | C42083 | Document re: Intercompany Receivable/Payable Settlements | | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1653 | C42077 | C42083 | Intercompany Receivable/Payable Settlements | Soler | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

PLAINTIFFS' DEPOSITION EXHIBITS

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1653A | C42077 | C42083 | Document re: Intercompany Receivable/Payable Settlements | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|-------|-----------------|--------------|-------------|--------------------|-----------|--------------------------|---------------|
| | | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | |
| 1654 | C15005 | C15014 | Comparative Balance Sheet - Current Month vs. Last (for COPI) | Soler | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1655 | C036045 | C036047 | Letter from Winter to Crowe etc., dated August 1, 1996, re: Second Quarter 1997 Intercompany Dividends and Capital Contributions | Soler | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1660 | C15015 | C15017 | Intercompany Settlement, dated August 1996 & June 1996 | Soler | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1675 | C15069 | C15069 | Letter from Steffinger to Kuba re: Intercompany Settlement - September 1996, dated August 22, 1996 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1676 | C16861 | C16864 | Email from Steffinger to Soler and others re: Intercompany Settlement - May 1999 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1677 | C17045 | C17045 | Chart entitled June 30, 1999 Intercompany Balances | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|-------|----------------|--------------|-------------|-------------------|-----------|--------------------------|---------------|
| 1677A | C17045 | C17045 | Chart entitled June 30, 1999 Intercompany Balances | Howard | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

**PLAINTIFFS' DEPOSITION EXHIBITS**

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1678 | C14858 | C14864 | Letter from Steffinger to Kuba re: Intercompany Settlement - March 1996, dated March 1, 1996 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1679 | C15766 | C15782 | Joint Operating Agreement between Nigerian National Petroleum Corporation and Gulf Oil Company (Nigeria) Limited - July 1991 | Kuba | | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1680 | C16680 | C16690 | Letter from Steffinger to Kuba re: intercompany settlement - February 1999, dated January 22, 1999 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1681 | C12251 | C12253 | Email from Steffinger to Estrada and others re: CNL 1996 4th Quarter and Final Dividend, dated April 4, 1997 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|-------|----------------|--------------|-------------|--------------------|-----------|--------------------------|---------------|
| 1682 | C12244 | C12250 | Letter from Lawrence to Crowe and others re: Fourth Quarter 1999 Intercompany Dividends and Capital Contributions, dated March 6, 2000, with attached Intercompany Dividends and Capital Contribution Settlements | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

PLAINTIFFS' DEPOSITION EXHIBITS

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1683 | C12292 | C12295 | Email from Jamshed to Walsh and others re: Chevron Overseas Petroleum - Intercompany Assignment and Realignment, dated August 4, 1999 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1684 | C17042 | C17044 | Email from Kuba to Brown and others re: Chevron Ltd - Cash Settlement of Restricted Account Balance, dated July 22, 1999 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1685 | C12282 | C12284 | Email from Kuba to Wilkinson  and others re: CNL & COCNL Final Dividend Declaration for 1998 (1999 U.S. GAAP dividend), dated June 15, 1999 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1686 | C042084 | C042119 | Intercompany Guidelines and Policies | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1687 | C043292 | C043670 | Log of numbers | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | |
| 1688 | C12254 | C12254 | Email from Kuba to Benson and others re: CNL 1997 2nd Quarter Dividend, dated October 9, 1997 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1689 | C15334 | C15334 | Letter from Kuba to Steffinger and others re: Intercompany Settlements - March 1997, dated March 10, 1997 | Kuba | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1690 | C1586 | C1592 | Policy 30, Management, Changes to Corporate Structure, Directors or Officers, dated effective 1/1/94; Policy 40, Management - Organization Plans, Policy 50, Crisis Management | Soler | Exhibit is incomplete.  FRE 106.  Compilation of policies would confuse and mislead the jury.  Policy 30 is not evidence of specific agency.  FRE 401-403. | | |
| 1691 | CS05014 | CS05021 | Email to Malinowski etc., re: Nigeria Lawsuit | Soler | 1999 Email regarding other incidents including Opia and Ikenyan is irrelevant, unduly prejudicial and would confuse the jury.  FRE 401-403. | | |
| 1692 | C1273 | C1273 | Document entitled State of Delaware Office of the Secretary of State, dated 12/30/94 | Soler | | | |
| 1693 | C1456 | C1464 | Letter to Primus from Railton, dated 1/11/99, re: Nigerian Restructuring Agreement, with attached Restructuring Agreement | Soler | 1999 corporate restructuring is irrelevant, confusing, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1694 | C46606 | C46607 | Document entitled Chevron Overseas Petroleum Inc., Unanimous Consent of the Board of Directors Without a Meeting, dated effective 10/28/98 | Soler | October 1998 corporate document re: oil marketing is irrelevant, too remote in time and would confuse the jury.  It is also unsigned and thus not final.  FRE 401-403. | | |
| 1700 | | | Notice of Deposition of Chevron Corporation pursuant to FRCP 30(b)(6), date signed 10/4/05 | Simpson | Deposition notice is irrelevant and would confuse the jury.  FRE 401-403. | | |
| 1701 | | | List of individuals with whom Simpson spoke to prepare for his deposition | Simpson | Persons deponent spoke with is hearsay and irrelevant.  FRE 401-403, 802. | | |
| 1702 | C46568 | C46568 | Spreadsheet entitled U.S. Based CNL employee/visitor direct deposit summary September 1997 | Simpson | Information about employee pay in 1997 is irrelevant, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 1703 | C46569 | C46570 | Letter from Hartley to Bowser, dated August 11, 1997, re: invoice for J.D. Edwards | Simpson | Letter regarding 1997 software invoice is irrelevant, too remote in time and is not evidence of specific agency.  FRE 401-403. | | |
| 1704 | C2139 | C2140 | Letter from Koelmel to Brown etc., dated May 16, 1996, re: GO-113- COPI San Ramon- Gbokoda Field Reservoir Mapping | Simpson | 1996 letter re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 1705 | C46564 | C46564 | Document entitled Chevron Overseas Petroleum, Inc. request for check GO 63 OP | Simpson | Check request re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1706 | C42077 | C42083 | Document entitled Intercompany Receivable/Payable Settlement | Simpson | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1706 | C0039 | C0041 | Log of Parabe Situation, dated 5/25/98-5/28/98 | McGowan | | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1707 | C45588 | C45589 | Document entitled Intercompany/Intracompany Accounts-Advances and Investments GLF 170, dated 7/1/91 | Simpson | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1707 | C13338 | C13329 | Escravos Oil Sales Agreement signed by Kirkland and Garrett, dated 10/1/96 | Howard | 1996 crude sales agreement is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | |
| 1708 | C42071 | C42076 | Spreadsheet entitled Intercompany Restricted Balances S/R, date range August 1997 | Simpson | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1708 | | | Declaration of Steven Howard in Support of Defendants Motion for Summary Judgment (Phase One), dated 5/23/03 | Howard | Hearsay.  FRE 802. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1709 | C12293 | C12295 | Email from Kuba to Walsh, dated 8/4/99, re: FW: Chevron Overseas Petroleum-Intercompany Assignment and Realignment | Simpson | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1709 | C1794 | C1796 | Letter from Geagea to Kirkland, dated October 7, 1996, re: Side Letter to CIT/CNL Cooperation Agreement | Howard | 1996 agreement is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 1710 | | | Document beginning with "I have reviewed the attached lists and looked up available information on those six voyages involving Chevron vessels," from Tomsovic, dated range 5/1/96-4/1/97 | Simpson | 1996-1997 shipping information for crude is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 1710 | C1788 | C1789 | Document entitled, "CIT/COCNL/CNL Cooperation relationship Nigeria" | Howard | Cooperation agreement for crude sales is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 1711 | C46596 | C46605 | Spreadsheet of vessel information, date range 1/1/97-12/1/99 | Simpson | 1996-1997 shipping information for crude is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1711 | C13342 | C13346 | 1996 Pennington Sales Agreement, dated 10/1/96; 1997 Pennington Sales Agreement, dated 1/1/1997 | Howard | 1996 crude sales agreement is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 1712 | C46571 | C46595 | Document entitled "LPG FOB Sale Agreement," dated 12/7/95 | Simpson | 1995 agreement for sale of liquefied petroleum gas is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 1712 | C17764 | C17764 | Fixed Duration Assignment Offer for Scott Davis, date signed 12/30/96 | Howard | 1996 job assignment is irrelevant, remote in time, unduly prejudicial and would mislead the jury. FRE 401-403. | | |
| 1713 | C13405 | C13411 | Document entitled "Counsel and Service Agreement," dated 2/27/87 | Simpson | | | |
| 1713 | C13328 | C13328 | Agreement between Wilcox and Castagna, dated 4/11/01, re: Renewal of Co-Operation Agreement and Purchase/Sales Contracts | Howard | 2001 agreements re: crude sales are irrelevant, too remote in time, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 1714 | C13412 | C13414 | Document entitled "Amendment to Counsel and Service Agreement," dated 3/16/88 | Simpson | | | |
| 1714 | C1802 | C13420 | Counsel and Service Agreement between COPI & CNL for Charging C & S Fees and Purchase Fee, date 2/27/87 | Howard | | | |
| 1715 | C13402 | C13404 | Document Entitled "Amendment to Counsel and Service Agreement," dated 11/29/89 | Simpson | | | |
| 1715 | C1980 | C2059 | Joint Operating Agreement between Nigerian National Petroleum Corporation and Gulf Oil Company (Nigeria) Limited - July 1991 | Howard | | | |
| 1716 | C13395 | C13397 | Document entitled "Amendment to Counsel and Service Agreement," dated 1/21/93 & 3/15/93 | Simpson | | | |
| 1716 | C2437 | C2437 | Work Requisition to Pryor signed by Schull, dated 12/3/99 | Howard | 1999 work request for expat employees is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay. FRE 401-403. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
| 1717 | C13418 | C13418 | Document entitled "Chevron Overseas Petroleum, Inc. 1997 Counsel and Service Rate Schedule" | Simpson | | | |
| 1717 | C13393 | C13394 | Assignment Agreement between Chevron Overseas Petroleum Inc. and Chevron Overseas Petroleum, a division of CUSA, dated 2/15/94 | Howard | | | |
| 1718 | C044479 | C044479 | Document entitled "Chevron Overseas Petroleum, Inc. 1998 Counsel and Service Rate Schedule" | Simpson | | | |
| 1718 | C1810 | C1833 | Chevron Nigeria Limited Report and Financial Statements, dated December 31, 1996 | Howard | Irrelevant; too remote in time.  FRE 401-402. | | |
| 1719 | C13419 | C13420 | Letter from Potter to Keyes etc., dated June 13, 1996, re: Counsel & Service Fees Reduced Rates for 1996 | Simpson | Irrelevant; too remote in time.  FRE 401-402. | | |
| 1719 | C1941 | C1941 | Extracts from the Minutes of the 81st Meeting of the Directors…, dated March 14, 1997 | Howard | Irrelevant; too remote in time.  FRE 401-402. | | |
| 1720 | C13393 | C13394 | Assignment Agreement between Chevron Overseas Petroleum Inc. and Chevron Overseas Petroleum, a division of CUSA, dated 2/15/94 | Simpson | | | |
| 1720 | C1946 | C1948 | Minutes from the 87th Meeting of the Directors…, dated May 17, 2000 | Howard | 2000 meeting minutes are irrelevant and too remote in time.  Document is unsigned and thus not final.  FRE 401-403. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1721 | C12276 | C12276 | E-Mail from Steffinger to Kuba etc., dated 7/6/99, re: RE: CNL Final Dividend Declaration for 1998 | Simpson | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1721 | C1944 | C1945 | Minutes from the 28th Annual General Meeting…, dated June 7, 1999 | Howard | Irrelevant; too remote in time.  FRE 401-402. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1722 | C46613 | C46626 | Document entitled "COPI Business Plan 2000 to 2002," dated 0ctober 1999 | Simpson | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS | | | | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1722 | C1882 | C1905 | Chevron Nigeria Limited Report and Financial Statements, dated December 31, 1999 | Howard | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1723 | C0678 | C0702 | Report cover entitled "Chevron Corporation 1998 Annual Report," with one page from the report | Simpson | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
|  | **PLAINTIFFS' DEPOSITION EXHIBITS** |
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1723 | C23184 | C23184 | Nigeria - CNL Sensitive Payments (1997 & 1998), multiple dates | Howard | Exhibit is irrelevant, unduly prejudicial and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including FCPA compliance. *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly). *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |
| 1724 | C31426 | C31453 | Document entitled "1999-2001 COPI Business Plan," dated October 1998 | Simpson | Portions of exhibit relating to exploration and environmental issues are speculative, irrelevant, unduly prejudicial and would mislead the jury. Exhibit is too remote in time. FRE 401-403, 602. | | |
| 1724 | | | Chevron Corporation's Response to Plaintiffs' Special Set of Interrogatories Pursuant to Court Order of March 16, 2001 | Howard | Exhibit is improperly designated. Proper procedure was to designate it as part of discovery. Irrelevant; confusing to the jury. FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1725 | C1603 | C1606 | Chevron Policy Manual, Policy 120, Financial- Appropriations | Howard | 1999 policy on financial controls is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); see also *Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1725 | C46391 | C46392 | Email from Harris to Lee etc., dated 8/25/98, re: FW: SAP 759003xx | Simpson | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay. FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 1726 | C17355 | C17356 | Transcript from an interview with CNN on November 21, 1998 | Perez | Irrelevant, misleading and prejudicial.  Ms. Perez does not recall the content of the interview but recalls the CNN interview was longer than what is transcribed in the document.  The quoted statements may be taken out of context.  FRE 401-403.  All statements are hearsay, including those attributed to Ms. Perez because she does not specifically recall making those statements.  FRE 802 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | |
| 1726 | C36007 | C36008 | Email from Libbey to Lavington etc., dated 10/8/98, re: RE: Nigeria/Reuters inquiry | Simpson | Summaries of statements by Reuters reporter are hearsay. FRE 802. Information about Ijaw unrest is irrelevant and misleading. Information about environment is irrelevant and prejudicial and goes beyond the limits set by the Court's in limine order. To the extent the document contains information about Parabe it is cumulative of other evidence including 1019 & 223 & 1744, 1511 &1539. FRE 401-403 | | |
| 1726 | C33428 | C33428 | CNL Invoice Control Sheet | Howard | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay. FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same. *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1727 | C19064 | C19066 | Email from Lorenz to Williams, dated 9/30/98, re: RE: Pacifica Radio Interview | Perez | Statements regarding percentage of COPI's earnings is not based on personal knowledge.  FRE 602.  Summaries of Pacifica radio interview and Sola's email are hearsay.  FRE 802.  Cumulative of other evidence including 1727.  FRE 401-403 | | |
| 1727 | C33622 | C33623 | Invoice - 1/3/98 through 1/8/98 | Howard | Irrelevant, waste of time.  FRE 401-403. | | |
| 1728 | C19003 | C19004 | E-mail from Lorenz to  Perez etc., dated Oct. 19, 1998, re: Parabe Response Letter, with attached Proposed response letter to concerned individuals who have contact Chevron | Perez | Cumulative of other evidence.  Reference to protest letters is prejudicial.  Draft letter is misleading.  FRE 401-403 | | |
| 1728 | C33625 | C33625 | CNL A/P Voucher Journal Report, dated 2/3/99 | Howard | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay. FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also  Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1729 | C19961 | C19965 | Email from Lorenz to Perez, dated 10/19/98, re: RE: Nigeria conference call | Perez | Attached article is hearsay.  FRE 802.  Email exchange concerns media response to Ijaw situation so is irrelevant, misleading and prejudicial.  FRE 401-403.  Cumulative of other evidence including 1745.  FRE 401-403 | | |
| 1730 | C20040 | C20041 | E-mail from Soper to Lavington etc., dated 11/19/98, re: Final Parabe Statement- Review | Perez | Attachment is irrelevant and misleading because it is a draft.  FRE 401-403.  Email to Perez is hearsay, irrelevant and misleading because Perez does not recall receiving the email.  FRE 401-403 | | |
| 1731 | C19654 | C19655 | E-mail from Gorell to Derr etc., dated November 20, 1998, re: Nigeria letter to Editor letter | Perez | Irrelevant and misleading because Perez does not recall if the attached draft went to the Chronicle and she does not recall reviewing the draft letter before it went to the Chronicle.  FRE 401-403 | | |
| 1732 | C20457 | C20459 | Email from Loo to Lavington, dated September 30, 1998, re: RE: Radio report on Chevron Nigeria | Perez | Various summaries of Pacifica radio interview are hearsay.  FRE 802.  Cumulative of 1503.  FRE 401-403 | | |
| 1733 | C23796 | C23798 | Letter from Perez to O'Reilly etc., dated March 17, 1999, re: Chevron Nigerian Issues Team Proposal, REDACTED | Perez | Irrelevant and prejudicial.  Limited probative value, if any, of investigations by HRW, Amnesty International, Project Underground, congressional investigation and shareholder proposal, etc., is far outweighed by possible prejudice.  Impermissible reference to Opia/Ikenyan.  To the extent there is any reference to Parabe it is cumulative of other evidence.  FRE 401-403 | | |
| 1734 | C23797 | C23797 | E-mail from Perez to Caccamo etc., dated March 3, 1999, re: meeting with anti-Chevron in Nigeria coalition members | Perez | That there was a meeting with coalition members is irrelevant and prejudicial.  The coalition addressed many topics that are irrelevant and prejudicial, including Opia/Ikenyan and the environment.  FRE 401-403.  Summary of coalition meeting is hearsay.  FRE 802 | | |
| 1735 | C19922 | C19924 | Email from Lorenz to Lavington, dated 10/12/98, re: FW: Africare: (5a) release: Thoughts | Perez | Exchange about Africare Press Release is irrelevant, misleading and cumulative of other evidence.  FRE 401-403.  Statements from Jay Stuller are hearsay | | |

184

| **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | | | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|-------|-----------------|--------------|-------------|--------------------|-----------|---------------------------|---------------|
| 1736 | C19989 | C19996 | Document entitled "Current African Issues, Nigeria Parabe Incident" | Perez | Cumulative and irrelevant (country description, tribal unrest, etc.) FRE 401-403.  Hearsay.  FRE 802 | | |
| 1737 | C17405 | C17406 | E-mail from Mackie to Perez etc., dated October 25, 1998, re: Nigeria/Parabe response II | Perez | Irrelevant because letter is an internal draft and cumulative.  FRE 401-403.  Handwritten notes are hearsay.  FRE 802 | | |
| 1738 | C17407 | C17409 | Email from Lavington to Mackie etc., dated 11/2/98, re: FW: Nigeria/Parabe response III | Perez | Irrelevant because letter is an internal draft and cumulative.  FRE 401-403 | | |
| 1740 | C20271 | C20274 | Email from Golon to Irwin and others re: Nigeria-Confidential, dated January 5, 1999 | Perez | Information regarding fall 1998 ethnic crisis is irrelevant and misleading.  FRE 401-403.  Email from Omole and attachment are hearsay.  FRE 802.  Cumulative of other evidence including 315.  FRE 401-403 | | |
| 1741 | C039396 | C039396 | Email from Schull to Kirkland and others re: Nigeria Current Status, dated January 19, 1999, REDACTED | Perez | Impermissible reference to Opia/Ikenyan.  FRE 401-403.  Alcanese protest is irrelevant and prejudicial.  FRE 401-403.  Handwritten notes are hearsay.  FRE 802 | | |
| 1742 | C17340 | C17341 | Email from Perez to Irwin and others re: Africa Communications Strategy, dated January 6, 1999 | Perez | Incomplete document.  FRE 106.  Irrelevant and misleading – email exchange does not concern Parabe, but relates to Africare, Ijaw crisis, etc.  FRE 401-403 | | |
| 1743 | C19723 | C19724 | Email from Perez to Irwin and others re: Pacifica gets award for Democracy Now, dated March 10, 1999 | Perez | Article regarding Polk Awards is hearsay.  FRE 802.  Irrelevant and prejudicial.  FRE 401-403 | | |
| 1744 | C19568 | C19570 | Email from Lorenz to Libbey and others re: Nigeria/Reuters inquiry, dated October 8, 1998 | Perez | Summaries of statements by Reuters reporter are hearsay.  FRE 802.  Information about Ijaw unrest is irrelevant and misleading.  Information about environment is irrelevant and prejudicial and goes beyond the limits set by the Court's in limine order.  To the extent the document contains information about Parabe it is cumulative of other evidence including 1019 & 223 & 1510.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1745 | C19966 | C19970 | Email from Lorenz to Omole and others re: Nigeria conference call, dated October 19, 1998 | Perez | Attached article is hearsay.  FRE 802.  Email exchange concerns media response to Ijaw situation so is irrelevant, misleading and prejudicial. FRE 401-403.  Cumulative of other evidence including 1836.  FRE 401-403 | | |
| 1746 | C19492 | C19492 | Email from Lorenz to Mackie re: Nigeria/Parabe, draft 6, dated November 10, 1998 | Perez | Statements attributed to Deji Haastrup are hearsay.  FRE 802.  Incomplete document.  FRE 106.  Prejudicial and cumulative of other evidence including 236 & 1547.  FRE 401-403 | | |
| 1747 | C19232 | C19233 | Email from Lorenz to Lavington, dated 2/25/1999, re: Barges, Boats & Helicopters | Perez | Misleading and prejudicial because response concerns boats, which relates to Opia/Ikenyan only.  Irrelevant and cumulative.  FRE 401-403 | | |
| 1748 | C19309 | C19309 | Email from Lorenz to Haastrup and others re: Nigeria: Encounter with German Journalist, dated March 4, 1999, REDACTED | Perez | Incomplete document.  FRE 106.  Prejudicial, misleading and irrelevant because reporter was researching Opia/Ikenyan and there are direct references to Opia/Ikenyan.  Cumulative of other evidence including 1537 and 257.  FRE 401-403 | | |
| 1749 | C19562 | C19564 | Email from Lorenz to Omole and others re: Nigeria QA, dated October 20, 1998 | Perez | Incomplete document.  FRE 106.  Cumulative of other evidence including 231.  Misleading and irrelevant references to pipeline explosion and environment.  FRE 401-403 | | |
| 1750 | C23028 | C23030 | Email from Lorenz to Lavington re: Nigeria Award of Environmental Excellence, dated February 11, 1999 | Perez | Email strong dated 2/99 re Environmental award is irrelevant, waste of time and prejudicial; hearsay.  FRE 401-403, 802; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | |
| 1751 | C20399 | C20400 | Email from Omole to Kirkland and others re: Kucinich letter, dated February 25, 1999, REDACTED | Perez | Recount of meeting with Kucinich and statements made by Kucinich are hearsay as is Omole email. FRE 802. Evidence concerning congressional investigation and HRW report is highly prejudicial that outweighs any possible probative value. The investigation and report were only conducted after Opia/Ikenyan and there are many impermissible references to Opia/Ikenyan making the document misleading. Cumulative of other evidence including 325. FRE 401-403 | | |
| 1752 | C17487 | C17494 | Fax from Chevron Corporation Public Affairs to Lorenz re: We need your assistance with the attached, dated April 7, 1999, with attached letter from Walker to Gorell re: Stockholder Proposal On Code of Business Conduct, dated March 22, 1999, REDACTED | Perez | Stockholder proposal is hearsay. FRE 802. Prejudice of stockholder proposal and HRW report far exceeds any possible probative value. Irrelevant and misleading. Cumulative of other evidence FRE 401-403. Impermissible reference to Opia/Ikenyan. FRE 401-403. | | |
| 1801 | C1647 | C1655 | Table of Commitment Authority, last updated August 30, 2000 | Wells | 2000 table of authority is irrelevant, too remote in time, unduly prejudicial and would mislead the jury. FRE 401-403. | | |
| 1820 | | | Document entitled "Copyright 1996, IPS-Inter Press Service/Global Information Network | Golon | Articles are hearsay. FRE 802. Articles about the 1999 elections are irrelevant, prejudicial and misleading. FRE 401-403 | | |
| 1821 | C19790 | C19791 | Email from Lorenz to Omole and others re: DJN: Nigeria Pro-Democracy Group Wants Oil Embargo, dated June 9, 1998 | Golon | Article is hearsay. FRE 802. Article about Abubakar irrelevant, misleading and prejudicial. FRE 401-403 | | |
| 1822 | C19788 | C19789 | Email from Lorenz to Omole re: Texaco Takes 'Wait and See' View After Nigeria Leader Death, dated June 9, 1998 | Golon | Hearsay. FRE 802. Irrelevant and misleading. FRE 401-403 | | |
| 1823 | | | Los Angeles Times article titled "ENERGY" dated July 20, 1994 | Golon | Hearsay. FRE 802. Irrelevant and misleading. FRE 401-403 | | |

