IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BOWOTO, *et al.*, | No. C 99-02506 SI |
| Plaintiffs, | **ORDER RE: DEFENDANTS' OFFER OF PROOF AS TO KIDNAPPING OF CNL EMPLOYEES** |
| v. | |
| CHEVRON CORPORATION, *et al.*, | |
| Defendants. | |

In its order on motions in limine filed October 15, 2008, the Court had excluded all reference to the November 1996 and November 1997 detentions of George Illuwa based on FRE 403. On November 2, 2008, defendants filed an offer of proof concerning the proposed testimony of Deji Haastrup. [Docket No. 2059] The testimony concerns events that transpired in November, 1996.

On November 18, 1996, George Illuwa and two other CNL representatives were purportedly detained and held for ransom. After the kidnapping, CNL employees, including Haastrup, allegedly met with the Illaje to negotiate for the CNL employees' release. Defense exhibit C29506, which defendants seek to introduce, purports to be the minutes of that meeting. According to the document, "[t]he nine communities were represented by the following people in addition to about three hundred people comprising of elders and youths." It then lists the names of plaintiff Larry Bowoto and two witnesses, Monday Omaseye and Abiah Arenewo, among the nine representatives.

In their offer of proof, defendants state that Haastrup will repeat his statement at the meeting that he "expressed his displeasure over the constant kidnapping of CNL personnels by Illaje communities." He will also testify that Bowoto, Omaseye and Arenowo participated in the ransoming of George Illuwa, and that at the meeting, Bowoto admitted he was involved in another kidnapping several months earlier

(of CNL employee Kumar Wijala).

Defendants claim this evidence is newly relevant to refute plaintiffs' trial testimony that the Parabe incident began as a peaceful protest, that Bowoto's involvement in his organization (the Nine Concessional) was limited to attending meetings, and to provide context for Bowoto's characterization on cross examination of the kidnapping. In addition, defendants repeat their earlier arguments that this evidence is relevant to show CNL's state of mind regarding the threats it faced, and to prove Bowoto's motive in "seizing" Parabe.

The Court finds that the probative value of Haastrup's proposed testimony does not outweigh the risk that the jury will be confused by evidence of the alleged kidnapping of George Illuwa, which occurred years before the incident at issue in this case, and that this testimony will be unfairly prejudicial to plaintiffs. Defendants' exhibit C29506 states nothing about Bowoto's involvement in the purported kidnapping – only that he was one of nine representatives and attended the meeting, along with three hundred other people. In their Motion *in Limine* No. 6, plaintiffs sought to exclude all "acts of violence by nonwitnesses or nonparties in the Niger Delta." The Court denied the motion as to everything except the two purported kidnappings of George Illuwa. Given that other evidence of violence in the region is admissible, defendants will still be able to prove CNL's state of mind and to refute plaintiffs' claim that the Parabe incident began as a peaceful protest. Accordingly, defendants' motion for Haastrup 1) to testify that Bowoto, Omaseye and Arenewo participated in ransoming George Illuwa, 2) to repeat his statement at the meeting that about the "constant kidnapping" of CNL personnel, 3) to lay foundation for the admissibility of document C29506, and 4) to testify about the alleged kidnapping of Kumar Wijala by Bowoto is DENIED.

**IT IS SO ORDERED.**

Dated: November 5, 2008

SUSAN ILLSTON
United States District Judge