Case 3:99-cv-02506-SI   Document 2082-2   Filed 11/10/2008   Page 1 of 7

Chambers Copy

**PLAINTIFFS' NOVEMBER 9, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF CHRISTOPHER CROWTHER**

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

Deposition October 6, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 5:1-3 | | | | | |
| 7:17-20 | | | | | |
| 9:19-21 | | | | | |
| 15:2-12 | | | | | |
| 59:3-10 | | | | | |
| 79:21-80:2 | It is undisputed that the deponent was not involved in any way in the Parabe incident. The line of questioning concerning military instructing a pilot where to fly relates to Opia/Ikenyan and will mislead and confuse the jury and is | As Chief Pilot, witness has personal knowledge of types of information to be reported to him. On its face, the question and answer includes the period from the "beginning of May 1998" and thus squarely deals with Parabe. | | | |

1

# PLAINTIFFS' NOVEMBER 9, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

## Deposition October 6, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 92:23-93:3 | Testimony about reconnaissance is misleading and prejudicial and does not relate to Parabe and is an attempt to backdoor Opia and Ikenyan evidence. FRE 401-403. If the Court is going to allow plaintiffs to introduce evidence of security arrangements during the post-Parabe time period, then defendants should be permitted to introduce evidence of the ethnic violence that necessitated such security. But such evidence has been prejudicial. FRE 401-403. | There is no reference whatsoever to Opia and Ikenyan. Witness' testimony that CNL pilots would fly reconnaissance flights with GSF personnel over any community giving CNL "problems" is relevant to show common control, agency, notice and ratification. He has personal knowledge based on his role as Chief Pilot of approximately one such flight a day. Sufficiently establishes personal knowledge to testify in this regard. Scott Davis and other CNL personnel undertook one such | | | |

# PLAINTIFFS' NOVEMBER 9, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

## Deposition October 6, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 122:21-123:8 | Testimony that the deponent once saw a Seatruck carrying military in Abiteye (123:9-14) (located outside of Ilajeland) is irrelevant and misleading. Seatrucks were not involved in Parabe. FRE 401-403. | Objection misstates testimony of witness -- while he only personally saw the military on one occasion on Sea trucks, he has more general recall of their practices in this regard. Further, the Ilaje Parabe to Escravos, where they were transported from CNL leased Seatruck and taken to Warri where they were beaten and tortured. | | | |
| | excluded, *inter alia*, during Michael Watts' cross-examination. | reconnaissance "flyover" after the Ilaje boarded Parabe, to asses the Ilaje's reaction. | | | |
| 124:19-25 | Testimony concerning the commandeering of helicopters relates solely to Opia/Ikenyan | Testimony is relevant to cooperative role that CNL played with GSF and active role CNL played in | | | |

**PLAINTIFFS' NOVEMBER 9, 2008 DESIGNATION OF DEPOSTION TESTIMONY OF CHRISTOPHER CROWTHER**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

**Deposition October 6, 2005**

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections Objections to Counter-Designations |
|---|---|---|---|---|---|
| | and should be excluded as overly prejudicial pursuant to the Court's *in limine* ruling on Opia/Ikenyan evidence. Dkt. # 2001; FRE 401-403. | allowing GSF to conduct military reconnaissance missions in their helicopters. No mention of Opia/Ikenyan incident. Also, highly relevant to plaintiffs' ratification claims, as defendants repeatedly state in their Parabe media campaign that the GSJ "forced us to take them" to Parabe. | | | |
| | Plaintiffs have designated passages concerning the "commandeering" of helicopters in other depositions as well, *see, e.g.*, R. Pell. Plaintiffs are trying to imply that commandeering relates to Parabe which is misleading and confusing. FRE 401-403. | | | | |

4

**PLAINTIFFS' NOVEMBER 9, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF CHRISTOPHER CROWTHER**

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

**Deposition October 6, 2005**

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 126:25-127:3 | Misleading and prejudicial. The deponent is not referring to Parabe because he had no involvement in the Parabe incident and the time period is vague. Moreover, as the following testimony makes clear, the military removed the magazines from their weapons. FRE 401-403. | The question is all encompassing regarding time: "Did you ever…." The testimony is not misleading, as while the GSF may have removed magazines from weapon, they could reload in "less than a second." See below, 128:8 – 129:20. | | | |
| 127:11-20 | Misleading and prejudicial. The deponent is not | The question is all encompassing regarding time: "Did you ever…." | 127:4-10 (completeness designation) | | |

# PLAINTIFFS' NOVEMBER 9, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)
(Counter-Designations in Italicized text)

## Deposition October 6, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 128:8-129:2 | Speculation and incomplete hypothetical. Testimony is misleading and prejudicial because the jury will infer that the military loaded their weapons when in the helicopter and there has been no trial testimony that shots were fired prior to landing. The deponent has no personal knowledge of referring to Parabe because he had no involvement in the Parabe incident and time period is vague. FRE 401-403. | Defendants' summary of evidence is inaccurate. Several trial witnesses, including Johnson Boyo, have stated the defendants' agents, the GSF, commenced shooting as they jumped from helicopter. The testimony is not misleading, as while the GSF may have removed magazines from weapon, they could reload in "less than a second." See below, 128:8 – 129:20. | | | |

## PLAINTIFFS' NOVEMBER 9, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

### Deposition October 6, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections Objections to Counter-Designations |
|---|---|---|---|---|---|
| 136:13-19 | | | | | |
| 192:16-193:3 | Speculation about what deponent "would" have done in particular situations and deponent lacks foundation as to what CNL "would" do. FRE 602. None of the speculative scenarios relates to Parabe and will mislead the jury. FRE 401-403. | Witness has personal knowledge of CNL's policies and practices with respect to use of helicopters based on his years of experience flying for them in Nigeria. the Parabe incident (see 188:6-23). FRE 401-403. | | | |