## PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 8:5-10 | | | | | |
| 23:13-23 | | | | | |
| 53:3-6 | | | | | |
| 54:10-14 | | | | | |
| 55:3-5 | | | | | |
| 58:24-59:7 | | | | | |
| Exhibit 139 | Transcript has multiple levels of hearsay. FRE 802. The transcript is incomplete, as shown by the second paragraph, misleading and prejudicial. FRE 106, 401-403, 901. Cumulative of other evidence. FRE 401-403 | The transcript is not being introduced for its truth; rather, it is being introduced to prove the elements of ratification. Plaintiffs must introduce the transcript to show that statements were made. This transcript was produced by defendants and is not prejudicial or misleading. Libbey testifies at 266-267 as to | | | |

Chambers Copy

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 266:4-12 | 266:9-12: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | The document must be read to give the jury context for the questions being asked. This is no different than defense counsel directing plaintiffs' witnesses to various parts of the CIC letters and asking, "Do you see that?" Questions about the document make no sense without the context. | | | |
| 267:9-20 | 267:18-20: Speculation, as shown by 267:21; 268:5. FRE 602. | how Chevron obtained this copy of the transcript. | | | |
| 268:6-14 | 268:6-9: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | The document must be read to give the jury context for the questions being asked. This is no different than defense | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Plaintiffs' Objections to Counter-Designations |
|---|---|---|---|---|---|
| 270:13-21 | 270:13-18: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | The document must be read to give the jury context for the questions being asked. This is no different than defense counsel directing plaintiffs' witnesses to various parts of the CIC letters and asking, "Do you see that?" Questions about the document make no sense without the context. counsel directing plaintiffs' witnesses to various parts of the CIC letters and asking, "Do you see that?" Questions about the document make no sense without the context. | | | |
| 271:6-21 | Speculation and deponent lacks foundation because the deponent does not recall making the | The jury may infer from the transcript and Libbey's admission that he gave the interview that Libbey in | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | statement. FRE 602. | fact made the statements asked about. The jury may also find as a matter of fact that Libbey is not being truthful in testifying that he does not recall making the statements at issue. In summary judgment motions, the Court itself has relied on similar evidence that statements were made to find genuine issues of material fact on ratification. | | | |
| 274:24-275:16 | Speculation and deponent lacks foundation because the deponent does not recall making the statement. FRE 602. | The jury may infer from the transcript and Libbey's admission that he gave the interview that Libbey in fact made the statements asked about. The jury may also find as a matter of fact that Libbey is not being truthful in testifying that he | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 278:12- 279:4 | 278:13-15: Hearsay. FRE 802. 278:13-279:4: Speculation and deponent lacks foundation because the deponent does not recall making the statement. FRE 602. | does not recall making the statements at issue. The transcript is not being introduced for its truth; rather, it is being introduced to prove the elements of ratification. Plaintiffs must introduce the transcript to show that statements were made. The jury may infer from the transcript and Libbey's admission that he gave the interview that Libbey in fact made the statements asked about. The jury may also find as a matter of fact that Libbey is not being truthful in testifying that he does not recall making the statements at issue. In summary judgment motions, the Court itself | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

## Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections to Counter-Designations |
|---|---|---|---|---|---|
| 283:13- 284:8 | Speculation and deponent lacks foundation because the deponent does not recall making the statement. FRE 602.<br><br>283:13-17: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | has relied on similar evidence that statements were made to find genuine issues of material fact on ratification.<br><br>The document must be read to give the jury context for the questions being asked. This is no different than defense counsel directing plaintiffs' witnesses to various parts of the CIC letters and asking, "Do you see that?" Questions about the document make no sense without the context.<br><br>The jury may infer from the transcript and Libbey's admission that he gave the interview that Libbey in fact made the statements asked about. The jury may | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | | also find as a matter of fact that Libbey is not being truthful in testifying that he does not recall making the statements at issue. In summary judgment motions, the Court itself has relied on similar evidence that statements were made to find genuine issues of material fact on ratification. | | | |
| 284:12-285:16 | 284:12-17: Speculation and deponent lacks foundation because the deponent does not recall making the statement. 284:18-22: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 602. | The jury may infer from the transcript and Libbey's admission that he gave the interview that Libbey in fact made the statements asked about. The jury may also find as a matter of fact that Libbey is not being truthful in testifying that he does not recall making the statements at issue. In | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY
## (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)

#### Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 284:23-285:16: Exhibit 1507 | FRE 1002. Speculation and deponent lacks foundation because the deponent does not recall making the statement. FRE 602. | summary judgment motions, the Court itself has relied on similar evidence that statements were made to find genuine issues of material fact on ratification. | | | |
| | Article has multiple levels of hearsay and summaries of statements by Libbey and Omole are also hearsay. FRE 802. Prejudice exceeds probative value. For example, the title of the article is "Oil Giant had Role in Killings." FRE 401-403. | The article is not being introduced for its truth; rather, it is being introduced to prove the elements of ratification. Plaintiffs must introduce the article to show that statements were made. | | | |
| | To the extent there are direct quotes of Mr. Libbey, it is cumulative of other evidence. FRE 401- | The article is not cumulative; this is the first and only time that plaintiffs have introduced these statements from Libbey. Defendants produced this | | | |

## PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

### Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 294:5-12 | 403. Document is not properly authenticated as deponent had never seen it (294:20-295:4). FRE 901. For the same reason, deponent lacks foundation. FRE 602. Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. Title of the article is hearsay and the prejudice exceeds the probative value. FRE 401-403, 802. | article during the course of discovery in this action and cannot legitimately dispute its authenticity. Libbey is quoted in the article and may testify regarding whether the quotes are his, regardless of whether he has seen the article before. The jury is free to find from his testimony whether he made the statements or not. The document must be read to give the jury context for the questions being asked. This is no different than defense counsel directing plaintiffs' witnesses to various parts of the CIC letters and asking, "Do you see that?" Questions about the | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | | document make no sense without the context. | | | |
| | | The title of the article is not hearsay because it is not being introduced for its truth. There is no prejudice; the jury will understand that the title is from a newspaper. | | | |
| 296:20-24 | Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. The portion of the document read is inadmissible hearsay. FRE 802. *Prejudicial and speculation because the witness believes the quote is incorrect (296:25-* | The document must be read to give the jury context for the questions being asked. This is no different than defense counsel directing plaintiffs' witnesses to various parts of the CIC letters and asking, "Do you see that?" Questions about the document make no sense without the context. | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | 297:5). FRE 401-403, 602. | The jury is the finder of fact and may find one way or another whether Libbey made the statements or not. There is no speculation; Libbey is simply asked whether he made the statements he is quoted as making in the article. | | | |
| 297:17-24 | Speculation and deponent lacks foundation because the deponent does not recall making the statement. FRE 602. Testimony regarding deponent's lack of recollection is irrelevant and misleading. FRE 401-403. | The jury is the finder of fact and may find one way or another whether Libbey made the statements or not. There is no speculation; Libbey is simply asked whether he made the statements he is quoted as making in the article. Libbey's testimony that he doesn't recall making numerous untruthful and misleading statements to | | | |

**PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY**

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | Summaries of statements by Reuters reporter are hearsay. FRE 802. Information about environment is irrelevant and prejudicial and goes beyond the geographic and time period limits set by the Court. To the extent the document contains information about Parabe it is cumulative of other evidence including Exhibits 1019 & 223 & 1744, and the Lorenz designations which | Libbey's statements in his email are admissions of a party opponent and are not hearsay. The underlying statements made by Spencer are not being introduced for their truth. None of the designations regarding this document are cumulative; this is the first time such evidence has been introduced. | | | |
| Exhibit 1511 | | the media is highly relevant; the jury is the finder of fact, and may conclude that Libbey is lying when he testifies that he doesn't recall making such statements. | | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

## Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 319:9-16 | concern the same email string (*e.g.*, exhibits 223 and 232). FRE 401-403 | | | | |
| | Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | The exhibit must be marked and the document must be read to give the jury context for the questions being asked. | | | |
| 320:11-21 | 320:11-16: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. The recitation of what Mr. Spencer said is hearsay. FRE 802. | The document must be read to give the jury context for the questions being asked. Spencer's underlying statements are not being introduced for their truth. | | | |
| 321:15-20 | | | | | |
| 321:21-322:7 | 321:21-25: Counsel is just reading the document into the record. The document is the best | The document must be read to give the jury context for the questions | | | |

**PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY**

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections to Counter-Designations |
|---|---|---|---|---|---|
| | evidence of what it says. Recitation of what Spencer said is hearsay. FRE 802, 1002. | being asked. | | | |
| | 322:3-7: Speculation. FRE 602. | Spencer's underlying statements are not being introduced for their truth. | | | |
| | | Libbey is not speculating at any point in his testimony here. | | | |
| | The newspaper article is inadmissible hearsay not based on personal knowledge. FRE 602, 802. | The article is not being introduced for its truth; it is being introduced the show that Libbey made false and misleading statements, which plaintiffs must prove as part of their ratification claim. The Court itself relied on similar evidence in summary judgment motions. | | | |
| Exhibit 137 | Admission of the article violates the Court's order that an article "may be presented only to the extent necessary to explain defendants' responses for purposes of demonstrating agency, | Plaintiffs do not oppose a | | | |

[Handwritten notation: "Will Spule in shuch time / Denile / off / as free Nell"]

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

## Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | ratification, etc. The reports are not otherwise admissible." Dkt. # 2001. The prejudice of admitting the entire article exceeds the probative value. FRE 401-403.<br><br>Redacting the article will not cure the prejudice because the author misrepresents what Mr. Omole said in the radio transcript which triggered the deponent's remarks. The quote attributed to Mr. Omole ("Those guys were working for the contractor. I guess you have to ask the contractor that.") was made in response to the question "Does Chevron give special-duty pay to the | redaction of this article to meet defendants' concerns regarding the admission of the entire article. Defendants have not yet proposed a redacted version of the article to plaintiffs. | the parties may agree to redaction | | |

## PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

### Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
|  | naval officers who are on board, you know, for the whole time, not – to the mobile police who are on board these barges?" It was not made in response to a question as to whether "Chevron gave 'special duty pay' to the naval officers who took part in the action," as the article's author misrepresents here. *See* Ex. 222, attached hereto.<br><br>Plaintiffs have not designated the testimony where the deponent explains that his statement was not global, i.e., he was not referring to all security, but only to the Parabe incident specifically. *See* 341:13- |  |  |  |  |

[handwritten annotation: "will need two (341:13 – 341:14) for this deposition"]

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 335:7-10 | 342:14. Plaintiffs are trying to mislead the jury by only admitting the hearsay article, and not deponent's testimony about the statements. FRE 401-403, 802. | | | | |
| 335:20-336:6 | 335:25-336:3: Lacks foundation and Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 602, 1002. | The document must be read to give the jury context for the questions being asked. | | | |
| 337:1-2 | Defendants agree to plaintiffs' suggested edit. | There is a typo in the transcript. The question should ask: "Do you know which Chevron spokesman is **referred** to there?" With the Court's and defendants' permission, | OK | | |

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition September 1 & 2, 2005

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 337:10 | | plaintiffs will read the question as it was intended, not as written in the transcript. | | | |
| 342:22-343:8 | Speculation and deponent lacks foundation because the deponent does not recall making the statement, but denies making the statement as quoted (343:9-14). FRE 602.<br><br>Testimony about deponent's lack of recollection is misleading and prejudicial. FRE 401-403. The statement was not attributed to the deponent by the article's author. | The document must be read to give the jury context for the questions being asked.<br><br>Libbey admits that he spoke to the reporter McAuley for the article at issue here. The jury is the finder of fact, and should be left to conclude whether Libbey in fact made the statements or not.<br><br>Libbey's testimony that he doesn't recall making specific statements – which happen to be untruthful and misleading – is highly | | | |

Counsel is just reading the

# PLAINTIFFS' OCTOBER 14, 2008 DESIGNATION OF DEPOSITION TESTIMONY OF MICHAEL LIBBEY

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

**Deposition September 1 & 2, 2005**

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | document into the record. The document is the best evidence of what it says. FRE 1002. | relevant and not prejudicial, | | | |
| 343:15-343:22 | Speculation and deponent lacks foundation because the deponent does not recall making the statement. FRE 602. | There is no speculation in the testimony here. Libbey testifies regarding what he believes he said to the reporter. | 343:9-14 (completeness designation) | | |