## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in Italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 8:2-11 | | | | | |
| 8:14-16 | | | | | |
| 17:16-18 | | | | | |
| 19:21-23 | | | | | |
| 20:1-3 | | | | | |
| 36:12-18 | | | | | |
| 36:23-24 | | | | | |
| 38:9-12 | | | | | |
| 39:13-17 | | | | | |

Chambers Copy

SFI-59673v1

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
#### Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 41:13-19 | | | | | |
| 42:5-14 | | | | | |
| 43:18-20 | | | | | |
| 44:10-11 | | | | | |
| 44:15-45:3 | | | 56:10-57:1 | | |
| | | | 58:25-59:18 | | |
| | | | 61:19-25 | | |
| 132:5-14 | | | | | |

**PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections to Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| Exhibit 150 | | | | | |
| 132:19-133:20 | | | | | |
| 134:1-12 | 134:4-12: Speculation. FRE 602 | Simply because Lorenz answers "I don't remember" doesn't mean he is speculating. | | | |
| 134:18-22 | | | | | |
| 135:3-8 | | | | | |
| 135:19-136:4 | | | 136:5-6 | | |

**PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| Exhibit 157 | | | | | |
| 170:9-24 | | | 171:3-8 | | |
| 171:11-172:11 | 171:11-21: Irrelevant and calls for speculation; deponent does not recall and response is a "guess." FRE 401-403, 602. | At 171:18-21, Lorenz makes clear that his response is not a guess. | | | |
| Exhibit 194 | Note to ChewWeb is hearsay. FRE 802. Attachment is cumulative of other evidence including exhibit 1833. FRE 401-403. Admission of the attachment does not require admission of the hearsay ChewWeb statement or exchange concerning note. The email exchange on | Plaintiffs are not introducing the note to ChewWeb for its truth, only for its effect on defendants' employees and to provide context for the media statements Lorenz and others drafted in response to such notes. Defendants have not shown any prejudice, and | | | |

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)

### Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 294:23-295:2 | | the exchange concerning the note is necessary for plaintiffs' ratification case. | | | |
| 295:8-296:19 | ChevWeb is irrelevant and prejudicial because it merely repeats plaintiffs' allegations in an inflammatory way. FRE 401-403. | | | | |
| 297:1-297:10 | 297:1-9: Argumentative and confusing. The answer "correct," should remain, not the repetition of the question and examination as a result of counsel colloquy. FRE 401-403. | | | | |
| 298:2-17 | | | | | |
| Exhibit 210 | Waste of time and more prejudicial than probative. FRE 401-403. Recount of | This exhibit and Lorenz's explanation of it are | | | |

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | statements by Scahill and Goodman are hearsay and document is speculation. FRE 802, 602. | necessary to provide context for the Pacifica interviews that Omole and Libbey did. The exhibit and testimony show the coordinated efforts by Chevron, COPI and CNL is creating the media message that would be disseminated to the public. | | | |
| 355:8-10 | | | | | |
| 355:11-23 | | | | | |
| 356:9-18 | | | | | |
| 356:23-357:22 | 356:23-357:6, 357:11-17: Counsel is just reading the document into the record. | The document must be read to give the jury context for the questions. | | | |

Case 3:99-cv-02506-SI   Document 2088-2   Filed 11/11/2008   Page 7 of 26

SFI-59673v1

**PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | The document is the best evidence of what it says. FRE 1002. | Lorenz does not lack all knowledge as to what Libbey meant in the email, as Lorenz testifies as to his understanding of what Libbey meant. Further, the examination does not call for speculation; Lorenz was simply asked whether he understood what Libbey meant. | | | |
| | 357:7-10, 357:18-22: Deponent lacks knowledge as to what Mr. Libbey meant in the email on which the deponent is being questioned. The examination calls for speculation. FRE 401-403, 602. | | | | |
| | 358:7-16 | Lorenz's statements in the emails are the admission of a party opponent and the emails themselves (which were | | | |
| Exhibit 211 | All attachments to the top email (under the line "original message") have multiple levels of hearsay, lack personal knowledge, are | | | | |

