# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

**Deposition April 19, 2005**

| Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|
| 7:8-11 | |
| 8:24-9:21 | |
| 25:22-26:5 | |
| 27:10-28:4 | |
| 29:2-14  Designation omits part of answer and should include 29:15-20  *29:15-20* | |
| 30:22-25 | |
| 34:8-14 | |
| 39:11-40:4 | |
| 68:25-69:1, 7, 9 | |

Chambers Copy

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

Deposition April 19, 2005

| Plaintiffs' Designations | Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 69:11-15 | | |
| 72:18-73:4 | 73:5-12 | |
| 74:11-15 | | |
| 74:20-24 | 74:25-75:2 | |
| 75:3-11 | 75:12-17 | |
| | 77:15-78:3 | |
| 80:13-22 | | Lacks foundation and calls for speculation. FRE 602. |

## PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

Deposition April 19, 2005

| | Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 81:8-14 | Irrelevant, misleading; no spy police were involved in Parabe. FRE 401-403. | The evidence is not offered on the issue of what took place at Parabe, but generally on issues of agency and control over the GSF by CNL. |
| 103:9-104:6 | *90:10-12* | |
| | *104:7-12* | |
| 105:8-18 | | |
| 109:21-110:11 | Deponent lacks personal knowledge of risk management team because he did not participate in it, did not know anyone on the team and did not provide any information to them. *See Dep. 110:12-25.* | The fact that the witness was unable to testify concerning it as his supervisor, Scott Taylor, was a "core member." |
| 111:3-21 | Testimony regarding 1999 security review is irrelevant and prejudicial because it post-dates the Parabe incident. MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger Delta, which | The security review was not focused on post Parabe conditions in the Niger Delta, but was rather a generic review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring |

3

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

## Deposition April 19, 2005

| Plaintiffs' Designations | Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 115:19-23 | | pre-Parabe. included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. *See* Dep. 224:21-225:3. It would mislead the jury and be unduly prejudicial. FRE 401-403. |
| 118:16-120:4 | *117:7-18* | |
| | *120:5-14* | |
| 152:21-25 | *129:19-130:1; 130:13-20* | |
| 153:6-9 | | |

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

Deposition April 19, 2005

| Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|
| 150:23-151:12 | Clearly speculative testimony lacking in foundation. FRE 602. |
| 153:12-155:4 | |
| 157:5-158:9 | Witness makes clear he is speculating; lacks foundation. FRE 602. |
| 158:20-22 | |
| 160:9-161:11 | |
| 162:16-164:4 | |
| 164:5-8 | |
| 166:20-167:9, Exhibit 57 | |
| 169:1-170:4 | |

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

## Deposition April 19, 2005

| Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|
| 224:6-18 | Testimony regarding interview done in connection with 1999 security review is irrelevant and prejudicial because it post-dates the Parabe incident. As MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger Delta, which included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. *See Dep. 224:21-225:3.* It would mislead the jury and be unduly prejudicial. FRE 401-403. Deponent lacks personal knowledge of statements from interviewees; hearsay. FRE 602, 802. | The security review was not focussed on post Parabe conditions in the Niger Delta, but was rather a generic review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring pre-Parabe. |
| 225:4-11 | Testimony regarding interview done in connection with 1999 security review is irrelevant and prejudicial because it post-dates the Parabe incident. As MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger Delta, which included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. *See Dep. 224:21-225:3.* It would mislead the jury and be unduly prejudicial. FRE 401-403. Deponent lacks personal knowledge of statements from interviewees; hearsay. FRE 602, 802. | The security review was not focussed on post Parabe conditions in the Niger Delta, but was rather a generic review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring pre-Parabe. |

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

## Deposition April 19, 2005

| | Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 225:20-24 | Testimony regarding supervision or provision of counsel following 1999 security review is irrelevant and prejudicial because it post-dates the Parabe incident. As MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger Delta, which included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. See Dep. 224:21-225:3. It would mislead the jury and be unduly prejudicial. FRE 401-403. | The security review was not focused on post Parabe conditions in the Niger Delta, but was rather a generic review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring pre-Parabe.<br><br>This testimony relates to the Spy police, which were utilized by CNL in the years preceding Parabe. |
| 226:2-15 | Testimony regarding training which occurred in May 1999 following 1999 security review is irrelevant and prejudicial because it post-dates the Parabe incident. As MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger Delta, which included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. See Dep. 224:21-225:3. It would mislead the jury and be unduly prejudicial. FRE 401-403. | The security review was not focused on post Parabe conditions in the Niger Delta, but was rather a generic review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring pre-Parabe.<br><br>This testimony relates to the Spy police, which were utilized by CNL in the years preceding Parabe. |
| 227:14-228:3 (through "three- | Testimony regarding training which occurred in May 1999 following 1999 security review is irrelevant and prejudicial | The security review was not focused on post Parabe conditions in the Niger Delta, but was rather a generic |

7

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

## Deposition April 19, 2005

| | Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| day course") | because it post-dates the Parabe incident. As MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger Delta, which included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. *See* Dep. 224:21-225:3. It would mislead the jury and be unduly prejudicial. FRE 401-403. | review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring pre-Parabe.<br><br>This testimony relates to the Spy police, which were utilized by CNL in the years preceding Parabe. |
| 228:11-15 | Testimony regarding whether training was provided for military in connection with 1999 security review is irrelevant and prejudicial because it post-dates the Parabe incident. As MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger Delta, which included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. *See* Dep. 224:21-225:3. It would mislead the jury and be unduly prejudicial. FRE 401-403. | The security review was not focused on post Parabe conditions in the Niger Delta, but was rather a generic review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring pre-Parabe. |
| 230:3-10 | Testimony relating to expected results following 1999 security review is irrelevant and prejudicial because it post-dates the Parabe incident. As MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger | The security review was not focused on post Parabe conditions in the Niger Delta, but was rather a generic review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring |

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF MALCOLM MACLEOD**

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)

**Deposition April 19, 2005**

| Objection/Counter-Designations (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|
| | pre-Parabe. |
| Delta, which included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. *See* Dep. 224:21-225:3. It would mislead the jury and be unduly prejudicial. FRE 401-403. | |
| 237:17-238:8 and Exh. 68 — Exhibit 68 (1999 security review) and testimony about exhibit is irrelevant and prejudicial because it post-dates the Parabe incident. As MacLeod makes clear, the concern arose because of the deteriorating security situation in the Niger Delta, which included Ijaw hostage takings and the Ijaw/Ilaje crisis that plaintiffs have continuously tried to exclude. *See* Dep. 224:21-225:3. It would mislead the jury and be unduly prejudicial. FRE 401-403. | The security review was not focussed on post Parabe conditions in the Niger Delta, but was rather a generic review of CNL's use of the GSF across time. Many comments from CNL staff involved incidents occurring pre-Parabe. |
| *238:9-14 (designated only if security review materials come in)* | |

9