**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| ALL | Plaintiffs object to this deposition being read and request the videotape be played. | | | | |
| 4:14-16 | | | | | |
| 12:4-6 | | | | | |
| 12:13-18 | | | | | |
| 16:15-21 | | | | | |
| 18:1-9 | | | | | |
| 18:25 – 19:5 | | | | | |
| 19:24 – 20:6 | | | | | |
| | *167:23-168:25* | Testimony should appear in proper order. | | | |
| 21:12-23 | | | | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE

(Testifying By Way of Deposition Only)

(Counter-Designations in italicized text)

Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 22:10-12 | | | | | |
| 22:23-23:16 | | | | | |
| 25:3-5 | | | | | |
| 25:13-26:24 | | | | | |
| 35:23-37:9 | | | | | |
| 37:15-37:18 37:24-38:12 | Exhibit 2706 (Letter from Nigerian Police re: reapplication and autopsy reports for Joli Adelin and Arolika Omosebie) and testimony about exhibit contain inadmissible hearsay based on reports from third parties. FRE 802. Report contains opinions regarding range of fire which was excluded by | Dr. Ajewole testified about his preparation of this autopsy report. To the extent that the autopsy report contains certain background information, such as name of deceased, that information was provided to Dr. Ajewole so that he could perform these autopsies. FRE 803(4) and (6). Dr. Ajewole also is | | | |

Case 3:99-cv-02506-SI   Document 2112-2   Filed 11/13/2008   Page 3 of 31

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | the Court's ruling on Defs.' Motion in Limine No. 8 (Dkt. #2001). The phrase "mid-range" (which describes the alleged range of fire) must be redacted from both Omoseibe's and Adehin's reports to conform with the Court's order. The autopsy reports are not properly authenticated, FRE 902 (3), (12). Information in the exhibit is not subject to the exception for business records because the requisite foundation was not laid. Information in the exhibit is not subject to the hearsay exception for medical statements for purposes of diagnosis or treatment because the rule contemplates a patient- | qualified to opine about all matters contained in these autopsy reports. FRE 701-702. While the court has granted Defendants' motion in limine regarding Dr. Ajewole's testimony it did so only insofar as his testimony contains opinions about the distance of the shooters. Defendants' objections to other aspects of the autopsy report were overruled by the court. Plaintiffs agree to redact this exhibit so that the information about the range of the shots is omitted | *OK* | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 39:14-24 | | Not relevant. FRE 401. The testimony should also appear in its proper order in the transcript. | | | |
| | *170:14-171:12:* Defendants are not objecting to the testimony regarding Adehin and thus plaintiffs' objection to lines 171:8-12 should be disregarded. In addition, plaintiffs have designated testimony about Exhibit 2706 which contains the Adehin report and the same evidence (see 37:15- | As the court has at this point ruled the autopsy report concerning Joli should be excluded. Plaintiffs move to strike 171:8-12. | | | |
| | doctor exchange; the decedents were incapable of providing any statement; and the information provided was not necessary to either diagnosis or treatment – which does not have any clear application in the post-mortem exam context. | | | | |

4

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 40:2-11 | 38:12. The objection does not really pertain to 40:2-7.<br><br>Inadmissible hearsay based on note from unknown third party, purportedly stating the bodies were found floating in the water and that bodies should be taken for preservation. The note is from an unknown third party as is the information in the note. FRE 802. Ajewole lacks personal knowledge regarding the note and its contents. FRE 602. Testimony violates the best evidence rule. FRE 1002. | As for 40:8-11, that information was provided to Dr. Ajewole so that he could perform these autopsies. FRE 803(4) and (6). | | | |
| | 183:4-9 | This designation should also include 182:23-183:3 and it should appear in its proper order in the transcript. | | | |

