# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 6:8-19 | | |
| 10:13-14 | | |
| 10:16-17 | | |
| 10:24-25 | | |
| 11:2-8 | | |
| 11:12-18 | | |
| 11:20-12:6 | | |
| 12:19-13:2 | | |
| 15:5-15:24 | | |
| 16:1-16:2 | | |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 16:12-22 | | |
| 16:25-17:15 | | |
| 18:5-19:7 Exhibit 730 | | |
| 19:9-20:5 | | |
| 20:8-16 | | |
| 20:18-22 | | |
| 21:1-3 | | |
| 21:5-23 | | |
| 21:25 | | |

SFI-597445v1

2

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 22:2 | | |
| 22:4-6 | | |
| 22:9-19 | | |
| 22:22-23:2 | | |
| 23:5-9 | Lacks foundation. Defendants made the decision not to produce Tim Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. | Browne knew it because he worked at the barge and was familiar with the safety rules. *See* 23:25-24:6. Further, plaintiffs did not specify a foundation objection (FRE 602) at the deposition. |
| 24:21-25:6 | 25:2-6: "I knew it was unauthorized" is nonresponsive to the question asked and lacks foundation. The question also calls for hearsay. Defendants made the decision not to produce Tim Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. | This goes to his state of mind and is responsive to the question. Further plaintiffs did not specify a foundation objection (FRE 602) at the deposition. |

SFI-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

**(Counter-Designations in italicized text)**

**March 25, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 25:24-26:7 | | |
| 26:18-22 | | |
| 26:24-27:3 | | |
| 28:3-20 | | |
| 28:23-29:10 | | |
| 29:12-13 | | |
| 29:15-30:10 | 29:17-20: Browne's response lacks foundation because he responds not for himself, but in terms of "us" and "we." Browne doesn't establish that he has personal knowledge of what anyone other than himself normally did, or whether others were allowed to move freely). *The response is also based on hearsay* ("They wouldn't allow us to go to the platform…."). *Defendants made the decision not to produce Tim Browne as a live witness at trial and should not be given any leeway simply* | These foundation objections were not made at the deposition and were waived. Even if they had not been, Mr. Browne had personal knowledge because he was there and unable to work. |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | because he is testifying via deposition. | |
| 30:15-20 | 30:8-10. Again, Browne's response lacks foundation because he responds not for himself, but in terms of us ("They wouldn't allow us to work...."). The response is also based on hearsay. | |
| 30:22-25 | Browne's testimony regarding a violent encounter he had with an Ilaje is more prejudicial than probative and should be excluded under Rule 403. There is no evidence that plaintiffs or their witnesses were involved in the violent encounter. Although Browne purports to identify the Ilaje with beads as one of the decedents (at 65-66), there is no evidence that the decedent he identified was Arolika Irowarinum (as opposed to the other decedent, non-plaintiff Joli Ogungbege). There is no evidence that Davis or any other decision-maker at CNL had any knowledge of this incident. This incident doesn't help prove or disprove any of the claims or defenses in this case. The incident will prejudice plaintiffs because the jury may infer by association that plaintiffs themselves were violent. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of violence on the barge contradicts their testimony. |

SFI-59744Svl

SFI-59744Sv1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 31:2-5 | Same objection as to 30:22-25. | *See response to 30:22-25.* |
| 31:8-32:15 | Same objection as to 30:22-25.<br><br>32:9-15: Hearsay. | *See response to 30:22-25.* |
| 33:1-5 | Browne's testimony about juju lacks foundation, must be based on hearsay, and is extremely prejudicial. The Court has already excluded Dr. Ajewole's testimony about juju on the grounds that he is not an expert in juju. Similarly, Browne is not an expert in juju and should not be permitted to testify about it. Browne's testimony at 97:14-20 does not qualify him to testify about juju; all Browne says is that he developed a notion of what a juju man was "from my experiences working [in Nigeria] prior years and talking to some of the . . . nationals and . . . the Nigerians." Browne later testified (at 300:2-14) that he couldn't "remember the exact conversation" he had with the Nigerian nationals regarding juju.<br><br>Defendants' response that "The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to | Tim Browne had familiarity with juju and a foundation to speak about it (*see* 97:14-20), and it affected his state of mind when the person confronting him showed Browne his beads. *See* 33:8-10. That juju causes some Nigerians to believe they have special protection factored into the apprehension of Browne and the other witnesses. The broader issue of juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military. The ruling on Ajewole is not relevant to Browne. Ajewole was not on the barge, so his perception of juju does not bear directly on the underlying events. But Tim Browne was there and the state of mind of the expatriates is as central to the case as plaintiffs' contentions that they were peaceful protestors. |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | |
| 33:8-18 | 33:8-10:  The question calls for hearsay, and the response is not responsive to the question.  Browne's response [illegible] responsive to the question.  Browne's response [illegible] foundation because he simply testifies that the Ilaje showed him his beads. This does not establish that the Ilaje meant he could not be harmed.  Further, for the reasons stated above, Browne should not be permitted to testify regarding his (Browne's) speculative beliefs about juju.

Defendants' response that "The broader issue of juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | *See response to 33:1-5.* |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 33:21-22 | | |
| 33:24 | | |
| 34:11-13 | 34:11-13: Browne testifies at 34:17-18 that he did not see the Ilaje kick in the door of the radio room, so he lacks foundation to testify "They kicked it in, tried to kick it in and tore it up." It's possible that the damage was done by one of the workers. There is no evidence that Browne's state of mind about the radio room door (was ever passed along to any CNL decision-makers (or anyone else), and his state of mind is therefore irrelevant. | This is Tim Browne's understanding and is relevant to his state of mind. Defendants' proposed to add a completeness designation of 35:3-7 so the jury has complete information about what contributed to his state of mind. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. See 10/29/08 Tr., 271:10-18, 272:14-16. |
| 34:17-35:2 | | |
| 36:6-9 | The question is vastly overbroad, vague and compound. | The question is proper. |
| 36:12 | The question is vastly overbroad, vague and compound. | The question is proper. |

