SFI-59742vl

1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 5:17-19 starting with "can you" | | |
| 10:1-8 Exhibit 745 | | |
| 11:20-25 | | |
| 12:6-17 | | |
| 13:6-14:3 | | |
| 14:5-15 | | |
| 14:21-15:5 | | |
| 15:8-13 | | |

Chambers Copy

Case 3:99-cv-02506-SI   Document 2156-2   Filed 11/17/2008   Page 2 of 56

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 15:19-16:1 | Irrelevant, unduly prejudicial under Rule 403. | Relevant for background and shows the types of tools the Ilaje had access to as weapons. Many people testified that the invaders wielded tools as weapons and that the invaders who were shot were advancing toward the military with tools in their hands. This evidence is relevant to refute plaintiffs' claims that they were peaceful protestors.<br><br>For example, an invader hit deponent with a long bolt during the takeover. *See* 48:12-25. |
| 17:11-21 | Irrelevant, unduly prejudicial under Rule 403. | Relevant for background and shows the types of tools the Ilaje had access to as weapons. Many people testified that the invaders wielded tools as weapons and that the invaders who were shot were advancing toward the military with tools in their hands. This evidence is relevant to refute plaintiffs' claims that they were peaceful protestors.<br><br>For example, an invader hit deponent with a long bolt during the takeover. *See* 48:12-25. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 17:23-18:3 | Irrelevant, unduly prejudicial under Rule 403. | Relevant for background and shows the types of tools the Ilaje had access to as weapons. Many people testified that the invaders wielded tools as weapons and that the invaders who were shot were advancing toward the military with tools in their hands. This evidence is relevant to refute plaintiffs' claims that they were peaceful protestors.<br><br>For example, an invader hit deponent with a long bolt during the takeover. See 48:12-25. |
| 18:18-19 | Misleading and confusing under Rule 403; calls for a legal conclusion. | This is a straight forward examination about who was able to permit people on the barge from the deponent's perspective. See 18:24-20:12. It does not call for a legal conclusion anymore than plaintiffs' testimony that Lieutenant Afolayan had authority to invite them on the barge. |

3

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 18:21-19:6 | 18:21-22: Lacks foundation, speculation, testifying as to a legal conclusion. | This is a straight forward examination about who was able to permit people on the barge from the deponent's perspective. *See* 18:24-20:12. It does not call for a legal conclusion anymore than plaintiffs' testimony that Lieutenant Afolayan had authority to invite them on the barge. |
| 19:8-23 | 19:22-20:12: Lacks foundation, speculation, testifying as to a legal conclusion, confusing and misleading under Rule 403. | This is a straight forward examination about the procedure for boarding the barge based on the deponent's experience of working on the barge. Deponent is not testifying to any legal conclusion, he is explaining the boarding procedure. |
| 19:25-20:3 | 19:22-20:12: Lacks foundation, speculation, testifying as to a legal conclusion, confusing and misleading under Rule 403. | This is a straight forward examination about the procedure for boarding the barge based on the deponent's experience of working on the barge. Deponent is not testifying to any legal conclusion, he is explaining the boarding procedure. |

4

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

**April 4, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 20:5-12 | 19:22-20:12: Lacks foundation, speculation, testifying as to a legal conclusion, confusing and misleading under Rule 403. | This is a straight forward examination about the procedure for boarding the barge based on the deponent's experience of working on the barge. Deponent is not testifying to any legal conclusion, he is explaining the boarding procedure. |
| 21:20-25 | Irrelevant who Daniels talked to regularly; Rule 403 (more prejudicial than probative) because the testimony is geared towards engendering sympathy for the witness rather than proving or disproving a claim or defense in the case. | Relevant to the deponent's state of mind in that he was held hostage. Deponent called his father during the takeover because he was scared for his life. *See* 69:6-71:4. Goes to plaintiffs' claim that they were peaceful and that the workers were free to leave. Deponent did not feel free to leave and could not conduct his regular calls to his family because the invaders took-over communications. *Id.* |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 22:2-5 | Irrelevant who Daniels talked to regularly; Rule 403 (more prejudicial than probative) because the testimony is geared towards engendering sympathy for the witness rather than proving or disproving a claim or defense in the case. | Relevant to the deponent's state of mind that he was held hostage. Deponent called his father during the takeover because he was scared for his life. *See* 69:6-71:4. Goes to plaintiffs' claim that they were peaceful and that the workers were free to leave. Deponent did not feel free to leave and could not conduct his regular calls to his family because the invaders took-over communications. *Id.* |
| 22:7-9 | Irrelevant who Daniels talked to regularly; Rule 403 (more prejudicial than probative) because the testimony is geared towards engendering sympathy for the witness rather than proving or disproving a claim or defense in the case. | Relevant to the deponent's state of mind that he was held hostage. Deponent called his father during the takeover because he was scared for his life. *See* 69:6-71:4. Goes to plaintiffs' claim that they were peaceful and that the workers were free to leave. Deponent did not feel free to leave and could not conduct his regular calls to his family because the invaders took-over communications. *Id.* |

