**DEFENDANTS' DESIGNATION OF PAUL MBA**
(Counter-Designations in italicized text)
February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 5:1-6 | | |
| 13:23-24 | | |
| 18:22-19:5 | | |
| 19:23-20:4 | Defendants have chosen not to bring Mr. Mba to testify at trial and, thus, must base their submissions on whatever foundational evidence exists in his deposition transcript. Defendants have not submitted sufficient evidence to support a finding that the deponent has personal knowledge of the matters to which he testifies. FRE 602. While defendants have identified certain testimony that they claim to be the foundation for the deponent's personal knowledge, defendants must submit this testimony at trial to demonstrate the proper foundation, and allow the jury to weigh the deponent's credibility and ability to testify about the matters designated. They have not done so. Further, the testimony identified does not establish the deponent's personal knowledge to testify about the matters offered. *See, e.g.,* 39:15-40:1, which is unrelated to Scott Davis or deponent's | Deponent testified that Scott Davis was his alternate or back-to-back in the operations manager position. *See* 19:12-22, 20:1-7. Davis and deponent exchanged notes called handover notes containing information about what occurred during the other person's shift. *See* 39:15-40:1, 42:5-7. Deponent has personal knowledge that Scott Davis was his alternate and when Scott Davis was replaced. Mr. Mba is not an employee of CNL or defendants and has not been for some time (at least since 2005), and Mr. Mba resides in Nigeria. |

Chambers Copy

## DEFENDANTS' DESIGNATION OF PAUL MBA
(Counter-Designations in italicized text)
February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 50:19-51:13 | knowledge of him. Defendants have chosen not to bring Mr. Mba to testify at trial and, thus, must base their submissions on whatever foundational evidence exists in his deposition transcript. Defendants have not submitted sufficient evidence to support a finding that the deponent has personal knowledge of the matters to which he testifies, particularly as it relates to what authority the military and police security ultimately "report." FRE 602. While defendants have identified certain testimony that they claim to be the foundation for the deponent's personal knowledge, defendants must submit this testimony at trial to demonstrate the proper foundation, and allow the jury to weigh the deponent's credibility and ability to testify about the matters designated. They have not done so. Further, the testimony identified does not establish the deponent's personal knowledge to testify about the matters offered.<br><br>50:8-10 (ending at "but") should be stricken as non-responsive since who the military and police may ultimately "report" to does not answer the question of whether CNL security employees "supervise" the military and police. The objection that an answer is non-responsive is not a form | Deponent testified that as Operations Manager the security department reported to him and that "virtually everything comes to you as operations manager." 30:11-31:1 Deponent also held regular meeting with operational management including security. *See* 32:1-19. Deponent has knowledge of the relationship of the CNL security department with the military.<br><br>50:8-10 is a continuation of deponent's answer. Deponent is answering the question plaintiffs asked "Did they also supervise military and police security" and deponent's reply says on day-to-day activities CNL security spoke with the military regarding status and if that is considered supervision, the answer to the question is yes. Plaintiffs did not move to strike the answer as non-responsive at the deposition; the objection is waived and the answer is responsive.<br><br>Mr. Mba is not an employee of CNL or defendants and has not been for some time (at least since 2005), and Mr. Mba resides in Nigeria. |

Case 3:99-cv-02506-SI   Document 2157-2   Filed 11/17/2008   Page 3 of 9

# DEFENDANTS' DESIGNATION OF PAUL MBA
(Counter-Designations in italicized text)
February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | objection that must be raised in a deposition or waived so the objection is properly raised here. | |
| 53:22-54:1 | Defendants have chosen not to bring Mr. Mba to testify at trial and, thus, must base their submissions on whatever foundational evidence exists in his deposition transcript. Defendants have not submitted sufficient evidence to support a finding that the deponent has personal knowledge of the matters to which he testifies. FRE 602. *See, e.g.*, "lacks foundation" objections by defense counsel and explanation of failure to lay such a foundation (54:2, 9; 56:6, 11-16 ["He hasn't said he saw the people out in the field. He hasn't said that he/is familiar with the equipment they carry. You have not laid any kind of foundation for him other than he was a supervisor at the facility."]).<br><br>While defendants have identified certain testimony that they claim to be the foundation for the deponent's personal knowledge, defendants must submit this testimony at trial to demonstrate the proper foundation, and allow the jury to weigh the deponent's credibility and ability to testify about the matters designated. They have not done so. Further, the testimony identified does not establish the deponent's | As Operations Manager, deponent has personal knowledge of security practices, security personnel and security's interaction with the government, including the military. *See, e.g.*, 30:11-31:1, 32:1-19. Plaintiffs quote defense counsel's objection but omit plaintiffs' counsel's response: "I don't understand how that lacks foundation. He was a supervisor of this entire facility for approximately eight years, he certainly would know if they carried them." 55:7-10. Furthermore, other testimony shows that deponent was in contact with the security around the facility and the police were stationed near the facility; deponent had ample opportunity for observation. *See, e.g.*, 55:20-58:23.<br><br>Testimony regarding legality of carrying firearms is within deponent's personal knowledge and within the scope of his duties as Operations Manager. As noted above, the security department reported to him and he had regular meetings with security and was familiar with the relationship of the CNL security department with the military. *See, e.g.*, 30:11-31:1, 32:1-19. In the scope of his duties as Operations Manager and |

