# DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI

(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 4:3-5 | | |
| 4:21-23 | | |
| 7:17-20 | | |
| 8:22-9:1 starting with "When did" | | |
| 10:17-18 | | |
| 10:20 | | |
| 10:22 | | |
| 10:24-11:1 | | |

SFI-597595v1

Chambers Copy

# DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI
(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 11:8-10 | *Plaintiffs' counter-designation 11:15-17 and 11:21-12:1* | |
| 38:2-18 | | |
| 41:2-10 | | |
| 41:13-22 | | |
| 41:24-25 | | |
| 42:1-4 | | |
| 42:7 | | |

**DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI**

(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 42:11-13 ending with "1460-A." | | |
| Exhibit 1460-A | | |
| 43:5-7 | | |
| Exhibit 1460-A | | |
| 43:17-19 | | |
| Exhibit 1460-A | | |
| 43:21-44:1 | | |
| Exhibit 1460-A | | |
| 45:9-10 | | |
| Exhibit 1460-A | | |

**DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI**
(Plaintiffs' Counter-Designations in italicized text)
September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 45:12-14 | | |
| Exhibit 1460-A | | |
| 45:16-24 | | |
| Exhibit 1460-A | | |
| 50:1-5 | | |
| 50:7-8 | | |
| 51:12-16 | | |
| 53:2-3 | | |
| 53:5 | | |

# DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI
(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 53:10-13 | | |
| 53:24 | | |
| 54:1-6 | | |
| *Plaintiffs counter-designate 54:10-13* | | |
| 55:3 | | |
| 55:6 | | |
| *Plaintiffs counter-designate 55:11-18* | 55:14 Defendants object to the inclusion of colloquy of counsel as an irrelevant, waste of time. FRE 401-403. | |

# DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI

(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *Plaintiffs counter-designate 57:5-14; 58:2-4, 58:7-10; 58:19-23* | Defendants object that this is an improper counterdesignation, outside the scope of defendants' direct examination; it is also cumulative. FRE 403. If plaintiffs had wanted to sponsor testimony from Mr. Ogunjobi on Bowoto's pain, they should have done so in their case in chief. Defendants have not offered this witness on this point. | Plaintiffs' Response: Just as defendants put in affirmative aspects of their case (which were completely outside the scope of plaintiffs designations) in the midst of deposition designations put in by plaintiffs in their case in chief, plaintiffs understand from the court's ruling on this issue that plaintiffs are entitled to do the same. |
| 62:2 ending with "line 14" | | |
| Exhibit 1460-A | | |

# DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI
(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 62:5-12<br><br>Exhibit 1460-A | Objection to 62:10-12: Witness is clearly speculating that he was "probably instructed" to overfly a missing tug.<br><br>Plaintiffs object that testimony concerning the tug *after* the GSF landed on the barge and took it and the platform on the morning of May 28, 1998 is irrelevant. Such testimony has no relevance to the claims and damages of the plaintiffs, the "state of mind" of the CNL personnel who made the decision to ask the GSF to go to the barge and platform, to the decision to request the GSF to go to the barge, the "state of mind" of any of the subcontractors, GSF or Illaje aboard the barge and platform, as well as to any of the defendants' affirmative defenses. Testimony regarding the tug after the GSF landed on the barge on May 28 is introduced solely for the purpose of inflaming the jury; it is improper character evidence and is highly prejudicial. Captain schools is not a party; nothing he did or did not do, or his state of mind following the GSF attack on the barge is irrelevant. Any marginal relevance is outweighed by its prejudicial effect. | Witness is not speculating. He testifies that he recalls the flight (*see infra* 62:16-17) and that he radioed the position back to Escravos after he located the tugboat. *See infra* 65:2-7.<br><br>Plaintiffs have offered extensive testimony from their witnesses Mr. Arenewo and Mr. Aiyenumelo on events relating to the tugboat and after the rescue of the hostages. (11/4/08 Trial Transcript, at 931:21-932:16, 933:1-935:25) (Arenewo testimony designated by plaintiffs regarding tugboat crew's kidnapping); *see also* Arenewo Transcript filed with the Court (Dkt. 2037-2) (plaintiffs' designations highlighted in yellow); (11/5/08 Trial Transcript, at 1060:19-1069:12) (Plaintiffs' direct examination of Mr. Aiyenumelo regarding the tugboat crew's kidnapping). And plaintiffs just counter-designated information from this deponent on Bowoto's trip to Eku, which falls into the same category of information they are now attempting to exclude. Defendants are entitled to tell their side of what occurred.<br><br>Plaintiffs' Response: Plaintiffs have repeatedly objected to the |

**DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI**
(Plaintiffs' Counter-Designations in italicized text)
September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | inclusion of evidence regarding what happened to the tug and its crew after the GSF boarded the barge and platform in the early morning of May 28th. Given the Court's earlier ruling on plaintiffs' motion in limine in this regard, plaintiffs believed they had no choice but to introduce at least some evidence on this issue in their case in chief. The Arenewo testimony followed defendants' cross examination of a number of witnesses on this issue. Plaintiffs renew their objections to this testimony for all the reasons stated and seek to limit the introduction of even further inflammatory prejudicial evidence.<br><br>Regarding the witnesses' observations concerning plaintiff Bowoto, that issue is entirely distinct from the matter of the tug. Captain Schools and his crew are **not** parties. Mr. Bowoto is a plaintiff and testimony from this witness concerning his pain and suffering is entirely relevant to Bowoto's damages claims.<br><br>**This response to defendants' objections shall hereafter be referred to as "Plaintiffs' Tug and Bowoto Damages Response."** |

## DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI
(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 62:16-17 | Plaintiffs object that testimony concerning the tug *after* the GSF landed on the barge and took it and the platform on the morning of May 28, 1998 is irrelevant. Such testimony has no relevance to the claims and damages or the plaintiffs, the "state of mind" of the CNL personnel who made the decision to ask the GSF to go to the barge and platform, to the decision to request the GSF to go to the barge, the "state of mind" of any of the subcontractors, GSF or Illaje aboard the barge and platform, as well as to any of the defendants' affirmative defenses. Testimony regarding the tug after the GSF landed on the barge on May 28 is introduced solely for the purpose of inflaming the jury; it is improper character evidence and is highly prejudicial. Captain schools is not a party; nothing he did or did not do, or his state of mind following the GSF attack on the barge is irrelevant. Any marginal relevance is outweighed by its prejudicial effect. | Plaintiffs have offered extensive testimony from their witnesses Mr. Arenewo and Mr. Aiyenumelo on events relating to the tugboat and after the rescue of the hostages. (11/4/08 Trial Transcript, at 931:21-932:16, 933:1-935:25) (Arenewo testimony designated by plaintiffs regarding tugboat crew's kidnapping); *see also* Arenewo Transcript filed with the Court (Dkt. 2037-2) (plaintiffs' designations highlighted in yellow); (11/5/08 Trial Transcript, at 1060:19-1069:12) (Plaintiffs' direct examination of Mr. Aiyenumelo regarding the tugboat crew's kidnapping). And plaintiffs just counter-designated information from this deponent on Bowoto's trip to Eku, which falls into the same category of information they are now attempting to exclude. Defendants are entitled to tell their side of what occurred.<br><br>Plaintiffs' Response: *See supra* "Plaintiffs' Tug and Bowoto Damages Response." |

