# DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

## (Counter-Designations in italicized text)

### April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 4:17-19 | | |
| 8:23 starting with "Were" – 9:1 | | |
| 9:9-12 | | |
| *9:18-25* | | |
| *10:7-19* | | |
| 11:8-15 | | |
| 14:9-19 Exhibit 729BB | Object to Exhibit and testimony based on it lacking in foundation. The Exhibit is improperly authenticated; there is no testimony establishing that it accurately depicts the barge configuration on May 25-28th, 1998. | Deponent testifies that he recognizes and identifies the barge in the photograph (Exhibit 729) which is sufficient for authentication. Exhibit 729, which is the underlying photograph is already in evidence. |
| 16:6-17:9 | | |

SFI-59767v1

1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *18:25-19:12* | | |
| 20:10-21:2 | | |
| 23:1 starting with "Do you" – 7 | | |
| 23:10-11 | | |
| 23:23-24:5 | | |
| 24:11-18 | | |
| 25:8-14 | | |
| 25:20-24 | | |
| 26:5-7 | | |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 26:10-15 | | |
| 26:18-22 | | |
| 27:22-28:12 | | |
| 28:13-23 | | |
| 29:8-11 | | |
| 29:22-30:2  Exhibit 733BB | Object to Exhibit 733BB as not properly authenticated and lacking in foundation. | Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection. <br><br> 29:22-30:2: As discussed above, plaintiffs' assertion that the testimony is based on a later configuration of the platform has no merit as the cited testimony refers to a completely |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 30:11-16 Exhibit 733BB | Object to Exhibit 733BB as not properly authenticated and lacking in foundation. | Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection. |
| 33:15-34:6 | | 29:22-30:2: As discussed above, plaintiffs' assertion that the testimony is based on a later configuration of the platform has no merit as the cited testimony refers to a completely different exhibit. |
| 35:13-22 Exhibit 729BB | Object to Exhibit 729BB as not properly authenticated and lacking in foundation that it accurately depicts the configuration of the barge on May 25-28th, 1998. | Deponent testifies that he recognizes and identifies the barge in the photograph (Exhibit 729) which is sufficient for authentication. See 14:9-19. Exhibit 729, which is the underlying photograph is already in evidence. |

different exhibit..

4

SFI-59767.3v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 36:7-24 | | |
| 37:8-23 Exhibit 750 | Hearsay statement written long after events transpired (document bears the date March 1, 1999). Object to Exhibit and to improper questioning based on hearsay document. Objection to introduction of hearsay document. Not used to refresh recollection. Lacks foundation and calls for speculation. | Exhibit is non-hearsay as to deponent's state of mind during the Parabe incident, and the Court has determined the workers' state of mind is relevant. Testimony authenticates exhibit. *Plaintiffs' Response: A document written for defense counsel ten months after the events occurred does not reliably reflect one's state of mind at the time of the event. By the time this statement was obtained defendants were aware plaintiffs intended to file suit, which they did just two months later. In light of the clear prejudicial effect of this statement, it and testimony based on it should be excluded.* **Hereafter, this objection shall be referred to as "Plaintiffs' March 1999 Statements Objection."** |
| 37:25-38:11 Exhibit 750 | Hearsay statement written long after events transpired (document bears the date March 1, 1999). Object to Exhibit and to improper questioning based on hearsay document. Objection to introduction of hearsay document. Not used to refresh | Exhibit is non-hearsay as to deponent's state of mind during the Parabe incident, and the Court has determined the workers' state of mind is relevant. Testimony authenticates |

SFI-59767v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | recollection. Lacks foundation and calls for speculation. | exhibit. |
| 38:20-40:2 Exhibit 751 | Hearsay statement written long after events transpired (document bears the date March 1, 1999). Object to Exhibit and to improper questioning based on hearsay document. Objection to introduction of hearsay document. Not used to refresh recollection. Lacks foundation and calls for speculation. | Plaintiffs' Response: See supra "Plaintiffs' March 1999 Statements Objection." Exhibit is non-hearsay as to deponent's state of mind during the Parabe incident, and the Court has determined the workers' state of mind is relevant. Testimony authenticates exhibit. |
| 40:3-4 | | Plaintiffs' Response: See supra "Plaintiffs' March 1999 Statements Objection." |
| 40:10-21 | 40:10-15: Witness admits he is "speculating" as to how the Ilaje were "climbing on the towers". | Testimony makes clear that deponent only describes what he saw. Deponent corrects himself regarding the towers and explains that what he saw was the Ilaje were climbing over the handrails. |
| 40:23-41:1 | | |

