SFI-597529v1

Chambers Copy

# DEFENDANTS' NOVEMBER 14 DESIGNATION OF GODFREY ETIKERENTSE

(Counter-Designations in italicized text)

September 22, 2005 Volume IV

| Page/Line Cite | Plaintiffs' Objection & Counter (include specific page and line numbers of material objected to and objection(s)) | Defendants' Response |
|---|---|---|
| 431:8-10 | | |

# DEFENDANTS' NOVEMBER 14 DESIGNATION OF GODFREY ETIKERENTSE

(Counter-Designations in italicized text)

September 22, 2005 Volume IV

| Page/Line Cite | Plaintiffs' Objection & Counter (include specific page and line numbers of material objected to and objection(s)) | Defendants' Response |
|---|---|---|
| 508:16-18 | Testimony is inadmissible because it lacks any foundation in personal knowledge and/or is hearsay. FRE 602, 801. While statements of a Chevron corporate representative under F.R.C.P. 30(b)(6), like those of the deponent, may be admissible as admissions of a party opponent under FRE 801(d)(2), if offered by plaintiffs, such statements are not admissible if offered by the defendants without a showing of personal knowledge, rather than a recounting of statements made by out of court declarants.<br><br>Further, the evidence shows that the deponent personally lacks any personal knowledge of the matters as to which he testifies, instead having learned everything he knows from talking to CNL security Chief Mike Uwaka. Thus, the evidence lacks foundation and constitutes improper hearsay. FRE 602, 801. 520:17-21, 23-24, 521:9-10, 12-13, 522:18-23, 25.<br><br>Further, the testimony about CNL's supposed meetings with other oil companies about security issues is irrelevant to any issue in this case. FRE 401. | Deponent was an employee of CNL or its predecessor, Gulf Oil, between 1966 and the end of 1995, including as general counsel. *See* 10:12-19, 532:20-21, 533:17. Between 1988 and 1999, deponent served on CNL's Board of Directors. *See* 141:6-16. Deponent therefore has personal knowledge of CNL's security and community relations strategies. *See, e.g.*, 507:20-15 (has personal knowledge of why CNL requested that GSF regularly rotate security personnel). Further, the line of questioning to which plaintiffs object here explicitly covers the time period beginning in 1994, when deponent was still employed at CNL. 508:16.<br><br>CNL's meetings with other oil companies about the best approaches to security and community relations is relevant to the reasonableness of their use of the GSF. It also speaks to CNL's lack of intent to harm plaintiffs. It is also outside the scope of the 30(b)(6) notice and should therefore be treated as his personal deposition. |

# DEFENDANTS' NOVEMBER 14 DESIGNATION OF GODFREY ETIKERENTSE

(Counter-Designations in italicized text)

September 22, 2005 Volume IV

| Page/Line Cite | Plaintiffs' Objection & Counter (include specific page and line numbers of material objected to and objection(s)) | Defendants' Response |
|---|---|---|
| 508:21 | Testimony is inadmissible because it lacks any foundation in personal knowledge and/or is hearsay. FRE 602, 801. *See above. Further, the testimony about CNL's supposed meetings with other oil companies about security issues is irrelevant to any issue in this case.* FRE 401. | Deponent has personal knowledge as to this subject matter. *See above. CNL's meetings with other companies about the safest and most effective security practices is relevant to the reasonableness of their use of the GSF for security and lack of intent to harm plaintiffs. See above.* |
| 508:23 | Testimony is inadmissible because it lacks any foundation in personal knowledge and/or is hearsay. FRE 602, 801. *See above. Further, the testimony about CNL's supposed meetings with other oil companies about security issues is irrelevant to any issue in this case.* FRE 401. | Deponent has personal knowledge as to this subject matter. *See above. CNL's meetings with other companies about the safest and most effective security practices is relevant to the reasonableness of their use of the GSF for security and lack of intent to harm plaintiffs. See above.* |
| 509:1-7 | Testimony is inadmissible because it lacks any foundation in personal knowledge and/or is hearsay. FRE 602, 801. *See above. Further, the testimony about CNL's supposed meetings with other oil companies about security issues is irrelevant to any issue in this case.* FRE 401. | Deponent has personal knowledge as to this subject matter. *See above. CNL's meetings with other companies about the safest and most effective security practices is relevant to the reasonableness of their use of the GSF for security and lack of intent to harm plaintiffs. See above.* |

**DEFENDANTS' NOVEMBER 14 DESIGNATION OF GODFREY ETIKERENTSE**

(Counter-Designations in italicized text)

September 22, 2005 Volume IV

| Page/Line Cite | Plaintiffs' Objection & Counter (include specific page and line numbers of material objected to and objection(s)) | Defendants' Response |
|---|---|---|
| 509:10-12 | Testimony is inadmissible because it lacks any foundation in personal knowledge and/or is hearsay. FRE 602, 801. *See above.* Further, the testimony about CNL's supposed meetings with other oil companies about security issues is irrelevant to any issue in this case. FRE 401. | Deponent has personal knowledge as to this subject matter. *See above.* CNL's meetings with other companies about the safest and most effective security practices is relevant to the reasonableness of their use of the GSF for security and lack of intent to harm plaintiffs. *See above.* |
| 509:15 | Testimony is inadmissible because it lacks any foundation in personal knowledge and/or is hearsay. FRE 602, 801. *See above.* Further, the testimony about CNL's supposed meetings with other oil companies about security issues is irrelevant to any issue in this case. FRE 401. | Deponent has personal knowledge as to this subject matter. *See above.* CNL's meetings with other companies about the safest and most effective security practices is relevant to the reasonableness of their use of the GSF for security and lack of intent to harm plaintiffs. *See above.* |
| | *To the extent that the Court overrules plaintiffs' objections, plaintiffs designate the following:*<br><br>*520:17-21, 23-24, 521:9-10, 12-13, 522:18-23, 25.* | |