**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 6:17-20 | | |
| 9:6-10 | | |
| *9:17 – 19* | | |
| *9:25 – 10:4* | | |
| *10:8 – 11* | | |
| 10:22-11:12 Exhibit 521 | | |
| 11:18-12:11 Exhibit 521 | | |
| 14:19-22 starting with "And how" | | |

Chambers Copy

SFI-597608v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *14:3 – 18* | This designation is out of order and should come before 14:19-22 | |
| *15:21 – 16:16* | | |
| *17:7-9* | | |
| 18:15-21 | Objection: testimony regarding "sharp" normal galley implements" such as "a large butcher knife" and "lamb splitter" aboard the tug, in the absence of any evidence that such implements were used by the Ilaje to threaten or injure anyone, is irrelevant and prejudicial. Such testimony is introduced solely for the purpose of inflaming the jury, causing them to speculate as to what uses such implements might have been put to, any marginal probative value of the presence of such implements aboard the tug to the state of mind of Captain Schools or his crew is outweighed by prejudicial effect. | Captain Schools testified and took pictures showing (*see infra* 44:11-24, 53:6-59:13; Exhibits 527-530, 61:12-62:13) that the Ilaje took the tug's lamb splitter. Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony.

Plaintiffs' Response: Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails |

2

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 19:2-5 | Objection: the testimony regarding the use of the "lamb splitter" to "butcher large pieces of meat like a lamb or a small pig" to "butcher large pieces of meat like a lamb or a small pig" is irrelevant in the absence of any evidence that such implements were used by the Ijaje to injure or threaten | to identify anyone in the photograph. While he says he took the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during May 25-28th. He does not state that the people pictured are on the tug. Indeed, he does not state that the "lamb splitter" pictured belongs to the tug, but rather, that it is "of the same type" (See 54:6-9), Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24-220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea turtle" pictures (263:16-264:4). These are hardly threatening acts.

Captain Schools testified and took pictures showing (see infra 44:11-24, 53:6-59:13; Exhibits 527-530; 61:12-62:13) that the Ilaje took the tug's lamb splitter. Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their |

3

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | anyone. Such testimony is introduced solely for the purpose of inflaming the jury. Any marginal probative value of the presence in the tug's galley of such instruments to the state of mind of Captain Schools or his crew is outweighed by prejudicial effect. | entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony.

Plaintiffs' Response: Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails to identify anyone in the photograph. While he says he took the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during May 25-28[th]. He does not state that the people pictured are on the tug. Indeed, he does not state that it is "of the same type" (See 54:6-9). Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24- |

SFI-59760&v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection<br>(include specific page and line numbers of material<br>objected to and objection(s)) | Response |
|---|---|---|
| 19:7-9 | Objection: the testimony regarding the presence of "fire axes" aboard the tug is irrelevant in the absence of any evidence that such implements were used by the Iljac to injure or threaten anyone. Such testimony is introduced solely for the purpose of inflaming the jury. Any marginal probative value of the presence of such instruments to the state of mind of Captain Schools or his crew is outweighed by prejudicial effect. | 220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea turtle" pictures (263:16-264:4). These are hardly threatening acts.<br><br>Captain Schools testified that the Iljac confiscated the tug's fire axes (*see infra* 44:11-24, 61:12-62:13). Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Iljac did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Iljac and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Iljac contradicts their testimony.<br><br>Plaintiffs' Response: Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails to identify anyone in the photograph. While he says he took |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during May 25-28[th]. He does not state that the people pictured are on the tug. Indeed, he does not state that the "lamb splitter" pictured belongs to the tug, but rather, that it is "of the same type" (See 54:6-9). Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24-220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea turtle" pictures (263:16-264:4). These are hardly threatening acts. |
| 20:23-21:6<br><br>Exhibit 523 | Objection: calls for speculation, lacks foundation that the referenced Exhibit accurately depicts the configuration of the CBL 101 barge in the period from May 25 - 28, 1998, including any of the equipment on board. No identifying information is given as to when or by whom the photograph | Plaintiffs' objection to Exhibit 523 is frivolous. In fact, the identical photograph is already in evidence as Plaintiffs' Exhibit 1479. Witness uses the photograph to demonstrate how the tugboat was positioned next to the barge on the |

6

DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | was taken.  Further, the testimony makes clear that it is an unidentified "boat", not the Cheryl Anne or even another tug which appears in the photograph as tied up to the barge. Therefore, the proffered evidence is more prejudicial than probative and may lead the jury to speculate concerning the size, dimensions, shape or other relevant matters concerning the tug's configuration.<br><br>Object to Exhibit 523.  Witness makes clear it is not an accurate depiction of either the Cheryl Anne tug (186:21-187:18) or of the Parabe platform on May 25-28 1998 (190:3-13.)<br><br>*If allowed, plaintiffs counter-designate 186:21-187:18 and 190:3-13.* | morning of May 25, 1998.<br><br>Foundation objection was not made at the time and is therefore waived.<br><br>Plaintiffs' Response: Despite the admission of the exhibit, plaintiffs' counter-designation should be allowed to establish the fact that the photograph does not actually depict the configuration of the barge on May 25-28[th], 1998. |
| 22:16-18 | | |
| 23:5-13 | | |
| 23:22-24:1 | | |

7

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 25:16-27:3<br>Exhibit 524 | | |
| 27:24-29:2 | 28:1-29:2: Move to strike everything after "No." as non-responsive and irrelevant. | Plaintiffs' Response: Plaintiffs understand they are to affirmatively designate relevant sections of Schools' testimony at this point.<br>28:1-29:2 describes an incident during May 25-28[th] where the GSF stationed aboard the barge extracted a visitor from the tug, took him to the barge, and "roughed him up." This is relevant to the issue of the Ilaje on the barge purportedly "overwhelming" the GSF stationed there and their control over Afolayan's men, evidence defendants themselves have introduced. |
| 29:7-10 | | |
| 29:12-30:1 | Objection: nonresponsive; calls for a narrative as to "what happened." | Proper question and responsive. |

*CT will instruct jury on what "pirates" is through character but not legal definition.*

