DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 6:13-15 | | |
| 9:9-22 | | |
| 10:3-14 | | |
| 10:16-22 | | |
| 11:1-13 | | |
| 13:20-22 | | |
| 14:25-15:5 | | |
| 16:2-5 | | |
| 16:19-20 | | |
| 16:23 | | |

# DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

## (Plaintiffs' Counter-Designations in italicized text)

### March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 16:25-18:5 | | |
| 18:11 | | |
| 18:13-14 | | |
| 18:16-20 | | |
| 18:22-23 | | |
| 18:25-19:1 | | |
| 19:16-18 | | |
| 23:13-24:2 | | |
| Exhibit 730 | | |
| 24:12-27:23 | | |

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

### March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| Exhibit 730 | | |
| 28:11-23 | | |
| 29:16-30:11 | | |
| 37:16-17 | Irrelevant what types of tools Browne used in Parabe upgrade; Rule 403 (waste of time). | Types of tools used in upgrade is relevant because it shows the weapons that were available to the Ilaje. Barge workers such Jason Daniels and Billy Burnham, among others, will testify that they saw the Ilaje wielding such tools. |
| 37:19 | Irrelevant what types of tools Browne used in Parabe upgrade; Rule 403 (waste of time). | Types of tools used in upgrade is relevant because it shows the weapons that were available to the Ilaje. Barge workers such Jason Daniels and Billy Burnham, among others, will testify that they saw the Ilaje wielding such tools. |
| 37:21-38:23 | Irrelevant what types of tools Browne used in Parabe upgrade; Rule 403 (waste of time). | Types of tools used in upgrade is relevant because it shows the weapons that were available to the Ilaje. Barge workers such Jason Daniels and Billy Burnham, among |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | others, will testify that they saw the Ilaje wielding such tools. |
| 38:25-39:1 | Irrelevant what types of tools Browne used in Parabe upgrade; Rule 403 (waste of time). | Types of tools used in upgrade is relevant because it shows the weapons that were available to the Ilaje.  Barge workers such Jason Daniels and Billy Burnham, among others, will testify that they saw the Ilaje wielding such tools. |
| 39:3-18 | Irrelevant what types of tools Browne used in Parabe upgrade; Rule 403 (waste of time). | Types of tools used in upgrade is relevant because it shows the weapons that were available to the Ilaje.  Barge workers such Jason Daniels and Billy Burnham, among others, will testify that they saw the Ilaje wielding such tools. |
| 41:3-9 | | |
| Exhibit 730 | | |
| 41:20-42:5 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| Exhibit 731 | | |
| 42:11-43:5<br>Exhibit 732 | Browne testified that he did not know who took the photograph of the barge (Exh. 732), or how he obtained a copy of it. *See* 43:6-10. He therefore lacks sufficient knowledge to authenticate the photograph and it is not self-authenticating. Rule 902.<br><br>Same objection to the accompanying testimony regarding the photograph (lacks foundation). | The photographer is not needed to authenticate a photograph. Mr. Browne identifies the date range in which the photograph was taken (*see infra* 43:25) and testifies (*see infra* 44:3-9) that the photograph accurately depicts the way the CBL-101 barge looked in late May and early June 1998. That is all that is needed to authenticate the photograph. |
| 44:3-6<br>Exhibit 732 | Browne testified that he did not know who took the photograph of the barge (Exh. 732), or how he obtained a copy of it. *See* 43:6-10. He therefore lacks sufficient knowledge to authenticate the photograph and it is not self-authenticating. Rule 902.<br><br>Same objection to the accompanying testimony regarding the photograph (lacks foundation). | The photographer is not needed to authenticate a photograph. Mr. Browne identifies the date range in which the photograph was taken (*see infra* 43:25) and testifies (*see infra* 44:3-9) that the photograph accurately depicts the way the CBL-101 barge looked in late May and early June 1998. That is all that is needed to authenticate the photograph. |
| 44:9<br>Exhibit 732 | Browne testified that he did not know who took the photograph of the barge (Exh. 732), or how he obtained a copy of it. *See* 43:6-10. He therefore lacks sufficient knowledge to authenticate | The photographer is not needed to authenticate a photograph. Mr. Browne identifies the date range in which the photograph was taken (*see infra* 43:25) and testifies (*see infra* 44:3-9) that the photograph accurately depicts |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | the photograph and it is not self-authenticating. Rule 902. Same objection to the accompanying testimony regarding the photograph (lacks foundation). | the way the CBL-101 barge looked in late May and early June 1998. That is all that is needed to authenticate the photograph. |
| 46:21-47:6 | | |
| 47:10-25 | | |
| Exhibit 733 | | |
| 48:10-11 | | |
| 48:14-16 | | |
| 48:18-49:3 | | |
| 49:10-11 | | |
| 49:13 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 49:15-17 | | |
| 49:19-20 | | |
| 49:22-50:19 | | |
| 52:3-4 | | |
| 54:12-13 | | |
| 54:16 | | |
| 54:18-55:11 | | |
| 55:19-57:19 | 56:8-14: Hearsay | Not hearsay. Declarative statement offered as explanation for why witness took the next steps. State of mind, notice. |
| 58:1-12 | | |

Case 3:99-cv-02506-SI Document 2155-2 Filed 11/17/2008 Page 8 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 58:15-59:1 | 58:16 ("they started taking radios out of people's hands"); Hearsay, relevance. Browne testifies at 59:6-15 that he did not personally observe the Ilajes taking radios, but that others told him that they observed radios being taking. There is no relevant non-hearsay purpose for this testimony, e.g., effect on the listener, particularly since Ms. Mitchell never established when Browne was told this information (it could have been after the incident for all we know). The information that the radios were taken away was never reported to the decision-makers at CNL.<br><br>58:19-23: No foundation was laid for Browne to testify about previous situations involving the occupation of a vessel. | 58:16: The state of mind of the barge workers is at the heart of this case. CNL's Scott Davis and the crisis management committee were concerned about the barge workers' state of mind, which influenced their decision to rescue the hostages on the fourth day. Plaintiffs repeatedly testified that the workers were free to leave, and their hostage expert testified that the workers were mistaken if they thought they were hostages. Thus, testimony relating to what the Ilaje did, either witnessed personally or via reports, is relevant to the barge workers' state of mind. Plaintiffs have no evidence that the radios were never reported; in contrast, John Stapleton, Randall Hervey and Scott Davis will testify that there were communications between the barge workers and the crisis management team.<br><br>58:19-23: Foundation for what happened in previous situations was laid at 62:13-64:8. Mr. Browne had been on board the CBL-101 during the March Itsekiri takeover. |
| 59:5-60:6 | 59:5-15: Hearsay, relevance. There is no relevant non-hearsay purpose for this testimony, e.g., effect on the listener, particularly | 59:5-15: Relevant to state of mind of the barge workers, and notice. CNL's Scott Davis and the crisis management |

# DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

## (Plaintiffs' Counter-Designations in italicized text)

### March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | since Ms. Mitchell never established when Browne was told this information (it could have been after the incident for all we know). The information that the radios were taken away was never reported to the decision-makers at CNI. | committee were concerned about the barge workers' state of mind, which influenced their decision to rescue the hostages on the fourth day. Plaintiffs repeatedly testified that the workers were free to leave, and their hostage expert testified that the workers were mistaken if they thought they were hostages. Thus, testimony relating to what the Ilaje did, either witnessed personally or via reports, is relevant to the barge workers' state of mind. Plaintiffs have no evidence that the radios were never reported: in contrast, John Stapleton, Randall Hervey and Scott Davis will testify that there were communications between the barge workers and the crisis management team. |
| 60:8 | | |
| 60:14-17 | | |
| 60:20 | | |
| 60:22-61:6 | 60:33-61:6: Hearsay. Further, Ms. Mitchell never established that the Ilaje were speaking English or that Browne understood | 60:14-61:6: Not hearsay. Declarative statement offered as explanation why witness and other barge workers stopped |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 10 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | what they were saying, so Browne's testimony about what the Ilaje supposedly said lacks foundation.<br><br>The statements are not admissions by a party opponent because there is no evidence that the Ilajes who made the statements are plaintiffs.<br><br>Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin – despite defendants' implication. Pidgin is not understandable to Americans who speak regular English. Defendants made the decision not to produce Mike Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live to trial. | working. Moreover, statements by any of the Ilaje who invaded the barge are admissions by party opponents under FRE 801(B), (D) & (E). Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well taken. |
| 61:20-62:6 | | |
| 62:8-25 | 62:8-12: Hearsay. | 62:8-12: Not hearsay, declarative statement. Witness is testifying to what he did. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | 62:19-25: Lacks foundation, hearsay, irrelevant. | 62:19-25: The foundation objection was not made at the time and is therefore waived. Not hearsay, witness is testifying to what he experienced in March during Itsekiri occupation. Relevant to show why witness told workers to go the platform, and to show that Ilaje occupation was different. |
| 63:3-11 | Lacks foundation, hearsay, irrelevant. | The foundation objection was not made at the time and is therefore waived. Not hearsay, witness is testifying to what he experienced in March during Itsekiri occupation. Relevant to show why witness told workers to go the platform, and to show that Ilaje occupation was different. |
| 64:16-65:1 | 64:19-65:1:  Lacks foundation, hearsay.  Ms. Mitchell failed to establish that Browne personally observed the "pushing and shoving."  Further, Browne already testified (at 59:6-15) that he did not personally observe the radios being "snatched" out of people's hands, but was told that by others.  Browne's state of mind regarding the pushing and shoving is irrelevant because there is no evidence that his observations or state of mind were conveyed to CNL decision-makers. | 64:19-65:1:  Witness testifies that he personally saw whether workers were able to go to the platform.  He also testified earlier (*see supra* 59:16-60:3) that he saw pushing and shoving.  Also relevant to state of mind of barge workers and notice. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 65:8-11 | Overbroad, compound, lacks foundation. | The question is proper. No objection to foundation was made at the time, so it was waived. |
| 65:14 | Overbroad, compound, lacks foundation. | The question is proper. No objection to foundation was made at the time, so it was waived. |
| 65:16-18 | Overbroad, compound, lacks foundation. | The question is proper. No objection to foundation was made at the time, so it was waived. |
| 65:21-66:13 | Overbroad, compound, lacks foundation, must be based on hearsay (what other workers told him). | The question is proper. No objection to foundation was made at the time, so it was waived. Plaintiffs have no basis to object on hearsay. Witnessed testified that he personally saw whether workers were able to go to the platform (*see supra* 64:16-19). |
| 67:11-68:1 | Hearsay, lacks foundation. Browne testifies at 68:11-22 that he did not personally observe the operator being "slapped," but that Hawkins told him about the incident. *See also* Browne Dep., 411:10-20 (Browne confirms he was told about the incident and didn't personally observe it). There is no relevant non-hearsay purpose for this testimony, particular since Ms. Mitchell did not | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 13 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected<br>to and objection(s)) | Response |
|---|---|---|
| | establish when Hawkins told Browne about the incident.<br><br>Browne's state of mind regarding slapping incident is irrelevant because there is no evidence that his state of mind was conveyed to CNL decision-makers.<br><br>Any relevant non-hearsay purpose is more prejudicial than probative (Rule 403). Hawkins is going to be testifying live in this action and defendants should simply ask him to recount what he personally observed. | expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout.<br><br>Evidence of violence on the barge contradicts their testimony. The foundation objection was not made at the time and is therefore waived. |
| 68:3-7 | Same objections as to 67:11-68:1. | Same response as to 67:11-68:1. |
| 68:10-22 | Same objections as to 67:11-68:1. | Same response as to 67:11-68:1. |
| 69:8-16 | | |
| 70:6-71:1 | 70:6-19: Hearsay; no relevant non-hearsay purpose for statements; any non-hearsay purpose is more prejudicial than probative (Rule 403). No evidence that Davis was aware of this incident or Browne's knowledge of it.<br><br>Tim Browne and Billy Burnham are both testifying for | State of mind, notice. Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | defendants and defendants should simply designate the portions of their depositions in which they describe what happened to them. | the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ijaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of violence on the barge contradicts their testimony. |
| 71:18-72:15 | Hearsay. Statement is not merely declarative; if admitted for its truth, it could be used to prove that the Ijaje intended to take workers to the village.<br><br>There is no relevant non-hearsay purpose for statements. The decision-makers at CNL were never informed of the supposed threat to take the workers to the village. Davis in particular was not aware of this supposed threat. Any non-hearsay purpose is more prejudicial than probative (Rule 403).<br><br>The statements are not admissions by a party opponent because there is no evidence that the Ijaje who made the statements are plaintiffs. | Not hearsay, declarative statement by Ijaje, which had effect on state of mind of barge workers. Moreover, statements by any of the Ijaje who invaded the barge are admissions by party opponents under FRE 801(B), (D) & (E). Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ijaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ijaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected<br>to and objection(s)) | Response |
|---|---|---|
| | | Evidence of violence or threats on the barge contradicts<br>their testimony. |
| 72:18-19 | Hearsay; no relevant non-hearsay purpose for statements. The<br>decision-makers at CNL were never informed of the supposed<br>threat to take the workers to the village. Any non-hearsay<br>purpose is more prejudicial than probative (Rule 403). | Not hearsay; declarative statement by witness. Plaintiffs<br>repeatedly elicited testimony that everything on the barge<br>was peaceful during their entire occupation. Testimony<br>refuting that is relevant and goes to the heart of the case.<br>Further, Davis was aware of the volatility of the Ilaje and<br>the fact that they were causing anxiety for the expatriates.<br>Evidence relating to the state of mind of the expatriates is<br>directly relevant to the case. The plaintiffs were the<br>leaders of the Ilaje and they and their witnesses claimed<br>that they gave directions and enforced compliance with the<br>orders of the elders. They claimed they were successful in<br>doing so and that it was peaceful throughout. Evidence of<br>violence or threats on the barge contradicts their testimony. |
| 72:21-22 | Hearsay; no relevant non-hearsay purpose for statements. The<br>decision-makers at CNL were never informed of the supposed<br>threat to take the workers to the village. Any non-hearsay<br>purpose is more prejudicial than probative (Rule 403). | Not hearsay; declarative statement by witness. Plaintiffs<br>repeatedly elicited testimony that everything on the barge<br>was peaceful during their entire occupation. Testimony<br>refuting that is relevant and goes to the heart of the case.<br>Further, Davis was aware of the volatility of the Ilaje and |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of violence or threats on the barge contradicts their testimony. |
| 73:1-74:24 | Hearsay; no relevant non-hearsay purpose for the statements in this passage. The decision-makers at CNL were never informed of the supposed order for the workers to go to the helideck. Any non-hearsay purpose is more prejudicial than probative (Rule 403). The statements are not admissions by a party opponent because there is no evidence that the Ilajes who made the statements are plaintiffs. The entire incident should be excluded under Rule 403 (more prejudicial than probative). There is no evidence that any of the plaintiffs or plaintiffs' witnesses were involved in this incident. 74:18-24: Lacks foundation. Never established that Browne personally witnessed the pushing and shoving, or the Ilajes kick | Not hearsay, declarative statement by Ilaje, which had effect on state of mind of barge workers. Moreover, statements by any of the Ilaje who invaded the barge are admissions by party opponents under FRE 801(B), (D) & (E). Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were |

Case 3:99-cv-02506-SI Document 2155-2 Filed 11/17/2008 Page 17 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | in the door to the radio room or corner the captain in his office. 74:24: Gratuitous comment is irrelevant, Rule 403. | successful in doing so and that it was peaceful throughout. Evidence of violence or threats on the barge contradicts their testimony. 74:18-24: Foundation objection was not made at the time and is therefore waived. 74:24: Comment is proper testimony regarding situation on barge. |
| 76:13-77:22 | Hearsay, relevance, Rule 403. | Not hearsay; declarative statements offered for why witness took the next steps (*i.e.*, talking the Ilaje about shutting in the platform to avoid spill). *See infra* 78:1-80:2. Relevant to rebut plaintiffs' story that everything was peaceful and that they did not interfere with work or operations. |
| 78:1-3 | | |
| 78:6 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 78:8 | | |
| 78:10-20 | | |
| 78:22-79:6 | 79:3-6: Hearsay. | Not hearsay, declarative statements with independent significance. Witness testifies to what he personally did (i.e., communicated risks to Ilaje). |
| 79:9 | Hearsay. | Not hearsay, declarative statements with independent significance. Witness testifies to what he personally did (i.e., communicated risks to Ilaje). |
| 79:11-80:2 | 79:11-20: Hearsay.<br><br>79:25-80:2: Hearsay. | 79:11-20: Not hearsay, declarative statements with independent significance. Witness testifies to what he personally did (i.e., communicated risks to Ilaje).<br><br>79:25-80:2: Not hearsay. Witness is testifying to what happened. |
| 80:8-81:7 | 80:8-13: Hearsay. The statements are not admissions by a party opponent because there is no evidence that the Ilajes who made | 80:8-13: Not hearsay, declarative statement by Ilaje, which had effect on state of mind of barge workers. |

Case 3:99-cv-02506-SI Document 2155-2 Filed 11/17/2008 Page 19 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | the statements are plaintiffs.<br><br>80:20-81: Hearsay. | Moreover, statements by any of the Ilaje who invaded the barge are admissions by party opponents under FRE 801(B), (D) & (E).<br><br>80:20-81:7: Not hearsay, declarative statements with independent significance. Witness is testifying to what happened. |
| 81:16-21 | Hearsay, compound, lacks foundation (no foundation that the statements were made to Browne himself or that the Ilaje were speaking English). Rule 403 (more prejudicial than probative). Irrelevant (the supposed threats were not communicated to decision-makers at CNL).<br><br>The statements are not admissions by a party opponent because there is no evidence that the Ilaje who made the statements are plaintiffs.<br><br>Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin – despite defendants' implication, Pidgin is not understandable to Americans who speak regular English. Defendants made the decision not to | Not hearsay, declarative statement by Ilaje, which had effect on state of mind of barge workers. Moreover, statements by any of the Ilaje who invaded the barge are admissions by party opponents under FRE 801(B), (D) & (E). Foundation objection was not made at the time, so it is waived. Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well taken.<br><br>Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the |

