## DESIGNATIONS OF DEPOSITION TESTIMONY OF BASSEY JEJE
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition January 18-22, 2005

| Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|
| All | Plaintiffs object to the admission of any additional designations from Bassey Jeje's deposition testimony, on the ground that defendants already made counter-designations and affirmative designations from this deposition that were presented to the jury during plaintiffs' case-in-chief.<br><br>During plaintiffs' case-in-chief, plaintiffs repeatedly objected that defendants had designated testimony that was beyond the scope of the "direct" testimony designated by plaintiffs. Such objections were specifically raised to defendants' designations of Jeje's testimony, and all of them were overruled by the Court. See Dkt. #2061 at 13-14.16-17. During an oral argument regarding certain deposition defense designations considered by plaintiffs to be improperly presented during plaintiffs' case-in-chief, the Court explained that whether the offered testimony was in the nature of the defense's direct examination or its cross-examination with respect to plaintiffs' designated testimony, it was admissible and would be admitted as part of a single reading of the deponent's deposition.<br><br>Having already made substantial designations in connection with plaintiffs' presentation of Jeje's direct examination, defendants now seek to make additional designations for presentation to the jury and to do so in a way that takes those designations out of the overall context of Jeje's affirmative testimony. It would be grossly unfair to permit defendants first to disrupt plaintiffs' case- | Defendants informed plaintiffs by email prior to filing the Jeje that defendants intended to call Jeje during our case. Plaintiffs did not object then. Rather, plaintiffs' counsel, Dan Stormer, affirmed that plaintiffs preferred that defendants wait until the presentation of defendants' case to present such affirmative designations. |

*Put clips in original order*

# DESIGNATIONS OF DEPOSITION TESTIMONY OF BASSEY JEJE
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition January 18-22, 2005

| Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|
| 338:14-19 | in-chief by submitting deposition testimony that is outside the scope of Jeje's direct and then to submit additional testimony in the defense case. Consistent with the Court's rulings on the presentation of other depositions, including Jeje's, defendants should only be permitted one opportunity to submit deposition testimony from Jeje. Since they have already availed themselves of that opportunity, all of these designations should be stricken. | |
| 369:3-370:7 | Unduly prejudicial without having any probative value. FRE 403. | |
| 370:8-11 | | |
| 370:24-371:2 | Unduly prejudicial without having any probative value. FRE 403. | |
| 370:21-23 | | |
| 778:14-15 778:18-19 | Unduly prejudicial without having any probative value. FRE 403. | |

# DESIGNATIONS OF DEPOSITION TESTIMONY OF BASSEY JEJE
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition January 18-22, 2005

| Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|
| 922:15-16, 18 | Irrelevant to ask what was asked in the prior deposition, and argumentative. FRE 401-404. To the extent that there is testimony that establishes this, defendants should simply offer it. See, e.g., testimony at 778. | Testimony is relevant to show that Jeje lost the bullet after he was asked. |
| 923:3-8 | Irrelevant to ask what was asked in the prior deposition, and argumentative. FRE 401-404. To the extent that there is testimony that establishes this, defendants should simply offer it. | |
| 925:5-11, 18-23 | Irrelevant and unduly prejudicial. *925:12-17* OK | |
| 926:1-5 | Irrelevant and unduly prejudicial. | |
| 926:6-8, 19-21 | | |
| 924:10-12 | Irrelevant and unduly prejudicial. | |
| 940:3-21 Exhibit 4058 | Lacks authentication since there is no evidence that the deponent ever saw the e-mail or authorized its substance. Objection that the statements in the e-mail from counsel are irrelevant, hearsay and unduly prejudicial in light of the fact that defendants' seek to attack the credibility of one of plaintiffs' trial counsel, Barbara | |

SFI-5978221v1

3

## DESIGNATIONS OF DEPOSITION TESTIMONY OF BASSEY JEJE
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition January 18-22, 2005

| Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|
| 889:16-890:1 | | |
| 895:16-18 (through "my box") | Hadsell. To the extent that this email is admitted, it should be redacted of all extraneous matter, such as the responsive e-mail from Caroline Mitchell (Exh. 4058). | |
| 943:25-944:7 | | |
| 946:2-5 | | |
| 947:7-9 (through "valuable property") | | |
| 951:25-952:4 | | |
| 442:12-16 | | |
| 646:22-647:1, | Defendants' designation is not about what Mr. Jeje says but about | |

# DESIGNATIONS OF DEPOSITION TESTIMONY OF BASSEY JEJE
(Testifying By Way of Deposition Only)
(Counter-Designations in italicized text)
Deposition January 18-22, 2005

| Defendants' Designations | Plaintiffs' Objections and Counter-Designations | Defendants' Responses to Plaintiffs' Objections and Objections to Counter-Designations |
|---|---|---|
| 647:8-18 | what he does with his arms on this day as compared to previous days of deposition when he was passionately describing various matters. Defendants have taken Mr. Jeje's visual demonstration of his ability to lift his arm without pain out of context by ignoring the fact that this is a different day of testimony from the other days shown in previous clips, on a day when Mr. Jeje was experiencing a greater amount of physical pain, and after he had sat for deposition from about 9:11 a.m. until about 2:38 p.m. in an air-conditioned environment that was making him uncomfortable. *See* 539:1-4; 539:16-20; 644:10-17, 20-22, 644:24-645:4, 645:13-14, 17-21, 464:7-10, 13-15, 19-21. Without the physical context, the length of time spent sitting for deposition, and the specific complaint about discomfort on that day, playing this tape along side the other days would be unduly prejudicial and require the waste of time setting forth the true context of the testimony. FRE 403.<br><br>To the extent the court overrules the objection, plaintiffs counterdesignate the following testimony, along with an indication at the beginning and end of the tape of the specific time of day when the testimony was given:<br><br>*539:1-4; 539:16-20; 644:10-17, 20-22, 644:24-645:4, 645:13-14, 17-21, 646:7-10, 15, 19-21.* | *[handwritten: Put in order]* |