## DEFENDANTS' DISCOVERY DESIGNATIONS
## TO BE READ IN COURT

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| Plaintiff Bassey Jeje's Response to Defendants' Third Set of Document Requests, No. 5 | Defendants seek to admit plaintiffs' response to a request to inspect "the bullet that PLAINTIFF Bassey Jeje referred to in his third day of deposition as the ChevronTexaco compound in Lagos, Nigeria on January 20, 2005. Specifically, Bassey Jeje stated that the bullet was removed from his arm and is located at his home in Igbokada (sic)." Defendants also seek to admit plaintiffs' response, *inter alia*, that they will produce "any non-privileged, responsive documents in plaintiffs' possession . . . , if such documents exist." <br><br> Defendants may not introduce plaintiff Jeje's testimony about his possession of the bullet by seeking admission of this document request which describes that testimony. The document request is simply the statements of defense counsel and, thus, improper hearsay under FRE 801. Further, it mischaracterizes the underlying testimony. Similarly, plaintiffs' response that they will produce responsive documents if they exist is wholly irrelevant and prejudicial, especially to the extent it is admitted | Plaintiffs' response is a party admission and therefore not hearsay. The request goes to plaintiffs' state of mind and provides context for plaintiffs' response. <br><br> Deposition testimony is not a proper counter-designation to discovery and plaintiffs should designate the testimony in their rebuttal case so that defendants may properly object and provide the Court with copies of the transcript to rule on the designations. <br><br> To the extent the Court permits Jeje's testimony to be read, defendants' designate the following, all permitted by the Court's November 20, 2008 order (Dkt. 2198): <br><br> 369:14-18 <br> 370:2-6 <br> 923:3-8 <br> 925:5-11, 18-23 <br> 926:1-5 |

SFI-59821 6v1

## DEFENDANTS' DISCOVERY DESIGNATIONS TO BE READ IN COURT

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | without explanation of the fact that plaintiffs could not introduce any evidence of the bullet at trial, pursuant to this Court's order, except in response to defendants' decision to open up the issue at trial.<br><br>To the extent that the Court permits the admission of this discovery response, plaintiffs counterdesignate the following testimony from the deposition of Bassey Jeje:<br><br>369:3-13, 19-20; 370:21-23; 778:14-15; 778:18-19; 895:16-18 (though "my box"):943:25-944:7; 946:2-5; 947:7-9 (through "valuable property"); 951:25-952:4 | |
| Plaintiffs' Early, Partial Responses to Seventh Set of Interrogatories in Accordance with Parties' Meet and Confer Discussions, Nos. 181, 182 | Plaintiffs object to these designations to the extent that defendants seek to admit any portion of the interrogatory answer that was not specifically designated by defendants in their pre-trial papers. Because defendants have failed to identify any portions of the interrogatories, plaintiffs have been deprived of an adequate opportunity to raise objections | These interrogatories identify individuals pictured in photos that defendants intend to move into evidence. The photos are relevant for the following reasons:<br><br>(1) To rebut the implicit character evidence that plaintiffs presented through the photos of Bola and Ola Oyinbo and Mr. Bowoto |

- 2 -

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | and counter-designations. | and his family. FRE 404(a)(3); |
| | To the extent that defendants seek to admit the portions they identified in their recent e-mails to plaintiffs' counsel, plaintiffs object that these designations do not appear in defendants' pre-trial designations of discovery responses to be used at trial and are not proper rebuttal. Defendants' only designations from this document include the answers at 4:2-3, 6:17, 7:1, 8:17-19, 11:16-17 and 12:2, none of which was designated by defendants for use at trial. Similarly, the designations contain descriptions of photographs that were turned over to defendants several years ago and were available to defendants for use at trial, but were never included on their list of trial exhibits. Thus, the photographs must be excluded on the same ground. | (2) To rebut plaintiffs' claim, offered principally through the testimony of Ola Oyinbo (see, e.g., Trial Tr., 1467-1468, 1485-1488), that when Bola Oyinbo returned from detention in Akure he was depressed and had suffered injuries, including a "broken head," that remained with him for the remainder of his life; and |
| | | (3) To show, as relevant to the credibility of plaintiffs Bowoto and Jeje and witnesses Judah and Methuselah, the unusually close relationship among them and the attendant opportunity and motive to fabricate aspects of their story. |
| | Defendants have contended that the photographs and interrogatory answers are proper rebuttal evidence to show the character of the plaintiffs, their "close" relationship with certain witnesses, and the extent of the injuries of Bola Oyinbo. These arguments are specious for several | Defendants do not intend to argue or suggest who the unidentified individuals in the photographs are so redaction of their faces is unnecessary. |
| | | Defendants were not required to identify these photographs and interrogatories before trial because it is rebuttal evidence. Plaintiffs did not identify the photographs used with Bowoto and Bola Oyinbo until |

