# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER
(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)
Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 151:3-8 | Hearsay. A witness' prior inconsistent statement is admissible for its truth only if the statement was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. FRE 801(d)(1)(A), 802. Madl is not a party to this lawsuit for purposes of FRE 801(d)(2), as he was employed by Pan African Airlines, not CNL. *See* Madl Deposition, 6:21-24. Plaintiffs have made no showing that his statements are "so far contrary to [his] pecuniary or proprietary interest" that they should be excepted from the rule against hearsay per FRE 804(b)(3). Madl's out-of-court statement should be excluded under FRE 403 because he was never examined with respect to the statement and thus was not afforded the opportunity at his deposition to explain or deny it. Accordingly, the statement has little probative value and is | The statement is clearly against interest and constitutes the admission of a party opponent and clearly impeaches Madl's proffered statement and should be admitted for the truth of the matter asserted. Further, the deponent Mr. Crowther is simply being asked about whether he had previously mentioned this incident. This testimony is offered with respect to Parabe and has nothing whatsoever to do with Opia or Ikenyan. | [signature] |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)

Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 151:13-17 | unfairly prejudicial. FRE 403. If the statement is admitted as impeachment, defendants request a limiting instruction that it cannot be considered for the truth of the matter asserted. Testimony regarding alleged shooting incident recounted by Madl is irrelevant, unduly prejudicial, would confuse the jury, and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. Testimony is inadmissible hearsay from a third party report. FRE 802. Lack of personal knowledge. FRE 602, 403. Crowther is being asked to recall details of a conversation he allegedly had with Madl. Crowther has no independent knowledge of the underlying incident. | Mr. Crowther is simply being asked for his memory as to the time and location of the incident. | |
| 151:21-23 | Hearsay. A witness' prior inconsistent | The statement is clearly against interest and | |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)
Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 152:1-2 | statement is admissible for its truth only if the statement was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. FRE 801(d)(1)(A), 802. Madl is not a party to this lawsuit for purposes of FRE 801(d)(2), as he was employed by Pan African Airlines, not CNL. *See* Madl Deposition, 6:21-24. Plaintiffs have made no showing that his statements are "so far contrary to [his] pecuniary or proprietary interest" that they should be excepted from the rule against hearsay per FRE 804(b)(3). Madl's out-of-court statement should be excluded under FRE 403 because he was never examined with respect to the statement and thus was not afforded the opportunity at his deposition to explain or deny it. Accordingly, the statement has little probative value and is unfairly prejudicial. FRE 403. | constitutes the admission of a party opponent and clearly impeaches Madl's proffered statement and should be admitted for the truth of the matter asserted. In this situation, Madl and Crowther are clearly Chevron's agent and, thus, the statement is the statement of a party opponent. This testimony is offered with respect to Parabe and has nothing whatsoever to do with Opia or Ikenyan. | |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER
## (Testifying By Way of Deposition Only)
### (Defendants' Counter-Designations in italicized text)
#### Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 152:3-21 | If the statement is admitted as impeachment, defendants request a limiting instruction that it cannot be considered for the truth of the matter asserted.<br><br>Testimony regarding alleged shooting incident recounted by Madl is irrelevant, unduly prejudicial, would confuse the jury, and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. Testimony is inadmissible hearsay from a third party report. FRE 802.<br><br>Reponse to plaintiffs' objection:<br><br>This is a proper counter-designation: it completes the testimony designated by plaintiffs and is within the proper scope. Plaintiffs' attempted designation is by itself incomplete and provides a misleading account of the shooting on the barge. | The use of the term "pirates" should be excluded under 403, particularly as there is no indication in the testimony that Madl used this term, rather Mr. Crowther is using this coached derogatory term to refer to the protestors. It is outside the scope of the designated rebuttal testimony. | |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER
(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)
Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | Plaintiffs did not move to strike lines 8 and 9 as non-responsive; this objection is therefore waived.<br><br>The juju references at issue here are party admissions of Larry Bowoto. Therefore, plaintiffs can not claim these statements unduly prejudice them, and the statements' probative value is especially high. | The following language in lines 8-9 should be excluded as non-responsive, since the question is what Madl told him "who I had had previous experience with."<br><br>152:13-21: The statement is beyond the scope of rebuttal. The court has repeatedly ruled that references to Juju should be excluded and this is perhaps more prejudicial than any prior offering and should clearly be excluded as irrelevant and prejudicial. These statements, in which Larry Bowoto allegedly laments that the juju anti-bullet charm he purchased did not work, are also double hearsay, which have not been corroborated by any other witness as statements Madl allegedly heard Larry Bowoto make which were then repeated to Crowther. There is no relevant non-hearsay purpose for offering this testimony. | |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)

Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 154:12-17 | Hearsay. A witness' prior inconsistent statement is admissible for its truth only if the statement was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. FRE 801(d)(1)(A), 802.<br><br>Madl is not a party to this lawsuit for purposes of FRE 801(d)(2), as he was employed by Pan African Airlines, not CNL. *See* Madl Deposition, 6:21-24. Plaintiffs have made no showing that his statements are "so far contrary to [his] pecuniary or proprietary interest" that they should be excepted from the rule against hearsay per FRE 804(b)(3).<br><br>Madl's out-of-court statement should be excluded under FRE 403 because he was never examined with respect to the statement and thus was not afforded the opportunity at his deposition to explain or deny it. Accordingly, the statement has little probative value and is | The statement is clearly against interest and constitutes the admission of a party opponent and clearly impeaches Madl's proffered statement and should be admitted for the truth of the matter asserted. In this situation, Madl and Crowther are clearly Chevron's agent and, thus, the statement is the statement of a party opponent. This testimony is offered with respect to Parabe and has nothing whatsoever to do with Opia or Ikenyan. | |

SFI-59822lv1

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER
(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)
Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 155:2-4 | unfairly prejudicial. FRE 403. If the statement is admitted as impeachment, defendants request a limiting instruction that it cannot be considered for the truth of the matter asserted.<br><br>Testimony regarding alleged shooting incident recounted by Madl is irrelevant, unduly prejudicial, would confuse the jury, and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. Testimony is inadmissible hearsay from a third party report. FRE 802.<br><br>Hearsay. A witness' prior inconsistent statement is admissible for its truth only if the statement was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. FRE 801(d)(1)(A), 802. | The statement is clearly against interest and constitutes the admission of a party opponent and clearly impeaches Madl's proffered statement and should be admitted for the truth of the matter asserted. In this situation, Madl and Crowther are clearly Chevron's agent and, thus, the statement is the statement of a party | |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER
(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)
Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | Madl is not a party to this lawsuit for purposes of FRE 801(d)(2), as he was employed by Pan African Airlines, not CNL. *See* Madl Deposition, 6:21-24. Plaintiffs have made no showing that his statements are "so far contrary to [his] pecuniary or proprietary interest" that they should be excepted from the rule against hearsay per FRE 804(b)(3).<br><br>Madl's out-of-court statement should be excluded under FRE 403 because he was never examined with respect to the statement and thus was not afforded the opportunity at his deposition to explain or deny it. Accordingly, the statement has little probative value and is unfairly prejudicial. FRE 403.<br><br>If the statement is admitted as impeachment, defendants request a limiting instruction that it cannot be considered for the truth of the matter asserted.<br><br>*Testimony regarding alleged shooting incident* | opponent. This testimony is offered with respect to Parabe and has nothing whatsoever to do with Opia or Ikenyan | |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER
(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)
Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 155:7-9 | recounted by Madl is irrelevant, unduly prejudicial, would confuse the jury, and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. Testimony is inadmissible hearsay from a third party report. FRE 802. | The statement is clearly against interest and constitutes the admission of a party opponent and clearly impeaches Madl's proffered statement and should be admitted for the truth of the matter asserted. In this situation, Madl and Crowther are clearly Chevron's agent and, thus, the statement is the statement of a party opponent. This testimony is offered with respect to Parabe and has nothing whatsoever to do with Opia or Ikenyan | |
| | Hearsay. A witness' prior inconsistent statement is admissible for its truth only if the statement was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition. FRE 801(d)(1)(A), 802. | | |
| | Madl is not a party to this lawsuit for purposes of FRE 801(d)(2), as he was employed by Pan African Airlines, not CNL. *See* Madl Deposition, 6:21-24. Plaintiffs have made no showing that his statements are "so far contrary to [his] pecuniary or proprietary interest" that they should be excepted from the rule against | | |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)

Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | hearsay per FRE 804(b)(3). Madl's out-of-court statement should be excluded under FRE 403 because he was never examined with respect to the statement and thus was not afforded the opportunity at his deposition to explain or deny it. Accordingly, the statement has little probative value and is unfairly prejudicial. FRE 403. If the statement is admitted as impeachment, defendants request a limiting instruction that it cannot be considered for the truth of the matter asserted. Testimony regarding alleged shooting incident recounted by Madl is irrelevant, unduly prejudicial, would confuse the jury, and an attempt to back door Opia and Ikenyan evidence. FRE 401-403. Testimony is inadmissible hearsay from a third party report. FRE 802. | | |

# PLAINTIFFS' REBUTTAL DESIGNATION OF CHRISTOPHER CROWTHER

(Testifying By Way of Deposition Only)
(Defendants' Counter-Designations in italicized text)

Deposition October 6, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 155:18-20 | Lack of personal knowledge. FRE 602, 403. Plaintiffs provide no basis for the assertion that Crowther has knowledge of the practices of all pilots. | There is not a lack of personal knowledge simply because Crowther testifies to his knowledge of the practices beyond Madl. Rather Crowther is testifying that he knows that all of the pilots, including Madl, sometimes allowed guns into their aircraft. | |
| 155:23-156:3 | Lack of personal knowledge. FRE 602, 403. Plaintiffs provide no basis for the assertion that Crowther has knowledge of the practices of all pilots. | There is not a lack of personal knowledge simply because Crowther testifies to his knowledge of the practices beyond Madl. Rather Crowther is testifying that he knows that all of the pilots, including Madl, sometimes allowed guns into their aircraft. | |