SFI-59820Sv1

# PLAINTIFFS' DESIGNATION OF JOHN DEREK MACKEY

## (Counter-Designations in italicized text)

### Deposition March 26, 2005

### Volume 1

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 90:5-91:8 | Defendants' designation is objectionable for several reasons. First, **all of these lines were already designated and played for the jury** in the defense case. Second, these lines are not appropriately designated for the purposes of completeness, since there is nothing to do with the few lines designated by plaintiffs. Plaintiffs' designations are limited to testimony about the location of the dead bodies on the barge, while defendants' designations constitute a blatant attempt to repeat testimony played just last Thursday about one Ilaje's supposed attack on the QSF. Contrary to defendants' response to plaintiffs' objection, there is nothing in the lines designated about where Mackey was located when he saw the corpses. Even if there were, that is not relevant, since the information provided by plaintiffs' designation is limited to where the bodies were in relation to one another and in relation to a structure on the barge, not in relation to Mackey. The entire entry should be | Plaintiffs' designation concerns Mackey's testimony about the location of the two dead bodies. Defendants counter-designations are needed to show the context of where Mackey was located and when he saw the corpses. Defendants' designation shows that there was a time lapse between the time that Mackey witnessed the shootings and when Mackey saw the corpses. Mackey got tear gas in his eyes, went inside to wash it out and then went out on an upper deck and saw the corpses. Absent defendants' designation, the jury may believe that Mackey saw the bodies in this configuration immediately after they were shot. Moreover, Mackey is in a different location when he saw the corpses from where he was when he witnessed the shooting. Unless it is clear to the jury that he was in two different locations, which defendants' designation makes clear, the jury may be misled into believing Mackey accidentally switched his eyewitness | |

# PLAINTIFFS' DESIGNATION OF JOHN DEREK MACKEY

(Counter-Designations in italicized text)

Deposition March 26, 2005

Volume 1

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | stricken. | location when being examined by plaintiffs' counsel in the deposition. | |
| | To the extent that the Court allows this testimony to be presented for a second time in less than a week, plaintiffs reserve the right to redesignate their cross-examination of the deponent. | Defendants are aware that this designation was already played last week. So was half of what plaintiffs are designating as rebuttal. Defendants believe neither is necessary, and that plaintiffs' designation is inappropriate. In the event plaintiffs' designation is played, however, the context of when and where he saw the corpses is necessary for completeness. | |
| 92:23-93:16 | Defendants' designation is objectionable for several reasons. First, **all of these lines were already designated and played for the jury** in the defense case. Second, these lines are not appropriately designated for the purposes of completeness, since they have nothing to do with the few lines designated by plaintiffs. Plaintiffs' designations are limited to testimony about the location of the dead bodies on the | Plaintiffs' designation concerns Mackey's testimony about the location of the two dead bodies. Defendants counter-designations are needed to show the context of where Mackey was located and when he saw the corpses. Defendants' designation shows that there was a time lapse between the time that Mackey witnessed the shootings and when Mackey saw the corpses. Mackey got tear gas in his eyes, | |

SF1-598205v1

SFI-59205v1

# PLAINTIFFS' DESIGNATION OF JOHN DEREK MACKEY

## (Counter-Designations in italicized text)

### Deposition March 26, 2005

### Volume 1

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | barge, while defendants' designations constitute a blatant attempt to repeat testimony played just last Thursday about the GSF shooting teargas in response to Ilajes throwing bolts at the GSF.<br><br>Contrary to defendants' response to plaintiffs' objection, there is nothing in the lines designated about where Mackey was located when he saw the corpses. Even if there were, that is not relevant, since the information provided by plaintiffs' designation is limited to where the bodies were in relation to one another and in relation to a structure on the barge, not in relation to Mackey.<br><br>To the extent that the Court allows this testimony to be presented for a second time in less than a week, plaintiffs reserve the right to redesignate their cross-examination of the deponent. | went inside to wash it out and then went out on an upper deck and saw the corpses. Absent defendants' designation, the jury may believe that Mackey saw the bodies in this configuration immediately after they were shot. Moreover, Mackey is in a different location when he saw the corpses from where he was when he witnessed the shooting. Unless it is clear to the jury that he was in two different locations, which defendants' designation makes clear, the jury may be mislead into believing Mackey accidentally switched his eyewitness location when being examined by plaintiffs' counsel in the deposition.<br><br>Defendants are aware that this designation was already played last week. So was half of what plaintiffs are designating as rebuttal. Defendants believe neither is necessary, and that plaintiffs' designation is inappropriate. In the event plaintiffs' designation is played, however, the context of when and where he saw | |

- 4 -

## PLAINTIFFS' DESIGNATION OF JOHN DEREK MACKEY

(Counter-Designations in italicized text)

