SFI-59822v1

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

(Testifying By Way of Deposition Only)

(Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Defendants object to plaintiffs' designation of Austin M. Seay as improper rebuttal testimony that should have been presented in plaintiffs' case in chief. First, the testimony does not respond to anything defendants offered in their case, but rather fills a hole that plaintiffs left in their own case in chief. Plaintiffs had the burden of proving some connection between CNL and Bola Oyinbo's detention. But they did not identify Seay as a trial witness (*see* Dkt. 2028). They did not designate his deposition. Nor did they designate any of his deposition exhibits in their trial exhibit list (*see* Dkt. 2027). And plaintiffs cannot argue that they need Seay's due to come anticipated testimony by defendants during their case in chief. As noted, plaintiffs always had the burden to prove the connection between CNL and Mr. Oyinbo's detention. Defendants provided designations of Seay's deposition to plaintiffs on July 14, 2008. *See* 7/14/08 email from Rodriguez to Traber, Hadsell, Stormer and Teukolsky. Thus, the Seay designations were filed by the parties solely as a defense designation. *See* Dkts. 1864, 1871-11 & 1933. Moreover, the parties were ordered by the Court to identify rebuttal witnesses based on the testimony designated, and plaintiffs never identified Mr. Seay as a rebuttal witness. *See* 3/21/08 Hearing Transcript, pp. 68-69. Second, this is the worst form of gamesmanship. This | This is in rebuttal to questions Mr. Mittelstaedt asked Mr. Davis on November 19, 2008 at page 2247:9-22:<br><br>Q. A couple more questions. Did you have any role in the arrest or detention of any of the people on the barge?<br>A. No.<br>Q. Did you play any role in the conditions of their confinement or the way they were treated while they were confined?<br>A. No, not at all.<br>Q. To your knowledge, did anyone at Chevron Nigeria play any role in any of that?<br>MR. STORMER: Objection, overbroad and calls for speculation.<br>THE COURT: It's based on his knowledge. So overruled.<br>THE WITNESS: No, I have no knowledge of that.<br><br>The testimony from Davis could not have been anticipated by plaintiffs. Defendants chose to present evidence to the jury that neither Davis nor Chevron had anything to do with |

SFI-59824v1

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

**(Testifying By Way of Deposition Only)**

**(Defendants' Counter-Designations in italicized text)**

**Deposition on October 7, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | "ambush" prevented defendants from responding by offering the testimony of Tom Schull, who is in Arizona, or Dave Connor, who is in London, England, that they did not make such statements to Mr. Seay in defendants' case in chief. (In fact, Mr. Seay was unable to identify, who actually made the statements to him, and could not even confirm that the statements were made any CNL, much less Schull or Connor. Hearsay objections are addressed *infra* in response to specific testimony.) Plaintiffs should not be allowed to profit by presenting case in chief evidence in rebuttal, thereby preventing defendants from offering any response to this testimony. Hereinafter referred to as "Improper Rebuttal Testimony Objection." | the arrest, detention or treatment of the people detained on the barge. Since this testimony was not elicited during Mr. Davis's deposition testimony, the evidence plaintiffs seek to introduce is straightforward rebuttal. Moreover, defendants are wrong to assert that plaintiffs presented no evidence of CNL involvement in Bola's detention. Plaintiffs presented a significant amount of evidence of Chevron's involvement in the arrest, detention and treatment of the people detained on the barge. Atemisi Adebisi, Taiwo Irowarinun and Damilohun Majemu Osupoyojo all testified that the same GSF whom Chevron brought to the platform and closely supervised were the ones who detained Bola Oyinbo and the others, put them into the container with the toxic fumes, beat them, transported them to multiple locations. They also testified to seeing the GSF paid by Chevron employees. Hereinafter referred to as **Response to Objection of Improper Rebuttal Testimony.** |

- 2 -

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 5:1-6 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 10:24-11:3 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 11:7-20 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 13:18-14:4 | Improper Rebuttal Testimony Objection. 14:3-4: Lacks foundation, calls for speculation, hearsay. FRE 602, 802. | Response to Objection of Improper Rebuttal Testimony. Plaintiffs can add 12:9-12 to lay the foundation, if necessary. Mr. Seay testifies that he was managing director of Tidex Nigeria and had "operational responsibility for all of the 125 vessels that were operating for the company in Nigeria." 12:9-12. That is sufficient foundation for him to testify that one of the Tidex vessels, the Cheryl Ann, was located in Nigerian waters. |
| 14:8-9 | Improper Rebuttal Testimony Objection. Lacks foundation, calls for speculation, hearsay. FRE 602, 802. | Response to Objection of Improper Rebuttal Testimony. Plaintiffs can add 12:9-12 to lay the foundation, if necessary. Mr. Seay testifies that he was managing director of Tidex Nigeria and had "operational responsibility for all of the 125 |

