# PLAINTIFFS' REBUTTAL DESIGNATION OF SOLA ADEBAWO
(Counter-Designations in italicized text)
February 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 42:8-43:2 | Defendants counterdesignate 35:17-24. Defendants believe that plaintiffs are attempting to emphasize that Adebawo was an Ilaje to suggest that Davis should have contacted him. Defendants counterdesignate to show that he had been a Public Affairs Representative for less than two years. OK | | |
| 43:3-7 | See response to previous designation. | | |
| 113:5-13 | Defendants designate 113:14-17 as a completeness designation  OK | | |
| 113:18-114:8 | Defendants designate 114:9-18 as a completeness designation  OK | | |
| 121:2-21 | Defendants designate 121:22-122:4 as a completeness designation  OK | | |
| 122:14-19 | Defendants designate 122:20-123:6 as a completeness designation and to reflect CNL's  OK | | |

**PLAINTIFFS' REBUTTAL DESIGNATION OF SOLA ADEBAWO**
(Counter-Designations in italicized text)
February 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 124:3-15 | state of mind based upon what they had heard about the leaders of the community. Defendants designation 124:22-125:8 for completeness. This testimony shows that although Adebawo knew Pete, it was mostly after the incident and that they didn't speak about CIC activities. It also shows that this association is irrelevant and not proper rebuttal testimony. FRE 401-403. | *Plaintiffs counter-designate: 124:16-21* Speculation (FRE 602). | |
| 128:16-25 | See response to 129:18-22. | *Plaintiffs counter-designate: 129:1-17* *129:9-14 Irrelevant* FRE 401-403. | |
| 129:18-22 | Completeness designation. 130:2-7. That shows that this association primarily arose after Parabe and that it is therefore irrelevant and not proper rebuttal testimony. FRE 401-403. | This testimony is not offered to establish that Adebawo and Judah were friends, but that Adebawo knew him. | |
| 149:14-150:1 | 150:15-20 completeness designation. | | |

**PLAINTIFFS' REBUTTAL DESIGNATION OF SOLA ADEBAWO**
(Counter-Designations in italicized text)
February 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 150:21-151:6 | | | |
| 151:12-152:3 Add 9 152.5 | There was not testimony about these issues in defendants' case and it is not proper rebuttal because Adebawo wasn't even working in the Escavos area at the time of Parabe. Plaintiffs misrepresent the testimony that Haastrup gave. It was not that CNL did not know who the individuals who made up the CIC were, but that CNL did not have information that CIC was authorized by the communities to negotiate with CNL on their behalf. Adebawo's ability to identify individual members of the CIC is irrelevant to Haastrup's testimony. FRE 401-403. | The testimony is offered to establish Adebawo's work experience and familiarity with the leaders of the Ilaje communities leading up to Parabe. Deji Haastrup testified repeatedly, and defendants' exhibits are used to argue, that defendants did not know many of the Ilaje who signed the CIC letters. This testimony rebuts that evidence. | |
| 152:9-23 | There was not testimony about these issues in defendants' case and it is not proper rebuttal because Adebawo wasn't even working in the Escavos area at the time of Parabe. If allowed completeness designation 153:6-14. Plaintiffs misrepresent the testimony that Haastrup gave. | The testimony is offered to establish Adebawo's work experience and familiarity with the leaders of the Ilaje communities leading up to Parabe. Deji Haastrup testified repeatedly, and defendants' exhibits are used to argue, that defendants did not know many of | |

-3-

**PLAINTIFFS' REBUTTAL DESIGNATION OF SOLA ADEBAWO**
(Counter-Designations in Italicized text)
February 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 202:23-203:12 | It was not that CNL did not know who the individuals who made up the CIC were, but that CNL did not have information that CIC was authorized by the communities to negotiate with CNL on their behalf. Adebawo's ability to identify individual members of the CIC is irrelevant to Haastrup's testimony. FRE 401-403. | the Ilaje who signed the CIC letters. This testimony rebuts that evidence. | |
| | Not proper rebuttal testimony. Plaintiffs are attempting to mislead and confuse the jury by implying that the Ilaje negotiation, which was necessitated by the hostage holding, should have been treated as a normal negotiation. This is not responsive to Haastrup's testimony and is more prejudicial and likely to mislead the jury than it is probative. FRE 401-403. | This testimony reflects defendants' characterization, through Haastrup, that the Ilaje's demands were "ransom." | |
| 263:17-22 | Not proper rebuttal testimony. If allowed, defendants designate for completeness 263:23-264:9. Plaintiffs misrepresent the testimony that Haastrup gave. It was not that CNL did not | Defendants' case as to why CNL refused to meet with the CIC revolves in large part around the fact that the CIC was unknown to them. This testimony establishes CNL's failure to | |

