**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY BOWOTO *et al.*,

        Plaintiffs,

  v.

CHEVRON CORPORATION *et al.*,

        Defendants.

No. C 99-02506 SI

**ORDER DENYING BILL OF COSTS**

Defendants have filed a bill of costs. A hearing on the bill of costs is scheduled for April 24, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court rules as follows.

**DISCUSSION**

This case arose from events on an oil platform in the Niger Delta of Nigeria in 1998. On December 1, 2008, after a four-week trial and eight and a half years of litigation, the jury returned a verdict for defendants on all claims. Defendants filed a bill of costs on December 16, 2008 [Docket No. 2274] seeking $485,159.15 in costs. Plaintiffs oppose the bill of costs.

Federal Rule of Civil Procedure 54(d)(1) provides, in relevant part, "costs – other than attorney's fees – should be allowed to the prevailing party." *See* Fed. R. Civ. Pro. 54(d)(1). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). The "requirement that a district court give reasons for denying costs is, in essence, a

requirement that the court explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc). District courts may consider a variety of factors in determining whether to exercise their discretion to deny costs to the prevailing party. The Ninth Circuit has approved the following reasons for refusing to award costs to a prevailing party: great economic disparity between the parties and the losing party's limited financial resources, "the chilling effect of imposing . . . high costs on future civil rights litigants," and whether the issues raised were close and complex. *Id.* (collecting cases and quoting *Stanley*, 178 F.3d at 1079).

### 1. Costs Billed Against Trial Plaintiffs

Here, the plaintiffs who pursued their claims to trial argue that the factors weigh against awarding costs to defendants.[1] The Court agrees. The economic disparity between plaintiffs, who are Nigerian villagers, and defendants, international oil companies, cannot be more stark. The trial plaintiffs have filed declarations attesting that they cannot afford to pay any costs or fees in this case. They have jobs working in a petrol station (earning as much as $100 per month), operating a kerosene business ($867 per month), doing odd jobs such as cutting or selling firewood, fishing, and construction ($60 per month); selling spare parts for fishing boats ($1271 per month); buying and selling fish ($465 per month); collecting rent ($207 per month); buying and reselling clothes ($567 per month); operating a small store ($233 per month); or are students – ten of the plaintiffs are minors – and have no income. *See* Plaintiffs' Declarations, Docket Nos. 2300-2309. On these incomes, many of the plaintiffs support multiple family members. *Id.*

Defendants argue that plaintiffs have not provided sufficient evidence to establish that plaintiffs are indigent. According to defendants, plaintiffs should also have provided the court with evidence of

---

[1] Margaret Irowarinun, Mary Irowarinun, Ola Oyinbo, Orioye Irowarinun, Roseline Irowarinun, Adegoroye Irowarinun, Bassey Jeje, Eniyansoro Irowarinu, and Larry Bowoto. Sunday Johnbull Irowarinun filed a declaration on behalf of the minor children of Sunday's brother, Arolika Irowarinun: Temilola, Gbenga, Caleb, Bosuwo, Aminora James, Ibimisan, Monotutegha, and Olamisbode. Ola Oyinbo filed a declaration on behalf of her minor children Bayo and Deji. The Court assumes that the "Eniesoro Irowarinun" listed in defendants' motion in support of their bill of costs is the same person as plaintiff Eniyansoro Irowarinu. For clarity, the Court will refer to this group of plaintiffs as "trial plaintiffs."