187

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1824 | | | IPS article titled "United States - Nigeria: Cities Lead The Way On Sanctions" by Rose Umoren dated May 15, 1996 | Golon | Article is hearsay.  FRE 802.  Irrelevant, prejudicial and misleading.  FRE 401-403 | | |
| 1825 | C19458 | C20174 | Collection of news highlights sent from CNL to various Chevron employees, such as Lorenz, in the 1998-1999 time period, REDACTED | Golon | Articles are hearsay.  FRE 802.  There is only one article that relates to Parabe (C19571) and it does not contain any statements by CNL or Chevron Corp. representatives.  The other articles are irrelevant and misleading, and at times prejudicial (such as the article on C20174) concerning the congressional investigation or Opia/Ikenyan.  FRE 401-403 | | |
| 1825 | C19458 | C20174 | Email from Lorenz to Sheldon and others re: News Highlights (Monday, December 14, 1998), dated December 15, 1998 | Golon | Articles are hearsay.  FRE 802.  There is only one article that relates to Parabe (C19571) and it does not contain any statements by CNL or Chevron Corp. representatives.  The other articles are irrelevant and misleading, and at times prejudicial (such as the article on C20174) concerning the congressional investigation or Opia/Ikenyan.  FRE 401-403 | | |
| 1827 | C19832 | C19833 | Email from Lorenz to Omole and others re: Mobil, Texaco, Chevron Say Nigeria Output at normal levels, dated July 8, 1998 | Golon | Article is hearsay.  FRE 802.  Articles concerning Abacha's death, which occurred after Parabe, are irrelevant, misleading and prejudicial.  FRE 401-403 | | |
| 1828 | C19037 | C19052 | Email from Lorenz to Omole and others re: Democracy Now transcript, dated October 7, 1998 | Golon | Entire interview is hearsay.  FRE 802. Statements by Sola are irrelevant to plaintiffs' ratification theory because Sola is a CNL employee, not an employee of defendants.  FRE 401-403.  Cumulative of 222 & 1020 & 5392.  FRE 401-403 | | |
| 1829 | C20449 | C20451 | Email from Haastrup to Anyigbo and others re: Nigeria: Parabe inquiry from Reuters, dated September 30, 1998 | Golon | Summaries of statements by reporters are. FRE 802.  Cumulative of other evidence including 1504.  FRE 401-403.  Deji's email re: Sola's comments during Pacifica interview is hearsay.  FRE 802 | | |

| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1830 | C19919 | C19920 | Email from Lorenz to Irwin and others re: Africare Briefing Books, dated October 9, 1998 | Golon | Cumulative of other evidence including 1512 & 282.  FRE 401-403 | | |
| 1831 | C20079 | C20080 | Email from Lorenz to Lavington re: NIPR lecture, dated December 17, 1998 | Golon | Hearsay.  FRE 802.  Irrelevant and misleading.  FRE 401-403 | | |
| 1832 | C19374 | C19375 | Email from Lorenz to Omole and others re: Ilaje Village - Part 2, dated July 31, 1998 | Golon | Hearsay. FRE 802.  Not relevant to claims or defenses.  FRE 401-403.  Declarant lacks personal knowledge. FRE 602.  Cumulative of other evidence including 206.  FRE 401-403 | | |
| 1833 | C19413 | C19416 | Email from Lorenz to Omole and others re: Greenwash this, if you would, dated July 20, 1998 | Golon | Note to ChevWeb is hearsay.  FRE 802.  Attachment is cumulative of other evidence including 194. FRE 401-403.  Email exchange concerning note on ChevWeb is irrelevant and prejudicial.  FRE 401-403 | | |
| 1834 | C19929 | C19931 | Email from Lorenz to Omole and others re: Wires: Nigeria, dated October 13, 1998 | Golon | Articles are hearsay.  FRE 802.  Articles about 1998 Ijaw unrest and Shell activities are irrelevant and misleading.  FRE 401-403 | | |
| 1835 | C29838 | C29838 | Fax from Perez to Lavington and others re: Front page article of today's SF Chronicle | Golon | With the exception of the quotes attributed to Tom Schull ("a very, very difficult situation," and "in the Niger Delta . . . government," and "machetes, clubs and knives.") the article is hearsay.  FRE 802.  Cumulative of other evidence.  FRE 401-403 | | |
| 1836 | C19966 | C19970 | Email from Lorenz to Omole and others re: Nigeria conference call, dated October 19, 1998 | Golon | Attached article is hearsay.  FRE 802.  Email exchange concerns media response to Ijaw situation so is irrelevant, misleading and prejudicial.  FRE 401-403.  Cumulative of other evidence including 1745.  FRE 401-403 | | |
| 1837 | C19340 | C19342 | Email from Lorenz to Irwin etc., dated 2/4/99, re: RE: Media Response to Hart Europe (re: Nigeria) | Golon | This exhibit is cumulative of Exhibit 1568.  FRE 401-403.  Email exchange is misleading and prejudicial because it concerns media inquiries about Opia/Ikenyan.  FRE 401-403 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 1839 | C19026 | C19144 | Email from Lorenz to Hayden etc., dated 2/24/99, re: FW: Reuters rewrite, including Reuters article entitled, "US Congress asked to investigate Chevron's role in Nigeria" | Golon | Reuters article is hearsay.  FRE 802. Documents concerning congressional investigation and HRW report are prejudicial and misleading.  FRE 401-403. Impermissible references to Opia/Ikenyan that is irrelevant, prejudicial and misleading. FRE 401-403 Cumulative of other documents.  FRE 401-403 | | |
| 1840 | C19232 | C19233 | Email from Lorenz to Lavington, dated 2/25/1999, re: Barges, Boats & Helicopters | Golon | February 1999 email regarding use and ownership of helicopters is speculative, irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence. FRE 401-403, 602, 802. | | |
| 1850 | C19272 | C19273 | Email from Lorenz to Houghton, dated 2/23/99, re: RE: Shut in Production-Swamp | Chow | February 1999 email regarding production shut-in is speculative, irrelevant, unduly prejudicial and an attempt to back door Opia and Ikenyan evidence.  FRE 401-403, 602, 802. | | |
| 1851 | C20403 | C20403 | E-mail from Connor to Neyin etc., dated 12/22/98, re: RE: Visit to Escravos Gas Plant Offshore Compression Station and FSO | Chow | December 1998 visit to Escravos Gas Plant is irrelevant, remote in time, unduly prejudicial and would confuse the jury. FRE 401-403. | | |
| 1852 | C27554 | C27555 | Email from Chow to Bates etc., dated 11/26/98, re: Tsekelewu Community | Chow | November 1998 email re: Opuekeba and dredging is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 1853 | C27556 | C0944 | Email from Chow to Fitzmorris etc., dated 11/19/98, re: Opuekeba Simulation & Well Plan | Chow | November 1998 email re: Opuekeba and dredging is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 1854 | C27529 | C27531 | Email from Adekunle to Chow etc., dated 12/29/98, re: RE: Opuekeba Campaign Schedule (Update) | Chow | December 1998 email re: Opuekeba and dredging is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 1855 | C044111 | C044113 | Email from Uwaka to Neku, dated 8/18/98, re: FW: Abigborodo West B & C | Chow | August 1998 email regarding boat theft by Ijaws and need for dredging is irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |

| PLAINTIFFS' DEPOSITION EXHIBITS |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 1856 | C2196 | C2201 | Letter from Davis to Brown etc., dated October 8, 1997, re: Supplement to work requisition #G-152642 Core Characterization - COPI Stratigraphic Services | Chow | 1997 letter re: appropriation request for Ewan Field is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 1857 | C2317 | C2319 | Letter from Davis to Brown etc., dated March 27, 1997,  re: GO-113s w/ attached work requisition form | Chow | 1997 letter re: appropriation request for Ewan Field is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 1858 | C2183 | C2185 | Letter from Davis to Brown etc., dated November 5, 1997, re: Supplement to work requisition #G-152636 Opuekeba CD-01 Reservoir Simulation Study - San Ramon, w/ attached work requisitions forms | Chow | 1997 letter re: appropriation request for Ewan Field is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 1859 | C20296 | C20296 | Email from Lawal to Omotayo etc., dated 7/23/98, re: RE: AMD Managers' Meeting | Chow | July 1998 email re: Ilaje violence is irrelevant and would confuse the jury.  FRE 401-403. | | |
| 1860 | C25296 | C25296 | Chart, Asset Management Department, Reservoir Management Division | Chow | 1999 Organization chart for Asset Management Department is irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 1861 | C0972 | C0999 | Appropriation Request, Summary- Part 1 | Chow | 1996 appropriation request for Ewan Field is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 1862 | C3010.16 | C3010.16 | U.S. $ Employees In Nigeria - 1999 | Chow | 1999 list of employees in Nigeria is irrelevant, would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 1863 | C5468 | C5468 | Foreign Payroll Billing, Pay Period 06/30/97 Five Digit Organization Code Summary | Chow | 1997 summary of individuals' pay is irrelevant, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 2000 | | | "Declaration of Custodian of Records" dated November 22, 2005, with a nine-page CV of Dr. Alamin | Alamin | FRE 403, 802 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
| 2002 | | | "Declaration of Custodian of Records" dated November 16, 2005, with a 52-page attachment begin hospital records (Bowoto medical records) | Alamin | FRE 403, 802 | | |
| 2003 | | | Medical chart with a procedure date of January 15, 2003 described as a transcribed report from Stanford Hospital for Larry Bowoto | Alamin | FRE 403, 802 | | |
| 2004 | | | Operation Report dated January 15, 2003, for Larry Bowoto | Alamin | FRE 403, 802 | | |
| 2005 | | | Medical chart, dated January 6, 2003, described as a transcribed report from Stanford Hospital for Larry Bowoto | Alamin | FRE 403, 802 | | |
| 2006 | | | Medical chart w/ a procedure date of January 27, 2003 described as a transcribed report from Stanford Hospital for Larry Bowoto | Alamin | FRE 802 | | |
| 2008 | B07970 | B07990 | Copy of a 21-page curriculum vitae of Margot Beth Kushel, M.D. | Kushel | FRE 401, 403 | | |
| 2009 | | | Outpatient Progress Record, San Francisco General Hospital, dated December 17, 2002 (Bowoto medical records) | Kushel | FRE 403, 802 | | |
| 2010 | | | Outpatient Progress Record, San Francisco General Hospital, dated December 24, 2002 (Bowoto medical records) | Kushel | FRE 403, 802 | | |
| 2011 | | | Declaration of Custodian of Records, dated November 15, 2005, with a 40-page attachment of medical records SF Gen 1-40 (Bowoto medical records) | Kushel | FRE 403, 802 | | |
| 2012 | B00165 | B00167 | Outpatient Consultation Requests to Trauma Clinic (re Bowoto) | Kushel | FRE 403, 802 | | |
| 2015 | B08008 | B08014 | Email from Oksenberg to Kushel, dated 12/10/02, re: Larry Bowoto | Kushel | FRE 403, 802, 901 | | |
| 2016 | B1464 | B1512 | 49-page report, the first page stamped "Eku Baptist Hospital Front Sheet," dated 6/28/98 (Bowoto medical records) | Kushel | Partial dupe of 1617 (Adesina).  FRE 802 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 2500 | C34269 | C34375 | Slides beginning with a page entitled "Asset Classification" and at the bottom left-hand corner the phrases "CPDEP/UADP Workshop" | Hagstrom | Exhibit is duplicative of 5195. FRE 403. Document on CPDEP / UADP as applied to exploration has no relevance, would mislead the jury and would cause undue delay. FRE 401-403. | | |
| 2501 | C31411 | C31415 | 1998 to 2000 COPI Business Plan: Delivering Results Through Execution and Learning | Hagstrom | COPI 1996 Business Plan regarding development and exploration projects is irrelevant, speculative, too remote in time, would confuse the jury and cause undue delay. FRE 401-403, 602. Duplicative of 5097. FRE 403. | | |
| 2502 | C1077 | C1099 | Letter from Kirkland to Matzke, dated August 28, 1997, re: Escravos Gas Project Phase 2 Appropriation Request Approval | Hagstrom | 1997 letter re: work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 2503 | C34376 | C34458 | Slides entitled "Chevron Project Development and Execution Project workshop" dated 1999 | Hagstrom | Exhibit is duplicative of 5185. FRE 403. A PowerPoint for a 1999 Workshop on CPDEP has no relevance, would mislead the jury and cause undue delay. FRE 401-403. | | |
| 2504 | C1013 | C1052 | Memo from Derr to Matzke etc., dated December 19, 1996, re: appropriation request | Hagstrom | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 2505 | C2080 | C2097 | Work Orders, dated 9/25/00 | Hagstrom | 2000 work requests are irrelevant, too remote in time and are not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 2506 | C2129 | C2129 | Memo from Koelmel to Brown, dated 3/23/96, re: GO-113 Nigeria Sub San Ramon- Opuekeba Field Study Phase 1 | Hagstrom | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 2507 | C2152 | C2152 | Work Requisition #152619, dated 7/1/96 | Hagstrom | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 2508 | C2124 | C2128 | Work Requisition #08890, dated 12/22/93 | Hagstrom | 1993 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 2509 | C2657 | C2657 | Work Requisition #121618, dated 5/19/2000 | Hagstrom | 2000 work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2510 | C2130 | C2130 | Work Requisition #152603, dated 3/22/1996 | Hagstrom | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2511 | C2131 | C2131 | Work Requisition #152604, dated 3/22/1996 | Hagstrom | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2512 | C2220 | C2220 | Work Requisition #228336 and #228335, dated 3/20/1996 | Hagstrom | 1996 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2513 | C2222 | C2224 | Work Requisitions, dated 3/29/1996 | Hagstrom | 1996 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2514 | C2225 | C2225 | Work Requisitions, dated 7/19/1996 | Hagstrom | 1996 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2515 | C2226 | C2226 | Work Requisitions, dated 11/18/96 & 9/12/96 | Hagstrom | 1996 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2516 | C2227 | C2227 | Work Requisitions, dated 11/21/96 & 7/16/95 | Hagstrom | 1996 and 1995 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2517 | C2228 | C2228 | Work Requisitions, dated 7/21/93 & 7/19/93 | Hagstrom | 1993 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 2518 | C2229 | C2229 | Work Requisitions, dated 7/21/93 | Hagstrom | 1993 work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2519 | C2230 | C2230 | Work Requisitions, dated 8/5/93 & 9/29/93 | Hagstrom | 1993 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2520 | C2231 | C2231 | Work Requisitions, dated 10/11/93 & 9/29/93 | Hagstrom | 1993 work requests are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2521 | C2232 | C2232 | Work Requisitions, dated 10/14/93 | Hagstrom | 1993 work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2522 | C2136 | C2136 | Work requisitions, dated 4/16/96 | Hagstrom | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2523 | C2139 | C2140 | Memo from Koelmel to Brown, dated 5/16/96, re: GO-113- COPI San Ramon- Gbokoda Field Reservoir Mapping, w/ attached work requisition | Hagstrom | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2524 | C2141 | C2142 | Memo from Koelmel to Brown etc., dated 6/11/96, re: Work Requisition #G-152614, Sand Control Technical Assistance, w/ attached work requisition | Hagstrom | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2525 | C2144 | C2145 | Memo from Koelmel to Brown etc., dated 6/14/96, re: GO-113 COPI San Ramon- Opuekeba Field Study Phase 2, w/ attached work requisition | Hagstrom | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2526 | C2169 | C2170 | Letter from Koelmel to Brown etc., dated 8/29/96, re: Work Requisition- Senior Production Engineer, Escravos, w/ attached work requisition | Hagstrom | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 2527 | C2190 | C2192 | Memo from Koelmel to Brown, dated 11/20/96, re: San Ramon staff | Hagstrom | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2700 | | | Dr. W.O. Ajewole; Curriculum Vitae | Ajewole | Hearsay. FRE 802. | | |
| 2701 | | | Bachelor of Medicine and Bachelor of Surgery Diploma from University of Ibadan for Williams Ajewole, dated 7/6/79 | Ajewole | Hearsay.  FRE 802. | | |
| 2702 | | | Certificate of Full Registration as a Medical Practitioner, Williams Ajewole, dated 6/12/80 | Ajewole | Hearsay.  FRE 802. | | |
| 2703 | | | Society of Apothecaries of London Diplomate in Medical Jurisprudence for Williams Ajewole, dated 1/7/93 | Ajewole | Hearsay.  FRE 802. | | |
| 2704 | | | Letter from Lawani to Commissioner for Health, Ondo State, dated 9/7/90, re: Letter of Appreciation | Ajewole | FRE 401, 403, 802 | | |
| 2705 | | | Letter from Bunza to Ajewole, dated 12/30/99, re: Letter of Appreciation | Ajewole | FRE 401, 403, 802 | | |
| 2706 | B1549 | B1551 | Autopsy Reports of Arolika Irowarinun and Jolly Adehin, dated 6/25/98 | Ajewole | Dupe of 1615 (Laibi).  FRE 403, 702, 802 | | |
| 2707 | B1548 | B1546 | Letter from Dr. Ajewole to Oriabure, dated 9/5/05, re: Arodileka Omoseibe | Ajewole | FRE 403, 702, 802 | | |
| 2708 | | | Copy of a page from Visitor's Notebook, Necropsy Record | Ajewole | | | |
| 2709 | | | Report of Medical Practitioner for Arodileka Omoseibe | Ajewole | FRE 403, 702, 802 | | |
| 2710 | | | Report of Medical Practitioner for Jolly Adehin | Ajewole | FRE 403, 702, 802 | | |
| 2711 | | | Dr. Ajewole's sketch of corpse of Arodileka Omoseibe | Ajewole | | | |
| 2712 | | | Dr. Ajewole's sketch of corpse of Jolly Adehin | Ajewole | | | |
| 2713 | C25013 | C25023 | Series of photographs taken May 28, 1998 of corpse, Escravos Heliport | Ajewole | FRE 401, 403 | | |
| 2714 | | | Excerpt from The New Police Surgeon on Injuries due to Gunshot Wounds, Explosives and Fire | Ajewole | FRE 401, 403, 802 | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 2715 | C045069 | C045070 | Correspondence from Matzke to Derr, dated 4/25/97, re: COPI Activity Report | Pryor | Exhibit is incomplete.  FRE 106.  Memo regarding distribution of report is irrelevant, would mislead the jury and is not evidence of specific agency.  FRE 401-403. | | |
| 2716 | C038735 | C038738 | Expatriate HR Policy Study 1997/1998, dated 7/9/98 | Pryor | July 1998 Survey is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 2717 | C1656 | C1658 | Chevron Policy Manual, Policy 209, Human Resources-Employment, date effective 4/1/94 | Pryor | Exhibit is incomplete and does not include all human resources policies.  FRE 106. 1994 policy is too remote in time, is irrelevant and is not evidence of specific agency.  FRE 401-403. | | |
| 2718 | C3225 | C3225 | On Temporary International Assignment, Types and Duration of International Assignments | Pryor | 2001 policy is irrelevant, too remote in time and not evidence of specific agency.  FRE 401-403. | | |
| 2719 | C038929 | C038930 | Email from Stuart to Garrett etc., dated 6/19/97, re: Transition Issues- New ICE Benefits | Pryor | 1997 email regarding ICE is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 2720 | C038392 | C038392 | Expatriate Policy Study Process Team Members | Pryor | 1997 email regarding ongoing study is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency. FRE 401-403. | | |
| 2721 | C038379 | C038382 | PowerPoint presentation dated 1/15/97 re: Expatriate Policy Study | Pryor | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency. FRE 401-403, 602. | | |
| 2722 | C2994 | C3010.23 | U.S. $ Employees in Nigeria - date range 1996-2000 | Pryor | 1996-2000 list of employees in Nigeria is irrelevant, would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 2723 | C22480 | C22480 | Personnel Announcement from Kirkland to All Employees, dated March 20, 1998 | Pryor | Job announcement in March 1998 is irrelevant and would cause undue delay. FRE 401-403. | | |
| 2724 | C038991 | C038993 | Program for Expatriate Study Awards Ceremony, April 1, 1998, Scott's Seafood Bar & Grill, Walnut Creek, CA | Pryor | Awards program is irrelevant, would mislead the jury and cause undue delay. FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| 2725 | C25201 | C25202 | Announcement from Pryor to Expatriate Rotational Employees, dated 12/7/98, re: Rotational Location Premiums, Expatriate Rotational Employees | Pryor | December 1998 rotational premiums are irrelevant, remote in time, would confuse the jury and are not evidence of specific agency.  FRE 401-403. | | |
| 2726 | C26777 | C26778 | Memo to multiple people from Newville, dated 12/11/98, re: Emergency Contact Information | Pryor | December 1998 memo re: emergency contact information is irrelevant, remote in time, unduly prejudicial and would confuse the jury.  FRE 401-403. | | |
| 2727 | C25135 | C25135 | Letter from Pryor to Cagle, dated 4/22/99, re: Letter of commendation | Pryor | Dupe of 412 (Connor).  FRE 401, 403, 802 | | |
| 2730 | | | Notice of Deposition of Defendant ChevronTexaco Overseas Petroleum and Request to Produce Documents Pursuant to FRCP 30(b)(6)  (Phase II), dated 7/1/05 | Adekunle | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 2732 | C074469 | C074473 | CNL Spills - North Offshore Area (NOA) and N. Onshore Facilities 1996-2000 | Adekunle | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 2732 | C074469 | C074473 | Weekly Project Reports | Adekunle | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210.  Dupe of 5723 | | |
| 2733 | C074220 | C074220 | Dredging Costs (1995 to 1996) | Adekunle | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 2734 | C074221 | C074221 | Location Name (Duration of Dredging), dated range Dec 1996-March 1998 | Adekunle | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | |
| 2735 | C074769 | C074891 | Final Report of the Environmental Impact Assessment for the Benin Field Development Project, dated March 1996 | Adekunle | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210.  Partial dupe of 5662 | | |
| 2736 | | | List of Page Numbers - Mr. Adekunle agreed that the information stated on these pages was correct | Adekunle | Environmental evidence is irrelevant, waste of time and prejudicial; hearsay.  FRE 401-403, 802; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 4000 | BOB0460 | BOB0464 | Letter from Cunningham to Babalakin etc., dated 12/23/05, re: Larry Bowoto, et al. v. Chevron Corp… | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4001 | BOB0457 | BOB0459 | E-mail from Oyefuga to Cunningham etc., dated 1/12/06, re: Signature pages-retainer & protective order | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4002 | BOB0335 | BOB0337 | E-mail from Oyefuga to Ademakinwa etc., dated 12/13/05, re: RE: Bowoto, et al. v Chevron, et al. | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4003 | BOB0332 | BOB0334 | E-mail from Oyefuga to Cunningham etc., dated 1/13/06, re: Retainer Issue | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4005 | BOB0426 | BOB0427 | Letter from Babalakin to Mitchell, dated 1/13/06, re: Larry Bowoto, et al v. Chevron Corp, with bill attached | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4006 | BOB0331 | BOB0331 | E-mail from Oyefuga to Cunningham etc., dated 12/19/05, re: Bowoto, et al. v. Chevron, et al. | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4007 | BOB0453 | BOB0454 | E-mail from Babalakin to Oyefuga, dated 12/14/05, re: chevron, REDACTED | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4008 | | | Expert Report of Dr. Bolanle Olawale Babalakin, SAN, dated 1/8/06 | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4009 | BOB0342 | BOB0343 | E-mail from Oyefuga to Cunningham etc., dated 12/12/05, re: Bowoto, et al., v. Chevron, et al. | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4010 | | | Nigerian Monthly Law Reports, Prince Edison Eweka v. Midwest Newspaper Corporation | Babalakin | Waste of time, undue delay.  FRE 403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| 4011 | C118794 | C118796 | E-mail from Ademakinwa to Babalakin etc., dated 12/7/05, re: Bowoto, et al. v. Chevron, et al. Materials for Review | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4012 | BOB0219 | BOB0220 | Memo from FO to BOB, dated 12/23/05, re: Bowoto et al v. Chevron Corp, et al.- Issues for Inclusion in Expert Opinion | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4013 | BOB0221 | BOB0240 | Memo from SA/ATF to BOB/FILE, dated 12/21/05, re: Brief Summary of Facts of the Case | Babalakin | Waste of time, undue delay.  FRE 403. | | |
| 4015 | JOO0074 | JOO0080 | Initial Expert Report of Professor John Oladapo Obafunwa, dated 1/2/06 | Obafunwa | Waste of time.  FRE 403. | | |
| 4016 | C118414 | C118423 | Reformatted Expert Report of Professor John Oladapo Obafunwa, dated 1/2/06 | Obafunwa | Waste of time.  FRE 403. | | |
| 4017 | C118401 | C118411 | Final Expert Report of Professor John Oladapo Obafunwa, dated 1/2/06 | Obafunwa | | | |
| 4040 | C049040 | C049041 | Retention of Electronic Records, New U.S. Internal Revenue Service Requirements | Wilcox | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| PLAINTIFFS' DEPOSITION EXHIBITS ||||||||
| 4041 | C0455 | C0457 | Email from Loo to Wilcox etc., dated 5/29/98 3:29pm, re: FW: Parabe RHM Memo | Wilcox | Irrelevant because exhibit is internal document and cumulative of other evidence including 133. FRE 401-403 | | |
| 4042 | C0410 | C0410 | Email from Schull to Loo etc., dated 6/1/98, re: Parabe Platform Incident-Situation Update | Wilcox | Correspondence by CNL employee is hearsay. FRE 802. Cumulative of other evidence including 159. FRE 401-403 | | |
| 4043 | C036001 | C036003 | Email from Warner to Derr, dated 10/1/98, re: Nigeria | Wilcox | Letters and emails are hearsay. FRE 802. Irrelevant, misleading and prejudicial. FRE 401-403 | | |
| 4044 | C036000 | C036000 | Note from Santos to Joe, w/ handwritten notes, dated 10/21/98, re: coordinating responses to write-ins | Wilcox | Irrelevant. FRE 401-403. Hearsay. FRE 802 | | |
| 4045 | C035998 | C035999 | Email from Wilcox to Lavington etc., dated 11/11/98, re: FW: Nigeria/Parabe draft 7 | Wilcox | Draft letter is irrelevant and misleading. Cumulative of other evidence. FRE 401-403 | | |
| 4046 | C049736 | C049820 | Security Department Standard Operating Instructions Daily Security Routines, dated 9/1/99 | Wilcox | Security SOPs effective Sept. 1999 are irrelevant, waste of time and subsequent remedial measures cannot be used to show liability. FRE 401-403, 407. | | |
| 4047 | C13421 | C13443 | Corporate Security Review at Escravos, March 15-16, 2000 | Wilcox | Security review dated March 2000 is irrelevant, waste of time and subsequent remedial measures cannot be used to show liability. FRE 401-403, 407. | | |
| 4048 | C13328 | C13328 | Agreement between Wilcox and Castagna, dated 4/11/01, re: Renewal of Co-Operation Agreement and Purchase/Sales Contracts | Wilcox | 2001 agreements re: crude sales are irrelevant, too remote in time, unduly prejudicial and would mislead the jury. FRE 401-403. | | |
| 4049 | C23457 | C23457 | Letter from Carlton to Wilcox, dated 4/11/01, re: Job Offer- Mr. Scott E Davis | Wilcox | 2001 letter re: job offer is irrelevant, prejudicial and would mislead the jury. FRE 401-403. | | |
| 4050 | C23523 | C049820 | Email from Jennings to Wilcox and others re: Nigeria SUB Missing Persons, dated April 19, 1999 | Wilcox | Email string dated 4/19/99 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. | | |
| 4050 | C23523 | C049820 | Chevron Nigeria Limited CNL Standard Operating Procedure (SOP) Incident Procedures SOP-XXX, dated September 1, 1999 | Wilcox | Email string dated 4/99 is irrelevant, waste of time. FRE 401-403. | | |

| **PLAINTIFFS' DEPOSITION EXHIBITS** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| GL02 | | | Blueprint of floor layout | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner and this exhibit is incomprehensible without explanation. FRE 401-403. | | |
| GL03 | B11935 | B11944 | CV for Dr. Andrew S. Glassner, dated 3/9/05 | Glassner | Hearsay, irrelevant, waste of time; plaintiffs have not identified Glassner as a trial witness. FRE 401-403. | | |
| GL06 | | | Two photos | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner as a trial witness and this exhibit is incomprehensible without explanation. FRE 401-403. | | |
| GL07 | GL02 | GL03 | Two diagrams of field of view | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner as a trial witness and this exhibit is incomprehensible without explanation. FRE 401-403. | | |
| GL08 | | | Two photos | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner as a trial witness and this exhibit is incomprehensible without explanation. FRE 401-403. | | |
| GL09 | | | Two photos | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner as a trial witness and this exhibit is incomprehensible without explanation. FRE 401-403. | | |
| GL10 | | | Two photos | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner as a trial witness and this exhibit is incomprehensible without explanation. FRE 401-403. | | |
| GL11 | | | Two photos | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner as a trial witness and this exhibit is incomprehensible without explanation. FRE 401-403. | | |
| GL13 | B11118 | B11108 | Deposition of Gary Freed | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner as a trial witness and this exhibit is incomprehensible without explanation. FRE 401-403. | | |
| GL14 | B11046 | B11048 | Deposition of Ebert, page numbers consistent with final transcript | Glassner | Confusing, waste of time; plaintiffs have not identified Glassner as a trial witness and this exhibit is incomprehensible without explanation. FRE 401-403. | | |

| | | | PLAINTIFFS' DEPOSITION EXHIBITS | | | | |
|---|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
| VZ01 | C117717 | C117820 | Email from Kollios to Van Zandt, dated 1/26/06, re: Bowoto | Van Zandt | | | |
| VZ02 | CVZ_0001 | CVZ_010 5 | Equivocal Death Investigation Analysis RE: Mr. Tyson Lane Davis | Van Zandt | | | |
| VZ03 | | | Expert Report of Clinton R. Van Zandt, dated 1/9/06 | Van Zandt | | | |
| VZ04 | | | Handwritten notes | Van Zandt | | | |
| VZ05 | | | Email from Ritchey to Van Zandt, dated 11/15/05, re: FW: Bowoto v. Chevron | Van Zandt | Irrelevant, waste of time.  FRE 401-403. | | |
| VZ06 | | | Handwritten notes | Van Zandt | | | |
| VZ07 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |
| VZ08 | | | Email from Ritchey to Clint, dated 11/3/05, re: threatlink.com- Inquiry from Katherine Ritchey | Van Zandt | | | |
| VZ09 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |
| VZ10 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |
| VZ11 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |
| VZ12 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |
| VZ13 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Sponsoring Witness | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|---|
| | | | **PLAINTIFFS' DEPOSITION EXHIBITS** | | | | |
| VZ14 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |
| VZ15 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |
| VZ16 | | | Deposition Exhibit (Retained by Counsel) | Van Zandt | No such exhibit exists; if it does, then plaintiffs have not provided a copy of that exhibit to defendants and defendants reserve all objections to the exhibit. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5000 | C1578 | C1701 | The Chevron Way - Chevron's Policy Manual | 2000 Policy Manual is irrelevant, too remote in time and is not evidence of specific agency. FRE 401-403. | | |
| 5001 | C1582 | C1585 | Chevron Policy Manual Policy 2, Management Procedures and Guidelines | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5002 | C1591 | C1592 | Chevron Policy Manual Policy 50, Crisis Management | December 1999 policy is irrelevant, too remote in time and would mislead the jury.  FRE 401-403, 407. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5003 | C1603 | C1606 | Chevron Policy Manual, Policy 120, Financial- Appropriations | 1999 policy on financial controls is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); see also *Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5004 | C1607 | C1610 | Chevron Policy Manual Policy 130, Financial Controls, Internal Controls | 1995 policy on financial controls is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5005 | C1611 | C1613 | Chevron Policy Manual Policy 132, Financial Controls, Approval of Expenditures and Payment of Funds | 1995 policy on financial controls is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); see also *Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