- 7 -

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
#### Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 358:17-21 | | This exhibit is necessary to provide context for the Pacifica interview, which is a piece of plaintiffs' ratification claim. | | | |
| 359:18-360:7 | irrelevant and would be a waste of time. FRE 602, 802, 401-403. That the news articles are not part of a business record does not solve the multiple levels of hearsay with in the various articles. | produced by Chevron) are business records. The remaining statements are not being introduced for their truth. | | | |
| 361:9-14 | | | | | |
| Exhibit 218 | Statements regarding percentage of COPI's earnings is not based on | Lorenz was a recipient of Exhibit 218 and has sufficient personal | | | |

Case 3:99-cv-02506-SI   Document 2088-2   Filed 11/11/2008   Page 9 of 26

SFI-59673v1

- 9 -

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)

### Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | personal knowledge. FRE 602. Summaries of Pacifica radio interview and Sola's email are hearsay. FRE 802. Cumulative of other evidence including exhibit 1727. FRE 401-403. | knowledge to testify regarding it. | | | |
| 381:7 | | | | | |
| 381:12-20 | | | | | |
| 382:3-10 | | | | | |
| 383:3-11 | Deponent lacks foundation to the statements the examiner recites from the document (as shown by the following lines, 383:12-19, the deponent does not recall ever discussing earnings or what | Lorenz was a recipient of Williams' email and has sufficient personal knowledge to testify regarding it.<br><br>Examination is not argumentative and the | | | |

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | Warner is referring to 'by way of keeping us afloat.'") FRE 401-403, 602. Deponent is in the media department and does not have foundation to testify to CNL earnings. | Williams email is clearly relevant to plaintiffs' agency case. | | | |
| | Examination is argumentative and the prejudice exceeds the probative value, if any. FRE 401-403. | | | | |
| 383:20-22 | *383:12-19* (only if above objection is overruled) OK | | | | |
| 383:23-384:9 | | | | | |

SFI-59673v1

- 10 -

SFI-596739v1

- 11 -

# PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| Exhibit 222 | Attached transcript has multiple levels of hearsay. FRE 802-805. The document lacks authentication and appears to be portions of the radio transcript and the portions contain incomplete transcriptions. FRE 901. Statements by Sola are irrelevant to plaintiffs' ratification theory because Sola is a CNL employee, not an employee of defendants. FRE 401-403. Cumulative of Exhibits 1826 & 1020 & 5392. FRE 401-403. | Plaintiffs are not offering the transcript for the truth of the statements, but solely to demonstrate the effect of the statements on the listeners. Lorenz's reaction to the statements made during the interview are highly relevant to plaintiffs' ratification claim. | | | |
| 392:9-14 | Counsel is just reading the document into the record. The document is the best evidence of what it says. | The document must be read in order to provide the jury with context for the questions posed to | | | |

PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 392:15-20 | FRE 1002. | *Lorenz.* | | | |
| 393:3-4 | Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | The document must be read in order to provide the jury with context for the questions posed to Lorenz. | | | |
| 393:7-11 | | | | | |
| 393:25-394:19 | 394:13-19: Quoted email passage is based on hearsay and deponent's view of hearsay is irrelevant and misleading. FRE 401-403, 802. | 394:13-19: Quoted email passage is based on hearsay and deponent's view of hearsay is irrelevant and misleading. FRE 401-403, 802. Lorenz's statements are the statements of a party opponent and are not hearsay. The emails (which were produced by defendants) are business records. There is nothing misleading about this passage, and it is relevant | | | |

- 12 -

Case 3:99-cv-02506-SI   Document 2088-2   Filed 11/11/2008   Page 13 of 26

SFI-59673v1

- 13 -

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
#### Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 397:13-398:20 | Libbey's statement that he did not pay a dime to the military were made in response to a question by Reuter's reporter who misrepresented what Omole stated in the transcript. *See* Defendants' Objections to Plaintiffs' Exhibit 137 in the Libbey designations.<br><br>397:13-24: Examiner's incomplete reading from a radio transcript is misleading and prejudicial. The jury will be unable to tell from the passage that Mr. Omole is referring to the security already present on the barge. This is not a disputed fact | The radio transcript makes clear that the question put to Spencer was who paid for the military on board the barge "as well as those who came in by helicopter the day of the attack." Spencer responded that they were all supplied by Chevron. The purpose of this designation is to show that Lorenz thought that Spencer's statements about payment were "pretty awful," and provides context for Libbey's untruthful | | | |
| | | to plaintiffs' ratification claim. | | | |

SFI-596739v1

**PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | and plaintiffs admitted in their opening statement (Tr., p. 30) that the contractor paid for that military security. FRE 401-403; 802. Further, the quotation is not part of a question that is answered and is therefore unnecessary. FRE 401-403.