Case 3:99-cv-02506-SI   Document 2112-2   Filed 11/13/2008   Page 6 of 31

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Plaintiffs' Objections to Counter-Designations |
|---|---|---|---|---|---|
| 43:21-25 | | | | | |
| 47:3-6 | | | | | |
| | 44:15-46:7 | | | | |
| 47:16-48:1 | | | | | |
| | 153:8-154:9 | This designation should appear in its proper order in the transcript. | | | |
| 52:23-53:25 | 53:10-22:  Inadmissible opinion evidence. Deponent is not qualified to opine as to cause of death and there is no basis for or accepted methodology underlying the opinion. FRE 701-702.  Ajewole simply claims to "have made up my mind that this was the cause of death | As to 53:10-22, Dr. Ajewole is qualified to opine about the cause of death. FRE 701-702. His testimony is, of course, highly relevant to the issues in this lawsuit. | | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations. |
|---|---|---|---|---|---|
| | within the one month that the body had been lying there." These objections are being asserted to preserve them though the Court has previously ruled on defendants' motion in limine regarding this issue. Unduly prejudicial and would confuse the jury. FRE 403. | | | | |
| | *154:23-155:6* | This designation should appear in its proper order in the transcript. | | | |
| 54:10-54:24<br>55:7-9<br>56:1-3 | 54:10-16: Testimony regarding request for autopsy is cumulative. FRE 403 | As to 54:10-54:16, testimony that examination was not done at the request of family member is not cumulative.<br><br>As to 54:21-55:9, Dr. Ajewole is qualified to | | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Plaintiffs' Objections to Counter-Designations |
|---|---|---|---|---|---|
| 56:12-56:14 | | opine about the number of bullet wounds in the body. FRE 701-702. Such testimony also is highly relevant to issues in the lawsuit. | | | |
| 56:18-57:15 | | | | | |
| | 57:21-58:15 | | | | |
| 58:23-59:17 | | | | | |
| 61:15-23 | | | | | |
| 65:3-6 | 65:3-6; 65:11-67;15: Inadmissible opinion evidence that decedent was shot at an angle based on poking scissors into the body and there is no basis for or accepted | With regard to both 65:3-67:15 and 67:17-68:10, Dr. Ajewole is speaking from personal knowledge to the extent that he is recounting his own observations. Dr. Ajewole also is qualified to | | | |
| 65:11-68:10 | | | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
**(Testifying By Way of Deposition Only)**
**(Counter-Designations in italicized text)**
**Deposition December 14, 2005**

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | 67:17-68:10: Inadmissible opinion evidence as to cause of death. Deponent is not qualified to opine as to cause of death and there is no basis for or accepted methodology underlying the opinion. FRE 701, 702. These objections are being asserted to preserve them though the Court has previously ruled on defendants' motion in limine regarding this issue. Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent lacks personal knowledge. FRE 602. These objections are being asserted to preserve them methodology underlying the opinion. FRE 701-702. These objections are being asserted to preserve them | opine about these issues, such as the angle of the shot and the cause of death. FRE 701-702. All this testimony is highly relevant to issues in the lawsuit. Moreover to the extent Defendants' motion in limine addressed these opinions it was overruled. | | | |

Case 3:99-cv-02506-SI   Document 2112-2   Filed 11/13/2008   Page 10 of 31

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | *173:8-175:19* | This designation should appear in its proper order in the transcript. | | | |
| | 68:12-25: Motion to strike was not made at the time and the answer given is in response to the question. This counter-designation is being asserted to preserve it though the Court has previously ruled on defendants' motion in | 68:12-18: Move to strike everything as non-responsive to the question asked; the testimony is also speculative and lacks foundation; improper expert opinion; danger of unfair prejudice, confusion or misleading jury. Court previously granted it's | | | |
| | though the Court has previously ruled on defendants' motion in limine regarding this issue. Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent lacks personal knowledge. FRE 602. | | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
**(Testifying By Way of Deposition Only)**
**(Counter-Designations in italicized text)**
**Deposition December 14, 2005**