SFI-597445v1

DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 36:15 | | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not touch the tools at all. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The state of mind of Browne is relevant and his deductions are reasonable given that there is no evidence in the case that the Ilaje were engaging in any work on the barge that would cause them to use the tools. |
| 36:21-37:7 | | |
| 37:10-17 | | |
| 38:7-16 | | |
| 38:20-21 | Rule 403 (more prejudicial than probative); lacks foundation; speculation; Browne's belief about why the Ilajes were touching tools is irrelevant as there is no evidence that such beliefs were conveyed to any CNL decision-makers (or anyone else). | Plaintiffs argued at trial during Mr. Boyo's testimony (an |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 38:24-25 | Rule 403 (more prejudicial than probative); lacks foundation; speculation; Browne's belief about why the Ilaje were touching tools is irrelevant as there is no evidence that such beliefs were conveyed to any CNL decision-makers (or anyone else). | Isekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16.<br><br>Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not touch the tools at all. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The state of mind of Browne is relevant and his deductions are reasonable given that there is no evidence in the case that the Ilaje were engaging in any work on the barge that would cause them to use the tools. |
| 39:3-6 | Rule 403 (more prejudicial than probative); Browne's state of | Plaintiffs argued at trial during Mr. Boyo's testimony (an Isekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16.<br><br>Plaintiffs repeatedly elicited testimony that everything on the |

SFI-597445v1

DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 39:8 | mind is irrelevant to the claims and defenses in this lawsuit as there is no evidence that any of the decision-makers at CNL knew anything about Browne's state of mind. | barge was peaceful during their entire occupation and that the Ilaje did not touch the tools at all. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The state of mind of Browne is relevant and his deductions are reasonable given that there is no evidence in the case that the Ilaje were engaging in any work on the barge that would cause them to use the tools. |
| 39:10-12 | | |
| 39:15-20 | | |
| 40:9-20 | | |
| 40:22-41:11 | 40:15-20: Browne is speculating that the Ilajes were "making some type of bomb." This testimony is extremely prejudicial | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that |

SFI-597445v1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | and has no probative value. There is no evidence that Browne's supposed beliefs about the bombs was ever conveyed to anyone at CNL. | the Ijaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ijaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ijajes is directly relevant to the case. The state of mind of Browne is relevant to the events on the barge and how they resulted in the decision to call in the military. |
| 41:14-17 | 41:5-11: Rule 403 (more prejudicial than probative); speculation. | Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. See 10/29/08 Tr., 271:10-18, 272:14-16.

Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ijaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ijaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ijajes is directly relevant to the |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | case. The state of mind of Browne is relevant to the events on the barge and how they resulted in the decision to call in the military. |
| 41:20-21 | Rule 403 (more prejudicial than probative); speculation, irrelevant what Browne's beliefs were as they were never conveyed to anyone at CNL. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilaje is directly relevant to the case. The state of mind of Browne is relevant to the events on the barge and how they resulted in the decision to call in the military. |
| 41:23-25 | Rule 403 (more prejudicial than probative); speculation, | Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of workers is relevant, and the Court agreed. See 10/29/08 Tr., 271:10-18, 272:14-16.

Plaintiffs repeatedly elicited testimony that everything on the |

SFI-59744Sv1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

## (Counter-Designations in italicized text)

### March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilaje is directly relevant to the case. The state of mind of Browne is relevant to the events on the barge and how they resulted in the decision to call in the military. |
| | irrelevant what Browne's beliefs were as they were never conveyed to anyone at CNL. | Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| | Defendants' response: No objection to the testimony. | Plaintiffs' response: Exh. 742 is Tim Browne's letter to CNL dated March 1, 1999 regarding the Parabe incident. It is not relevant to ratification because the only misleading or untruthful statements that plaintiffs relied on were: (1) the military ordered CNL to take the military to the platform; (2) CNL did not control the helicopters used in the Parabe attack; and (3) CNL did not pay the military. Browne's |
| *If the Court permits Browne to testify regarding his speculation that the Ilajes were planning to throw bombs, plaintiffs* | Exh. 742 dated March 1, 1999 should be admitted in unredacted form because it is relevant to the state of mind of CNL and defendants regarding ratification issues. Plaintiffs' argument that Browne's statement is not relevant to ratification because plaintiffs only relied on three specific | |

14

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

## (Counter-Designations in italicized text)

## March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| designate:<br><br>260:19-24<br><br>*Exhibit 742 – ALL MATERIALS IN BROWNE'S LETTER SHOULD BE REDACTED EXCEPT THE PORTIONS USED FOR IMPEACHMENT.*<br><br>The remainder is inadmissible hearsay. | public statements misses the point. The jury instruction on ratification states that "failure to disavow the Nigerian security forces acts may constitute ratification." If defendants were informed after the fact that the invaders were armed and had placed Molotov cocktails around the barge, as Browne's statement relays, then the jury may find that defendants had no reason to disavow conduct of the Nigerian military that lead to the rescue of a hostile takeover.<br><br>The ratification jury instruction also states that failure to investigate the Nigerian military's conduct may constitute ratification. The jury could find that questioning the workers about their experience and receiving statements is an investigation.<br><br>Even if plaintiffs' ratification theory were limited to defendants' public statements, Browne's written statement would still be relevant to notice. Defendants should be able to establish that defendants made many true statements, such as that the invaders were armed with clubs and knives, to defend plaintiffs' assertion that defendants' intent was to make misstatements and "cover-up" what had happened at Parabe. Finally, public statements that the invaders were armed is | letter is not relevant to any of these statements.<br><br>Defendants' claim of relevance – that it goes to plaintiffs' ratification claim – is greatly outweighed by the substantial prejudice that admission of the hearsay statement would cause (Rule 403). Browne admitted in his deposition that several portions of the letter were not based on his personal observation, but on information he was told. He further testified that he speculated in the letter that the Ilaje were gathering bolts and pipes for weapons, and he speculated that the Ilaje were using bottles to make bombs. *See* Browne Dep., 260-264.<br><br>Defendants, not plaintiffs, put evidence in through Gorell that Chevron's media employee made a public statement the Ilaje were armed. This "completeness" designation was not "required" by anyone – defendants put it in voluntarily. |