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 22:12-14 ending with "brother." | Irrelevant who Daniels talked to regularly. Rule 403 (more prejudicial than probative) because the testimony is geared towards engendering sympathy for the witness rather than proving or disproving a claim or defense in the case. | Relevant to the deponent's state of mind that he was held hostage. Deponent called his father during the takeover because he was scared for his life. *See* 69:6-71:4. Goes to plaintiffs' claim that they were peaceful and that the workers were free to leave. Deponent did not feel free to leave and could not conduct his regular calls to his family because the invaders took-over communications. *Id.* |
| 23:4-11 | | |
| 25:20-26:6 Exhibit 730-A | | |
| 26:18-19 | | |
| 27:16-18 Exhibit 730-A | | |
| 27:25-28:4 Exhibit 730-A | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 28:9-10 | | |
| Exhibit 730-A | | |
| 29:4-16 starting with "does this" | | |
| Exhibit 730-A | | |
| 29:18-30:1 | | |
| Exhibit 731 | | |
| 31:8-9 | | |
| Exhibit 734 | | |
| 31:11-15 | | |
| Exhibit 734 | | |
| 31:18-24 | | |
| Exhibit 733 | | |
| 32:1-5 | | |
| Exhibit 733 | | |

8

SFI-59742v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 32:16-33:6 starting with "where was" Exhibit 733 | | |
| 33:8-10 | | |
| 33:13-17 starting with "This is" Exhibit 730-A | | |
| 34:13-23 | | |
| 35:20-25 | | |
| 36:11-13 starting with "did you" | | |
| 36:21-37:13 | | |

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 39:15-18 | 39:15-40:12: Lacks foundation, speculation. | Testimony is based on personal knowledge and experience of working on the barge and the proper boarding procedures. *See* 18:24-20:12. |
| 39:20-40:24 | 39:15-40:12: Lacks foundation, speculation. <br><br> 40:21-41:1:1: Lacks foundation, speculation, assumes facts not in evidence that there were "proper procedures." That Daniels lacks foundation to testify regarding the procedures is shown at 241:22-243:2. | Testimony is based on personal knowledge and experience of working on the barge and the proper boarding procedures. *See* 18:24-20:12. <br><br> Deponent testified to the proper procedures at 18:24-20:12. Deponent does not lack foundation because his testimony is based on his experience of working on the barge. Plaintiffs' citation to 241:22-243:2 supports the deponent's foundation because he confirms his testimony is based on his experience and that there was no other proper way to board the platform (242:17-20: Is this how people got on our platform, yes. Is that the way they come to our platform, yes. Is that how you properly get on this platform of this barge, yes.") |

SF1-597422v1

DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 41:1-9 | 41:8-11: Lacks foundation, testifying as to a legal conclusion. | Testimony is based on personal knowledge and experience of working on the barge and the proper boarding procedures. *See* 18-24-20:12.<br><br>Testimony does not call for a legal conclusion. It relates to whether the Ilaje who boarded the platform and barge were authorized from deponent's perspective. |
| 41:11-24 | 41:8-11: Lacks foundation, testifying as to a legal conclusion.<br><br>41:20-22: Question calls for hearsay, irrelevant whether Daniels was told that the boarding had been authorized or not. | Testimony is based on personal knowledge and experience of working on the barge and the proper boarding procedures. *See* 18-24-20:12. Testimony does not call for a legal conclusion. It relates to whether the Ilaje who boarded the platform and barge were authorized from deponent's perspective.<br><br>There is no hearsay because no one told deponent the Ilaje boarding was authorized. Relevant to refute plaintiffs' claims that they were invited on the barge and relevant to deponent's state of mind that he was being held hostage. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 42:1-8 | | |
| 42:18-22 | | |
| 42:24-43:5 | 43:3-5: Nonresponsive, hearsay, speculation, lacks foundation.<br><br>Further, Daniels testified that the Ilaje never spoke English to him, so Daniels lacks foundation to testify as to what the Ilaje did not say. *See* Daniels' testimony at 130:24-131:4. To the extent Daniels learned something because a Nigerian crew member told him what was going on, Daniels' testimony is based on hearsay. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. [T]he same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | There is no hearsay because deponent testified that the invaders never once said anything about being peaceful.<br><br>Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. In any event, the testimony goes to the state of the mind of the deponent that he was being held hostage and that the Ilaje were not peaceful. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| 130:24-131:4 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 43:8-10 | Lacks foundation, likely based on hearsay translation. Daniels couldn't understand what the Ilaje were saying because they never spoke English to him. *See* 130:24-131:4, 211:42-4. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | There is no hearsay because deponent testified that the invaders never once said anything about being peaceful. Testimony is based on deponent's experience while being held hostage on the barge.

Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. In any event, the testimony goes to the state of the mind of the deponent that he was being held hostage and that the Ilaje were not peaceful. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 43:20-44:11 | Entire passage is prejudicial, irrelevant. None of this information was ever conveyed to CNL decision-makers and Daniels himself was not a decision-maker. | Relevant to refute plaintiffs' repeated claims that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Relevant to plaintiffs' ratification claims. Also goes to the state of mind of the decision makers because it was reported that people were beat up and that the workers nerves were frayed, among other things.

Moreover, the testimony goes to the workers state of mind, which plaintiffs have already argued is relevant, and the Court agreed. See 10/29/08 Tr., 271:10-18, 272:14-16. |

SFI-59742.2v1

14

DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 45:7-14 | 45:9-11: Irrelevant, prejudicial, particularly use of the word "natives." | Relevant to refute plaintiffs' repeated claims that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Relevant to plaintiffs' ratification claims. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of violence on the barge contradicts their testimony.

Moreover, the testimony goes to the workers state of mind, which plaintiffs have already argued is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

Case 3:99-cv-02506-SI   Document 2156-2   Filed 11/17/2008   Page 16 of 56

| Page/Line Cite | Objection (Include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 46:5-48:25 | 46:8-18: Irrelevant, prejudicial. None of this information was ever conveyed to CNL decision-makers and Daniels himself was not a decision-maker. <br><br> 47:5-48:21: Entire passage is irrelevant, prejudicial, misleading, and confusing under Rule 403. None of this information was ever conveyed to CNL decision-makers and Daniels himself was not a decision-maker. <br><br> 48:22-25: Irrelevant, misleading and confusing under Rule 403. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of violence on the barge contradicts their testimony. |

16

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 50:7-18 | Entire passage is irrelevant, prejudicial, misleading and confusing under Rule 403.<br><br>50:12-18: Hearsay | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that, particularly physical violence, is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case.<br><br>50:12-18 satisfies 803 (1), (2) and is also relevant to Jason Daniels' state of mind. |

17

SFI-597422v1

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

### (Counter-Designations in italicized text)

### April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 51:17-52:7 | 51:17-52:3: Hearsay, lacks foundation, prejudicial, irrelevant.<br><br>51:17-52:3: Further, Daniels testified that the Ilaje never spoke English to him, and there is no foundation established in this testimony as to how he understood the supposed "threats" made by the Ilaje. *See Daniels' testimony at 130:24-131:4.* To the extent Daniels learned something because a Nigerian crew member told him what was going on, Daniels' testimony is based on hearsay. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | 51:17-51:22: Defendants' are not offering these statements for the truth of the matter asserted, but to show Jason Daniels' state of mind. 51:23-52:3 This testimony is about Daniel's state of mind and does not constitute hearsay. No foundation objection was made at the time. There is no undue prejudice and the state of the mind of the barge workers and the volatility of the situation is directly relevant to the issues at the heart of the case.<br><br>52:4-17: Plaintiffs offered testimony that the helipads were never blocked and their expert offered testimony that the crew were not hostages because they could leave. Evidence that there were barriers to the methods of ingress and egress is directly relevant. |
| 52:10-17 | 52:4-17: Irrelevant what Daniels saw<br><br>52:4-17: Irrelevant what Daniels saw | See response to 52:4-17 in the previous designation |

SF1-597422v1

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

### (Counter-Designations in italicized text)

### April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 53:17-25 | 53:17-54:4: Lacks foundation, speculation, irrelevant | 53: 17-25: Neither the lacks foundation nor speculation objections were made at the deposition and restriction on the barge workers' movement goes directly to the issues that plaintiffs' introduced in their case, e.g., that the barge workers were free to move about and that they were not hostages. |
| 54:3-4 | 53:17-54:4: Lacks foundation, speculation, irrelevant | Mr. Daniels has sufficient personal knowledge to testify to what he would have done. This goes directly to the issue of whether the barge workers were hostages. |
| 54:6-21<br>Exhibit 730-A | 54:6-55:20: Lacks foundation and speculation that the liquid was diesel fuel and not water or some other liquid. Irrelevant what Daniels saw. Rule 403 (more prejudicial than probative). | 54:6-54:19. No objection based on foundation or speculation was made at the time of the deposition about the pouring the diesel on the deck. Further, Daniels explained at 189:2-6 that he identify it as diesel based on its smell. This is directly relevant to the question of the state of mind of the barge workers and the danger on the barge. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 54:23-55:16 | 54:6-55:20: Lacks foundation and speculation that the liquid was diesel fuel and not water or some other liquid. Irrelevant what Daniels saw. Rule 403 (more prejudicial than probative). | 54:6-54:19: No objection based on foundation or speculation was made at the time of the deposition about the pouring the diesel on the deck. Further, Daniels explained at 189:2-6 that he identify it as diesel based on its smell. |
| | | 54:20-55:3: Not an objectionable question because the foundation was established by the previous questions to which no objection was asserted. |
| | 55:12-14: Speculation, lacks foundation, prejudicial. | 55:4-14: No objections were made at the deposition and the testimony is relevant. |
| | | 55:15-20: This goes to what Daniels' understanding was and is admissible to show his state of mind. |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | 54:6-55:20: Lacks foundation and speculation that the liquid was diesel fuel and not water or some other liquid. Irrelevant what Daniels saw. Rule 403 (more prejudicial than probative). | 55:15-20: This goes to what Daniels' understanding was and is admissible to show his state of mind.<br><br>As noted above, there were no objections to the Q/A where Daniels identified it as diesel. Further, upon questioning by plaintiffs' counsel later in the deposition, he explained that he could identify it by smell. See 189:2-6. |
| 55:18-20 | 55:18-20: Lacks foundation as to who made the supposed threat ("it was said to us"); hearsay. Further, Daniels testified that the Ilaje never spoke English to him, and there is no foundation established in this testimony as to how he understood the supposed "threats" made by the Ilaje. See Daniels' testimony at 130:24-131:4. To the extent Daniels learned something because a Nigerian crew member told him what was going on, Daniels' testimony is based on hearsay. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | This testimony is about Daniel's state of mind and does not constitute hearsay. |