## DEFENDANTS' DESIGNATION OF PAUL MBA
(Counter-Designations in italicized text)

February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | personal knowledge to testify about the matters offered.<br><br>As to the deponent's testimony at 53:22-54:21, it is inadmissible lay opinion on a specialized matter, that is, what Nigerian law provides on the right of security personnel to carry guns. FRE 701. There is no legal basis for arguing that the deponent has any "personal knowledge" of the legal standards on which he opines, nor could he. Moreover, defendants have submitted no testimony demonstrating the deponent's personal knowledge of the matters asserted. Even if the testimony identified were submitted to the jury, it does not establish personal knowledge about any legal security matters, but only a general supervisory duty as to all Escravos activities, including security. Nothing in the testimony submitted provides any basis for Mba's ability to know either the true state of the law or CNL's views about this matter. For example, there is nothing about how Mba tested the legal limits of firearms use by applying for a license and was denied such a licence.<br><br>Further, the deponent is not qualified to testify on state of Nigerian law, nor was Mr. Mba ever disclosed as an expert witness in this case. FRE 702-705. | his responsibility for security, he was familiar with the laws regarding weapons and persons permitted to carry weapons. It is not expert witness testimony but rather within deponent's personal knowledge. It also is non-hearsay because it is shows CNL's state of mind and understanding that civilians could not legally carry weapons. Testimony is a matter of fact as to CNL's understanding and practices regarding weapons; it is not misleading or prejudicial.<br><br>Mr. Mba is not an employee of CNL or defendants and has not been for some time (at least since 2005), and Mr. Mba resides in Nigeria. |

**DEFENDANTS' DESIGNATION OF PAUL MBA**

(Counter-Designations in italicized text)

February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 54:3-8 | To the extent that the deponent is testifying about what he was told by others, his statements are inadmissible hearsay, covered by no exception. FRE 802-803. Further, since the testimony fails to identify how Mr. Mba reached his "legal" conclusions or the bases therefore, admission of the testimony would be prejudicial and misleading. FRE 403.<br><br>As explained more fully above, the testimony lacks foundation, FRE 602; is inadmissible opinion testimony and, even if proper, was never disclosed, FRE 701-705; is inadmissible hearsay, FRE 802-803; and is unduly prejudicial and misleading, FRE 403. | Testimony regarding legality of carrying firearms is within deponent's personal knowledge and within the scope of his duties as Operations Manager. As noted above, the security department reported to him and he had regular meetings with security and was familiar with the relationship of the CNL security department with the military. *See, e.g.*, 30:11-31:1, 32:1-19. In the scope of his duties as Operations Manager and his responsibility for security, he was familiar with the laws regarding weapons and persons permitted to carry weapons. It is not expert witness testimony but rather within deponent's personal knowledge. It also is non-hearsay because it is shows CNL's state of mind and understanding that civilians could not legally carry weapons. Testimony is a matter of fact as to CNL's understanding and practices regarding weapons; it is not misleading or prejudicial. |

# DEFENDANTS' DESIGNATION OF PAUL MBA
(Counter-Designations in italicized text)
February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 54:10-13 | As explained more fully above, the testimony lacks foundation, FRE 602; is inadmissible opinion testimony and, even if proper, was never disclosed, FRE 701-705; is inadmissible hearsay, FRE 802-803; and is unduly prejudicial and misleading, FRE 403. | Testimony regarding legality of carrying firearms is within deponent's personal knowledge and within the scope of his duties as Operations Manager. As noted above, the security department reported to him and he had regular meetings with security and was familiar with the relationship of the CNL security department with the military. *See, e.g.*, 30:11-31:1, 32:1-19. In the scope of his duties as Operations Manager and his responsibility for security, he was familiar with the laws regarding weapons and persons permitted to carry weapons. It is not expert witness testimony but rather within deponent's personal knowledge. It also is non-hearsay because it is shows CNL's state of mind and understanding that civilians could not legally carry weapons. Testimony is a matter of fact as to CNL's understanding and practices regarding weapons; it is not misleading or prejudicial. |
| 54:15-55:5 | As explained more fully above, the testimony lacks foundation, FRE 602; is inadmissible opinion testimony and, even if proper, was never disclosed, FRE 701-705; is inadmissible hearsay, FRE 802-803; and is unduly prejudicial and misleading, FRE 403. | Testimony regarding legality of carrying firearms is within deponent's personal knowledge and within the scope of his duties as Operations Manager. As noted above, the security department reported to him and he had regular meetings with security and was familiar with the relationship of the CNL security department with the military. *See, e.g.*, 30:11-31:1, |