SFI-59795v1

**DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI**

(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 63:22-64:1 starting with "in the 'remarks'" | Plaintiffs object that testimony concerning the tug *after* the GSF landed on the barge and took it and the platform on the morning of May 28, 1998 is irrelevant. Such testimony has no relevance to the claims and damages of the plaintiffs, the "state of mind" of the CNL personnel who made the decision to ask the GSF to go to the barge and platform, to the decision to request the GSF to go to the barge, the "state of mind" of any of the subcontractors, GSF or Nnaje aboard the barge and platform, as well as to any of the defendants' affirmative defenses. Testimony regarding the tug after the GSF landed on the barge on May 28 is introduced solely for the purpose of inflaming the jury; it is improper character evidence and is highly prejudicial. Captain schools is not a party; nothing he did or did not do, or his state of mind following the GSF attack on the barge is irrelevant. Any marginal relevance is outweighed by its prejudicial effect. | Plaintiffs have offered extensive testimony from their witnesses Mr. Arenewo and Mr. Aiyenumelo on events relating to the tugboat and after the rescue of the hostages. (11/4/08 Trial Transcript, at 931:21-932:16, 933:1-935:25) (Arenewo testimony designated by plaintiffs regarding tugboat crew's kidnapping); *see also* Arenewo Transcript filed with the Court (Dkt. 2037-2) (plaintiffs' designations highlighted in yellow); (11/5/08 Trial Transcript, at 1060:19-1069:12) (Plaintiffs' direct examination of Mr. Aiyenumelo regarding the tugboat crew's kidnapping). And plaintiffs just counter-designated information from this deponent on Bowoto's trip to Eku, which falls into the same category of information they are now attempting to exclude. Defendants are entitled to tell their side of what occurred.<br><br>Plaintiffs' Response: *See supra* "Plaintiffs' Tug and Bowoto Damages Response." |

# DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI

(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 64:9-21 | Plaintiffs object that testimony concerning the tug *after the* GSF landed on the barge and took it and the platform on the morning of May 28, 1998 is irrelevant. Such testimony has no relevance to the claims and damages of the plaintiffs, the "state of mind" of the CNL personnel who made the decision to ask the GSF to go to the barge and platform, to the decision to request the GSF to go to the barge, the "state of mind" of any of the subcontractors, GSF or Illaje aboard the barge and platform, as well as to any of the defendants' affirmative defenses. Testimony regarding the tug after the GSF landed on the barge on May 28 is introduced solely for the purpose of inflaming the jury; it is improper character evidence and is highly prejudicial. Captain schools is not a party; nothing he did or did not do, or his state of mind following the GSF attack on the barge is irrelevant. Any marginal relevance is outweighed by its prejudicial effect. | Plaintiffs have offered extensive testimony from their witnesses Mr. Arenewo and Mr. Aiyenumelo on events relating to the tugboat and after the rescue of the hostages. (11/4/08 Trial Transcript, at 931:21-932:16, 933:1-935:25) (Arenewo testimony designated by plaintiffs regarding tugboat crew's kidnapping); *see also* Arenewo Transcript filed with the Court (Dkt. 2037-2) (plaintiffs' designations highlighted in yellow); (11/5/08 Trial Transcript, at 1060:19-1069:12) (Plaintiffs' direct examination of Mr. Aiyenumelo regarding the tugboat crew's kidnapping). And plaintiffs just counter-designated information from this deponent on Bowoto's trip to Eku, which falls into the same category of information they are now attempting to exclude. Defendants are entitled to tell their side of what occurred.<br><br>Plaintiffs' Response: *See supra* "Plaintiffs' Tug and Bowoto Damages Response." |

# DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI
(Plaintiffs' Counter-Designations in italicized text)

September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 65:2-3 | Plaintiffs object that testimony concerning the tug *after* the GSF landed on the barge and took it and the platform on the morning of May 28, 1998 is irrelevant. Such testimony has no relevance to the claims and damages of the plaintiffs, the "state of mind" of the CNL personnel who made the decision to ask the GSF to go to the barge and platform, to the decision to request the GSF to go to the barge, the "state of mind" of any of the subcontractors, GSF or Ilaje aboard the barge and platform, as well as to any of the defendants' affirmative defenses. Testimony regarding the tug after the GSF landed on the barge on May 28 is introduced solely for the purpose of inflaming the jury; it is improper character evidence and is highly prejudicial. Captain schools is not a party; nothing he did or did not do, or his state of mind following the GSF attack on the barge is irrelevant. Any marginal relevance is outweighed by its prejudicial effect. | Plaintiffs have offered extensive testimony from their witnesses Mr. Arenewo and Mr. Aiyenumelo on events relating to the tugboat and after the rescue of the hostages. (11/4/08 Trial Transcript, at 931:21-932:16, 933:1-935:25) (Arenewo testimony designated by plaintiffs regarding tugboat crew's kidnapping); *see also* Arenewo Transcript filed with the Court (Dkt. 2037-2) (plaintiffs' designations highlighted in yellow); (11/5/08 Trial Transcript, at 1060:19-1069:12) (Plaintiffs' direct examination of Mr. Aiyenumelo regarding the tugboat crew's kidnapping). And plaintiffs just counter-designated information from this deponent on Bowoto's trip to Eku, which falls into the same category of information they are now attempting to exclude. Defendants are entitled to tell their side of what occurred.<br><br>Plaintiffs' Response: *See supra* "*Plaintiffs' Tug and Bowoto Damages Response*." |

**DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI**
(Plaintiffs' Counter-Designations in italicized text)
September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 65:5-7 | Plaintiffs object that testimony concerning the tug *after* the GSF landed on the barge and took it and the platform on the morning of May 28, 1998 is irrelevant. Such testimony has no relevance to the claims and damages of the plaintiffs, the "state of mind" of the CNL personnel who made the decision to ask the GSF to go to the barge and platform, to the decision to request the GSF to go to the barge, the "state of mind" of any of the subcontractors, GSF or Illaje aboard the barge and platform, as well as to any of the defendants' affirmative defenses. Testimony regarding the tug after the GSF landed on the barge on May 28 is introduced solely for the purpose of inflaming the jury; it is improper character evidence and is highly prejudicial. Captain schools is not a party; nothing he did or did not do, or his state of mind following the GSF attack on the barge is irrelevant. Any marginal relevance is outweighed by its prejudicial effect. | Plaintiffs have offered extensive testimony from their witnesses Mr. Arenewo and Mr. Aiyenumelo on events relating to the tugboat and after the rescue of the hostages. (11/4/08 Trial Transcript, at 931:21-932:16, 933:1-935:25) (Arenewo testimony designated by plaintiffs regarding tugboat crew's kidnapping); *see also* Arenewo Transcript filed with the Court (Dkt. 2037-2) (plaintiffs' designations highlighted in yellow); (11/5/08 Trial Transcript, at 1060:19-1069:12) (Plaintiffs' direct examination of Mr. Aiyenumelo regarding the tugboat crew's kidnapping). And plaintiffs just counter-designated information from this deponent on Bowoto's trip to Eku, which falls into the same category of information they are now attempting to exclude. Defendants are entitled to tell their side of what occurred. |
| 65:16-18 | | Plaintiffs' Response: *See supra* "Plaintiffs' Tug and Bowoto Damages Response." |

**DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI**
(Plaintiffs' Counter-Designations in italicized text)
September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *Plaintiffs counter-designate 67:16-68:2* | | |
| 68:5-9 | | |
| *Plaintiffs counter-designate 68:10-25; 70:24-71:3; 71:5-6* | 68:14: Defendants object to the inclusion of colloquy of the court reporter as irrelevant, waste of time. FRE 401-403. | Plaintiffs' Response: Plaintiffs do not intend to introduce colloquy of counsel. |
| *Plaintiffs counter-designate 75:24-76:3* | 76:1: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | Plaintiffs' Response: Plaintiffs do not intend to introduce colloquy of counsel. |
| 77:18-25 | | |
| Exhibit 1460-A | | |
| 78:5-16 | | |

**DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI**
(Plaintiffs' Counter-Designations in italicized text)
September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *Plaintiffs counter-designate 78:17-21; 79:7-12* | | |
| 80:8-81:15 | | |
| 83:9-16 | | |
| *Plaintiffs counter-designate 83:24-25* | | |
| 84:3-6 | | |
| 84:9 | | |
| 84:11-20 | | |

**DEFENDANTS' DESIGNATION OF JOHNNY ENITAN OGUNJOBI**
(Plaintiffs' Counter-Designations in italicized text)
September 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 84:24-85:1 | | |
| Exhibit 1461-A | | |
| 85:3-5 ending with "C21830." | | |
| Exhibit 1461-A | | |
| 85:12-86:13 | | |
| Exhibit 1461-A | | |

SFI-59759Sv1