6

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 41:7-13<br><br>Exhibit 750 | 41:13 (beginning at "but"): Non-responsive to question "how many llaje you saw board at the time you came down from the platform."<br><br>Object to Exhibit as not properly authenticated and lacking in foundation. | 41:13 (beginning at "but"):<br>Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection.<br><br>41:7-13: As discussed above, plaintiffs' assertion that the testimony is based on a later configuration of the platform has no merit as the cited testimony refers to a completely different exhibit. |
| 41:17-42:9<br><br>Exhibit 750 | Object to Exhibit as not properly authenticated and lacking in foundation. | Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection.<br><br>41:7-13: As discussed above, plaintiffs' assertion that the testimony is based on a later configuration of the platform |

SF1-597673v1

7

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | has no merit as the cited testimony refers to a completely different exhibit. |
| 42:12-24 Exhibit 750 | Object to Exhibit as not properly authenticated and lacking in foundation. | Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection.

41:7-13: As discussed above, plaintiffs' assertion that the testimony is based on a later configuration of the platform has no merit as the cited testimony refers to a completely different exhibit. |
| 43:5-9 | Object to Exhibit as not properly authenticated and lacking in foundation. | Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection.

41:7-13: As discussed above, plaintiffs' assertion that the |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | testimony is based on a later configuration of the platform has no merit as the cited testimony refers to a completely different exhibit. |
| 43:12-14 | Object to Exhibit as not properly authenticated and lacking in foundation. | Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection.<br><br>41:7-13: As discussed above, plaintiffs' assertion that the testimony is based on a later configuration of the platform has no merit as the cited testimony refers to a completely different exhibit. |
| 43:16-21 | Object to Exhibit as not properly authenticated and lacking in foundation. | Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection. |

9

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 43:23 starting with "Turning" – 44:21 | Object to Exhibit as not properly authenticated and lacking in foundation. | 41:7-13: As discussed above, plaintiffs' assertion that the testimony is based on a later configuration of the platform has no merit as the cited testimony refers to a completely different exhibit. |
| Exhibit 750 | If allowed, plaintiffs designate 44:22-45:3 | Deponent testifies that he recognizes and identifies the Parabe platform in the photograph (Exhibit 733) which is sufficient for authentication. Plaintiffs' cited testimony (135:13-137:1) is about a different exhibit – Exhibit 730. These are two different photographs and there is no basis for plaintiffs' objection. |
| If allowed, plaintiffs designate 44:22-45:3 | | 41:7-13: As discussed above, plaintiffs' assertion that the testimony is based on a later configuration of the platform has no merit as the cited testimony refers to a completely different exhibit. |

*[Handwritten annotations: "135:23 – 44:15 grouping" circled; "44:16 – 21 OK"]*

SFI-59767.3v1

10

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 45:4-7 | | |
| 45:10 | | |
| 46:6-8 | Lacks foundation as to the basis of the answer; calls for speculation. | Testimony that Ilaje did not follow the normal boarding protocol is based on deponent's percipient observation of how the Ilaje boarded by climbing over the handrails, hollering and screaming and not boarding in an orderly way. *See* 40:3-4, 10-21; 41:20-42:1. |
| 46:11 | Lacks foundation as to the basis of the answer; calls for speculation. | Testimony that Ilaje did not follow the normal boarding protocol is based on deponent's percipient observation of how the Ilaje boarded by climbing over the handrails, hollering and screaming and not boarding in an orderly way. *See* 40:3-4, 10-21; 41:20-42:1. |
| 47:5-15 | Leading. | |
| 46:21-25 | | |