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

**(Plaintiffs' Counter-Designations in italicized text)**

**December 9-10, 2004**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 30:5-8 starting with "So you" | | |
| 30:19-20 | Objection: Calls for a narrative as to "what happened next". | Proper question. |
| 30:22-31:2 | Objection: Nonresponsive; calls for narrative as to "what happened next". | Proper question and responsive. |
| 31:4-32:19 | Object to "I thought they were pirates at the time". As becomes clear later in the transcript, Captain Schools met at length with defense counsel who suggested that he adopt the word "pirate" to describe the Ilaje. *See 171:25-174:17. After a supposed agreement with defense counsel that "pirate" would be a word Schools would be "comfortable with" (e.g., 172:10 – 14) "pirate" is inserted into nearly every question defense counsel asks of this witness concerning the conduct of the Ilaje aboard the tug.* In questioning this witness, defense counsel characterizes the Ilaje as "pirates" no less than **85** times. Use of this pejorative and conclusory characterization is clearly for the purpose of inflaming the jury, lacks foundation, is argumentative, calls for a legal | Defense counsel takes personal offense at the suggestion that she told Captain Schools to use the term pirate. Plaintiffs' objection is meritless and their insinuation that defense counsel suggested Mr. Schools use the term is just plain wrong. On June 1, 1998, the day after Captain Schools was released from his week-long captivity, he wrote a statement of his experiences: "On 12:00 Monday 25 May 98 an act of **piracy** was carried against a U.S.A. flag vessel . . . . I personally feel that viable contingency plans should be instituted by the various expat companies to alleviate the random and successful acts of **piracy** that all the civilized world despises." *See* Exhibit 539 & 157:6-23 (authenticating his statement). And he testified, that he told the Ilajes they were committing an act of piracy from the first moment they encountered each |

9

SFI-59760$v1

SFI-597608v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | conclusion and invades the province of the jury.<br><br>**Plaintiffs propose that alternative characterizations which defense counsel uses very infrequently ("the people who boarded the tug" [See, 38:10-11] or "invaders" [See, 42:15]) be substituted for the words "pirate" and "pirates" wherever defense counsel or the witness utilize this pejorative characterization.**<br><br>**Hereafter, this objection will be referred to as "Plaintiffs' Piracy Objection"**<br><br>Further, object to 31:14 – 32:9 as nonresponsive. The question posed was "By these people, you mean the people who boarded the vessel". Schools' narrative concerning an alleged "jamming of the throttles forward" by the "most boisterous" person, School's reaction, why one shouldn't "push the throttle forward with and/or wires "out there", etc. is completely nonresponsive to the question asked.<br><br>Object to 32:10 – 19 and the characterization of the Ilaje who boarded the tug as "pirates". See "Plaintiffs' Piracy Objection." | other on the bridge of the tugboat. *See* 32:14-19, 302:20-303:2 ("I used the term '**pirate**' in my first encountering on the bridge at the throttles on the Cheryl Anne, and to my knowledge I continued to refer to them as **pirates** when I spoke with Austin Seay and the other people ashore there. . ."). Captain Schools testified that defense counsel never suggested that he not use another word that he wanted to use to describe the Ilaje. *See* 300:4-21. Moreover, plaintiffs Mr. Bowoto and Mr. Oyinbo signed letters threatening sea piracy, so they cannot be heard to complain about being called pirates, particularly where they and their witnesses have called CNL and the GSF all manner of names, including "thugs" and "killers." Use of the term pirate, does not call for a legal conclusion, but for Captain Schools' state of mind and view of the Ilaje who invaded his tugboat. Hereinafter this response will be referred to as "Response to Plaintiffs' Piracy Objection."<br><br>This deposition will be played by video so plaintiffs' proposal to edit Mr. Schools' testimony is impossible and misleading.<br><br>31:14-32:9: Answer is responsive to question posed at 30:19-20, which was interrupted to clarify whom he was referring to |

10

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
| --- | --- | --- |
| *If allowed, Plaintiffs counter-designate 161:17-162:4, 163:4-5, and 171:25-174:17.* | | when he used the phrase "these people."<br><br>32:10-19: Testimony does not call for a legal conclusion; it is relevant to Captain Schools' state of mind. Testimony is responsive.<br><br>Defendants' response to plaintiffs' proposed counter-designation 163:4, 171:25-174:17: **163:4** Designation of question without answer is irrelevant, waste of time. **172:24-174:17** Designation is misleading and prejudicial; defense counsel take personal offense to this designation.<br><br>If plaintiffs are permitted to counter-designate this testimony, then defendants *counter-designate 300:4-21, 302:5-303:2.*<br><br>Plaintiffs' Response: Whether Mr. Schools' answers characterizing the Ilaje as "pirates" should be admitted is a very different issue than whether defense counsel should be allowed to use "pirates" in almost every single question. The fact that defendants wish to introduce Schools' deposition via videotape cannot be used as an argument to overcome the prejudice to plaintiffs of defense counsel utilizing the word "pirates" **85 times in the questioning of this witness. This counter-objection will hereafter be referred to as** |

11

DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | **"Plaintiffs' Rebuttal Piracy Objection."** |
| 32:25-33:5 | Object to defense counsel's use of the word "pirate" to characterize the Ilaje who "touched the throttles" and "pirates" concerning the Ilaje who boarded the tug. *See supra Plaintiffs' Piracy Objection.* | *See supra Response to Plaintiffs' Piracy Objection. Plaintiffs' Response: See supra Plaintiffs' Rebuttal Piracy Objection.* |
| | | *See supra Response to Plaintiffs' Piracy Objection. Further, regarding plaintiffs' counter-designations, plaintiffs have revised the designations to 163:4-5 to include the answer. 172:24-174:17 is relevant to bias and prejudice.* |
| 33:12 | Object to defense counsel's use of the word "pirate" to characterize the Ilaje who boarded the tug. *See supra Plaintiffs' Piracy Objection.* Moreover, the question "Did the pirates touch your neck in any way" is leading. | *See supra Response to Plaintiffs' Piracy Objection. Not leading.* *Plaintiffs' Response: See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 33:14-15 | Object to this response to the leading question "Did the pirates touch your neck in any way?" | *See supra Response to Plaintiffs' Piracy Objection. Not leading.* |
| | Further object to defense counsel's argumentative reference | *Plaintiffs' Response: See supra Plaintiffs' Rebuttal Piracy* |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | to "pirates." *See supra Plaintiffs' Piracy Objection.* | *Objection.* |
| 33:17-34:17 | Object to 33:17 and defense counsel's use of the word "pirates" to characterize the Ilaje who boarded the tug. *See supra Plaintiffs' Piracy Objection.* | *See supra Response to Plaintiffs' Piracy Objection.* |
| | Object to 34:2 – 6 as speculative as to whether the Ilaje boarding the tug did not have "an understanding" of the steering of the "thing" and that the wires "probably" would have wound up in the propeller screws. | Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* 34:2-6: Not speculative; based on his years of experience as a tugboat captain. Moreover, plaintiffs' third party witness, Methuselah Aiyenumelo, testified at trial that Captain Schools showed him how to operate the tug, so it is not speculation for the Captain to testify that the Ilaje did not know how to steer the tug. |
| | Object to 34:9 and defense counsel's characterization of the Ilaje boarding the tug as "pirates" in her question as inflammatory, prejudicial, calling for a legal conclusion and invading the province of the jury. | |
| 36:10-23 | Object to 36:10 – 11 and 36:17 and defense counsel's argumentative characterization of the Ilaje who boarded the tug as "the people that you've called pirates" in her questions. *See supra Plaintiffs' Piracy Objection.* | *See supra Response to Plaintiffs' Piracy Objection.* Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |

13

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 37:7-20 | Object to 37:7 and 37:13 and defense counsel's argumentative characterization of the Haje who boarded the tug as "the people that you've called pirates" in her questions. *See supra Plaintiffs' Piracy Objection.* | *See supra* Response to Plaintiffs' Piracy Objection.<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 38:9-12 starting with "At the time" | | |
| 42:15-43:1 | Object to Schools gratuitous comment that "piracy is a serious thing" as nonresponsive and calling for a legal conclusion, invading the province of the jury. *See supra Plaintiffs' Piracy Objection.* | *See supra* Response to Plaintiffs' Piracy Objection. Answer is responsive.<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 44:2-13 | Object to 42:2 and defense counsel's argumentative characterization of the Haje who boarded the tug as "the people that you've called pirates" in her questions. *See supra Plaintiffs' Piracy Objection.*<br><br>Object to the characterization of "sharp implements from the galley as "weapons" at 44:9. This characterization is clearly for the purpose of prejudicing the jury and causing them to | *See supra* Response to Plaintiffs' Piracy Objection.<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.*<br><br>Plaintiffs' objection to Captain Schools' characterization of knives and fireaxes as weapons is frivolous.  Rational people |

# DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

### (Plaintiffs' Counter-Designations in italicized text)

#### December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 44:15-24 | Object to 44:15 – 21 as hearsay testimony not based on percipient knowledge, as the source of the cited to testimony are the Chief Mate and Chief Engineer who are not available to be cross examined regarding what they purportedly saw.<br><br>Object to 44:21 – 24 as nonresponsive. The movement of the Ilaje "passed the crew" and the "mob" going "up on the bridge" is nonresponsive to the question of whether they "acquired weapons" of any kind.<br><br>speculate as to whether the implements were intended to be used as weapons. | 44:15-21: Captain Schools has personal knowledge that the Ilaje confiscated the knives and fireaxes from the Cheryl Anne because he saw them with those implements, and he even took pictures of the Ilaje holding the tugboat's lamb-splitter (a large knife). *See infra* 44:11-24, 53:6-59:13; Exhibits 527-530; 61:12-62:13. Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony. Even if hearsay, it's offered for the effect on Captain Schools' state of mind (*see* 62:15-63:15), where Captain Schools testifies that he laced a<br><br>view intruders with knives and axes as having weapons. |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | Windex bottle with Ammonia to protect himself in case the Ilaje attack him with "a butcher knife or something like that." |
| | | 44:21-24: Responsive. |
| | | Plaintiffs' Response: Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails to identify anyone in the photograph. While he says he took the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during May 25-28th. He does not state that the people pictured are on the tug. Indeed, he does not state that the "lamb splitter" pictured belongs to the tug, but rather, that it is "of the same type" (See 54:6-9). Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24-220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea |

16

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 45:9-46:3 starting with "Do you" | Object to references to "molotov cocktail" at 45:9 and 46:3. In the absence of any evidence that the Ilaje who boarded the barge had "molotov cocktails" which they intended to utilize as weapons as opposed to native lamps used to provide light, the characterization is clearly for the purpose of inflaming the jury. Any marginal relevancy of this testimony to the state of mind of Captain Schools or the crew is outweighed by the prejudicial effect. | turtle" pictures (263:16-264:4). These are hardly threatening acts. The evidence that the Ilaje had Molotov cocktails is provided in the cited testimony, so plaintiffs' objection is non-sensical. Should plaintiffs have any evidence that the Molotov cocktails seen by Captain Schools and his crew were "native lamps" then they can establish that in their rebuttal case, but plaintiffs' post hoc characterization of the devices as lamps does not preclude the Captain from testifying about what he saw. |
| 46:6-7 | Object to 46:6 -7 and the use by defense counsel of the argumentative phrase "the people who you called pirates." See supra Plaintiffs' Piracy Objection. | See supra Response to Plaintiffs' Piracy Objection. Plaintiffs' Response: See supra Plaintiffs' Rebuttal Piracy Objection. |
| 46:9-11 | Object to 46:9 -11 as hearsay. The source of the proffered testimony is the Chief Mate and Chief Engineer; second hand testimony that what these individuals purportedly saw were "molotov cocktails" as opposed to native light sources and that they were "hidden" as opposed to stowed out of the way. | Offered for the effect on the state of mind of Captain Schools. Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | is clearly offered for the purpose of inflaming the jury. Any marginal relevance to the state of mind of Schools and the crew is outweighed by the prejudicial effect. | is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony. |
| 47:2-3 | Object to the defense counsel's argumentative characterization of "gasoline or petroleum in a jar or bottle with a rag wick in it" (See, 45:12 – 13) as a "molotov cocktail". This characterization is clearly for the purpose of inflaming the jury, any marginal relevance is outweighed by the prejudicial effect. | 45:12-13: Should plaintiffs have any evidence that the Molotov cocktails seen by Captain Schools and his crew were "native lamps" then they can establish that in their rebuttal case, but plaintiffs' post hoc characterization of the devices as lamps does not preclude the Captain from testifying about what he saw. |
| 47:5-7 | This becomes especially clear as Schools' eventual testimony concerning purported statements by the Ilaje that they intended "to run the Cheryl Anne aground and burn it, set it afire" [See, 47: 1-2] does not in anyway reference molotov cocktails. | This statement is non-sensical. That the Ilaje threatened to burn the tugboat supports Captain Schools' belief that the devices were Molotov cocktails. |

SFI-5976080v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 47:9-14 | Object to 47:9-14 as leading.<br><br>Further object to 47:10 and defense counsel's argumentative use of the phrase "people" who you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | 47:9-14: Leading objection was not made at the time and is therefore waived. Not leading.<br><br>*See supra* Response to Plaintiffs' Piracy Objection.<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 47:25-48:2 | | |
| 48:4-6 | | |
| 48:8 | | |
| 53:6-54:25<br><br>Exhibit 527 | Object to 53:20 and the characterization of the Ilaje boarding the tug as "pirates." *See supra Plaintiffs' Piracy Objection.*<br><br>Further object to the photograph of an unidentified person holding a "lamb splitter" similar to one from the tug galley to "slaughter a sea turtle" for food is irrelevant and introduced solely for the purpose of inflaming the jury and causing it to speculate as to whether this implement "might" have been | *See supra* Response to Plaintiffs' Piracy Objection.<br><br>Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance |

19

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | used as a weapon. Schools never testified that it was put to use as a weapon or brandished in that fashion.<br><br>As the testimony later makes clear, the "lamb splitter" was being utilized to slaughter a sea turtle for food. [See, 55:10-11].<br><br>Object to introduction of Exhibit 527 as of marginal relevance, whose probative value is outweighed by prejudicial effect. Lacks foundation, no one including Captain Schools has been able to identify one person in the photograph.<br><br>If allowed, Plaintiffs *counter-designate: 220:13-14 and 263:16-264:3.*<br><br>OK | with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony. Exhibit 527 should be admitted for the same reasons; it directly contradicts plaintiffs' testimony and not having weapons.<br><br>Captain Schools specifically testifies that the individuals in the photograph are the Ilaje pirates who invaded his tugboat on May 25, 1998. *See* 53:18-21 (Q: "And who are the people pictured in the photograph [Exhibit 527]?" A: "These are the, what I referred to as pirates that boarded the vessel on that day."). In fact, Roseline Irowarinu, also identified some of the men in Captain Schools' pictures as Ilaje who passed very close to her home in Ikorigho whenever they were going to meetings. *See Roseline Irowarinu Dep., 99:5-100:1.*<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.*<br><br>Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails to identify anyone in the |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 55:1-56:13 Exhibit 528 | Object to testimony concerning the purported use of a "lamb splitter" similar to one from the tug's galley to "slaughter a sea turtle" for food. This testimony is introduced for the sole purpose of inflaming the jury and causing it to speculate as to whether the implement could be used as a weapon. Schools | photograph. While he says he took the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during May 25-28th. He does not state that the people pictured are on the tug. Indeed, he does not state that the "lamb splitter" pictured belongs to the tug, but rather, that it is "of the same type" (See 54:6-9). Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24-220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea turtle" pictures (263:16-264:4). These are hardly threatening acts.

*Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses* |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | never testified that it was put to use as a weapon or brandished in that fashion. | claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony. Exhibit 528 should be admitted for the same reasons; it directly contradicts plaintiffs' testimony and not having weapons. |
| | Further object to 55:16 – 17 and defense counsel's argumentative reference to the Ilaje as "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | 55:16-17: *See supra Response to Plaintiffs' Piracy Objection.* |
| | Object to introduction of Exhibit 528 as of marginal relevance, whose probative value is outweighed by prejudicial effect. | Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.*<br><br>Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails to identify anyone in the photograph. While he says he took the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during May 25-28[th]. He does not state that the people pictured are on the tug. Indeed, he does not state that the "lamb splitter" pictured belongs to the tug, but rather, that it is "of the same |

22

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

**(Plaintiffs' Counter-Designations in italicized text)**

**December 9-10, 2004**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 56:14-58:7 Exhibit 529 | Object to testimony concerning the purported use of a "lamb splitter" similar to one from the tug's galley to "slaughter a sea turtle" for food. This testimony is introduced for the sole purpose of inflaming the jury and causing it to speculate as to whether the implement could be used as a weapon. Schools never testified that it was put to use as a weapon or brandished in that fashion.<br><br>Object to 57:25 and reference to the Ilaje as "pirates." *See supra* Plaintiffs *[Piracy Objection]*<br><br>Object to introduction of Exhibit 529 as of marginal | type" (See 54:6-9). Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24-220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea turtle" pictures (263:16-264:4). These are hardly threatening acts. .<br><br>Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony. Exhibit 529 should be admitted for the same reasons; it directly contradicts plaintiffs' testimony and not |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | relevance, whose probative value is outweighed by prejudicial effect.

Lacks foundation; no one including Captain Schools has been able to identify one person in the photograph. | having weapons.

*57:25: See supra* Response to Plaintiffs' Piracy Objection.

Captain Schools specifically identifies the people in the photograph as "the Ilaje pirates," so plaintiffs' foundation objection is frivolous. *See 57:23-25*. In fact, Roseline Irowarinu, also identified some of the men in Captain Schools' pictures as Ilaje who passed very close to her home in Ikorigho whenever they were going to meetings. *See Roseline Irowarinu Dep., 99:5-100:1*.

*Plaintiffs' Response: See supra Plaintiffs' Rebuttal Piracy Objection.*

Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails to identify anyone in the photograph. While he says he took the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during May 25-28[th]. He does not state that the people pictured are on |

SF1-597608v1

# DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | the tug. Indeed, he does not state that the "lamb splitter" pictured belongs to the tug, but rather, that it is "of the same type" (See 54:6-9). Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24-220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea turtle" pictures (263:16-264:4). These are hardly threatening acts. |
| 220:13-14, 263:16-264:3 (ending at "presence"). | 263:16-264:3: Incomplete and misleading; cuts off answer mid-response.  FRE 401-403. Defendants' completeness designation 264:3-11, 264:14-20 | |
| 58:8-59:13 | Object to testimony concerning the purported use of a "lamb splitter" similar to one from the tug's galley to "slaughter a | Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje |

25

DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| Exhibit 530 | sea turtle" for food. This testimony is introduced for the sole purpose of inflaming the jury and causing it to speculate as to whether the implement could be used as a weapon. Schools never testified that it was put to use as a weapon or brandished in that fashion.<br><br>Object to 58:21 and reference to the Ilaje as "pirates." *See supra Plaintiffs' Piracy Objection.*<br><br>Object to introduction of Exhibit 530 as of marginal relevance, whose probative value is outweighed by prejudicial effect. | did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony. Exhibit 530 should be admitted for the same reasons; it directly contradicts plaintiffs' testimony and not having weapons.<br><br>58:21: *See supra* Response to Plaintiffs' Piracy Objection.<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.*<br><br>Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails to identify anyone in the photograph. While he says he took the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 60:12-61:11 Exhibit 532 | Object to introduction of Exhibit 532 as of marginal relevance, whose probative value is outweighed by prejudicial effect. Object to 61:11 and reference to "pirates." *See supra Plaintiffs' Piracy Objection.* Object to exhibit; lacks foundation, no one including Captain Schools has been able to identify one person in the | May 25-28[th]. He does not state that the people pictured are on the tug. Indeed, he does not state that the "lamb splitter" pictured belongs to the tug, but rather, that it is "of the same type" (See 54:6-9). Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24-220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea turtle" pictures (263:16-264:4). These are hardly threatening acts.

Captain Schools specifically identifies the man pictured as one of the leaders of the Ilaje who invaded his tugboat. *See* 61:1-11. In fact, Roseline Irowarinu, also identified some of the men in Captain Schools' pictures as Ilaje who passed very close to her home in Ikorigho whenever they were going to meetings. *See* Roseline Irowarinu Dep., 99:5-100:1.