SFI-597477v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
|  | produce Mike Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live to trial. | expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilaje's is directly relevant to the case. The state of mind of Browne is relevant to the events on the barge and how they resulted in the decision to call in the military. |
| 81:24-82:4 | Hearsay, compound, lacks foundation (no foundation that the statements were made to Browne himself or that the Ilaje were speaking English). Rule 403 (more prejudicial than probative). Irrelevant (the supposed threats were not communicated to decision-makers at CNL).<br><br>The statements are not admissions by a party opponent because there is no evidence that the Ilaje who made the statements are plaintiffs.<br><br>Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin – despite defendants' implication. Pidgin is not understandable to Americans who speak regular English. Defendants made the decision not to produce Mike Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. | Same response as cell above. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live to trial. | |
| 82:20-83:5 | Hearsay, irrelevant (Daniels' state of mind not communicated to decision-makers at CNL or to Davis in particular); Rule 403 (more prejudicial than probative). | Not hearsay. Witness testifies that Daniels was visibly upset and crying. Moreover, statements are relevant to state of mind of the barge workers. Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilaje is directly relevant to the case. The state of mind of Daniels is relevant to the events on the barge and how they resulted in the decision to call in the military. |
| 83:11-20 | Hearsay, compound, overbroad, Rule 403 (more prejudicial than probative). State of mind of barge workers only relevant to the extent reported to CNL decision-makers or to Davis. No | Not hearsay. Witness is testifying to what happened on the barge, and the reports are relevant to the state of mind of |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 22 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected<br>to and objection(s)) | Response |
|---|---|---|
| | evidence that state of mind here was reported. | the barge workers.<br><br>Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |
| 83:23-84:4 | Hearsay, compound, overbroad, Rule 403 (more prejudicial than probative). State of mind of barge workers only relevant to the extent reported to CNL decision-makers or to Davis. No evidence that state of mind here was reported.<br><br>84:1-4: The answer is not responsive to the question. | Not hearsay. Witness is testifying to what happened on the barge, and the reports are relevant to the state of mind of the barge workers.<br><br>Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the |

Case 3:99-cv-02506-SI Document 2155-2 Filed 11/17/2008 Page 23 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | expatriates based on the activity of the Ilajes is directly relevant to the case. |
| 84:14-85:10 | 85:7-10 (after "No"): Hearsay, lacks foundation, the answer is not responsive to the question. State of mind of barge workers only relevant to the extent reported to CNL decision-makers or to Davis. No evidence that state of mind here was reported.<br><br>The statements are not admissions by a party opponent because there is no evidence that the Ilajes who made the statements are plaintiffs. | 84:1-4: Responsive.<br><br>85:7-10 (after "No"): Responsive; Not hearsay, declarative statement by Ilaje, which had effect on state of mind of barge workers. Moreover, statements by any of the Ilaje who invaded the barge are admissions by party opponents under FRE 801(B), (D) & (E). Foundation objection not made at the time, so it is waived. |
| 85:18-86:19 | 85:18-86:1: Hearsay; lacks foundation that the statements were made to Browne, or that the statements were in English. State of mind of barge workers only relevant to the extent reported to CNL decision-makers or to Davis. No evidence that state of mind here was reported.<br><br>The statements are not admissions by a party opponent because there is no evidence that the Ilajes who made the statements are | 85:18-86:1: Not hearsay, declarative statement by Ilaje, which had effect on state of mind of barge workers. Moreover, statements by any of the Ilaje who invaded the barge are admissions by party opponents under FRE 801(B), (D) & (E). Foundation objection not made at the time, so it is waived. Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well taken. |

23

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | plaintiffs.<br><br>Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin – despite defendants' implication. Pidgin is not understandable to Americans who speak regular English. Defendants made the decision not to produce Mike Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live to trial.<br><br>86:11-14: Speculation, legal conclusion. | 86:11-14: Not speculation, or a legal conclusion. Browne had responsibility for permitting people on board the vessel (*see infra* 117:25-118:24), and therefore knows when boardings are authorized or not. |
| 87:20-25 | | |
| 88:7-89:14 | 88:7-22: Irrelevant what was happening in the galley as it was not communicated to CNL decision-makers; Rule 403 (more prejudicial than probative).<br><br>88:10-18: Lacks foundation that Browne actually observed what he's testifying to; likely based on hearsay; Rule 403 (more | 88:7-22: Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | prejudicial than probative). | anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |
| | 89:5-14: Browne is speculating that the Navy lieutenant tried to stop the Ilaje from boarding. He couldn't hear what the lieutenant said. Browne testifies at 89:15-21 that the lieutenant was not doing anything physically that gave him the impression that he was trying to stop the Ilaje from coming on board. Unlike Johnson Boyo, Browne was unable to describe the physical gestures he observed that gave him the impression that the officer was trying to prevent the Ilaje from boarding. And, Boyo merely described the gesture, and did not speculate regarding what the gesture meant. | 88:10-18: Not hearsay. Browne testifies that he witnessed the Ilaje eating food from the galley *see* 88:19-22.<br><br>89:5-14: Not speculative. Plaintiffs' own witness, Johnson Boyo, testified that he too saw the Navy Lieutenant wave the Ilaje off with his hands. |
| *If 89:5-14 is permitted, plaintiffs designate 89:17-21* | | |
| 89:23-90:24 | 89:23-90:6 is not responsive to any question being asked. Improper unsolicited statement by the witness.<br><br>90:9-24: Browne is speculating that the Ilaje were angry and did not want the military to get off of the Dolphin Flyer; no | 89:23-90:6: Responsive to question at 89:5-8, which was interrupted.<br><br>90:9-24: Not speculative. Browne testifies to verbal and physical action upon which he based his testimony that |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | foundation for testifying about the Ilaje reaction (couldn't hear what the Ilaje said; wasn't based on anything physical that the Ilaje did). | Ilaje were angry. |
| 91:5-10 | 91:9-10: Based on hearsay; lacks foundation (no testimony that Browne himself personally did not observe the Navy without their weapons). | 91:9-10: Foundation for testimony is at 91:14-17. Not hearsay Browne testifies that they were no longer seen with their weapons at 91:14-17. |
| 91:12 | Based on hearsay; lacks foundation (no testimony that Browne himself personally did not observe the Navy without their weapons). | 91:9-10: Foundation for testimony is at 91:14-17. Not hearsay Browne testifies that they were no longer seen with their weapons at 91:14-17. |
| 91:14-17 | Hearsay; lacks foundation (no testimony that Browne himself personally did not observe the Navy without their weapons). | Not hearsay and Browne has personal knowledge because testifies that they were no longer seen with their weapons. |
| 91:22-92:8 | | |
| 92:19-93:2 | 93:1-2 (starting, "And I'm not sure"): Speculation, lacks foundation. | 93:1-2 2 (starting, "And I'm not sure"): Not speculation, Browne was with Parkin during the call. |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 93:4-11 | 93:9-11: Hearsay. | 93:9-11: Relevant to state of mind of CNL crisis management committee and notice to that committee. |
| 93:18-21 | 93:9-11: Hearsay. | 93:18-21: Not hearsay, declarative statement offered to explain next steps. Relevant to state of mind of CNL crisis management committee and notice to that committee. |
| 94:11-95:22 | 94:11-95:2: Hearsay, irrelevant. 95:3-16: Hearsay. The statements are not admissions by a party opponent because there is no evidence that/the Ilajes who made the statements are plaintiffs. | 94:11-95:2: Not hearsay, declarative statement with independent significant. Relevant to state of mind of barge workers. Notification of ETPM and others is evidence of state of mind of workers. 95:3-16: Not hearsay, declarative statement with independent significance, which had effect on state of mind of barge workers. Browne was also present when the statement was made, so is merely testifying to what happened. Statements by Ilaje are also admissions by party opponents under FRE 801(B), (D) & (E). |
| 95:23-96:2 | Browne's testimony about juju lacks foundation, must be based on hearsay, and is extremely prejudicial. The supposed foundation on pp. 95-96 to which defendants point is too thin to | Mike Browne had familiarity with Juju and a foundation to speak about it (see 95:23-96:2; 96:16-18; 96:21-22) and Mike Browne witnessed the juju man inciting the Ilaje (see |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | admit Browne's testimony. The Court has already excluded Dr. Ajewole's testimony about juju on the grounds that he is not an expert in juju. Similarly, Browne is not an expert in juju and should not be permitted to testify about it. Irrelevant when Browne first learned the term "juju." <br><br> Defendants' response that "The broader issue of juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | 98:2-7, 98:9, 98:11-17). That Juju causes some Nigerians to believe they have special protection factored into the apprehension of Browne and the other witnesses. The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military. The ruling on Ajewole is not relevant to Browne. Ajewole was not on the barge, so his perception of Juju does not bear directly on the underlying events. But Mike Browne was there and the state of mind of the expatriates is as central to the case as plaintiffs' contentions that they were peaceful protestors. |
| 96:4-7 | Same objections as to 95:23-96:2. Further, Browne is speculating about what "most expats" think juju is. | Same response as to 95:23-96:2. Moreover, foundation objection as to what expats believed was not raised at the time, so it is waived. Mike Browne was an expat and their superintendent so he had knowledge. |
| 96:9-13 | Browne lacks foundation to testify that there was a juju man on board. The presence of a juju man is irrelevant as this fact was | Same response as to 95:23-96:2. |