## DEFENDANTS' DISCOVERY DESIGNATIONS
## TO BE READ IN COURT

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | reasons. | |
| | First, the photos cannot be considered rebuttal evidence that could not have been anticipated based on what was produced during discovery. Certainly, it cannot be argued that the proffer by plaintiffs of photos of Larry Bowoto and Bola Oyinbo and their families – all of which had also been turned over in discovery – gave rise to an unanticipated need to "rebut" the "implicit character evidence" submitted through those photographs. Further, there is nothing in the photographs that plaintiffs offered that could not have been anticipated prior to trial. As in the photographs, the plaintiffs appeared for their videotaped depositions in traditional garb, Ola testified that she was married to Bola, and Larry testified that he was married with children. Further, to the extent that any of these photos are being offered to prove a close relationship between the plaintiffs and any of their witnesses, any interest in demonstrating such a tie arose well before trial began and cannot be considered rebuttal evidence in any way. The same goes for the use of | October 22 and did not provide defendants with copies until after trial started. Defendants identified the photographs on November 19 and plaintiffs had ample time to object. |

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | these photos to show that the plaintiffs did not appear to be suffering every minute of their lives. Given that plaintiffs have sought damages for severe emotional distress throughout this lawsuit, evidence to show the contrary cannot be considered true rebuttal.<br><br>Second, the photographs are not proper rebuttal evidence at all. Neither B8402A, B8402B, B8439A, B8445A nor B8975 provide any character evidence that rebuts the photographs submitted by the plaintiffs. Nor do these photos "rebut" the testimony regarding Larry or Bola's injuries or demonstrate an "unusually close" relationship between the plaintiffs and witnesses Judah or Methu.<br><br>Third, the real purpose of defendants' submission of these photos appears to create undue prejudice against plaintiffs and the need to waste time on responsive explanations. None of these photographs are admissible under FRE 403.<br><br>B8402A and B8402B are inadmissible because they include pictures of Cindy Cohn and other lawyers who have represented plaintiffs in this case. It would | |

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | be wholly improper to include photographs of plaintiffs with their lawyers as part of the evidence in this case, not only because the fact of such photographs being taken is irrelevant to any real issue in this case, but it opens the door to improper argument by defense counsel that there is an overly friendly or somehow unprofessional relationship between counsel and clients. B8439A is not probative of any issue in this case, particularly since the only persons identified in the photo are then plaintiffs Oyinbo, Jeje and Bowoto. Thus, there is not even an argument -- however thin -- that it depicts some "close" relationship between one or more of the plaintiffs and a non-party witness. Even if these photos were to be admitted for any purpose advanced by defendants, plaintiffs would insist that the faces of all unidentified people in the photographs be blocked out so the jury will not be confused by their inclusion nor invited by defendants or their imagination to contrive who these people might be. | |
| | Nor is B 8975 proper character evidence. | |

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | Through the introduction of this photograph, defendants seek to play on American stereotypes about what a gangster looks like to paint Larry Bowoto. The use of such stereotypes is wholly improper as a means of showing the character of any party or witness, but it is particularly inappropriate here since there is nothing to demonstrate that American stereotypes about how a gangster dresses would ever be applicable to a Nigerian man. Further, it would create a need to waste the Court's time by forcing Mr. Bowoto to explain the reasons why he wore sunglasses for a period of time. To the extent that defendants are trying to admit the photos marked as B08443A, B08444B, and B08446B, plaintiffs object to the admission of these photos for many reasons. First, they are not on defendants' exhibit list and cannot be considered proper rebuttal evidence of any sort. Certainly, they do not rebut the testimony that defendants identified that Bola had difficulty carrying heavy buckets, that he had chest pains, or any other physical condition. There is nothing in these photos that "rebuts" a chest pain condition, nor | |

# DEFENDANTS' DISCOVERY DESIGNATIONS
## TO BE READ IN COURT

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | anything that shows Bola carrying anything at all, much less a heavy item. As a result, the photos are irrelevant to any matter in this case. Further, addressing the real reason that defendants seek to admit these photos, they are highly prejudicial in that they show plaintiffs in a private social situation with their attorneys. The fact that the Court ordered the discovery of such photographs does not mean that defendants can try to embarrass and demean the people in the photos by submitting them in a public trial. We strenuously object to defendants' efforts to do so. | |
| Parabe Plaintiffs' Combined Responses to Defendant Chevron Corporation's Seventh Set of Interrogatories to Plaintiffs, Also Containing Information in the Possession of Counsel, No. 181 | Plaintiffs object to these designations to the extent that defendants seek to admit any portion of the interrogatory answer that was not specifically designated by defendants in their pre-trial papers. Because defendants have failed to identify any portions of the interrogatories, plaintiffs have been deprived of an adequate opportunity to raise objections and counter-designations.<br><br>To the extent that defendants seek to admit the portions they identified in their recent | This interrogatory identifies Larry Bowoto as the individual depicted in photo bates labeled B8975. This photo is relevant to rebut the implicit character evidence that plaintiffs presented through the photo of Mr. Bowoto and his family (PX 6009). FRE 404(a)(3). That photo portrays one aspect of Mr. Bowoto's character and personality. Plaintiffs were entitled to present it, and we accordingly did not object to its admission. Moreover, Mr. Bowoto has been at trial everyday wearing traditional Nigerian dress. We are equally |