Deposition March 26, 2005

Volume 1

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | | the corpses is necessary for completeness. | |
| 94:7-95:3 | Defendants' designation is objectionable for several reasons. First, **all of these lines were already designated and played for the jury in** the defense case. Second, these lines are not appropriately designated for the purposes of completeness, since they have nothing to do with the few lines designated by plaintiffs. Plaintiffs' designations are limited to testimony about the location of the dead bodies on the barge, while defendants' designations constitute a blatant attempt to repeat testimony played just last Thursday about the deponent's reaction to the teargas.<br><br>While there is some testimony about where Mackey was located at some point, there is nothing to connect this testimony to his statements about where the bodies were. Even if there were, that is not relevant, since the | Plaintiffs' designation concerns Mackey's testimony about the location of the two dead bodies. Defendants counter-designations are needed to show the context of where Mackey was located and when he saw the corpses. Defendants' designation shows that there was a time lapse between the time that Mackey witnessed the shootings and when Mackey saw the corpses. Mackey got tear gas in his eyes, went inside to wash it out and then went out on an upper deck and saw the corpses. Absent defendants' designation, the jury may believe that Mackey saw the bodies in this configuration immediately after they were shot. Moreover, Mackey is in a different location when he saw the corpses from where he was when he witnessed the shooting. Unless it is clear to the jury that he was in two different locations, which defendants' designation makes | |

**PLAINTIFFS' DESIGNATION OF JOHN DEREK MACKEY**

(Counter-Designations in italicized text)

Deposition March 26, 2005

Volume 1

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | information provided by plaintiffs' designation is limited to where the bodies were in relation to one another and in relation to a structure on the barge, not in relation to Mackey. The entire entry should be stricken. | clear, the jury may be mislead into believing Mackey accidentally switched his eyewitness location when being examined by plaintiffs' counsel in the deposition. | |
| | To the extent that the Court allows this testimony to be presented for a second time in less than a week, plaintiffs reserve the right to redesignate their cross-examination of the deponent. | Defendants are aware that this designation was already played last week. So was half of what plaintiffs are designating as rebuttal. Defendants believe neither is necessary, and that plaintiffs' designation is inappropriate. In the event plaintiffs' designation is played, however, the context of when and where he saw the corpses is necessary for completeness. | |
| 95:22-96:20 | Defendants' designation is objectionable for several reasons. First, all of these lines were already designated and played for the jury in the defense case. Second, the testimony at 95:22-96:9 are not appropriately designated for the purposes of completeness or as part of any surrebuttal, since they inject testimony that is | Plaintiffs' designation concerns Mackey's testimony about the location of the two dead bodies. Defendants counter-designations are needed to show the context of where Mackey was located and when he saw the corpses. Defendants' designation shows that there was a time lapse between the time that Mackey | |

- 5 -

SFI-59820Sv1

**PLAINTIFFS' DESIGNATION OF JOHN DEREK MACKEY**

(Counter-Designations in italicized text)

Deposition March 26, 2005

Volume 1

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | irrelevant to the few lines designated by plaintiffs. Plaintiffs' designations are limited to testimony about the location of the dead bodies on the barge, while defendants' designations address whether the deponent saw live llajes on the barge. As to the lines (96:10-20) dealing with the location of the bodies, they are unnecessary for a complete understanding of the deponent's testimony. The entire entry should be stricken.  To the extent that the Court allows this testimony to be presented for a second time in less than a week, plaintiffs reserve the right to redesignate their cross-examination of the deponent. | witnessed the shootings and when Mackey saw the corpses. Mackey got tear gas in his eyes, went inside to wash it out and then went out on an upper deck and saw the corpses. Absent defendants' designation, the jury may believe that Mackey saw the bodies in this configuration immediately after they were shot. Moreover, Mackey is in a different location when he saw the corpses from where he was when he witnessed the shooting. Unless it is clear to the jury that he was in two different locations, which defendants' designation makes clear, the jury may be mislead into believing Mackey accidentally switched his eyewitness location when being examined by plaintiffs' counsel in the deposition.  Defendants are aware that this designation was already played last week. So was half of what plaintiffs are designating as rebuttal. Defendants believe neither is necessary, and that plaintiffs' designation is inappropriate. In | |

- 6 -

SFI-59820Sv1

**PLAINTIFFS' DESIGNATION OF JOHN DEREK MACKEY**

(Counter-Designations in italicized text)

Deposition March 26, 2005

Volume 1

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 210:3-211:18 | Plaintiffs counter-designated 210:3-15 and the jury watched this testimony so re-designating it is cumulative. FRE 401-403. Moreover, the testimony is not proper rebuttal testimony. Plaintiffs could have completed the designation through to 211:23 when Mackey was played the first time. FRE 401-403. <br><br> Plaintiffs knew what Burnham's designations were before they submitted their counter-designations for Mackey, so their claim that it is necessary rebuttal for Burnham is disingenuous. | the event plaintiffs' designation is played, however, the context of when and where he saw the corpses is necessary for completeness. <br><br> Plaintiffs have included lines 210:3-15 solely to make the additional designation understandable, since lines 3-10 have to do with the position of the two bodies in relation to one another and the remainder of the testimony addresses where the bodies were in relation to an instrumentation container on the barge. This is proper rebuttal not for Mackey's testimony but for the testimony of Billy Burnham which will be presented to the jury on November 24th. <br><br> Mackey's testimony about the location of the bodies will become relevant rebuttal testimony after defendants play Burnham's testimony about the shootings. This has not yet been submitted at trial. It must be noted that defendants have designated other deposition | |

SFI-59820Sv1

# PLAINTIFFS' DESIGNATION OF JOHN DEREK MACKEY

(Counter-Designations in italicized text)

Deposition March 26, 2005

Volume 1

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| | | testimony during this trial and then later declined to present it to the jury. Thus, the designated testimony will be proper rebuttal if defendants present Burnham's testimony about the shootings at trial on November 24th. | |