SFI-59824v1

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

**(Testifying By Way of Deposition Only)**

**(Defendants' Counter-Designations in italicized text)**

**Deposition on October 7, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | vessels that were operating for the company in Nigeria." 12:9-12. That is sufficient foundation for him to testify that one of the Tidex vessels, the Cheryl Ann, was located in Nigerian waters. |
| 14:17-18 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. Plaintiffs can add 12:9-12 to lay the foundation, if necessary. Mr. Seay testifies that he was managing director of Tidex Nigeria and had "operational responsibility for all of the 125 vessels that were operating for the company in Nigeria." 12:9-12. That is sufficient foundation for him to testify where one of the Tidex vessels, the Cheryl Ann, was located. |
| 14:22-25 | Lacks foundation, calls for speculation, hearsay. FRE 602, 802. | |
| | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. Plaintiffs can add 12:9-12 to lay the foundation, if necessary. Mr. Seay testifies that he was managing director of Tidex Nigeria and had "operational responsibility for all of the 125 vessels that were operating for the company in Nigeria." 12:9-12. That is sufficient foundation for him to testify where one of the Tidex vessels, the Cheryl Ann, was located. |
| | Lacks foundation, calls for speculation, hearsay. FRE 602, 802. | |

- 4 -

SFI-59824v1

PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

(Testifying By Way of Deposition Only)

(Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 15:12-13, 17-20 | Improper Rebuttal Testimony Objection.<br><br>*If plaintiffs are allowed to read this improper rebuttal testimony, then defendants offer the following completeness designations: 16:22-24, 17:3-17, 18:2-4 18:6-7, 18:21-19:7, 19:11-13, 19:17-23, 20:3-8, 20:13, 20:25-21:3, 21:8-12, 21:17*<br><br>Defendant' Response to Beyond the Scope Objection: Defendants offer their designation for completeness. Plaintiffs' attempt to offer one statement in a hearsay fax without providing the jury any context for how the information was gathered. Plaintiffs also attempt to mask multiple levels of hearsay, thus defendants' completeness designations provide context and completeness so the jury will know the proper weight to afford to the testimony and exhibit 1656. **Hereinafter referred to as "Response to Plaintiffs' Outside the Scope Objection."** | Response to Objection of Improper Rebuttal Testimony.<br><br>None of this is necessary for completeness and is wholly improper surrebuttal evidence that is outside the scope of what has been designated. The testimony has only been designated to demonstrate that Mr. Seay's job included supervision over the Cheryl Anne.<br><br>16:22-24 and 17:3-17 would provide unnecessary detail about what the Cheryl Anne was doing.<br><br>18:2-4, 6-7, 18:21-19:7, 19:11-13, 19:17-23 are not necessary since this testimony simply confirms that Mr. Seay did not travel to the Cheryl Anne, DB 101 barge or the villages from May 25-28, and only visited the Sunday after the incident. None of this is necessary for "completeness" in response to a simple designation about Mr. Seay's job duties. Nor is it at all relevant to the primary testimony offered by plaintiffs that Seay was told by Chevron personnel that "Chevron is holding eleven villagers under arrest so the hope is that they can swap the villagers for the crew."<br><br>19:20-23, 20:3-8, 20:13, 20:25-21:3, 21:8-12, 21:17 simply |

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

**(Testifying By Way of Deposition Only)**

**( Defendants' Counter-Designations in italicized text)**

**Deposition on October 7, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | confirm that Mr. Seay's knowledge of the fact of the incident from May 25-28 came from others. Again, not necessary for completeness on a simple statement of Mr. Seay's duties. Nor is it at all relevant to the rebuttal evidence offered by plaintiffs. |
| 21:19-25 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 22:4-18 | Improper Rebuttal Testimony Objection.<br><br>Defendants note that Mr. Seay identifies several possible sources of information that he received regarding the Parabe incident, including: Dave Connor (CNL); Bill Spencer (Globestar/ETPM); Operations Manager Warri (Tidex); Operations Manager Port Harcourt (Tidex); and the American Embassy in Lagos. This is important to note for later objections because Mr. Seay cannot recall the specific source for any of the information provided to him in his faxes.<br><br>*If plaintiffs are allowed to read this improper rebuttal testimony, then defendants offer the following completeness designations: 23:6-7, 23:12, 23:18-19, 23-24, 24:1-2, 24:7-10.* | Response to Objection of Improper Rebuttal Testimony.<br><br>Contrary to what defendants assert, Seay unequivocally says that the information that "Chevron is holding eleven villagers under arrest so the hope is that they can swap the villagers for the crew" came from "some party out of Chevron." 59:8-9. Thus, none of the testimony designated by defendants is necessary for completeness, but if so, then actual completeness would require: 23:14-17. |