OK

# PLAINTIFFS' REBUTTAL DESIGNATION OF SOLA ADEBAWO
(Counter-Designations in italicized text)

February 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 267:3-14 | know who the individuals who made up the CIC were, but that CNL did not have information that CIC was authorized by the communities to negotiate with CNL on their behalf. Adebawo's inability to remember whether he was or was not asked to assist in the effort Idowu was undertaking to ascertain the communities' position on the CIC is irrelevant and more a waste of time than probative. FRE 401-403. Counterdesignate Idowu Dep.: 141:22-142:15 (through "level"). | inquire about the CIC from Adebawo, who clearly knew many of its founders and the signers of the CIC letters.<br><br>The testimony is offered to establish Adebawo's work experience and familiarity with the leaders of the Ilaje communities leading up to Parabe. Deji Haastrup testified repeatedly, and defendants' exhibits are used to argue, that defendants did not know many of the Ilaje who signed the CIC letters. This testimony rebuts that evidence. | |
| | Not proper rebuttal testimony. Plaintiffs misrepresent the testimony that Haastrup gave. It was not that CNL did not know who the individuals who made up the CIC were, but that CNL did not have information that CIC was authorized by the communities to negotiate with CNL on their behalf. Plaintiffs do not establish that Adebawo was the only CNL person who knew the Ilaje nor that his position was the appropriate position to investigate CIC. This makes his testimony a waste of time. FRE 401- | | |

**PLAINTIFFS' REBUTTAL DESIGNATION OF SOLA ADEBAWO**

(Counter-Designations in italicized text)

February 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 283:12-22 | Not proper rebuttal testimony. Plaintiffs misrepresent the testimony that Haastrup gave. It was not that CNL did not know who the individuals who made up the CIC were, but that CNL did not have information that CIC was authorized by the communities to negotiate with CNL on their behalf. Plaintiffs do not establish that Adebawo was the only CNL person who knew the Ilaje nor that his position was the appropriate position to investigate CIC. This makes his testimony a waste of time. FRE 401-403. Tunji Idowu was the person who was undertaking to ascertain the communities' position on the CIC. Counterdesignate Idowu Dep., 141:22-142:15 (through "level"). *403. Tunji Idowu was the person who was undertaking to ascertain the communities' position on the CIC. Counterdesignate Idowu Dep., 141:22-142:15 (through "level").* | The testimony is offered to establish Adebawo's work experience and familiarity with the leaders of the Ilaje communities leading up to Parabe. Deji Haastrup testified repeatedly, and defendants' exhibits are used to argue, that defendants did not know many of the Ilaje who signed the CIC letters. This testimony rebuts that evidence. | |

**PLAINTIFFS' REBUTTAL DESIGNATION OF SOLA ADEBAWO**
(Counter-Designations in italicized text)
February 22-23, 2005

| Page/Line Cite | Objection (include specific page and line numbers of material objected to and objection(s)) | Response | Resolution |
|---|---|---|---|
| 284:8-16 | Not proper rebuttal testimony. Plaintiffs misrepresent the testimony that Haastrup gave. It was not that CNL did not know who the individuals who made up the CIC were, but that CNL did not have information that CIC was authorized by the communities to negotiate with CNL on their behalf. Adebawo's ability to identify individual members of the CIC is irrelevant to Haastrup's testimony. FRE 401-403. If allowed, defendants designate for completeness 284:17-22. OK | The testimony is offered to establish Adebawo's work experience and familiarity with the leaders of the Ilaje communities leading up to Parabe. Deji Haastrup testified repeatedly, and defendants' exhibits are used to argue, that defendants did not know many of the Ilaje who signed the CIC letters. This testimony rebuts that evidence. | |
| 284:23-285:6 | | | |
| 293:21-294:4 | Completeness designation: 294:5-6. OK | | |
| 304:5 (starting with "in the months")-11 | Defendants counterdesignate 36:10-37:1; 38:8-12 OK | | |