their assets. Defendants' objection is not well taken. It can reasonably be assumed that plaintiffs do not earn pensions or accrue other significant assets through their work as, for instance, fish sellers in a Nigerian village. Defendants also argue that, because of the low cost of living in Nigeria, plaintiffs' incomes "place them well above the average."[2] Def. Reply at 5. While the Court accepts that the cost of living is lower in Nigeria than in the United States, defendants' bill of costs seeks reimbursement for witness per diems, service of subpoenas, court reporters, videotaping, transcription, and photocopying in *this* county. The lower cost of living – and correspondingly lower incomes – in Nigeria would therefore suggest that plaintiffs are less able, not more able, to pay these fees, which are calculated according to U.S. standards. The Court finds that the declarations filed in conjunction with the instant motion, as well as evidence at trial about the abject poverty of villagers in Nigeria's Ondo State, is sufficient to establish that plaintiffs are indigent. The Court also finds that it is beyond dispute that there is an extreme economic disparity between plaintiffs and defendants – Chevron Corporations's fourth quarter net income in 2008 was $4.9 billion; full year 2008 net income was $23.93 billion. *See* Decl. of Cindy Cohn in Supp. of Pls.' Opp. to Defs.' Bill of Costs ("Cohn Decl."), ex. B.

In addition, the Court finds that awarding costs to defendants in this case would have a "chilling effect . . . on future civil rights litigants." *Stanley*, 178 F.3d at 1079. At root, this case was an attempt by impoverished citizens of Nigeria to increase accountability for the activities of American companies in their country. Plaintiffs' ultimate failure at trial does not detract from the fact that this was a civil rights case. The threat of deterring future litigants from prosecuting human rights claims in the future is especially present in a case such as this, where plaintiffs have paltry resources and defendants are large and powerful economic actors.

Relatedly, the Court finds that this case presented close and complex questions. Nothing about the case was simple – from determining the applicable law to obtaining permission for plaintiffs to travel abroad, this case presented unique challenges. Defendants contend that plaintiffs' failure at trial demonstrates that their claims never had merit to begin with. The Court disagrees. Plaintiffs survived

---

[2] Defendants cite a World Bank resource that lists the gross national product of Nigeria as amounting to $930 per capita in 2007. *See* World Bank, *Gross National Income Per Capita 2007* at 3, *available at* siteresources.worldbank.org/DATASTATISTICS/Resources/GNIPC.pdf.

a series of intensely litigated summary judgment motions and the evidence presented at trial required the jury to decide a complicated set of facts. The questions that ultimately went to the jury were difficult ones, and the complexity of the case meant that it was expensive both to prosecute and to defend.

Accordingly, in light of the Court's finding that plaintiffs cannot afford to pay any costs in this litigation, the threat of deterring future human rights litigants, and the complexity of this unusual case, the Court finds that costs should not be assessed against the trial plaintiffs under Rule 54(d)(1).

**2.      Costs Assessed Against Plaintiffs Who Voluntarily Dismissed Their Claims with Prejudice**

Defendants' bill of costs also seeks costs from two groups of plaintiffs who voluntarily dismissed their claims with prejudice before trial. The first group consisted of Rhoda Eferasua[3], Robinson Uroupa, and Obele Ignoni. On August 16, 2005, the Court granted these plaintiffs' motion to voluntarily dismiss their claims with prejudice. *See* Aug. 16, 2005 Order.

The second group consists of the following individuals: Smart Iteimor, Miyensente Oloko, Perebo Oloko, Doubra Oloko, Ebifa Oloko, Gbolo Oloko, Monday Oloko, Silas Oloko, Benson Edekou, Peremobo Okoro, Bralaye Okoro, Anthony Lawuru, Helen Lawuru, Ebi Lawuru, Francis Lawuru, Peter Lawuru, Henry Pabulogba (a.k.a. Berlin Tiemo), Elizabeth Bright, Bakewei Pabulogba, Grace Pabulogba, John Ikenyan, Blessing Ikenyan, Nanamu Ikenyan, Tominibor Ikenyan,[4] and Yellow Ikenyan.[5] On March 14, 2008, the Court granted these plaintiffs' motion to voluntarily dismiss their claims with prejudice. *See* Order of Dismissal. [Docket No. 1729]

As an initial matter, the Court recognizes that there is some uncertainty as to whether the trial plaintiffs' counsel represented the former plaintiffs when defendants filed the bill of costs, and thus

---

[3] Rhoda Eferasua was guardian ad litem for Ebiere Eferasua, a minor. Defendants also seek costs from Ebiere Eferasua.