4

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5006 | C1614 | C1618 | Chevron Policy Manual, Policy 134, Financial Controls, Auditing | 1987 policy on financial controls is irrelevant, unduly prejudicial, confusing and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same. *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); see also *Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995). See also Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5007 | C1621 | C1646 | Chevron Policy Manual, Policy 190, Delegation of Authority | Exhibit is incomplete and should include C01621-1655. FRE 106. 1999 policy is too remote in time. FRE 401-403. | | |
| 5008 | C1656 | C1658 | Chevron Policy Manual Policy 209, Human Resources - Employment, Foreign Service (Expatriate) | Exhibit is incomplete and does not include all human resources policies. FRE 106. 1994 policy is too remote in time, is irrelevant and is not evidence of specific agency. FRE 401-403. | | |

5

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5009 | C1664 | C1665 | Chevron Policy Manual Policy 322, External Relations Political Contributions | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5010 | C1666 | C1667 | Chevron Policy Manual Policy 324, External Relations, Payments to Government Officials | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |
| 5011 | C1668 | C1670 | Chevron Policy Manual Policy 400, Legal Matters | Exhibit is incomplete and does not include all related policies.  FRE 106.  1987 policy is too remote in time, is irrelevant and is not evidence of specific agency.  FRE 401-403. | | |
| 5012 | C1671 | C1678 | Chevron Policy 500 - Contracting | Exhibit is incomplete and does not include all related policies.  FRE 106.  1997 policy is too remote in time, is irrelevant and is not evidence of specific agency.  FRE 401-403. | | |
| 5013 | C1682 | C1684 | Chevron Policy Manual, Policy 570, Operating - Security: Security of Personnel and Assets | | | |
| 5014 | C1700 | C1701 | Chevron Policy Manual Policy 580 - Purchasing | Exhibit is incomplete and does not include all related policies.  FRE 106.  1993 policy is too remote in time, is irrelevant and is not evidence of specific agency.  FRE 401-403. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5015 | C3322 | C3344 | Expatriate H.R. Manual, re: Emergencies, Expatriate Vacations, Compensation - Tax Equalization, dated 11/2/1997 | 1994 manual is irrelevant, remote in time, would confuse the jury and is not evidence of specific agency.  FRE 401-403. | | |
| 5016 | C17594 | C17684 | Chevron Corporation Law Department Manual of Compliance Procedures and Guidelines, dated March 2001 | 2001 Manual of Compliance procedures is too remote in time, irrelevant, unduly prejudicial and would mislead the jury.  It is not evidence of specific agency.  FRE 401-403.  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp. [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |
| 5017 | C13432 | C13436 | Policy list of problems with suggested improvements and the progress on said improvements. | 1999 Security Review plan is irrelevant, too remote in time, unduly prejudicial and would confuse the jury.  FRE 401-403, 407. | | |
| 5018 | CS009080 | CS009090 | ChevronTexaco Security Services Division Standard Operating Procedures Escravos Operations Area, effective 6/1/2004 | 2004 Operating procedures are irrelevant, too remote in time, unduly prejudicial and would confuse the jury.  FRE 401-403. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5019 | C1315 | C1348 | Memo from Harkins (Delaware Sec of State), dated 12/19/88, re: hereby certify the attached in a true and correct copy…, w/ multiple certificates attached | | | |
| 5020 | C1349 | C1394 | Memo from Weir to Soler, dated 6/5/89, re: Chevron Alpha Company, w/ multiple certificates attached | 1989 exhibit is irrelevant, confusing and too remote in time.  FRE 401-403. | | |
| 5021 | | | Excerpt from Chevron Corp's Form 10-K annual report filed with the SEC, for the fiscal year ending 12/31/93 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

9

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5022 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 3/31/94 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

10

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5023 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 6/30/94 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5024 | C0532 | C0559 | Document entitled, "Restated Certificate of Incorporation, dated 8/2/94, including By-Laws of Chevron Corporation | 1994 exhibit is too remote in time.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5025 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 9/30/94 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5026 | | | Excerpt from Chevron Corp's Form 10-K annual report filed with the SEC, for the fiscal year ending 12/31/94 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5027 | | | Excerpt from Chevron Corp's Form 8-K report filed with the SEC, dated 3/10/95 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5028 | | | Excerpt from Chevron Corp's Form 10-K annual report filed with the SEC, for the fiscal year ending 12/31/95 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5029 | C0815 | C0826 | Excerpt from Chevron Corporation 1996 Annual Report re: A Great Year for Chevron, Dimensions of Growth, Production Records Set, Employees Make a difference, and Chevron's World Wide Plans such as exploration and production growth in international areas. | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5030 | C20518 | C20531 | Document entitled, "California (Nigeria), Incorporated, By-Laws, Amended 11/7/96" | | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5031 | C0825 | C0825 | Chevron Corporation 1996 Annual Report re: Growth through knowledge management, growth through technology and growth through flexibility | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5032 | C0822 | C0822 | Chevron Corporation 1996 Annual Report, Chevron at a Glance re: Exploration and Production, Refining, Marketing, Supply and Distribution, Chemicals, Coal with areas of operation and competitive advantages | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5033 | | | Excerpt from Chevron Corp's Form 10-K annual report filed with the SEC, for the fiscal year ending 12/31/96 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

19

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5034 | C1058 | C1069 | Resolutions of the Executive Committee of Chevron Corporation June 24, 1997 re: Authorized Officers are allowed to execute and deliver on behalf of this corporation a guaranty agreement from this Corporation to Citibank in connection with an overdraft facility to be entered into by CNL in connection with the U.S. Dollar Joint Venture Bank Account. | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5035 | C0801 | C0801 | Chevron Corporation 1997 Annual Report re: Quarterly Results and Stock Market Data over 1996 and 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5036 | C0778 | C0782 | Chevron Corporation 1997 Annual Report re: Management's Discussion and Analysis of Financial Condition and Results of Operations | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5037 | | | Excerpt from Chevron Corp's Form 10-K annual report filed with the SEC, for the fiscal year ending 12/31/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5038 | C0719 | C0719 | Chevron Corporation 1998 Annual Report Notes to Consolidated Financial Statements | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5039 | C24188 | C24231 | Report entitled, "Chevron's Business Conduct," Copyright 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5040 | C24286 | C24328 | Report entitled, "Chevron's Business Conduct," Copyright 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  Bowoto, 312 F. Supp. 2d at 1240 (quoting Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5041 | | | Excerpt from Chevron Corp's Form 8-K report filed with the SEC, dated 1/29/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one '"relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5042 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 3/31/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5043 | | | Notice of Annual Meeting of Stockholders and Proxy Statement, dated 4/29/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5044 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 6/30/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5045 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 9/30/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5046 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 9/30/1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5047 | C0496 | C0513 | Document entitled, "Restated Certificate of Incorporation, dated 11/23/98, signed by Derr and Beebe" | Exhibit is irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time.  FRE 401-403. | | |
| 5048 | C0514 | C0531 | Document entitled, "Restated Certificate of Incorporation, By Laws as Amended," dated 11/23/98 | Exhibit is irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time.  FRE 401-403. | | |
| 5049 | C1395 | C1446 | Document entitled, "Certificate of Incorporation, Chevron Petroleum Limited," dated 12/1/98 | Exhibit is irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5050 | C0680 | C0703 | Chevron Corporation 1998 Annual Report re: To Our Stockholders, staying focused…pursuing opportunities…shaping the future, hardships in 1998, Management's discussion and analysis of financial condition and results of operations | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5051 | C0742 | C0811 | Photos and bios of Chevron Board of Directors for 1997 and 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5052 | | | Excerpt from Chevron Corp's Form 10-K annual report filed with the SEC, for the fiscal year ending 12/31/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5053 | C0714 | C0714 | Chevron Corporation 1998 Annual Report, from Derr, Klitten and Crowe, dated 3/4/1999, re: Quarterly Results and Stock Market Data, Report of Management | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5054 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 3/31/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5055 | C2881 | C2882 | Minutes of Special Meeting of the Executive Committee of Chevron Corporation Thursday, April 22, 1999 re: Proposed contribution of $5 million to International Foundation For Education and Self-Help to support The Western Niger Delta Development Program | 1999 Meeting Minutes are irrelevant and  too remote in time.  FRE 401-403. | | |
| 5056 | C046608 | C046608 | Minutes for the Special Meeting of the Board of Directors of Chevron Overseas Petroleum Inc., dated 7/9/1999 | 1999 draft minutes are irrelevant and too remote in time.  Minutes are not signed and therefore not final and could mislead the jury.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5057 | | | Excerpt from Chevron Corp's Form 10-Q quarterly report filed with the SEC, for the period ending 9/30/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

38

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5058 | C0614 | C0677 | Chevron Corporation 1999 Annual Report, "The Energy to Grow" re: New technologies and the Company's financial status, dated 1999 | Exhibit is duplicative of 367 (Rick Brown). FRE 403.  Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time. FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  Bowoto, 312 F. Supp. 2d at 1240 (quoting Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5059 | | | Excerpt from Chevron Corp's Form 10-K annual report filed with the SEC, for the fiscal year ending 12/31/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5060 | | | Form 10-K Chevron Corp - CVX for the period of December 31, 1999, Annual report which provides a comprehensive overview of the company for the past year, dated 3/20/2000 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5061 | C0486 | C0495 | Document entitled, "By-Laws of Chevron Corporation As Amended March 29, 2000" | 2000 amendment to Chevron Corporation bylaws is irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time.  FRE 401-403. | | |
| 5062 | C0469 | C0485 | Document entitled, "Restated Certificate of Incorporation, May 3, 2000 and By-Laws, As Amended March 29, 2000 of Chevron Corporation" | 2000 amendment to Chevron Corporation is irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time.  FRE 401-403. | | |
| 5063 | C1246 | C1246 | Data Sheet Report re: Chevron Corporation, dated 8/3/2000 | 2000 data sheet for Chevron Corporation is irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time.  FRE 401-403. | | |
| 5064 | C1580 | C1580 | Chart, The Chevron Way-Corporate Metrics | Excerpt of 2000 exhibit is irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time.  FRE 401-403. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5065 | B00001 | B00012 | Chevron Corporation Hierarchy over time re: stockholders, board of directors, executive committee, chairman of the board etc | 2000 organization charts prepared for informational purposes only for Chevron Corporation are irrelevant, unduly prejudicial and misleading due to corporate reformation in late 1998 and is too remote in time. FRE 401-403. | | |
| 5066 | C1305 | C1309 | Chevron Overseas Petroleum Inc. By-Laws amended 11/3/1992 | 1992 bylaws for COPI are irrelevant, unduly prejudicial and too remote in time. FRE 401-403. | | |
| 5067 | C117960 | C117700 | Unanimous consent of sole stockholder of Chevron U.S.A. Inc., 12/30/93 | Plaintiffs did not provide this exhibit and the exhibit does not correspond to the cited Bates numbers (which are non-sequential).  Nor is the description sufficient for defendants to object.  Defendants reserve all rights to object to this exhibit. | | |
| 5068 | CS008953 | CS008954 | Unanimous Consent of Directors of Chevron Overseas Petroleum dated 1/1/1994 | | | |
| 5069 | CS008905 | CS008905 | Memo from Krattebol to Winter dated 6/22/94 re: Request to Transfer Assets from COPI to Chevron Overseas Petroleum | | | |
| 5070 | CS008900 | CS008900 | Email from Soler to Krattebol, etc. date uncertain, re: COPI to COP asset distribution | | | |
| 5071 | CS008901 | CS008901 | Memo from Forbes to Krattebol, etc. dated 6/30/94 re: Intercompany Distribution of Assets from Chevron Overseas Petroleum Inc. to Chevron Overseas Petroleum A Division of Chevron U.S.A. Inc | | | |
| 5072 | CS008924 | CS008924 | Memo from Matzke to Bonney dated 8/26/94 re: Corporate Simplification | | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5073 | CS008680 | CS008681 | Chevron Overseas Petroleum Inc. list of directors, officers, incorporation information, etc., dated 9/19/1994 | | | |
| 5074 | CS008682 | CS008682 | Transocean Chevron Company list of directors, officers, incorporation information, etc., dated 9/20/1994 | | | |
| 5075 | CS008929 | CS008929 | Memo from Beebe to Klitten dated 10/3/94 re: Proposed OCS Reorganization to Minimize State Taxes | | | |
| 5076 | CS008927 | CS008927 | Memo to Klitten dated 10/4/94 re: COPI Restructuring Status | | | |
| 5077 | CS008921 | CS008921 | Email chain from Soler to Kuba, etc. dated 11/28/94 re: 482- COPI merger into COP; Policy 30 | | | |
| 5078 | CS008920 | CS008920 | Email from Susa to Soler, etc., dated 12/8/94 re: COPI Merger into COP | | | |
| 5079 | CS008883 | CS008883 | Memo from McAuley to Matzke, etc. dated 12/21/94 re: Chevron U.S.A. Inc. Unanimous Consent of Directors, adopting resolutions effecting merger of COPI into CUSA | | | |
| 5080 | CS008936 | CS008937 | Minutes of meeting of Chevron Overseas Petroleum Inc. dated 12/21/94 adopting resolution that COPI and CUSA should merge | | | |

43

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5081 | C117702 | C117702 | Consent of sole shareholder of Chevron U.S.A. Inc. dated 12/21/94 to adopt merger of COPI and CUSA | | | |
| 5082 | CS008884 | CS008884 | Memo from Forbes to Krattebol, etc., dated 12/21/94 re: Chevron Overseas Petroleum Inc. - Merger Into Chevron Overseas Petroleum, a Division of Chevron U.S.A. Inc. | | | |
| 5083 | C117705 | C117706 | Unanimous consent of directors of Chevron U.S.A. Inc., dated 12/21/94 | | | |
| 5084 | C117685 | C117687 | Regular Meeting of the Board of Directions of Transocean Chevron Company and Resolutions adopted, dated 12/21/94 | | | |
| 5085 | C2806 | C2807 | Articles of merger-Domestic Business dated 12/28/94 re: merger of COPI and CUSA | | | |
| 5086 | CS008938 | CS008938 | Agreement and Plan of Merger Between COPI and CUSA, effective 12/31/94 | Incomplete, missing signature page.  FRE 106, 401-403. | | |
| 5087 | CS008939 | CS008939 | Signature page of Agreement and Plan of Merger Between COPI and CUSA, effective 12/31/94 | Incomplete, document missing - signature page only.  FRE 106, 401-403. | | |
| 5088 | C117703 | C117704 | Agreement and Plan of Merger Between COPI and CUSA, effective 12/31/94 | | | |
| 5089 | CS998684 | CS998685 | Chevron Overseas Petroleum Inc. list of directors, officers, incorporation information, etc., dated 1/6/1995 | | | |

44

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5090 | CS008686 | CS008686 | Chevron Overseas Petroleum Inc. list of directors, officers, incorporation information, etc., dated 1/9/1995 | | | |
| 5091 | CS008744 | CS008744 | Chevron Overseas Petroleum list of directors, officers, incorporation information, etc., dated 8/4/95 | | | |
| 5092 | C2713 | C2737 | By-Laws of Chevron U.S.A. Inc., effective 1/1/96 | | | |
| 5093 | CS008740 | CS008740 | Chevron Overseas Petroleum list of directors, officers, incorporation information, etc., dated 6/18/96 | Too remote in time; irrelevant.  FRE 401-403. | | |
| 5094 | C23759 | C23759 | Organizational chart, Chevron Overseas Petroleum, Inc., dated 9/9/96 | Too remote in time; irrelevant.  FRE 401-403. | | |
| 5095 | C31340 | C31355 | COPI Business Plan Vol. 2, 1997-1999 (information not specific to Nigeria redacted) | COPI 1996 Business Plan regarding Opolo Field development is irrelevant, too remote in time, would confuse the jury and cause undue delay.  FRE 401-403.  Duplicative of 1652 (Soler).  FRE 403. | | |
| 5096 | C31356 | C31410 | Nigeria Business Unit Business Plan 1998-2000, dated 11/97 | Portions of exhibit relating to exploration, UADP and environmental issues are speculative, irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403, 602. | | |
| 5097 | C31411 | C31425 | 1998-2000 COPI Business Plan (information not specific to Nigeria redacted) | COPI 1996 Business Plan regarding development and exploration projects is irrelevant, speculative, too remote in time, would confuse the jury and cause undue delay.  FRE 401-403, 602.  Duplicative of 2501 (Hagstrom).  FRE 403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5098 | C1271 | C1314 | Document entitled, "Certificate of Ownership and Merger of Iran Chevron Oil Company (a Delaware Oil Company) into Chevron Overseas Petroleum (a Delaware corporation), w/ multiple memos and certificates attached | Bates numbers C001291-1314 include irrelevant documents regarding Venezuela Gulf Oil Company which would confuse the jury. FRE 401-403. | | |
| 5099 | CS008212 | CS008212 | Chevron U.S.A, Inc, list of directors, officers, incorporation information, etc., dated 2/3/98 | | | |
| 5100 | C31426 | C31471 | 1999-2001 COPI Business Plan (information not specific to Nigeria redacted) | Portions of exhibit relating to exploration and environmental issues are speculative, irrelevant, unduly prejudicial and would mislead the jury.  Exhibit is too remote in time. FRE 401-403, 602. | | |
| 5101 | CS008721 | CS008721 | Chevron Overseas Petroleum Inc. list of directors, officers, incorporation information, etc., dated 2/17/1999 | Exhibit is irrelevant and too remote in time. FRE 401-403. | | |
| 5102 | CS008324 | CS008324 | Chevron U.S.A, Inc, list of directors, officers, incorporation information, etc., dated 5/21/99 | Exhibit is irrelevant and too remote in time. FRE 401-403. | | |
| 5103 | C31472 | C31524 | COPI Business Plan 2000-2002 (information not specific to Nigeria redacted) | 2000-2002 COPI Business is too remote in time, irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 5104 | C1263 | C1263 | Data Sheet Report re: Chevron U.S.A. Inc. dated 11/7/2000 | Exhibit is irrelevant and too remote in time. FRE 401-403. | | |
| 5105 | CS008559 | CS008518 | List of names of officers of various Chevron subsidiaries | 1993 document is irrelevant and too remote in time.  FRE 401-403. | | |
| 5106 | CS008620 | CS008622 | Chevron U.S.A. Inc, list of directors, officers, incorporation information, etc. | 1994 document is irrelevant and too remote in time.  FRE 401-403. | | |

46

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5107 | C26681 | C26681 | COPI Section I Business Plan Summary (for Nigeria SBU only) | 1999 document regarding reserves forecast is irrelevant, unduly prejudicial, confusing and too remote in time. FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. Bowoto, 312 F. Supp. 2d at 1240 (quoting Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5108 | C26582 | C26582 | COPI Section II Business Plan Summary (for Nigeria SBU only) | 1999 document regarding reserves forecast is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  Bowoto, 312 F. Supp. 2d at 1240 (quoting Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5109 | | | Letter Brief dated 10/1/02 from Defendants opposing Plaintiffs' efforts, *inter alia*, to obtain Rule 30(b)(6) testimony from corporate designees of defendant ChevronTexaco Overseas Petroleum, Inc. (CTOP) | Irrelevant, confusing, waste of time.  FRE 401-403. | | |
| 5110 | | | Letter dated 10/25/02 from defense counsel John M. Grenfell identifying Rule 30(B)(6) witnesses for Chevron Texaco Overseas Petroleum, Inc. (CTOP) | Irrelevant, confusing, waste of time.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5111 | | | Defendants' Objections and Response to the Declaration of Barbara Enloe Hadsell and Plaintiffs' "Evidence Rule 1006 Summary of Facts" | Exhibit is an impermissible attempt to sidestep the requirements of Federal Rule of Evidence 1006 and admit the hearsay, argumentative, inaccurate and prejudicial "summary" of Barbara Hadsell.  As defendants' objections make plain, it does not satisfy any of the Rule 1006 requirements, particularly since much of the evidence is inadmissible and it is inaccurate.  FRE 401-403, 802, 1006. | | |
| 5112 | C26618 | C26742 | COPI Business Plan (information not specific to Nigeria redacted) | 2002 document regarding budget planning and forecasts is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  Bowoto, 312 F. Supp. 2d at 1240 (quoting Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  See also Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5113 | C13263 | C13263 | Letter from Crowe to Potter and others, dated 1/27/1997, re: Gifts to Foreign Officials Request For Increase in Authority | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5114 | C13258 | C13259 | Letter from Potter to Bates and others, dated 2/5/1997. re: Gifts to Foreign Officials COPI gift giving policy, Distribution List | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5115 | C17749 | C17762 | Guidelines for Compliance with the Foreign Corrupt Practices Act dated 4/20/99, from COPI in San Ramon, CA | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |

|  | PLAINTIFFS' EXHIBITS (5,000-8,000) |

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5116 | C23598 | C23607 | Memo from Potter to Crowe and others, dated 4/20/1999, re: Guidelines for Compliance with the Foreign Corrupt Practices Act | Exhibit is irrelevant, unduly prejudicial and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including FCPA compliance.  *See, e.g.*, 15 U.S.C. §§ 78m(b)(2)(A), (b)(2)(B) (requiring maintenance of accurate books and records, including payments by foreign subsidiaries, and "internal accounting controls" to record such payments properly).  *See also* Jury Instrs. (Dkt. 1837), p. 158 (acts not considered evidence of agency include "preparation and filing of consolidated financial statements or annual reports that include information about subsidiaries of Chevron Corp.; [and] the adoption of internal accounting controls governing payments to foreign officials"). | | |
| 5117 | C3326 | C3326 | Chevron Policy, Expatriate H.R. Manual, Expatriate Vacations, dated 11/2/92 | 1992 manual is irrelevant, remote in time, would confuse the jury and is not evidence of specific agency.  FRE 401-403. | | |
| 5118 | C3332 | C3332 | Chevron Policy, Expatriate H.R. Manual, Compensation-Tax Equalization, dated 1/12/94 | 1994 manual is irrelevant, remote in time, would confuse the jury and is not evidence of specific agency.  FRE 401-403. | | |
| 5119 | C117014 | C117028 | Annual Performance Management Worksheet for Kirkland, dated 1/1/1996 - 12/1996 | Individual's 1996 performance evaluation is irrelevant, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 5120 | C038378 | C038378 | Email from Stone to Connon, Etc., dated 9/5/96 re: Expatriate HR Policy Study | 1996 study is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5121 | C038749 | C038758 | Expatriate H.R. Policy Study - Project Report, dated 10/9/96 | 1996 study is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5122 | C038759 | C038765 | Email from Long to Malling, etc., dated 10/10/96 re: Expat Study GRT-October 10, 1996, with attached report | 1996 study is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5123 | C038379 | C038385 | PowerPoint presentation dated 1/15/97 re: Expatriate Policy Study | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5124 | C052376 | C052377 | Letter from Derr to unknown recipient dated 2/3/1997 re: 1996 Management incentive plan worksheets and instructions | 1997 letter to unknown person regarding management incentive worksheets is irrelevant, remote in time and is not evidence of specific agency.  FRE 401-403. | | |
| 5125 | C038776 | C038795 | Presentation slides for the Expatriate HR Policy Study, GRT Meeting - February 27, 1997 | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5126 | C038796 | C038825 | Expatriate HR Policies Study - Management Interview Questionnaire | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5127 | C038833 | C038855 | Agenda and minutes of a meeting held 5/8/97 - Expatriate HR Policy Study - Guidance Review Team Meeting | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5128 | C038866 | C038869 | Memo from KPMG consultant to Jon Lindberg at Chevron dated 5/15/97 re: Cost Projections for tax review team (prepared for expatriate employees going to Nigeria and other countries) | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5129 | C033870 | C038913 | PowerPoint presentation entitled Expatriate HR Policies Study, Guidance Review Team Meeting, June 12, 1997 | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5130 | C038914 | C038953 | Notes from Don Webster dated 7/12/97  re: rotational employees and ICE enhancements, handwritten note: "OPCO and COPI [Management] comments on policies from 6/12 GRT [meeting]" | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5131 | C039000 | C039026 | Email from Long to Malling, etc. dated 8/27/97 re: Expatriate HR Policy Study Recommendations, with attached PowerPoint presentation for presentation to corporate Executive Committee | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5132 | C038547 | C038559 | Expat Policy Rollout Presentation Material, updated 10/31/97 | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5133 | C038386 | C038440 | Notes accompanying a PowerPoint presentation on "Policies for Chevron's International Workforce" | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5134 | C038441 | C038495 | PowerPoint presentation on "Policies for Chevron's International Workforce," dated 11/6/97 | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5135 | C038679 | C038733 | PowerPoint presentation on "Policies for Chevron's International Workforce," dated 11/6/97 | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5136 | C049028 | C049036 | Letter from Scott to Barhold and others dated 3/30/1998 re: Contract Administrator Career Ladder/Roster | April 1998 COPI PDC process is irrelevant, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 5137 | C049030 | C049033 | Letter from Potter dated 4/1/1998 re: COPI Contracting Career Ladder | April 1998 COPI PDC process is irrelevant, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 5138 | C038991 | C038993 | Program for Expatriate Study Awards Ceremony, April 1, 1998, Scott's Seafood Bar & Grill, Walnut Creek, CA | Awards program is irrelevant, would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5139 | C049006 | C049026 | Letter from Potter to COPI Finance Employees dated 5/6/1998 re: Personnel Selection Process, with attached results of study of existing personnel selection process | May 1998 COPI PDC process is irrelevant, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 5140 | C038734 | C038748 | Expatriate H.R. Policy Study - Project Report, dated 5/28/98 | Late May 1998 Survey is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 5141 | C038994 | C038998 | Typed notes of Expatriate HR Policy Study Wrap-Up Meeting, June 8, 1998 | July 1998 Survey is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 5142 | C038024 | C038160 | Participant Report: Rotational International Assignments Survey, July 1998, Exxon Company, International | July 1998 Survey is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |
| 5143 | C038240 | C038376 | Participant Report: Rotational International Assignments Survey, July 1998, Exxon Company, International | July 1998 Survey is irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5144 | C24015 | C24017 | Memo from Jay Pryor at COPI San Ramon SBU (Human Resources) to HR Managers and Managing Directors dated 12/9/98 re: Rotational Location Premiums | December 1998 letter re: location premiums is irrelevant, remote in time, and is not evidence of specific agency.  FRE 401-403. | | |
| 5145 | C038496 | C038546 | Notes accompanying a PowerPoint presentation on "Policies for Chevron's International Workforce" | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5146 | C038560 | C038584 | Draft letter from Sullivan congratulating employee for being selected for an international assignment with Chevron | Draft letter is not final and undated.  It is speculative, irrelevant and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5147 | C038585 | C038600 | Draft letter to employee explaining being selected for an international assignment with Chevron | Draft letter is not final and undated.  It is speculative, irrelevant and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5148 | C038601 | C038623 | Draft letter to employee explaining being selected for an international assignment with Chevron | Draft letter is not final and undated.  It is speculative, irrelevant and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5149 | C038624 | C038678 | Notes accompanying a PowerPoint presentation on "Policies for Chevron's International Workforce" | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5150 | C038826 | C038832 | Expatriate HR Policies Study - Management Interview Questionnaire, notes | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5151 | C038854 | C038865 | Proposed policies for Expatriate HR Policies Study | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5152 | C038956 | C038962 | Chart of salary data from 1065 US Expats | Salary data is irrelevant, unduly prejudicial and is not evidence of specific agency.  FRE 401-403. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|---|---|---|---|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5153 | C038963 | C038982 | PowerPoint presentation re: Long Term ICE Service Incentive | Document appears to be post-1998. Presentation on ICE program proposals is irrelevant, would mislead the jury and is not evidence of specific agency.  FRE 401-403. | | |
| 5154 | C038983 | C038989 | Typed notes re: Transition Issues, Employees Currently on Home-Country or Rotational Assignments | Speculative notes regarding issues and costs of expat employees are irrelevant, unduly prejudicial and are not evidence of specific agency.  FRE 401-403, 602. | | |
| 5155 | C38990 | C38990 | Memo entitled "Expatriate HR Policy Study" | 1997 study is ongoing, speculative, irrelevant, remote in time, unduly prejudicial and is not evidence of specific agency.  FRE 401-403, 602. | | |
| 5156 | C0948 | C0955 | Opolo Field Development Appropriation Request Approval, dated 1/8/96 | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5157 | C0942 | C0968 | Chevron's Executive Committee approvals of appropriation requests submitted by COPI on behalf of CNL, Opolo Field Development, 1996 | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5158 | C2210 | C2210 | Work requisition #G152689 to be used for 96-COPI-NV 12 FE & Operations Services signed by Anyigbo, dated 3/1/96 | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5159 | C2132 | C2132 | Work Requisition #152605, dated 3/22/1996 | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5160 | C2133 | C2133 | Work requisition # G152606 to be used for artificial lift study signed by Koelmel, dated 3/22/96 | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5161 | C0971 | C0978 | Ewan Field Development Appropriation Request Approval, dated 4/1/96 | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay.  FRE 401-403. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5162 | C0969 | C0999 | Chevron's Executive Committee approvals of appropriation requests submitted by COPI on behalf of CNL, Ewan Field Development, 1996 | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 5163 | C2135 | C2135 | Work requisition #G152608 to be used for May 96 Horizontal Well Trip signed by Koelmel, dated 4/16/96 | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 5164 | C2146 | C2147 | Memo from Ankenbauer to May etc., dated 6/18/96, re: Approved GO-113, 96-CPTC-RP-02, Earth Science Consulting and Specialized Services Program, w/ attached work requisition | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 5165 | C2148 | C2149 | Work requisition #G-152617 to be used from 96-CPTC-RP-08 signed by Koelmel, dated 6/26/96, w/ attached memo | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 5166 | C2153 | C2154 | Memo from Koelmel to Brown etc., dated 7/4/96, re: 1996 Reserves data processing and database maintenance , w/ handwritten notes & attached work requisition | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |
| 5167 | C2155 | C2156 | Memo from Koelmel to Brown etc., dated 7/25/96, re: Work requisition #G-152621, Feasibility Study on Reduction of High GOR Production, w/ attached work requisition | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency. Would mislead the jury and cause undue delay. FRE 401-403. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5168 | C2159 | C2160 | Memo from Koelmel to Brown etc., dated 8/1/96, re: Work requisition #G-152623, Ohaji South 4 Well Test, w/ attached work requisition | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5169 | C2167 | C2168 | Memo from Koelmel to Brown etc., dated 8/13/96, re: Feasibility study: Slimhole/Monobore Technology vs. Conventional Wellbores with Dual Completions, w/ attached work requisition | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5170 | C2165 | C2165 | Memo from Koelmel to Brown etc., dated 8/22/96, re: Licensing Fee for Blitz Numerical Solver | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5171 | C2171 | C2171 | Memo from Koelmel to Brown etc., dated 9/10/96, re: GO-113- CRTC- Richmond, Crude Oil Assay Work for Ohaji Field | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5172 | C2175 | C2176 | Memo from Koelmel to Brown etc., dated 9/18/96, re: Topcon Support for 1996, w/ attached work requisition | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5173 | C2173 | C2174 | Memo from Koelmel to Cook etc., dated 9/20/96, re: RobertKiri C-03 & C-08 Simulation Study RobertKiri E-12 Data Gathering, w/ attached work requisition | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5174 | C2177 | C2178 | Memo from Koelmel to Brown etc., dated 10/10/96, re: GO-113 #G152632 Gbokoda/Dibi Development Plans | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5175 | C34302 | C34337 | PowerPoint presentation re: Ohaji South Field Development UADP Workshop, Lagos, November, 1996 | 1996 PowerPoint for a UADP Workshop has no relevance, would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5176 | C2185 | C2187 | Work requisition #G-152637 to be used for Ohaji Development Plan signed by Koelmel, dated 11/7/96, w/ attached memo and work requisition | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5177 | C2193 | C2195 | Memo from Koelmel to Brown etc., dated 11/22/96, re: approved requisition authorizing $80,000 for San Ramon staff, w/ attached work requisition and review | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5178 | C2202 | C2203 | Memo from Koelmel to Brown etc., dated 12/11/96, re: Reservoir Management General Support Work Requisition, with attached work requisition | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5179 | C1042 | C1099 | Report entitled, "Chevron Nigeria Limited Gbokoda/Dibi Development," dated 12/19/96 | Multiple documents in exhibit would confuse the jury.  1996 Report on Dibi Development and 1997 work orders are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5180 | C1013 | C1052 | Chevron's Executive Committee approvals of appropriation requests submitted by COPI on behalf of CNL, Gbokoda/Dibi Development Project, 1996 | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5181 | C2253 | C2253 | Work requisition, dated 12/31/96 | 1996 work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5182 | C2137 | C2137 | Memo from Schull to Brown etc., dated 7/22/97, re; Supplement to Work Requisition #G-152611, Ewan Reservoir Simulation | 1996 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5183 | C1072 | C1099 | Chevron's Executive Committee approvals of appropriation requests submitted by COPI on behalf of CNL, Phase 2 of development of Escravos Gas Project, 1997 | 1997 memo re: work request is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5184 | C1182 | C1231 | Chevron's Executive Committee approvals of appropriation requests submitted by COPI on behalf of CNL, Supplemental request for Gbokoda/Dibi Development Project, 1998 | Executive Committee approval regarding Gbokoda/Dibi Project approval is irrelevant and is not evidence of specific agency.  It would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5185 | C34376 | C34458 | PowerPoint presentation re: Chevron Project Development and Execution Process (CPDEP) Workshop, 1999 | Exhibit is duplicative of 2503 (Hagstrom).  FRE 403.  A PowerPoint for a 1999 Workshop on CPDEP has no relevance, would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5186 | C34712 | C34294 | PowerPoint presentation re: Chevron Project Development and Execution Process (CPDEP) Workshop, 1999 | 1999 PowerPoint for a CPDEP Workshop has no relevance, would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5187 | C1135 | C1166 | Chevron's Executive Committee approvals of appropriation requests submitted by COPI on behalf of CNL, Supplemental request for Ewan Field Development Project, 1999 | 999 Executive Committee approval regarding Ewan Field Project approval is irrelevant, is not evidence of specific agency and is outside the relevant time period.  It would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5188 | C2224 | C2224 | Work requisitions #G-228342 & G-228341 | 1996 work orders are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5189 | C2128 | C2129 | Work requisition, GO-113, w/ attached memo from Koelmel to Brown etc., GO-113-Nigeria SBU San Ramon-Opuekeba Field Study Phase 1 | 1996 work requisition regarding Opuekeba is irrelevant, is too remote in time and is not evidence of specific agency.  It would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5190 | C2062 | C2079 | All Work Orders (GO-113) Issued by CNL to Affiliates from 1996 - August 2000 (Report) | 1996-1997 and 1999-2000 work requisition summaries are irrelevant and too remote in time.  None of the work order summaries are evidence of specific agency.  Evidence would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5191 | C2080 | C2254 | All Work Orders (GO-113) Issued by CNL to Affiliates - Documents for 1996 | All 1996 work orders are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5192 | C2255 | C2377 | All Work Orders (GO-113) Issued by CNL to Affiliates - Documents for 1997 | All 1997 work orders are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5193 | C2441 | C2534 | All Work Orders (GO-113) Issued by CNL to Affiliates - Documents for 1998 | All 1998 work orders are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5194 | C2378 | C2440 | All Work Orders (GO-113) Issued by CNL to Affiliates - Documents for 1999 & 2000 | All 1999-2000 work orders are irrelevant, too remote in time and are not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5195 | C34269 | C34375 | PowerPoint presentation re: Asset Classification and other topics for CPDEP/UADP Workshop | Exhibit is duplicative of 2500 (Hagstrom).  FRE 403.  Document on CPDEP / UADP as applied to exploration has no relevance, would mislead the jury and would cause undue delay.  FRE 401-403. | | |
| 5196 | C1807 | C1809 | Amendment to Counsel and Service Agreement Between CNL and COPI approved 1/17/92 | | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5197 | C22886 | C22887 | Report from Taylor to Burns and others dated 1/25/1996 re: Nigeria Security Summary and Assessment | Report regarding political climate in Nigeria is irrelevant, waste of time.  FRE 401-403. | | |
| 5198 | C1010 | C1012 | Letter from Derr to Matzke dated 5/9/1996 re: Increased contribution for University and Community Scholarships Program and Letter from Matzke to Derr dated 5/9/1996 re: Contribution Request | | | |
| 5199 | C1014 | C1030 | Letter from Matzke to Derr dated 12/6/1996, re: Gbokoda/Dibi Development Appropriation Request Approval for a total investment of $199.723 million, with attached appropriation request | 1996 appropriation request for Dibi is irrelevant, too remote in time and is not evidence of specific agency.  Would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5200 | C4939 | C4939 | Foreign Payroll Billing, Pay Period 3/31/1997 | 1997 individual employee paystub is irrelevant, unduly prejudicial and is not evidence of specific evidence.  FRE 401-403. | | |
| 5201 | C1059 | C1059 | Letter from Kirkland to Matzke and others dated 6/13/1997 re: Excom Presentation - Nigeria Financing | 1997 letter re: financing is irrelevant, too remote and is not evidence of specific agency.  Would confuse the jury and cause undue delay.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5202 | C1056 | C1057 | Letter from Derr to Matzke and others, dated 6/24/1997, re: Executive Committee meeting, proposed CNL US Dollar borrowing authority of up to $100 million, increase in CNL's Naira borrowing authority, proposal to initiate discussions with the Nigerian government on alternative ways to finance the Gbokoda/Dibi Development project. | Exhibit is duplicative of 73 (Kirkland).  FRE 403.  1997 letter re: financing is irrelevant, too remote and is not evidence of specific agency.  Would confuse the jury and cause undue delay. FRE 401-403. | | |
| 5203 | C1961 | C1961 | Recommendation of Interim Dividend for the 3rd Quarter of 1997 and Authorization and Approval of a credit Agreement for Financing the Second Phase of the Escravos Gas Project | Exhibit is incomplete, should be C01960-63.  FRE 106.  1997 CNL meeting minutes re: Escravos project are irrelevant, would cause undue delay and confuse jury.  FRE 401-403. | | |
| 5204 | C045361 | C045361 | Uniform Accounting Manual - Account Description (Volume I) dated 11/1/1997 | Exhibit is irrelevant, incomprehensible, too remote in time and would confuse the jury. FRE 401-403. | | |
| 5205 | C2868 | C2868 | Regular Meeting of the Executive Committee of Chevron Corporation, dated December 18, 1997 | Exhibit is incomplete, should be C002868-70. FRE 106.  Exhibit is irrelevant and remote in time.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5206 | C048888 | C048904 | Letter from Potter to Matzke and others dated 1/22/1998 re: Consolidated Management Report, with attached report regarding Nigerian SBU financials | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |
| 5207 | C051249 | C051250 | Email string from Taylor to Omole, etc. dated 2/12/98 re: Human Rights Watch Africa | Correspondence among CNL employees is hearsay.  FRE 802.  Discussion regarding Ogoni/Shell and content of HRW letter is hearsay and is irrelevant and misleading.  FRE 401-403. |  |  |
| 5208 | C1183 | C1187 | Letter from Matzke to Derr and others dated 2/18/1998 re: Gbokoda/Dibi Development Appropriation Request Supplement Approval, the building of a flowstations | Exhibit is duplicative of 272 (Bates).  FRE 403.  Memo re: work request is irrelevant and is not evidence of specific agency.  It would mislead the jury and cause undue delay.  FRE 401-403. |  |  |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5209 | C049062 | C049062 | Memo to Matzke dated 6/26/98 re: 1999-2000 Sole Risk Exploration Program | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5210 | C049066 | C049066 | Memo from Kirkland to Argungu dated 6/26/98 re: NNPC Loan Agreement - Floating Storage and Off-Loading Vessel (FSO Escravos Gas Project Phase I) | June 1998 memo regarding financing loan re: Escravos Gas Project is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 5211 | C111946 | C111988 | Daily News Report re: Chevron, dated 9/8/1998 | News articles are hearsay. FRE 802.  News articles regarding events after Parabe that do not address Parabe are irrelevant, misleading and prejudicial. FRE 401-403.  C111977-78 is duplicative of other exhibits and defendants incorporate the objections to those exhibits here.  FRE 401-403. | | |
| 5212 | C049061 | C049061 | Memo from Kirkland to Matzke dated 10/7/98 re: Escravos Gas -to- Liquids Project Update | October1998 memo regarding Escravos Gas Project is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5213 | C20507 | C20512 | Nigeria Strategic Business Unit Exceptions list re: Compliance subject, description of exception, plan for corrective action or process implementation plan with estimated completion date, and other comments. | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5214 | C049069 | C049070 | Letter from Kirkland to Matzke dated 2/12/1999 re: Additional Chevron Nigeria LTD Financing | 1999 exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5215 | C23536 | C23527 | Letter from Kirkland to Matzke dated 8/27/1999 re: TOP CON (Texaco) Nigeria JV Operations | Defendants are assuming the correct bates range for this exhibit is C23526-27.  1999 document regarding unrest and production shut-ins is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 5216 | C1233 | C1233 | Letter from Robertson to Matzke and others dated 6/9/2000 re: Nigerian Business Unit Bids For Deepwater Leases | 2000 letter re: leases is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 5217 | C052398 | C052398 | Statement re: MIP Award recommendations by O'Reilly | Document is incomplete and should include C52397-98.  2000 incentive award recommendations is irrelevant, too remote in time and would mislead the jury.  FRE 401-403. | | |
| 5218 | C046599 | C046605 | Charts regarding the sale of CNL crude to a destination in Philadelphia | Documents regarding sales of CNL crude are irrelevant, unduly prejudicial, and would confuse the jury. FRE 401-403. | | |

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5219 | C048270 | C048270 | Chevron International Trading Co receipt for Nigerian Crude Oil | 1999 Document regarding sales of crude are irrelevant, unduly prejudicial, and would confuse the jury.  FRE 401-403. | | |
| 5220 | | | Chart of CNL Crude Shipped from Escravos to the United States (1996-1999) | Plaintiffs have not provided this exhibit and defendants reserve their right to object accordingly.  Based on the description, summary of crude shipped is irrelevant, would mislead the jury and cause undue delay.  FRE 401-403. | | |
| 5221 | C048157 | C099078 | Numerous Crude oil Sales Receipts from Chevron Nigeria Limited | Almost 51,000 pages of crude oil sales receipts are irrelevant, unduly prejudicial and would cause undue delay.  Receipts from 1996 1997 and 1999 are too remote in time.  FRE 401-403. | | |
| 5222 | C042000 | C044412 | Handwritten Logs re: the sale of CNL crude, including name of tanker and destination, from January 1996 - December 1999 | Over 2,000 pages of crude oil sales receipts are irrelevant, unduly prejudicial and would cause undue delay.  Receipts from 1996-1997 and 1999 are too remote in time.  FRE 401-403. | | |
| 5223 | C1781 | C1782 | Certificate of Incorporation of a Company for Chevron Nigeria Limited, previously called Gulf Oil Company (Nigeria) Limited, dated 7/16/1991 | | | |
| 5224 | C1980 | C2061 | Joint Operating Agreement between Nigerian National Petroleum Corporation and Gulf Oil Company (Nigeria) Limited, effective 7/25/91, with attached letter from Mahura to Nigerian National Petroleum Corporation, dated 7/22/1991 re: clause 2.7 of Joint Operating Agreement | Partly duplicative of plaintiffs' 1715 (Howard).  FRE 403. | | |
| 5225 | C049092 | C49124 | Memorandum of Understanding between NNPC and CNL, dated 7/25/91 | | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5226 | CS008001 | CS008001 | CNL list of directors, officers, incorporation information, etc., dated 7/22/1994 | 1994 document is too remote.  FRE 401-403. | | |
| 5227 | CS008002 | CS008002 | CNL list of directors, officers, incorporation information, etc., dated 1/26/1995 | 1995 document is too remote.  FRE 401-403. | | |
| 5228 | C17512 | C17516 | Chevron Nigeria Limited - Chevron vision, The Petroleum Company of Choice in Nigeria, 1996, with entry dated 12/7/93 that Chevron formed a new exploration company named CPNCL for exploring Benue Trough | Exhibit is speculative, too remote in time and exploration of Benue trough is irrelevant.  FRE 401-403, 602. | | |
| 5229 | C1813 | C1813 | Chevron Nigeria Limited Director's Report For The Year Ended 31 December 1996, dated 12/31/1996 | | | |
| 5230 | C26399 | C26535 | Chevron Nigeria Limited Organization Chart, Including Departmental Breakdowns (e.g., Finance, Legal, etc.) | 137 page compilation of organizational charts and summaries is irrelevant, would confuse the jury and cause undue delay.  Portions of exhibit summarizing unrelated legal and environmental issues are unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 5231 | C26259 | C26389 | Chevron Nigeria Limited report entitled, "Briefs for First Term 1997 NNPC/Chevron Operating Committee Meeting," dated 5/14/97 | 131 page compilation of 1996 information is too remote in time, irrelevant and would cause undue delay.  Portions of exhibits discussing unrelated oil spills and environmental issues are irrelevant, unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 5232 | C1837 | C1837 | Chevron Nigeria Limited Director's Report For The Year Ended 31 December 1997, dated 12/31/1997 | | | |

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5233 | C12255 | C12258 | Email from Steffinger to Benson and others dated 1/7/1998 re: CNL 1997 3rd Quarter Dividend, and further email chain | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5234 | C1942 | C1944 | Minutes of 27th Annual General Meeting of Chevron Nigeria Limited at 11:15 A.M. on Wednesday, June 10, 1998, In Conference Room No. 338E at the Company's Office, Lekki Peninsula, Lagos, re: Professor Grace Alele Williams reelected to the Board. | Bates number C001944 is not part of the described exhibit and is misleading.  FRE 401-403. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5235 | C1957 | C1959 | Minutes of 84th Meeting of the Directors of Chevron Nigeria Limited Held at Conference Room No. 338E (3rd Floor) Chevron Nigeria Limited Main Office Building, Lekki Peninsula, Lagos on Wednesday, June 10, 1998, at 10:15 A.M., re: The company's accounts and the report of the auditors and directors for the year ended December 31, 1997 be recommended to the shareholders for adoption at its 27th Annual General Meeting. | | | |
| 5236 | C1953 | C1956 | Minutes of the 85th Meeting of the Directors of Chevron Nigeria Limited Held in the Offices of Chevron Corporation, 575 Market Street, San Francisco, California, USA, on Monday September 28, 1998, at 10:10AM re: Environmental Insurance Claims settlement and appointment of Anyigbo and Schull to directors of Chevron Nigeria Limited | | | |
| 5237 | CS008009 | CS008011 | CNL list of directors, officers, incorporation information, etc., dated 9/29/1998 | | | |
| 5238 | C1517 | C1577 | Document entitled, "Certificate of Incorporation, Nigeria Chevron Beta Limited," dated 12/1/98 | | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5239 | C1464 | C1514 | Document entitled, "Certificate of Incorporation, Nigeria Chevron Alpha Limited," dated 12/1/98 | | | |
| 5240 | C1861 | C1861 | Chevron Nigeria Limited Director's Report For The Year Ended 31 December 1998, dated 12/31/1998 | | | |
| 5241 | C1858 | C1877 | Chevron Nigeria Limited Report and Financial Statements dated 12/31/1998, re: profit and loss account for 1998, statement of accounting policies, report of directors | Duplicative of Exhibits 267 (Mitchell) and 371 (Brown, Rick).  FRE 403.  Irrelevant. FRE 401-402. | | |
| 5242 | C1949 | C1952 | Minutes of the 86th Meeting of the directors of Chevron Nigeria Limited Held at the Company's Office, 2 Chevron Drive, Lekki Peninsula, Lagos, on Monday June 7, 1999, at 10:30 AM, re: Appointment of Wilcox as a director of Chevron Nigeria Limited, Authorization for opening bank accounts, and ratification of fixing the company's seal to documents. | | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5243 | C048354 | C048355 | CNL General Ledger Posting Report, 2/2/96 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5244 | C048340 | C048353 | CNL Restatement of Postings at Current Rates (1995-1996), including an email dated 3/1/96 to CNL employees re: intercompany transfer price for particular shipments of crude oil from CNL to Chevron International Trading Company | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5245 | C048855 | C048861 | CNL General Ledger Posting Report, 4/30/1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5246 | C048862 | C048867 | CNL General Ledger Posting Report, 6/3/96 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5247 | C048819 | C044847 | CNL General Ledger Posting Report, 7/2/96 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5248 | C048827 | C048835 | CNL General Ledger Posting Report, 7/31/96 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5249 | C048878 | C048884 | CNL General Ledger Posting Report, 9/2/96 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5250 | C048848 | C048854 | CNL General Ledger Posting Report, 10/2/1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5251 | C048347 | C048355 | CNL Restatement of Postings at Current Rates (1995-1996), 11/4/96 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5252 | C048512 | C048524 | CNL Restatement of Postings at Current Rates, 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5253 | C048212 | C048212 | Voucher Input Sheer, Crude Oil Transactions for January 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5254 | C048229 | C048239 | CNL General Ledger Posting Report, 1/2/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5255 | C048213 | C048228 | CNL General Ledger Posting Report, 2/4/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5256 | C048774 | C048786 | CNL General Ledger Posting Report, 2/28/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5257 | C048240 | C048258 | CNL General Ledger Posting Report, 5/2/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5258 | C048868 | C048877 | CNL General Ledger Posting Report, 5/26/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5259 | C048836 | C048847 | CNL General Ledger Posting Report, 6/3/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5260 | C048491 | C048511 | CNL General Ledger Posting Report, 7/2/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5261 | C048525 | C048539 | CNL General Ledger Posting Report, 8/4/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5262 | C048475 | C048490 | CNL General Ledger Posting Report, 9/1/97 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5263 | C048373 | C048388 | CNL General Ledger Posting Report, 2/2/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5264 | C048552 | C048571 | CNL General Ledger Posting Report, 3/3/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5265 | C048540 | C048551 | CNL General Ledger Posting Report, 4/2/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |

97

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5266 | C048572 | C048610 | CNL General Ledger Posting Report, 5/4/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5267 | C048389 | C048404 | CNL General Ledger Posting Report, 6/1/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5268 | C048356 | C048372 | CNL General Ledger Posting Report, 7/1/1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5269 | C048454 | C048460 | CNL General Ledger Posting Report, 8/3/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5270 | C048461 | C048474 | CNL General Ledger Posting Report, 9/2/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5271 | C048405 | C048424 | CNL General Ledger Posting Report, 10/2/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5272 | C048148 | C048167 | CNL General Ledger Posting Report, 10/31/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5273 | C048425 | C048453 | CNL General Ledger Posting Report, 12/1/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5274 | C048168 | C048194 | CNL General Ledger Posting Report, 12/30/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5275 | C048195 | C048211 | CNL General Ledger Posting Report, 1/26/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5276 | C048611 | C048622 | CNL General Ledger Posting Report, 3/31/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5277 | C048623 | C048637 | CNL General Ledger Posting Report, 3/1/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5278 | C048787 | C048818 | CNL General Ledger Posting Report, 5/4/1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5279 | C048299 | C048316 | CNL General Ledger Posting Report, 6/1/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5280 | C048638 | C048669 | CNL General Ledger Posting Report, 7/29/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5281 | C048317 | C048339 | CNL General Ledger Posting Report, 8/25/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5282 | C048259 | C048242 | CNL General Ledger Posting Report, 9/30/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5283 | C048285 | C048298 | Email from Chuck Frick, Chevron Products Company, International Logistics and Training with attached documents showing FOB Cargo Purchase from CNL, dated 10/4/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5284 | C048750 | C048773 | CNL General Ledger Posting Report, 11/1/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5285 | C048706 | C048749 | CNL General Ledger Posting Report, 12/2/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

117

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5286 | C048670 | C048705 | CNL General Ledger Posting Report, 1/4/00 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5287 | C14789 | C14798 | Intercompany Settlement, dated 11/30/95, entered January 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5288 | C14799 | C14835 | Intercompany Settlement, dated 12/31/95, entered February 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5289 | C14836 | C14879 | Intercompany Settlement, dated 1/31/96, entered March 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5290 | C14880 | C14902 | Intercompany Settlement, dated 2/29/96, entered April 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5291 | C14903 | C14917 | Intercompany Settlement, dated 3/31/96, entered May 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5292 | C14918 | C14984 | Intercompany Settlement, dated 4/30/96, entered June 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5293 | C14985 | C15014 | Intercompany Settlement, dated 5/31/96, entered July 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5294 | C15015 | C15066 | Intercompany Settlement, dated 6/30/96, entered August 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5295 | C15067 | C15113 | Intercompany Settlement, dated 7/31/96, entered September 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5296 | C15068 | C15069 | Letter from Kuba to Steffinger and others dated 9/11/1996 re: Intercompany Settlements - September 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5297 | C15114 | C15167 | Intercompany Settlement, dated 8/31/96, entered October 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5298 | C15168 | C15201 | Intercompany Settlement, dated 9/30/96, entered November 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5299 | C15202 | C15254 | Intercompany Settlement, dated 10/31/96, entered December 1996 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5300 | C15255 | C15287 | Intercompany Settlement, dated 11/30/96, entered January 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5301 | C15335 | C15335 | March 1997 Settlement of Intercompany Accounts Over $1,000,000.00, dated 1/31/1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5302 | C15288 | C15332 | Intercompany Settlement, dated 12/31/96, entered February 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5303 | C15333 | C15368 | Intercompany Settlement, dated 1/31/97, entered March 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5304 | C15369 | C15425 | Intercompany Settlement, dated 2/28/97, entered April 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5305 | C15426 | C15479 | Intercompany Settlement, dated 3/31/97, entered May 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5306 | C15480 | C15535 | Intercompany Settlement, dated 4/30/97, entered June 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5307 | C15536 | C15594 | Intercompany Settlement, dated 5/31/97, entered July 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5308 | C15595 | C15642 | Intercompany Settlement, dated 6/30/97, entered August 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

140

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5309 | C15643 | C15724 | Intercompany Settlement, dated 7/31/97, entered September 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5310 | C15725 | C15782 | Intercompany Settlement, dated 8/31/97, entered October 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5311 | C15783 | C15827 | Intercompany Settlement, dated 9/30/97, entered November 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. |  |  |

143

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5312 | C15828 | C15901 | Intercompany Settlement, dated 10/31/97, entered December 1997 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5313 | C15902 | C15955 | Intercompany Settlement, dated 11/30/97, entered January 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5314 | C15956 | C16001 | Intercompany Settlement, dated 12/31/97, entered February 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5315 | C16002 | C16066 | Intercompany Settlement, dated 1/31/98, entered March 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5316 | C16067 | C16117 | Intercompany Settlement, dated 2/28/98, entered April 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5317 | C16118 | C16175 | Intercompany Settlement, dated 3/31/98, entered May 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5318 | C16176 | C16225 | Intercompany Settlement, dated 4/30/98, entered June 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5319 | C16226 | C16274 | Intercompany Settlement, dated 5/31/98, entered July 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5320 | C16275 | C16331 | Intercompany Settlement, dated 6/30/98, entered August 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5321 | C16332 | C16377 | Intercompany Settlement, dated 7/31/98, entered September 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5322 | C16378 | C16431 | Intercompany Settlement, dated 8/31/98, entered October 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5323 | C16432 | C16473 | Intercompany Settlement, dated 9/30/98, entered November 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5324 | C16474 | C16565 | Intercompany Settlement, dated 10/31/98, entered December 1998 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5325 | C16566 | C16641 | Intercompany Settlement, dated 11/30/98, entered January 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5326 | C16642 | C16689 | Intercompany Settlement, dated 12/31/98, entered February 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5327 | C16690 | C16729 | Intercompany Settlement, dated 1/31/99, entered March 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5328 | C16730 | C16813 | Intercompany Settlement, dated 2/28/99, entered April 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5329 | C16814 | C16905 | Intercompany Settlement, dated 3/31/99, entered May 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5330 | C16863 | C16863 | Letter to Cornwell and others dated 5/10/1999 re: Intercompany Settlement May 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5331 | C16906 | C16954 | Intercompany Settlement, dated 4/30/99, entered June 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5332 | C16955 | C17003 | Intercompany Settlement, dated 5/31/99, entered July 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5333 | C17004 | C17056 | Intercompany Settlement, dated 6/30/99, entered August 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5334 | C17057 | C17103 | Intercompany Settlement, dated 7/31/99, entered September 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5335 | C17105 | C17198 | Intercompany Settlement, dated 8/31/99, entered October 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5336 | C17199 | C17266 | Intercompany Settlement, dated 9/30/99, entered November 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5337 | C17267 | C17317 | Intercompany Settlement, dated 10/31/99, entered December 1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5338 | C13571 | C13624 | Realignment Entries January 1998, dated 1/20/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5339 | C13625 | C13671 | Realignment Entries February 1998, dated 2/18/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5340 | C13672 | C13718 | Realignment Entries March 1998, dated 3/17/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5341 | C13719 | C13765 | Realignment Entries April 1998, dated 4/15/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one '"relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5342 | C13766 | C13814 | Realignment Entries May 1998, dated 5/19/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|------|------------------|---------------|-------------|-----------|---------------------|---------------|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5343 | C13815 | C13865 | Realignment Entries June 1998, dated 6/15/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5344 | C13866 | C13905 | Realignment Entries July 1998, dated 7/17/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5345 | C13906 | C13942 | Realignment Entries August 1998, dated 8/17/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

177

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5346 | C13943 | C13979 | Realignment Entries September 1998, dated 9/16/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5347 | C13980 | C14018 | Realignment Entries October 1998, dated 10/15/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5348 | C14019 | C14113 | Realignment Entries November 1998, dated 11/17/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5349 | C14114 | C14147 | Realignment Entries December 1998, dated 12/16/98 | Exhibit is irrelevant, unduly prejudicial, confusing and would cause undue delay.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5350 | C14148 | C14188 | Realignment Entries January 1999, dated 1/19/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5351 | C14189 | C14224 | Realignment Entries February 1999, dated 2/17/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5352 | C14225 | C14263 | Realignment Entries March 1999, dated 3/16/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5353 | C14264 | C14303 | Realignment Entries April 1999, dated 4/16/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

185

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5354 | C14304 | C14389 | Realignment Entries May 1999, dated 5/18/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

186

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5355 | C14390 | C14459 | Realignment Entries June 1999, dated 6/16/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5356 | C14460 | C14494 | Realignment Entries July 1999, dated 7/19/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5357 | C17094 | C17095 | Chart showing Intercompany Balances before and after Realignment, dated 7/31/1999 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5358 | C14495 | C14531 | Realignment Entries August 1999, dated 8/17/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5359 | C14532 | C14568 | Realignment Entries September 1999, dated 9/17/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5360 | C14569 | C14606 | Realignment Entries October 1999, dated 10/15/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5361 | C14607 | C14685 | Realignment Entries November 1999, dated 11/15/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5362 | C14686 | C14718 | Realignment Entries December 1999, dated 12/15/99 | Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time.  FRE 401-403.  The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident.  *Bowoto*, 312 F. Supp. 2d at 1240 (quoting *Phoenix Canada Oil Co. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988)).  Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same.  *See Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); *U.S. v. Bestfoods*, 524 U.S. 51, 71-72 (1998); *see also Calvert v. Huckins*, 875 F. Supp. 674, 679 (E.D. Cal. 1995).  *See also* Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5363 | C109285 | C109628 | Chevron Texaco Drilling Activity Report, multiple, date range March '97-August '98 | FRE 401, 403 | | |
| 5364 | C17796 | C17797 | ChevronTexaco, Drilling Activity Report, dated 5/25/98 | FRE 401, 403 | | |
| 5365 | C17780 | C17781 | ChevronTexaco, Drilling Activity Report, dated 5/25-26/1998 | FRE 401, 403 | | |
| 5366 | C17798 | C17787 | ChevronTexaco, Drilling Activity Report, dated 5/26/98 | FRE 401, 403 | | |
| 5367 | C17783 | C17783 | ChevronTexaco, Drilling Activity Report, dated 5/27/98 | FRE 401, 403 | | |
| 5368 | C17786 | C17786 | ChevronTexaco, Daily Completion/WO Report, dated 5/28/98 | FRE 401, 403 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| | | | **PLAINTIFFS' EXHIBITS (5,000-8,000)** | | | |
| 5369 | C17785 | C17785 | ChevronTexaco, Daily Completion/WO Report, dated 5/28/98 | FRE 401, 403 | | |
| 5370 | C17802 | C17802 | ChevronTexaco, Drilling Activity Report, dated 5/28/98 | FRE 401, 403 | | |
| 5371 | C17804 | C17804 | ChevronTexaco, Drilling Activity Report, dated 5/29/98 | FRE 401, 403 | | |
| 5372 | C17836 | C17874 | COPI Weekly Drilling Report - Distribution List, Week of 5/26/98 - 6/1/98 re: weekly updates and summaries of each drilling location | Dupe of 171 (Harrison).  FRE 401, 403 | | |
| 5373 | C17919 | C17951 | COPI Weekly Drilling Report - Distribution List, Week of 12/28/98 - 1/3/99 re: weekly updates and summaries of each drilling location | FRE 401, 403 | | |
| 5374 | C17779 | C17829 | Drilling Activity Report, dated 5/25/1998 - 1/12/1999 | Partial Dupe of 169 (Harrison).  FRE 401, 403 | | |
| 5375 | C17892 | C17918 | ChevronTexaco Operations Summary Report dated 4/15/1998 - 5/2/2000, re: cumulative costs and 24hr summaries | | | |
| 5376 | C17875 | C17891 | ChevronTexaco Daily Drilling Report, dated 10/8/2002 re: Operator status of operations | FRE 401, 403 | | |
| 5377 | B00653 | B00654 | Letter from Omotoya and others to The Military Administrator and others dated 4/14/1998 re: Situational Report: Oil Producing Communities and the Oil Companies Exploiting the Area | FRE 802 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5378 | B00656 | B00656 | Letter from Ofuonyebi to The Coordinator/Secretary dated 4/23/1998 re: re-request for appointment | FRE 802 | | |
| 5379 | C17952 | C17969 | North Offshore Morning Report, dated May 20, 1998 - June 6, 1998 | Dupe of 1091 (Hervey), 266 (Mitchell) & 168 (Harrison).  No objection to 5/24 to 5/31; FRE 401, 403 as to 5/20 to 5/23, 6/1 to 6/6 | | |
| 5380 | C20313 | C20317 | Email from NIGEC Security Coordinator to Uwaka and others dated 6/1/1998 re: Invasion of CBL 101/Parabe Platform, with attached Letter from Neku to Uwaka dated 6/2/1998 | | | |
| 5381 | C19840 | C19841 | Email from Lorenz to Houghton and others, dated 7/10/1998, re: Update on Nigerian Situation, with email chain | Email from Omole is hearsay.  FRE 802. Email does not relate to Parabe and Nigerian political situation in July 1998 is irrelevant and misleading.  FRE 401-403. | | |
| 5382 | C0324 | C0326 | Andrew O. Ogedegbe's Declaration, dated 7/24/1999 | FRE 802 | | |
| 5383 | C0467 | C0468 | Statement by Chevron Nigeria Limited on Invasion of NNPC/Chevron Offshore Parabe Production Platform, dated May 28, 1998 | | | |
| 5384 | C0463 | C0465 | Email from Lorenz to Bates and others re: Parabe Statement and Wire Stories, dated May 28, 1998, with attached statement on Parabe to use for the media | Articles are hearsay.  FRE 802.  Irrelevant to the extent statement was not distributed. Cumulative of other evidence.  FRE 401-403 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) |
|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5385 | C0458 | C0459 | Email from Lorenz to Schull and others re: Parabe Wires, dated May 29, 1998, with attached NewsWare article titled "Chevron restarting Nigeria Parabe Platform Friday" and  "Protest Shuts in Chevron Production in Nigeria" dated May 29, 1998 | Articles are hearsay as are statements regarding summary of articles.  FRE 802. Cumulative of other evidence.  FRE 401-403 | | |
| 5386 | C0901 | C0902 | The Parabe Crisis - The Facts, dated June 5, 1998, letter authored by Kirkland | Cumulative of other evidence.  FRE 401-403 | | |
| 5387 | C0061 | C0067 | Letter from Kirkland to Manby re: The Parabe Incident - The Facts, dated June 29, 1998 | Letter has multiple levels of hearsay (including Malumi's statements).  That HRW inquired about the Parabe incident is irrelevant and the prejudice outweighs the potential probative value. FRE 401-403, 802 | | |
| 5388 | C19869 | C19871 | Nigeria Media Statements, dated July 30, 1998 | All statements within the document are irrelevant in that they do not relate to Parabe. The statement associated with Parabe is also irrelevant because there is no evidence that this statement was ever published in the media.  FRE 401-403.  Document is hearsay, as are the statements attributed to Abubakar. FRE 802 | | |
| 5389 | C0276 | C0276 | The Guardian article tilted "Chevron refutes alleged environmental devastation in Ondo" dated August 4, 1998 | Multiple levels of hearsay (i.e., Malumi's statements); prejudice outweighs probative value; cumulative of other evidence and testimony.  FRE 401-403, 802 | | |
| 5390 | C19000 | C19001 | Email from Lorenz to Lavington re: Congressional Human Rights Caucus response letter, dated August 27, 1998, with attached letter from Cavanaugh to Congressional Human Rights Caucus | Any probative value is far outweighed by the potential prejudice of the congressional investigation.  And the fact that a congressional investigation occurred is irrelevant to what happened at Parabe or to plaintiffs' agency/ratification theories. To the extent the document contains statements about Parabe, they are cumulative of other statements.  FRE 401-403 | | |

| \begin{center}PLAINTIFFS' EXHIBITS (5,000-8,000)\end{center} | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5391 | C17375 | C17377 | Transcript of Berkeley Radio Station KPFK-FM Radio discussion between Brown, Libby, and Flanders, dated September 30, 1998 | Transcript is hearsay. Libby lacks personal knowledge. FRE 602, 802. Incomplete document. Prejudice outweighs possible probative value, if any. Cumulative of other evidence. FRE 401-403 | | |
| 5392 | C19037 | C19052 | Email from Lorenz to Omole, etc., attaching transcript of Democracy Now KPFK Radio discussion dated September 30, 1998 | Entire interview is hearsay. FRE 802. Statements by Sola are irrelevant to plaintiffs' ratification theory because Sola is a CNL employee, not an employee of defendants. FRE 401-403. Cumulative of 222 & 1020. FRE 401-403 | | |
| 5393 | C0429 | C0430 | Reuters News Service article titled "Rights group prepares to sue Chevron over Nigeria deaths" by Tony McAuley, dated October 12, 1998 | With the exception of the quotes attributed to Mike Libbey ("our reading . . . agency representative," and "we negotiated . . . on either side") the article is hearsay. The statements attributed to Omole are also hearsay because they are from the Pacifica broadcast and the reporter's summary of the Pacifica interview is hearsay. FRE 802 | | |
| 5394 | C19058 | C19059 | Email from Lorenz to Yeager and others re: Parabe Web site statement, dated October 15, 1998, with attached Parabe Web site statement | | | |
| 5395 | C19004 | C19004 | Email from Lorenz to Perez dated 10/19/98, with attached proposed letter re: Concern over Chevron's Parabe facilities in Nigeria | Cumulative of other evidence. Reference to protest letters is prejudicial. Draft letter is misleading. FRE 401-403 | | |
| 5396 | C19527 | C19539 | Email from Lorenz to Omole and others re: Corporate Watch Web site re: Chevron and Nigeria dated November 11, 1998, with numerous attached articles on Chevron's role in human rights abuses | The newspaper articles are inadmissible hearsay not based on personal knowledge. FRE 602, 802. The threat of the lawsuit is a waste of time because the jury already knows there is a lawsuit and it is not probative of any issue in the litigation (C19530). FRE 401-403 FRE 802. Prejudicial and misleading; to the extent there is information about Parabe it is cumulative of other evidence. FRE 401-403 | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** |
|---|---|---|---|---|---|
| **Ex. #** | **Beginning Bates** | **Ending Bates** | **Description** | **Objection** | **Admitted or Not Admitted** | **Date Admitted** |
| 5397 | C20031 | C20037 | Email from Lorenz to Lavington re: Sola, dated November 17, 1998, with attached "Current African issues Nigeria Parabe Incident: Suggested Responses to Media" | Lorenz's statements regarding Ken Howe are hearsay. FRE 802. Attachment is irrelevant and misleading because there is no evidence that the talking points were ever addressed or distributed to the public. FRE 401-403. | | |
| 5398 | C0434 | C0435 | San Francisco Chronicle article tilted "Human Rights Group Investigates Chevron," dated November 19, 1998 | With the exception of the quotes attributed to Tom Schull ("a very, very difficult situation," and "in the Niger Delta . . . government," and "machetes, clubs and knives.") the article is hearsay. FRE 802 | | |
| 5399 | C0402 | C0403 | Employee communication on go.chevron.com, entitled "Nigeria Update," dated November 20, 1998, describing Parabe incident | | | |
| 5400 | C19647 | C19647 | Chevron's Statement Regarding Seizure of Nigerian Parabe Offshore Platform, dated November 20, 1998 | | | |
| 5401 | C19640 | C19461 | Letter to the Editor, San Francisco Chronicle, dated November 23, 1998 | Draft letter is irrelevant and misleading. Cumulative of other evidence. FRE 401-403 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5402 | C20061 | C20063 | Email from Lorenz to Omole and others re: Nigeria articles-NYT & DJ, dated November 23, 1998, with attached article entitled, We are abused and exploited / Spread of unrest across oil-rich area poses risk to Nigeria's stability" by Normitsu Onishi, dated November 22, 1998 and Dow Jones Energy Service article titled "Chevron Details Nigeria Oil Field Incident Amid Protests" by Champion Walsh, dated November 20, 1998 | Articles are hearsay as are summaries of a Chevron statement.  FRE 802.  Reference to protest and shareholder resolution is prejudicial.  Information regarding Ijaw unrest is irrelevant and misleading.  To the extent the document contains information about Parabe it is cumulative of other evidence.  FRE 401-403 | | |
| 5403 | C19019 | C19022 | Chevron's letter response to citizen letter about Parabe incident, from Caccamo to Dungan, dated December 1, 1998 | Letter from Mr. Dungan (at C1921-22) is hearsay and prejudicial. FRE 401-403, 802 | | |
| 5404 | C19485 | C19491 | Email from Lorenz to Lavington re: Chevron's Killing Fields in Nigeria, dated December 2, 1998, with attached The Nation Article "Nigeria: Drilling and Killing" by Amy Goodman and Jeremy Scahill, dated November 16, 1998 | Duplicative of exhibit 5424, and defendants incorporate objections stated therein.  Letters from citizens to Chevweb are hearsay, prejudicial and irrelevant.  FRE 802 | | |
| 5405 | C17350 | C17351 | Letter to the Editor, San Francisco Bay Guardian, dated December 3, 1998, signed by Kirkland | Cumulative of other evidence.  FRE 401-403 | | |

| | | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5406 | C17493 | C17494 | Report on Human Rights Watch Report - Chevron's Position, dated February 23, 1999, REDACTED | This report was made in response to HRW's report on Opia/Ikenyan and is inadmissible unless plaintiffs agree to respond to discovery about why the Opia/Ikenyan plaintiffs dismissed their claims. References to Opia/Ikenyan are prejudicial and misleading. To the extent there are any statements relating specifically to Parabe, they are cumulative of other statements made in deposition and documents that do not relate to Opia/Ikenyan. FRE 401-403. | | |
| 5407 | C19159 | C19209 | Tape Transcription of KPFA Pacifica Radio Program, "Democracy Now," dated February 24, 1999, REDACTED | With the exception of the statements from Libbey, the transcript is hearsay. FRE 802. C19159-179 is irrelevant and has no relation to any of plaintiffs' claims. FRE 401-403. Discussion concerning Opia/Ikenyan and CNL (C19179-C19209) is prejudicial and misleading, including all statements by Libbey, which are in response to questions/discussions concerning Opia/Ikenyan. FRE 401-403 | | |
| 5408 | C19148 | C19150 | Email from Lorenz to Haastrup and others re: LAT: Oil Firms Accused in Nigerian Abuses Africa, dated February 24, 1999, with attached LA Times article titled "Oil Firms Accused in Nigerian Abuses Africa: U.S. based group says multinationals have abetted human rights violations by failing to protest them" by Ann M. Simmons, dated February 24, 1999, REDACTED | Article and Gorell's statements are responsive to HRW report on Opia/Ikenyan so document is prejudicial and misleading. FRE 401-403. Article is hearsay. FRE 802 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
| 5409 | C20247 | C20250 | Human Rights Watch Report - Chevron's Position [Approved for use in responding to media inquiries, although comments/edits still seen on document], dated March 1, 1999, sent by Golon to Chevron employees considering doing article for Chevron Now, REDACTED | Statements about what Mike and Karen are considering for Chevron Now are hearsay. FRE 802. Attachment is irrelevant and misleading because there is no evidence that it was distributed outside of Chevron. Statement is a response to HRW and concerns Opia/Ikenyan and is therefore prejudicial and misleading. FRE 401-403. | | |
| 5410 | C20495 | C20496 | Parabe Incident May 25 -May 28, 1998, REDACTED | Statement about Opia/Ikenyan is prejudicial and misleading. FRE 401-403. Document is incomplete. FRE 106 | | |
| 5411 | C20492 | C20494 | Letter from Kirkland to Gilman and others re: Kucinich letter, dated March 13, 1999, REDACTED | The draft letter is irrelevant and evidence relating to the congressional investigation is prejudicial and misleading. The investigation was done in reaction to Opia/Ikenyan. FRE 401-403. Statements about the content of Kucinich's letter and the investigation are hearsay. FRE 802 | | |
| 5412 | C19261 | C19264 | Email from Lorenz to Gorell dated 3/15/1999 re: Meeting with Coalition, and report on Meeting with Coalition by Gorell, dated 3/5/1999 | Gorell's recount of meeting with coalition is hearsay. FRE 802. That there was a meeting with coalition members is irrelevant and prejudicial. The coalition addressed many topics that are irrelevant and prejudicial, including Opia/Ikenyan and the environment. FRE 401-403 | | |
| 5413 | C20232 | C20236 | Email from Viegas to Libbey and others re: More on Nigeria, dated March 16, 1999, with attached Africa News Service articles entitled, "US Congress Probes Chevron, Mobil" and "Chevron's Role in Nigeria Violence Prompts Call for Investigation," REDACTED | Articles are hearsay. FRE 802. That there was a congressional investigation is irrelevant, misleading and prejudicial. FRE 401-403. There are impermissible references to Opia/Ikenyan which is prejudicial, misleading and irrelevant. FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5414 | C19253 | C19254 | Parabe Incident May 25 -May 28, 1998, REDACTED | Impermissible reference to Opia/Ikenyan that is misleading, prejudicial and violates the Court's order that plaintiffs are not permitted to mention Opia/Ikenyan absent responding to discovery as to why those plaintiffs dismissed their claims. FRE 401-403. To the extent this document contains information about Parabe, it is duplicative of other exhibits and evidence and defendants incorporate their objections to those duplicative exhibits here. FRE 401-403 | | |
| 5415 | C19251 | C19256 | Email from Lorenz to Lifa and others re: Congress investigation of Chevron activities in Nigeria, dated March 17, 1999, with attached Parabe Incident Statements and "Chevron and Nigeria Issues," REDACTED | Document is incomplete. FRE 106. Emails concerning a radio interview of which there is no evidence that such interview occurred is irrelevant. FRE 401-403. Document concerns Opia/Ikenyan and congressional investigation so is misleading and prejudicial. FRE 401-403. Portion of the email from Mr. Lifa is hearsay. FRE 802 | | |
| 5416 | C0229 | C0231 | Punch Newspaper article titled "Niger Delta: Chevron refutes rights abuse charges," dated April 3, 1999, REDACTED | Multiple levels of hearsay (i.e., Malumi's statements); prejudice outweighs probative value; cumulative of other evidence and testimony; specific references to Opia/Ikenyan and HRW report which relates directly to Opia/Ikenyan. FRE 401-403, 802 | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| | | | | **PLAINTIFFS' EXHIBITS (5,000-8,000)** | | |
| 5417 | C20210 | C20218 | Email from Gorell to Perez and others re: Tom Butt epistle cont., dated April 13, 1999, and email chain re: Chevron Killings in Nigeria, REDACTED | Entire document contains attachments that are all hearsay.  Summary of statements attributed to Sola Omole and to Chevron in the Reuters article are hearsay (20216-17).  FRE 802.  Email exchange is irrelevant and misleading because it refers to the hearsay statements of a non-party and/or statements published on ERA's website.  FRE 401-403.  Hearsay statements are prejudicial and misleading and often irrelevant.  There is also an impermissible reference to Opia/Ikenyan.  FRE 401-403.  The quote attributed to Libbey regarding the Spencer conversation by Reuters (C20217) is misleading and prejudicial because Libbey testified that the statement was taken out of context.  FRE 401-403 | | |
| 5418 | C0431 | C0432 | Email from Lavington to Matzke and others re: WSJ - Nigerians' Suit Alleges Chevron backed Attacks That Violated Human Rights, dated May 28, 1999, with attached article, REDACTED | Article is hearsay.  FRE 802.  Cumulative of other evidence.  Prejudice outweighs any probative value.  FRE 401-403 | | |
| 5419 | C19433 | C19434 | Letter from Williams to Concerned Citizen, (e.g. Mark Brown) re: Letter expressing concern over Parabe, dated July 20, 1999 | Document is irrelevant and misleading because there is no evidence that the unsigned letter was ever distributed to the public.  FRE 401-403.  Draft letter is hearsay.  FRE 802 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5420 | C0583 | C0594 | Excerpt from Chevron's web site printed on 9/26/00 entitled, "Chevron Nigeria Commitment," "Chevron's Statement Regarding Seizure of Nigerian Parabe Offshore Platform," "Chevron's Operations in Nigeria," "Chevron Community Activities in Nigeria," and "Protecting the Environment" | Website statements are irrelevant to the extent they do not involve the Parabe incident (only 586 concerns statements about Parabe). FRE 401-403. There is an impermissible and prejudicial reference to Opia/Ikenyan, at 584, so the entire paragraph starting with "It has been inaccurately reported . . . " to "Chevron has no involvement whatsoever in this activity" should be excluded. FRE 401-403. Reference to the cost of CNL's gas-utilization project, oil and gas-to-liquids production data and pipeline projects (587) are irrelevant and the probative value (if any) is outweighed by the possible prejudice. FRE 401-403. Reference to environmental protections (594) is irrelevant (pursuant to the Court's in limine order excluding certain environmental evidence) and will be misleading and prejudicial. FRE 401-403 | | |
| 5421 | C0075 | C0075 | Letter from Tudor to Managing Director, Chevron UK Ltd dated 7/16/1998 re: Chevron's Raid on Peaceful Protesters in Nigeria, In Which Two People were Killed and 30 injured | Multiple levels of hearsay; prejudice outweighs any potential probative value. FRE 401-403, 802 | | |
| 5422 | C20010 | C20012 | Email from Lorenz to Haastrup and others dated October 30, 1998, re: Nigeria Q & A's, with attached memo re: Current African Issues, Nigeria Parabe incident, Suggested Responses to Media | Document is incomplete. FRE 106. Lorenz' statement that Schull, Omole and Perez reviewed the attachment and that it was provided to Kirkland and Matzke is hearsay. FRE 802 | | |
| 5423 | C0386 | C0386 | Email from Lavington to Loo dated 11/28/98 with attached draft letter to the editor, to be delivered to San Francisco Chronicle today | Draft letter is hearsay and misleading because no evidence it was distributed outside of Chevron. FRE 401-403, 802. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5424 | C19479 | C19480 | Email from ChevWeb to Howard, dated 12/1/1998, re: Chevron's Killing Fields in Nigeria, | Document is incomplete. FRE 106. Letter is cumulative of other evidence and responding to a hearsay email. FRE 401-403, 802 | | |
| 5425 | C19075 | C19078 | Email from Lorenz to Gorell and others re: Chevron Ecofile - Nigeria Interview Request, dated 12/14/1998 | Irrelevant because Schull does not recall the reference interview ever occurring. FRE 401-403. | | |
| 5426 | C20162 | C20165 | Email from Lorenz to Lavington, dated 1/27/1999, re: Question, with email chain | Email correspondence about drilling and killing fliers at Alcanese high school are irrelevant and prejudicial. FRE 401-403. Emails from Gary, Mike, Stan and Noel are all hearsay. FRE 802. | | |
| 5427 | C19408 | C19411 | Email from Lorenz to Omole and others, dated 2/3/1999, re: Stop Killing Protestors, with email chain | Letters from citizens to Chevweb are hearsay, as is the statement on Chevweb. FRE 802. Document is misleading and prejudicial because response relates to Opia/Ikenyan. FRE 401-403 | | |
| 5428 | C19327 | C19327 | Email from Lorenz to Omole and others dated 2/11/1999 re: Thanks re Web pages | Email relates to Opia/Ikenyan (reference to boats used to attack villages) and is irrelevant, prejudicial and misleading. FRE 401-403. | | |
| 5429 | B00313 | B00314 | Human Rights Watch press release dated 2/23/99, "Oil Companies Complicit in Nigerian Abuses" | Irrelevant and prejudicial because press release relates to Opia/Ikenyan and is after Parabe; is double hearsay. FRE 401-403, 802 | | |
| 5430 | C20239 | C20241 | Email from Gorell to Perez and others, dated 3/5/1999, re: Meeting with Coalition | Exhibit is duplicative of 5412. Gorell's recount of meeting with coalition is hearsay. FRE 802. That there was a meeting with coalition members is irrelevant and prejudicial. The coalition addressed many topics that are irrelevant and prejudicial, including Opia/Ikenyan and the environment. FRE 401-403 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5431 | C17495 | C17498 | Fax from Golon to Hayden and others dated 3/10/1999 re: Kucinich release, and press release re: New information about US Oil Company's Role in Escalating Violence in Nigeria Prompts Call for Congressional Investigation, dated 3/9/1999, REDACTED | The attached press release is hearsay. FRE 802. To the extent the press is admissible the probative value is far outweighed by the prejudice of a congressional investigation and the information about Opia/Ikenyan which plaintiffs are prohibited from using absent responding to discovery. The same applies for the fax cover sheet which specifically references the "Kucinich release." FRE 401-403 | | |
| 5432 | C19249 | C19250 | Email from Lorenz to Gorell and others, dated 3/17/1999, re: CURRENT ISSUES WEB PAGE, with email chain | The email correspondence concerns a comparison of statements concerning Opai/Ikenyan and Parabe so is misleading and prejudicial. FRE 401-403 | | |
| 5433 | C0439 | C0441 | Email from Perez to O'Reilly, dated 3/17/1999, re: More on Nigeria, with email chain and attached African News Service article titled "US Congress Probes Chevron, Mobile," REDACTED | Article attached to Viegas email is hearsay and there are no statements attributed to an identified Chevron employee. FRE 802. To the extent the article is admissible the probative value is far outweighed by the prejudice of a congressional investigation and the information about Opia/Ikenyan which plaintiffs are prohibited from using absent responding to discovery. FRE 401-403 | | |
| 5434 | C19215 | C19224 | Email chain dated 3/22/99 re: Letter from Kirkland to Manby re: Human Rights Watch Report, with attached draft letter, Parabe statement, etc., REDACTED | Letter and email correspondence concerns response to HRW report which is related to Opia/Ikenyan and is therefore irrelevant, prejudicial and misleading. The letter and email correspondence does not contain any substantive comments on Parabe, with the exception of the statement appearing on C19223, which is cumulative of other evidence. FRE 401-403 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5435 | C19024 | C19025 | Email from Lorenz to Ilevbare and others dated 2/12/1999 re: re-use of chevron vehicles by law enforcement personnel, REDACTED | Emails concern Opia/Ikenyan media response and are therefore irrelevant, misleading and prejudicial. Inquiry from Frank (C19025) is hearsay. FRE 401-403, 802 | | |
| 5436 | C19322 | C19326 | Email from Lorenz to Haastrup and others dated 2/23/1999 re: Encounter with AFP Reporter, REDACTED | Email exchange relates to Opia/Ikenyan and HRW report and is prejudicial, misleading and irrelevant. FRE 401-403. Emails from Mr. Haastrup are hearsay. FRE 802 | | |
| 5437 | C20421 | C20423 | Email from Connor to Taylor etc., dated 1/14/99, re: FW: Security./Comm. Rel. Committee mtg.3/12/98 | Discussions regarding CNL community/security in December 1998 and January 1999 do not relate to Parabe and are irrelevant to plaintiffs' liability theories. FRE 401-403. Attachments (C20422-23) from December 12, 1998 Security/Community Relations meeting is hearsay. FRE 802. Email exchange among CNL employees is hearsay. FRE 802. | | |
| 5438 | C20442 | C20442 | Email from Connor to Macleod and others dated 2/4/1999 re: Acquisition of patrol boats for CNL, responding to email from Macleod to Neves and others | Document is incomplete. FRE 106. Discussions regarding CNL's purchase of boats in February 1999 is irrelevant and misleading. Boats were not even used at Parabe. FRE 401-403. Discussions regarding the security review and what was said during the review is hearsay, irrelevant and relates to subsequent remedial measures. FRE 401-403, 407 | | |
| 5439 | C20728 | C20731 | Email from Connor to Kirkland and others dated 3/24/1999 re: Security Meeting March 24th Lagos, with attached Chart with 3 columns labeled Security Report, CNL Responses and Action required by | Email and attachment dated March 1999 unrelated to Parabe is irrelevant, waste of time. FRE 401-403, 407. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5440 | C19936 | C19936 | Email from Lorenz to Schull and others dated 10/15/1998 re: Escravos Operations Area Update | Email dated 10/15/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 5441 | C19937 | C19938 | Email from Lorenz to Gorell and others dated 10/16/1998 re: Production Stoppage in NNPC/Chevron Swamp Locations | Email dated 10/16/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 5442 | C19939 | C19940 | Email from Lorenz to Haastrup and others re: Dow Jones Wire Story, Nigeria dated October 19, 1998, with attached Dow Jones News Service Article titled "Chevron Nigeria -3: Hostage Takers Demanding Ransom" by Onyema Ugochukwu and Sarah Moore, dated October 16, 1998 | Attached article is hearsay.  FRE 802.  News reports concerning October 1998 hostage situation is irrelevant to Parabe and misleading. FRE 401-403.  Lorenz's comments on what Tom said is hearsay.  FRE 802. | | |
| 5443 | C19941 | C19943 | Email from Lorenz to Libbey and others dated 10/19/1998 re: Hostages held by Ijaws | Email dated 10/19/98 re hostage-taking incident unrelated to Parabe is irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 5444 | C19946 | C19947 | Email from Lorenz to Houghton dated 10/19/1998 re: Update on Security in Escravos | Email dated 10/19/98 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 5445 | C23530 | C23532 | Email from Loo to Derr and others dated 6/3/1999 re: Situation Report on Hostilities Among Communities in the Niger Delta | Email and attachment dated 6/3/99 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 5446 | C23528 | C23528 | Email from Lorenz to Lavington dated 6/7/1999 re: Situation Report on Hostilities Among Communities in the Niger Delta | Partial email string dated 6/7/99 unrelated to Parabe is irrelevant, waste of time.  FRE 106, 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5447 | C20175 | C20175 | Email from Lorenz to Omole and others dated 2/16/1999 re: Human Rights Watch Report Media Statement | Statement is in response to HRW report, was made after Parabe and does not contain statements about Parabe so is irrelevant, misleading and prejudicial.  FRE 401-403.  Comments on what HRW report and other newspaper companies said is hearsay.  FRE 802 | | |
| 5448 | C0417 | C0420 | Chevron Corporation Notice of Annual Meeting of Stockholders and Proxy Statement, dated 4/30/1997 | Proxy Statement concerning 1997 stockholder proposal to develop country guidelines is irrelevant (it concerns Ken Saro-Wiwa, Nigerian labor standards and statements of Mandela) and is hearsay.  Any probative value is far outweighed by potential prejudice.  FRE 401-403, 802 | | |
| 5449 | C0412 | C0416 | Letter from Beebe to Matzke and others dated 11/23/1998 re: Nigeria Report Stockholder Proposal, with attached letter from Coleman to Derr dated 11/13/1998 re: Resolution for 1999 Annual Shareholder Meeting | Stockholder proposal is irrelevant to the events at Parabe.  To the extent Chevron's response to the proposal relates to plaintiffs' ratification theory, the potential prejudice of such a proposal far outweighs the benefit of any probative value.  The proposal is hearsay.  FRE 401-403, 802 | | |
| 5450 | C17336 | C17337 | Letter from Neuberger Berman, LLC to Derr dated 12/15/98 re: shareholder resolution on human rights commitment in Nigeria | Letter is hearsay.  Moreover, the shareholder resolution is irrelevant and prejudicial.  FRE 401-403, 802 | | |
| 5451 | C17490 | C17492 | Stockholder Proposal on Code of Business Conduct, dated 2/23/99 | 1999 shareholder proposal is hearsay.  It is also irrelevant and any potential probative value is far outweighed by potential prejudice.  FRE 401-403, 802 | | |
| 5452 | C036331 | C036332 | Handwritten notes dated 2/9/1995 re: security incident | | | |
| 5453 | C036393 | C036393 | Handwritten note dated 4/5/1996 | Double Hearsay.  FRE 802. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
|  | PLAINTIFFS' EXHIBITS (5,000-8,000) |
| 5454 | C31709 | C31709 | Letter from Uwaka to The Commissioner of Police dated 4/16/1996 re: Official Invitation | | | |
| 5455 | C33095 | C33095 | Letter from Uwaka to The Commissioner of Police Delta Police Command dated 5/2/1996 re: Request for Mobile Police | | | |
| 5456 | C036409 | C036409 | Handwritten note dated 10/21/1996 | Double Hearsay.  FRE 802. | | |
| 5457 | C040724 | C040724 | Email from Neku to Uwaka and others dated 4/15/1997 re: Sitrep at noon - 15 Mobiles Arrived | Hearsay.  FRE 802 | | |
| 5458 | C040727 | C040727 | Email from Neku to Uwaka and others dated 5/1/1997 re: Sitrep 24hrs | Hearsay.  FRE 802 | | |
| 5459 | C040615 | C040616 | Email from Neku to Uwaka and others dated 5/4/1997 re: Situation Report | Hearsay.  FRE 802 | | |
| 5460 | C25626 | C25627 | Report by Momoh to Uwaka dated 11/22/1997 re: Incident Report Hostage Situation in Awoye and Molutehin Communities | | | |
| 5461 | B00111 | B00113 | Letter from Manby to Kirkland dated 1/23/98 re: Incidents Involving Chevron & GSF | Letter is double hearsay because Manby's information comes from outside sources (i.e., Opuama incident).  That HRW investigated acts in the Niger Delta is irrelevant to Parabe and the possible prejudice outweighs any potential probative value.  FRE 401-403, 802 | | |
| 5462 | C28906 | C28914 | Letter from Kirkland to Manby dated 3/11/1998 re: Letter dated January 23, 1998 | All references to Opuama should be excluded because the prejudice far outweighs the probative value.  FRE 401-403. | | |

| **PLAINTIFFS' EXHIBITS (5,000-8,000)** | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5463 | C039661 | C039661 | Email from NIGEC Drilling Supt to NIGEC Security Coordinator and others dated 9/25/1998 re: Security Concerns | FRE 401, 403, 802 | | |
| 5464 | B00134 | B00134 | Letter from Manby to Kirkland dated 12/1/98 | Letter is hearsay.  That HRW inquired about the Parabe incident is irrelevant and the prejudice outweighs the potential probative value.  FRE 401-403, 802 | | |
| 5465 | C036469 | C036469 | Handwritten Note dated 1/12/1999 | FRE 401, 403, 802, 901 | | |
| 5466 | C036155 | C036163 | Security Personnel in Escravos Ops Area, dated 2/17/1999 | Document dated Feb. 1999 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 5467 | C040598 | C040598 | Email from Neku to Uwaka and others re: Sitrep for the last 24 hours | Undated email unrelated to Parabe is irrelevant, waste of time, prejudicial and hearsay.  FRE 401-403, 802. | | |
| 5468 | C036263 | C036264 | Email from Neku to Uwaka and others re: Supply of Ten(10) Mobile Policemen to CNL | Email dated March 1999 unrelated to Parabe is irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 5469 | K11528 | K11528 | Article, "Town Pays in blood riches," dated 9/8/90, by Chris McGreal | Defendants incorporate their objections to Exhibit 5471 | | |
| 5470 | K11611 | K11614 | Report, "Amnesty International, Nigeria: A summary of Human Rights Concerns in 1991," dated March 1992 | Defendants incorporate their objections to Exhibit 5471 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5471 | K11583 | K11583 | Article, "Ogonis tackle oil firms today," dated 1/4/93, by Evuns Osi and Port Harcourt | Defendants do not have a copy of this exhibit because it is from another litigation and plaintiffs have not provided their proposed trial exhibits.  Defendants reserve all rights to object.  The objections are based on the document description.  The discovery materials from the *Wiwa* litigation were not produced to defendants in this litigation, are prejudicial, misleading, irrelevant and should be excluded.  FRE 401-403; *Wolk v. Green*, 2008 W.L. 298757, at *3 (precluding documents at trial not produced during discovery); *see also Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (when party can show prejudice/unfair surprise as result of failure to disclose information in discovery, district court can properly bar reliance on its use in summary judgment); *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 323-24 (C.D. Cal. 2004) (same and noting "burden of showing harmlessness [of having failed to provide discovery] or substantial justification rests squarely on plaintiff".)  Article is hearsay.  FRE 802 | | |
| 5472 | K11579 | K11579 | Article, "Ogonis scar oil producers" dated 1/7/93, by Evuns Osi and Port Harcourt | Defendants incorporate their objections to Exhibit 5471 | | |
| 5473 | KIOBEL 001368 | KIOBEL 001368 | Article, "Ameliorating the fury of oil producing communities," dated 2/1/93, w/ letters to the editor | Defendants incorporate their objections to Exhibit 5471 | | |
| 5474 | KIOBEL 001479 | KIOBEL 001484 | Article, "We Will Defend Our Oil With Our Blood," dated 2/3/1993 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5475 | K11655 | K11655 | Article, "Oil Communities and Social Justice, dated 3/26/93, by Nwosu | Defendants incorporate their objections to Exhibit 5471 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5476 | KIOBEL 001392 | KIOBEL 001392 | Article, "Oil of Sorrow," dated 4/5/93, by Dayo Omotoso | Defendants incorporate their objections to Exhibit 5471 | | |
| 5477 | K02926 | K02927 | Article, "Soldiers Attack Ogonis," dated 5/5/93, by Chris Ikwanze | Defendants incorporate their objections to Exhibit 5471 | | |
| 5478 | KIOBEL 001386 | KIOBEL 001386 | Article, "Gunning for the Ogonis," dated 5/31/93, by Adegbenro Adebanjo | Defendants incorporate their objections to Exhibit 5471 | | |
| 5479 | KIOBEL 000983 | KIOBEL 000989 | Article, "Death on a sea of oil," dated 10/4/93, by Ima Niboro | Defendants incorporate their objections to Exhibit 5471 | | |
| 5480 | KIOBEL 001584 | KIOBEL 001595 | Article, "This is Genocide," dated 1/32/94 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5481 | K11485 | K11488 | Article, "The Enugu," dated 4/3/94, by Ochereome Nnanna | Defendants incorporate their objections to Exhibit 5471 | | |
| 5482 | K11572 | K11572 | Article, "Oil communities advised against holding Nigeria to ransom," dated 4/5/1994, by Sunny Ogefere | Defendants incorporate their objections to Exhibit 5471 | | |
| 5483 | K11447 | K11447 | Article, "Help Save Our Land," dated 4/10/94, by Tinu Odugbemi | Defendants incorporate their objections to Exhibit 5471 | | |
| 5484 | K11456 | K11456 | Article, "Boom for some, doom for others," dated 4/18/94, by Ima Niboro | Defendants incorporate their objections to Exhibit 5471 | | |
| 5485 | K11463 | K11464 | Article, "Waiting for Komo," dated 4/18/94, by Newswatch | Defendants incorporate their objections to Exhibit 5471 | | |
| 5486 | K11457 | K11462 | Article, "On sinking ground," dated 4/18/94, by Steve Osuji | Defendants incorporate their objections to Exhibit 5471 | | |
| 5487 | E-MB 00850 | E-MB 00851 | Article, "Ogoni, Four Days of Brutality and Torture," date rang May-August 1994, by Oromo N. Douglas | Defendants incorporate their objections to Exhibit 5471 | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5488 | | | The Wall Street Journal article titled Slick Alliance: Shell's Nigerian Fields Produce Few Benefits For Region's Villagers - Despite Huge Oil Revenues, Firm and Government Neglect the Impoverished - How Troops Handle Protests" by Geraldine Brooks, dated May 28, 1999 - WITHDRAWN | Defendants incorporate their objections to Exhibit 5551 | | |
| 5489 | KIOBEL 001364 | KIOBEL 001366 | Article, "Slick Alliance: Shell's Nigerian Fields Produce Few Benefits For Region's Villagers" dated 5/6/94 by Geraldine Brooks | Defendants incorporate their objections to Exhibit 5471 | | |
| 5490 | KIOBEL 001381 | KIOBEL 001382 | Article, "U.S. Congressional caucus writes Abacha," dated 5/10/1994, by Lanre Soruke and Port Harcourt | Defendants incorporate their objections to Exhibit 5471 | | |
| 5491 | K02932 | K02933 | Article, "A growing crisis," dated 6/20/94, by Ima Niboro | Defendants incorporate their objections to Exhibit 5471 | | |
| 5492 | B2326 | B2354 | Greenpeace International Report entitled, "Shell-Shocked: The environmental and social costs of living with Shell in Nigeria," dated July 1994 | Activities relating to Shell are irrelevant and prejudicial; pursuant to Court order the only possible relevant environmental evidence relates to motive and is from 1996-May 1998, within the limited geographic scope of Ilajeland; triple and double hearsay.  FRE 401-403, 802 | | |
| 5493 | KIOBEL 001399 | KIOBEL 001399 | Article, "This is Conquest," dated 7/18/94, by Uche Maduemesi | Defendants incorporate their objections to Exhibit 5471 | | |
| 5494 | E-MB 01782 | E-MB 01782 | Article, "Sanitising Ogoniland" dated 7/21/94, by Ken Saro-Wiwa | Defendants incorporate their objections to Exhibit 5471 | | |
| 5495 | E-MB 01788 | E-MB 01788 | Article, "The Killing Field," dated 7/25/94, by Tomson Ajayeoba | Defendants incorporate their objections to Exhibit 5471 | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5496 | E-MB 01789 | E-MB 01789 | Article, "Nightmare of State Violence," dated 7/25/94, by Professor Claude Ake | Defendants incorporate their objections to Exhibit 5471 | | |
| 5497 | E-MB 01784 | E-MB 01784 | Article, "Terror in Ogoniland," dated 7/25/1994 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5498 | | | The Washington Post article titled "Amnesty Alleges Nigerian Abuses" dated 11/11/1994 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5499 | | | Amnesty International Report, "Nigeria: Military Government clampdown on oppression," dated 11/11/94 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5500 | E-MB 01932 | E-MB 01932 | Article, "Can the Ogonis get justice?," dated 1/1/95 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5501 | E-MB 01899 | E-MB 01900 | Article, "Born of Oil, buried in Oil," dated 1/4/95, by John Vidal | Defendants incorporate their objections to Exhibit 5471 | | |
| 5502 | K03312 | K03316 | Article, "Nigeria's 'Drilling Fields': Shell Oil's Role in Repression," dated 2/95, by Steve Kretzmann | Defendants incorporate their objections to Exhibit 5471 | | |
| 5503 | E-MB 01999 | E-MB 01999 | Article, "Mosop Vs Vangaurd," dated 2/9/95 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5504 | E-MB 02002 | E-MB 02003 | Article, "One Epic Case," dated 2/20/95, by Muyiwa Adekeye | Defendants incorporate their objections to Exhibit 5471 | | |
| 5505 | KIOBEL 001576 | KIOBEL 001578 | Cover page, The Masses: Special Edition | Defendants incorporate their objections to Exhibit 5471 | | |
| 5506 | KIOBEL 001576 | KIOBEL 001578 | Article, "I lied against Saro-Wiwa" | Defendants incorporate their objections to Exhibit 5471 | | |
| 5507 | E-MB 02029 | E-MB 02029 | Article, "Shadow Trials," dated 2/27/95, by Odia Ofeimun | Defendants incorporate their objections to Exhibit 5471 | | |
| 5508 | E-MB 01713 | E-MB 01715 | Statement of the Unpo Mission to Investigate the situation of the Ogoni (Nigeria) February 17 to 28, 1995, dated 3/3/95 | Defendants incorporate their objections to Exhibit 5471 | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5509 | K11286 | K11292 | Human Rights Watch/Africa Report, "First Ever Testimony by Nigerian Solders On the Military Campaign in Ogonland," dated 3/27/95 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5510 | E-MB 02065 | E-MB 02065 | Article, "Nigeria Accused of a 2-Year War on Ethnic Group," dated 3/28/95, by Howard W. French | Defendants incorporate their objections to Exhibit 5471 | | |
| 5511 | K11298 | K11299 | Article, "A Nigerian Killing Field That's Also Rich in Oil," dated 3/29/95, by Howard W. French | Defendants incorporate their objections to Exhibit 5471 | | |
| 5512 | E-MB 02067 | E-MB 02068 | Article, "Events unfolding at the on-going trial of Ogoni leaders at the Special Tribunal for alleged murder have raised fears of possible miscarriage of justice," dated April 1995 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5513 | KIOBEL 002151 | KIOBEL 002152 | Article, "Danger Signal form the Junta," dated 4/10/95, by Dayo Ajigbotosho | Defendants incorporate their objections to Exhibit 5471 | | |
| 5514 | E-MB 02061 | E-MB 02063 | Article, "Heating Up," dated 5/27/95, by Muyiwa Adekeye | Defendants incorporate their objections to Exhibit 5471 | | |
| 5515 | KIOBEL 001387 | KIOBEL 001387 | Article, "Rooting for Brotherly Love," dated 6/5/95, by Ima Niboro | Defendants incorporate their objections to Exhibit 5471 | | |
| 5516 | | | Dow Jones International News article titled "Nigeria Work Boycott For Monday Election Anniversary" dated 6/11/1995 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5517 | B3858 | B3903 | Human Rights Watch/Africa Nigeria The Ogoni Crisis: A Case Study of Military Repression in Southeastern Nigeria dated July 1995 | Irrelevant and prejudicial; report primarily relates to Shell's area of operation and in an area far from Ilajeland; multiple levels of hearsay.  FRE 401-403, 802 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5518 | | | Down Jones Newswires article titled "Shell Oil/Nigeria - 2: Shell says it "Played No Part"" dated 7/7/1995 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5519 | E-MB 02108 | E-MB 02108 | Article, "Renewed Tension in Ogoniland," dated 8/31/95, by Stepp Offi | Defendants incorporate their objections to Exhibit 5471 | | |
| 5520 | K00826 | K00855 | Amnesty International Report, "Nigeria: A Travesty of Justice: Secret treason trials and other concerns," dated 10/26/95 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5521 | K11348 | K11348 | Article, "Thorn in side of Nigeria general," dated 11/1/1995, by David Orr | Defendants incorporate their objections to Exhibit 5471 | | |
| 5522 | K11349 | K11349 | Article, "Disputed oil troubles waters of Niger delta," dated 11/1/95, by Cindy Shiner | Defendants incorporate their objections to Exhibit 5471 | | |
| 5523 | K11364 | K11364 | Article, "Ogoni chiefs exiled as Abacha sends in thousands of troops," dated 11/2/95, by Sam Kiley and Ross Tieman | Defendants incorporate their objections to Exhibit 5471 | | |
| 5524 | K11353 | K11353 | Article, "Steel-Willed playwright defies the generals," dated 11/2/95, by Karl Maier | Defendants incorporate their objections to Exhibit 5471 | | |
| 5525 | | | Associated Press article titled "U.S. Recalls Ambassador After Nigeria Executes Nine Activists dated 11/10/1995 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5526 | | | The New York Times article titled "Nigeria Executes Critic of Regime; Nations Protest" by Howard W. French dated 11/11/1995 | Defendants incorporate their objections to Exhibit 5551 | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5527 | | | The New York Times article titled "At the U.N., Anger Over Executions" by Christopher S. Wren dated 11/11/1995 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5528 | | | The New York Times article titled "Rights Group Say Shell Oil Shares Blame" by Paul Lewis dated 11/11/1995 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5529 | E-MB 02213 | E-MB 02217 | Article, "Ogoni Tragedy," dated 11/13/95, by Sam Olukoya | Defendants incorporate their objections to Exhibit 5471 | | |
| 5530 | K01251 | K01251 | Article, "The Oil Weapon," dated 11/17/95, by Rob Nixon | Defendants incorporate their objections to Exhibit 5471 | | |
| 5531 | E-MB 02219 | E-MB 02225 | Article, "Abacha's Revenge," dated 11/18/95, by Ima Niboro | Defendants incorporate their objections to Exhibit 5471 | | |
| 5532 | K01640 | K01644 | Cover page, The week, dated 11/20/95 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5533 | K01640 | K01644 | Article, "Journey to The Gallows," dated 11/20/95, by Kehinde Bamigbetan | Defendants incorporate their objections to Exhibit 5471 | | |
| 5534 | K01634 | K01639 | Article, "The Last Testament," dated 11/27/95, by Isaac Umunna | Defendants incorporate their objections to Exhibit 5471 | | |
| 5535 | KIOBEL 001541 | KIOBEL 001548 | Article, "The World Vs Abacha," dated 11/27/95, by Ima Niboro | Defendants incorporate their objections to Exhibit 5471 | | |
| 5536 | K01257 | K01257 | Article, "Shell Boldly Defends Its Role in Nigeria," dated 11/27/95, by Paul Beckett | Defendants incorporate their objections to Exhibit 5471 | | |
| 5537 | E-MB 00114 | E-MB 00116 | Article, "What Saro Wiwa Told Me," dated 11/20/95 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5538 | E-MB 02381 | E-MB 02385 | Article, "On The Death Of Ken Saro-Wiwa," dated 10/95-12/95, by Ken Saro-Wiwa | Defendants incorporate their objections to Exhibit 5471 | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5539 | K14665 | K14668 | Article, "Oil, Shell and Nigeria: Ken Saro-Wiwa Calls for a Boycott," dated 12/1/1995 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5540 | K02228 | K02233 | Article, "Aso Rock's Hasty Retreat," dated 12/11/95, by Obiora Nwosisi, Article, "Mandela Vows to Explode the Volcano Under Abacha," dated 12/11/95, by Cameron Duodu | Defendants incorporate their objections to Exhibit 5471 | | |
| 5541 | K02216 | K02217 | Article, "Red Card for the Dictator," dated 12/18/95, by Adegbenro Adebanjo | Defendants incorporate their objections to Exhibit 5471 | | |
| 5542 | K01302 | K01302 | Article, "Unholy Alliance in Nigeria," dated 1/26/96, by Bob Herbert | Defendants incorporate their objections to Exhibit 5471 | | |
| 5543 | K03871 | K03872 | Article, "After Nigeria Represses, Shell Defends Its Record," dated 2/11/96 by Paul Lewis | Defendants incorporate their objections to Exhibit 5471 | | |
| 5544 | | | The New York Times article titled "After Nigeria Represses, Shell Defends Its Record" by Paul Lewis, dated 2/13/1996 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5545 | B3791 | B3797 | Amnesty International Nigeria A Summary of Human Rights Concerns, dated 3/1/1996 | Irrelevant and prejudicial; there are no reports of violence relating to CNL; multiple levels of hearsay.  FRE 401-403, 802 | | |
| 5546 | E-MB 02046 | E-MB 02046 | Article, "Nigerian Rights Hero On Trial for His Life," dated 3/6/96 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5547 | C20698 | C20698 | Email from NIGEC Gas Proj Supv to Nelson and others dated 4/20/1996 re: Security Incident on Parcel C | FRE 401, 403, 802 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5548 | K03092 | K03092 | Article, "Former employee blows whistle on oil company Pollution warnings 'ignored by Shell' ," dated 3/13/96, by Pip Clothier and Eamon O'Connor | Defendants incorporate their objections to Exhibit 5471 | | |
| 5549 | K03044 | K03054 | Article, "Nigeria Crude: A hanged man and an oil-fouled landscape" dated 6/96, by Joshua Hammer | Defendants incorporate their objections to Exhibit 5471 | | |
| 5550 | K01295 | K01295 | Article, "Boycott sought on Nigerian oil" dated 6/27/96, by Roger Myers | Defendants incorporate their objections to Exhibit 5471 | | |
| 5551 | | | The Washington Post article titled "Nigeria Accused of Violations of Human Rights" dated 7/27/1996 | Defendants do not have a copy of this exhibit because it was not produced during discovery and plaintiffs have not provided their proposed trial exhibits.  Defendants reserve all rights to object.  The exhibit was not produced to defendants in this litigation although it was responsive to discovery.  FRE 401-403. *See, e.g.* Defs.' Ninth Set of Requests for Production, No. 3; *see also Wolk v. Green*, 2008 W.L. 298757, at *3 (precluding documents at trial not produced during discovery); *see also Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (when party can show prejudice/unfair surprise as result of failure to disclose information in discovery, district court can properly bar reliance on its use in summary judgment); *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 323-24 (C.D. Cal. 2004) (same and noting "burden of showing harmlessness [of having failed to provide discovery] or substantial justification rests squarely on plaintiff").  Document is hearsay.  FRE 802.  Document is irrelevant and prejudicial.  FRE 401-403 | | |