397:13-398:14: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. Further, the quotation is not part of a question that is answered and is therefore unnecessary. FRE 401-403.

398:3-20: Mr. Scahill's comments from the radio | statements that Chevron didn't pay a dime to any of the military who went to Parabe.

Plaintiffs did not state in their opening statement that the owner of the barge paid for the security on the barge. On page 30 of the transcript, counsel merely stated that the owner of the barge "hired" the security. In fact, CNL paid for it.

Defendants are free to put in evidence of their own that Chevron did not supply or pay any of the military who were on the barge, or who were | | | |

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | transcript and the examiner's summary of the transcript is multiple hearsay. FRE 802, 805. | transported there on May 28, 1998. | | | |
| 399:7-12 | Calls for speculation and deponent's view of a contractor's statements is irrelevant and prejudicial. FRE 401-403. | The questions do not call for speculation; they merely ask Lorenz to explain what he stated in the email – i.e., that Spencer's comments during the interview were "pretty awful." | | | |
| 399:18-25 | Calls for speculation and deponent's view of a contractor's statements is irrelevant and prejudicial. FRE 401-403. | The questions do not call for speculation; they merely ask Lorenz to explain what he stated in the email – i.e., that Spencer's comments during the interview were | | | |

- 15 -

SFI-59673v1

SFI-5967139v1

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)

#### Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 400:5 ("Did you ever") – 24 | 400:5-13: Mr. Spencer's comments from the radio transcript are double hearsay. FRE 804, 805.<br><br>Prejudice exceeds relevance because it is not disputed that the owner of the barge paid for the security on board, as stated by plaintiffs in their opening statement (Tr., p. 30). FRE 401/403. | "pretty awful."<br><br>Plaintiffs are not introducing Spencer's statements or the radio transcript for their truth. Rather, these statements are being introduced solely to demonstrate their effect on the listener.<br><br>Plaintiffs did not state in their opening statement that the owner of the barge paid for the security on the barge. On page 30 of the transcript, counsel merely stated that the owner of the barge "hired" the security. In fact, CNL | | | |

# PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

## Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross- Examination Designations | Plaintiffs' Objections Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | | paid for it. | | | |
| Exhibit 223 | Summaries of statements by Reuters reporter are hearsay. FRE 802.<br><br>The document is more prejudicial than probative. The email string and inquiry by the Reuters reporter was instigated by plaintiffs' lawyer, Ogonoto Douglas. Information about environment is irrelevant and prejudicial and goes beyond the geographic and time period limits set by the Court. To the extent the document contains information about Parabe it is cumulative of other evidence including Exhibits 1019 & 1510 & 1744. FRE | Statements by COPI and Chevron employees are admissions of a party opponent and are not hearsay. In addition, the statements are not being introduced for their truth, but only to provide context and to explain the actions in formulating media employees' media strategy.<br><br>Plaintiffs are not introducing this exhibit for information about Ijaw unrest; if defendants wish to propose a redacted version of this exhibit that satisfies their concerns about the Ijaw | | | |

- 17 -

SFI-59673v1

SFI-596739v1

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | 401-403. | unrest, they may do so. | | | |
| 402:2-13 | 402:10-13: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002 | This Exhibit is not cumulative; this is the first time that plaintiffs have sought to introduce this Exhibit. The document must be read in order to provide context for the questions. | | | |
| 402:21-403:7 | | | | | |
| 403:12-404:3 | Speculation. FRE 401-403, 602. | The question does not call for speculation; Lorenz was free to respond that he didn't know where the | | | |

- 18 -

Case 3:99-cv-02506-SI   Document 2088-2   Filed 11/11/2008   Page 19 of 26

**PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections to Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | | information came from. Instead, he responded based on his understanding of his practice at the time, which was to obtain information from CNL. | | | |
| Exhibit 232 | Attachment is hearsay (C19056-57) and remarks about Joe Jakpa's role is hearsay. FRE 802. Information about the environment, Ijaw claims to Warri, crisis in Jones Creek and community relations is irrelevant and misleading. FRE 401-403. Moreover, the email and attachment is for internal use only as made clear C19053 ("Although you clearly stated this was for your information only"). | Plaintiffs do not oppose introducing a redacted version of this email that assuages defendants' concerns about the Ijaw claims to Warri or the crisis in Jones Creek. | | | |