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 69:12-70:20 | 69:12-70:6: Testimony based on inadmissible | As to 69:12-70:6, the information about the bodies | | | |
| | *limine regarding this issue.* | motion in limine no.3 re: opinions by Dr. Ajewole. Re: meaning of charms, Juju or witchcraft. 68:23-25: Move to strike everything after the testimony "I would not say the charms killed him" as non-responsive to the question asked; the testimony is also speculative and lacks foundation; improper expert opinion; danger of unfair prejudice, confusion of misleading jury. Court previously granted it's motion in limine no.3 re: opinions by Dr. Ajewole. Re: meaning of charms, Juju or witchcraft. | | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | hearsay reports of third party. FRE 802. Inadmissible opinion evidence. Deponent is not qualified to opine as to whether deceden[t] had drowned and there is no basis for or accepted methodology underlying the opinion. FRE 701-702. These objections are being asserted to preserve them though the Court has previously ruled on defendants' motion in limine regarding this issue. Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent lacks personal knowledge. FRE 602. | being submerged was provided to Dr. Ajewole so that he could perform these autopsies. FRE 803(4) and (6). To the extent that Dr. Ajewole is recounting his own observations, he is speaking from personal knowledge. Dr. Ajewole also is qualified to opine about such issues as whether cause of death was drowning. FRE 701-702. This testimony is highly relevant to issues in the lawsuit. Moreover to the extent Defendants' motion in limine addressed these opinions it was overruled. | | | |
| | 70:7-20: Testimony regarding what young | As to 70:7-20, Dr. Ajewole is speaking from personal | | | |

Case 3:99-cv-02506-SI   Document 2112-2   Filed 11/13/2008   Page 13 of 31

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 71:12-72:1 | Testimony regarding what would have looked like if decedent had been shot within one meter by a rifle is excluded by the Court's ruling on Defendants' Motion in Limine No. 8) because it is testimony about the range of shooting. Deponent is not qualified to offer opinion. An incomplete hypothetical regarding shotgun shot within one meter and there is no basis for the accepted methodology underlying the opinion. FRE 701-702. Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent lacks personal knowledge. FRE 602. | To the extent that Dr. knowledge to the extent that he is recounting his own observations. Dr. Ajewole also is qualified to opine about such issues as what would be the wounds from a rifle shot within one meter of a person's chest. FRE 701-702. This testimony is highly relevant to issues in the lawsuit. Moreover to the extent Defendants' motion in limine addressed these opinions it was overruled. | | | |

13

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 72:3-7 | wound would have looked like if decedent had been shot within one meter by a shotgun and appearance of exit wounds is excluded by the **Court's ruling on Defendants' Motion in Limine No. 8** because it is | Ajewole is recounting his own personal observations, he is speaking from personal knowledge. Dr. Ajewole also is qualified to opine about such issues as what would be the wounds from a rifle shot within one meter of a person's chest. FRE 701-702. This testimony is highly relevant to issues in the lawsuit. Moreover to the extent Defendants' motion in limine addressed these opinions it was overruled. | | | |
| 72:11-20 | testimony about the range of shooting. Deponent is not qualified to opine on incomplete hypothetical regarding rifle shot within one meter and there is no basis for or accepted methodology underlying the opinion. FRE 701-702. Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent lacks personal knowledge. FRE 602. | | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 73:25-74:21<br><br>74:25-76:14 | 73:25-76:14: Reference to Exhibit 2706 is objectionable as set forth in the objections to 37:15-38:12, *supra*.<br><br>73:25-74:5; 74:13-18: Testimony about date of death and name of deceased is inadmissible hearsay from third party. FRE 802. It is not subject to the business records exception because it contemplates a patient-doctor exchange; the decedents were incapable of providing any statements; | As to 73:1-76:14, the references to Exhibit 2706 are not objectionable for the reasons set forth above.<br><br>As to 73:25-74:5 and 74:13-18, that information was given to Dr. Ajewole for purposes of a medical diagnosis and fall within exceptions to the hearsay rule. FRE 803(4) and (6).<br><br>As for 76:1-14, Dr. Ajewole is speaking from personal knowledge to the extent that he is recounting his own personal observations. Dr. Ajewole also is qualified to opine about such issues as whether the wounds were caused by a shotgun. FRE 701-702. This testimony is highly relevant to issues in | | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Plaintiffs' Objections to Counter-Designations |
|---|---|---|---|---|---|
| | and the information provided was not necessary to either diagnosis or treatment – which does not have any clear application in the post-mortem exam context.<br><br>Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent lacks personal knowledge. FRE 602.<br><br>*145:23-146:24:* As to the counter-designation of 146:14-24, it is being asserted to preserve it though the Court has previously ruled on defendants' motion in limine regarding this issue. | the lawsuit. Moreover to the extent Defendants' motion in limine addressed these opinions it was overruled. Plaintiffs agree to redact this exhibit so that the information about the range of the shots is omitted.<br><br>146:14-24: Testimony is speculative and lacks foundation; hearsay; improper expert opinion; danger of unfair prejudice, confusion, or misleading jury; relevance. The court has previously granted Plaintiffs' motion in limine no. 3 re: any opinions by Dr. | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
**(Testifying By Way of Deposition Only)**
**(Counter-Designations in italicized text)**
**Deposition December 14, 2005**