SFI-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | already in the trial transcript, as a required completeness designation to plaintiffs' designation of Gorell. 11/12/08 Tr., 1618:6-17. | |
| *261:1* | Plaintiffs' arguments go to weight, not admissibility. | |
| *261:15-20* | | |
| *263:8-264:18* | | Is was readily cured. *See* 43:5-43:22. Indeed, the counter designation addresses the foundation. |
| 42:3-17 Exhibit 730 | 42:10-17: Lacks foundation. Before asking these questions, Ms. Mitchell did not lay any foundation that Browne personally observed the Ilaje blocking the helideck with oil drums. Defendants may not rely on plaintiffs' counter-designation to "cure" the foundation problem. Foundation must be laid before a witness may testify regarding a topic. Defendants made the decision not to produce Tim Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. | No foundation objection was made at the deposition, so it was waived. When such an objection was made as to the helideck of the platform. |

16

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 238:16-239:20 | | |
| 239:25-241:3 | | |
| Exhibit 734 | | |
| 42:20-23 | | |
| 43:12 | | |
| 43:5-9 | | |
| 43:14-24 | | |
| 44:1-2 | | |
| 44:15-19 | Hearsay, lacks foundation. Several contractors have testified that the Ilajes did not speak English to them. Ms. Mitchell did not lay a foundation that Browne understood what the Ilajes were saying, or that the Ilajes were speaking English, so his | Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well taken.  Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 44:22 | testimony must be based on what someone else told him (hearsay). Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin – despite defendants' implication, Pidgin is not understandable to Americans who speak regular English.<br><br>Rule 403 (more prejudicial than probative). There is no indication that plaintiffs or their witnesses made any threats, but the jury is likely to infer that they did so by association. Browne's state of mind (the only relevance of the threats) does not help prove or disprove any of the claims or defenses in this action.<br><br>Defendants made the decision not to produce Tim Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live to trial.<br><br>Hearsay, lacks foundation. Several contractors have testified that the Ilaje did not speak English to them. Ms. Mitchell did | during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. It is also relevant to the deponent's state of mind.<br><br>Plaintiffs were free to cross examine Browne about the extent he understood pidgin English at his deposition.<br><br>Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he |

18

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | not lay a foundation that Browne understood what the Ilajes were saying, or that the Ilajes were speaking English, so his testimony must be based on what someone else told him (hearsay). Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin — despite defendants' implication, Pidgin is not understandable to Americans who speak regular English.<br><br>Rule 403 (more prejudicial than probative). There is no indication that plaintiffs or their witnesses made any threats, but the jury is likely to infer that they did so by association. Browne's state of mind (the only relevance of the threats) does not help prove or disprove any of the claims or defenses in this action.<br><br>Defendants made the decision not to produce Tim Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live to trial. | testifies to hearing is not well taken. Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. It is also relevant to the deponent's state of mind. |

SFI-597445v1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

## (Counter-Designations in italicized text)

### March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 44:25-45:21 | Hearsay, lacks foundation. Several contractors have testified that the Ilajes did not speak English to them. Ms. Mitchell did not lay a foundation that Browne understood what the Ilajes were saying, or that the Ilajes were speaking English, so his testimony must be based on what someone else told him (hearsay). Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin -- despite defendants' implication, Pidgin is not understandable to Americans who speak regular English.<br><br>Rule 403 (more prejudicial than probative). There is no indication that plaintiffs or their witnesses made any threats, but the jury is likely to infer that they did so by association. Browne's state of mind (the only relevance of the threats) does not help prove or disprove any of the claims or defenses in this action.<br><br>Defendants made the decision not to produce Tim Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live | Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well taken. Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. It is also relevant to the deponent's state of mind. |

SFI-597445v1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

## (Counter-Designations in italicized text)

### March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 45:22-46:3 | to trial. Hearsay, lacks foundation. Several contractors have testified that the Ilajes did not speak English to them. Ms. Mitchell did not lay a foundation that Browne understood what the Ilajes were saying, or that the Ilajes were speaking English, so his testimony must be based on what someone else told him (hearsay). Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin – despite defendants' implication, Pidgin is not understandable to Americans who speak regular English. 46:25-46:3: Speculation. Rule 403 (more prejudicial than probative). There is no indication that plaintiffs or their witnesses made any threats, but the jury is likely to infer that they did so by association. Browne's state of mind (the only relevance of the threats) does not help prove or disprove any of the claims or defenses in this action. | Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well taken. Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Browne used the "I guess" language idiomatically, not to suggest he didn't remember or was actually guessing. |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 46:25-47:10 | | |
| *182:5-13* | | |
| *182:21-183:4* | | |
| 47:11-22 | | |
| 50:3-19 | | |
| 51:6-15 | | |
| 52:14-18 | | |
| 52:21-23 | | |
| 53:1-3 | | |
| 53:9-19 | | |

SFI-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 53:23-54:7 | | |
| 54:14-55:3 | | |
| 55:23-56:4 | Lacks foundation, speculation. Ms. Mitchell failed to lay a foundation that Browne could identify diesel. Browne's response at 56:3-4 also lacks foundation or is based on hearsay, because he does not respond for himself, but for multiple people ("[W]e could smell it."). | There were no objections at the deposition, further the witness testifies about identifying it by smell and the fact that it made a film. |
| 56:9-14 | Same objections as directly above. | See response to 55:23-56:4. |
| 56:23-57:14 | Hearsay. 57:7-14: Speculation, lacks foundation. | Goes to state of mind, not truth of matter asserted. His personal observations of people are not speculative and do not lack foundation. |
| 57:23-58:7 | Overbroad, compound, lacks foundation. | There was no objection to the form of the question. The witnesses response is a recounting of what he observed, as reflected at 58:10-11. |

23

SFI-5974451v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 58:10-11 | Vague as to "that," particularly in light of overbroad and compound nature of questions and answers directly before. | There was no objection at the deposition, so it has been waived. |
| 58:12-19 | Irrelevant whether Browne "felt free" to use the communications facilities.<br><br>58:18-19: Ms. Mitchell failed to lay a foundation as to Browne's belief that the Ilaje were listening to all communications and that he didn't have access to the communications facilities; speculation. | No objection was made at the deposition. Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. The state of mind of the barge workers is directly relevant. |
| 59:1-12 | Irrelevant, Rule 403 (more prejudicial than probative). | Plaintiffs repeatedly elicited testimony that the Ilaje didn't interfere with the barge workers in any way and that they had complete freedom. This testimony is probative of how the barge workers were restricted and is relevant, not unduly prejudicial. |
| 60:1-61:9 | Irrelevant, Rule 403 (more prejudicial than probative).<br><br>60:1-12: Hearsay (someone told Browne about fax). | *See* response to 59:1-12. The testimony about the receipt of the fax explains what Browne thought and why he acted, it is not offered for the truth.<br><br>60:13-61:3 is not hearsay, it is a recounting of events for |

DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 61:15-62:24 | 60:13-61:9: Phone conversation with wife is hearsay. | which he has personal knowledge. |
| | 60:18-25: Ms. Mitchel failed to lay a foundation as to Browne's belief that the Ilaje were listening in; speculation. | 61:4-9 is offered for the effect it had on Browne, not for the truth of the matter. |
| | Irrelevant, Rule 403 (more prejudicial than probative). Phone conversations with wife and "Steven" are hearsay. | State of mind, notice. |
| 63:2-18 | Irrelevant, Rule 403 (more prejudicial than probative). | State of mind, notice. |
| | 63:12-18: Ms. Mitchel failed to lay a foundation as to Browne's belief that the Ilaje were listening in; speculation. | 63:12-18:  There was no objection at the deposition. |
| | Phone conversation with "Steven" is hearsay. | |
| 65:2-12 | 65:2-6: Irrelevant. | This is relevant to later events, see, e.g., 285:9-15. |
| 65:16-66:5 | 65:23-66:5: Irrelevant, Rule 403 (more prejudicial than probative).  Browne does not testify (and lacks foundation to testify) that the decedent with the beads around his neck was Arolika Irowarinun — it could have been non-plaintiff Joli | This is directly relevant to the conduct of the Ilaje on the barge.

Browne's testimony is not based on speculation and hearsay. |

SFI-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 66:8-14 | Ogungbege. The testimony is unduly prejudicial because the jury might assume that the decedent who had an altercation with Browne earlier was the plaintiff.<br><br>Further, Browne's identification of the decedent as the Ilaje who tried to take his channel locks lacks foundation, and is based on speculation and hearsay. Browne later testified that he observed the decedent on the deck from the top floor of the barge and wasn't certain whether it was the same person who tried to take his channel locks (at 223:19). He also testified that his belief that it was the same person was based on hearsay statements from other workers, although he couldn't identify who they were. (223:21-224:4). | Browne said at 223:21 "I could see him pretty close." That he isn't 100% certain is not the standard for admissible evidence. Further, that other barge workers agreed with his personal observation does not make it hearsay and goes to his state of mind. At most these issues go to weight, not admissibility. |
| 220:7-14 | Same objections as above.<br><br>The testimony is also impermissible character evidence because defendants are introducing it to raise the inference that because this Ilaje was violent with Browne earlier, it is more likely that he violently attacked the GSF before being shot. | See response to 65:16-66:5. |

SFI-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 69:15-70:8 | | |
| 72:16-18 | Irrelevant what the barge looked like upon Browne's return, Rule 403 (more prejudicial than probative). Browne has no personal knowledge that the Ilaje caused any of the conditions that he saw upon his return to the barge, such as the diesel film or broken glass. | Plaintiffs' argument goes to weight not relevance. Mackey testifies he saw Ilaje pour diesel on the deck, Browne testified to seeing Ilaje breaking bottles. |
| 72:21-73:18 | Mackey's testimony about the diesel is also objectionable because it is speculation and unduly prejudicial. | |
| | 72:21-73:12: Irrelevant what the barge looked like upon Browne's return, Rule 403 (more prejudicial than probative). Browne has no personal knowledge that the Ilaje caused any of the conditions that he saw upon his return to the barge, such as the diesel film or broken glass. | See response to 72:16-18. |
| 73:20-23 | Browne's testimony about juju lacks foundation, must be based on hearsay, and is extremely prejudicial. The Court has already excluded Dr. Ajewole's testimony about juju, on the grounds that he is not an expert in juju. Similarly, Browne is not an expert in juju and should not be permitted to testify about it. | Tim Browne had familiarity with Juju and a foundation to speak about it (see 97:14-20), and it affected his state of mind when the person confronting him showed Browne his beads. See 33:8-10. That Juju causes some Nigerians to believe they have special protection factored into the |

27

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

## (Counter-Designations in italicized text)

### March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 74:1-4 | Browne's testimony at 97:14-20 does not qualify him to testify about juju; all Browne says is that he developed a notion of what a juju man was "from my experiences working [in Nigeria] prior years and talking to some of the . . . nationals and . . . the Nigerians." Browne later testified (at 300:2-14) that he couldn't "remember the exact conversation" he had with the Nigerian nationals regarding juju.<br><br>Defendants' response that "[t]he broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony.<br><br>Browne's testimony about juju lacks foundation, must be based on hearsay, and is extremely prejudicial. The Court has already excluded Dr. Ajewole's testimony about juju on the grounds that he is not an expert in juju. Similarly, Browne is not an expert in juju and should not be permitted to testify about it. Browne's testimony at 97:14-20 does not qualify him to testify | apprehension of Browne and the other witnesses. The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military. The ruling on Ajewole is not relevant to Browne. Ajewole was not on the barge, so his perception of Juju does not bear directly on the underlying events. But Tim Browne was there and the state of mind of the expatriates is as central to the case as plaintiffs' contentions that they were peaceful protestors.<br><br>See response to 73:20-23. |

SF1-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | about juju, all Browne says is that he developed a notion of what a juju man was "from my experiences working [in Nigeria] prior years and talking to some of the . . . nationals and . . . the Nigerians." Browne later testified (at 300:2-14) that he couldn't "remember the exact conversation" he had with the Nigerian nationals regarding juju.<br><br>Defendants' response that "The broader issue of juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | |
| 74:7-9 | Browne's belief that he observed a juju man lacks foundation, is irrelevant, and is more prejudicial than probative. None of the decision-makers at CNL knew Browne's state of mind regarding the juju man, and such belief doesn't help prove or disprove any of the claims or defenses in this action.<br><br>Defendants' response that "The broader issue of juju is relevant | *See response to 73:20-23.* |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

**(Counter-Designations in italicized text)**

**March 25, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to undercut the extreme prejudice of admitting Browne's testimony. | |
| 74:12 | Same objection as to 74:7-9. | *See response to 73:20-23.* |
| 74:14-24 | Same objection as to 74:7-9. | *See response to 73:20-23.* |
| *182:1-4* | *If Browne's testimony regarding the juju man is permitted, plaintiffs designate:* | |