SFI-597422v1

Case 3:99-cv-02506-SI   Document 2156-2   Filed 11/17/2008   Page 22 of 56

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *Hawkins Dep., 285:12-19* | Wayne Hawkins will appear live at trial. At the time of his deposition, he was not a officer, director, managing agent of a defendant and he is not a party. FRCP 32. Nor is he unavailable. FRCP 32. Anything plaintiffs want to do with Mr. Hawkins to refute Mr. Daniels' testimony can be done during his cross-examination.<br><br>If this is allowed, the Court should require for completeness that it include 285:21-286:15. | Plaintiffs may introduce the Hawkins deposition to impeach another witness regardless of the "availability" requirements of Rule 32. |

*Handwritten annotations: "Okay. Sustained. Hawkins may be cross examined this dep."*

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 56:11-58:1 | 56:14-58:4: Irrelevant whether Daniels saw liquid smoking or whether it caused him concern; information never passed to CNL decision-makers; Rule 403 (more prejudicial than probative).<br><br>56:11-13: Lacks foundation and speculation that liquid was diesel fuel not water or some other liquid. | Relevant to Davis' state of mind because it was relayed to him that the invaders were drunk and or on drugs. It caused Davis concern because it increased the volatility of the situation. Davis was also informed that the invaders poured diesel on the deck, increasing his concern for the safety of the workers. Also relevant to the deponent's state of mind that he was in an unsafe situation, being held hostage by people who were willing to steal his cigarettes. As the testimony shows, it caused deponent concern that the invaders would smoke after pouring diesel on the deck. Thus, testimony is relevant to Davis' concern for the workers and their frayed nerves.<br><br>Moreover, plaintiffs and their witnesses testified that the elders rules prohibited them from drinking or smoking and this testimony refutes that claim.<br><br>Testimony based on deponent's foundation of working on the barge and knowing it was dangerous to have flammable liquid on the deck. Deponent could smell and see that it was diesel fuel. *See* 189:2-190:3 |

23

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 58:3-4 | 56:14-58:4: Irrelevant whether Daniels saw Ilaje smoking or whether it caused him concern, information never passed to CNL decision-makers; Rule 403 (more prejudicial than probative). | Relevant to Davis' state of mind because it was relayed to him that the invaders were drunk and or on drugs. It caused Davis concern because it increased the volatility of the situation. Davis was also informed that the invaders poured diesel on the deck, increasing his concern for the safety of the workers. Also relevant to the deponent's state of mind that he was in an unsafe situation, being held hostage by people who were willing to steal his cigarettes. As the testimony shows, it caused deponent concern that the invaders would smoke after pouring diesel on the deck. Thus, testimony is relevant to Davis' concern for the workers and their frayed nerves. Moreover, plaintiffs and their witnesses testified that the elders rules prohibited them from drinking or smoking and this testimony refutes that claim. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 58:6-21 | Entire passage is irrelevant, unduly prejudicial under Rule 403. 58:15 is also not responsive to the question; speculation; lacks foundation. | Relevant to ratification because it goes to state of mind about whether Ilaje had weapons on the barge. Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not touch the tools at all. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. |

SFI-59742v1

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

### (Counter-Designations in italicized text)

### April 4, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 58:23–60:6 | Entire passage is irrelevant, unduly prejudicial under Rule 403.<br><br>59:2-4: Speculation, lacks foundation. | Relevant to ratification because it goes to state of mind about whether Ilaje had weapons on the barge.<br><br>Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not touch the tools or have any weapons. They repeatedly deny that anyone had machetes. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. He knew they had access to tools as weapons. Evidence relating to the state of mind of the expatriates and the state of mind of Scott Davis is directly relevant to the case.<br><br>59:2-4 is based on deponent's person observations. |