# DEFENDANTS' DESIGNATION OF PAUL MBA
(Counter-Designations in italicized text)
February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | 32:1-19. In the scope of his duties as Operations Manager and his responsibility for security, he was familiar with the laws regarding weapons and persons permitted to carry weapons. It is not expert witness testimony but rather within deponent's personal knowledge. It also is non-hearsay because it is shows CNL's state of mind and understanding that civilians could not legally carry weapons. Testimony is a matter of fact as to CNL's understanding and practices regarding weapons; it is not misleading or prejudicial. |
| 59:17-60:15 starting with "there are Navy," | | |
| 60:24-61:3 | Defendants have chosen not to bring Mr. Mba to testify at trial and, thus, must base their submissions on whatever foundational evidence exists in his deposition transcript. Lacks foundation that he would have known about any instances in which the military or police engaged in misconduct. FRE 602. Because there is no showing that he would have known about any such misconduct, admission of his testimony that he was aware of no other incidents has | Question asked deponent was whether there were other situations "in which you had concerns about the conduct of any police or military unit or officers who were assigned to the Escravos area" and it is well within deponent's personal knowledge as Operations Manager for Escravos. The question asks for deponent's personal knowledge, not any or all alleged misconduct. Therefore, the testimony is factual and is not misleading or prejudicial. Testimony that he did not know |

# DEFENDANTS' DESIGNATION OF PAUL MBA

(Counter-Designations in italicized text)

February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 63:7-64:1 | Defendants have chosen not to bring Mr. Mba to testify at trial and, thus, must base their submissions on whatever foundational evidence exists in his deposition transcript. The testimony about what Mr. Mba would have instructed CNL security to tell the GSF or what he did on other occasions is irrelevant to what happened in May, 1998 in connection with the Parabe attack, since Mr. Mba was not involved in that incident. FRE 401. *It is also highly speculative because there is no evidence that Mba was ever confronted with this situation.* To the extent that defendants seek to introduce this testimony to indicate that CNL would have acted consistently with Mr. Mba's actions, the evidence is inadmissible under minimal, if any, probative value and its admission would cause undue prejudice to plaintiffs, tend to mislead the jury, and would result in an undue waste of time through the introduction of testimony about his lack of knowledge or responsibility for such matters. FRE 403. Defendants' claim that the testimony is "highly probative" even absent proof of the deponent's opportunity to know the true facts starkly demonstrates the type of prejudice that will result from admission of this evidence without any basis for the jury to evaluate the information. | Testimony is relevant to show advice was given by the Operations Manager during meetings. Testimony is relevant and highly probative of CNL's state of mind. Though deponent was not on duty during Parabe, he held the same function as Scott Davis. *See* 19:12-22, 20:1-7. The testimony is relevant to the fact that deponent gave these instructions as Operations Manager and the instructions were given to the same CNL personnel whom Scott Davis worked with and supervised as the other Operations Manager. It is highly probative of CNL's state of mind and is not prejudicial or misleading.<br><br>Mr. Mba is not an employee of CNL or defendants and has not been for some time (at least since 2005), and Mr. Mba resides in Nigeria.<br><br>about any other incidents is highly probative to rebut plaintiffs' claim to the contrary. Furthermore, as Operations Manager, he oversaw the Escravos facility, including the security department and thus would have received such information. |

## DEFENDANTS' DESIGNATION OF PAUL MBA
(Counter-Designations in italicized text)

February 26 & June 5, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | FRE 404(d) as an act improperly intended to show character. To the extent that CNL seeks to introduce the evidence to show that CNL acted consistently with its pattern when it called in the GSF at Parabe, the testimony of Mr. Mba should be excluded because he was not on duty during the Parabe incident and there is no evidence that he practices are the same as any other manager, including Scott Davis. *Id.*<br><br>Further, to the extent that there is any probative value to the testimony, it should be excluded under FRE 403, as unduly prejudicial, misleading and a waste of time. | Mr. Mba is not an employee of CNL or defendants and has not been for some time (at least since 2005), and Mr. Mba resides in Nigeria. |