SFI-597673v1

11

SFI-597673v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 47:17-48:10 | Leading. | |
| 48:12-22 | | |
| 49:6-12 | | |
| 49:15-17 | | |
| 49:19 | | |
| 49:25-50:2 | | |
| 50:4-51:2 | | |
| 51:5-7 | | |
| 51:9-52:3 | 51:20-24: Lacks foundation that the witness understood what was being said as he admits they "were speaking a lot of their own language." | Deponent testifies that "there was some saying they'd take me" in contrast to what the Ilaje said in their own language. Testimony is based on deponent's percipient knowledge. |

12

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 52:4-9 | | |
| 52:11-12 | | |
| 52:13-53:5 | 53:2-5: Hearsay. | Testimony is non-hearsay to show the workers' state of mind. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| 53:15 | | |
| 53:17-18 | | |
| 53:21-54:1 | | Response to question of whether, other than "Jason Daniels and Pops", others on the barge were scared, is clearly speculative and lacking in foundation (i.e., others "probably were" and other expatriates had "probably mentioned" ~~they were~~ frightened at one time or another). | Deponent's later testimony establishes that he remembers the expats talking about being scared. Deponent's testimony is based on his memory of conversations about the expats being scared. |

SFI-5976173v1

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

## (Counter-Designations in italicized text)

### April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 54:3-4 | | Testimony that the workers were scared is non-hearsay to show the workers' state of mind. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| 55:6-21 | 55:6-21: Burnham's testimony regarding "Molotov cocktails" is clearly speculative: "I **guess** it's a glass bottle with gas in it or something that you could throw and set on fire, I **guess**." | Deponent's testimony is not speculative about describing what he saw on different places on the deck and in the hands of the Ilaje – a glass bottle with gas in it or something that was flammable. |
| 55:23-56:18 | 55:20-56:18: Hearsay and speculation by the "expats" as to what the Ilaje might do: (i.e., "it was **just the other expats saying**...if we tried to resist, they would burn the barge. They had diesel fuel on the deck, so they **could** do that." This unsubstantiated, speculative testimony is highly inflammatory, prejudicial and lacking in foundation. Burnham makes clear he never personally heard Ilaje threaten to burn down the barge (*See* 57:5-7). | |
| 56:22-57:9 | 57:8-9: Burnham makes clear he has no personal knowledge of | |

SFI-59763v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | threats to burn the barge; hearsay. | |
| 57:12 | *57:12: Burnham makes clear he has no personal knowledge of threats to burn the barge; hearsay.* | |
| 57:19-58:3 | Plaintiffs intend to introduce impeaching testimony from other witnesses on this issue in rebuttal. | To the extent plaintiffs seek to introduce testimony from defendants' witnesses who are appearing live, the attempt is improper. To the extent plaintiffs seek to introduce testimony from defendants' witnesses testifying by deposition, any such testimony (assuming it is admissible) should be played with that deponent's designation. |
| 58:7-20 | 58:7-9: Ilaje "handling" glass objects is vague and ambiguous as well as irrelevant. | 58:7-9: Testimony regarding glass handling by Ilaje is relevant to testimony about Molotov cocktails on board, consumption of alcohol and use of glass pieces as potential weapons. |
| | 58:13-14: Clearly speculative as to whether "maybe liquor could be stored in or was" in them. | 58:13-14: Deponent testified that he smelled alcohol on some Ilaje's breath, and gives foundation to deponent's testimony that glass bottles which were not Coke bottles could be liquor bottles. See 49:6-12, 15-17, 19; 50:25-51:2. |
| | 58:19-20: Witness's testimony of "maybe the bottom of them" and "like they were going to use them as a weapon" is purely speculative; lacks foundation; inflammatory; prejudicial. | |