61:11: *See supra* Response to Plaintiffs' Piracy Objection. |

27

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | **DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS** |
| | | (Plaintiffs' Counter-Designations in italicized text) |
| | | December 9-10, 2004 |
| | photograph. | Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.*<br><br>Schools' testimony at 44:11-24 is pure hearsay, related to him by other crew members. Schools fails to identify anyone in the photograph. While he says he took the photograph on the tug as opposed to the deck of a different boat. It is uncontroverted that individuals other than the Ilaje who boarded the tug were fishing in the area around the tug, barge and platform during May 25-28[th]. He does not state that the people pictured are on the tug. Indeed, he does not state that the "lamb splitter" pictured belongs to the tug, but rather, that it is "of the same type" (See 54:6-9). Schools' basis for testifying that these individuals are Ilaje is "that they're not my people, my crew" (See 219:9-13). While the people in the photograph are barefoot, Schools observed that the Ilaje who came on board wore shower shoes and sandals (See 219:24-220:4). Further, a kitchen knife or a lamb splitter is not a "weapon," unless it is used like one; there is no evidence that they were so used. Indeed Schools admits he got the permission of the photographed individuals to take the "sea turtle" pictures |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

**(Plaintiffs' Counter-Designations in italicized text)**

**December 9-10, 2004**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | (263:16-264:4). These are hardly threatening acts. |
| 61:17-18, 61:20-62:13<br><br>Exhibit 532<br><br>*[handwritten: OR  61:17-18 Sustained  Overruled at 61:20 or 61:20]* | Objection to reference to "juju" by defense counsel (61:18) and discourse by Schools as to what led him to characterize an unidentified Ilaje as a "Juju." 61:20 – 62:13.<br><br>As is clear from 61:12 – 16, the Nigerian Chief Mate aboard the tug "may have suggested" to Schools "some way" that "we began to refer to him as a Juju man." Not only is the derivation second hand, there is absolutely no foundation laid for the conclusions of either the Chief Mate or Schools as to what "Juju" is and the basis for their opinions in that regard.<br><br>Further, as Schools himself later makes clear, what this unidentified Ilaje did was perform some form of "religious ceremony" (See, 62:23). When asked "what does 'Juju' mean to him, Schools testifies that "it's a term used in the West Africa that represents a shaman or a witch doctor **possibly**," that "in some instances" they profess to be able to perform black magic", that Schools himself has "**never witnessed it**". Further, he testifies that he had "**no idea what** (the man he referred to on the tug as being "juju") **was up to**" and that what he observed did "not strike him" as a | Captain Schools is explaining his experience of his kidnapping from May 25-31, 1998. His belief that the Ilaje man in the picture was a juju man is therefore relevant to his state of mind and part of his story. Captain Schools does not need to be an expert to tell the jury what he called the Ilaje man and why he called him that, which is what he does in this designated passage. More importantly, this passage shows that the Ilaje had confiscated the knives and the fire axes on the Cheryl Anne. Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of weapons in the possession of the Ilaje contradicts their testimony.<br><br>Contrary to plaintiffs' assertion, Captain Schools identified the individual in Exhibit 532 as "one of the leaders of the pirates." |

29

DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | "performance of some kind of evil magic" but rather he "thought it more of like some kind of a blessing or some kind of religious rite or something." 175:21 – 176:18.<br><br>This unsubstantiated, inflammatory testimony is introduced for the sole purpose of inflaming the jury, causing it to speculate on whether or not this individual was engaging in "juju", further speculating on what "juju" means and on what impact if any it had on the events unfolding at the Parabe platform and barge.<br><br>Further, object to characterization by Schools of the "lamb splitter and various and sundry other implements" (62:3-4) as "weapons or tools, which they were weapons to them" as nonresponsive, lacking in foundation and calling for speculation.<br><br>Object to exhibit, lacks foundation, no one including Captain Schools has been able to identify one person in the photograph. | *See* 61:7-11.  Thus, Exhibit 532 is admissible.<br><br>Plaintiffs' objection to Captain Schools' characterization of large knives and fire axes is frivolous.  Captain Schools perceived the Ilaje's confiscation of these knives and tools, as threatening, and his state of mind is relevant.  *See* 62:15-63:15 (testifying that he laced windex bottle with Ammonia to afford himself some protection if the Ilaje came at him with a butcher knife. |
| If allowed, 95:5-<br>8, establishing that | 95:5-8:  Designation of this testimony is unnecessary because (1) defendants do not designate the second time that Captain | |

SFI-597608v1

30

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Schools mentions the incident (which can be found at 95:9-98:6) and (2) because in the passage defendants' do cite ( at 61:21), Captain Schools makes clear that the event with the weapons occurred on Thursday morning. | |
| | 175:21-176:18: Defendants have no objection to the passage, apart from the colloquy of counsel at 176:4-5, which is an irrelevant, waste of time. However, defendants object to playing this segment out of deposition sequence, and will therefore play it in page order. | |
| 62:15-63:15 | Object to 62:18 and argumentative reference by defense counsel to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | 62:18: *See supra* Response to Plaintiffs' Piracy Objection. |
| | Objection to question at 62:15-18 as calling for a narrative. | 62:15-18: There was no objection to the form of the question at the time, so it is therefore waived. |
| | Objection to 63:7-15 and Schools' speculation on what might happen "if they came at me with a butcher knife". Whatever marginal relevance Schools' state of mind on this date has is outweighed by the prejudicial effect of this speculative testimony as to what the Ilaje who boarded the tug "might | 63:7-15: Plaintiffs repeatedly elicited testimony that everything on they were peaceful during their entire occupation and that the Ilaje did not touch the tools or knives at all. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | do." | expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that the Ilaje had no weapons throughout. Evidence of access to weapons on the tug contradicts their testimony. |
| 63:16-24 | | *Plaintiffs' Response: See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 64:18-23 | | |
| 65:8-21 | | |
| 65:22 – 66:12 required for completeness, as Schools admits, despite his earlier | Defendants have no objection to plaintiffs' inclusion of this testimony. | |

SFI-59760801v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| testimony that he "didn't have control of the tug" (63:20 – 24), he did in fact, "bent their will a little bit and (we) did go out on the mooring buoy" as Schools asked. (66:11 – 12). | | |
| 66:13-16 | | |
| 66:17-67:6 | Object to 66:25 and defense counsel's argumentative reference to "the people whom (you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | 66:25: *See supra Response to Plaintiffs' Piracy Objection. Plaintiffs' Response: See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 67:19-21 | Object to 67:20 and defense counsel's argumentative reference to "the people whom you've called pirates." *See* | 67:20: *See supra Response to Plaintiffs' Piracy Objection. Plaintiffs' Response: See supra Plaintiffs' Rebuttal Piracy* |