28

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

### (Plaintiffs' Counter-Designations in italicized text)

### March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | never communicated to CNL decision-makers. Rule 403 (more prejudicial than probative).<br><br>Defendants' response that "The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | |
| 96:15-18 | Browne lacks foundation to testify that there was a juju man on board. The presence of a juju man is irrelevant as this fact was never communicated to CNL decision-makers. Rule 403 (more prejudicial than probative).<br><br>Defendants' response that "The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response | Same response as to 95:23-96:2. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

**March 22-23, 2005**

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | serves to underscore the extreme prejudice of admitting Browne's testimony. | |
| 96:21-22 | Browne lacks foundation to testify that there was a juju man on board. The presence of a juju man is irrelevant as this fact was never communicated to CNL decision-makers. Rule 403 (more prejudicial than probative).<br><br>Defendants' response that "The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | Same response as to 95:23-96:2. |
| 96:25-97:7 | Browne lacks foundation to testify that there was a juju man on board. The presence of a juju man is irrelevant as this fact was never communicated to CNL decision-makers. Rule 403 (more prejudicial than probative).<br><br>Defendants' response that "The broader issue of Juju is relevant | Same response as to 95:23-96:2. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

**March 22-23, 2005**

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | to the case because it explains the willingness of the Ijaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | |
| If the juju man testimony is permitted, plaintiffs designate:<br><br>97:8-12 | | |
| 98:2-7 | Browne lacks foundation to testify that there was a juju man on board. The presence of a juju man is irrelevant as this fact was never communicated to CNL decision-makers. Rule 403 (more prejudicial than probative). | Same response as to 95:23-96:2. |
| | Defendants' response that "The broader issue of juju is relevant to the case because it explains the willingness of the Ijaje to | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | |
| 98:9 | Browne lacks foundation to testify that there was a juju man on board. The presence of a juju man is irrelevant as this fact was never communicated to CNL decision-makers. Rule 403 (more prejudicial than probative).<br><br>Defendants' response that "The broader issue of juju is relevant to the case because jt explains the willingness of the Ijaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | Same response as to 95:23-96:2. |
| 98:11-17 | Browne lacks foundation to testify that there was a juju man on | Same response as to 95:23-96:2. |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 33 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected<br>to and objection(s)) | Response |
|---|---|---|
| | board. The presence of a juju man is irrelevant as this fact was never communicated to CNL decision-makers. Rule 403 (more prejudicial than probative). | |
| | Defendants' response that "The broader issue of Juju is relevant to the case because it explains the willingness of the Ijaje to attack the armed military" shows that defendants are seeking to introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | |
| 99:5-9 | Browne did not personally observe the Ilaje doing any of the damage to which he testifies, and his testimony therefore lacks foundation or is based on hearsay. | Objection is not well taken. Browne was asked what he observed and responded with what he saw. Foundation objection was not made at the time as is therefore waived. In any event, Browne testified that he saw the radio room door "laying on the floor." *See infra* 99:17-19. |
| 99:17-19 | Browne did not personally observe the Ilaje doing any of the damage to which he testifies, and his testimony therefore lacks foundation or is based on hearsay. The answer is not responsive | Objection is not well taken. Browne was asked what he observed and responded with what he saw. Foundation objection was not made at the time as is therefore waived. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected<br>to and objection(s)) | Response |
|---|---|---|
| | to the question. | In any event, Browne testified that he saw the radio room door "laying on the floor." |
| 101:6 | Hearsay; Rule 403 (more prejudicial than probative); Browne's answer is not responsive to the question.<br><br>The statements are not admissions of a party opponent because there is no evidence that the Ilaje who made the statements are plaintiffs. | Not hearsay; declarative statement with independent significance, which had an effect on state of mind barge workers. Answer is responsive. Statements by Ilaje are also admissions by party opponents under FRE 801(B), (D) & (E). |
| 101:9-11 | Hearsay; Rule 403 (more prejudicial than probative); Browne's answer is not responsive to the question.<br><br>The statements are not admissions by a party opponent because there is no evidence that the Ilaje who made the statements are plaintiffs. | Not hearsay; declarative statement with independent significance, which had an effect on state of mind barge workers. Answer is responsive. Statements by Ilaje are also admissions by party opponents under FRE 801(B), (D) & (E). |
| 102:10-16 | | |
| 103:12-25 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 104:2 | | |
| 104:4-10 | 104:7 ("It was always crowded with people"): Not responsive to the question; gratuitous comment-lacks foundation. 104:8-10: Leading. | 104:7: Responsive. Foundation objection was not made at the time, so it is waived. 104:8-10: Not leading. |
| 104:12 | Leading. | Not leading. |
| 104:14-19 | 104:15-17 (through "sent messages to the people on the platform to remove it"): Speculation, lacks foundation. | 104:15-17: Not speculation; it is a reasonable deduction rationally based on Browne's witnessing the Ilaje remove things from the helideck before the helicopter arrived. |
| 104:22-105:1 105:15-17 105:25-106:18 | Defendants' completeness designation: 105:2-14, 105:21-24, 106:19-22 | |
| 106:23-107:4 | | |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 107:19-108:1 | | |
| 108:3 | | |
| 108:5-19 | | |
| Exhibit 731 | | |
| 108:24 | | |
| 109:1-20 | 109:7-8 ("the captain was trying to throw his ropes off so that he could get away"): Lacks foundation, speculation. Captain Schools will be testifying and should explain the events.<br><br>109:8-11: Hearsay, no relevant non-hearsay purpose. Lacks foundation as to who was told, or who the speaker was. | 109:7-8: Objection is meritless. Browne was asked what he observed and he responded. Foundation objection was not made at the time and is therefore waived.<br><br>109:8-11: Declarative statement offered to show why Cheryl Anne did what witness observed (i.e., move away). Relevant to state of mind. |
| 110:1-6 | Lacks foundation, speculation, compound, overbroad, Rule 403 (more prejudicial than probative). | None of these objections as to form were made at the time of the deposition, so they are waived. |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 37 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 110:25-111:2 | | |
| 111:4 | | |
| 111:6-14 | Rule 403 (more prejudicial than probative); irrelevant (not communicated to CNL decision-makers). | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |
| 111:18-24 | Rule 403 (more prejudicial than probative); irrelevant (not communicated to CNL decision-makers). | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected<br>to and objection(s)) | Response |
|---|---|---|
| | | relevant to the case. |
| 112:2-5 | Rule 403 (more prejudicial than probative); irrelevant (not communicated to CNL decision-makers). | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |
| 112:7-13 | Rule 403 (more prejudicial than probative); irrelevant (not communicated to CNL decision-makers). | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 117:25-118:21 | 118:20-21: Lacks foundation (Browne wasn't with the captain at the time of boarding) | 118:20-21: Browne testifies that he doesn't witness the Captain authorize a boarding, so there is no basis for lack of foundation objection. |
| 118:24 | Lacks foundation (Browne wasn't with the captain at the time of boarding) | Browne testifies that he doesn't witness the Captain authorize a boarding, so there is no basis for lack of foundation objection. |
| 119:1-4 | | |
| 119:9-14 | Irrelevant (Browne's observations about the Ilaje carrying equipment not communicated to CNL decision-makers); Rule 403 (more prejudicial than probative); compound | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony that the Ilaje had access to tools that could be used as weapons refutes plaintiffs' story, is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilaje is directly relevant to the case. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 119:18-21 | Irrelevant (Browne's observations about the Ilaje carrying equipment not communicated to CNL decision-makers); Rule 403 (more prejudicial than probative); compound | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony that the Ilaje had access to tools that could be used as weapons refutes plaintiffs' story, is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |
| 119:23-120:5 | Irrelevant (Browne's observations about the Ilaje carrying equipment not communicated to CNL decision-makers); Rule 403 (more prejudicial than probative); compound | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony that the Ilaje had access to tools that could be used as weapons refutes plaintiffs' story, is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 121:9-13 | Irrelevant (Browne's observations about the Ilaje carrying equipment not communicated to CNL decision-makers); Rule 403 (more prejudicial than probative). | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony that the Ilaje had access to tools that could be used as weapons refutes plaintiffs' story, is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |
| 121:24-123:25 | 121:24-125:14: Browne's testimony about the supposed Molotov cocktails is speculative, lacks foundation, and is based on hearsay statements from unspecified crew members. Rule 403 (more prejudicial than probative).<br><br>122:15-123:3: Hearsay. Irrelevant (Michael Browne was not a decision-maker, nor did he communicate with decision-makers at CNL, so any fears communicated to him by crew members are irrelevant to the claims and defenses in this action); Rule 403 (more prejudicial than probative). | 121:24-125:14: Foundation objection was not made at time so it is waived. Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 42 of 79