# DEFENDANTS' DISCOVERY DESIGNATIONS
## TO BE READ IN COURT

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | e-mails to plaintiffs' counsel, plaintiffs object that these designations do not appear in defendants' pre-trial designations of discovery responses to be used at trial and are not proper rebuttal. Defendants' only designation from this document is at 8:17-18. Since this is not among the discovery designations defendants designated for admission at trial, plaintiffs will object to it being offered at trial, regardless of any other objections that might apply. Similarly, the designation contains a description of a photograph that was turned over to defendants several years ago and has been available to defendants for use at trial, but was never included on their list of trial exhibits. Thus, the photograph must be excluded on the same ground.<br><br>Defendants have contended that the photographs and interrogatory answers are proper rebuttal evidence to show the character of the plaintiffs, their "close" relationship with certain witnesses, and the extent of the injuries of Bola Oyinbo. These arguments are specious for several | entitled to present B8975, which shows another aspect of Mr. Bowoto's character and personality.<br><br>Plaintiffs objections relating to Bola, Jeje and non-parties do not apply here because this designation concerns one photograph that depicts Bowoto only.<br><br>Defendants were not required to identify these photographs and interrogatories before trial because it is rebuttal evidence. Plaintiffs did not identify the photographs used with Bowoto and Bola Oyinbo until October 22 and did not provide defendants with copies until after trial started. Defendants identified the photographs on November 19 and plaintiffs had ample time to object. |

## DEFENDANTS' DISCOVERY DESIGNATIONS TO BE READ IN COURT

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | reasons.<br><br>First, the photo defendants identified cannot be considered rebuttal evidence that could not have been anticipated based on what was produced during discovery. Certainly, it cannot be argued that the proffer by plaintiffs of a photo of Larry Bowoto – which had also been turned over in discovery -- gave rise to an unanticipated need to "rebut" the "implicit character evidence" submitted through that photograph. Further, there is nothing in the photograph that plaintiffs offered that could not have been anticipated prior to trial. As depicted in the photograph, for example, Larry Bowoto testified that he was married with children.<br><br>Second, because it provides no real rebuttal in this case, there is no probative value at all to the photo.<br><br>Third, the real purpose of defendants' submission of this photo is to create undue prejudice against plaintiffs and the need to waste time on responsive explanations. The photo is not admissible under FRE 403. | |

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | B 8975 simply cannot be considered proper character evidence. Through the introduction of this photograph, defendants seek to play on American stereotypes about what a gangster looks like to paint Larry Bowoto. The use of such stereotypes is wholly improper as a means of showing the character of any party or witness, but it is particularly inappropriate here since there is nothing to demonstrate that American stereotypes about how a gangster dresses would ever be applicable to a Nigerian man. Further, it would create a need to waste the Court's time by forcing Mr. Bowoto to explain the reasons why he wore sunglasses for a period of time.

To the extent that defendants are trying to admit the photos marked as B08443A, B08444B, and B08446B, plaintiffs object to the admission of these photos for many reasons. First, they are not on defendants' exhibit list and cannot be considered proper rebuttal evidence of any sort. Certainly, they do not rebut the testimony that defendants identified that Bola had difficulty carrying heavy buckets, that he | |

SFI-598216v1

## DEFENDANTS' DISCOVERY DESIGNATIONS TO BE READ IN COURT

| Defendants' Discovery Designation | Plaintiffs' Objection | Defendants' Response |
|---|---|---|
| | had chest pains, or any other physical condition. There is nothing in these photos that "rebuts" a chest pain condition, nor anything that shows Bola carrying anything at all, much less a heavy item. As a result, the photos are irrelevant to any matter in this case. Further, addressing the real reason that defendants seek to admit these photos, they are highly prejudicial in that they show plaintiffs in a private social situation with their attorneys. The fact that the Court ordered the discovery of such photographs does not mean that defendants can try to embarrass and demean the people in the photos by submitting them in a public trial. We strenuously object to defendants' efforts to do so. | |
| Plaintiffs' Consolidated Response to Defendants' Second Set of Interrogatories Containing Information in Possession of Counsel, Nos., 82 and 83 and Jeje's May 9, 2008 Verification | Irrelevant and unduly prejudicial. FRE 401-403. | Relevant to Jeje's credibility that he allegedly lost a bullet after defendants requested its production. FRE 401-403. |