SFI-59822v1

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

**(Testifying By Way of Deposition Only)**

**(Defendants' Counter-Designations in italicized text)**

**Deposition on October 7, 2005**

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | *24:15-18, 24:23, 25:8-11, 25:16-26:12* | |
| | **Response to Plaintiffs' Outside the Scope Objection.** | |
| 26:14-17 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 26:21-23 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 27:8, 13-14 | Improper Rebuttal Testimony Objection.<br><br>Defendants note that Mr. Seay identifies a sixth possible source of information that he received regarding the Parabe incident: Tom Schull (CNL). This is important to note for later objections because Mr. Seay cannot recall the specific source for any of the information provided to him in his faxes.<br><br>*If plaintiffs are allowed to read this improper rebuttal testimony, then defendants offer the following completeness designations: 28:22-25, 29:5-7, 30:24-31:2, 31:7-32:13, 34:15-19, 35:12-15, 35:20-36:2, 36:13-16, 36:21-24, 37:1-5* | Response to Objection of Improper Rebuttal Testimony.<br><br>None of Defendants designations are necessary for completeness and do not respond to the testimony designated by plaintiffs at all. The designated testimony is simply the fact that Mr. Seay may have talked to Thomas Schull and nothing about the content of any of those communications. |
| | **Response to Plaintiffs' Outside the Scope Objection.** | **None of the counter designations address what Chevron said about the arrest and detention of Ilaje after the event — the only issue addressed in plaintiffs' designations — and thus, are improper counterdesignations beyond the scope of plaintiffs' designations.** Instead, the counter designations are excessive recitations of the content of |

SF1-598224v1

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | communications, mainly with Mr. Connor, and includes significant amounts of hearsay and double and triple hearsay about what Mr. Connor told Mr. Seay about what others had told him about conditions on the barge. Notably, Mr. Seay's state of mind has no relevance to the testimony designated by plaintiffs. |
| 46:9-21 (ending at "Yeah") | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| | *If plaintiffs are allowed to read this improper rebuttal testimony, then defendants offer the following completeness designations: Exhibit 1655 (defs.' position is that all the faxes are improper hearsay, but if the Court permits pls. to offer 1656, then defs. offer 1655 & 1657 for context & completeness and so the jury will know the proper weight to afford such Exhibit), 46:21-25, 47:4-12, 47:16-22, 48:1-20* | This testimony is just designated to support the testimony at 48:21-49:6, refreshing Mr. Seay's recollection that the person he was in close contact with at CNL was Mr. Schull, since he had testified that he didn't remember who he talked to. |
| | **Response to Plaintiffs' Outside the Scope Objection.** | **None of the counter designations address what Chevron said about the arrest and detention of Ilajes after the event – the only issue addressed in plaintiffs' designations – and thus, are improper counterdesignations beyond the scope of plaintiffs' designations.** The content of the exhibit is not relevant or responsive to the portion of the transcript designated, or to the central issue addressed by plaintiffs' |

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

### (Testifying By Way of Deposition Only)

### ( Defendants' Counter-Designations in italicized text)

### Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | | designations. |
| | | Nor is the full fax necessary for "completeness" that the person he spoke to was Mr. Schull or for "completeness" for exhibit 1656. Nothing about this exhibit gives the jury any knowledge about "the proper weight to afford such Exhibit." Instead, the fax contains extremely prejudicial descriptions of the incident that are based on multiple levels of hearsay, double hearsay and triple hearsay. |
| | | Defendants' "completeness" designations are unnecessary. 46:21-25, 47:4-12, 47:16-22, 48:1-20 are the testimony about who received the fax. |
| | | Defendants' "completeness" designations go far beyond the scope of the testimony designated by plaintiffs. |
| 48:21-49:6 | Improper Rebuttal Testimony Objection. *If plaintiffs are allowed to read this improper rebuttal testimony, then defendants offer the following completeness designations: Exhibit 1655 (defs.' position is that all the faxes are improper hearsay, but if the Court permits pls. to offer* | Response to Objection of Improper Rebuttal Testimony. Same as previous response: This testimony is just designated to support the testimony at 48:21-49:6, refreshing Mr. Seay's recollection that the person he was in close contact with at CNL was Mr. Schull, since he had testified |

SFI-59824v1

SFI-59824v1

## PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

### (Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

### Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | *1656, then defs. offer 1655 & 1657 for context & completeness and so the jury will know the proper weight to afford such Exhibit, 49:7-8, 49:11-17, 49:21-50:10, 50:14-16, 50:20-25, 51:4-11, 51:16-52:2, 52:6-12, 52:16-20, 52:25-53:6, 53:10-13, 53:17-20, 53:24-54:6, 54:10-13, 54:18-21, 54:25* | that he didn't remember who he talked to. |
| | | None of the counter designations address what Chevron said about the arrest and detention of Ilaje's after the event – the only issue addressed in plaintiffs' designations – and thus, are improper counterdesignations beyond the scope of plaintiffs' designations. The content of the exhibit is not relevant or responsive to the portion of the transcript designated. |
| | **Response to Plaintiffs' Outside the Scope Objection.** | Nor is the full fax necessary for "completeness" that the person he spoke to was Mr. Schull or for "completeness" for exhibit 1656. Nothing about this exhibit gives the jury any knowledge about "the proper weight to afford such Exhibit." Instead, the fax contains extremely prejudicial descriptions of the incident that are based on multiple levels of hearsay, double hearsay and triple hearsay. |
| | | Defendants' designations are not necessary for completeness or context since the testimony is only designated to refresh his recollection. The long segments are simply going through the content of the fax and saying where particular pieces of information came from. |