[4] The Court assumes that the "Tominor Ikenyan" named in defendants' motion in support of their bill of costs is the same person as the "Tominibor Ikenyan" who moved to dismiss his claims in March of 2008.

[5] Defendants also seek costs from Paul Pabulogba. It is not clear who this individual is. He is not among the trial plaintiffs or the plaintiffs whose claims were dismissed in 2005 or 2008.

4

whether the former plaintiffs have properly been served with the bill.[6] *See* Local Civil Rule 54-1 (bill of costs must be filed served within 14 days after entry of judgment). It appears, however, that trial plaintiffs' counsel, who previously also represented the former plaintiffs, had not filed a motion withdrawing from representation before the bill of costs was filed. *See* Civil Local Rule 11-5(a) ("Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."). The Court will assume that counsel continued to represent the former plaintiffs, at least for the purposes of accepting service of the bill of costs. *Accord Maxwell v. Cooltech, Inc.*, 57 Cal. App. 4th 629, 632 (1997) (attorney-client relationship deemed to continue for the purpose of accepting service regarding a motion for costs).

The parties also dispute whether costs may be assessed against plaintiffs who voluntarily dismiss their claims with prejudice. In its August 16, 2005 order, the Court found that costs could not be taxed against the plaintiffs who had dismissed their claims with prejudice. *See* Aug. 16 Order, at *2 (citing *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("Fees are not awarded when a plaintiff obtains a dismissal *with prejudice* because the defendant cannot be made to defend again.") (emphasis in original); *Burnette v. Godshall*, 828 F. Supp. 1439, 1444 (N.D. Cal. 1993)). The Court notes that since deciding the *Cauley v. Wilson* case, the Seventh Circuit held, in *Mother and Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir. 2003), that voluntary dismissal under Federal Rule of Civil Procedure 41, even if with prejudice, could not be conditioned on refusal to award prevailing party costs otherwise available under Federal Rule of Civil Procedure 54.[7]

However, the Court need not decide this issue because it concludes that costs are not proper under Rule 54. The Court finds that costs should not be taxed against the former plaintiffs for the same reasons that it found costs were not appropriate under Rule 54(d)(1) against the trial plaintiffs. While

---

[6] Judgment was entered on December 3, 2008. Defendants filed their bill of costs on December 16, 2008. Defendants attested through their counsel, Caroline Mitchell, that a copy of the bill of costs had been served on all parties through electronic service. *See* Bill of Costs, at 1. Trial plaintiffs' counsel subsequently informed defendants that counsel no longer represented the two groups of plaintiffs whose claims had been dismissed and that service of the bill of costs had therefore not been effectuated on the former plaintiffs. *See* Cohn Decl., ex. E.

[7] The Court has not found any specific Ninth Circuit decision on this question.

5

the Court does not have specific evidence about the economic circumstances of the former plaintiffs, the evidence presented at trial was sufficient to establish a presumption that these individuals, who are also villagers in the same region as the trial plaintiffs, are indigent.

The Court also finds that assessing costs against the former plaintiffs would have a chilling effect on future human rights litigants. Although defendants imply that the voluntary dismissals are evidence of bad faith on the part of the former plaintiffs, the Court disagrees. The Court never made any findings of bad faith, and it is certainly not uncommon for plaintiffs to dismiss individual claims, or even whole cases, once they have had an opportunity to fully evaluate what discovery has revealed about their cases. In an international human rights case such as this, where the opportunities for misunderstandings from cross-cultural differences, language barriers and technological limitations abound, complete fact finding prior to the filing of a complaint may not be possible. Courts should not discourage plaintiffs from dismissing their claims when it is prudent to do so.

Finally, the Court finds that the former plaintiffs' claims were just as complex as the claims that proceeded to trial.

For these reasons, the Court finds that costs should not be assessed against the former plaintiffs.

## CONCLUSION

For the foregoing reasons and good cause shown, the Court DENIES defendants' bill of costs.

**IT IS SO ORDERED.**

Dated: April 22, 2009

SUSAN ILLSTON
United States District Judge