221

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5552 | B4113 | B4126 | Amnesty International Nigeria Time to End Contempt for Human Rights dated 11/6/1996 | Prejudice outweighs potential probative value; relates primarily to Shell activities and is irrelevant; multiple levels of hearsay.  FRE 401-403, 802 | | |
| 5553 | B4295 | B4297 | Open letter from Amnesty International to the participants of the mission to Nigeria, 19-20 November 1996, of the Commonwealth Ministerial Action Group on the Harare Declaration | Irrelevant and prejudicial; there are no reports of violence relating to CNL and primarily concerns Ogoniland; multiple levels of hearsay.  FRE 401-403, 802 | | |
| 5554 | KIOBEL 001454 | KIOBEL 001468 | Cover page, Tell, dated 11/18/96 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5555 | KIOBEL 001454 | KIOBEL 001468 | Article, "From the Editor," dated 11/18/96, by Nosa Igiebor | Defendants incorporate their objections to Exhibit 5471 | | |
| 5556 | KIOBEL 001454 | KIOBEL 001468 | Article, "There is Peace is Ogoniland…," dated 11/18/96, by Ima Niboro and Stepp Offi | Defendants incorporate their objections to Exhibit 5471 | | |
| 5557 | KIOBEL 001454 | KIOBEL 001468 | Article, "Our Eyes are Still Wet," dated 11/18/96, by Ledum Mitee | Defendants incorporate their objections to Exhibit 5471 | | |
| 5558 | KIOBEL 001454 | KIOBEL 001468 | Article, "Return of the 'Vultures' ," dated 11/18/96, by Stepp Offi | Defendants incorporate their objections to Exhibit 5471 | | |
| 5559 | KIOBEL 001454 | KIOBEL 001468 | Article, "Were Not 'Vultures' ," dated 11/18/96, by Celestine Meabe | Defendants incorporate their objections to Exhibit 5471 | | |
| 5560 | KIOBEL 001454 | KIOBEL 001468 | Article, "Once Upon an Execution," dated 11/18/96, by Yemi Awojuola | Defendants incorporate their objections to Exhibit 5471 | | |
| 5561 | KIOBEL 001454 | KIOBEL 001468 | Article, "Ill Hand Over in '98," dated 11/18/96, by Ade Olorunfewa | Defendants incorporate their objections to Exhibit 5471 | | |
| 5562 | C20682 | C20689 | Email from NIGEC Onshore Supt to Haastrup and others dated 11/29/1996 re: Ilaje Kidnap | Double Hearsay.  FRE 802. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5563 | C036414 | C036415 | Log of security incidents dated 12/1/1996 | FRE 401, 403, 802, 901 | | |
| 5564 | B3798 | B3812 | U.S. Department of State Nigeria County Report on Human Rights Practices for 1996, dated 1/30/1997 | Irrelevant and prejudicial; there are no reports of violence relating to CNL; multiple levels of hearsay.  FRE 401-403, 802 | | |
| 5565 | K01519 | K01531 | Report, "Findings and Recommendations: Shell and Nigeria," dated March 1997 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5566 | B4127 | B4130 | Amnesty International Submission on Nigeria to the Commonwealth Ministerial Action Group on the Harare Declaration dated 4/30/1997 | Irrelevant and prejudicial; there are no reports of violence relating to CNL; multiple levels of hearsay.  FRE 401-403, 802 | | |
| 5567 | | | Associated Press article titled "Military steps up patrols on anniversary of aborted vote" by Frank Aigbogun dated 6/12/1997 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5568 | C039695 | C039695 | Report of Naval Officer Beating UP CFB #1 Engineer dated 6/24/1997 | FRE 401, 403, 802, 901 | | |
| 5569 | C039696 | C039696 | Email from Orekoya to Smeaton dated 6/25/1997 re: Assault | FRE 401, 403, 802 | | |
| 5570 | C051221 | C051228 | Accounts of the Opuama/Leon Grigsby barge incident, dated 7/4/97 | Double Hearsay.  FRE 802. | | |
| 5571 | C051220 | C051220 | Email from Mba to Uwaka and others dated 7/9/1997 re: Security Meeting Minutes Monday July 7, responding to email from Dunning to Neku | FRE 401, 403, 802 | | |
| 5572 | E-MB 00243 | E-MB 00243 | Multiple articles on one page, dated 7/11/97 | Defendants incorporate their objections to Exhibit 5471 | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5573 | E-MB 00230 | E-MB 00230 | Article, "Again, CMAG Puts Nigeria in the Dock," dated 7/13/97, by Amanze Obi | Defendants incorporate their objections to Exhibit 5471 | | |
| 5574 | E-MB 00228 | E-MB 0029 | Article, "Don't disgrace us out of the Commonwealth," dated 7/13/97, by Kanle Oyatomi | Defendants incorporate their objections to Exhibit 5471 | | |
| 5575 | E-MB 00201 | E-MB 00201 | Article, "Detained Ogoni youths begin hunger strike," dated 8/12/97, by Joseph Ollor Obari | Defendants incorporate their objections to Exhibit 5471 | | |
| 5576 | E-MB 00206 | E-MB 00206 | Article, "UN special rapporteur on Nigeria declines job," dated 8/26/97 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5577 | E-MB 00297 | E-MB 00298 | multiple articles, dated 9/17/97 | Defendants incorporate their objections to Exhibit 5471 | | |
| 5578 | E-MB 00295 | E-MB 00296 | Article, "Security Agencies Violate Human Rights-Nwokedi," dated 9/17/1997, by Chuke Okocha | Defendants incorporate their objections to Exhibit 5471 | | |
| 5579 | B3776 | B3790 | Amnesty International Nigeria No Significant Change - Human Rights Violations Continue, dated 9/27/1997 | Irrelevant and prejudicial; there are no reports of violence relating to CNL; multiple levels of hearsay.  FRE 401-403, 802 | | |
| 5580 | C040424 | C040424 | Log of security incident dated 12/2/1997 | FRE 401, 403, 802, 901 | | |
| 5581 | B4131 | B4135 | Human Rights Watch World Report 1998 Nigeria Human Rights Developments | Report has multiple levels of hearsay.  FRE 401-403.  Report is irrelevant to plaintiffs' claims and is prejudicial.  The document does not address any CNL activities.  FRE 401-403 | | |
| 5582 | | | The New York Times article titled "Nigeria, in Free Fall, Seethes Under Genera" by Howard W. French, dated 4/4/1998 | Defendants incorporate their objections to Exhibit 5551 | | |

| | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5583 | | | The Washington Post article titled "Protests Mount in Oil-Rich Nigerian Delta; Poor Tribal Communities Seek Share of Billions Pumped from Their Lands" by James Rupert, dated 4/8/1998 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5584 | | | The Washington Post article titled "Nigeria Frees 142 Prisoners; Civil Rights Groups Continue Criticism" dated 5/8/1998 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5585 | | | The Washington Post article titled "Mobil Chief Scolded for Operating in Nigeria" by Martha Hamilton, dated 5/15/1998 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5586 | C117310 | C117312 | Email from Kirkland to Haastrup and others dated 10/26/1998 re: Incident last night - Community Situation | FRE 401, 403, 802 | | |
| 5587 | C039491 | C039492 | Letter from Walvis Workers to Chevron Nigeria LTD dated 1/25/1999 re: Chevron Nigeria Soldiers threat to Walvis Workers | Letter dated 1/25/99 unrelated to Parabe is irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 5588 | B3832 | B3857 | U.S. Department of State Nigeria County Report on Human Rights Practices for 1998, dated 2/26/1999 | Multiple levels of hearsay.  Prejudice outweighs any potential probative value.  FRE 401-402, 802 | | |
| 5589 | | | Article entitled "Nigeria" by the County Reports on Human Rights Practices 2004, dated 2/28/2005 | Defendants incorporate their objections to Exhibit 5551 | | |
| 5590 | | | U.S. State Department Report "Background Note: Nigeria," dated August 2005 | Defendants incorporate their objections to Exhibit 5551 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5591 | | | Chevron statement re: Chevron's support for human rights | Defendants do not have a copy of this exhibit because it was not produced during discovery and plaintiffs have not produced a copy of their proposed trial exhibits.  Defendants therefore reserve our right to further object once a copy of this exhibit is produced.  The objections stated below address the document as briefly described.  Document is hearsay.  FRE 802.  Document is irrelevant and misleading in part because it is unclear what time period applies.  FRE 401-403. | | |
| 5592 | | | The Voluntary Principles on Security and Human Rights + Introduction - WITHDRAWN | Defendants do not have a copy of this exhibit because it was not produced during discovery and plaintiffs have not produced a copy of their proposed trial exhibits.  Defendants therefore reserve our right to further object once a copy of this exhibit is produced.  The objections stated below address the document as briefly described.  Document is hearsay.  FRE 401-403, 802.  Voluntary Principles are irrelevant and misleading because they were not created until after the Parabe Incident.  FRE 401-403.  Document should be excluded as a subsequent remedial measure.  FRE 407 | | |
| 5593 | | | U.S. Department of State report titled "Nigeria: Security Assistance" | Plaintiffs have not identified this proposed exhibit with enough specificity for defendants to object, so defendants preserve all objections.  Hearsay.  FRE 802. | | |
| 5594 | KIOBEL001631 | KIOBEL001814 | "The Report of the Hon-Justice Opubo Inko-Tariah(RTD) Judicial Commission of Inquiry into Umuechem Massacre of Nov. 1990 and The River State Government White Paper on the Issue: | Defendants incorporate their objections to Exhibit 5471 | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5595 | C22894 | C22894 | Email from Neku to Kirkland and others dated 1/10/1996 re: Invasion of Mallard Bay Rig | | | |
| 5596 | C22888 | C22893 | Email from Kirkland to Taylor dated 1/22/1996 re: Mallard Bay 71, 8 Jan 96 Hostage Incident | | | |
| 5597 | C20835 | C20836 | Email from Omole to Lee and others dated 3/1/2000 re: Invasion of mallard bay 74 rig, with email chain | Email dated 3/1/00 unrelated to Parabe is irrelevant, waste of time and hearsay.  FRE 401-403, 802. | | |
| 5598 | C20571 | C20572 | Memo from Schull (signed for Kirkland) to Ramdas, dated 4/23/98, re: Extension: Standing Contract No. LGST-94-12 | Extension of Modant Marine contract effective June 1998 is irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 5599 | C20588 | C20588 | Memo from Schull to Seacor Marine Inc/West Africa Offshore Limited, dated 4/6/99, re: Extension: Charter Party Contract Contract No. LGST-96-1394 | 1999 contract is irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 5600 | C20617 | C20634 | Agreement between Lion Enterprises Establishment & Pan African Airlines and CNL, dated 1/11/94, re: Helicopter Service Agreement | | | |
| 5601 | C20609 | C20610 | Memo from Schull to Lion Enterprise Establishment & Pan African Airlines, dated 12/23/98, re: Extension: Helicopter Agreement Contract No Lgst 94-13 (formerly Lgst 94-01) | Contract dated 12/1998 is irrelevant, would confuse the jury and cause undue delay.  FRE 401-403. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5602 | C20611 | C20612 | Memo from Schull (signed for Kirkland) to Raval, dated 4/23/98, re: Extension: Helicopter Services Agreement No. LGS-94-13 (LGST-94-01) | | | |
| 5603 | C20653 | C20681 | Contract between Sea trucks Nigeria Limited & Sea Trucks Offshore Limited and Chevron Nigeria Limited | 1996 Sea Trucks contract is irrelevant, too remote in time, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 5604 | C040950 | C040951 | Receipt for Sea Trucks Offshore Limited dated 1/27/1997 | 1997 Sea Trucks documents are irrelevant, too remote in time, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 5605 | C25101 | C25130 | Receipts from Sea Trucks Offshore Limited for 9 inland water boats dated 11/29/1998 | 1998 Sea Trucks documents are irrelevant, would confuse the jury and cause undue delay. FRE 401-403. | | |
| 5606 | C25067 | C25130 | Receipts for Sea Trucks dated 11/30/98 | 1998 Sea Trucks documents are irrelevant, would confuse the jury and cause undue delay. FRE 401-403. | | |
| 5607 | C20651 | C20651 | Letter from Schull to Sea Trucks Nigeria Limited and Sea Trucks Offshore Limited dated 5/261999 re: Operation & Maintenance of CNL Jet Drive Vessels | 1999 Sea Trucks documents are irrelevant, too remote in time, would confuse the jury and are an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |
| 5608 | C20652 | C20652 | Letter from Schull to Sea Trucks Nigeria Limited and Sea Trucks Offshore Limited dated 5/261999 re: Operation & Maintenance of CNL Jet Drive Vessels | 1999 Sea Trucks documents are irrelevant, too remote in time, would confuse the jury and are an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |
| 5609 | C20649 | C20650 | Letter from Wilcox to Sea Trucks Nigeria Limited and Sea Trucks Offshore Limited dated 6/13/1999 re: Contractor Service Contract | 1999 Sea Trucks documents are irrelevant, too remote in time, would confuse the jury and are an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5610 | C20557 | C20564 | Standing contract between CNL and Walvis Nigeria Limited & Walvis Int'l C.I. Ltd, dated date effective 2/17/97 | 1997 Walvis Contract is irrelevant, too remote in time, would confuse the jury and cause undue delay.  FRE 401-403. | | |
| 5611 | C2921 | C2927 | Contractor Service Agreement between Chevron Nigeria Limited and McDermott-ETPM West, Inc and Globestar Engineering Co., dated 11/3/1995 | 1995 document is too remote.  FRE 401-403. | | |
| 5612 | C2928 | C2936 | Amendment to the Contractor Service Agreement No. FAC - 95 - 1298 between Chevron Nigeria Limited ("Company") and McDermott-ETPM West, Inc., and Globestar Engineering Company (Nigeria) Limited ("Contractor"), re: changes in agreement, dated 11/3/1985 | 1985 document is too remote.  FRE 401-403. | | |
| 5613 | C3026 | C3027 | Amendment Number 6 to the Contractor Service Agreement No. FAC -95 - 1298 between Chevron Nigeria Limited ("Company") and McDermott ETPM West, Inc and Globestar Engineering Co. (Nig.) Ltd. ("Contractor"), dated 1/14/1999 | 1999 amendment to contract is irrelevant, too remote in time, and would confuse the jury. FRE 401-403. | | |
| 5614 | C20922 | C20924 | Military payments dated 5/5/1998 | | | |
| 5615 | C20919 | C20919 | Military payment dated 5/25/98 | | | |
| 5616 | C20920 | C20920 | Military Payments dated 6/1/1998 | | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5617 | C21056 | C21058 | Military Payments dated 7/29/1998 | Payment dated July 29, 1998 unrelated to Parabe is irrelevant, waste of time.  FRE 401-403. | | |
| 5618 | C28864 | C28866 | Military Payments dated 1/7/1999 | Payment dated Jan. 7, 1999 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. | | |
| 5619 | C30034 | C30034 | Military Payments dated 1/11/1999 | Payment dated Jan. 11, 1999 unrelated to Parabe is irrelevant, waste of time. FRE 401-403. | | |
| 5620 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5621 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5622 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5623 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5624 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5625 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5626 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5627 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5628 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |
| 5629 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time. FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5630 | | | Military Payments, exemplars | Military Payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time.  FRE 401-403. | | |
| 5631 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time.  FRE 401-403. | | |
| 5632 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time.  FRE 401-403. | | |
| 5633 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time.  FRE 401-403. | | |
| 5634 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time.  FRE 401-403. | | |
| 5635 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time.  FRE 401-403. | | |
| 5636 | | | Military Payments, exemplars | Military payments unrelated to Parabe are irrelevant, unduly prejudicial and a waste of time.  FRE 401-403. | | |
| 5637 | | | Declaration of A.O. Haastrup in Support of Defendants' Motion to Dismiss | Hearsay.  FRE 802. | | |
| 5638 | | | Declaration of Scott Davis in Support of Defendants' Motion for Summary Judgment (Phase One) | Hearsay.  FRE 802. | | |
| 5639 | | | Declaration of Thomas Schull in Support of Defendants' Motion For Summary Judgment (Phase I), dated 2/24/03 | Hearsay.  FRE 802. | | |
| 5640 | | | Declaration of David J. Connor in Support of Defendants' Motion for Summary Judgment (Phase I) | Hearsay.  FRE 802. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5641 | | | Declaration of George L. Kirkland in Support of Defendants' Motion for Summary Judgment (Phase I) | Hearsay.  FRE 802. | | |
| 5642 | | | Declaration of A.O. Haastrup in Support of Defendants' Motion for Summary Judgment (Phase One) | Hearsay.  FRE 802. | | |
| 5643 | | | Declaration of Loyd Richard Brown in Support of Defendants' Motion for Summary Judgment (Phase One) | Hearsay.  FRE 802. | | |
| 5644 | | | Declaration of Frank G. Soler in Support of Defendants' Motion for Summary Judgment on Tertiary Liability | Hearsay.  FRE 802. | | |
| 5645 | | | Declaration of Rex Mitchell in Support of Defendants' Summary Judgment Motions | Hearsay.  FRE 802. | | |
| 5646 | | | Declaration of Thomas Schull in Support of Defendants' Summary Judgment Motions | Hearsay.  FRE 802. | | |
| 5647 | | | Declaration of Gary Hagstrom in Support of Defendants' Motion for Summary Judgment on Tertiary Liability | Hearsay.  FRE 802. | | |
| 5648 | | | Declaration of Scott Davis in Support of Defendants' Summary Judgment Motions | Hearsay.  FRE 802. | | |
| 5649 | | | Declaration of David J. Connor in Support of Defendants' Summary Judgment Motions | Hearsay.  FRE 802. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5650 | | | Declaration of Loyd Richard Brown in Support of Defendants' Summary Judgment Motions | Hearsay.  FRE 802. | | |
| 5651 | | | Declaration of David Heilbron dated 5/9/05 | | | |
| 5652 | | | Declaration of Darrell W. Grimsley dated 5/5/05 | | | |
| 5653 | | | Declaration of Seth Schoen in Opposition to Defendants' Summary Judgment Motion | | | |
| 5654 | | | Chart prepared by Margaret Staines identified in her Declaration in Opposition to Defendants' Summary Judgment Motion paragraph 3 | | | |
| 5655 | | | Declaration of Margaret Staines in Opposition to Defendants' Summary Judgment Motion | | | |
| 5656 | | | Declaration | Exhibit was not provided; declaration is hearsay.  FRE 802. | | |
| 5657 | | | Declaration | Exhibit was not provided; declaration is hearsay.  FRE 802. | | |
| 5658 | | | Declaration | Exhibit was not provided; declaration is hearsay.  FRE 802. | | |
| 5659 | C074220 | C074228 | Dredging Costs (1995 to 1996); Gbokoda/Dibi Field Survey, Land Acquisition and Dredging Schedules; Comparison of Dredging Costs (BWI/Chevron vs BWI/X), date range 10/1/94-8/1/97 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  Dredging documents are unduly prejudicial, irrelevant and would mislead the jury.  FRE 401-403. | | |

| | | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5660 | C074471 | C074471 | Weekly Project Reports, Project: Swamp Dredging, date range 2/5/96-10/28/96 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  Dredging documents are unduly prejudicial, irrelevant and would mislead the jury.  FRE 401-403. | | |
| 5661 | C074281 | C074313 | Swamp Rig Move Form, dated 2/12/96, re: Mallard Bay Rig #71, w/ attached move forms for multiple dates and locations | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5662 | C074769 | C075018 | Final Report of the Environmental Impact Assessment for the Benin River Field Development Project, dated March 1996 | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210.  Partial dupe of 2735 (Adekunle) | | |
| 5663 | C074189 | C074189 | Memo from Hagstrom to Omole etc., dated 5/6/96, re: Land Acquisition for the Flowline Route from Benin River 7 to Gbokoda 'D' and 'E' Locations | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5664 | C074218 | C074218 | Memo from Hagstrom to Omole etc., dated 5/6/96, re: Land Acquisition for Dibi 'D' and 'F' Location | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5665 | C107993 | C107994 | Notice from S&E Supervisor to Field Supervisors, dated 7/7/96, re: Effluent Water Discharge Non-Compliance Notification | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5666 | C074185 | C074185 | Memo from Hagstrom to Jakpa etc., dated 11/6/96, re: Land Acquisition fro Benin River | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5667 | C074243 | C074243 | Memo from Hagstrom to Jakpa etc., dated 11/29/96, re: Land Acquisition for Gbokoda 'H' Location | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |

| | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5668 | C074236 | C074236 | Memo from Hagstrom to Jakpa etc., dated 12/4/96, re: Land Acquisition for Additional R.O.W. to existing flowline… | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5669 | C074203 | C074203 | Memo from Hagstrom to Jakpa etc., dated 12/10/96, re: Land Acquisition for Dibi 'G' Location | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5670 | C074235 | C074235 | Memo from Hagstrom to Jakpa etc., dated 12/17/96, re: Land Acquisition for Gbokoda 11-4-4D Location | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5671 | C074323 | C074323 | Memo from Hagstrom to Jakpa etc., dated 1/1/97, re: Land Acquisition for RMP #7, 8, 10, and 17 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5672 | C074330 | C074330 | Memo from Hagstrom to Jakpa etc., dated 1/22/97, re: Land Acquisition for RMP #14 and WIM-1 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5673 | C074278 | C074280 | Email from Walker to NIGEC Aiyenuberu etc., dated 1/23/97, re: RMP 2 Cluster, with email string | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5674 | C074274 | C074278 | Memo from Hagstrom to Jakpa etc., dated 2/4/97, re: Land Acquisition for Olero Creek Flowstation Area, with attached Olero Creek/Dibi Project, Site Preparation Cost Summary, dated 7/15/97 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5675 | C074316 | C074316 | Memo from Hagstrom to Jakpa etc., dated 2/14/97, re: Land Acquisition for RMP #15 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5676 | C074190 | C074190 | Memo from Hagstrom to Jakpa etc., dated 2/26/97, re: Land Acquisition for Dibi 4/4/RMP20 Spoil Dump Area | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time. FRE 401-403. | | |
| 5677 | C074244 | C074246 | Swamp Rig Move Form, dated 3/3/97, re: Mallard Bay 71 | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5678 | C074176 | C074178 | Chevron Nigeria Limited, Appropriation Request, dated 3/17/97, re: RMP 14 Site Preparation | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5679 | C074314 | C074314 | Memo from Hagstrom to Jakpa etc., dated 3/18/97, re: Acquisition of Extra Land between RMP#2 and Benin River V Canal | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5680 | C074204 | C074211 | Swamp Rig Move Forms,  re: Mallard Bay and Searex IV in 1997 & 1998 | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury and are an attempt to back door Opia and Ikenyan evidence. FRE 401-403. | | |
| 5681 | C074332 | C074332 | Chevron Texaco Drilling Database Well List, date range from 3/23/97-5/2/00 | Documents regarding drilling database and wells are irrelevant, unduly prejudicial and would mislead the jury.  1997, 1999-2000 documents are too remote in time.  FRE 401-403. | | |
| 5682 | C108038 | C108111 | Report, Environmental Study of OML 49, dated April 1997 | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5683 | C074315 | C074315 | Memo from Hagstrom to Jakpa etc., dated 4/2/97, re: Land Acquisition for RMP #13 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |

| \* | \* | \* | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5684 | C075019 | C075189 | Environmental Impact Assessment Report for the Ewan Offshore Field Development Project Submitted to Chevron (Nigeria) Limited, dated May 1997 | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5685 | C074317 | C074317 | Memo from Hagstrom to Jakpa etc., dated 5/12/97, re: Land Acquisition for RMP 18 Location | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5686 | C074325 | C074329 | Swamp Rig Move Form, dated 5/26/97 (&1/20/97), re: Mallard Bay 71 | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5687 | C074234 | C074234 | Memo from Hagstrom to Jakpa etc., dated 6/26/97, re: Land Acquisition for Gbokoda 5/6 Location | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5688 | C074181 | C074184 | Memo from Hagstrom to Jakpa etc., dated 8/11/97, re: Land Acquisitions for Benin River "U" | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time. FRE 401-403. | | |
| 5689 | C074163 | C074166 | Olero Creek/Dibi Development Project Schedule for Survey, Land Acquisition and Dredging, date 8/12/97 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5690 | C074230 | C074233 | Olero Creek/Dibi Development Project Schedule for Survey, Land Acquisition and Dredging | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  Dredging documents are unduly prejudicial, irrelevant and would mislead the jury.  FRE 401-403. | | |
| 5691 | C074213 | C074213 | Memo from Hagstrom to Jakpa etc., dated 8/26/97, re: Land Acquisition for Dibi Flowstation Water Source Cluster and Flare Extension | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  Documents regarding flaring are unduly prejudicial, irrelevant and would mislead the jury.  FRE 401-403. | | |

| | | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5692 | C074200 | C074202 | Budget Estimates for New Locations in Dibi Field, dated 9/2/97 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5693 | C074214 | C074217 | Indicative Budget for Escravos Dehydration Slot, and Budget Estimates for New Locations in Dibi Field, dated 9/2/97 | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5694 | C074219 | C074219 | Memo from Hagstrom to Jakpa etc., dated 11/19/97, re: Additional Land Acquisition for Dibi 'L' Location | Documents regarding land acquisition are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5695 | C074170 | C074172 | 1998 Dredging Schedule (Tentative), date range 12/21/97-12/23/98, and Olero Creek/Dibi Development Project Schedule for Survey, Land Acquisition and Dredging, date 1/9/98 | Documents regarding land acquisition are irrelevant, unduly prejudicial, would mislead the jury and are an attempt to back door Opia and Ikenyan evidence.  Documents regarding dredging are unduly prejudicial and would mislead the jury.  FRE 401-403. | | |
| 5696 | C074324 | C074324 | Memo from Hagstrom to Jakpa etc., dated 1/9/98, re: Land Acquisition for Dibi Flowstation Water Source Cluster | Documents regarding land acquisition are irrelevant, unduly prejudicial, would mislead the jury and are an attempt to back door Opia and Ikenyan evidence.   FRE 401-403. | | |
| 5697 | C074237 | C074239 | Swamp Rig Move Form, dated 2/7/98, re: Mallard Bay 74 | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5698 | C074182 | C074184 | Swamp Rig Move Form, dated 2/23/98, re: Mallard Bay 74 | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5699 | C074331 | C074331 | Weekly Report- March 23, 1998 | Dredging documents are unduly prejudicial, irrelevant, would mislead the jury and are an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5700 | C107958 | C107992 | Draft Terms of Reference, Scope or Work and Project Description for Environmental Impact Assessment (EIA) for Dredging of Access Creek from Benin River to Bateren, Ebrohimi and Obaghoro Villages, dated 4/1998, by CNL | Irrelevant, waste of time, prejudicial. FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5701 | C074251 | C074273 | Swamp Rig Move Form, dated 4/7/98, re: Mallard Bay 74, w/ attached move forms for multiple dates and locations | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury. Documents are too remote in time. FRE 401-403. | | |
| 5702 | C108846 | C109106 | Final Report of the Environmental Impact Assessment for the Dibi Oil Field Development Project, dated May 1998 | Irrelevant, waste of time, prejudicial. FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5703 | C074212 | C074212 | Memo from Orji to Eldridge, dated 5/7/98, re: Service Contract No. F051216 | Service contract regarding dredging is irrelevant, unduly prejudicial and would mislead the jury. FRE 401-403. | | |
| 5704 | C074186 | C074188 | Swamp Rig Move Form, dated 6/24/98, re: Mallard Bay 74 | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury. Documents are too remote in time. FRE 401-403. | | |
| 5705 | C074191 | C074199 | Swamp Rig Move Forms, dated 7/15/98 and 6/12/98, re: Searex IV | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury. Documents are too remote in time. FRE 401-403. | | |
| 5706 | C108112 | C108443 | Final Report of the Environmental Impact Assessment for the Dibi Oil Field Development Project, dated August 1998 | Document dated Aug. 1998 unrelated to Parabe is irrelevant, waste of time, prejudicial. FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5707 | C074575 | C074580 | Fax from Redwine to Adeoye etc., dated 8/20/98, re: Installation of Two Concrete Barges for Phase B…., w/ multiple attached decline letters | Documents regarding concrete barges for Dibi project are irrelevant, unduly prejudicial, remote in time and would mislead the jury. FRE 401-403. | | |
| 5708 | C074581 | C074582 | Bid Summary Master, dated 8/25/98, re: Installation of Two Concrete Barges Olero Creek/Dibi | Documents regarding concrete barges for Dibi project are irrelevant, unduly prejudicial, remote in time and would mislead the jury. FRE 401-403. | | |
| 5709 | C108444 | C108716 | Draft Report for the Environmental Impact Assessment of the Escravos Gas Project Phase 2 (EGP-2), dated September 1998, submitted by CNL | Document dated Sept. 1998 unrelated to Parabe is irrelevant, waste of time, prejudicial. FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5710 | C074573 | C074573 | Letter from Kirkland to Group Executive Director, NAPIMS, dated 9/9/98, re: Olero Creek/Dibi Development Project… | Letter regarding development of Dibi project is irrelevant, unduly prejudicial, remote in time and would mislead the jury.  FRE 401-403. | | |
| 5711 | C074574 | C074574 | Letter from Eldridge to Schull etc., dated 9/9/98, re: Contract Award Approval… | Letter regarding development of Dibi project is irrelevant, unduly prejudicial, remote in time and would mislead the jury.  FRE 401-403. | | |
| 5712 | C074167 | C074169 | Swamp Rig Move Form, dated 9/25/98, re: Mallard Bay 74 | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5713 | C074335 | C074468 | Chevron Texaco Drilling Activity Report (multiple reports), date range 10/9/98-12-23/98 | Over 100 pages of drilling reports in irrelevant time frame is unduly prejudicial, would mislead the jury, cause undue delay and is an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |
| 5714 | C074322 | C074322 | Memo from Eldridge to Jakpa etc., dated 10/12/98, re: Land Acquisition for RMP and WIM 4 Locations | Documents regarding land acquisition are irrelevant, unduly prejudicial, would mislead the jury and are an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5715 | C074483 | C074523 | Installation of Two (2) Concrete Barges for Phase B of the Olero Creek/Dibi Development Project, General Business and Legal Requirements | Documents regarding concrete barges for Dibi project are irrelevant, unduly prejudicial, remote in time and would mislead the jury. FRE 401-403. | | |
| 5716 | C074524 | C074558 | Installation of Two (2) Concrete Barges for Phase B of the Olero Creek/Dibi Development Project, Project Specification | Documents regarding concrete barges for Dibi project are irrelevant, unduly prejudicial, remote in time and would mislead the jury. FRE 401-403. | | |
| 5717 | C074502 | C074523 | Installation of Two (2) Concrete Barges for Phase B of the Olero Creek/Dibi Development Project, and exhibits, dated 11/1/98 | Documents regarding concrete barges for Dibi project are irrelevant, unduly prejudicial, remote in time and would mislead the jury. FRE 401-403. | | |
| 5718 | C074240 | C074240 | Memo from Orji to Eldridge etc., dated 11/26/98, re: Service Contract No. F002227 | November 1998 dredging contract is irrelevant, unduly prejudicial, remote in time and would mislead the jury.  FRE 401-403. | | |
| 5719 | C074560 | C075466 | CNL/Olero Creek. Dibi Development Project, Kick-Off Meeting Minutes, Nigerian Dredging and Marine Ltd., dated 12/15/98 | December 1998 meeting regarding dredging is irrelevant, unduly prejudicial, remote in time and would mislead the jury.  FRE 401-403. | | |
| 5720 | C074567 | C074572 | Memo from Simpson to Smalbil etc., dated 12/28/98, re: Installation of Two (2) Concrete Barges (NCS, SCS) | Documents regarding concrete barges for Dibi project are irrelevant, unduly prejudicial, remote in time and would mislead the jury. FRE 401-403. | | |
| 5721 | C0573 | C0574 | Chevron Statement, dated 9/8/2000, re: Chevron and Nigerian National Petroleum Corp. Launch Major Initiative To Put Out Gas Flares and Convert Natural Gas Into Clean Fuels | News release dated Sept. 2000 unrelated to Parabe is irrelevant, waste of time, prejudicial. FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |

| | | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5722 | C074472 | C074474 | Swamp Drilling Program (1995-1998), Mallard Bay Rig 71 | Documents regarding swamp rig moves and drilling program are irrelevant, unduly prejudicial and would mislead the jury. Portions of the exhibit are too remote in time and other portions are an attempt to back door Opia and Ikenyan evidence.  FRE 401-403. | | |
| 5723 | C074469 | C074470 | Chart, CNL Spills- North Offshore Area (NOA) and N. Onshore facilities 1996-2000 | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210.  Dupe of 2732 (Adekunle) | | |
| 5724 | C074173 | C074175 | Swamp Rig Move Form, dated 6/16/97, re: Mallard Bay 71 | Documents regarding swamp rig moves are irrelevant, unduly prejudicial and would mislead the jury.  Documents are too remote in time.  FRE 401-403. | | |
| 5725 | C108000 | C108037 | Chevron Texaco Mud Products Summary (multiple dates, locations, and rigs) | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5726 | C074229 | C074229 | Document entitled, "Previous Negotiations of Hyperinflation Claims" | Documents regarding dredging budget are irrelevant, unduly prejudicial, remote in time and would mislead the jury.  FRE 401-403. | | |
| 5727 | C074241 | C074241 | Indicative Budget for Gbokoda E Extension | Documents regarding dredging budget are irrelevant, unduly prejudicial, remote in time and would mislead the jury.  FRE 401-403. | | |
| 5728 | C074247 | C074250 | Facilities Engineering, Lekki, Project Expenditure Chart, re: Gbokoda/Dibi Field Development | Documents regarding dredging budget are irrelevant, unduly prejudicial, remote in time and would mislead the jury.  FRE 401-403. | | |
| 5729 | C074275 | C074275 | Budget Estimate for Dredging of Opuekeba Canals | Documents regarding dredging budget are irrelevant, unduly prejudicial, remote in time and would mislead the jury.  FRE 401-403. | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5730 | C074475 | C074481 | Compliance & Regulatory Unit (1997 Work Plan) | Documents regarding environmental audits and compliance are irrelevant. Exhibit is irrelevant, unduly prejudicial, confusing and too remote in time. FRE 401-403. The only permissible of the alleged agency relationship is one "'relevant to the plaintiff's claim of wrongdoing'" – security-related decision making with respect to the Parabe incident. Bowoto, 312 F. Supp. 2d at 1240 (quoting Phoenix Canada Oil Co. v. Texaco, Inc., 842 F.2d 1466, 1477 (3d Cir. 1988)). Actions required by law cannot be evidence of agency, including SEC reporting, preparation of annual reports and consolidated financial statements, and general accounting practices and controls required by same. See Sonora Diamond Corp. v. Super. Ct., 83 Cal. App. 4th 523, 551 (Cal. Ct. App. 2000); U.S. v. Bestfoods, 524 U.S. 51, 71-72 (1998); see also Calvert v. Huckins, 875 F. Supp. 674, 679 (E.D. Cal. 1995). See also Jury Instrs. (Dkt. 1837), p. 158. | | |
| 5731 | C074583 | C074768 | Report, Environmental Guidelines and Standards for the Petroleum Industry in Nigeria, dated 1991 | Irrelevant, waste of time, prejudicial. FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5732 | C107920 | C107957 | Report, A Primer of Oilwell Drilling, 5th Edition, Revised, dated 1996, by Ron Baker | Irrelevant, waste of time, prejudicial. FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5733 | C107997 | C107999 | Facilities Engineering, Lekki, Project Expenditure Chart, re: Dredging West | Documents regarding dredging expenditures are irrelevant, unduly prejudicial, remote in time and would mislead the jury. FRE 401-403. | | |
| 5734 | C108717 | C108845 | Draft Report, Environmental Impact Assessment of the Abiteye-Opuekeba Pipeline Project | Irrelevant, waste of time, prejudicial. FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5735 | C109107 | C109147 | Reports by Season | Confusing, irrelevant, waste of time.  FRE 401-403. | | |
| 5736 | C109148 | C109284 | Draft Report, Environmental Impact Assessment of the Abiteye-Opuekeba Pipeline Project | Irrelevant, waste of time, prejudicial.  FRE 401-403; see also Order Granting in Part Defs.' Mot. in Limine to exclude Testimony re Environmental Issues, Dkt. 1210. | | |
| 5737 | | | Stipulation Regarding information in Documents Bates Labeled C30031-C30034, C30053-C30054 and C30085, dated 9/23/2005, REDACTED, with attached chart re: Chevron to GSF Payment index from 5/1/1999-8/1/1999 | | | |
| 5738 | B01008 | B01011 | Chevron in Nigeria (a Chevron publication dated 5/1998) | | | |
| 5739 | C19289 | C19291 | Email chain dated 3/24/99 re: Letter to Ms. Manby | | | |
| 5740 | C2890 | C2897 | Letter from Matzke to Kelly (Berkeley City Clerk) dated 4/2/99 forwarding Chevron's response to Kucinich's call for an investigation into Nigerian activities | | | |
| 5741 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5742 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5743 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5744 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5745 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5746 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5747 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5748 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5749 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5750 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5751 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5752 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5753 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5754 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5755 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5756 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5757 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5758 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5759 | | | Stipulation Between the Parties | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5760 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5761 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5762 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5763 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5764 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5765 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5766 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5767 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5768 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5769 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5770 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 5771 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5772 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5773 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5774 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5775 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5776 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5777 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5778 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5779 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5780 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5781 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5782 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5783 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5784 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5785 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5786 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5787 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5788 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5789 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5790 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5791 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5792 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5793 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5794 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5795 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5796 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5797 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5798 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5799 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5800 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5801 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5802 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5803 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5804 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5805 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5806 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5807 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5808 | | | Documents relied on by Freeman | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5809 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5810 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5811 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5812 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5813 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5814 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5815 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5816 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5817 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5818 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5819 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5820 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5821 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5822 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5823 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5824 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5825 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5826 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5827 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5828 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5829 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5830 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5831 | | | Documents relied on by Freed | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5832 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5833 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5834 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5835 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5836 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5837 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5838 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5839 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5840 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5841 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5842 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5843 | | | Documents relied on by Ebert | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5844 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5845 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5846 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5847 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5848 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5849 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5850 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5851 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5852 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5853 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5854 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5855 | | | Documents relied on by Van Zandt | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5856 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5857 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5858 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5859 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5860 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5861 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5862 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5863 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5864 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5865 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5866 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5867 | | | Documents relied on by Babalakin | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5868 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5869 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5870 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5871 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5872 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5873 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5874 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5875 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5876 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5877 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5878 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5879 | | | Documents relied on by Obafunwa | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5880 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5881 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5882 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5883 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5884 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5885 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5886 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5887 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5888 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5889 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5890 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5891 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5892 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5893 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5894 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5895 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5896 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5897 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5898 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5899 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5900 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5901 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5902 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5903 | | | Documents relied on by Wells | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5904 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5905 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5906 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5907 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5908 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5909 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5910 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5911 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5912 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5913 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5914 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5915 | | | Documents relied on by Ronn | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5916 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5917 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5918 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5919 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5920 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5921 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5922 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5923 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5924 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5925 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5926 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5927 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5928 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5929 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5930 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5931 | | | Documents relied on by Watts | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5932 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5933 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5934 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5935 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5936 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5937 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5938 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5939 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5940 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5941 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5942 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5943 | | | Documents relied on by Prescott | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5944 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5945 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5946 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5947 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5948 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5949 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5950 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5951 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5952 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5953 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5954 | | | Documents relied on by McGowan | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5955 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5956 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5957 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5958 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5959 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5960 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5961 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5962 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5963 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5964 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5965 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|-------|-----------------|--------------|-------------|-----------|--------------------------|---------------|
| **PLAINTIFFS' EXHIBITS (5,000-8,000)** | | | | | | |
| 5966 | | | Documents relied on by Glassner | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5967 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5968 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5969 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5970 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5971 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5972 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5973 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5974 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5975 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5976 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5977 | | | Documents relied on by Ipser | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5978 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | |
|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5979 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5980 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5981 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5982 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5983 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5984 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5985 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5986 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5987 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5988 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5989 | | | Documents relied on by Sagay | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5990 | | | Plaintiffs' Summary of Partial Evidence Regarding Chevron Nigeria Payments to the Military and Police (1/2/98 - 1/30/99) | | | |

| | | | PLAINTIFFS' EXHIBITS (5,000-8,000) | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 5991 | | | Plaintiffs' Summary of Partial Evidence Regarding Written Communitications Between Chevron Nigeria Ltd. And Other Chevron Entities from 1/1/96 to 10/13/98 | | | |
| 5992 | | | Plaintiffs' Summary of Partial Evidence Regarding Chevron Personnel Involved in International Communications, 5/28/98 - 10/15/98 | | | |
| 5993 | | | Plaintiffs' Summary of Partial Evidence Regarding Chevron Calls Per Day from U.S. to Nigeria, 11/19/97 to 1/19/99 | | | |
| 5994 | | | Plaintiffs' Summary of Partial Evidence Regarding Chevron Calls Per Day from U.S. to Nigeria, 5/20/98 to 6/20/98 | | | |
| 5995 | | | Plaintiffs' Summary of Partial Evidence Regarding Employment Histories and Changes in Position | | | |
| 5996 | | | Plaintiffs' Summary of Partial Evidence Regarding Overlapping Chevron Officers, Directors & Managers | | | |
| 5997 | | | Plaintiffs' Summary of Partial Evidence Regarding Confusion Over Identity of Chevron Employer | | | |
| 5998 | | | Summary of voluminous documents | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 5999 | | | Summary of voluminous documents | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) |||||||
|---|---|---|---|---|---|---|

| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
|---|---|---|---|---|---|---|
| 6000 | | | Summary of voluminous documents | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 6001 | | | Summary of voluminous documents | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 6002 | | | Summary of voluminous documents | | | |
| 6003 | B8964 | B8964 | Photograph of Arolika Irowarinun | | | |
| 6004 | B9085 | B9085 | Wedding photograph of Bola Oyinbo and Ola Oyinbo | | | |
| 6005 | B9086 | B9086 | Photograph of Bola Oyinbo and Ola Oyinbo | | | |
| 6006 | B9090 | B9090 | Photograph of Bola Oyinbo with Bayo Oyinbo | | | |
| 6007 | B8979 | B8979 | Photograph of Methuselah Aiyenumelo and Bassey Jeje | | | |
| 6008 | B9113 | B9113 | Photograph of Bassey Jeje with wife and children | | | |
| 6009 | B9049 | B9049 | Photograph of Bassey Jeje with wife and children | | | |
| 6010 | B9020 | B9020 | Photograph of Larry Bowoto with wife and children | | | |
| 6011 | B9018 | B9018 | Photograph of Larry Bowoto with children | | | |
| 6012 | B9014 | B9014 | Photograph of Ola, Deji and Bayo Oyinbo, | | | |
| 6013 | | | Ed Kashi Photo - Wood Floor With Buckets | | | |
| 6014 | | | Ed Kashi Photo - Wood Floor With Women and Baby | | | |
| 6015 | | | Ed Kashi Photos | | | |
| 6016 | | | Ed Kashi Photos | | | |
| 6017 | | | Ed Kashi Photos | | | |
| 6018 | | | Ed Kashi Photos | | | |
| 6019 | | | Ed Kashi Photos | | | |
| 6020 | | | Ed Kashi Photos | | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 6021 | | | Ed Kashi Photos | | | |
| 6022 | | | Ed Kashi Photos | | | |
| 6023 | | | Ed Kashi Photos | | | |
| 6024 | | | Ed Kashi Photos | | | |
| 6025 | | | Ed Kashi Photos | | | |
| 6026 | | | Ed Kashi Photos | | | |
| 6027 | | | Ed Kashi Photos | | | |
| 6028 | | | Ed Kashi Photos | | | |
| 6029 | | | Ed Kashi Photos | | | |
| 6030 | | | Ed Kashi Photos | | | |
| 6031 | | | Ed Kashi Photos | | | |
| 6032 | | | Ed Kashi Photos | | | |
| 6033 | | | Nigeria Map | | | |
| 6034 | | | Nigeria Map | | | |
| 6035 | | | Nigeria Map | | | |
| 6036 | B00013 | B00014 | Letter from Ilaje Coastal Development Youth Organisation dated December 13, 1994 | | | |
| 6037 | | | George Steinmetz Photo - Flare and Palm Trees | | | |
| 6038 | | | George Steinmetz Photo - Boy With Pot on Head | | | |
| 6039 | | | George Steinmetz Photo - Boy With Fishing Net | | | |
| 6040 | | | George Steinmetz Photo - Aerial of River | | | |
| 6041 | | | George Steinmetz Photo - Aerial With Fires | | | |
| 6042 | | | George Steinmetz Photo - Aerial With Fire | | | |
| 6043 | | | George Steinmetz Photo - Aerial of the River | | | |
| 6044 | | | Timeline - Ilaje Attempts to Meet with Chevron | | | |
| 6045 | | | Charts, Timelines or Other Demonstrative Exhibits | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |

| PLAINTIFFS' EXHIBITS (5,000-8,000) | | | | | | |
|---|---|---|---|---|---|---|
| Ex. # | Beginning Bates | Ending Bates | Description | Objection | Admitted or Not Admitted | Date Admitted |
| 6046 | | | Charts, Timelines or Other Demonstrative Exhibits | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 6047 | | | Charts, Timelines or Other Demonstrative Exhibits | Defendants were not provided with this exhibit and reserve all their rights to object to it. | | |
| 6048 | | | Excerpt of Chevron 2007 Annual Report | | | |
| 6049 | | | Excerpt of 2007 Supplement to the Annual Report of Chevron Corporation | | | |
| 6050 | | | Chevron: Financial Fundamentals | | | |
| 6051 | | | Chevron News Release, "Chevron Reports Second Quarter New Income of $6 Billion, up 11 Percent from $5.4 Billion in Second Quarter 2007," dated 8/1/08, with attachment entitled "Chevron Corporation - Financial Review" | | | |
| 6052 | | | Excerpt of U.S. Securities and Exchange Commission, Form 10-Q for Chevron Corporation, dated 8/7/08 | | | |