SFI-596759v1

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | Cumulative of other evidence including Exhibit 333.  FRE 401-403.<br><br>If the Court overrules the above objections, defendants will redact the final two bullet points on the last page of the exhibit. | | | | |
| 431:16-21 | | | | | |
| 431:24-432:2 | | | | | |
| 432:8 | | | | | |
| 432:11-434:18 | 432:19-433:12:  Counsel is just reading the document into the record.  The | The document must be read to provide context | | | |

SF1-596739v1

**PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| Exhibit 236 | document is the best evidence of what it says. FRE 1002. | for counsel's questions. | | | |
| | Incomplete document. FRE 106. Draft letter is prejudicial and cumulative of other evidence including Exhibits 1746 & 1647. FRE 401-403. | The document is not incomplete, and is being used solely to show the development of COPI's media strategy and what Lorenz knew as he was drafting the media responses. | | | |
| 447:4-9 | | | | | |
| 447:12-25 | Cumulative.  FRE 401-403. | Not cumulative. Testimony is necessary to provide context for the next designation. | | | |
| 449:9-20 | Deponent's lack of | That Lorenz could not | | | |

**PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | recollection is irrelevant. FRE 401-403. Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | recall from whom he had obtained the (apparently false) information that reporting the incident was required by Nigerian law or the partnership agreement is highly relevant to plaintiffs' ratification claim. Chevron's media employees repeatedly stated to the media that reporting the incident was required; if none of them can recall the source of this information, the jury may find that it was a baseless and misleading statement intended to minimize Chevron's complicity in the incident. | | | |

SFI-596739v1

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | | The document must be read to provide context for counsel's questions. | | | |
| 449:21-450:11 | Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | The document must be read to provide context for counsel's questions. | | | |
| | Deponent's lack of recollection is irrelevant. FRE 401-403. | See response directly above regarding the relevance of Lorenz's lack of recollection. | | | |
| Exhibit 237 | Draft letter is irrelevant, misleading and cumulative of other evidence. FRE 401-403. | Draft letter shows the evolution of Chevron's media strategy and provides context for false and misleading statements that were made to the public. | | | |

Case 3:99-cv-02506-SI   Document 2088-2   Filed 11/11/2008   Page 24 of 26

SFI-596739v1

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 450:16-21 | | | | | |
| 450:24-451:15 | 450:24-451:9: Counsel is just reading the document into the record. The document is the best evidence of what it says. FRE 1002. | Document must be read to provide context for counsel's questions. | | | |
| Exhibit 242 | What Dave Sander heard about a protest is hearsay. FRE 802. Information regarding a possible protest is irrelevant and prejudicial. FRE 401-403. Cumulative of other evidence including Exhibits 1550 & 1521. FRE 401-403. | Plaintiffs are not introducing Sander's statements for their truth. Further, plaintiffs agree to redact information regarding a possible protest from this exhibit to assuage defendants' concerns. Defendants may propose a redacted exhibit for plaintiffs' review if they wish. | | | |

If defendants' objections are overruled, the proposed redacted exhibit is attached

*Redacted exhibit to be used*
*as Exhibit 242*

## PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | hereto. | | | | |
| 462:19-24 | | | | | |
| 462:25-464:16 | 463:6-12:  Counsel is just reading the document into the record.  The document is the best evidence of what it says.  FRE 1002. | Document must be read to provide context for counsel's questions. | | | |
| 465:6-20 | | | | | |
| Exhibit 142 | Lacks personal knowledge.  FRE 602.  The email was written by Lavington who was deposed. | Lorenz does not lack personal knowledge as he was sent the email in the Exhibit.  Lorenz shows he has personal knowledge by testifying that he thought he did participate in developing messages for Schull. | | | |

**PLAINTIFFS' DESIGNATION OF JOSEPH LORENZ**

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition November 18 & 26, 2002

| Page/Line Cite | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Cross-Examination Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 470:19-471:11 | Speculation. FRE 602. | Lorenz shows he has personal knowledge and is not speculating by testifying that he thought he did participate in developing messages for Schull. | | | |

- 26 -

SFI-59673901