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | | Ajewole concerning the meaning of charms, Juju, and witchcraft. | | | |
| | *147:4-150:11* Testimony relates to percipient observations of clothing/other items found on decedent's body. | *149:5-25:* danger of unfair prejudice, confusion or misleading jury | | | |
| 76:22-80:17 | | | | | |
| 81:21-82:11 | | | | | |
| 82:24-83:19 | Inadmissible opinion evidence. Deponent is not qualified to opine whether drowning was a cause of death and there is no basis for for accepted methodology underlying the opinion. FRE 701-702. These objections are being asserted to preserve them | To the extent that Dr. Ajewole is recounting his personal observations, he is speaking from personal knowledge. Dr. Ajewole also is qualified to opine about such issues as whether drowning was the cause of death. FRE 701-702. In general, this testimony is | | | |

Case 3:99-cv-02506-SI   Document 2112-2   Filed 11/13/2008   Page 18 of 31

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | though the Court has previously ruled on defendants' motion in limine regarding this issue. Unduly prejudicial and would confuse the jury. FRE 401–403. Deponent lacks personal knowledge. FRE 602. | highly relevant to issues in the lawsuit. Moreover to the extent Defendants' motion in limine addressed these opinions it was overruled. | | | |
| | 83:3-4; Ajewole's testimony that "they mentioned 'water'" is based on inadmissible hearsay report of a third party. FRE 802. | | | | |
| 83:23-86:2 | Reference to Exhibit 2706 is objectionable as set forth in the objections to 37:15-38:12, *supra.* | Reference to Exhibit 2706 is not objectionable for the reasons set forth above at 37:15-38:12. | | | |
| | 85:1-4; 85:12-19: Deponent's listing of decedent's name and | With regard to 85:1-4 and 12:19, those statements had been made for purposes of a | | | |

DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Plaintiffs' Objections to Counter-Designations |
|---|---|---|---|---|---|
| | probable date of death in report is inadmissible hearsay because it was reported by a third party. FRE 802. Information is not subject to the hearsay exception for medical statements for purposes of diagnosis or treatment because the rule contemplates a patient-doctor exchange; the decedents were incapable of providing any statements; and the information provided was not necessary to either diagnosis or treatment – which does not have any clear application in the post-mortem exam context. | medical diagnosis and fall within exceptions to the hearsay rule. FRE 803(4) and (6). Plaintiffs agree to redact this exhibit so that the information about the range of the shots is omitted. | | | |
| 86:25-87:3 | Reference to Exhibit 2706 is | Reference to Exhibit 2706 is | | | |