30

SFI-59744Sv1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

## (Counter-Designations in italicized text)

### March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 75:21-76:9 | Whether tools were missing when Browne returned is irrelevant. There is no evidence that the Ilajes took the tools, and Browne's testimony that tools were missing is more prejudicial than probative. Ms. Mitchell also failed to lay a foundation that Browne had done an inventory of the tools before May 29, 1998.<br><br>Tools that were missing after the incident is not relevant to CNL's state of mind because the decision to call in the military had already been made.<br><br>Browne's testimony regarding missing tools is not relevant to ratification because the only misleading or untruthful media statements that plaintiffs relied on were: (1) the military ordered CNL to take the military to the platform; (2) CNL did not control the helicopters used in the Parabe attack; and (3) CNL did not pay the military. Plaintiffs did not introduce any media statements for purposes of their ratification claim that the Ilaje were armed, so Browne's testimony that tools were missing cannot possibly be relevant to plaintiffs' ratification claim.<br><br>Defendants, not plaintiffs, put evidence in through Gorell that | No objections were made at the deposition. Further, Browne testified earlier he saw Ilaje carrying tools. Also goes to his and CNL's state of mind regarding conduct of Ilaje and is relevant to ratification.<br><br>Plaintiffs' argument that Browne's statement is not relevant to ratification because plaintiffs only relied on three specific public statements misses the point. The jury instruction on ratification states that "failure to disavow the Nigerian security forces acts may constitute ratification." If defendants were informed after the fact that the invaders were armed with tools from the barge, as Browne's statement relays, then the jury may find that defendants had no reason to disavow conduct of the Nigerian military that lead to the rescue of a hostile takeover.<br><br>The ratification jury instruction also states that failure to investigate the Nigerian military's conduct may constitute ratification. The jury could find that the workers examination of the barge and reporting of the state of the barge after the rescue operation was an investigation.<br><br>Even if plaintiffs' ratification theory were limited to |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 89:14-22<br><br>Exhibit 742 | Chevron's media employee made a public statement the Ilaje were armed. This "completeness" designation was not "required" by anyone – defendants put it in voluntarily.<br><br>Browne's letter to CNL in March 1999 (Exh. 742) is hearsay, and there is no relevant non-hearsay purpose for the letter. The letter is not relevant to the effect on the listener or to anyone's state of mind because it is dated 10 months after the Parabe incident.<br><br>Browne's March 1999 letter *is not* relevant to ratification because the only misleading or untruthful media statements that plaintiffs relied on were (1) the military ordered CNL to take the military to the platform; (2) CNL did not control the helicopters used in the Parabe attack; and (3) CNL did not pay the military.  Plaintiffs did not introduce any media statements for purposes of their ratification claim that the Ilaje were | defendants' public statements, Browne's statement would still be relevant to notice.  Defendants should be able to establish that defendants made many true statements, such as that the invaders were armed with clubs, tools and knives, to defend plaintiffs' assertion that defendants' intent was to make misstatements and "cover-up" what had happened at Parabe.  Finally, public statements that the invaders were armed is already in the trial transcript, as a required completeness designation to plaintiffs' designation of Gorell. 11/12/00 Tr., 1618:6-17.<br><br>Relevant to Browne's and CNL's state of mind post-Parabe as relates to ratification claims.<br><br>Plaintiffs' argument that Browne's statement is not relevant to ratification because plaintiffs only relied on three specific public statements misses the point.  The jury instruction on ratification states that "failure to disavow the Nigerian security forces acts may constitute ratification."  If defendants were informed after the fact that the invaders were armed and had placed Molotov cocktails around the barge, as Browne's statement relays, then the jury may find that defendants had no reason to disavow conduct of the Nigerian military that lead to the rescue of a hostile takeover. |

DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | armed, so Browne's letter containing information about the Ijaje being armed cannot possibly be relevant to plaintiffs' ratification claim.<br><br>Defendants' claim of relevance – that it goes to plaintiffs' ratification claim – is greatly outweighed by the substantial prejudice that admission of the hearsay statement would cause (Rule 403). Browne admitted in his deposition that several portions of the letter were not based on his personal observation, but on information he was told. He further testified that he speculated in the letter that the Ilaje were gathering bolts and pipes for weapons, and he speculated that the Ilaje were using bottles to make bombs. *See* Browne Dep., 260-264.<br><br>Defendants, not plaintiffs, put evidence in through Gorell that Chevron's media employee made a public statement the Ilaje were armed. This "completeness" designation was not "required" by anyone – defendants put it in voluntarily. | The ratification jury instruction also states that failure to investigate the Nigerian military's conduct may constitute ratification. The jury could find that questioning the workers about their experience and receiving statements is an investigation.<br><br>Even if plaintiffs' ratification theory were limited to defendants' public statements, Browne's written statement would be relevant to notice. Defendants should be able to establish that defendants made many true statements, such as that the invaders were armed with clubs and knives, to defend plaintiffs' assertion that defendants' intent was to make misstatements and "cover-up" what had happened at Parabe. Finally, public statements that the invaders were armed is already in the trial transcript, as a required completeness designation to plaintiffs' designation of Gorell. 11/12/08 Tr., 1618:6-17.<br><br>Plaintiffs' arguments regarding Exhibit 742 go to weight, not admissibility. |
| 90:3 | Same objection as to 89:14-22. | *See* response to 89:14-22. |

33

SFI-59744Sv1

34

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| Exhibit 742 | | |
| 90:5-91:2 | The conditions on the barge upon Browne's return are irrelevant; Rule 403 (more prejudicial than probative). Browne never testified that he saw any Ijaje with razors during the incident, and the CNL decision-makers never received information that the Ijaes had razors.<br><br>91:1-2: Browne's "belief" about where the razors came from lacks foundation and is speculative. His belief is also irrelevant and more prejudicial than probative.<br><br>The only witnesses who said the decks were clear are defendants' witnesses. Improper impeachment of their own witnesses.<br><br>Browne's testimony regarding razors is not relevant to ratification because the only misleading or untruthful media statements that plaintiffs relied on were: (1) the military ordered CNL to take the military to the platform; (2) CNL did not control the helicopters used in the Parabe attack; and (3) CNL did not pay the military. Plaintiffs did not introduce any media statements for purposes of their ratification claim that the | Plaintiffs' argument goes to weight not relevance. Is also relevant to ratification because it goes to state of mind about whether Ijaje had weapons on the barge. It is also relevant to impeach witnesses who said decks were clear of debris.<br><br>Plaintiffs' argument that Browne's statement is not relevant to ratification because plaintiffs only relied on three specific public statements misses the point. The jury instruction on ratification states that "failure to disavow the Nigerian security forces acts may constitute ratification." If defendants were informed after the fact that the invaders were armed and had razors, as Browne's testimony relays, then the jury may find that defendants had no reason to disavow conduct of the Nigerian military that lead to the rescue of a hostile takeover.<br><br>The ratification jury instruction also states that failure to investigate the Nigerian military's conduct may constitute ratification. The jury could find that the workers examination of the barge and reporting of the state of the barge after the rescue operation was an investigation. |