SFI-597422v1

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 60:22-61:2 | Entire passage is irrelevant, unduly prejudicial under Rule 403. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not have any weapons. They repeatedly deny that anyone had machetes. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and that they had access to weapons. Evidence relating to the state of mind of the expatriates and the state of mind of Scott Davis is directly relevant to the case. |
| 61:11-23 | Entire passage is irrelevant, unduly prejudicial under Rule 403 | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not have any weapons. They repeatedly deny that anyone had machetes. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and that they had access to weapons. Evidence relating to the state of mind of the expatriates and the state of mind of Scott Davis is directly relevant to the case. |

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 61:25-62:5 | Entire passage is irrelevant, unduly prejudicial under Rule 403 | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not have any weapons. They repeatedly deny that anyone had machetes. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and that they had access to weapons. Evidence relating to the state of mind of the expatriates and the state of mind of Scott Davis is directly relevant to the case. |
| 62:10-15 | Entire passage is irrelevant, unduly prejudicial under Rule 403 | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not have any weapons. They repeatedly deny that anyone had machetes. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and that they had access to weapons. Evidence relating to the state of mind of the expatriates and the state of mind of Scott Davis is directly relevant to the case. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 62:17-19 | Entire passage is irrelevant, unduly prejudicial under Rule 403 | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not have any weapons. They repeatedly deny that anyone had machetes. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and that they had access to weapons. Evidence relating to the state of mind of the expatriates and the state of mind of Scott Davis is directly relevant to the case. |

Case 3:99-cv-02506-SI   Document 2156-2   Filed 11/17/2008   Page 30 of 56

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 63:3-5 | Hearsay, irrelevant. | Goes to state of mind of deponent and notice to Mike Brown and Tim Browne. Also goes to state of mind and notice to CNL.

Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not have any weapons. They repeatedly deny that anyone had machetes. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and that they had access to weapons. Evidence relating to the state of mind of the expatriates and the state of mind of Scott Davis is directly relevant to the case. |
| 65:14-66:25 | 65:22-66:2: Lacks foundation, speculation that the door was kicked. Testimony that the door was kicked is not responsive to the question about what damage Daniels noticed.

66:15-16: Lacks foundation, speculation. | Testimony is based on deponent's personal knowledge and observation of what the radio room door and communications equipment looked like before and after the invasion. |

SFI-59742v1

30

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 68:3-4 | Irrelevant; Rule 403 (more prejudicial than probative). | Plaintiffs repeatedly testified that they were peaceful and invited on the barge. They also testified that the elders did not authorize them to eat the food on the barge. *See* 11/04/08 Tr., 938:19-21. That they stole food, overcrowded the galley and living quarters and did not bring any food with them is relevant to refute their claims. |
| 68:6-20 | Irrelevant; Rule 403 (more prejudicial than probative). 67:23, 68:6, 68:10-14, 68:20: Lacks foundation, speculation about where the food came from that the [...] were eating. | Plaintiffs repeatedly testified that they were peaceful and invited on the barge. They also testified that the elders did not authorize them to eat the food on the barge. *See* 11/04/08 Tr., 938:19-21. That they stole food, overcrowded the galley and living quarters and did not bring any food with them is relevant to refute their claims.<br><br>Testimony is based on deponent's percipient knowledge that he did not see the invaders bring any food and were eating the food from the same galley the workers ate in. |

SFI-59742v1

31

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 68:21-70:2 | Entire passage is irrelevant, unduly prejudicial under Rule 403. Daniels' testimony that he spoke with his father and was afraid that it would "probably be one of the last times that I talked to him" does not tend to prove or disprove any of the claims or defenses in this case. This information was not known to the CNL decision-makers, and has been designated here to elicit sympathy.

69:9-18: Hearsay.

69:22: Hearsay.

69:24-70:9: Hearsay. | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage, feared for his life, and relayed that fear to his father refutes those claims.

Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication.

69:9-18: Goes to state of mind of deponent and notice to deponent's father.

69:22: Goes to state of mind of deponent and notice to deponent's father.

69:24-70:9: Goes to the state of mind and notice. |

Case 3:99-cv-02506-SI   Document 2156-2   Filed 11/17/2008   Page 33 of 56

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

**April 4, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 69:4-71:4 | Entire passage is irrelevant, unduly prejudicial under Rule 403. Daniels' testimony that he spoke with his father and was afraid that it would "probably be one of the last times that I talked to him" does not tend to prove or disprove any of the claims or defenses in this case. This information was not known to the CNL decision-makers, and has been designated here to elicit sympathy.<br><br>69:24-70:9: Hearsay | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage, feared for his life, and relayed that fear to his father refutes those claims.<br><br>Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication.<br><br>69:24-70:9: Goes to state of mind of deponent and father and notice to father. Moreover, 70:2-4 is not hearsay but a perception of the deponent. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 71:11-12 | Entire passage is irrelevant, unduly prejudicial under Rule 403, and all responses are either hearsay or based on hearsay. | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage and relayed that to his father refutes those claims.

Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication.

Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

SF1-597422v1

DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 71:14-17 | Entire passage is irrelevant, unduly prejudicial under Rule 403, and all responses are either hearsay or based on hearsay. | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage and relayed that to his father refutes those claims. Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication. Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 71:20 ending with "from?" | Entire passage is irrelevant, unduly prejudicial under Rule 403, and all responses are either hearsay or based on hearsay. | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage and relayed that to his father refutes those claims.<br><br>Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication.<br><br>Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 71:23-72:3 | Entire passage is irrelevant, unduly prejudicial under Rule 403, and all responses are either hearsay or based on hearsay. | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage and relayed that to his father refutes those claims.

Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication.

Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

SFI-597422v1

37

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 72.5-13 | Entire passage is irrelevant, unduly prejudicial under Rule 403, and all responses are either hearsay or based on hearsay. *[signature]* | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage and relayed that to his father refutes those claims.

Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication.

Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

SFI-59742v1

SFI-59742v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 72:19-20 | Entire passage is irrelevant, unduly prejudicial under Rule 403, and all responses are either hearsay or based on hearsay. | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage and relayed that to his father refutes those claims.

Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication.

Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 72:22-23 | Entire passage is irrelevant, unduly prejudicial under Rule 403, and all responses are either hearsay or based on hearsay. | Testimony that the deponent feared for his life goes to his state of mind and the state of mind of the barge workers. Plaintiffs and their witnesses repeatedly testified that they were peaceful and did nothing but play games and sing songs during the takeover. That deponent felt he was being held hostage and relayed that to his father refutes those claims.<br><br>Testimony also provides background to CNL's contact with the Embassy, which was instigated through this call to Mr. Daniels. Mr. Daniels was so concerned for his son's safety that he informed Texas state government officials who eventually contacted the Embassy. Plaintiffs relied heavily on the fax to the embassy in their case-in-chief and defendants should be permitted to provide the context of that communication.<br><br>Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

SFI-59742v1

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 72:25-73:9 | Irrelevant that Daniels called his father after the incident was over and that his father was "happy"; unduly prejudicial under Rule 403; hearsay. | That the deponent felt he was being held hostage and relayed that to his father refutes plaintiffs' claims that they were peaceful. That his father was relieved when he discovered his son was no longer being held hostage goes to state of mind.<br><br>Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

41

SFI-59742v1

# DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 73:11-15 | Irrelevant that Daniels called his father after the incident was over and that his father was glad to heard from him; unduly prejudicial under Rule 403; hearsay. | That the deponent felt he was being held hostage and relayed that to his father refutes plaintiffs' claims that they were peaceful. That his father was relieved when he discovered his son was no longer being held hostage goes to state of mind.

That deponent was unable to reach his father for 3-4 days is relevant to show that the invaders controlled communications refutes plaintiffs' claims that they were peaceful and that the workers were free to do whatever they wanted.

That the Embassy told his father that deponent was being held hostage is relevant to state of mind for ratification and provides context for CNL's communication with the Embassy, on which plaintiffs so heavily relied in their case-in-chief.

Testimony is not offered for the truth but for state of mind of the speakers and notice to the father and state of mind and notice of CNL for the ratification claims. |

# DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

## (Counter-Designations in italicized text)

### April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 74:5-14 | Lacks foundation, speculation. Assumes that Daniels was in a position to see whether any of the 150 plus crew members were friendly with the Ilaje villagers. Daniels testified that he never went into the TV room where the Ilaje would have been watching TV with the crew. *See 128:4-6; 128:12-14; 128:22-24; 129:5-17; 129:20-130:19.* | Testimony is based on percipient knowledge and deponent's experience of being on the barge during the takeover. Plaintiffs citations go to weight not admissibility and they can counter-designate those portions if they want to. |

SFI-5974.22v1

DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 75:8-76:3 | Daniels' testimony about juju lacks foundation, must be based on hearsay, and is extremely prejudicial (Rule 403). The Court has already excluded Dr. Ajewole's testimony about juju on the grounds that he is not an expert in juju. Similarly, Daniels is not an expert in juju and should not be permitted to testify about it.<br><br>75:20-76:3: Hearsay, lacks foundation. Daniels testified that the Ilaje never spoke English to him, so Daniels lacks foundation to testify as to what the supposed juju man said to him. *See* Daniels' testimony at 130:24-131:4. To the extent Daniels learned something because a Nigerian crew member told him what was going on, Daniels' testimony is based on hearsay. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | Deponent had familiarity with juju and a foundation to speak about it, and it affected his state of mind because deponent was intimidated by the juju man. *See* 214:5-13. That juju causes some Nigerians to believe they have special protection factored into the apprehension of Deponent and the other witnesses. The broader issue of juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military. Plaintiffs have put juju at issue by designating the portion of Ieje's testimony that he did not think bullets would bounce off his body. *See* Dkt. # 2052-2, designation at 628:8-12.<br><br>The ruling on Ajewole is not relevant to Deponent. Ajewole was not on the barge, so his perception of juju does not bear directly on the underlying events. But deponent was there and the state of mind of the deponent is as central to the case as plaintiffs' contentions that they were peaceful protestors.<br><br>Testimony is not offered for the truth but for state of mind and for notice. |