15

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 58:22-59:12 | 58:22-59:8: Extremely leading; lacks foundation; inflammatory; prejudicial. 59:9-12: Extremely leading question as to whether "the thought formed in your mind that the Ilaje were holding the bottles as weapons"; the answer as to Ilajes' intent regarding bottles is speculative; lacks foundation; inflammatory; prejudicial. | 58:19-20: Testimony is based on rational perception and understanding of the witness that the Ilaje gripping the bottle by the non-broken end and could use it as a weapon. Plaintiffs' Response: Defendants did not ask if the witness saw alcohol in bottles, glass being used as a weapon, etc. All this offered testimony amounts to is seeing someone holding a glass object in his hand. All else is pure speculation. 58:22-59:8: Plaintiffs failed to object to the question as leading at deposition; objection is waived. Testimony is based on deponent's observations of Ilaje breaking bottles on the deck. 59:9-12: Testimony is based on rational perception and understanding of the witness that the Ilaje gripping the bottle by the non-broken end and could use it as a weapon. |
| 60:20-21 | | |
| 60:23-61:8 | | |

SFI-59767v1

16

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 61:21-25 | | |
| 62:4-7 | Object to the Ilaje "constraining the movement of the expatriates" as leading; calls for speculation; lacks foundation. | Plaintiffs failed to object to the question as leading at deposition; objection is waived. Testimony is based on information provided by the Captain and Mike Browne who were told by the Ilaje to keep the expats in certain places. *See* 62:10-63:3 |
| If allowed, Plaintiffs designate 62:10-23 and 62:24-6. | If allowed, plaintiffs designate 62:10-23. OK | |
| 63:4-9 | If allowed, defendants counter-designate | |
| 63:11-66:3 | 63:11-12: Non-responsive and speculative as to when the "radio room door would have been ripped off" | 63:11-12:  Plaintiffs failed to move to strike testimony; objection is waived.  Testimony is not speculative; deponent testified earlier that the radio room door had been ripped off its hinges.  *See* 60:20-21; 60:23-61:8. |
| | 65:20-66:3:  Response is completely speculative as to whether the Nigerian crew who came between "the expatriates and Ilaje meant they were putting their wives and family in jeopardy." | 65:20-66:3:  Testimony is based on personal knowledge and |

SFI-597673v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 66:5-10 | Lacks foundation; calls for speculation, inflammatory; and prejudicial. | deponent's experience in "other incidents in Nigeria" and that was the "first time" the crew had intervened. Testimony is based on rational perception of deponent; deponent was scared and recognized life was in danger; the same would be true for the crew members. Testimony is highly probative and goes to deponent's state of mind, which the Court has determined is relevant. |
| | | Plaintiffs Response: It is one thing for the witness to state he or his crew was afraid. Here the witness speculates that the lives of the wives and families of the crew will be endangered – that is taking the state of mind exception to the hearsay rule far beyond rational confines. |
| | 66:5-10:  Response speculative as to whether the Nigerian crew who came between "the expatriates and Ilaje meant they were putting their wives and family in jeopardy." Lacks foundation; calls for speculation, inflammatory; and prejudicial. | 66:5-10:  Testimony is based on personal knowledge and deponent's experience in "other incidents in Nigeria" and that was the "first time" the crew had intervened. Testimony is based on rational perception of deponent; deponent was scared and recognized life was in danger; the same would be true for the crew members.  Testimony is highly probative and goes to deponent's state of mind, which the Court has determined is relevant. |

18

## DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

### (Counter-Designations in italicized text)

### April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 66:12-22 | 66:12-17: Response speculative as to whether the Nigerian crew who came between "the expatriates and Ilaje meant they were putting their wives and family in jeopardy." Lacks foundation; calls for speculation; inflammatory; and prejudicial.<br><br>66:21-22: Leading response concerning Juju. | Plaintiffs Response: It is one thing for the witness to state he or his crew was afraid. Here the witness speculates that the lives of the wives and families of the crew will be endangered - that is taking the state of mind exception to the hearsay rule far beyond rational confines.<br><br>66:12-17: Testimony is based on personal knowledge and deponent's experience in "other incidents in Nigeria" and that was the "first time" the crew had intervened. Testimony is based on rational perception of deponent; deponent was scared and recognized life was in danger; the same would be true for the crew members. Testimony is highly probative and goes to deponent's state of mind, which the Court has determined is relevant.<br><br>66:21-22: Plaintiffs failed to object to the question as leading at deposition; objection is waived.<br><br>Plaintiffs Response: It is one thing for the witness to state he or his crew was afraid. Here the witness speculates that the lives of the wives and families of the crew will be endangered - that is taking the state of mind exception to the |