33

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 68:6-9 | *supra Plaintiffs' Piracy Objection.* | *Objection.* |
| 69:17-24 | Object to 69:17 - 18 and defense counsel's argumentative reference to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.*<br><br>Object to 69:21 and testimony that the Illaje used communications equipment on the bridge as lacking in foundation, calling for speculation. | 69:17-18: *See supra* Response to Plaintiffs' Piracy Objection.<br><br>69:21: Foundation objection was not made at the time, and is therefore waived.<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 71:17-20 | Object to 71:18 - 19 and defense counsel's argumentative reference to "the people whom you've referred to as the pirates." *See supra Plaintiffs' Piracy Objection.*<br><br>Further, plaintiffs object to 71:17 - 20 and the issue of whether Schools was ever detained as vague as to the time when this alleged detainment occurred. To the extent that it allegedly occurred after the GSF attacked the barge and platform on the morning of May 28, 1998, it is irrelevant. Such evidence is sought to be introduced for the sole purpose | 71:18-19: *See supra* Response to Plaintiffs' Piracy Objection.<br><br>71:17-20: Plaintiffs' relevance objection to the further kidnapping and hostage-taking of the tugboat crew is meritless. Plaintiffs offered two witnesses in their case in chief (Methuselah Aiyenumelo and Ola-Judah Ajidibo) that provided substantial testimony regarding plaintiffs' version of the facts relating to the tugboat crew's further kidnapping and hostage-taking. Captain Schools' testimony directly refutes plaintiffs' witnesses' testimony. Plaintiffs' attempt the sever |

34

DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | of inflaming the jury, especially in light of the fact that any evidence of what occurred after the GSF attacked the barge and platform on the morning of May 28 is irrelevant, as the state of mind of Schools and the crew at that time has no probative value as to plaintiffs' claims or defendants' affirmative defenses and the reasons the defendants called upon the GSF. | the tugboat crew's further kidnapping from the first three days is artificial. This is one event, and the jury is entitled to know the entirety of it. The further kidnapping and hostage-taking is also relevant for all the reasons set out in Defendants' Opposition to Plaintiffs' Motion in Limine No. 2 (Dkt. 1960). Hereinafter referred to as "Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew." |
| | | Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 72:6-10 starting with "Did the" | Object to 72:7 – 8 and defense counsel's argumentative reference to "who you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | 72:7-8: *See supra* Response to Plaintiffs' Piracy Objection. Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 72:11 – 24 needed for completeness. | Defendants have no objection to plaintiffs' inclusion of this testimony. *OK* | |

35

DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 72:25-73:11 | | |
| 74:12-76:1 | Object to 75:17 and 75:23 and reference to "pirates." *See supra Plaintiffs' Piracy Objection.* | 75:17 & 75:23: *See supra* Response to Plaintiffs' Piracy Objection.<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 76:2 – 24 | Defendants have no objection to plaintiffs' inclusion of this testimony. | |
| 77:7 – 79:8 (excising reference to "pirates" at line 9 as inflammatory, prejudicial, calling for a legal conclusion and invading the province of the jury). | Defendants object to changing Captain Schools' words as misleading.  FRE 403.<br><br>78:16-79:8:  Hearsay.<br><br>79:7: Colloquy of counsel is irrelevant, waste of time.  FRE 401-403. | Plaintiffs' Response: 78:16-79:8: Communications between the personnel on the barge and on the tug on May 26th is relevant to state of mind issues pertaining to both the personnel on the barge and on the tug. |

## DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

### (Plaintiffs' Counter-Designations in italicized text)

### December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 79:14-80:13 | Object to 79:15 and 79:20 – 21 and defense counsel's argumentative references to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | 79:15 & 79:20-21: *See supra* Response to Plaintiffs' Piracy Objection. Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 80:14 – 25, ending with "allow that." | Defendants' completeness designation 80:25-81:10 starting with "I might." | Plaintiffs' response to defendants' counter-designation: Schools makes clear this testimony is purely speculative: "I think" it was; "I think that he left...but I'm not positive on the exact circumstances"; "I'm not positive that he left", etc. |
| 81:25 – 83:5 | Defendants have no objection to plaintiffs' inclusion of this testimony. | |
| 83:7-84:9 | Object to 83:12 – 13 and defense counsel's argumentative reference to "the people who you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* Object to 83:21-24 as lacking in foundation and calling for speculation, in light of Schools' admission that two of the Tsekiri Nigerians were "discussing something in their own dialects" and his speculation that they "were probably | 83:12-13: *See supra* Response to Plaintiffs' Piracy Objection. 83:21-24: Foundation objection was not made at the time and is therefore waived. Furthermore, Captain Schools makes no attempt to relate what he thinks the Ilaje were saying, but merely rationally states based on what he observed that they were likely talking about the situation. |

37

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | discussing the situation" and that he "didn't catch all the conversation." | Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 84:4-85:14 (excising "the people whom you've referred to as pirates" from defense counsel's questions at 84:11 – 12, 84:15 – 16, 84:23 – 24 as inflammatory, prejudicial, calling for a legal conclusion and invading the province of the jury). | 84:10-13:   Defendants object that unanswered question is irrelevant, waste of time.  FRE 401-403.<br><br>Defendants object to changing Captain Schools' words as misleading.  FRE 403. | Plaintiffs' Response: Plaintiffs have modified the designation. |
| 86:13 – 87:3 | 86:15-16:   Defendants object to inclusion of colloquy of | |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *88:16 – 92:19 (excising defense counsel's argumentative references to the "people who you referred to as pirates" at 89:10, 89:21 – 22, 90:25 and 91:15 – 16 as inflammatory, prejudicial, calling for a legal conclusion and invading the province of the jury).* | counsel as irrelevant, waste of time. FRE 401–403. | |
| | Defendants object to changing the words in the official transcript as misleading. FRE 403. | Plaintiffs' Response: Plaintiffs do not intend to introduce counsel's colloquy. |
| | 88:25-89:1: Defendants object to inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| | 89:18: Defendants object to inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| | 90:18: Defendants object to inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| | 91:18: Defendants object to inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| | 91:23-24: Defendants object to inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| *92:20-22* | Object to 92:21 and defense counsel's argumentative reference to the "people whom you've referred to as pirates."* | 92:21: *See supra* Response to Plaintiffs' Piracy Objection. |

SFI-597608v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 92:24 | *See supra Plaintiffs' Piracy Objection.* | Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 93:2-22 | Object to 93:2 – 3, 93:9, 93:14 and 93:18 – 19 and defense counsel's argumentative references to the "people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | *See supra Response to Plaintiffs' Piracy Objection.* Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 94:14-20 | | *See supra Response to Plaintiffs' Piracy Objection.* Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 96:9-15 | Object to 96:16 – 19 (excising defense counsel's argumentative reference to "the people whom you've referred to a pirates." *See supra Plaintiff's Piracy Objection.* | *See supra Response to Plaintiffs' Piracy Objection.* |
| 96:20-97:23 | Object to 97:7 – 8 and defense counsel's argumentative references to the "people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | *See supra Response to Plaintiffs' Piracy Objection.* |
| | Plaintiffs further object that testimony at 97:7-23 regarding | *See supra Response to Plaintiffs' Objection to Evidence* |