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | 123:8-123:25 Hearsay; irrelevant (Michael Browne was not a decision-maker, nor did he communicate with decision-makers at CNI; so any fears communicated to him by crew members are irrelevant to the claims and defenses in this action); Rule 403 (more prejudicial than probative). | 122:15-123:3: Same response. Workers' state of mind is relevant. 123:8-123:25: Same response. Workers' state of mind is relevant. |
| 124:8-12 | 124:8-12: Lacks foundation, speculation, compound. | Not speculative, Browne testifies that he personally locked his door. See 124:14-16. |
| 124:14-16 | | |
| 125:4-6 | | |
| 128:2-3 | | |
| 128:5 | | |
| 128:7-9 | | |
| 128:15-129:6 | | |

# DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

## March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 130:1-6 | 130:5-6: Hearsay, lacks foundation that Browne was personally present for communications with the Ilaje and that the Ilaje were speaking English, question is overbroad, calls for a narrative.<br><br>The statements are not admissions by a party opponent because there is no evidence that the Ilajes who made the statements are plaintiffs.<br><br>Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin – despite defendants' implication, Pidgin is not understandable to Americans who speak regular English. Defendants made the decision not to produce Mike Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live to trial. | 130:5-6: Objections are meritless. Foundation objection was not made at the time and is therefore waived. Not hearsay, offered for effect on state of mind of the workers. Statements by Ilaje are also admissions by party opponents under FRE 801(B), (D) & (E). Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well taken. |
| 130:9-14 | Hearsay, lacks foundation that Browne was personally present for communications with the Ilaje and that the Ilaje were speaking English, question is overbroad, calls for a narrative. | Objections are meritless. Foundation objection was not made at the time and is therefore waived. Not hearsay, offered for effect on state of mind of the workers. |

SFI-59747v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | The statements are not admissions by a party opponent because there is no evidence that the Ilajes who made the statements are plaintiffs.<br><br>Even if the Ilaje were speaking Pidgin English (which was not established in Browne's deposition), Ms. Mitchell never established that Browne understood Pidgin — despite defendants' implication. Pidgin is not understandable to Americans who speak regular English. Defendants made the decision not to produce Mike Browne as a live witness at trial and should not be given any leeway simply because he is testifying via deposition. Defendants failed to establish that Browne understood what the Ilaje were saying, and cannot do it now because they decided not to bring him live to trial. | Statements by Ilaje are also admissions by party opponents under FRE 801(B), (D) & (E). Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well taken. |
| 130:16-131:1 | Hearsay, lacks foundation that Browne was personally present for communications with the Ilaje and that the Ilaje were speaking English. Not admission of a party opponent because no evidence that the statements were made by plaintiffs. | Objections are meritless. Foundation objection was not made at the time and is therefore waived. Not hearsay, offered for effect on state of mind of the workers. Statements by Ilaje are also admissions by party opponents under FRE 801(B), (D) & (E). Many of the Ilaje spoke English and pidgin English, so plaintiffs' contention that Browne didn't hear what he testifies to hearing is not well |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 132:3-16 | Hearsay, no relevant non-hearsay purpose. Browne's conversation with the Embassy not part of Davis's decision to call in the military; Browne's state of mind not communicated to Davis. | taken. Offered to show the state of mind of the workers. At 133:4-6, Browne testifies that he informed the embassy that they were not allowed to leave and so they didn't know what the outcome would be. Not hearsay, declarative statement with independent significance. |
| 132:19-23 | Hearsay, no relevant non-hearsay purpose. Browne's conversation with the Embassy not part of Davis's decision to call in the military; Browne's state of mind not communicated to Davis. | Offered to show the state of mind of the workers. At 133:4-6, Browne testifies that he informed the embassy that they were not allowed to leave and so they didn't know what the outcome would be. Not hearsay, declarative statement with independent significance. |
| 132:25-133:6 | Hearsay, no relevant non-hearsay purpose. Browne's conversation with the Embassy not part of Davis's decision to call in the military; Browne's state of mind not communicated to Davis. | Offered to show the state of mind of the workers. At 133:4-6, Browne testifies that he informed the embassy that they were not allowed to leave and so they didn't know what the outcome would be. Not hearsay, declarative statement with independent significance. |
| 133:10-12 | Hearsay, no relevant non-hearsay purpose. Browne's conversation with the Embassy not part of Davis's decision to | Proper question. Offered to show the state of mind of the workers. At 133:4-6, Browne testifies that he informed the |

SFI-59747?v1

Case 3:99-cv-02506-SI  Document 2155-2  Filed 11/17/2008  Page 46 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | call in the military; Browne's state of mind not communicated to Davis.<br><br>The question mischaracterizes the testimony because Browne never testified that he told the person at the Embassy that he thought he was in danger. | embassy that they were not allowed to leave and so they didn't know what the outcome would be. Not hearsay, declarative statement with independent significance. |
| 133:15-19 | Hearsay, no relevant non-hearsay purpose. Browne's conversation with the Embassy not part of Davis's decision to call in the military; Browne's state of mind not communicated to Davis. | Offered to show the state of mind of the workers. At 133:4-6, Browne testifies that he informed the embassy that they were not allowed to leave and so they didn't know what the outcome would be. Not hearsay, declarative statement with independent significance. |
| 133:21-134:12 | 133:21-143:6, Hearsay, no relevant non-hearsay purpose. Browne's conversation with the Embassy not part of Davis's decision to call in the military; Browne's state of mind not communicated to Davis.<br><br>134:7-12: Irrelevant; Rule 403 (more prejudicial than probative). Browne's testimony about the feelings of his family in Texas is designed to elicit sympathy from the jury, but does not tend to prove or disprove any of the claims in this case. Browne's feelings regarding his family in Texas not communicated to CNL | 133:21-143:6: Offered to show the state of mind of the workers. At 133:4-6, Browne testifies that he informed the embassy that they were not allowed to leave and so they didn't know what the outcome would be. Not hearsay, declarative statement with independent significance.<br><br>134:7-12: Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. Testimony is relevant to his state of mind and tends establish that he was truly worried about |

46

SFI-597477v1

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected<br>to and objection(s)) | Response |
|---|---|---|
| | and played no part in the decision to call in the military. | the situation during the occupation. |
| 134:14 | Irrelevant; Rule 403 (more prejudicial than probative). Browne's testimony about the feelings of his family in Texas is designed to elicit sympathy from the jury, but does not tend to prove or disprove any of the claims in this case. Browne's feelings regarding his family in Texas not communicated to CNL and played no part in the decision to call in the military. | Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. Testimony is relevant to his state of mind and tends establish that he was truly worried about the situation during the occupation. |
| 134:16-24 | Irrelevant; Rule 403 (more prejudicial than probative). Browne's testimony about the feelings of his family in Texas is designed to elicit sympathy from the jury, but does not tend to prove or disprove any of the claims in this case. Browne's feelings regarding his family in Texas not communicated to CNL and played no part in the decision to call in the military. | Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. Testimony is relevant to his state of mind and tends establish that he was truly worried about the situation during the occupation. |
| 136:16-137:8 | | |
| 137:16-22 | | |

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 140:18-21 | The question is vague and calls for Browne to speculate about the "situation" as opposed to testify about his own personal experiences. Overbroad because Browne is asked to testify about everyone's experiences. | Proper question. Objections as to form (i.e., speculation and overbroad) were not made at the time and are therefore waived. |
| 140:23 | Vague, speculation, overbroad (same reasons as for 140:18-21). | Proper question. Objections as to form (i.e., speculation and overbroad) were not made at the time and are therefore waived. |
| 140:25-141:1 | Vague, speculation, overbroad (same reasons as for 140:18-21). | Proper question. Objections as to form (i.e., speculation and overbroad) were not made at the time and are therefore waived. |
| 141:3-7 | Vague, speculation, overbroad (same reasons as for 140:18-21). | Proper question. Objections as to form (i.e., speculation and overbroad) were not made at the time and are therefore waived. |
| 141:9-11 | Vague, speculation, overbroad (same reasons as for 140:18-21). | Proper question. Objections as to form (i.e., speculation and overbroad) were not made at the time and are therefore waived. |

48

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 141:14-17 | Vague, speculation, overbroad (same reasons as for 140:18-21). | Proper question. Objections as to form (i.e., speculation and overbroad) were not made at the time and are therefore waived. |
| 141:19-21 | Hearsay. | Not hearsay; fact that discussions occurred has independent significance, and offered to show the state of the mind of the barge workers. |
| 141:24 | Hearsay. | Not hearsay, fact that discussions occurred has independent significance, and offered to show the state of the mind of the barge workers. |
| 142:1-3 | Hearsay. | Not hearsay, fact that discussions occurred has independent significance, and offered to show the state of the mind of the barge workers. |
| 142:5-9 | Hearsay. | Not hearsay, fact that discussions occurred has independent significance, and offered to show the state of the mind of the barge workers. |