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 38:7-12 | Improper Rebuttal Testimony Objection.<br><br>Defendants object to reading this testimony out of order. It should be read, if at all, in page order. | Response to Objection of Improper Rebuttal Testimony.<br><br>This testimony is what Mr. Seay's recollection was refreshed about. It makes no sense to put this testimony in a different order than is proposed by plaintiffs and and will confuse the jury to do so. |
| 38:16-19 | Improper Rebuttal Testimony Objection.<br><br>Defendants object to reading this testimony out of order. It should be read, if at all, in page order. | Response to Objection of Improper Rebuttal Testimony.<br><br>This testimony is what Mr. Seay's recollection was refreshed about. It makes no sense to put this testimony in a different order than is proposed by plaintiffs and and will confuse the jury to do so. |
| 55:8-13 | Defendants object to Exhibit 1656 for multiple reasons:<br><br>(1) Exhibit 1656 incorporates multiple levels of hearsay (possibly 4 levels) and plaintiffs laid no foundation for the business records exception to the hearsay rule (FRE 803(6)) for the fax itself, much less any foundation for any of the 3 other levels of hearsay incorporated into the fax. *See 52:18-54:25* | (1) Mr. Seay testified that he prepared the memo and that this was the sort of memo he prepared in the ordinary course of his business. The purpose was to inform his boss of what he had been told. See 67:21-23, 68:1-2:<br><br>Q: "Is it your practice in these memos to accurately reflect the information that was relayed to you?" |

SFI-59824v1

SFI-59822 4v1

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

## (Testifying By Way of Deposition Only)

### (Defendants' Counter-Designations in italicized text)

#### Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | (regarding other levels of hearsay). | A: "Yes" |
| | (2) Mr. Seay specifically testifies that he cannot recall who provided him with the information that plaintiffs' designate at 56:7 (*see* 59:13-19, 24 "Q: So the statement that Chevron is holding 11 villagers under arrest, so the hope is they can swap the villagers for the crew came from someone who you spoke with from Chevron, but you cannot recall at this point whether it was David Connor, Tom Schull or someone else? A: That's correct"). In fact, Mr. Seay makes clear earlier in his testimony that when he says information comes from "Chevron," he is actually referring to a larger group of people he possibly spoke to regarding the incident, including Globestar/ETPM as well (*see* 51:8-11, 15-22 "Q: When you say 'it would have emanated from Chevron,' does that mean that you wrote this as a result of a conversation with either Dave Connor or Tom Schull? A: As well as from Bill Spencer of Globestar. There was an exchange of information going on. We had no contact with the boat whatsoever. So most of the information we were getting was coming from the barge."). *See also* 25:16-26:12 ("... in this particular case, I do not have a log that shows specifically to whom I spoke with at Chevron or the other parties that I have already been mentioned by me that I was | That is sufficient for the business records exception.

(2)-(3) As the designations below demonstrate, Mr. Seay does provide the source of his statement in his memo: he says that the crew came from someone who you spoke with from Chevron, but you cannot recall at this point whether it was David Connor, Tom Schull or someone else? told him this, but that he does not remember exactly who. This culminates at these designations below: 59:13-19, 59:23-24:

Q: "So the statement that Chevron is holding 11 villagers under arrest, so the hope is they can swap the villagers for the crew came from someone who you spoke with from Chevron, but you cannot recall at this point whether it was David Connor, Tom Schull or someone else?

A: That's correct.

The statement from Chevron that Mr. Seay reports qualifies as a party admission.

(3) Defendants are incorrect. The exhibit list, as an exhibit to Mr. Seay's deposition. All of |

SFI-59824v1

## PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

### (Testifying By Way of Deposition Only)

### ( Defendants' Counter-Designations in italicized text)

### Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | talking to . . . . So in this particular case, I do not have a long, since it's been a long time ago, as to exactly who I talked to on the days from the 25th, the 26th, the 27th and the 28th and so forth.". Thus, the first level of hearsay does not even qualify as a party admission. | Mr. Seay's deposition exhibits were included on plaintiffs' exhibit list. |
| | (3) The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified. *See e.g.*, Order on Michael Browne Designations (Dkt. 2184), pp. 59-60; Order on Tim Browne Designations (Dkt. 2152), pp. 32-33, 43-44. This testimony should be disallowed for the same reasons. | (4) In any event, the exhibit is offered for rebuttal, and so did not need to be on plaintiffs' exhibit list. |
| | (4) Plaintiffs did not identify Exhibit 1656 on their trial exhibit list, and it is not proper rebuttal, so plaintiffs cannot use this exhibit to ambush defendants and prevent a response. | Hereinafter this will be referred to as **Exhibit1656 Response.** |
| | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 55:20-56:1 and Exh. 1656 | Defendants object to Exhibit 1656 for multiple reasons: | Exhibit 1656 Response. |
| | (1) Exhibit 1656 incorporates multiple levels of hearsay (possibly 4 levels) and plaintiffs laid no foundation for the | |