Case 3:99-cv-02506-SI    Document 2112-2    Filed 11/13/2008    Page 20 of 31

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | objectionable as set forth in the objections to 37:15-38:12, *supra.* | not objectionable for the reasons set forth above at 37:15-38:12. | | | |
| | | Plaintiffs agree to redact this exhibit so that the information about the range of the shots is omitted. | | | |
| | *92:7-21* | This designation should appear in its proper order in [signature] the transcript. | | | |
| 92:22-93:8 | | | | | |
| 122:11-19 | Testimony regarding alleged diameter of wounds is irrelevant because information only used to calculate the alleged range of shooter, and the Court's ruling on Defendants' Motion in Limine No. 8 has excluded that testimony. | | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | Testimony would also mislead the jury and be unduly prejudicial. FRE 401-403. | | | | |
| | *122:20-126:3* | *122:20-123:11 and Exhibit 2711: danger of unfair prejudice, confusion or misleading jury* | | | |
| | *Exhibit 2711:* No danger that jury will be misled. Ajewole testifies that he has experience making anatomical drawings. Drawing is based on his observations. | *124:23-126:3: danger of unfair prejudice, confusion or misleading jury* | | | |
| 127:13-20 | Incomplete designation should include full answer to question 127:21-128:1. FRE 106. | It is a complete designation. | OK | | |
| | *127:21-128:1* | . | | | |
| | *133:4-16* | This testimony should appear in its proper order in | | | |

21

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | | the transcript. | | | |
| 150:15-24 | 124:16-22 | | | | |
| | 150:25-151:2 | This testimony should appear in its proper order in the transcript. | | | |
| | 166:16-167:3 | | | | |
| | 152:21-153:2 | | | | |
| 155:9-11 | Testimony regarding alleged diameter of wounds is irrelevant because information only used to | | | | |

14

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | calculate the alleged range of shooter, and the Court's ruling on Defendants' Motion in Limine No. 8 has excluded that testimony. Testimony would also mislead the jury and be unduly prejudicial. FRE 401-403. | | | | |
| | *158:23-159:4* Testimony is not cumulative because testimony regarding failure of Ajewole to x-ray the bodies has not previously been designated. | Cumulative. FRE 401-403. | | | |
| 159:5-22 | Unduly prejudicial and would mislead the jury. FRE 401-403. | Dr. Ajewole describes his actual observations in response to questions from defense counsel. Probative value outweighs any arguable prejudice. FRE | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | | | | | |
| | *160:22-25* | 401-403. | | | |
| | Not relevant, FRE 401. | | | | |
| | *161:20- 162:2 (beginning with "Have you") Testimony regarding whether Ajewole had performed tissue analysis is relevant and proper cross-examination regarding his opinions and conclusions about tissue he fished out from decedents with his scissors.* | | | | |
| 162:18-23 | Deponent is not qualified to opine as to cause of death and there is no basis for or accepted methodology underlying the opinion. FRE 701-702. This | To the extent that Dr. Ajewole is recounting his personal observations, he is speaking from personal knowledge. Dr. Ajewole also is qualified to opine | | | |