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Ilaje were armed, so Browne's testimony that he saw razors cannot possibly be relevant to plaintiffs' ratification claim.<br><br>Defendants, not plaintiffs, put evidence in through Gorell that Chevron's media employee made a public statement the Ilaje were armed. This "completeness" designation was not "required" by anyone – defendants put it in voluntarily. | Even if plaintiffs' ratification theory were limited to defendants' public statements, Browne's written statement would still be relevant to notice. Defendants should be able to establish that defendants made many true statements, such as that the invaders were armed with clubs and knives, to defend plaintiffs' assertion that defendants' intent was to make misstatements and "cover-up" what had happened at Parabe. Finally, public statements that the invaders were armed is already in the trial transcript, as a required completeness designation to plaintiffs' designation of Gorell. 11/12/08 Tr., 1618:6-17.<br><br>Plaintiffs' arguments regarding Exhibit 742 go to weight, not admissibility. |
| 91:5 | Same objections as to 91:1-2. | *See response to 90:5-91:2.* |
| 91:7 | Same objections as to 91:1-2. | *See response to 90:5-91:2.* |
| 91:9-11 | Same objections as to 91:1-2. | *See response to 90:5-91:2.* |

35

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *If any of Browne's testimony regarding his discovery of razor blades is permitted, plaintiffs designate:*<br><br>*265:19-21*<br><br>*266:8-11* | Defendants' counter designate: 265:22-25, 266:4-7. | The testimony asks the witness to testify whether a statement comports with his percipient knowledge. |
| 93:24-94:12 | Exh. 542 is a letter by Mike Browne and two others dated Feb. 1999 describing the Parabe incident. It is hearsay and there is no relevant non-hearsay purpose for the letter. The letter is not relevant to the effect on the listener or to anyone's state of mind because it is dated 9 months after the Parabe incident.<br><br>The testimony at 93:24-94:12 is objectionable for the same reasons.<br><br>Improper to question Browne about Exh. 542 without laying a | The document will be introduced through Mike Browne. |

SFI-59744v1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

## (Counter-Designations in italicized text)

### March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | foundation.  Tim Browne was not one of its authors and wasn't asked whether he'd seen it before. | |
| 94:15 | Same objections as to 93:24-94:12. | *See response to 93:24-94:12.* |
| 94:17-95:6 | Exh. 539 is a letter by Wayne Hawkins apparently dated March 1999 describing the Parabe incident.  It is hearsay, and there is no relevant non-hearsay purpose for the letter.  The letter is not relevant to the effect on the listener or to anyone's state of mind because it is dated 10 months after the Parabe incident.<br><br>The testimony at 94:17-95:6 is objectionable for the same reasons.<br><br>Improper to question Browne about Exh. 539 without laying a foundation.  Tim Browne was not one of its authors and wasn't asked whether he'd seen it before. | *See response to 93:24-94:12.*<br><br>*This exhibit will be introduced through Wayne Hawkins.* |
| 95:15-96:6<br>Exhibit 737 | Exh. 737 is a memo by Mike Browne dated Feb. 1999 describing the Parabe incident.  It is hearsay, and there is no relevant non-hearsay purpose for the letter.  The letter is not relevant to the effect on the listener or to anyone's state of mind | *See response to 93:24-94:12.*<br><br>*This exhibit will be introduced through Mike Browne.* |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | because it postdates the Parable incident. | |
| 96:14-97:4<br>Exhibit 737 | The testimony at 95:15-96:6 is objectionable for the same reasons.<br><br>Improper to question Browne about Exhibit 737 without laying a foundation. Tim Browne was not one of its authors and wasn't asked whether he'd seen it before.<br><br>Same objections as to 95:15-96:6. | *See* response to 95:15-96:6. |
| 97:14-20 | Browne's testimony about juju lacks foundation, must be based on hearsay, and is extremely prejudicial. The Court has already excluded Dr. Ajewole's testimony about juju on the grounds that he is not an expert in juju. Similarly, Browne is not an expert in juju and should not be permitted to testify about it. Browne's testimony at 97:14-20 does not qualify him to testify about juju, all Browne says is that he developed a notion of what a juju man was "from my experiences working [in Nigeria] prior years and talking to some of the . . . nationals and . . . the Nigerians." Browne later testified (at 300:2-14) | This testimony established Browne's foundation for his understanding and state of mind re: Juju.<br><br>The ruling on Ajewole is not relevant to Browne. Ajewole was not on the barge, so his perception of Juju does not bear directly on the underlying events. But Tim Browne was there and the state of mind of the expatriates is as central to the case as plaintiffs' contentions that they were peaceful protestors. |

SFI-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 115:20-116:5 | that he couldn't "remember the exact conversation" he had with the Nigerian nationals regarding juju. | |
| 117:5-16 | Completeness 117:15-19. | |
| 118:14-20 | | |
| 119:20-120:6 | | |
| 139:3-16 | | |
| 140:25-141:3 | | |
| 141:18-142:8 | | |
| 143:13-16 | Defendants' response: Completeness 142:14-143:8. If the Court finds that 142:14-143:8 is not necessary for | Plaintiffs' Response: Defendants' designation of a hearsay conversation between the captain and an unspecified individual onshore is not necessary to "complete" plaintiffs' |