44

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 76:19-78:1 | Entire passage is irrelevant, unduly prejudicial under Rule 403.<br><br>Cumulative of same testimony designated at 53:17-54:4.<br><br>77:1: Because Daniels answers in the plural ("We were not"), the answer is speculation and lacks foundation about how others felt.<br><br>77:21-23: Question calls for hearsay, lacks foundation because Daniels did not understand the language that the Ilaje were speaking. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | Whether deponent felt free to leave or to move about the barge or believed that he was a hostage "every second of every day" during the takeover goes to the workers and to CNL's state of mind. It is relevant to refute plaintiffs' and their witness' claims that they were peaceful and that the workers were free to leave.<br><br>Not cumulative because this designation expands on the reasons why deponent did not feel free to leave and clarifies that he felt like a hostage.<br><br>77:21-23: Not offered for the truth of the matter but for the state of mind of deponent and the workers. Also goes to state of mind and notice for ratification claims. |

45

Case 3:99-cv-02506-SI   Document 2156-2   Filed 11/17/2008   Page 46 of 56

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

### (Counter-Designations in italicized text)

### April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 78:2-3 | Irrelevant, unduly prejudicial under Rule 403.<br><br>Hearsay, lacks foundation because Daniels testified that the Ilaje never spoke English to him. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | That the deponent was threatened by the invaders refutes plaintiffs claims that they were peaceful. It is not offered for the truth but for state of mind and notice. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| 78:5 | Irrelevant, unduly prejudicial under Rule 403.<br><br>Hearsay, lacks foundation because Daniels testified that the Ilaje never spoke English to him. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | That the deponent was threatened by the invaders refutes plaintiffs claims that they were peaceful. It is not offered for the truth but for state of mind and notice. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |

46

SFI-59742v1

SFI-597422v1

**Case 3:99-cv-02506-SI    Document 2156-2    Filed 11/17/2008    Page 47 of 56**

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 78:25-79:6 | Entire passage is irrelevant, unduly prejudicial under Rule 403. | That the deponent felt that he had no control over what was going to happen to him refutes plaintiffs claims that they were peaceful. It is not offered for the truth but for state of mind and notice. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. See 10/29/08 Tr., 271:10-18, 272:14-16. |
| 80:18-19 | Entire passage is irrelevant, unduly prejudicial under Rule 403, hearsay. | That the deponent felt that he had no control over the situation and no way off the barge refutes plaintiffs claims that they were peaceful and that the invaders were free to leave. It is not offered for the truth but for state of mind and notice. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. See 10/29/08 Tr., 271:10-18, 272:14-16. |

Case 3:99-cv-02506-SI   Document 2156-2   Filed 11/17/2008   Page 48 of 56

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in Italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 80:21-81:2 | Entire passage is irrelevant, unduly prejudicial under Rule 403, hearsay. | That the deponent felt that he had no control over the situation and no way off the barge refutes plaintiffs claims that they were peaceful and that the invaders were free to leave. It is not offered for the truth but for state of mind and notice. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| 81:22-82:8 | 81:26) Lacks foundation, assumes that Daniels was in a position to see the villagers. | Lack of foundation objection was not made at the time of the deposition so is waived. In any event, testimony is based on percipient knowledge of what the deponent saw. |
| 82:11-13 | (82:4-8: Hearsay, lacks foundation, speculation, answer after "No sir" is not responsive to the question. | 82:4-8: Goes to state of mind of the deponent and the invaders and goes to notice. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 82:16-22 | 82:18-22: Hearsay or based on hearsay; lacks foundation. | Goes to state of mind of the deponent and the invaders and goes to notice. Lack of foundation objection was not made at the time of the deposition so is waived. In any event, testimony is based on percipient knowledge. |
| 83:17-20 | Hearsay or based on hearsay; lacks foundation because Daniels did not understand the language the [I]raqis were speaking. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | Goes to state of mind of the deponent and the invaders and goes to notice. Lack of foundation objection was not made at the time of the deposition so is waived. In any event, testimony is based on percipient knowledge. |

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in Italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 83:22-24 | Hearsay or based on hearsay; lacks foundation because Daniels did not understand the language the Hajes were speaking. The Court has already sustained defendants' hearsay objection when plaintiffs have not been able to make a showing that a translator was competent. The same ruling should apply here because defendants have made no showing that someone translated these precise statements, or that the translator was competent. | Goes to state of mind of the deponent and the invaders and goes to notice. Lack of foundation objection was not made at the time of the deposition so is waived. In any event, testimony is based on percipient knowledge. |
| 85:4-6 | Irrelevant, unduly prejudicial under Rule 403. | That the deponent was stressed is relevant to refute plaintiffs' repeated claims that they were peaceful and that the workers were free to leave if they wanted. |
| 85:12-86:23 | 86:21-23: Lacks foundation, speculation about what others' motivation was to lock the door. Irrelevant and unduly prejudicial under Rule 403. | Deponent's foundation is based on his presence on the barge during the takeover. Relevant to the state of mind of the barge workers and to refute plaintiffs' claims that they were peaceful. |
| 87:9-20 | | |
| 87:21-88:4 | | |