66:21 —
68:12
Sustained

19

SFI-59767v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 66:25-67:24 | Testimony regarding Juju lacks foundation, is highly speculative, prejudicial and inflammatory. | hearsay rule far beyond rational confines. |
| 68:2-7 | Testimony that witness "recognized him as a Juju man" lacks foundation, is highly speculative, prejudicial and inflammatory. | Testimony about juju is based on deponent's personal knowledge and experiences in Nigeria and the common place nature of juju. Testimony is relevant and highly probative of deponent's state of mind regarding the juju man on board the barge. The Court has already determined the workers' state of mind is relevant. |
| 68:9-69:3 | 68:9-12: Testimony that "it would be called a juju stick" and he "would be a juju man" lacks foundation, is highly speculative, prejudicial and inflammatory.<br><br>69:1-3: Hearsay statements by expat crew which are highly inflammatory and prejudicial. | Testimony is based on deponent's personal knowledge and what he was told by the Ijaje. Testimony is relevant and highly probative of deponent's state of mind regarding the juju man on board the barge. The Court has already determined the workers' state of mind is relevant.<br><br>68:9-12: Testimony is based on deponent's personal knowledge and what he was told by the Ijaje. Testimony that the Ijaje who were blessed by juju were impervious to harm is relevant and highly probative of deponent's state of mind regarding the juju man on board the barge. The Court has already determined the workers' state of mind is |

20

SFI-59767v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | relevant. |
| 69:5-10 | Hearsay statements from unidentified crew members except for two (Jason Daniels and "Pops") are highly inflammatory and prejudicial. | 69:1-3: Testimony that the workers were scared is non-hearsay and highly probative of the workers' state of mind. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| | | Testimony that the workers were scared is non-hearsay and highly probative of the workers' state of mind. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| 69:12-17 | Hearsay; witness makes clear he is speculating as he "**Imagines** most of us"; "**can't remember**"; "**probably most of us**" had talked about dying. These hearsay statements are clearly lacking in foundation, highly inflammatory, and prejudicial. | Testimony is about statements deponent remembers. *See* 70:3-9. Testimony that the workers were scared is non-hearsay and highly probative of the workers' state of mind. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., |

21

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 69:22-25 | Hearsay; witness merely has a "general recollection" and can not recall who (other than "Pops" and Jason Daniels) made these highly inflammatory and prejudicial statements about being "scared of dying." | 271:10-18, 272:14-16. |
| 70:3-9 | Hearsay; witness merely has a "general recollection" and can not recall who (other than "Pops" and Jason Daniels) made these highly inflammatory and prejudicial statements. | Testimony is about statements deponent remembers. *See* 70:3-9. Testimony that the workers were scared is non-hearsay and highly probative of the workers' state of mind. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| 70:20-71:13 | | Testimony is about statements deponent remembers. *See* 70:3-9. Testimony that the workers were scared is non-hearsay and highly probative of the workers' state of mind. Plaintiffs argued at trial during Mr. Boyo's testimony (an Itsekiri worker on the barge) that the state of mind of the workers is relevant, and the Court agreed. *See* 10/29/08 Tr., 271:10-18, 272:14-16. |
| 71:16-19 | | |

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 71:25-72:9 Exhibit 729BB | Exhibit 729BB is improperly authenticated and lacks foundation that it accurately depicts the barge configuration on May 25-28ᵗʰ, 1998. Testimony based on this hearsay document is therefore speculative and lacking in foundation. | Deponent testifies that he recognizes and identifies the barge in the photograph (Exhibit 729) which is sufficient for authentication. Exhibit 729, which is the underlying photograph is already in evidence. Exhibit 729BB is a photograph, not a statement and thus is non-hearsay. It is not speculative or lacking in foundation as it was properly authenticated. |
| 72:19-74:4 | | |
| 74:9-11 | | |
| 74:14-16 | | |
| 74:18 | | |
| 74:21-75:21 | 75:7-11: Speculative; hearsay; based on Exhibit 729BB which is not properly authenticated and lacks foundation that it accurately reflects the configuration of the barge on May 25-28ᵗʰ, 1998. | Deponent testifies that he recognizes and identifies the barge in the photograph (Exhibit 729) which is sufficient for authentication. Exhibit 729, which is the underlying photograph is already in evidence. |