SFI-59760&v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | the conduct of the Illaje aboard the tug, as well as what occurred on the tug or to Captain Schools and the tug crew *after* the GSF landed on the barge and took it and the platform on the morning of May 28, 1998 is irrelevant. Such testimony has no relevance to the claims and damages of the plaintiffs, the "state of mind" of the CNL personnel who made the decision to ask the GSF to go to the barge and platform, to the decision to request the GSF to go to the barge, the "state of mind" of any of the subcontractors, GSF or Illaje aboard the barge and platform, as well as to any of the defendants' affirmative defenses.  By Schools' own admission, "we had settled into kind of a routine that almost amounted to a standoff as far as their demands of me and my willingness to comply, but Thursday (i.e., after the GSF attacked the barge and platform) everything changed." See 98:21 – 24. Testimony as to what occurred on the tug or to Captain Schools and the tug crew after the GSF landed on the barge on May 28 is introduced solely for the purpose of inflaming the jury; it is improper character evidence and is highly prejudicial.  Captain schools is not a party; nothing he did or did not do, or his state of mind following the GSF attack on the barge is irrelevant.  Any marginal relevance is | Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.

Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |

41

DEFENDANT'S' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in Italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | outweighed by its prejudicial effect. | |
| | This objection will hereafter be referred to as "Plaintiffs' Tug Objection." | |
| | If allowed, Plaintiffs counter-designate 98:21 (beginning at "we")-24. | |
| 97:25-98:2 starting with "Did the" | Object to 97:25 – 98:1 and defense counsel's argumentative reference to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Piracy Objection.* *See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.* Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 98:5-24 | *See supra Plaintiffs' Tug Objection.* | *See supra Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the* |

SFI-59760608v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in Italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 99:2-20 | *See supra Plaintiffs' Tug Objection.* | Cheryl Anne Crew.<br><br>*See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| 100:3-25 | Object to 100:4 and 100:14 - 15 and defense counsel's argumentative references to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.*<br><br>*See supra Plaintiffs' Tug Objection.* | *See supra* Response to Plaintiffs' Piracy Objection.<br><br>*See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| 101:7-9 | *See supra Plaintiffs' Tug Objection.* | *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 101:11-12 | *See supra Plaintiffs' Tug Objection.* | *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the |

SFI-597608v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 101:14-24 | Object to 101:22 - 23 defense counsel's argumentative reference to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.*<br><br>*See supra Plaintiffs' Tug Objection.* | Cheryl Anne Crew.<br><br>*See supra Response to Plaintiffs' Piracy Objection.*<br><br>*See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.*<br><br>Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 103:13-107:19 | Object to 104:1 – 2, 104:6, 104:9 – 10 and 107:16 – 17 defense counsel's argumentative references to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.*<br><br>Object to 104:22 – 107:2 as calling for a narrative, nonresponsive. The answer to the question "How did it come about that you left the Cheryl Anne?" goes on for nearly 2 and ½ pages.<br><br>*See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Piracy Objection.*<br><br>104:22-107:2: Plaintiffs did not object to the form of the question at the time nor did they move to strike the answer as non-responsive, so these objections are waived. Moreover, the answer is responsive. Captain Schools may be wordy but he described exactly how it was that he left the Cheryl Anne.<br><br>*See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the* |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 107:24-25 | *See supra Plaintiffs' Tug Objection.* | Cheryl Anne Crew. Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| | | *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| 108:2-5 ending with "that." | Object to 108:2 – 3 and defense counsel's argumentative reference to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* *See supra Plaintiffs' Tug Objection.* | *See supra* Response to Plaintiffs' Piracy Objection. *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| 108:19-109:18 starting with "Did they" | *See supra Plaintiffs' Tug Objection.* | *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |

SFI-59768v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 110:1-111:17 | Object to 110:14 – 15 and defense counsel's argumentative reference to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | *See supra* Response to Plaintiffs' Piracy Objection. |
| | *See supra Plaintiffs' Piracy Objection.* | *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| | | Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |
| If allowed: | Defendants object to changing the words in the official transcript as misleading.  FRE 403. | Plaintiffs' Response: Defendants have identified pages and pages of hearsay testimony from Schools and argue this is relevant to his state of mind. Plaintiffs should be allowed to put in further evidence pertaining to his state of mind and that of the Ilaje protestors if any of the evidence post morning of May 28th is allowed in. |
| 111:18 – 115:24 (excising out references by defense counsel to "pirates" at 112:17 – 18, 115:11 – 12 as inflammatory, prejudicial, calling for a legal conclusion and invading the province of the | 114:3-23:  Defendants object to the testimony as hearsay. | |
| | 115:8-24:  Defendants object to the testimony as hearsay. | |
| | If the above designations are permitted by the Court, then defendants designate the following for completeness 115:25-116:19. | Regarding 115:25-116:9: Unlike plaintiffs' counter-designation, defendants' offered counter-designations do not go to Schools' state of mind, but are his recitation of purported "good works" by Chevron, totally lacking in foundation, calling for speculation, especially regarding whether the Ilaje "problem begins here with your own chief, your own king" (See 116:16-19). |
| | Defendants' completeness designation 115:25-116:19. | |
| | Defendants have no objection to plaintiffs' designation of | |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| jury) | | |
| *116:25 – 119:9* | *116:25-119:9.* | |
| 120:8-10 | *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.* |
| 122:15-123:1 | *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.* |
| 123:5-13 | *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.* |
| 123:24-124:5 ending with "of there." | *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.* |
| 124:12-16 | *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Objection to Evidence* |

SFI-597608v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| If allowed: *124:17 – 125:5* (ending with "house") | | |
| 130:4-131:2 | *See supra* Plaintiffs' Tug Objection, | *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| 131:4 | *See supra* Plaintiffs' Tug Objection. | *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| If allowed: *131:6 – 136:3* | 131:8: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| 136:4-138:12 | *See supra* Plaintiffs' Tug Objection. | *See supra* Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| If allowed: 138:12 (starting at "And") – 139:15 | 139:11: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. OK | Cheryl Anne Crew. |
| 139:16-140:11 | See supra Plaintiffs' Tug Objection. OK | See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| If allowed: 140:12 – 14, 140:23 – 141:5, 141:13 – 143:3 | Defendants have no objection to plaintiffs' inclusion of this testimony. OK | See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| 143:9-146:2 | See supra Plaintiffs' Tug Objection. OK | See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew. |
| If allowed, 146:3 – | Defendants have no objection to plaintiffs' inclusion of this OK | |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 9 | testimony. | |
| 146:10-20 | *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.* |
| 152:7-9 | *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.* |
| 154:2-11 | *See supra Plaintiffs' Tug Objection.* | *See supra Response to Plaintiffs' Objection to Evidence Relating to Further Kidnapping and Hostage-Taking of the Cheryl Anne Crew.* |
| If allowed: *156:18 - 25* | | |
| 160:17-19 | Object to 160:18 – 19 and defense counsel's argumentative reference to "the people whom you've referred to as pirates." *See supra Plaintiffs' Piracy Objection.* | *See supra Response to Plaintiffs' Piracy Objection.* Plaintiffs' Response: *See supra Plaintiffs' Rebuttal Piracy Objection.* |