SFI-597477v1

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 143:1-21 | 143:5-15: Hearsay. | Not hearsay, fact that discussion occurred has independent significance, and offered to show the state of the mind of those on the barge. |
| 143:24 | | |
| 144:1-4 | Speculation, lacks foundation, overbroad, compound. | Proper question. Not speculation because Mike Browne was present on the barge and observed their behavior. These objections to form were not made at the time and are therefore waived. |
| 144:7 | Speculation, lacks foundation, overbroad, compound. | Proper question. Not speculation because Mike Browne was present on the barge and observed their behavior. These objections to form were not made at the time and are therefore waived. |
| 144:9-10 | Speculation, lacks foundation, overbroad, compound. | Proper question. Not speculation because Mike Browne was present on the barge and observed their behavior. These objections to form were not made at the time and are therefore waived. |

50

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 51 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 144:13 | Speculation, lacks foundation, overbroad, compound. | Proper question. Not speculation because Mike Browne was present on the barge and observed their behavior. These objections to form were not made at the time and are therefore waived. |
| 144:15-17 | Speculation, lacks foundation, overbroad, compound. | Proper question. Not speculation because Mike Browne was present on the barge and observed their behavior. These objections to form were not made at the time and are therefore waived. |
| 145:11-146:17 | | |
| 146:18-21 | | |
| 147:6-22 | | |
| 148:5-10 | Defendants' completeness designation:  148:11-20 | |
| 148:21-149:5 | | |

Case 3:99-cv-02506-SI Document 2155-2 Filed 11/17/2008 Page 52 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 149:6-15 | | |
| 151:16-23 | | |
| 152:1-5 | | |
| 153:2-5 | Browne's testimony about juju lacks foundation, must be based on hearsay, and is extremely prejudicial. Browne does not identify the juju man as either of the decedents (he only saw their feet, see 170:10-21), and his testimony about the juju man is irrelevant.<br><br>The supposed foundation on pp. 95-96 to which defendants point is too thin to admit Browne's testimony. The Court has already excluded Dr. Ajewole's testimony about juju on the grounds that he is not an expert in juju. Similarly, Browne is not an expert in juju and should not be permitted to testify about it. Irrelevant when Browne first learned the term "juju."<br><br>Defendants' response that "The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military" shows that defendants are seeking to | Mike Browne had familiarity with Juju and a foundation to speak about it (*see* 95:23-96:2; 96:16-18; 96:21-22) and Mike Browne witnessed the juju man inciting the Ilaje (*see* 98:2-7, 98:9, 98:11-17). That Juju causes some Nigerians to believe they have special protection factored into the apprehension of Browne and the other witnesses. The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military. The ruling on Ajewole is not relevant to Browne. Ajewole was not on the barge, so his perception of Juju does not bear directly on the underlying events. But Mike Browne was there and the state of mind of the expatriates is as central to the case as plaintiffs' contentions that they were peaceful protestors. |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | introduce Browne's testimony about juju not only to prove Browne's state of mind, but for its truth – i.e., that the decedents actually believed they were impervious to bullets. This response serves to underscore the extreme prejudice of admitting Browne's testimony. | |
| 153:8 | Browne's testimony about the so-called "juju man" lacks foundation and is extremely prejudicial (Rule 403). Browne does not identify the juju man as either of the decedents (the only saw their feet, see 170:10-21), and his testimony about the juju man is irrelevant. | Same response as cell above. |
| 153:10-20 | Browne's testimony about the so-called "juju man" lacks foundation and is extremely prejudicial (Rule 403). Browne does not identify the juju man as either of the decedents (he only saw their feet, see 170:10-21), and his testimony about the juju man is irrelevant. | Same response as cell above. |
| 154:12-13 | | |
| 155:5-12 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected<br>to and objection(s)) | Response |
|---|---|---|
| 155:13-17 | | |
| 156:6-23 | | |
| 157:5-11 | | |
| 157:18-20 | | |
| 157:24-158:14 | | |
| 158:16 | | |
| 158:18-159:7 | | |
| 159:21-160:8 | | |
| 160:13-19 | | |
| 161:25-162:15 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 164:25-165:5 | | |
| 166:1-15 | 166:11-15: Hearsay, no relevant non-hearsay purpose for the statement (particularly because the statement appears to have been made after the shooting occurred; see 166:16-19).<br><br>The Court has sustained defendants' objections to hearsay statements by Afolayan. The Court has only permitted true declarative statements by Afolayan, e.g. "Stop shooting." | 166:11-15:  Plaintiffs have offered several statements by Lt. Afolayan in their case in chief.  Moreover, it goes to the state of mind of those on the barge. |
| 167:5-15 | 167:6-8: Irrelevant, question calls for hearsay. | 167:6-8:  Relevant to plaintiffs' claims of battery and assault.  Also relevant to plaintiffs' claims that CNL should have conducted a more thorough investigation of the incident (i.e., no need for larger investigation where no one raised concerns about the actions of military).  Relevant to state of mind of CNL, where no one raised concerns with CNL. |
| 168:19-24 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
| --- | --- | --- |
| 172:18-173:11 | | |
| 178:16-179:9 | Irrelevant. | What happened to the barge workers after their rescue is relevant. |
| 180:6-12 | Irrelevant. | Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that the occupation was entirely peaceful. |
| 181:8-182:20 | Irrelevant. 181:24-182:12: Rule 403 (more prejudicial than probative). | Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that the occupation was entirely peaceful. |
| 183:13-14 | Irrelevant what the barge looked like upon Browne's return. Rule 403 (more prejudicial than probative). Browne has no personal knowledge that the Ilaje caused any of the conditions that he saw | Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | upon his return to the barge. | the occupation was entirely peaceful. Moreoever, Browne does have personal knowledge, he testifies (*see infra* 184:11-21) that the workers kept their tools orderly as a matter of policy and practice. |
| 183:17-18 | Irrelevant what the barge looked like upon Browne's return, Rule 403 (more prejudicial than probative). Browne has no personal knowledge that the Ilaje caused any of the conditions that he saw upon his return to the barge. | Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that the occupation was entirely peaceful. Moreoever, Browne does have personal knowledge, he testifies (*see infra* 184:11-21) that the workers kept their tools orderly as a matter of policy and practice. |
| 183:20-21 | Irrelevant what the barge looked like upon Browne's return, Rule 403 (more prejudicial than probative). Browne has no personal knowledge that the Ilaje caused any of the conditions that he saw upon his return to the barge. | Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that the occupation was entirely peaceful. Moreoever, Browne does have personal knowledge, he testifies (*see infra* 184:11-21) that the workers kept their tools orderly as a |

57

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 183:24 | Irrelevant what the barge looked like upon Browne's return. Rule 403 (more prejudicial than probative). Browne has no personal knowledge that the llaje caused any of the conditions that he saw upon his return to the barge. | Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that the occupation was entirely peaceful. Moreover, Browne does have personal knowledge, he testifies (*see infra* 184:11-21) that the workers kept their tools orderly as a matter of policy and practice. |
| 184:1-13 | Irrelevant what the barge looked like upon Browne's return. Rule 403 (more prejudicial than probative). Browne has no personal knowledge that the llaje caused any of the conditions that he saw upon his return to the barge. | Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that the occupation was entirely peaceful. Moreover, Browne does have personal knowledge, he testifies (*see infra* 184:11-21) that the workers kept their tools orderly as a matter of policy and practice. |
| 184:16-21 | Irrelevant what the barge looked like upon Browne's return. Rule 403 (more prejudicial than probative). Browne has no personal | Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | knowledge that the llaje caused any of the conditions that he saw upon his return to the barge. | tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that the occupation was entirely peaceful. Moreoever, Browne does have personal knowledge, he testifies (*see infra* 184:11-21) that the workers kept their tools orderly as a matter of policy and practice. |
| 185:10-187:3 Exhibit 737 | The mobilization report that Browne wrote after the incident occurred (Exh. 737) is hearsay and there is no relevant non-hearsay purpose for the document. It is not probative of anyone's state of mind and cannot be admitted to show the effect on the reader.<br><br>The report is not relevant to plaintiffs' ratification claims, particularly because defendants are not introducing evidence at trial that anyone at CNL or Chevron or COPI read or relied on Browne's mobilization report in any manner. Defendants do not intend to introduce any evidence at trial that CNL received any kind of notice through Exhibit 737.<br><br>In addition, Browne testifies that his report is partly based on his own observations, but partly based on hearsay statements of other people (e.g., Browne did not see handles on razor blades but that | The mobilization report is relevant to Browne's and CNL's state of mind post-Parabe as relates to ratification claims.<br><br>Report is offered for the non-hearsay purpose of showing notice to CNL and CNL's state of mind. This is directly relevant to plaintiffs' ratification claims.<br><br>Relevant to show that Browne and a few other workers returned to CBL-101 shortly thereafter and discovered tools in disorder and weapons on the barge (*see infra* 181-188), which directly contradicts plaintiffs' testimony that the occupation was entirely peaceful. Moreoever, Browne does have personal knowledge, he testifies (*see infra* 184:11-21) that the workers kept their tools orderly as a |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | information is contained in his report, see 186:4)- Thus, sections of the report are double-hearsay.<br><br>All testimony regarding Exh 737 is objectionable for the same reasons.<br><br>Irrelevant what the barge looked like upon Browne's return, Rule 403 (more prejudicial than probative). Browne has no personal knowledge that the Ilaje caused any of the conditions that he saw upon his return to the barge.<br><br>186:19-187:3: Lacks foundation, speculation. | matter of policy and practice.<br><br>186:19-187:3: Foundation and speculation objections were not made at the time and are therefore waived. They are also meritless. Browne was present during the incident and observed the barge workers' concerns. |
| 188:14-25 | Irrelevant; Rule 403 (more prejudicial than probative). Lacks foundation to the extent Browne testifies about what "we" did or felt as opposed to that he personally did or how he personally felt. | Relevant to barge workers' state of mind; shows that concerned continued even after their release due to proximity to Ilaje villages. Foundation objection not made at the time, so it is therefore waived. |
| 189:11-20 | Irrelevant; Rule 403 (more prejudicial than probative). Lacks foundation to the extent Browne testifies about what "we" did or felt as opposed to that he personally did or how he personally felt. | Relevant to barge workers' state of mind; shows that concerned continued even after their release due to proximity to Ilaje villages. Foundation objection not made at the time, so it is therefore waived. Disposition of barge |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | and upgrade project completes story. |
| 198:8-13 | The question is about juju, and both the question and answer are irrelevant and highly prejudicial.<br><br>Browne's testimony that "all Nigerians" say that bullets won't penetrate their bodies is highly prejudicial, irrelevant and lacks foundation. | Mike Browne had familiarity with Juju and a foundation to speak about it (*see* 95:23-96:2; 96:16-18; 96:21-22) and Mike Browne witnessed the juju man inciting the Ilaje (*see* 98:2-7, 98:9, 98:11-17). That Juju causes some Nigerians to believe they have special protection factored into the apprehension of Browne and the other witnesses. The broader issue of Juju is relevant to the case because it explains the willingness of the Ilaje to attack the armed military. The ruling on Ajewole is not relevant to Browne. Ajewole was not on the barge, so his perception of Juju does not bear directly on the underlying events. But Mike Browne was there and the state of mind of the expatriates is as central to the case as plaintiffs' contentions that they were peaceful protestors. |
| 198:15-16 | Testimony about juju is prejudicial, lacks foundation, and irrelevant. | Same response as cell above. |
| 198:18-23 | Testimony about juju is prejudicial, lacks foundation, and | Same response as cell above. |