- 13 -

SFI-59822v1

PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | business records exception to the hearsay rule (FRE 803(6)) for the fax itself, much less any foundation for any of the 3 other levels of hearsay incorporated into the fax. *See* 52:18-54:25 (regarding other levels of hearsay). | Response to Objection of Improper Rebuttal Testimony. |
| | (2) Mr. Seay specifically testifies that he cannot recall who provided him with the information that plaintiffs designate at 56:7 (*see* 59:13-19, 24 "Q: So the statement that Chevron is holding 11 villagers under arrest, so the hope is they can swap the villagers for the crew came from someone who you spoke with from Chevron, but you cannot recall at this point whether it was David Connor, Tom Schull or someone else? A: That's correct"). In fact, Mr. Seay makes clear earlier in his testimony that when he says information comes from "Chevron," he is actually referring to a larger group of people he possibly spoke to regarding the incident, including Globestar/ETPM as well (*see* 51:8-11, 15-22 "Q: When you say 'it would have emanated from Chevron,' does that mean that you wrote this as a result of a conversation with either Dave Connor or Tom Schull? A: As well as from Bill Spencer of Globestar. There was an exchange of information going on. We had no contact with the boat whatsoever. So most of the information we were getting was coming from the barge.'"). Thus, the first level of | |

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | hearsay does not even qualify as a party admission. | |
| | (3) The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified. *See e.g.*, Order on Michael Browne Designations (Dkt. 2184), pp. 59-60; Order on Tim Browne Designations (Dkt. 2152), pp. 32-33, 43-44. This testimony should be disallowed for the same reasons. | |
| | (4) Plaintiffs did not identify Exhibit 1656 on their trial exhibit list, and it is not proper rebuttal, so plaintiffs cannot use this exhibit to ambush defendants and prevent a response. | |
| | Improper Rebuttal Testimony Objection. | |
| 56:4-8, 12-17, 21 | Improper Rebuttal Testimony Objection.<br><br>Same objection to Exhibit 1656 as above. Defendants object to this line of questioning on a document that is hearsay as improper and incorporating hearsay. The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified. *See e.g.*, Order on Michael Browne Designations | Response to Objection of Improper Rebuttal Testimony.<br><br>Response to Objection of Exhibit1656 Response. |

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 57:8-17 | Improper Rebuttal Testimony Objection. Argumentative; lacks foundation; calls for speculation. FRE 602. Witness testifies that he does not recall who provided him with the information referred to in the document (see 56:14-17, 21). | Response to Objection of Improper Rebuttal Testimony. Exhibit 1656 Response. |
| | (Dkt. 2184), pp. 59-60; Order on Tim Browne Designations (Dkt. 2152), pp. 32-33, 43-44. This testimony should be disallowed for the same reasons. Same objection to Exhibit 1656 as above. Defendants object to this line of questioning on a document that is hearsay as improper and incorporating hearsay. The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified. See e.g., Order on Michael Browne Designations (Dkt. 2184), pp. 59-60; Order on Tim Browne Designations (Dkt. 2152), pp. 32-33, 43-44. This testimony should be disallowed for the same reasons. | |
| 57:22-58:2 | Improper Rebuttal Testimony Objection. Argumentative; lacks foundation; calls for speculation. FRE 602. Witness testifies that he does not recall who provided him with the information | Response to Objection of Improper Rebuttal Testimony. Exhibit 1656 Response. |

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

(Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | referred to in the document (see 56:14-17, 21). | |
| | Same objection to Exhibit 1656 as above. Defendants object to this line of questioning on a document that is hearsay as improper and incorporating hearsay. The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified. See e.g., Order on Michael Browne Designations (Dkt. 2184), pp. 59-60; Order on Tim Browne Designations (Dkt. 2152), pp. 32-33, 43-44. This testimony should be disallowed for the same reasons. | |
| 58:7 | Improper Rebuttal Testimony Objection. Lacks foundation; calls for speculation. FRE 602. Witness testifies that he does not recall who provided him with the information referred to in the document (see 56:14-17, 21). | Response to Objection of Improper Rebuttal Testimony: Exhibit 1656 Response. |
| | Same objection to Exhibit 1656 as above. Defendants object to this line of questioning on a document that is hearsay as improper and incorporating hearsay. The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified. See e.g., Order on Michael Browne Designations | |

SF1-598224v1

PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 58:9-15 | (Dkt. 2184), pp. 59-60; Order on Tim Browne Designations (Dkt. 2152), pp. 32-33, 43-44. This testimony should be disallowed for the same reasons. | |
| | Improper Rebuttal Testimony Objection. Argumentative; lacks foundation; calls for speculation. FRE 602. Witness testifies that he does not recall who provided him with the information referred to in the document (see 56:14-17, 21). | Response to Objection of Improper Rebuttal Testimony. Exhibit 1656 Response. |
| | Same objection to Exhibit 1656 as above. Defendants object to this line of questioning on a document that is hearsay as improper and incorporating hearsay. The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified. See e.g. Order on Michael Browne Designations (Dkt. 2184), pp. 59-60; Order on Tim Browne Designations (Dkt. 2152), pp. 32-33, 43-44. This testimony should be disallowed for the same reasons. | |
| 58:21-59:3 | Improper Rebuttal Testimony Objection. Argumentative; lacks foundation; calls for speculation. FRE 602. Witness testifies that he does not recall who provided him with the information | Response to Objection of Improper Rebuttal Testimony. Exhibit 1656 Response. |