24

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 163:13-164:17 (beginning with the word "did") | objection is being asserted to preserve it though the Court has previously ruled on defendants' motion in limine regarding this issue. | that both men had been shot with shotgun pellets. FRE 701-702. While the court has, granted Defendants' motion in limine regarding Dr. Ajewole's testimony it did so only insofar as his testimony contains opinions about the distance of the shooters. This testimony is highly relevant to the issues in the lawsuit. | | | |
| 176:24-25 | *164:18-20* | The designated testimony is an unintelligible sentence fragment. Plaintiffs have withdrawn their designation | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 179:19-180:21 | Photographs of corpses and testimony regarding same would be unduly prejudicial. FRE 403. The photographs of the corpses and related email were excluded by the Court's knowledge. Dr. Ajewole also is qualified to opine as to whether there is evidence | To the extent that Dr. Ajewole is recounting his personal observations, he is speaking from personal | | | |
| | as to remainder of the sentence and have agreed not to seek to introduce the corpse photos. Furthermore, the photographs of corpses and testimony regarding same would be unduly prejudicial. FRE 403. The photographs of the corpses and related email were excluded by the Court's ruling on Defendants' Motion in Limine No. 4 (Dkt. #2001). | | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 180:25-181:24 | *ruling on Defendants'* Motion in Limine No. 4 (Dkt. #2001). Inadmissible opinion testimony. Deponent is not qualified to opine whether there were burns or "active charring" on the body. FRE 701-702. These objections are being asserted to preserve them although the Court has previously ruled on defendants' motion in limine regarding this issue. Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent has no personal knowledge. FRE 602. | of burns or active charring. FRE 701-702. While the court has granted Defendants' motion in limine regarding Dr. Ajewole's testimony it did so only insofar as his testimony contains opinions about the distance of the shooters. This testimony is highly relevant to the issues in the lawsuit. | | | |
| | *180:22-24* | | | | |
| | Testimony regarding | To the extent that Dr. | | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Plaintiffs' Objections to Counter-Designations |
|---|---|---|---|---|---|
| | difference in appearance of skin for contact wounds and near discharge wounds is testimony related to the range of firing which is excluded by the **Court's ruling on Defendants' Motion in Limine No. 8.** Inadmissible opinion evidence regarding differences between contact wounds and discharge wounds and there is no basis for or accepted methodology underlying the opinion. FRE 701-702. Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent lacks personal knowledge. FRE 602. | Ajewole is recounting his percipient observations, he is speaking from personal knowledge. Dr. Ajewole also is qualified to opine about differences between contact wounds and discharge wounds. FRE 701-702. Defendants objected to a specific procedure Dr. Ajewole used to estimate the distance of the shooters, Dkt. 1920, 9:7-11:10. The Court has granted Defendants' motion, but only insofar as his testimony contains opinions about the distance of the shooters. Dkt. 2001, 5:1-3. The court rejected Defendants' more general contention that Dr. Ajewole's methods do not | | | |

**DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE**
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| 184:2-23 | | is highly relevant to plaintiffs' claims. | | | |
| 185:13-18 | Testimony regarding whether he found evidence of contact wounds or near contact wounds is discharge wounds is testimony related to the range of firing which is excluded by the Court's **ruling on Defendants' Motion in Limine No. 8.** Inadmissible opinion evidence as to distance at | To the extent that Dr. Ajewole is recounting his percipient observations, he is speaking from personal knowledge. Dr. Ajewole also is qualified to opine about differences between contact wounds and discharge wounds. FRE 701-702. Defendants objected to a specific | | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE
### (Testifying By Way of Deposition Only)
### (Counter-Designations in italicized text)
### Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | which the wounds were allegedly inflicted and there is no basis for or accepted methodology underlying the opinion. FRE 701-702. Unduly prejudicial and would confuse the jury. FRE 401-403. Deponent lacks personal knowledge. FRE 602. | procedure Dr. Ajewole used to estimate the distance of the shooters. Dkt. 1920, 9:7-11:10. The Court has granted Defendants' motion, but only insofar as his testimony contains opinions about the distance of the shooters. Dkt. 2001, 5:1-3. The court rejected Defendants' more general contention that Dr. Ajewole's methods do not conform with scientific standards. As long as the testimony is confined to a characterization of the wounds rather than a judgment as to the distance of the shooters, it is admissible. This testimony is highly relevant to plaintiffs' claims. | | | |

## DESIGNATIONS OF DEPOSITION TESTIMONY OF WILLIAMS O. AJEWOLE

(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition December 14, 2005

| Plaintiffs' Designations | Defendants' Objections and Counter-Designations | Plaintiffs' Responses to Defendants' Objections and Objections to Counter-Designations | Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|---|---|---|
| | *182:12-14* | This testimony should appear in its proper order in the transcript. | OK | | |

31