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | completeness, then defendants affirmatively designate it. It is necessary for completeness because it provides context as to whey the captain was in the radio room and that he was communicating that the takeover was not safe. It is not being offered for the truth, but for notice and for state of mind of the captain. In their case-in-chief, plaintiffs repeatedly claimed that Davis should have spoken to the barge captain. Whether the barge captain felt safe and his state of mind is therefore relevant. It also refutes plaintiffs' claims that they were peaceful to the workers. | designation regarding how many times Browne observed the captain using the equipment in the radio room. |
| *145:10-16* | | *142:14-143:8 is hearsay and there is no relevant non-hearsay purpose for the captain's conversation.* |
| *146:3-5* | | Plaintiffs asked these questions and didn't move to strike. Relevant to state of mind, responsive. |
| 149:17-150:10 | The witness is speculating that Mike Browne was going to try to use the communications equipment when the Ilaje supposedly stopped him from doing so ("I think he was trying to."). | |
| | The response at 150:2-6 is not responsive to the question at | |

40

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

**March 25, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | 149:24-25. | |
| 178:9-11 | Completeness 178:12-18. | |
| 178:22-179:6 | | |
| 188:7-14 | | |
| 188:25-189:10 | | |
| 190:3-8 | Completeness 190:9-17. | |
| 190:18-19 | | |
| 190:21-22 | | |
| 192:7-15 | | |
| 192:25-193:3 | | |

SFI-59744v51

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

### (Counter-Designations in italicized text)

### March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *198:15-17* | | |
| *201:19-25* | | |
| *211:15-212:13* | | |
| *213:13-15* | | |
| *213:20-22* | | |
| *214:9-12* | | |
| 215:14-216:20 | | |
| 222:25-223:17 | 223:12-17: Browne's identification of the decedent as the Ilaje who tried to take his channel locks lacks foundation, and is based on speculation and hearsay.  Browne testified that he observed the decedent on the deck from the top floor of the barge and wasn't certain whether it was the same person who tried to take his channel locks (at 223:19).  He further testified | This is directly relevant to the conduct of the Ilaje on the barge.<br><br>Browne's testimony is not based on speculation and hearsay.  Browne said at 223:21 "I could see him pretty close."  That Browne isn't 100% certain is not the standard for admissible |

SFI-597445v1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

## March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 223:19-23 | that his belief that it was the same person was based on hearsay statements from other workers, although he couldn't identify who they were. (223:21-224:4). | evidence. Further, that other barge workers agreed with his personal observation does not make it hearsay and goes to his state of mind. At most these issues go to weight, not admissibility. |
| | Same objections as to 223:12-17. | This is directly relevant to the conduct of the Ilaje on the barge. |
| | 223:21-23: Hearsay. There is no relevant non-hearsay purpose for Browne's testimony that other men told him that the decedent was the Ilaje who tried to take his channel locks. Browne's state of mind is irrelevant. It is this point in the incident and the statements' effect on Browne have no bearing on the claims or defenses in this case. | Browne's testimony is not based on speculation and hearsay. Browne said at 223:21 "I could see him pretty close." That he isn't 100% certain is not the standard for admissible evidence. Further, that other barge workers agreed with his personal observation does not make it hearsay and goes to his state of mind. At most these issues go to weight, not admissibility. |
| 223:24-224:4 | Hearsay. There is no relevant non-hearsay purpose for Browne's testimony that other men told him that the decedent was the Ilaje who tried to take his channel locks. Browne's state of mind is irrelevant at this point in the incident and the statements' effect on Browne have no bearing on the claims or defenses in this case. | Relevant to state of mind, ratification. Plaintiffs' ratification objection does not make sense. That deponent shared his story with a barge worker "all night," goes to his state of mind and to notice. |

43

DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Browne's testimony is not relevant to ratification because the only misleading or untruthful media statements that plaintiffs relied on were: (1) the military ordered CNL to take the military to the platform; (2) CNL did not control the helicopters used in the Parabe attack; and (3) CNL did not pay the military. Plaintiffs did not introduce any media statements for purposes of their ratification claim that the IMle were armed, so Browne's testimony here cannot possibly be relevant to plaintiffs' ratification claim. | |
| 230:14-22 | | |
| 231:13-15 | | |
| 232:3-11 | | |
| *If any testimony regarding Browne's conversations with Kay Browne or "Steven" is* | | |

DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *admitted, plaintiffs designate 232:12-233:9* | | |
| 247:9-10 Exhibit 536 | Completeness designation: 247:11-18. Testimony is not objected to, but Browne does not provide basis for admitting exhibit. | Exh. 536 is the log of Wayne Hawkins. Hawkins authenticated the log in his deposition and will be able to do so during his live examination at trial. |
| 247:19-24 | | |
| 248: 10-17 | Incomplete FRE 106. The designation of 248:21-22 does not make. | |
| 266:12-21 *(include all counsel colloquy)* *Exh. 741 – ALL MATERIAL IN BROWNE'S* | Defendants' response. Document is relevant for notice and state of mind of CNL and bears on plaintiffs' ratification claims. Document should not be redacted. Plaintiffs' argument that Browne's statement is not relevant to ratification because plaintiffs only relied on three specific public statements misses the point. The jury instruction on | Plaintiffs' response: Browne's 1999 Declaration is not relevant to ratification because the only misleading or untruthful media statements that plaintiffs relied on were: (1) the military ordered CNL to take the military to the platform; (2) CNL did not control the helicopters used in the Parabe attack; and (3) CNL did not pay the military. Plaintiffs did not introduce any media statements for purposes of their |