SFI-59742v1

Case 3:99-cv-02506-SI   Document 2156-2   Filed 11/17/2008   Page 51 of 56

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 91:16-92:12 | | |
| Exhibit 745 | | |
| 92:17-93:3 | 92:20-23: Irrelevant. | Relevant to plaintiffs' claims that CNL did not intend to rescue the hostages but intended to cause harm to the Ilaje. The testimony shows that the rescue boat used to offload the workers came soon after the helicopters arrived. |
| Exhibit 745 | | |
| 93:13-16 | | |
| 95:15-19 | Irrelevant, unduly prejudicial under Rule 403. | Relevant to deponent's state of mind that they were being held hostage and refutes plaintiffs' statements that they were peaceful and that the workers were free to leave. |
| 95:21-24 | Irrelevant, unduly prejudicial under Rule 403, particularly use of the phrase "barge that was marked for death" and the word "hostage." | Relevant to deponent's state of mind that they were being held hostage and refutes plaintiffs' statements that they were peaceful and that the workers were free to leave. |

SF1-597422v1

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

### (Counter-Designations in italicized text)

### April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 96:2-10 | Irrelevant, unduly prejudicial under Rule 403. Daniels' after-the-fact nightmares do not tend to prove or disprove any of the claims or defenses in this case; use of the phrase "little tribal rituals" is extremely prejudicial and relates to testimony about juju. | Relevant to deponent's state of mind that they were being held hostage and refutes plaintiffs' statements that they were peaceful and that the workers were free to leave. |
| 103:5-20 | Irrelevant, unduly prejudicial under Rule 403. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony regarding an incident where the invaders tried to fight a barge worker and throw him in the water refutes plaintiffs' claims and goes to the heart of the case. |
| 103:23-104:8 | Irrelevant, unduly prejudicial under Rule 403. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony regarding an incident where the invaders tried to fight a barge worker and throw him in the water refutes plaintiffs' claims and goes to the heart of the case. |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS

(Counter-Designations in Italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 104:11-16 starting with "I want" | Daniels' evacuation from the barge after the incident is irrelevant. | Relevant to plaintiffs' claims that CNL did not intend to rescue the hostages but intended to cause harm to the Ilaje. The testimony shows that the rescue boat used to offload the workers came soon after the helicopters arrived. |
| 105:5-11 | Daniels' evacuation from the barge after the incident is irrelevant.<br><br>105:9-11: Lacks foundation, calls for speculation. | Relevant to plaintiffs' claims that CNL did not intend to rescue the hostages but intended to cause harm to the Ilaje. The testimony shows that the rescue boat used to offload the workers came soon after the helicopters arrived.<br><br>Testimony that the Ilaje were throwing tools as weapons is also relevant to refute plaintiffs' claims that they were peaceful. Deponent's foundation is based on his experience being held hostage for three days and goes to his state of mind. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 105:13-106:9 | Irrelevant, unduly prejudicial under Rule 403.<br><br>105:13-15: Lacks foundation, speculation, must be based on hearsay. | Relevant to plaintiffs' claims that CNL did not intend to rescue the hostages but intended to cause harm to the Ilaje. The testimony shows that the rescue boat used to offload the workers came soon after the helicopters arrived. |
| | | Testimony that the Ilaje were throwing tools as weapons is also relevant to refute plaintiffs' claims that they were peaceful. Deponent's foundation is based on his experience being held hostage for three days and goes to his state of mind. |
| *118:9-13* | Defendants' completeness designation: 118:14-17 | |
| *118:18-19* | | |
| *121:7-11* | | |
| *121:13-16* | | |
| *121:18-21* | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *150:19-24* | | |
| *154:15-16* | | |
| *154:19* | | |
| 177:21-178:12 | Irrelevant; unduly prejudicial under Rule 403; information never passed along to CNL decision-makers.<br><br>178:9-12: Speculation. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony regarding an incident where the invaders were violent toward another barge worker refutes plaintiffs' claims and goes to the heart of the case. Also relevant to state of mind of the barge workers. Moreover, Davis was aware during the incident that barge workers had been beat up. |

SFI-597422v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF JASON LEE DANIELS**

(Counter-Designations in italicized text)

April 4, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *182:16-183:20* | Defendants' objection: Speculation and the examination is argumentative. FRE 401-403, 602. | Plaintiffs' response: The examination is not argumentative but proper cross-examination. Daniels testified extensively on direct regarding the huge number of weapons he saw in the hands of Ilajes. Plaintiffs are entitled to show that he is exaggerating through this designation. The "speculation" objection is not well-taken because the point of this testimony is to impeach Daniels by showing his willingness to testify to things in an exaggerated manner that could not possibly be true. |