SFI-597673v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 75:24-76:6 | | |
| 76:9-20 | | |
| 76:22-25 | | |
| 77:2 | | |
| 77:4-9 | | |
| 77:12-22 | | |
| 77:24 | | |
| 78:7 starting with "How" – 14 | | |
| 78:16-79:10 | | |

SFI-59767v1

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 79:18-80:16 | 80:1-7: Calls for speculation as to the intent of the Ilaje and the "significance of his position" vis a vis the OSF; lacks foundation; prejudicial; and inflammatory. | Testimony is based on rational perception and observation of the witness that the Ilaje was running toward the military with the dummy spool raised behind him in the air was in position to strike the military man. Testimony is highly probative eye witness testimony to the shooting. |
| 81:3-6 | | |
| 81:16-82:11 | | |
| 82:14-83:14 | | |
| 83:15-23 | If allowed, defendants counter-designate 83:24-84:2. | |
| 84:7-12 | | |
| 84:15-22 | | |
| 84:24-25 | | |

SFI-59767.3v1

26

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 85:3-9 | | |
| 85:11-17 | | |
| 86:23-87:1 | Witness's observations of conditions on the barge on May 29th lack foundation and call for speculation that the conditions he saw were due to the Ilaje. Witness admits he was taken from the barge on May 28th and did not return until the next day (See 54:7-17). Prejudicial and inflammatory. These instruments could have been constructed by the expatriates who were supposedly in fear for their lives, or by QSF who were left aboard to "guard" the barge and platform.

Further object to Exhibit 750 and testimony based on it at 86:23-87:1: Hearsay statement written long after events transpired (document bears the date March 1, 1999). Improper questioning based on hearsay document. Objection to introduction of hearsay document. Not used to refresh recollection. Lacks foundation.

Objection to Exh 750 which is a hearsay document written long after the event. Improper use of Exh 750. Not used to refresh | Deponent testifies about his observations of razor blades on the barge deck when he returns to the barge the next day. Plaintiffs' miscbaracterize the testimony and contrary to their assertions, deponent did not testify the Ilaje left the razor blades; he merely reports his observations. Plaintiffs' speculations about how the razors got on the barge are irrelevant and are not proper objections.

Exhibit is relevant, probative and non-hearsay as to deponent's state of mind during the Parabe incident. The Court has already determined that the workers' state of mind is relevant. Deponent's testimony is based on his percipient knowledge about his comparison of the Parabe occupation to other incidents, including fear of the expat crew and actions they took based on that fear

Exhibit is based on deponent's personal knowledge and is non-hearsay regarding deponent's state of mind during the |

# DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

## (Counter-Designations in italicized text)

### April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | witness's recollection. Lacks foundation. | Parabe incident.  Statement was written shortly after the Parabe incident.  See 115:14-18. |
| 87:2-25 Exhibit 750 | Witness's observations of conditions on the barge on May 29th lack foundation and call for speculation that the conditions he saw were due to the Ilaje. Witness admits he was taken from the barge on May 28th and did not return until the next day (See 54:7-17). Prejudicial and inflammatory. These instruments could have been constructed by the expatriates who were supposedly in fear for their lives, or by GSF who were left aboard to "guard" the barge and platform.

Further object to Exhibit 750 and testimony based on it at 86:23-87:1: Hearsay statement written long after events transpired (document bears the date March 1, 1999). Improper questioning based on hearsay document. Objection to introduction of hearsay document. Not used to refresh recollection. Lacks foundation.

Objection to Exh 750 which is a hearsay document written long after the event. Improper use of Exh 750. Not used to refresh witness's recollection. Lacks foundation. | Deponent testifies about his observations of razor blades on the barge deck when he returns to the barge the next day. Plaintiffs' mischaracterize the testimony and contrary to their assertions, deponent did not testify the Ilaje left the razor blades; he merely reports his observations. Plaintiffs' speculations about how the razors got on the barge are irrelevant and are not proper objections.