SFI-59760&v1

DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 160:21 | | |
| 161:4-7 starting with "Did the" | Argumentative as to whether Illaje took "hostages"; invades province of the jury. | Objection to form was not made at the time and is therefore waived. Moreover, this does not invade the province of the jury. Schools was taken hostage and is testifying regarding his personal knowledge and experience. |
| 172:12-17 | | |
| 161: 17 – 162:4 | | |
| 163:4-5 | | |
| 171:25 - 174:17 | Defense counsel takes personal offense at the suggestion that she told Captain Schools to use the term pirate. Plaintiffs' objection is meritless and their insinuation that defense counsel suggested Mr. Schools use the term is just plain wrong. On June 1, 1998, the day after Captain Schools was released from his week-long captivity, he wrote a statement of his experiences: "On 12:00 Monday, 25 May 98 an act of **piracy** was carried against a U.S.A. flag vessel . . . . I | |

SFI-597608v1

SFI-597608v1

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection<br>(include specific page and line numbers of material<br>objected to and objection(s)) | Response |
|---|---|---|
| | personally feel that viable contingency plans should be instituted by the various expat companies to alleviate the random and successful acts of **piracy** that all the civilized world despises." *See* Exhibit 539 & 157:6-23 (authenticating his statement). And he testified, that he told the Ilajes they were committing an act of piracy from the first moment they encountered each other on the bridge of the tugboat. *See* 32:14-19, 302:20-303:2 ("I used the term '**pirate**' in my first encountering on the bridge at the throttles on the Cheryl Anne, and to my knowledge I continued to refer to them as **pirates** when I spoke with Austin Seay and the other people ashore there . . ."). Captain Schools testified that defense counsel never suggested that he not use another word that he wanted to use to describe the Ilaje. *See* 300:4-21. Moreover, plaintiffs Mr. Bowoto and Mr. Oyinbo signed letters threatening sea piracy, so they cannot be heard to complain about being called pirates, particularly where they and their witnesses have called CNL and the GSF all manner of names, including "thugs" and "killers." Use of the term pirate, does not call for a legal conclusion, but for Captain Schools' state of mind and view of the Ilaje who invaded his tugboat. These designations are misleading and more prejudicial than | |

52

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | probative of any material fact.  FRE 401-403. | |
| | 172:8:  Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time.  FRE 401-403. | |
| | 172:22:  Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time.  FRE 401-403. | |
| | 174:3-7:  Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time.  FRE 401-403. | |
| | 174:11-12:  Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time.  FRE 401-403. | |
| | **If plaintiffs are permitted to counter-designate this testimony, then defendants counter-designate 300:4-21, 302:5-303:2.** | |
| 178:10-15 | Irrelevant.  FRE 401-403.

178:13-14:  Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time.  FRE 401-403. | |

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *178:17-179:4* | Defendants object that the designation is irrelevant. FRE 401-402. | |
| *180:4-13* | Defendants object that the designation is irrelevant. FRE 401-402. | Plaintiffs' Response: Defendants make much of Schools' state of mind and condition. This testimony is relevant to the issue of him not sustaining any serious injury during the Parabe incident. |
| *181:3-18* | Defendants object that the designation is irrelevant. FRE 401-402. | Plaintiffs' Response: Defendants make much of Schools' state of mind and condition. This testimony is relevant to the issue of him not sustaining any serious injury during the Parabe incident. |
| *186:21-187:24* | Mischaracterizes the witness' testimony and cuts off response. FRE 401-403. Captain Schools never identified the boat along the CBL-101 as the Cheryl Anne, rather he said that the Cheryl Anne was moored next to the CBL-101 in the same manner as the boat in the picture. *See supra* 20:23-21:6. | Plaintiffs' Response: Plaintiffs have amended the designation. |

54

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *188:19-189:12* | 189:1-3: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | Plaintiffs' Response regarding 189:7-12: Schools repeatedly communicated with the barge radioman. This testimony is based on personal knowledge and those communications. |
| | 189:7-12: Lacks foundation, calls for speculation. FRE 602. | |
| | 189:9: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| *190:3-13* | 190:3-13: Question is vague and ambiguous. | Plaintiffs' Response: There is nothing vague about the question as to whether Schools ever saw the platform look as it is depicted in Exhibit 523. His response that he did not must be included because of his observations regarding the configuration of the platform vis a vis the tug. |
| | 190:5 & 190:8-9: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| *220:13-14* | | |
| *220:22-221:2* | | |
| *253:20-254:10* | 253:23: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | Plaintiffs' Response: Plaintiffs do not intend to introduce colloquy of counsel. |
| | 254:2: Defendants object to the inclusion of colloquy of | |

DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS

(Plaintiffs' Counter-Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | counsel as irrelevant, waste of time. FRE 401-403. | |
| | 254:8: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | |
| 254:18-255:14 | 254:23-24: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | Plaintiffs' Response: Plaintiffs do not intend to introduce colloquy of counsel. |
| 261:19-23 | 261:21: Defendants object to the inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | Plaintiffs' Response: Plaintiffs do not intend to introduce colloquy of counsel. |
| 263:16-264:3 (up through "presence") | Defendants' completeness designation 264:3-11, 264:14-20. | |
| 281:9-19 | Defendants have no objection to plaintiffs' inclusion of this testimony. | |
| 287:13-21 | Defendants object that the testimony calls for and incorporates hearsay. FRE 802. | Plaintiffs' Response: Defendants seek to introduce pages and pages of state of mind testimony for Schools. Plaintiffs' counter-designation should be allowed as it goes to the state of |

56

**DEFENDANTS' NOVEMBER 12 DESIGNATION OF DAVID S. SCHOOLS**

(Plaintiffs' Counter–Designations in italicized text)

December 9-10, 2004

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | mind of the Ilaje. |
| 288:21-289:5 | 289:2-3: Defendants' object to inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | Plaintiffs' Response: Plaintiffs do not intend to introduce colloquy of counsel. |
| 289:15-290:6 | 289:18-19: Defendants' object to inclusion of colloquy of counsel as irrelevant, waste of time. FRE 401-403. | Plaintiffs' Response: Plaintiffs do not intend to introduce colloquy of counsel. |
| 290:19-290:24 | | |