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

### (Plaintiffs' Counter-Designations in italicized text)

### March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
| --- | --- | --- |
| 199:3-5 | irrelevant. Hearsay. | |
| 199:9-10 | | |
| 199:12-21 | | |
| 202:4-23 | 202:20-23: The answer is not responsive to the question, and lacks foundation because Browne did not testify that he personally observed the operator get pushed and slapped around; likely based on hearsay. Browne's state of mind regarding this incident is not relevant because it was never conveyed to CNL decision-makers. | 202:20-23: Answer is responsive. It identifies the man by what happened to him during the incident. Offered for non-hearsay purpose, to show state of mind of barge workers. |
| 215:16-216:10 Exhibit 732 | Same objection to Exh. 732 as above: Browne testified that he did not know who took the photograph of the barge (Exh. 732), or how he obtained a copy of it. See 43:6-10. He therefore lacks sufficient knowledge to authenticate the photograph and it is not self-authenticating. Rule 901. | The photographer is not needed to authenticate a photograph. Mr. Browne identifies the date range in which the photograph was taken (see supra 43:25) and testifies (see supra 44:3-9) that the photograph accurately depicts the way the CBL-101 barge looked in late May and early June 1998. That is all that is needed to authenticate the |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
|  | Same objection to the accompanying testimony regarding the photograph (lacks foundation). | photograph. |
| 218:4-19 | Irrelevant, Rule 403 (more prejudicial than probative); lacks foundation to testify about how other crew members were feeling. | Foundation objection not made at the time and is therefore waived.<br><br>Relevant to the state of mind of the barge workers. |
| 219:16-220:4 | Irrelevant, hearsay. | Plaintiffs claim that it was negligent for CNL to use the GSF to provide security for their operations in Nigeria. A relevant consideration for the jury in determining whether CNL's actions were negligent is whether business would have been possible without providing security for workers. Not hearsay, conversations have independent significance. Offered to show state of mind of workers and CNL and notice. |
| 220:7-8 | Irrelevant, hearsay. | Same response as cell above. |
| 220:10-13 | Irrelevant. | Same response as cell above. |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 64 of 79

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

### (Plaintiffs' Counter-Designations in italicized text)

### March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 220:16 | Irrelevant. | Same response as cell above. |
| 221:16-25 | Irrelevant, hearsay, Rule 403 (more prejudicial than probative), lacks foundation to testify about other people's desires to return to Nigeria. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of continuing fear of workers who were involved in the incident to return contradicts plaintiffs' testimony that everything was peaceful. |
| 258:3-17 | | |
| 278:3-12 | | |

64

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *289:1-9* | Defendants' completeness designation 289:10-11, 289:16.℁ | |
| *289:25-290:19* | | |
| *290:23-291:7* | Defendants' completeness designation 291:8-12 ℁ | |
| *291:13-23* | | |
| *292:14-15* | | |
| *292:16-293:5* | | |
| *293:11-294:13* | | |
| *294:14-17* | | |
| *294:20-295:1* | | |
| *295:5-7* | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 295:17-296:5 | | |
| 315:3-16 | | |
| 315:20-24 | 315:23-24: Lacks foundation, calls for speculation. FRE 602. That witness does not know is also irrelevant, so designation should be stricken. | Defendants earlier designated a portion of Browne's deposition in which he testifies that he knew the Navy on board were paid by ETPM because he paid them. The fact that he doesn't know whether the mobile police on board the barge were paid by ETPM is therefore significant, particularly in light of the conflicting testimony regarding who paid for the GSF on board the barge. |
| 316:1 | Lacks foundation, calls for speculation. FRE 602. That witness does not know is also irrelevant, so designation should be stricken. If not stricken, then defendants designate 484:19-485:2 for completeness. *Defendants' completeness designation 484:19-485:2.* | Same response as in cell above. |
| 345:8-16 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 345:17-346:8 | Defendants' completeness designation 345:3-13, 485:16.<br><br>Defendants' designation of 346:9-14 is offered for the purpose of the effect on Browne's state of mind. | Plaintiffs' objection: Designations not necessary for completeness.<br><br>346:9-14: Hearsay; lacks foundation because Browne can't recall what he heard or who he heard it from.<br><br>If defendants' so-called "completeness" designations on p. 346 are allowed, plaintiffs designate: 347:2-4 |
| 389:25-390:1<br><br>390:4 | Irrelevant; Rule 403 (more prejudicial than probative). | |
| 373:2-14 | Defendants may not designate this passage, which references a hearsay document (Hawkins' log) that Browne had never seen before defense counsel showed it to him. The statement, "I don't know if it was at this particular time or not" (373:5-6) makes no sense without reference to the hearsay document.<br><br>373:7-14: The answer is not responsive to the question; Browne has no foundation to state that the Ilaje threw bolts every time a | Browne is testifying about what he personally witnessed; and defendants are not seeking to introduce Hawkins' log through Browne. Thus the testimony is not hearsay.<br><br>Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | boat came near because they did not want boats or helicopter near; speculation. | expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of violence or threats on the barge contradicts their testimony.<br><br>373:7-14: Answer is responsive and not speculative; that the Ilaje's did not want boats nearby is a conclusion rationally based on Browne witnesses the Ilaje throwing objects at approaching boats. |
| 374:2-375:5 | Irrelevant; Rule 403 (more prejudicial than probative). | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates is directly relevant to the case. The plaintiffs were the leaders of the Ilaje and they and their witnesses claimed that they gave directions and enforced compliance |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 427:21-22 (through "Exhibit 739.") *Exh. 739 - ONLY THE SECTIONS OF 739 (BROWNE'S LOG) THAT ARE USED FOR IMPEACHMENT* | Exhibit 739 should be admitted in its entirety as it would be misleading to admit only section. Exhibit 739 is also a business record of a regularly conducted activity FRE 803(6) and it is his daily diary so qualifies under FRE 803(6). *See infra* 428:13-16. Defendants have designated completeness designations that reference Exhibit 729. Thus, the entirety of the document should come in under FRE 106. | Exh. 739 does not qualify as a business record because neither plaintiffs' counsel nor defense counsel elicited testimony from Browne during his deposition showing that the log meets all of the requirements of the business record exception. Defendants have chosen not to bring Mike Browne as a live witness to trial and should not be given leeway. There is no basis upon which to admit Exhibit 739 in its entirety, as defendants themselves have not independently designated it or any portion of Browne's testimony in |
| 416:4-18 | | |
| 416:2 | | |
| 415:23-25 | | with the orders of the elders. They claimed they were successful in doing so and that it was peaceful throughout. Evidence of violence or threats on the barge contradicts their testimony. |

## DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

### (Plaintiffs' Counter-Designations in italicized text)

### March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *SHOULD BE ADMITTED: THE REST IS INADMISSIBLE HEARSAY* | | which he references it (other than to complete plaintiffs' own designations). As plaintiffs are the sole proponent of the exhibit, defendants are not in a position to dictate which portions of it should or should not be admitted.<br><br>In any case, given that only plaintiffs seek to admit Browne's log, all portions of the log that plaintiffs do not seek to admit are irrelevant because there is no testimony regarding the non-referenced portions.<br><br>Finally, to admit the log in its entirety without any accompanying testimony would be a waste of time, confusing and prejudicial (Rule 403). For example, one prejudicial portion of Browne's log that is not referenced in his testimony states, for May 26, 1998: "Ju ju man runs around the barge we guess he is putting a spell on the barge." Further, the log covers dates in January 1998 and after May 1998 that are completely irrelevant. |
| 428:13-16 | | |
| 430:8-431:6 | Irrelevant, misleading and confusing. FRE 401-403. | The testimony is relevant to impeachment of Browne and shows that he conflated the March 1998 and May 1998 |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | incidents.  Browne testified that several incidents occurred during the May 1998 Ilaje boarding, but his log and testimony show that he was confused and many of the incidents in fact happened during the March 1998 Itsekiri boarding. |
| 431:11-20 | 431:11-18:  Irrelevant and misleading.  Allens Stephens left the barge before both incidents.  FRE 401-403. | Defendants have no evidence that Stephens left the barge before both incidents.  Browne's log (Exh. 759) states that Stephens left before the March 1998 incident, and does not reflect that Stephens left again before the May 1998 incident. |
| 431:23 | | Defendants were free to rehabilitate Browne at his deposition and establish that Browne was not confused (or bring Browne live to trial to clear up his testimony); their decision not to do so does not mean that plaintiffs' impeachment of Browne should be excluded. |
| 432:4-6 | | |

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 432:7-11 | | |
| 432:12-20 | | |
| 432:21-433:4 | Defendants' completeness designation 433:5-12. | |
| 433:15-18 | | |
| 433:21 | | |
| 434:3-5 | | |
| 434:8 | | |
| 434:16-21 | | |
| 434:22-435:1 | | |
| 435:4 | | |

SFI-597477v1

Case 3:99-cv-02506-SI Document 2155-2 Filed 11/17/2008 Page 73 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 435:12-15 | | |
| 435:18 | | |
| 435:25-436:4 | | |
| 436:7 | | |
| 437:11-13 | | |
| 443:1-5 | | |
| 443:16-20 | | |
| 444:11-24 | | |
| 444:25-445:3 | | |
| 446:21-24 | | |

SFI-597447v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 447:9-16 | | |
| 447:19-22 | | |
| 447:25-448:2 | Defendants' completeness designation 488:5-14, 489:16-490:4, 490:6-25, 491:3-5. | These designations are not necessary to complete plaintiffs' designations. |
| | Plaintiffs made no foundation objection to 489:25-490:13 at the time, so it is waived. | 489:25-490:13: Lacks foundation, speculation. |
| | 490:18-491:3: Browne is not speculating; he testified that the days that the Ilaje were on board were "not a normal day" and that he probably didn't have time to create the entries. | 490:18-491:3: Browne states that he doesn't remember whether it was a high priority to prepare a log, and is speculating about whether he had time to prepare a detailed log. The responses should be stricken as speculation. |
| 454:6-24 | Hearsay. State of mind of the security personnel irrelevant; Rule 403 (more prejudicial than probative). | Offered for effect on state of mind of the workers, and security personnel. Scott Davis was concerned about the state of mind of the workers on the barge. |
| 486:10-17 | Lacks foundation, calls for speculation, irrelevant what Browne thought the Ilaje would do with the equipment; Rule 403 (more prejudicial than probative), Browne's state of mind regarding the | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. |

74

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Ilaje carrying around spud wrenches played no part in the decision to call in the military and was never communicated to CNL decision-makers. | Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the Ilaje is directly relevant to the case. The state of mind of Browne is relevant to the events on the barge and how they resulted in the decision to call in the military. |
| 486:20-21 | Lacks foundation, calls for speculation, irrelevant what Browne thought the Ilaje would do with the equipment, Rule 403 (more prejudicial than probative), Browne' state of mind regarding the Ilaje carrying around spud wrenches played no part in the decision to call in the military and was never communicated to CNL decision-makers. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the Ilaje is directly relevant to the case. The state of mind of Browne is relevant to the events on the barge and how they resulted in the decision to call in the military. |

SFI-59747v1

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

**(Plaintiffs' Counter-Designations in italicized text)**

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 486:23-487:4 | Lacks foundation, calls for speculation, irrelevant what Browne thought the Ilaje would do with the equipment, Rule 403 (more prejudicial than probative), Browne's state of mind regarding the Ilaje carrying around spud wrenches played no part in the decision to call in the military and was never communicated to CNL decision-makers. | Plaintiffs repeatedly elicited testimony that everything on the barge was peaceful during their entire occupation and that the Ilaje did not threaten the workers in any way. Testimony refuting that is relevant and goes to the heart of the case. Further, Davis was aware of the volatility of the Ilaje and the fact that they were causing anxiety for the expatriates. Evidence relating to the state of mind of the expatriates based on the activity of the Ilajes is directly relevant to the case. The state of mind of Browne is relevant to the events on the barge and how they resulted in the decision to call in the military. |
|  | 487:2-6: Overbroad, lacks foundation to characterize all events from May 25 to May 28, 1998. | 487:2-6:  Proper question. Foundation objection not made at the time, so it is waived. |
| 487:6 | 487:2-6: Overbroad, lacks foundation to characterize all events from May 25 to May 28, 1998. | Proper question. Foundation objection not made at the time, so it is waived. |
| 487:22-488:4 | Hearsay – Browne can't even remember who told him that there "may have been guns in the canoes." Speculation, lacks foundation, Rule 403 (more prejudicial than probative). Beyond the scope of cross, should have been asked by Ms. Mitchell on | Relevant to state of mind of barge workers. |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 77 of 79

DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | direct. | |
| 494:2-5 | Irrelevant; Rule 403 (more prejudicial than probative); overbroad, compound. | Relevant to state of mind of barge workers. Compound objection not made at time, so it is waived. |
| 494:7-8 | Irrelevant; Rule 403 (more prejudicial than probative); overbroad, compound. | Relevant to state of mind of barge workers. Compound objection not made at time, so it is waived. |
| 494:14-19 | Irrelevant; Rule 403 (more prejudicial than probative); overbroad, compound. | Relevant to state of mind of barge workers. Proper question. |
| 494:22-24 | Irrelevant; Rule 403 (more prejudicial than probative); overbroad; compound; lacks foundation to the extent Browne responds in the plural ("We just basically tried....") instead of for himself. | Relevant to state of mind of barge workers. Proper question. |
| 495:18-496:8 Exhibit 542 | Exhibit 542 is a statement signed by Browne and two other workers dated February 1999 regarding the Parabe incident. It is hearsay and there is no relevant non-hearsay purpose for the letter. The letter is not relevant to the effect on the listener or to anyone's state of mind because it is dated 9 months after the | Exhibit 542 is relevant to plaintiffs' ratification claims.

495:18-496:5: Testimony is not hearsay; Browne is testifying regarding his perception of atmosphere and the workers' statement of mind. Relevant to state of mind of |

77

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

**March 22-23, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Parabe incident. | workers and plaintiffs' ratification claims. |
| | Exh. 542 is not relevant to plaintiffs' ratification claims, particularly because defendants are not introducing evidence at trial that anyone at CNL or Chevron or COPI read or relied on Browne's mobilization report in any manner. | 496:6-8, 12-13: Foundation is provided at 496:21-23 *infra*. Not a legal conclusion. |
| | 495:18-496:5: The testimony designated here is objectionable for the same hearsay reasons. Further, Browne's testimony that "concern was shown on everyone's face" is overbroad and lacks foundation. | |
| | 496:6-8, 12-13: Lacks foundation, calls for speculation, calls for legal conclusion. | |
| 496:12-13 | 496:6-8, 12-13: Lacks foundation, calls for speculation, calls for legal conclusion. | 496:6-8, 12-13: Foundation is provided at 496:21-23 *infra*. Not a legal conclusion. |
| 496:15-17 | 496:15-17, 19, 21-23: Lacks foundation, speculation, legal conclusion. | Foundation is provided at 496:21-23 *infra*. Not a legal conclusion. |
| 496:19 | 496:15-17, 19, 21-23: Lacks foundation, speculation, legal | Foundation is provided at 496:21-23 *infra*. Not a legal |

Case 3:99-cv-02506-SI   Document 2155-2   Filed 11/17/2008   Page 79 of 79

**DEFENDANTS' NOVEMBER 11 DESIGNATION OF MICHAEL RAY BROWNE**

(Plaintiffs' Counter-Designations in italicized text)

March 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | conclusion. | conclusion. |
| 496:21-497:4 | 496:15-17, 19, 21-23: Lacks foundation, speculation, legal conclusion. | Foundation is provided at 496:21-23 *infra.* Not a legal conclusion. |
| | 496:23-497:4: Lacks foundation, speculation. | 496:23-497:4: Foundation objection was not made at the time and is therefore waived. |

SFI-59747v1