SFI-59824v1

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | referred to in the document (*see* 56:14-17, 21). | |
| 59:8-9, 13-19, 24 | Same objection to Exhibit 1656 as above.  Defendants object to this line of questioning on a document that is hearsay as improper and incorporating hearsay.  The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified.  *See e.g.*  Order on Michael Browne Designations (Dkt. 2184), pp. 59-60; Order on Tim Browne Designations (Dkt. 2152), pp. 32-33, 43-44.  This testimony should be disallowed for the same reasons. | |
| | Improper Rebuttal Testimony Objection.  Argumentative; lacks foundation; calls for speculation.  FRE 602.  Witness testifies that he does not recall who provided him with the information referred to in the document (*see* 56:14-17, 21). | Response to Objection of Improper Rebuttal Testimony.  Exhibit 1656 Response. |
| | Same objection to Exhibit 1656 as above.  Defendants object to this line of questioning on a document that is hearsay as improper and incorporating hearsay.  The Court has sustained objections to exhibits and questioning based on those exhibits where the source of the information was unknown or unidentified.  *See e.g.*  Order on Michael Browne Designations | |

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

## (Testifying By Way of Deposition Only)

### (Defendants' Counter-Designations in italicized text)

#### Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Mr. Seay makes clear earlier in his testimony that when he says information comes from "Chevron," he is actually referring to a larger group of people he possibly spoke to regarding the incident, including Globestar/ETPM as well (*see* 51:8-11, 15-22 "Q: When you say 'it would have emanated from Chevron,' does that mean that you wrote this as a result of a conversation with either Dave Connor or Tom Schul? A: As well as from Bill Spencer of Globestar. There was an exchange of information going on. We had no contact with the boat whatsoever. So most of the information we were getting was coming from the barge."). Thus, the first level of hearsay does not even qualify as a party admission. | |
| 60:1-3, 7-9 | Improper Rebuttal Testimony Objection. Lacks foundation, calls for speculation. FRE 602.<br><br>*If plaintiffs are allowed to read this improper rebuttal testimony, then defendants offer the following completeness designations: 60:11-17, 60:22, 60:24-61:2, 61:6-13, Exhibit* | Response to Objection of Improper Rebuttal Testimony.<br><br>Exhibit 1656 Response.<br><br>**None of the counter designations address what Chevron said about the arrest and detention of Ilajes after the** |

SF1-598224v1

SFI-59822v1

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

(Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
|  | *1657 (defs.' position is that all the faxes are improper hearsay, but if the Court permits pls. to offer 1656, then defs. offer 1655 & 1657 for context & completeness, so the jury will know the proper weight to afford such Exhibit), 62:7-19, 62:24-64:8, 64:12-22, 65:1-66:6, 66:10-18, 66:23-67:6, 67:11-14, 67:19.* Defendant' Response to Beyond the Scope Objection: Defendants offer their designation for completeness. Plaintiffs attempt to offer one statement in a hearsay fax without providing the jury any context for how the information was gathered. Plaintiffs also attempt to mask multiple levels of hearsay, thus defendants' completeness designations provide context and completeness so the jury will know the proper weight to afford to the testimony and exhibit 1656. **Hereinafter referred to as "Response to Plaintiffs' Outside the Scope Objection."** | **event – the only issue addressed in plaintiffs' designations – and thus, are improper counterdesignations beyond the scope of plaintiffs' designations.** Neither Exhibit 1657 nor the multiple designations describing that exhibit (62:7-19, 62:24-64:8, 64:12-22, 65:1-66:6, 66:10-18, 66:23-67:6, 67:11-14, 67:19) are necessary for completeness or context designating this in an attempt to get the highly prejudicial, multiple hearsay accounts of the post-Parabe holding of the tugboat before the jury. |
| 67:21-23 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 68:2 | Improper Rebuttal Testimony Objection. *If plaintiffs are allowed to read this improper rebuttal testimony, then defendants offer the following completeness and* | Response to Objection of Improper Rebuttal Testimony. **None of the counter designations address what Chevron said about the arrest and detention of Ilajes after the** |

PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

(Testifying By Way of Deposition Only)

(Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | *counter designations: 68:4-69:10 (with objections), 69:14-18, 69:22-25, 70:5-12, 70:17-23, 71:3, 72:10-14, 72:18-21, 75:22-76:4, 76:8-14, 76:18-20, 76:24, 77:1-3, 77:7-10, 77:14-15, 77:25-78:18, 78:22-23.* | |
| | **Response to Plaintiffs' Outside the Scope Objection.** | **event – the only issue addressed in plaintiffs' designations – and thus, are improper counterdesignations beyond the scope of plaintiffs' designations.** These designations are not necessary or even relevant to the above-referenced testimony, which is simply that Mr. Seay tries to accurately convey the information that is conveyed to him. The designations go through the content of Exhibit 1657, which itself is not necessary or proper response to anything that plaintiffs have designated on rebuttal and goes far beyond the scope of the testimony designated by plaintiffs. |
| 80:8-12 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 80:16-81:3 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 81:8-17, 21 | Improper Rebuttal Testimony Objection. | Response to Objection of Improper Rebuttal Testimony. |
| 82:1-4 | Improper Rebuttal Testimony Objection. *If plaintiffs are allowed to read this improper rebuttal testimony, then defendants offer the following completeness and counter designations: 82:5-13, 83:5-9, 83:14-22, 84:1-3.* | Response to Objection of Improper Rebuttal Testimony. Counter designations 83:5-9, 83:14-22, 84:1-3 are not related at all to the portion designated, which is about conversations with Jones Day attorneys. Those designations are about |

PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | These completeness and counter-designations are necessary to show that Seay gathered information from many people, many of whom were not CNL employees and not present on the barge. Thus, the designations reveal the hearsay that plaintiffs are attempting to mask. | conversations with someone named Bill Spencer who worked for ETPM. |
| | Defendants are referring to the entirety of plaintiffs' designation of Austin Seay. | It's not clear what "this" improper testimony defendants are referring to here. |
| 93:2-7<br><br>If plaintiffs are allowed to read the entirety of this improper rebuttal testimony, then defendants offer the following counter-designations: | **Defendants' Response to Plaintiffs' Beyond the Scope Objection.** Plaintiffs are attempting to mask several levels of hearsay. It is not at all clear that a Chevron representative told Mr. Seay anything about holding the villagers or an alleged swap. Defendants completeness and counter-designations are necessary to show that Seay gathered information from many people, many of whom were not CNL employees and not present on the barge. Thus, the designations reveal the hearsay that plaintiffs are attempting to mask. Also, if plaintiffs are allowed to ambush defendants with Austin Seay's testimony during their rebuttal case, then defendants are entitled to designate the relevant evidence that Austin Seay is in | **Beyond the Scope Objection:** This testimony is far beyond the scope of the limited rebuttal designations by plaintiff, which were merely to show that Mr. Seay, on behalf of the tugboat company, was told by a Chevron representative that "Chevron was holding the villagers for the [tuboat] crew," to show that Chevron represented to others that they had control over the detainees after the Parabe attack.<br><br>Notably, Mr. Seay's own state of mind is irrelevant and he had no input into Chevron's decisionmaking or the state of |

- 23 -

SFI-598224v1

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

### (Testifying By Way of Deposition Only)

### ( Defendants' Counter-Designations in italicized text)

#### Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | possession of, including that he visited the Cheryl Anne after it was returned to Warri and personally observed that the fireaxes were missing. The Court has consistently overruled outside the scope objections, and allowed the parties to inquire into the relevant information they possess regarding the incident at issue. Defendants' designations are to this end. | mind of any of the Chevron officials. Defendants' designations are highly prejudicial, contain multiple levels of hearsay and are an attempt by defendants to use the response to a very narrow and specific rebuttal designation to have a person who was not on the barge, platform or tug give a hearsay account based on what Chevron representatives told him. |
| 93:11-18 | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |
| 93:23-24 | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |
| 94:3-16 | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |
| 94:21-24 | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |

PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 95:3-96:11 | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |
| 96:20-22 *Exhibit 1659 (already admitted in evidence as DX524)* | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |
| 97:6-98:9 | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |
| 98:15-100:9 *(describing some of his personal observations of the Cheryl Anne; for foundation see 103:10-17, 103:22-104:8,* | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection Additionally, the testimony about damage to the tug is also far beyond the limited scope of plaintiffs' rebuttal designation and would be the first time that any such testimony was introduced in this case. Notably, it is inconsistent with defendants' designations from Mr. Schools, which made no mention of damage to the tugboat. |
|  | Plaintiffs provide no citations to Captain Schools' testimony to prove their assertions of inconsistency, because no such inconsistencies exist. Captain Schools was removed against his will from the Cheryl Anne on May 28, 1998, and may not have been aware of everything that occurred on the Cheryl Anne after he was removed. Mr. Seay personally visited the Cheryl |  |

# PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY

## (Testifying By Way of Deposition Only)

### ( Defendants' Counter-Designations in italicized text)

### Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| *104:12-22, 105:2)* | Anne after it was returned to Warri, and personally observed the evidence of looting, damages and removal of weapons such as fireaxes. | |
| 100:15-17 | **Defendants' Response to Plaintiffs' Beyond the Scope Objection.**<br><br>Plaintiffs provide no citations to Captain Schools' testimony to prove their assertions of inconsistency, because no such inconsistencies exist.  Captain Schools was removed against his will from the Cheryl Anne on May 28, 1998, and may not have been aware of everything that occurred on the Cheryl Anne after he was removed. Mr. Seay personally visited the Cheryl Anne after it was returned to Warri, and personally observed the evidence of looting, damages and removal of weapons such as fireaxes. | Beyond the Scope Objection<br><br>Additionally, the testimony about damage to the tug is also far beyond the limited scope of plaintiffs' rebuttal designation and would be the first time that any such testimony was introduced in this case.  Notably, it is inconsistent with defendants' designations from Mr. Schools, which made no mention of damage to the tugboat. |
| 101:12-102:12 | **Defendants' Response to Plaintiffs' Beyond the Scope Objection.**<br><br>Plaintiffs provide no citations to Captain Schools' testimony to prove their assertions of inconsistency, because no such inconsistencies exist.  Captain Schools was removed against his | Beyond the Scope Objection<br><br>Additionally, the testimony about damage to the tug is also far beyond the limited scope of plaintiffs' rebuttal designation and would be the first time that any such testimony was introduced in this case.  Notably, it is |