SF1-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *DECLARATION SHOULD BE REDACTED EXCEPT THE PORTIONS USED FOR IMPEACHMENT. The remainder is inadmissible hearsay.* | ratification states that "failure to disavow the Nigerian security forces acts may constitute ratification." If defendants were informed after the fact that the invaders were armed and had placed Molotov cocktails around the barge, as Browne's declaration relays, then the jury may find that defendants had no reason to disavow conduct of the Nigerian military that lead to the rescue of a hostile takeover.<br><br>The ratification jury instruction also states that failure to investigate the Nigerian military's conduct may constitute ratification. The jury could find that questioning the workers about their experience and receiving statements is an investigation.<br><br>Even if plaintiffs' ratification theory were limited to defendants' public statements, Browne's written statement would still be relevant to notice. Defendants should be able to establish that defendants made many true statements, such as that the invaders were armed with clubs and knives, to defend plaintiffs' assertion that defendants' intent was to make misstatements and "cover-up" what had happened at Parabe. Finally, public statements that the invaders were armed is already in the trial transcript, as a required completeness | ratification claim that the Ilaje were armed, so Browne's Declaration cannot possibly be relevant to plaintiffs' ratification claim.<br><br>Even if Browne's declaration has some limited relevance, such relevance is greatly outweighed by substantial prejudice. Browne's signature on his declaration (Exh. 741) differs substantially from his signature on his letter to CNL (Exh. 742). Browne Dep., 266:17-267:11. Browne could not remember the circumstances under which his declaration "came into being" (Browne Dep., 82:9-12) and several paragraphs of Tim Browne's declaration are literally identical to Mike Browne's declaration. Tim Browne acknowledged that several paragraphs of his declaration were not based on personal knowledge; such paragraphs must have been based on hearsay. E.g., Browne Dep., 272-273. All of these facts show that the Browne declaration is extremely unreliable and should not be admitted, except for impeachment.<br><br>Further, defendants themselves have not designated the sections of Tim Browne's deposition in which he purports to authenticate his declaration (pp.80-82), and they therefore |

46

SFH-597445v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 267:24-25 | Plaintiffs' arguments regarding Tim Browne's declaration go to weight, not admissibility. | cannot rely on it. |
| | designation to plaintiffs' designation of Gorell. 11/12/08 Tr., 1618:6-17. | |
| 268:4-10 | | |
| 268:14-23 | | |
| 269:23-270:1 | | |
| 270:3-4 | | |
| 270:10-17 | | |
| 270:20-271:2 | | |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 271:11-25 | Completeness designation: 272:1-6, 272:15-24 | Defendants' "completeness" designations here are unnecessary. If they are accepted, plaintiffs add 272:7-10, 272:12-13. |
| 275:3-4<br><br>*Exhibit 543 - AKA MATERIAL IN MICHAEL BROWNE'S DECLARATION SHOULD BE REDACTED EXCEPT THE PORTIONS USED FOR IMPEACHMENT. The remainder is inadmissible hearsay* | Defendants' response: Document is relevant for notice and state of mind of CNL and bears on plaintiffs' ratification claims.<br><br>Document should not be redacted.<br><br>Plaintiffs' argument that Browne's statement is not relevant to ratification because plaintiffs only relied on three specific public statements misses the point. The jury instruction on ratification states that "failure to disavow the Nigerian security forces acts may constitute ratification." If defendants were informed after the fact that the invaders were armed and had placed Molotov cocktails around the barge, as Browne's declaration relays, then the jury may find that defendants had no reason to disavow conduct of the Nigerian military that lead to the rescue of a hostile takeover.<br><br>The ratification jury instruction also states that failure to investigate the Nigerian military's conduct may constitute ratification. The jury could find that questioning the workers | Plaintiffs' response: Browne's Declaration is not relevant to ratification because the only relevant media statements that plaintiffs relied on were: (1) the military ordered CNL to take the military to the platform; (2) CNL did not control the helicopters used in the Parabe attack; and (3) CNL did not pay the military. Plaintiffs did not introduce any media statements for purposes of their ratification claim that the Ilaje were armed, so Browne's Declaration here cannot possibly be relevant to plaintiffs' ratification claim.<br><br>Defendants, not plaintiffs, put evidence in through Gorell that Chevron's media employee made a public statement the Ilaje were armed. This "completeness" designation was not "required" by anyone – defendants put it in voluntarily.<br><br>Even if Exh. 543 has some limited relevance, such relevance is greatly outweighed by substantial prejudice. Mike Browne testified in his deposition that he couldn't remember |

SFI-5974451

48

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | about their experience and receiving statements is an investigation. | if he played any role in drafting his own declaration, raising the inference that Chevron's attorneys in fact drafted it. M. Browne Dep., 464:22-24; see also M. Browne Dep., 475:17-476:11 (M. Browne's declaration states that the Ijaje had breached the "laws of a sovereign nation," but Browne had no idea what this meant). Mike Browne further testified that several of the paragraphs of his declaration were not based on his personal observation, so they must be based on hearsay. E.g., M. Browne Dep., 470-472 (Browne did not personally observe Ijaje with a broken bottle; did not personally observe his brother's phone call to the U.S. Embassy employee). He further testified that several aspects of his declaration were not consistent with his recollection, e.g., paragraph four states that the Ijaje were wearing red headbands was not consistent with Browne's recollection. M. Browne Dep., 467:7-15. |
| 275:7-11 | Even if plaintiffs' ratification theory were limited to defendants' public statements, Browne's written statement would still be relevant to notice. Defendants should be able to establish that defendants made many true statements, such as that the invaders were armed with clubs and knives, to defend plaintiffs' assertion that defendants' intent was to make misstatements and "cover-up" what had happened at Parabe. Finally, public statements that the invaders were armed is already in the trial transcript, as a required completeness designation to plaintiffs' designation of Gorell. 11/12/08 Tr., 1618:6-17. | |
| 275:22-276:18 | Plaintiffs' arguments regarding Exhibit 543 go to weight, not admissibility. | |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 276:21-25 | | |
| 278:1-18 | | |
| 278:21-22 | | |
| 278:24-279:3 | | |
| 279:22-280:3 | | |
| 280:7-13 | | |
| 280:21-281:4 | | |
| 281:8-12 | 602 Speculation. | The testimony is proper impeachment: Several paragraphs of the Tim and Mike Browne's declarations are identical. Tim Browne's failure to recall whether he and his brother coordinated their declarations, and his testimony on cross that maybe they did coordinate it (and his demeanor while he |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

(Counter-Designations in italicized text)

March 25, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 260:19-24 (*Plaintiffs have conditionally designated this portion above as well*) | | says it) is proper impeachment impeachment. |
| 261:1 | | |
| 261:15-23 | | |
| 261:25 | | |
| 285:9-15 | | |
| 288:15-18 | | |
| 288:20-22 | | |

SFI-59744Sv1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF TIMOTHY GENE BROWNE**

**(Counter-Designations in italicized text)**

**March 25, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *288:24-25* | | |
| *289:4* | | |
| *289:6-9* | | |
| *289:12-18* | | |
| *290:4-7* | | |
| *290:13-16* | | |
| *290:25-291:3* | | |
| *299:1-6* | Defendants' counter designate: 305:15-307:16. | |
| 304:10-20 | | |