Exhibit is relevant, probative and non-hearsay as to deponent's state of mind during the Parabe incident.  The Court has already determined that the workers' state of mind is relevant.  Deponent's testimony is based on his percipient knowledge about his comparison of the Parabe occupation to other incidents, including fear of the expat crew and actions they took based on that fear.

Exhibit is based on deponent's personal knowledge and is non-hearsay regarding deponent's state of mind during the Parabe incident.  Statement was written shortly after the |

SFI-597673v1

## DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

### (Counter-Designations in italicized text)

#### April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 88:1-2 | | Parabe incident. *See* 115:14-18. |
| 88:5-20 | Speculative response to question regarding whether there was diesel on the decks. "I believe so." Also, prejudicial inference that Ilaje were responsible for any diesel on the deck, which was a working barge. | Deponent's testimony is based on personal knowledge. Deponent responded that "there was" diesel fuel on the decks and that the decks were being cleaned. |
| 89:3-11 | | Plaintiffs' assertion that it was a "working barge" ignores the testimony in the deposition and in this case that the work was stopped after the Ilaje boarded. *See* 105:11-14. The workers were evacuated on May 28 and there is no testimony that work resumed on the barge on May 28. |
| 89:17-23 | | |
| 91:15-20 | | |

28

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 92:2-93:18 | | |
| 93:19-94:13 | Object to testimony and to document. Hearsay statement written long after events transpired. Document bears the date March 1, 1999. Object to Exhibit. Improper questioning based on hearsay document. Objection to introduction of hearsay document. Not used to refresh recollection. Lacks foundation and calls for speculation. | Testimony authenticates exhibit and its accuracy. Exhibit is relevant, probative and non-hearsay as to deponent's state of mind during the Parabe incident. The Court has already determined that the workers' state of mind is relevant. |
| Exhibit 751 | | |
| 94:22-95:20 | Object to testimony and to document. Hearsay statement written long after events transpired. Document bears the date March 1, 1999. Object to Exhibit. Improper questioning based on hearsay document. Objection to introduction of hearsay document. Not used to refresh recollection. Lacks foundation and calls for speculation. | Exhibit is relevant, probative and non-hearsay as to deponent's state of mind during the Parabe incident. The Court has already determined that the workers' state of mind is relevant. Deponent's testimony is based on his percipient knowledge about his comparison of the Parabe occupation to other incidents, including fear of the expat crew and actions they took based on that fear. Deponent also testifies about his observations of razor blades on the barge deck and his state of mind/understanding that the Ilaje were going to use those weapons on them. |
| Exhibit 751 | | |
| 95:22-96:8 | | |

SF1-597673v1

29

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 96:10-16 | | |
| 223:6-224:2 | 223:16-224:2: The words spoken "on the horn" were in the Nigerian language; the witness is clearly speculating and giving his "impression" based on other experiences as to what he imagines was being said. | Testimony is based on workers' state of mind and prior experiences in Nigeria. The Court has found the workers' state of mind is relevant. |
| 224:18-225:1 | | |
| 225:2-6 | Testimony is cumulative and would confuse the jury. FRE 403. | |
| 244:5-7 | Testimony regarding Juju hearsay; lacks foundation; inflammatory and prejudicial. | Testimony is based on deponent's personal knowledge and what he was told by the Ilaje. Testimony that the Ilaje who were blessed by juju were impervious to harm is relevant and highly probative of deponent's state of mind regarding the juju man on board the barge. The Court has already determined the workers' state of mind is relevant. |
| 244:12-246:5 | 244:21-246:5: Answer completely non-responsive to question "Can you describe the person?" Narrative; lacks foundation; | Plaintiffs failed to move to strike answer as non-responsive; objection is waived. Testimony is relevant to give context to the information conveyed by the Ilaje that he was impervious |