SFI-59824v1

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 102:16-25 | will from the Cheryl Anne on May 28, 1998, and may not have been aware of everything that occurred on the Cheryl Anne after he was removed. Mr. Seay personally visited the Cheryl Anne after it was returned to Warri, and personally observed the evidence of looting, damages and removal of weapons such as fireaxes.<br><br>**Defendants' Response to Plaintiffs' Beyond the Scope Objection.**<br><br>Plaintiffs provide no citations to Captain Schools' testimony to prove their assertions of inconsistency, because no such inconsistencies exist. Captain Schools was removed against his will from the Cheryl Anne on May 28, 1998, and may not have been aware of everything that occurred on the Cheryl Anne after he was removed. Mr. Seay personally visited the Cheryl Anne after it was returned to Warri, and personally observed the evidence of looting, damages and removal of weapons such as fireaxes. | inconsistent with defendants' designations from Mr. Schools, which made no mention of damage to the tugboat.<br><br>Beyond the Scope Objection<br><br>Additionally, the testimony about damage to the tug is also far beyond the limited scope of plaintiffs' rebuttal designation and would be the first time that any such testimony was introduced in this case. Notably, it is inconsistent with defendants' designations from Mr. Schools, which made no mention of damage to the tugboat. |
| 103:5-17 | **Defendants' Response to Plaintiffs' Beyond the Scope Objection.** | Beyond the Scope Objection<br><br>Additionally, the testimony about damage to the tug is also |

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| | Plaintiffs provide no citations to Captain Schools' testimony to prove their assertions of inconsistency, because no such inconsistencies exist.  Captain Schools was removed against his will from the Cheryl Anne on May 28, 1998, and may not have been aware of everything that occurred on the Cheryl Anne after he was removed. Mr. Seay personally visited the Cheryl Anne after it was returned to Warri, and personally observed the evidence of looting, damages and removal of weapons such as fireaxes. | far beyond the limited scope of plaintiffs' rebuttal designation and would be the first time that any such testimony was introduced in this case. Notably, it is inconsistent with defendants' designations from Mr. Schools, which made no mention of damage to the tugboat. |
| 103:22-104:8 | **Defendants' Response to Plaintiffs' Beyond the Scope Objection.**<br><br>Plaintiffs provide no citations to Captain Schools' testimony to prove their assertions of inconsistency, because no such inconsistencies exist.  Captain Schools was removed against his will from the Cheryl Anne on May 28, 1998, and may not have been aware of everything that occurred on the Cheryl Anne after he was removed. Mr. Seay personally visited the Cheryl Anne after it was returned to Warri, and personally observed the evidence of looting, damages and removal of weapons such as fireaxes. | Beyond the Scope Objection<br><br>Additionally, the testimony about damage to the tug is also far beyond the limited scope of plaintiffs' rebuttal designation and would be the first time that any such testimony was introduced in this case. Notably, it is inconsistent with defendants' designations from Mr. Schools, which made no mention of damage to the tugboat. |

SFI-59824v1

**PLAINTIFFS' DESIGNATION OF DEPOSITION TESTIMONY OF AUSTIN M. SEAY**

(Testifying By Way of Deposition Only)

( Defendants' Counter-Designations in italicized text)

Deposition on October 7, 2005

| Page/Line Cite | Objection<br>(include specific page and line numbers of material objected to and objection(s)) | Response |
|---|---|---|
| 104:12-22 | Defendants' Response to Plaintiffs' Beyond the Scope Objection.<br><br>Plaintiffs provide no citations to Captain Schools' testimony to prove their assertions of inconsistency, because no such inconsistencies exist.  Captain Schools was removed against his will from the Cheryl Anne on May 28, 1998, and may not have been aware of everything that occurred on the Cheryl Anne after he was removed.  Mr. Seay personally visited the Cheryl Anne after it was returned to Warri, and personally observed the evidence of looting, damages and removal of weapons such as firearms. | Beyond the Scope Objection<br><br>Additionally, the testimony about damage to the tug is also far beyond the limited scope of plaintiffs' rebutial designation and would be the first time that any such testimony was introduced in this case.  Notably, it is inconsistent with defendants' designations from Mr. Schools, which made no mention of damage to the tugboat. |
| 105:2-5 | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |
| 105:10-11 | Defendants' Response to Plaintiffs' Beyond the Scope Objection. | Beyond the Scope Objection |