SFI-597673v1

30

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | speculative; inflammatory and prejudicial. | to harm. Testimony is based on deponent's percipient observations and the physical violence used against him by the Haje. Testimony is highly probative of deponent's state of mind; the Court has found the workers' state of mind is relevant. |
| 247:5-11 | | |
| 247:20-22 | Issue of whether it was "typical" for "communities who board a barge" to "also board a platform" is irrelevant; lacks foundation; calls for speculation. | Testimony is based on deponent's experience in other boarding incidents on the CBL-101 and thus is relevant to show the unusual and different nature of the Parabe incident. Testimony is based on deponent's prior observations during boarding incidents. |
| 247:25-248:14 | Issue of whether it was "typical" for "communities who board a barge" to "also board a platform" is irrelevant; lacks foundation; calls for speculation. | Testimony is based on deponent's experience in other boarding incidents on the CBL-101 and thus is relevant to show the unusual and different nature of the Parabe incident. Testimony is based on deponent's prior observations during boarding incidents. |
| 253:1-4 | | Testimony is based on deponent's prior observations during boarding incidents. |

SFI-597673v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *98:16-99.17* | | |
| *100:1-8* | | |
| *100:25-101:2* | | |
| *101:17-20* | | |
| *107:25-108:10* | | |
| *109:17-110:3* | | |
| *110:14-111:1* | | |
| *111:2-15* | | |
| *117:11-12* | | |
| *117:17-21* | | |

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 118:19-119:9 | | |
| 120:8-23 | Cumulative. FRE 403. | |
| 135:13-137:1 | | |
| 137:22-138:10 | | |
| 138:16-18 | | |
| 139:1-11 | | |
| 142:15-20 | | |
| 146:12-22 | Testimony that "everything over there belongs to Chevron, CNI," is unduly prejudicial and would mislead the jury. FRE 403. Deponent lacks personal knowledge regarding whether boats that transported military personnel to the barge were "Chevron boats." FRE 602. | |

SFI-597673v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 149:12-21 | | |
| 150:5-12 | | |
| 152:18-153:10 | | |
| 153:15-24 | | |
| 154:7-12 | Lacks foundation. FRE 602. Testimony is confusing and would mislead the jury. FRE 403. | |
| 154:22-155:2 | Leading, lacks foundation. FRE 602. Testimony is confusing and would mislead the jury. FRE 403. | |
| 155:25-156:3 | | |
| 156:18-157:7 | | |
| 157:12-23 | | |

SFI-597673v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 157:24-158:5 | | |
| 158:22-159:8 | | |
| 164:8-12 | | |
| 174:3-6 | | |
| 176:11-177:3 | | |
| 177:17-178:10 | | |
| 179:4-11 | | |
| 180:2-8 | | |
| 181:10-18 | | |
| 182:18-183:10 | | |

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *183:12-184:5* | | |
| *184:9-185:2* | | |
| *200:8-11* | | |
| *200:19-22* | | |
| *201:16-19* | | |
| *201:20-202:5* | | |
| *204:21-205:13* | | |
| *205:18-206:16* | | |
| *210:14-211:10* | Designation includes question but does not include the answer, 211:11-12. OK – will | |

SFI-597673v1

DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 211:17-212:9 | 211:23-212:4: Witness is speculating. FRE 602. | |
| 212:18-213:1 | | |
| 214:1-9 | | |
| 214:14-15 | | |
| 215:2-3 | | |
| 215:12-216:2 | | |
| 216:12-14 | | |
| 218:17-219:13 | | |
| 225:7-9 | Testimony is cumulative and would confuse the jury. FRE 403. | |
| 227:2-9 | | |

SFI-5976√3v1

SFH-5976735v1

**DEFENDANTS' NOVEMBER 10 DESIGNATION OF BILLY BURNHAM**

(Counter-Designations in italicized text)

April 22, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 232:24-233:1 | Irrelevant. FRE 401-402. | |
| 234:10-235:3 | | |
| 240:15-19 | | |
| 248:15-20 | | |
| 252:9-16 | Cumulative. FRE 403. Witness is speculating. FRE 602. | |
| 253:7-17 | | |
| 254:1 | | |
| 254:24-255:4 | Cumulative. FRE 403. Work in other parts of the world is irrelevant. FRE 401-402. | |

38